CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Email: cmichalek@rmcmlaw.com
Attorneys for Defendant
FRONTIER AIRLINES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.:   2:19-cv-01322-KJD-NJK |
| Plaintiff, | |
| v. | |
| FRONTIER AIRLINES, INC. and JOHN DOES 1 through 5, inclusive, | |
| Defendants. | |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, submits this Partial Motion to Dismiss and Motion to Strike pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)(2). Frontier's Motion is premised on the attached Memorandum of Points and Authorities, the pleadings on file, and any oral argument this Court may permit.

DATED this 28th day of August, 2019.

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

/s/ *Charles A. Michalek, Esq.*

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
700 South Third Street
Las Vegas, Nevada 89101
Attorneys for Defendant Frontier Airlines, Inc.

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.**

### INTRODUCTION

This civil action arises from an incident that occurred on March 28, 2019 onboard Frontier Flight 2067 from Raleigh, North Carolina to Las Vegas, Nevada. On August 1, 2019, Plaintiffs Peter DelVecchia ("Peter") and A.D., a minor through next friend Peter DelVecchia ("A.D.") (collectively "Plaintiffs"), filed their six-count Complaint against Frontier and John Does 1 through 5, seeking compensatory and punitive damages for an alleged violation of 42 U.S.C. § 1981 (Count I), intentional infliction of emotional distress (Count II), negligent infliction of emotional distress (Count III), false imprisonment / unlawful detention (Count IV), battery (Count V), and defamation and false light invasion of privacy (Count VI). (Doc. #1.)

This Court should dismiss Counts I, II, III, and VI of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to state claims upon which relief can be granted. And this Court should strike Plaintiffs' allegations seeking punitive damages pursuant to Fed. R. Civ. P. 12(f)(2) because there are no factual allegations that Frontier is guilty of oppression, fraud, or malice, express or implied. *See* Nev. Rev. Stat. § 42.005. Defendant is filing a separate Answer to address the claims in Counts IV and V.

**II.**

### LEGAL STANDARD

**A.    <u>Motion to Dismiss</u>**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Washington v. Certainteed Gypsum, Inc.*, No. 2:10-cv-00204-GMN-LRL, 2011 U.S. Dist. LEXIS 94920, at *8 (D.

Nev. Aug. 24, 2011) (citing *Bell Atl. Corp.*, 550 U.S. at 555.) To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief." *Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, 238 F. Supp. 3d 1257, 1265 (Mar. 1, 2017).

**B.     Motion to Strike**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

**III.**

**ARGUMENT**

**A.     This Court should dismiss Plaintiffs' claim that Frontier violated 42 U.S.C. § 1981 (Count I) because Plaintiffs did not suffer any actual loss of services.**

"To establish a prima facie case of racial discrimination in non-employment contracts, a litigant must show that: (1) he is a member of a protected class, (2) he attempted to contract for certain services, (3) he was denied the right to contract for those services, and (4) such services remained available to similarly-situated individuals who were not members of the plaintiff's protected class." *Childs v. Boyd Gaming Corp.*, No. 2:18-cv-00316-GMN-VCF, 2018 U.S. Dist. LEXIS 154333, at *9 (D. Nev. Sept. 11, 2018) (citing *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006)).

Here, Plaintiffs allege that Peter is Caucasian and A.D. is African American. (Doc. #1, ¶¶ 1, 2) Peter purchased tickets from Frontier for himself and A.D. to travel from Raleigh to Las Vegas. *Id.*

