CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Email: cmichalek@rmcmlaw.com
Attorneys for Defendant
FRONTIER AIRLINES, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. and JOHN DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.:   2:19-cv-01322-KJD-NJK |

**DEFENDANT FRONTIER AIRLINES, INC.'S
ANSWER TO COUNTS IV AND V OF PLAINTIFFS' COMPLAINT and
DEMAND FOR JURY TRIAL**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, for its Answer to Counts IV and V of Plaintiffs' Complaint states:

***Answer to Jurisdiction***

The Jurisdiction Paragraphs consist of conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in the Jurisdiction Paragraphs.

***Answer to Venue***

The Venue Paragraph consists of conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in the preceding

Paragraph.

***Answer to The Parties***

1. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Frontier admits the allegations contained in Paragraph 3.

4. The allegations contained in Paragraph 4 are not directed at Frontier and/or contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 are not directed at Frontier and/or contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 are not directed at Frontier and/or contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 are not directed at Frontier and/or contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 are not directed at Frontier and/or contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 8.

***Answer to Particulars of The Claim***

9. Frontier admits that on March 28, 2019, Plaintiffs were passengers onboard Frontier Flight 2067 from Raleigh-Durham International Airport in North Carolina to McCarran International Airport in Las Vegas, Nevada. Frontier lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 that during the flight, Peter fell asleep with his head resting on the back of the seat in the row ahead of him. Frontier denies the remaining allegations contained in Paragraph 10.

11. Frontier denies the allegations contained in Paragraph 11.

12. Frontier denies the allegations contained in Paragraph 12.

13. The allegations contained in Paragraph 13 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 15.

16. Frontier denies the allegations contained in Paragraph 16.

17. Frontier denies the allegations contained in Paragraph 17.

18. The allegations contained in Paragraph 18 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 20.

*Count I:*
*Compensatory and punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1981*

21-26.  Defendant FRONTIER AIRLINES, INC. responds to Count I of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

*Count II: Compensatory and punitive damages pursuant to state law for*
*intentional infliction of emotional distress*

27-30.  Defendant FRONTIER AIRLINES, INC. responds to Count II of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

*Count III: Compensatory and punitive damages pursuant to state law for*
*negligent infliction of emotional distress*

31-34.  Defendant FRONTIER AIRLINES, INC. responds to Count III of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

*Count IV: Compensatory and punitive damages pursuant to state law for*
*false imprisonment / unlawful detention*

35.  Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 20 as though fully set forth herein.

36.  Frontier denies the allegations contained in Paragraph 36.

37.  Frontier denies the allegations contained in Paragraph 37.

38.  Frontier denies the allegations contained in Paragraph 38.

*Count V: Compensatory and punitive damages pursuant to state law for battery*

39.  Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 20 as though fully set forth herein.

40.  The allegations contained in Paragraph 40 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 40.

41.  Frontier denies the allegations contained in Paragraph 41.

42.  Frontier denies the allegations contained in Paragraph 42.

*Count VI: Compensatory and punitive damages pursuant to state law for defamation and false light invasion of privacy*

43-42 [sic].  Defendant FRONTIER AIRLINES, INC. responds to Count VI of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

## GENERAL DENIAL

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiffs' Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, Defendant FRONTIER AIRLINES, INC. raises and preserves the following Affirmative Defenses:

1. Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.
2. Plaintiffs may lack capacity or standing to bring this action.
3. Plaintiffs' action is filed in an improper venue.
4. Plaintiffs' action is barred, in whole or in part, by the applicable statute of limitations.
5. Plaintiffs' claims are barred, in whole or in part, by *res judicata*, collateral estoppel, laches, waiver, or unclean hands.
6. Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than Nevada.
7. Plaintiffs' claims are preempted, in whole or in part, by federal law.
8. Plaintiffs' alleged damages, if any, are barred or limited under applicable law.
9. Plaintiffs' alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an act of god for which Frontier is not responsible.
10. Plaintiffs' alleged damages, if any, are barred or limited under applicable law due to Plaintiffs' failure to mitigate damages.
11. Plaintiffs' alleged damages, if any, were caused in whole in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or

omissions or other culpable conduct of Plaintiffs themselves for which Frontier is not responsible.

12. Plaintiffs' recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of Plaintiffs or third parties.

13. Frontier denies that its conduct was a cause or proximate cause of Plaintiffs' alleged damages. Further, Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

14. Plaintiffs' claims and recovery are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which Frontier is not responsible.

15. Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserves its right to seek the same.

16. Some or all of Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs may have already received full satisfaction or compensation for their alleged damages, if any, and Plaintiffs' claims may be barred by such prior release of claims or accord and satisfaction with any entity.

17. If Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Frontier is entitled to a setoff of these amounts against any amount of damages awarded against it, if any, pursuant to the applicable Nevada statute.

18. Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or

limitations remedies entered into by Plaintiffs.

19. Plaintiffs' claims are barred or limited pursuant to contract.

20. Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

21. Pursuant to applicable federal and state law, Frontier is entitled to immunity, qualified or otherwise, for the conduct alleged in Plaintiffs' Complaint.

22. Pursuant to applicable federal and state law, Frontier is entitled to a privilege, qualified or otherwise, for the conduct alleged in Plaintiffs' Complaint.

23. Frontier is entitled to immunity from civil liability pursuant to all applicable Nevada statutes pertaining to protection of children from abuse and neglect including but not limited to Nev. Rev. Stat. § 432B.010 *et seq.*

24. Frontier is entitled to immunity from civil liability pursuant to all applicable federal statutes pertaining to protection of children from abuse and neglect.

25. Plaintiffs' claims are barred pursuant to applicable federal statutes, including but not limited to 49 U.S.C. § 44902(b), 6 U.S.C. § 1104, and 49 U.S.C. § 44941.

26. Frontier is entitled to immunity from civil liability pursuant to all applicable state and federal statutes and/or laws pertaining to reporting suspected human trafficking and/or sexual abuse to law enforcement.

27. Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

**RESERVATION OF FURTHER DEFENSES**

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, having fully answered and responded to the allegations in Plaintiffs' Complaint, Defendant FRONTIER AIRLINES, INC. respectfully requests that:

1. A judgment that Plaintiffs shall take nothing from Frontier by way of their Complaint;
2. An award to Frontier of costs of suit and any recoverable attorneys' fees; and
3. Such other and further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Defendant FRONTIER AIRLINES, INC. demands trial by jury.

DATED this 28th day of August, 2019.

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

/s/ *Charles A. Michalek, Esq.*

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
700 South Third Street
Las Vegas, Nevada 89101
Attorneys for Defendant Frontier Airlines, Inc.

## **CERTIFICATE OF SERVICE**

Pursuant to LR IC 4-1, I hereby certify that I am an employee of Rogers, Mastrangelo, Carvalho & Mitchell, and on the 28th day of August, 2019, a true and correct copy of the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO COUNTS IV AND V OF PLAINTIFFS' COMPLAINT and DEMAND FOR JURY TRIAL** was electronically filed with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system. The foregoing document was served upon the following counsel of record as indicated below:

Timothy R. Titolo, Esq.
Titolo Law Office
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 869-5100
Facsimile: (702) 869-5111
Email: tim@titololaw.com
*Attorneys for Plaintiff*

/s/ *Carolyn Mangundayao*
_____
An Employee of
Rogers, Mastrangelo, Carvalho & Mitchell

Answer.wpd