1  Timothy R. Titolo, Esq.
   Nevada Bar No. 003617
2  TITOLO LAW OFFICE
   9950 West Cheyenne Ave.
3  Las Vegas, NV 89129
   (702) 869-5100
4  tim@titololaw.com

5
   John D. McKay, Esq. (*pro hac vice application pending*)
6  PARK AVENUE LAW LLC
   127 West Fairbanks Avenue
7  Suite 519
   Winter Park, FL 32789
8  (800) 391-3654
   johndmckayatty@gmail.com
9
   **Attorneys for Plaintiffs**
10

11              **UNITED STATES DISTRICT COURT**
12                  **DISTRICT OF NEVADA**

13

14  PETER DELVECCHIA, *et al.*,                )  Case No. 2:19-cv-01322-KJD-NJK
                                               )
15              Plaintiffs,                    )
                                               )  **MEMORANDUM OF POINTS AND**
16  vs.                                        )  **AUTHORITIES IN OPPOSITION TO**
                                               )  **DEFENDANTS' PARTIAL MOTION TO**
17                                             )  **STRIKE [D.E. 11]**
    FRONTIER AIRLINES, INC., *et al.*,         )
18                                             )  Date:
                Defendants.                    )  Time:
19                                             )  Courtroom:
                                               )
20                                                Action Filed:  August 1, 2019

21

22      Plaintiffs, PETER DELVECCHIA individually and PETER DELVECCHIA as next friend of

23  A.D., a minor, through their counsel, hereby file this Memorandum of Points and Authorities in

24  Opposition to Defendants' Partial Motion to Strike [D.E. 11]. For the reasons set forth herein, the

25  motion should be denied.

26

27  //

28  //

                                               1

**FACTS AND PROCEDURAL HISTORY**

As pleaded in their Complaint, Plaintiffs Peter Delvecchia ("Peter") and his son, A.D., were traveling as ticketed passengers aboard a flight operated by Defendant Frontier Airlines, Inc. ("Frontier") on March 28, 2019, from Raleigh-Durham International Airport in North Carolina to McCarran International Airport in Las Vegas. Complaint and Demand for Jury Trial [D.E. 1], at ¶ 9. The purpose of their trip was to enjoy a father/son recreational vacation in Death Valley National Park during A.D.'s spring break from his middle school in North Carolina. *Id.* Peter is 55 years old, Caucasian, and a widower. *Id.,* at ¶ 1. A.D. is 12 years old, African-American, and was adopted as an infant by Peter and his late wife. *Id.,* at ¶ 2. They live in Hillsborough, North Carolina. *Id.,* at ¶¶ 1-2. They were seated next to each other on the flight, and Peter had fallen asleep during the long nighttime flight, with his forehead resting against the back of the seat in the row ahead of him. *Id.,* at ¶¶ 9-10. He was rudely awakened by a hard blow to the base of his skull and back of his neck, delivered by a male flight attendant who identified himself only as "Kevin."[1] *Id.,* at ¶¶ 4, 10. "Kevin's" assault on Peter was so forceful that it gave Peter a concussion. *Id.,* at ¶ 10.

After awakening Peter, "Kevin" proceeded to falsely accuse him of human trafficking and of sexually molesting A.D. *Id.,* at ¶ 11. "Kevin's" motivation for his attack on Peter was that Peter is white, while A.D. is black, and "Kevin" felt that they should not be traveling together because of the disparity in their races. *Id.* After making the false accusations, "Kevin" grabbed A.D. out of his seat against the will of both Peter and A.D., and took A.D. to the rear of the plane where "Kevin" touched A.D. inappropriately near his genitals and forced him to sit in a seat away from his father. *Id.,* at ¶¶ 12, 15. "Kevin" conspired with other Frontier employees, Defendants John Doe Numbers 2 through 4, to detain

---

[1] "Kevin" is identified in the Complaint as Defendant John Doe Number 1. D.E. 1, at ¶ 4. Plaintiffs expect to obtain his full identity through Defendants' Initial Disclosures.

