CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Email: cmichalek@rmcmlaw.com

Attorneys for Defendant
FRONTIER AIRLINES, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | ) ) ) | Case No.: 2:19-cv-01322-KJD-NJK |
| Plaintiffs, | ) ) | REPLY IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S |
| v. | ) ) | PARTIAL MOTION TO DISMISS (DOC. # 10) |
| FRONTIER AIRLINES, INC. and JOHN DOES 1 through 5, inclusive, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT FRONTIER AIRLINES, INC.'S
### REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS (DOC. #10)

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, pursuant to

Fed. R. Civ. P. 12(b)(6), and for its Reply in Support of its Partial Motion to Dismiss, states:

***A.***   ***Plaintiffs' rights to "make and enforce contracts" under Section 1981 were not thwarted.***

      In response to Frontier's argument that Plaintiffs did not suffer an "actual loss of a contract interest," Plaintiffs contend that various alleged conduct by Frontier employees amounted to an impairment of their rights under the contract of carriage.  Plaintiffs make this argument without identifying any specific service of which they were deprived under the contract as a result of racial animus.  Such failure to identify specific rights allegedly lost under the contract is fatal to their claim

under § 1981. In the context of service and retail establishments, courts have declined to find § 1981 violations where the plaintiffs were "denied neither admittance nor service, nor were they asked to leave." *Morris v. Office Max, Inc.*, 89 F.3d 411, 414 (7th Cir. 1996); *see also Harrison v. Denny's Restaurant*, No. 96-cv-0343-PJH, 1997 U.S. Dist. LEXIS 5637, 1997 WL 227963, at *4 (N.D. Cal. Apr. 24, 1997) ("[P]laintiff has not shown that Denny's denied him service."); *Robertson v. Burger King*, 848 F. Supp. 78, 81 (E.D. La. 1994) ("[P]laintiff was not denied admittance nor service— his service was merely slow."); *Stearnes v. Baur's Opera House, Inc.*, 788 F. Supp. 375, 378 (C.D. Ill. 1992) ("Plaintiff has not provided any evidence that the manager refused Plaintiff admittance to the bar or service while he was there.") (emphasis in original).

In the present case, Plaintiffs do not allege that they were denied boarding or denied specific services owed to them under the contract. Rather, they claim that Frontier acted out of racial animus in "concluding that Plaintiffs should not be travelling together, in concluding that their joint travel must be evidence of human trafficking or sexual deviance, in striking Peter and detaining A.D., in making false accusations against them," and that such actions caused them to suffer emotional harm.[1] (Doc. # 1, ¶¶ 21-26) Plaintiffs rely on *Madison v. Courtney* to support their position that they have sufficiently pleaded facts evidencing an actual loss of contractual rights. 365 F. Supp. 3d 768, 773 (N.D. Tex. 2019). Their reliance on *Madison*, however, is misplaced. In *Madison*, the plaintiff demonstrated that his "first-class ticket entitled him to an offer of coat service and an offer of beverage service – both of which he claim[ed] he did not receive." *Id.* at 773. The plaintiff in that case claimed "he was denied the full benefits of the relevant contractual relationship while all white first-class passengers were afforded the full benefits." *Id.* That is simply not what happened in this case.

---

[1] We note that Plaintiffs' Response adds facts and details regarding the alleged event that are not contained in Plaintiffs' Complaint. For example, Plaintiffs' Complaint simply alleges that a flight attendant "forced A.D. to leave his seat and the company of his father, and took him against his will to the rear of the aircraft." (Doc. #1, ¶ 12.) Plaintiffs' Response, however, argues that the flight attendant "grabbed A.D. out of his seat," that A.D. "was ripped away from his father," and that A.D. was "dragged to the rear of the plane." (Doc. # 16, p. 2, 10, 11.) Similarly, Plaintiffs' Complaint only alleges that a flight attendant "intentionally and/or recklessly touched A.D. without A.D.'s or Peter's consent in an offensive manner." (Doc. #1, ¶ 15.) In contrast, Plaintiffs' Response twice asserts A.D. was "fondled." (Doc. # 16, p. 10, 11.) This Court should ignore all facts not pleaded in Plaintiffs' Complaint and grant Frontier's Partial Motion to Dismiss. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 ("Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion.").

