CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Email: cmichalek@rmcmlaw.com

Attorneys for Defendant
FRONTIER AIRLINES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>  Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC. and JOHN DOES 1 through 5, inclusive,<br><br>  Defendants. | Case No.: 2:19-cv-01322-KJD-NJK<br><br>REPLY IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S PARTIAL MOTION TO STRIKE (DOC. # 11) |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**REPLY IN SUPPORT OF MOTION TO STRIKE (DOC. #11)**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), and for its Reply in Support of its Motion to Strike, states:

Frontier seeks to have stricken Plaintiffs' allegations and prayers for punitive damages because the alleged facts on which the punitive damages are based are insufficient to establish malice under NRS 42.005. While the Court must presume all well-pleaded allegations of material fact and must draw all reasonable inferences in favor of the non-moving party, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 231 F.3d 520, 527-28 (9th Cir. 2000). A district court "has discretion to determine whether the defendant's conduct merits punitive damages as a matter of

law." *Young v. Mercury Cas. Co.*, No. 2:12-cv-00091-RFB-GWF, 2016 U.S. Dist. LEXIS 100227, at *27 (D. Nev. July 29, 2016). Under Nevada law, punitive damages are available "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied . . . ." NRS 42.005.

In this case, Plaintiffs argue that they have pleaded sufficient facts to establish malice. "Malice, express or implied," is defined as "conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." NRS 42.001(3). "Conscious disregard," in turn, "means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." NRS 42.001(1).*Claridge v. I-Flow Corp.*, No. 2:18-cv-01654-GMN-BNW, 2019 U.S. Dist. LEXIS 148935, at *16 (D. Nev. Aug. 30, 2019). The Nevada Supreme Court has held that the "conscious disregard" standard "plainly requires evidence that a defendant acted with a culpable state of mind," and therefore "denotes conduct that, at a minimum, must exceed mere recklessness or gross negligence." *Young v. Mercury Cas. Co.*, No. 2:12-cv-00091-RFB-GWF, 2016 U.S. Dist. LEXIS 100227, at *28 (D. Nev. July 29, 2016).

Here, Plaintiffs allege that a flight attendant accused "Peter of engaging in illegal human trafficking and illegal sexual assault," "forced A.D. to leave his seat and…to sit in the back row of the aircraft and refused to allow [A.D.] to return to his father for the remainder of the flight." (Doc. # 1, ¶¶ 11-12) Plaintiffs further allege that Frontier arranged for a Frontier employee "to occupy the aisle seat between A.D. and the aisle of the aircraft, effectively blocking his ability to enter the aisle for the duration of the flight." *Id.* According to the Complaint, the "Captain of the flight…suggest[ed] and authoriz[ed] those actions." *Id.* at 14.

Under 14 C.F.R. § 121.533(d), "the pilot in command of an aircraft is, during flight time, in command of the aircraft and crew and is responsible for the safety of the passengers, crewmembers, cargo, and airplane." Similarly, 14 C.F.R. § 91.3(a) provides, "the pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft."

*Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2008 U.S. Dist. LEXIS 58613, at *6 (N.D. Cal. July 11, 2008). For Plaintiffs to satisfy pleading requirements as to punitive damages, they must set forth facts that establish that the Captain disregarded his legal and professional obligations and acted with an intent to injure A.D., or committed despicable conduct which was engaged in with a conscious disregard of the safety of A.D. *See* NRS 42.001(3). There are no facts in the Complaint, however, suggesting that the Captain did anything other than act in the best interest of A.D. The Captain was notified by a flight attendant that inappropriate conduct was observed, and the Captain took action to protect A.D.

Punitive damages cannot be available in this case because the allegations establish that the conduct in question was intended to aid A.D., not for any ill purpose. Accordingly, Plaintiffs' allegations regarding punitive damages should be stricken because the facts in the Complaint do not establish that Frontier acted with malice.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court grant its Partial Motion to Strike and for such further relief as this Court deems necessary and proper.

DATED this 19th day of September, 2019.

          ROGERS, MASTRANGELO, CARVALHO & MITCHELL

          /s/ *Charles A. Michalek*
          ―――――――――――――――――
          CHARLES A. MICHALEK, ESQ.
          Nevada Bar No. 5721
          700 South Third Street
          Las Vegas, Nevada 89101
          Attorney for Defendant FRONTIER AIRLINES, INC.

...

## CERTIFICATE OF SERVICE

Pursuant to LR IC 4-1, I hereby certify that I am an employee of Rogers, Mastrangelo, Carvalho & Mitchell, and on the 19th day of September, 2019, a true and correct copy of the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE** was electronically filed with the Clerk of the Court of the United States District Court for the District of Nevada using the CM/ECF system. The foregoing document was served upon the following counsel of record as indicated below:

Timothy R. Titolo, Esq.
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 869-5100
Facsimile: (702) 869-5111
Email: tim@titololaw.com
*Attorney for Plaintiffs*

/s/ *Carolyn Mangundayao*
_____
An Employee of
Rogers, Mastrangelo, Carvalho & Mitchell