TIMOTHY R. TITOLO, ESQ.
Nevada Bar No. 3617
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com
*Attorney for Plaintiffs* PETER DELVECCHIA & A.D., A MINOR

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com
*Attorney for Defendant* FRONTIER AIRLINES, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FRONTIER AIRLINES, INC. and JOHN DOES 1 through 5, inclusive,<br><br>    *Defendants*. | Case No.: 2:19-cv-01322-KJD-NJK<br><br>**PARTIES' STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER** |

**PARTIES' STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**
**(SUBMITTED IN COMPLIANCE WITH LR 26-1(b))**

Plaintiffs PETER DELVECCHIA, individually and as next friend of A.D., a Minor (collectively "Plaintiffs"), and Defendant FRONTIER AIRLINES, INC. ("Frontier"), each by their undersigned counsel, and pursuant to Fed. R. Civ. P. 26 and LR 26-1, submit the following Stipulated Discovery Plan and Proposed Scheduling Order (SUBMITTED IN COMPLIANCE WITH LR 26-1(b)):

/ / /

/ / /

- 1 -

**I.     *Information required by Fed. R. Civ. P. 26(f)(3):***

**A.     *What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:***

No changes need to be made to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a). Plaintiffs will serve their Fed. R. Civ. P. 26(a) Initial Disclosures by <u>October 11, 2019</u>. Frontier served its Fed. R. Civ. P. 26(a) Initial Disclosure on <u>October 4, 2019</u>.

**B.     *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:***

Discovery may be needed on the allegations and issues raised in Plaintiffs' Complaint (ECF No. #1), facts relating to Plaintiffs' claimed injuries and damages, observations and knowledge of other passengers and the crew of the subject flight, observations and knowledge of law enforcement personnel who conducted investigations, cockpit voice recordings of discussions relating to Plaintiffs, employment histories of crew members involved in the alleged incidents, facts relating to Frontier's claimed entitlement to qualified privilege and/or qualified immunity under any applicable federal and state law, and Frontier's claimed entitlement to immunity from civil liability pursuant to any applicable federal and state law.

Discovery will be completed by <u>February 28, 2020</u>.

Discovery need not be conducted in phases or limited to or focused on particular issues.

**C.     *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:***

The parties agree that all discovery requests and responses will be served by email only. The parties further agree that they will acknowledge receipt of all emails containing discovery requests and responses, and other important matters such as meet and confer requests, with an email stating "received"

or "acknowledged" within 48 business hours. The acknowledgement email need not be substantive, but lack of an acknowledgement email within 48 business hours will trigger the sender to follow up with a second email or phone call. This constitutes consent in writing by all parties to service "by other electronic means" (*i.e.*, email) for purposes of Fed. R. Civ. P. 5(b)(2)(E). To the extent electronically stored information is responsive to any parties' discovery requests, the parties will produce such information in a reasonably usable form.

    ***D.    Any issues about claims of privilege or of protection:***

The parties will comply with Fed. R. Civ. P. 26(b)(5) if they withhold information otherwise discoverable by claiming that information is privileged.

Contemporaneous with this Stipulated Discovery Plan, the parties will file an Agreed Proposed Protective Order which will allow them to designate certain materials which they believe contain sensitive security information, personal health information, trade secrets, proprietary information, research, technical, commercial, or financial information, or other confidential material (including without limitation, the identity of Plaintiff A.D., a Minor) that they have maintained as confidential as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    ***E.    What changes to should be made in the limitations on discovery imposed under [the Federal Rules of Civil Procedure] or by local rule, and what other limitations should be imposed:***

None.

    ***F.    Any other orders that the Court should issue under [Fed. R. Civ. P.] 26(c) or under [Fed. R. Civ. P.] 16(b) and (c):***

The parties request that this Court enter their Agreed Proposed Protective Order, filed contemporaneously with this Stipulated Discovery Plan.

