TIMOTHY R. TITOLO, ESQ.
Nevada Bar No. 3617
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com
*Attorney for Plaintiffs* PETER DELVECCHIA & A.D., A MINOR

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com
*Attorney for Defendant* FRONTIER AIRLINES, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>*Plaintiffs*,<br><br>v.<br><br>FRONTIER AIRLINES, INC. and JOHN DOES 1 through 5, inclusive,<br><br>*Defendants*. | Case No.: 2:19-cv-01322-KJD-NJK<br><br>**PARTIES' AGREED [PROPOSED] PROTECTIVE ORDER** |

**PARTIES' AGREED [PROPOSED] PROTECTIVE ORDER**

    1.    All written materials produced or disclosed by the parties in this litigation (including but not limited to documents, answers to interrogatories, responses to requests for admission, and deposition testimony) which a party believes, in good faith, contain sensitive security information, personal health information, trade secrets, proprietary information, research, technical, commercial, or financial information, or other confidential material (including without limitation, the identity of Plaintiff A.D., a Minor), shall be designated as confidential by affixing a label to all pages of the document with the legend

EXHIBIT A

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." By entering this Agreed Protective Order, the Court does not intend to create any presumption about the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute among the parties as to the confidentiality of any specific material will be resolved pursuant to Paragraph 3 of this Agreed Protective Order.

2. For the purposes of this Agreed Protective Order, the term "this litigation" shall include the above-captioned case and any claim for damage or other relief, however denominated, brought in any court, without limitation, involving or in any way relating to the March 28, 2019 incidents described by Plaintiffs PETER DELVECCHIA, Individually and as Next Friend of A.D., a Minor in their Complaint (ECF No. 1) or as described in any cross-claim, counterclaim, or third-party complaint filed in the above-captioned case (the "Incident").

3. If any party believes that any material produced does not contain confidential information, it may, at any time, contest the applicability of this Agreed Protective Order to such material by notifying the attorneys for the party producing the material and identifying the material contested. Upon such notification, the attorneys for the producing party shall have thirty days in which to make a specific Motion for Protective Order with respect to such material. As to any contested material for which such a motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Agreed Protective Order. The party claiming confidential or protected status will have the burden of establishing the same for any documents or information produced or created. Until the Court rules on the challenge, all parties shall continue to treat the materials as confidential under the terms of this Agreed Protective Order.

4. A party's attorney may distribute protected materials or share information obtained from protected materials with the following categories of persons, and no other, except by further order of the Court:

    a. parties in this litigation and their insurers;

    b. members of the legal or support staff of the parties' attorney's offices;

    c. consultants retained by a party or party's attorney to assist in the evaluation, preparation, or testimony in this litigation but only after such persons have completed the certification contained in Exhibit A, Nondisclosure Agreement;

    d. the Court and Court personnel, including stenographic reporters engaged in any court or judicial proceeding as are necessarily incidental to the preparation or trial of this litigation; and

    e. any other persons as the parties to this litigation agree to in writing or as the Court determines.

5. Nothing in this Agreed Protective Order will prevent a party from using information or documents produced by another party pursuant to this Order during mediation, arbitration, deposition, trial, or any other proceeding in this litigation.

6. See order issued concurrently herewith.

7. If any person subject to this Agreed Protective Order is (a) served with a subpoena in another action, (b) served with requests for production of documents, interrogatories, or any other type of formal or informal demand in another action to which he or she is a party, or (c) served with any other legal process or paper by one not a party to this litigation seeking or requesting disclosure of confidential

EXHIBIT A

information, that person shall give prompt written notice of such event to counsel of record for the producing party and shall object to its production. Upon receipt of written notice, the producing party shall advise the person who is to respond to the subpoena, demand, or other legal process of its position. Thereafter, the producing party shall assume the responsibility for preserving and prosecuting any objection to the subpoena, demand, or other legal process. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

Should the person seeking access to the confidential information take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in their response the existence of this Agreed Protective Order. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of confidential information, or to subject himself or herself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

8.   Inadvertent production by any party of a document containing attorney-client communications, attorney work-product, other privileged information, confidential information, or proprietary information shall not constitute a waiver of privilege. Any such document and any copies made of it shall be returned to the producing party immediately upon request.

9.   The terms of this Agreed Protective Order shall apply automatically to actions arising from the Incident which are later filed in, removed to, or transferred to this Court, or consolidated with this litigation.

10.   Upon being contacted by a party's attorney following the final conclusion of all aspects of this litigation, each party's attorney will provide the producing party's attorney with a copy of all signed Nondisclosure Agreements (Exhibit A) within 30 days of receipt of the request.

11.   The provisions of this Agreed Protective Order will not terminate at the conclusion of this litigation. Within 30 days after final conclusion of all aspects of this litigation, confidential documents and

EXHIBIT A

all copies of same (other than exhibits of record) shall be returned to the producing party's attorney or destroyed. All counsel of record shall provide an affidavit to the producing party's attorney certifying compliance herewith within 60 days of the final conclusion of all aspects of this litigation.

12. This Agreed Protective Order may be modified by the Court *sua sponte* or upon motion of the parties for good cause shown.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated:  October 10, 2019

EXHIBIT A

**EXHIBIT A**
**NONDISCLOSURE AGREEMENT**

I, _____, declare as follows:

1.  I understand that the information and/or documents to be provided to me identified as confidential are subject to an Agreed Protective Order in the action titled *Peter DelVecchia, Individually and as Next Friend of A.D., a Minor v. Frontier Airlines, Inc. and John Does 1 through 5, inclusive*, case number 2:19-cv-01322-KJD-NJK, pending in the United States District Court for the District of Nevada ("this litigation") and constitute confidential information that is to be used only for purposes of this litigation. I understand that such information is not to be disclosed by me to anyone and is not to be used for any purpose other than as described above.

2.  I have read the Agreed Protective Order entered in this litigation and agree to be bound by its terms. I understand that I may not in any way disseminate any confidential information received by me in the course of this litigation in any way not prescribed by the Agreed Protective Order. I further understand that upon conclusion of this litigation, I must return or destroy all copies of confidential information in my possession. I also understand that I may not retain any copies of confidential information I receive in the course of this litigation.

3.  I hereby submit to the jurisdiction of any court within the United States that may otherwise have jurisdiction over this litigation and/or any proceedings to enforce the terms of the Agreed Protective Order against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____, this ___ day of _____, 20_____.

_____          _____
PRINTED NAME                                                                  SIGNATURE

EXHIBIT A