at ¶ 9. Peter and A.D. boarded Frontier Flight 2067 in Raleigh and were flown to Las Vegas. *Id.* at ¶¶ 9, 16-17. These allegations do not support Plaintiffs' § 1981 claim, however, because they fail to assert that the alleged "discrimination resulted in *actual loss* of a contract interest." *Childs*, 2018 U.S. Dist. LEXIS 154333, at *10 (emphasis in original). Instead, Plaintiffs allege that Frontier actually completed the transportation services owed to them under the contract of carriage, thus negating their § 1981 claim. Thus, Plaintiffs cannot sustain their claim that Frontier violated 42 U.S.C. § 1981. *See Childs*, 2018 U.S. Dist. LEXIS 154333, at *10 ("[C]ourts have declined to find § 1981 violations where the plaintiffs were denied neither admittance nor service, nor were they asked to leave.") *See also Shaw v. NP Santa FE, LLC*, No. 2:18-CV-515 JCM (PAL), 2018 U.S. Dist. LEXIS 206431, at * 6-7 (D. Nev. Dec. 6, 2018) ("plaintiff's allegations fail to satisfy the necessary elements of a claim arising under 42 U.S.C. § 1981" where plaintiff did "not allege that he was either asked to leave or otherwise denied any services.") Therefore, this Court should dismiss Count I of Plaintiffs' Complaint.

**B.**    **This Court should dismiss Plaintiffs' claim for intentional infliction of emotional distress (Count II) because Frontier's conduct was not extreme or outrageous and Plaintiffs have not stated sufficient facts to support their allegation that they suffered emotional distress.**

"To establish a claim for intentional infliction of emotional distress, plaintiffs must plead and prove three elements: (1) defendants engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) plaintiffs suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Banerjee v. Cont'l Inc., Inc.*, No. 2:16-CV-669 JCM (VCF), 2016 U.S. Dist. LEXIS 141891, at *13-14 (D. Nev. Oct. 11, 2016) (citing *Posadas v. Reno*, 109 Nev. 448, 456 (1993)).

Here, Plaintiffs allege that Frontier accused Peter of engaging in illegal human trafficking and sexual assault. (Doc. #1, ¶ 11.) Plaintiffs allege that as a result, they have "suffered serious … mental injuries including, but not limited to … mental anguish and anxiety [and] extreme emotional distress." *Id.* at ¶ 20. These minimal allegations are insufficient to establish the elements of extreme and outrageous conduct and severe or extreme emotional distress.

First, "[u]nder Nevada law, extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community; however,

this description does not encompass acts which are merely inconsiderate or unkind." *Banerjee*, 2016 U.S. Dist. LEXIS 141891, at *15. "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* In this case, Plaintiffs' singular allegation that Frontier accused Peter of human trafficking and sexual assault does not rise to extreme and outrageous conduct and is insufficient to support Plaintiffs' claim for intentional infliction of emotional distress.

To illustrate, in *Banerjee*, the defendants accused the plaintiffs of selling counterfeit rifles which led to their arrest at a gun show. 2016 U.S. Dist. LEXIS 141891, at *2. This Court found the plaintiffs' allegation that "defendants intended to inflict severe emotional distress on them by knowingly and maliciously accusing [them] of crimes they did not commit, causing [their] arrests in front of colleagues and potential customers" insufficient to state a claim for intentional infliction of emotional distress. Likewise here, Plaintiffs' allegations that Frontier took certain actions after it suspected Peter of human trafficking and sexual abuse, including reporting him to law enforcement, are inadequate to state a claim for intentional infliction of emotional distress.

Similarly, in *Kelley v. Henderson*, the plaintiff spent several months in jail for a crime she did not commit after her spouse falsely reported that the plaintiff had stabbed her. No. 2:15-CV-02204-APG-VCF, 2017 U.S. Dist. LEXIS 99821, at *1 (D. Nev. June 27, 2017). This Court found the plaintiff's "allegations of humiliation, anxiety, embarrassment, and severe emotional distress [did] not suffice to allege she experienced severe emotional distress[,]" and that she had "not alleged she sought treatment or suffered physical manifestations of her emotional distress." *Id.* at *17. Notably, although the plaintiff alleged that the detectives did not collect various pieces of evidence that could have exculpated her, did not speak to witnesses or neighbors, did not take photographs, did not verify whether the couple had protective orders in place at the time of the incident, and did not review surveillance video showing the plaintiff entering family court around the time of the alleged incident, this Court found "the officers' conduct (even if it could be found outrageous) [was] on the low end of the spectrum." *Id.* at *2-3, 17.