A.D. against his and Peter's wills, even arranging for a Frontier employee to sit in the same row as A.D., effectively blocking his exit from the row for the remainder of the flight and after it landed at McCarran. *Id.,* at ¶ 12. "Kevin" and Does 2 through 4 ignored A.D.'s repeated requests to be allowed to return to his father. *Id.* The Captain of the flight, Defendant John Doe Number 5, participated in the unlawful detention of A.D. and, following communications with the other Doe Defendants, made arrangements for law enforcement personnel to detain Peter and A.D. when the flight landed at McCarran. *Id.,* at ¶¶ 14, 16. As Peter was leaving the plane, without A.D. because the Doe Defendants would not allow him to retrieve A.D. from the seat at the back of the plane, "Kevin" announced to him in a loud voice and mocking tone, in the presence of other passengers who were deplaning at the same time, that the FBI is "waiting for your ass" outside the plane. *Id.,* at ¶ 17. His comment was intended to announce to the other passengers that Peter had committed a federal crime aboard the flight (and was about to be apprehended for it). *Id.* Indeed, due to the arrangements and false accusations that had been made by the Doe Defendants with Frontier's authorization, Peter and A.D. were subjected to detention and separate questioning by Las Vegas Municipal Police and agents of the Federal Bureau of Investigation for the next several hours, well into the early morning hours. In contrast to the Defendants who refused to believe that Peter and A.D. were father and son, the law enforcement officers who questioned them acknowledged that they were father and son and that Peter had done nothing illegal in traveling with his 12-year-old son during a school vacation. The experience ruined their vacation and left both Peter and A.D. suffering from severe emotional distress, and Peter suffering in addition from severe physical injuries to his head and neck. *Id.,* at ¶¶ 20, 24, 32, 33, 36, 37, 41, 45.

Peter and A.D., through Peter acting as A.D.'s next friend, have commenced this action against Frontier and Does 1 through 5 (whose identities are expected to be learned from Defendants' Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(A)) seeking compensatory and punitive damages for

violations of the Civil Rights Act of 1866, codified at 42 U.S.C. §1981, *id.,* at Count I, intentional

infliction of emotional distress (Count II), negligent infliction of emotional distress (Count III), false

imprisonment/unlawful detention (Count IV), battery (Count V), defamation and false light invasion of

privacy (Count VI). They have demanded trial by jury. *Id.,* at 15.

Defendant Frontier[1] has moved pursuant to Fed. R. Civ. P. 12(f)(2) to strike Plaintiffs' requests

for punitive damages from "all of their causes of action . . . because there are no factual allegations that

Frontier is guilty of oppression, fraud, or malice, express or implied. *See* Nev. Rev. Stat. § 42.005."

Defendant Frontier Airlines, Inc.'s Partial Motion to Strike [D.E. 11], at 2.

**ARGUMENT**

### I.    <u>Legal standard applicable to a motion under Rule 12(f)</u>

Rule 12(f) states, in pertinent part, that the Court "may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that

which has no essential or important relationship to the claim for relief or the defenses being pleaded.

'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issue in

question." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds,* 510

U.S. 517 (1994).

"Federal courts generally disfavor motions to strike." *Cardinale v. La Petite Academy, Inc.,* 207

F.Supp.2d 1158, 1161 (D. Nev. 2002). "[M]otions to strike should not be granted unless it is clear that

the matter to be stricken could have no possible bearing on the subject matter of the litigation."

*Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). The Court must view

the pleaded language which is the subject of the motion in the light most favorable to the pleader,

---

[1] The motion was filed solely by Frontier, and not on behalf of any of the five Doe Defendants. Thus, in the event it is granted, any relief should apply only to Defendant Frontier.

1   *Cardinale*, 207 F.Supp.2d, at 1162, and should "also consider the function of a 12(f) motion to strike,

2   which is to avoid the expenditure of time and money that must arise from litigating spurious issues by

3   dispensing with those issues prior to trial." *Id.* (quoting *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d

4   880, 885 (9th Cir.1983)).

5

6   **II.    The Court cannot weigh the sufficiency of evidence on a motion to strike**

7       Frontier's motion is virtually identical to the motion to strike considered in *Cardinale*, and

8   should obtain the same result, for the same rationale. As this Court noted in *Cardinale*:

9

10      La Petite argues that Plaintiffs' prayer for punitive damages is improper because to sustain
        a claim for punitive damages, a plaintiff must prove by "clear and convincing evidence"

11      that a defendant used "oppression, fraud or malice, express or implied." Nev.Rev.Stat.
        42.005. La Petite argues that the allegations in Plaintiffs' Complaint do not support the

12      conclusion that La Petite's actions evidenced oppression, fraud, or malice. . . La Petite does
        not specify whether it brings the 12(f) Motion to Strike because Plaintiffs' Complaint

13      alleges an "insufficient defense," or because of "redundant, immaterial, impertinent, or
        scandalous" allegations in the Complaint. Fed.R.Civ.P. 12(f). Instead, La Petite argues that

14      the alleged conduct does not show "oppression, fraud or malice," which is required for a
        punitive damages claim under Nevada Revised Statute 42.005. By arguing that Plaintiffs'

15      prayer for punitive damages should be struck, La Petite is asking this Court to weigh the
        sufficiency of the evidence —evidence which has not yet even been offered. Further, at

16      this point in the proceedings, evaluation of the sufficiency of evidence is inappropriate. La
        Petite's Motion to Strike Plaintiffs' request for punitive damages should be denied.