Here, according to Plaintiffs' allegations, the flight attendants questioned Peter's relationship with A.D., suspected human trafficking and sexual abuse, separated Peter and A.D. for the remainder of the flight, and requested that law enforcement meet the aircraft in Las Vegas. (Doc. # 1, ¶¶ 11, 12, 16.) These facts are more akin to *Morris v. Office Max, Inc.*, where the plaintiffs "were approached by police officers who had been summoned by [the defendant] store's office manager to investigate two black males purportedly acting suspiciously. 89 F.3d 411 (7th Cir. 1996). In *Morris*, the Seventh Circuit affirmed summary judgment because the plaintiffs could not "point to specific facts showing that [the defendant store] deprived them of any of the enumerated rights in § 1981 and, specifically, the right to make and enforce a contract[; t]hey were denied neither admittance nor service, nor were they asked to leave the store." *Id.* at 414. The same is true in this case. Frontier requested that law enforcement meet the aircraft on arrival which provided Plaintiffs with an avenue to address and resolve their claims. Therefore, this Court should dismiss Count I of Plaintiffs' Complaint. *See Childs v. Boyd Gaming Corp.*, No. 2:18-cv-00316-GMN-VCF, 2018 U.S. Dist. LEXIS 154333, at *10-11 (D. Nev. Sep. 11, 2018) (To the extent the plaintiff's claim is premised upon poor service and a disturbing atmosphere, it necessarily fails.).

**B.** *Plaintiffs' claim for intentional infliction of emotional distress (Count II) fails because the alleged conduct was not extreme and outrageous and Plaintiffs have no factual support for their alleged emotional distress.*

In their Response, Plaintiffs argue that the alleged conduct was extreme and outrageous because the flight attendant should have known that Peter would be particularly susceptible to emotional distress, and he should have also recognized A.D.'s "susceptibility to emotional distress given his tender age." (Doc. # 16 p. 10.) Plaintiffs argue "the totality of the circumstances establishes extreme and outrageous behavior." *Id.* at 10-11. Even if these allegations were true, they are insufficient to sustain Plaintiffs' claim for intentional infliction of emotional distress.

- 3 -

As Plaintiffs noted in their Response, "Nevada courts refer to the RESTATEMENT (SECOND) OF TORTS § 46 for guidance in interpreting [intentional infliction of emotional distress] claims." (Doc. #16, p. 10); *Banerjee v. Cont'l Inc., Inc.*, No. 2:16-CV-669 JCM (VCF), 2016 U.S. Dist. LEXIS 141891, at *15 (D. Nev. Oct. 11, 2016). The Restatement provides the following illustration for "peculiar susceptibility":

> As a practical joke, A dresses himself in woman's clothing in order to surprise and startle B. B, who has a pathological fear of men in women's clothing, is badly frightened, becomes hysterical, and suffers a shock which results in illness. A is not liable to B unless A knows of B's peculiar susceptibility.

RESTATEMENT (SECOND) OF TORTS § 46 cmt. J, illus. 18.

In this illustration, although A acts to intentionally surprise and startle B, A is not liable to B unless A knew that B had a pathological fear of men in women's clothing. *Id.* Here, Plaintiffs' allegations are so far removed from this standard. Specifically, the flight attendants involved had no unique knowledge of any peculiar susceptibilities of Plaintiff or A.D., and they only acted for the benefit of A.D. Liability under this tort is reserved for those rare cases where the defendant's conduct goes beyond all possible bounds of decency, and is atrocious and utterly intolerable, which is not the case here. *Westbrook v. DTG Operations, Inc.*, No. 2:05-CV-00789-KJD-PAL, 2007 U.S. Dist. LEXIS 14653, at *20-21 (D. Nev. Feb. 28, 2007).

And, even if this Court were to consider the alleged conduct as extreme and outrageous, Plaintiffs' claim still fails because Plaintiffs have not stated sufficient facts or details to support their allegation that they suffered severe or extreme emotional distress. In fact, Plaintiffs do not address this issue in their Response. (Doc. #16.) Plaintiffs' lone allegation in the Complaint - that they "suffered serious ... mental injuries including, but not limited to ... mental anguish and anxiety [and] extreme emotional distress" - is conclusory, making it inadequate to support their intentional infliction of

emotional distress claim. (Doc. #1, ¶ 20.) Therefore, this Court should dismiss Count II of Plaintiffs' Complaint.