/ / /

**II.     Information required by LR 26-1(b):**

**(1)     Discovery Cut-Off Date:**

Frontier filed its Motion to Dismiss Plaintiffs' Complaint (ECF No. 6) on August 28, 2019. The parties require 6 months from August 28, 2019, until February 28, 2020, for discovery.

**(2)     Amending the Pleadings and Adding Parties:**

The deadline for filing motions to amend the pleadings or to add parties is December 2, 2019.

**(3)     Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

The deadline for Fed. R. Civ. P. 26(a)(2) expert disclosures is December 30, 2019, which shall apply to any party wishing to present expert testimony on any issue for which that party bears the burden of proof. The deadline for rebuttal-expert disclosures is January 29, 2020, which shall apply to parties who do not bear the burden of proof on an issue.

**(4)     Dispositive Motions:**

The deadline for filing dispositive motions is March 30, 2020.

**(5)     Pretrial Order:**

The deadline for the joint pretrial order is April 29, 2020. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order.

**(6)     Fed. R. Civ. P. 26(a)(3) Disclosures:**

Unless the court orders otherwise, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

**(7)     Alternative Dispute Resolution:**

The parties hereby certify that they have met and conferred regarding the possibility of using alternative dispute resolution processes. The parties have agreed that will seek referral to a magistrate

judge for a settlement conference to occur approximately 30 days before the deadline for Fed. R. Civ. P. 26(a)(2) expert disclosures, *i.e.,* on or about December 2, 2019.

   **(8)   Alternative Forms of Case Disposition:**

The parties hereby certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of a Short Trial Program (General Order 2013-01). At this time, the parties do not consent to trial by the magistrate judge.

   **(9)   Electronic Evidence:**

The parties hereby certify that a jury trial has been demanded and the parties have discussed their intention to present evidence in electronic format to jurors for the purposes of jury deliberations. At this preliminary stage, the parties agree that all electronic evidence, such as videotaped deposition testimony, will be provided to the jury in an electronic format compatible with the court's electronic jury evidence display system.

| | |
|---|---|
| DATED this 8th day of October, 2019 | Respectfully submitted, |
| **PETER DELVECCHIA and A.D., a Minor** | **FRONTIER AIRLINES, INC.** |
| */s/   John D. McKay* | */s/   Tara Shelke* |
| John D. McKay (admitted *pro hac vice*)<br>PARK AVENUE LAW LLC<br>127 West Fairbanks Avenue, Suite 519<br>Winter Park, Florida 32789<br>Phone: (800) 391-3654<br>Email: johndmckayatty@gmail.com | Brian T. Maye (admitted *pro hac vice*)<br>Tara Shelke (admitted *pro hac vice*)<br>ADLER MURPHY & McQUILLEN LLP<br>20 South Clark Street, Suite 2500<br>Chicago, Illinois 60603<br>Email: bmaye@amm-law.com<br>           tshelke@amm-law.com |
| Timothy R. Titolo (Nevada Bar No. 3617)<br>TITOLO LAW OFFICE<br>9950 West Cheyenne Avenue<br>Las Vegas, Nevada<br>Phone: (702) 869-51<br>Email: tim@titololaw.com | Charles A. Michalek (Nevada Bar No. 5721)<br>ROGERS, MASTRANGELO, CARVALHO & MITCHELL<br>700 South Third Street<br>Las Vegas, Nevada 89101<br>Phone: (702) 383-3400 |

Email: cmichalek@rmcmlaw.com

*Attorneys for Plaintiffs*
*PETER DELVECCHIA & A.D., A MINOR*

*Attorneys for Defendant FRONTIER AIRLINES, INC.*

### CERTIFICATE OF SERVICE

Pursuant to LR IC 4-1, I hereby certify that I on the 8th day of October, 2019, the foregoing **PARTIES' STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER (SUBMITTED IN COMPLIANCE WITH LR 26-1(b))** was filed with the United States District Court for the District of Nevada using the CM/ECF System.

*/s/ Tara Shelke*

Brian T. Maye *(admitted pro hac vice)*
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
tshelke@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: _____