And in *Maduike v. Agency Rent-A-Car*, the plaintiffs alleged that the defendant rental car agency rented a three year old car to them with over 53,000 miles and only $349.00 in repairs expended, did not inspect the safety equipment after a month-long rental to another customer, rented

1  the car to them despite a readily apparent brake or tire problem, refused to take measures to repair or

2  prevent further driving of the car even after the plaintiffs were in a rear-end accident, and later

3  repeatedly told the plaintiff "There is nothing I can do, man" and then ignored him. 114 Nev. 1, 4-5

4  (1998). The Nevada Supreme Court concluded that even "after considering all evidence in a light most

5  favorable to the [plaintiffs] and drawing all inferences in their favor … the element of extreme and

6  outrageous conduct was not met." *Id.* at 5.

7      Next, "[t]o establish severe emotional distress, the plaintiff must demonstrate that the stress

8  is so severe and of such intensity that no reasonable person could be expected to endure it." *Watson*

9  *v. Las Vegas Valley Water Dist.*, 378 F. Supp. 2d 1269, 1279 (D. Nev. 2005). "General physical or

10 emotional discomfort is insufficient to demonstrate severe emotional distress." *Switzer v. Rivera*, 174

11 F. Supp. 2d 1097, 1108 (D. Nev. 2001). Here, Plaintiffs' single allegation that they have "suffered

12 serious … mental injuries including, but not limited to … mental anguish and anxiety [and] extreme

13 emotional distress," without any factual support, is inadequate to support their claim for intentional

14 infliction of emotional distress. (Doc. #1, ¶ 20.) Therefore, this Court should dismiss Count II of

15 Plaintiffs' Complaint.

16 **C.   This Court should dismiss Plaintiffs' claim for negligent infliction of emotional distress (Count III) because Plaintiffs have not suffered serious emotional distress.**

17

18     "To recover for negligent infliction of emotional distress under Nevada law, [the plaintiff]

19 must … establish that he/she either suffered a physical impact or serious emotional distress causing

20 physical injury or illness." *Alexander v. Falk*, No. 2:16-cv-02268-MMD-GWF, 2019 U.S. Dist. LEXIS

21 132201, at *27 (D. Nev. Aug. 7, 2019). "[I]n cases where emotional distress damages are not

22 secondary to physical injuries, … proof of serious emotional distress causing physical injury or illness

23 must be presented." *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 448 (1998). The emotional distress

24 inflicted must be manifested as a physical injury where "the negligent act is alleged to have been

25 committed directly against the plaintiff." *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 482 (1993).

26     Here, Plaintiffs allege in conclusory fashion that they have suffered anguish, anxiety, and

27 extreme emotional distress. (Doc. #1, ¶ 20.) But, they do not state any facts or details to support their

28 assertion that they suffered serious emotional distress causing physical injury or illness. These *de*

1    *minimis* allegations do not adequately plead a claim for negligent infliction of emotional distress. *See*

2    *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere

3    conclusory statements, do not suffice.")

4          To exemplify, in *Nelson v. Las Vegas*, the Nevada Supreme Court affirmed dismissal of the

5    plaintiff's infliction of emotional distress claim because she did not allege facts that the defendants'

6    conduct "caused her any physical injury or illness." 99 Nev. 548, 555-56 (1983). In *Chowdhry*, the

7    Nevada Supreme Court affirmed that "[i]nsomnia and general physical or emotional discomfort are

8    insufficient to satisfy the physical impact requirement." 109 Nev. at 483. And in *Olivero v. Lowe*, the

9    Nevada Supreme Court clarified that "in cases where emotional distress damages are not secondary

10   to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have

11   occurred or, in the absence of physical impact, proof of serious emotional distress causing physical

12   injury or illness must be presented." 116 Nev. 395, 399 (2000).