17

18

19   207 F.Supp.2d, at 1162. Similarly, Frontier's motion does not challenge any language of the Complaint

20   as being an "insufficient defense" or "redundant, immaterial, impertinent or scandalous." Like the

21   movant in *Cardinale*, it simply asserts that Plaintiffs' request for punitive damages in each of the six

22   Counts "does not meet the common law definitions of oppression, fraud or malice," D.E. 11, at 3, even

23

24   though the challenged language specifically mentions malice. What Frontier is seeking is precisely what

25   the movant in *Cardinale* sought: a determination by the Court, based on the allegations of the Complaint

26   alone, that Plaintiffs cannot prove at trial facts sufficient to warrant an award of punitive damages. Such

27   a determination would necessarily require the Court "to weigh the sufficiency of the evidence—

28

evidence which has not yet even been offered." 207 F.Supp.2d, at 1162. Such an evaluation on the

pleadings alone would be inappropriate. *Id.* Frontier's motion must therefore be denied.

### III.   Frontier's motion ignores federal law and numerous supporting allegations

Relying solely on Nevada statutory law contained in § 42.005 and applying that statute only to

the specific allegation that Frontier's "conduct was based on malice and/or reckless indifference to

Plaintiffs' legal rights," *see id.* at 3, Frontier ignores the fact that Count I of the Complaint is brought

under 42 U.S.C. §1981, and is therefore governed by federal, not state, substantive and procedural law.

It also ignores the 20 paragraphs of factual allegations that were incorporated by reference into each of

the six Counts, at least 12 of which amply support Plaintiffs' claims for punitive damages with specific

factual allegations supporting the quoted conclusion that Frontier's (and all Defendants') conduct was

"based on malice and/or reckless indifference to Plaintiff's legal rights." *See,* D.E. 1 at ¶¶ 1-20,

21(incorporation of ¶¶ 1-20), 27 (same), 31 (same), 35 (same) and 39 (same).

The allegations of the incorporated paragraphs allege that one of Frontier's flight attendants,

acting within the scope of his employment with Frontier, *see id.,* at ¶ 18, whacked Peter on the base of

his skull and back of his neck with enough force to give him a concussion, awakened him from sleep,

accused him of the despicable crimes of human trafficking and sexual molestation of a minor, took his

child away from him and imprisoned the child in the back of the plane with the assistance of other

Frontier employees acting within the scope of their employment, refused to allow Peter to have access to

his son, refused to believe Peter's and A.D.'s statements that they are father and son and that none of the

allegations of criminal behavior were accurate, touched A.D. near his genitals without his or Peter's

consent, loudly announced to Peter in front of other passengers that the FBI was "waiting for your ass"

immediately outside the plane at McCarran, suggesting that Peter had committed one or more federal

crimes that required his apprehension by law officers, and arranged for and caused the interrogation of

1  Peter and A.D. by local police and the FBI for several hours following the flight, all of which caused
2  both of them to suffer severe emotional distress.
3
    Rule 8 of the Federal Rules of Civil Procedure requires only that a plaintiff's complaint contain
4
5  "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand
6  for the relief sought, which may include relief in the alternative or different types of relief." *See,* Fed. R.
7  Civ. P. 8(a)(2) and (3). Recent interpretations of Rule 8(a)(2) have held that the Rule does not require
8  detailed factual allegations, but does call for "sufficient factual matter, accepted as true, to 'state a claim
9
    that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v.*
10
11  *Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content
12  allows the court to draw the reasonable inference that the defendant is liable for the misconduct
13  alleged." *Id.* But the Court has also held that "specific facts are not necessary; the statement [of the
14  claim] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it
15  rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam)(quoting *Twombly,* 550 U.S., at 555).
16
    Notably, the Court in *Iqbal* made a point of recognizing that "legal conclusions can form the
17
18  framework of a complaint," so long as they are "supported by factual allegations." 556 U.S., at 679; *see*
19  *also, Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013). Frontier challenges the allegation contained in
20  each of the Complaint's six Counts that all Defendants' "conduct was based on malice and/or reckless
21  indifference to Plaintiffs' legal rights," which is a legal conclusion. But it incorrectly portrays that
22
    language as a standalone allegation, without giving proper weight to the extensive factual allegations of
23
24  Paragraphs 1 through 20, incorporated by reference into each Count, that amply support plausible claims
25  for violations of Plaintiffs' civil rights under §1981, intentional infliction of emotional distress,
26  negligent infliction of emotional distress, false imprisonment and/or unlawful detention, battery,
27  defamation and false light invasion of privacy, and the requisite conduct for an award of both
28

1  compensatory and punitive damages under both federal and state law.