**C.      Plaintiffs' claim for negligent infliction of emotional distress (Count III) fails because Plaintiffs have no factual support for their alleged emotional distress.**

Plaintiffs' Response regarding Count III suffers the same deficiencies as noted above regarding Count II. Plaintiffs argue the flight attendant allegedly hitting Peter and allegedly touching A.D. constitute physical impact, resulting in their suffering emotional distress. (Doc. # 16, p. 11.) But Plaintiffs do not articulate any facts or details to support their claim for emotional distress. (Doc. # 1.) The singular allegation that Plaintiffs have suffered mental injuries, including mental anguish, anxiety, and extreme emotional distress, is only a conclusion which cannot withstand a motion to dismiss.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate more than transitory symptoms of emotional distress because unsupported, self-serving statements by a plaintiff are insufficient. *Eckenrode v. Rubin & Yates*, LLC, No. 2:13-cv-00317-GMN-PAL, 2014 U.S. Dist. LEXIS 113561, at *22-23 (D. Nev. July 25, 2014).  Conclusory allegations of emotional distress are insufficient to establish an award for actual damages for emotional distress. *Id.* at 22. Therefore, this Court should dismiss Count III of Plaintiffs' Complaint.

**D.      Plaintiffs' claims for defamation and false light invasion of privacy (Count VI) fail because there was no unprivileged publication and Plaintiffs have not alleged any resulting damages.**

The common element of defamation and false light invasion of privacy claims is unprivileged publication to a third person. *See Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 714 ("Defamation is a publication of a false statement of fact."); *Huston v. Verizon Fed. Network Sys., LLC*, No. 2:07-CV-00201-BES-LRL, 2008 U.S. Dist. LEXIS 70483, at *15 (D. Nev. Sept. 17, 2008) ("One who gives

1    publicity to a matter concerning another that places the other before the public in false light is subject to

2    liability to the other for invasion of his privacy."). Plaintiffs' Response fails to address how the alleged

3    conduct constituted publication.

4    Here, as per Plaintiffs' allegations, a flight attendant accused Peter of engaging in illegal human

5    trafficking and sexual assault, informed other members of the flight crew, including the Captain,

6    regarding this matter, relayed these allegations to law enforcement, and as Peter was deplaning the

7    aircraft in Las Vegas, told him the FBI was waiting for him. (Doc. #1, ¶¶ 11, 14, 16, 17.) Even if true,

8    these allegations are insufficient to plead either defamation or false light invasion of privacy because

9    Nevada has "adopted a qualified privilege" for "communications with police in aid of law enforcement."

10   *Pope v. Motel 6*, 121 Nev. 307, 317 (2005). Additionally, Plaintiffs have not alleged that any passenger

11   overhead the flight attendants' accusations of Peter or their report to law enforcement, and, specifically,

12   they have not identified any passengers to whom such alleged publication was made. (Doc. # 1.) At most,

13   the passengers deplaning the aircraft with Peter overheard that the FBI was waiting to speak with him,

14   which was a true statement.

15   Finally, even if this Court were to consider the alleged conduct as unlawful or unprivileged

16   publication, Plaintiffs' claims still fail because Plaintiffs have not stated any facts or details to support the

17   element of damages. In fact, Plaintiffs do not address this matter in their Response. (Doc. # 16.)

18   Therefore, this Court should dismiss Count VI of Plaintiffs' Complaint.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

1

## CONCLUSION

2      WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this

3  Honorable Court grant its Partial Motion to Dismiss and enter an Order dismissing Counts I, II, III, and

4  VI of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and such further relief as this Court

5  deems necessary and proper.

6  DATED this 19th day of September, 2019.

7                                        ROGERS, MASTRANGELO, CARVALHO &
                                         MITCHELL
8

9

10                                       /s/ Charles A. Michalek_____

11                                       CHARLES A. MICHALEK, ESQ.
                                         Nevada Bar No. 5721
12                                       700 South Third Street
                                         Las Vegas, Nevada 89101
13                                       Attorney for Defendant FRONTIER AIRLINES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            -7-

1

## CERTIFICATE OF SERVICE

2    Pursuant to LR IC 4-1, I hereby certify that I am an employee of Rogers, Mastrangelo, Carvalho

3    & Mitchell, and on the 19th day of September, 2019, a true and correct copy of the foregoing

4    **DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF PARTIAL MOTION**

5    **TO DISMISS** was electronically filed with the Clerk of the Court of the United States District Court for

6    the District of Nevada using the CM/ECF system. The foregoing document was served upon the

7    following counsel of record as indicated below:

8
Timothy R. Titolo, Esq.
9    TITOLO LAW OFFICE
9950 West Cheyenne Avenue
10   Las Vegas, Nevada 89129
Telephone: (702) 869-5100
11   Facsimile: (702) 869-5111
Email: tim@titololaw.com
12   *Attorney for Plaintiffs*

13

14

15

16                                      /s/ Carolyn Mangundayao

17                                      _____

18                                      An Employee of
                                        Rogers, Mastrangelo, Carvalho & Mitchell
19

20

21

22

23

24

25

26

27

28
                                        - 8 -