13         In this case, Plaintiffs' lone, scant contention that they have suffered mental injuries including

14   mental anguish, anxiety, and extreme emotional distress, without more, is inadequate to support for

15   their claim of negligent infliction of emotional distress. Therefore, this Court should dismiss Count

16   III of Plaintiffs' Complaint.

17   **D.    This Court should dismiss Plaintiffs' claim for defamation (Count VI) because the alleged publication was privileged and Plaintiffs have not suffered any damages.**

18

19         In Nevada, defamation and false light invasion of privacy are different causes of action. *See*

20   *generally People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111 Nev. 615, 622 n.4

21   (1995) ("'The false light privacy action differs from a defamation action ….") "The general elements

22   of a defamation claim require a plaintiff to prove: (1) a false and defamatory statement by a defendant

23   concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at

24   least negligence; and (4) actual or presumed damages." *Pegasus v. Reno Newspapers, Inc.*, 118 Nev.

25   706, 718 (2002). "Defamation is a publication of a false statement of fact." *Id.* at 714. "A defamatory

26   statement is actionable only if it has been published[; p]ublication is the communication of the

27   defamatory matter to some third person." *M&R Inv. Co. v. Mandarino*, 103 Nev. 711, 715 (1987).

28

Here, Plaintiffs allege that Frontier accused Peter of engaging in illegal human trafficking and sexual assault. (Doc. #1, ¶ 11.) Frontier "relayed [this information] to law enforcement officials in Las Vegas." *Id.* at ¶ 16. As Peter was deplaning the aircraft in Las Vegas, a flight attendant told him the FBI was "waiting for [his] ass." *Id.* at ¶ 17. This is the entirety of Plaintiffs' factual support for both their defamation and false light invasion of privacy claims. These allegations, viewed in the light most favorable to Plaintiffs, do not demonstrate an unprivileged communication or actual or presumed damages. Indeed, Plaintiffs do not allege they have suffered any damages as a result of the alleged defamation. (Doc. #1.) Plaintiffs' defamation claim, therefore, necessarily fails.

Additionally, Nevada has "adopted a qualified privilege" for "communications with police in aid of law enforcement." *Pope v. Motel 6*, 121 Nev. 307, 317 (2005). This "qualified privilege provides adequate protection against frivolous lawsuits." *Id.* "Under a qualified privilege, the plaintiff must prove by a preponderance of the evidence that the defendant abused the privilege by publishing the defamatory communication with actual malice." *Id.* "Actual malice is a stringent standard that is proven by demonstrating that a statement is published with knowledge that it was false or with reckless disregard for its veracity." *Id.*

In this case, the flight attendants observed certain behavior between Peter and A.D. that led them to question Peter's relationship with A.D. and to suspect human trafficking and sexual abuse. By Congressional mandate, "flight attendants employed or contracted by … air carrier[s must receive] initial and annual training regarding … recognizing and responding to potential human trafficking victims." 49 U.S.C. § 44734(a)(4). Pursuant to this training, their experience, and their observations, the flight attendants reported Peter's behavior and requested that law enforcement meet the aircraft in Las Vegas. In order to prevail, Plaintiffs have to show that the flight attendants "acted with reckless disregard for veracity or with knowledge of falsity." *Pope*, 121 Nev. at 318. "[T]he mere fact that an individual informs police of possible criminal wrongdoing does not establish malice." *Id.* Plaintiffs cannot overcome the flight attendants' qualified privilege. Therefore, Plaintiffs' defamation claim fails and this Court should dismiss Count VI of Plaintiffs' Complaint.

/ / /

/ / /

**E.    This Court should dismiss Plaintiffs' claim for false light invasion of privacy (Count VI) because there was no publicity.**

"The false light invasion of privacy tort is an odd hybrid of defamation and intentional infliction of emotional distress." *Flowers v. Carville*, 310 F.3d 1118, 1132 (9th Cir. 2002). "One who gives publicity to a matter concerning another that places the other before the public in false light is subject to liability to the other for invasion of his privacy." *Huston v. Verizon Fed. Network Sys., LLC*, No. 2:07-CV-00201-BES-LRL, 2008 U.S. Dist. LEXIS 70483, at *15 (D. Nev. Sept. 17, 2008). "Publicity means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id.* at *15-16.