2       The framework of the federal standard for awarding punitive damages under the civil rights laws

3  was announced in *Smith v. Wade,* 461 U.S. 30 (1983), a point recognized in the Ninth Circuit's opinion

4  in *Ngo v. Reno Hilton Resort Corp.,* 140 F.3d 1299 (9th Cir. 1998). The principal holding of *Wade* was

5  that the standard for awarding punitive damages is no higher than the standard for finding liability under

6  the civil rights laws for compensatory damages. 140 F.3d, at 1302. However, *Wade* was decided under

7  42 U.S.C. §1983, *see id.,* and subsequent decisions by four circuit courts relied on other language in

8  *Wade* to formulate a heightened standard of conduct for Section 1981 and Section 1981a cases, requiring

9  "malice or reckless or callous indifference of an egregious character, or a comparably reprehensive

10 intent" for an award of punitive damages under those sections. 140 F.3d, at 1302-3 (internal citation

11 omitted). In *Ngo,* the Ninth Circuit joined those four circuits in requiring the same heightened standard

12 for punitive damages under Section 1981a. *Id.,* at 1304. It extended that holding the following year to

13 employment-related Section 1981 cases and other Title VII claims in *Pavon v. Swift Transportation*, 192

14 F.3d 902 (9th Cir. 1999), but it has not adopted the standard in non-employment Section 1981 cases.

15 Nevertheless, Plaintiffs' Complaint does allege malice and/or reckless indifference to their legal rights,

16 and provides ample supporting factual allegations for those claims.

17      Those same factual allegations support plausible claims of "oppression, fraud or malice, express

18 or implied" sufficient to meet the standards of Nev. Rev. Stat. 42.005 for the other five Counts of state

19 law torts, if Nevada law if found to apply to them. Plaintiffs believe it is premature to make a finding as

20 to the applicable state law for those Counts, given that some of the tortious acts may have occurred

21 outside the boundaries of Nevada. But assuming, *arguendo,* that §42.005 applies, the conduct alleged in

22 the first 20 paragraphs of the Complaint is similar to conduct on which awards of punitive damages were

23 upheld in other cases alleging the same or similar torts. *See, e.g., Cerminara v. California Hotel and*

8

*Casino*, 760 P.2d 108 (Nev. 1988)(battery and IIED); *Olivero v. Lowe*, 995 P.2d 1023 (Nev. 2000)(NIED); *Smith's Food & Drug Centers, Inc. v. Bellegarde*, 958 P.2d 1208 (Nev. 1998) *overruled in part on other grounds by Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243 (Nev. 2008)(false imprisonment); *Bongiovi v. Sullivan*, 138 P.3d 433 (Nev. 2006)(defamation); *Hetter v. Eighth Jud. Dist. Ct.*, 874 P.2d 762 (Nev. 1994)(invasion of privacy).

Therefore, to the extent any examination of the pleadings would be appropriate at this stage on the issue of punitive damages, Plaintiffs have pleaded sufficient facts to support an award of punitive damages under both federal and Nevada standards.

## CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully submit that Frontier's Partial Motion to Strike should be denied. In the event that it granted, Plaintiffs respectfully move in the alternative for leave to amend their Complaint to correct any pleading omissions on their requests for punitive damages.

Dated: September 11, 2019

TITOLO LAW OFFICE

By: /s/ Timothy R. Titolo
Timothy R. Titolo
Nevada Bar No. 003617

PARK AVENUE LAW LLC

By: /s/ John D. McKay
John D. McKay
(*pro hac vice application pending*)

*Attorneys for Plaintiffs*

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

Pursuant to LR I 4-1, I hereby certify that I am an employee of Titolo Law Office, and on the 11th day of September, 2019, a true and correct copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO STRIKE [D.E. 11]** was electronically filed with the Clerk of the Court for the United States District of Nevada using the CM/ECF system. The foregoing document was served upon the Following counsel of record as indicated below:

CHARLES A. MICHALEK, ESQ.
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101

By: /s/  *Debbie Fowler*
An Employee of Titolo Law Office