Plaintiffs' assertions in their Complaint, even if true, do not establish publicity such that "the matter [was] made public, by communicating to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Kuhn v. Account Control Tech.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994). "[I]t is not an invasion of the right of privacy … to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id.* As discussed above, the flight attendants are cloaked with a qualified privilege in reporting Peter's behavior to law enforcement. Plaintiffs have not alleged that any passenger overhead the flight attendants' accusations of Peter or their report to law enforcement, and specifically, they have not identified any passengers to whom such alleged publication was made. (Doc. #1.) At most, the passengers deplaning the aircraft with Peter overheard that the FBI was waiting to speak with him. These circumstances do not constitute publicity, and accordingly, Plaintiffs cannot sustain their false light invasion of privacy claim. Therefore, this Court should dismiss Count VI of Plaintiffs' Complaint.

**F.    The Court should strike Plaintiffs' punitive damages allegations in Counts I through VI because Plaintiffs do not have any factual support for such claim.**

In Nevada, a plaintiff may recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005 "Common law definitions apply for oppression, fraud, and malice."

1    *Id.* "Oppression occurs when the plaintiff is subjected to cruel and unjust hardship in conscious

2    disregard of his rights." *Desert Palace, Inc. v. Ace Am. Ins. Co.*, No. 2:10-cv-01638-RLH-LRL, 2011

3    U.S. Dist. LEXIS 21603, at *12-13 (D. Nev. Mar. 1, 2011). "Malice refers to conduct which is

4    intended to injure a person or conduct with a conscious or deliberate disregard of the rights or safety

5    of others." *Id.* at *13. "Fraud is found where a party intentionally makes a false representation to a

6    plaintiff who relies upon that false statement to his detriment." *Id.*

7           Here, all six counts of Plaintiffs' Complaint seek punitive damages. (Doc. #1, ¶¶ 25, 30, 34,

8    38, 42, 42 [sic].) However, each count simply repeats that Frontier is liable for punitive damages

9    because its "conduct was based on malice and/or reckless indifference to Plaintiffs' legal rights." *Id.*

10   This repeated allegation does not meet the common law definitions of oppression, fraud, or malice,

11   and also does not provide any additional facts to support Plaintiffs' claim. The Supreme Court has

12   decreed that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

13   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

14   do." *Bell Atl. Corp.*, 550 U.S. at 555. Therefore, this Court should strike Plaintiff's claims for punitive

15   damages.

16                                          **IV.**

17                                    **CONCLUSION**

18          For the foregoing reasons, Defendant FRONTIER AIRLINES, INC. respectfully requests that

19   this Court enter an Order dismissing Counts I, II, III, and VI of Plaintiff's Complaint pursuant to Fed.

20   R. Civ. P. 12(b)(6), striking Plaintiffs' punitive damages allegations in Counts I through VI pursuant

21   to Fed. R. Civ. P. 12(f)(2), and for such further relief as this Court deems just and reasonable.

22   DATED this 28th day of August, 2019.

23                                            ROGERS, MASTRANGELO, CARVALHO &
                                              MITCHELL
24
                                              /s/ *Charles A. Michalek, Esq.*
25                                            _____
                                              CHARLES A. MICHALEK, ESQ.
26                                            Nevada Bar No. 5721
                                              700 South Third Street
27                                            Las Vegas, Nevada 89101
                                              Attorneys for Defendant Frontier Airlines, Inc.
28

1

## CERTIFICATE OF SERVICE

Pursuant to LR IC 4-1, I hereby certify that I am an employee of Rogers, Mastrangelo, Carvalho & Mitchell, and on the 28th day of August, 2019, a true and correct copy of the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE** was electronically filed with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system. The foregoing document was served upon the following counsel of record as indicated below:

Timothy R. Titolo, Esq.
Titolo Law Office
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 869-5100
Facsimile: (702) 869-5111
Email: tim@titololaw.com
*Attorneys for Plaintiff*

/s/ *Carolyn Mangundayao*
_____
An Employee of
Rogers, Mastrangelo, Carvalho & Mitchell

Motion Partial Dismiss.wpd