Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(800) 391-3654
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, et al., | Case No: 2:19-CV-01322-KJD-NJK |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br>Fed. R. Civ. P. 15(a)(2) |
| FRONTIER AIRLINES, INC., et al., | |
| Defendants. | |

Plaintiffs, Peter DelVecchia individually and as next friend of A. D., a minor, pursuant to Federal Rule of Civil Procedure 15(a)(2), by counsel, hereby move to amend the Complaint to name the five Defendants previously identified only by their actions, job titles and statements as John Doe Numbers 1 through 5, to add as an additional Defendant the First Officer of the subject flight, and to make certain other changes to their allegations. A proposed Amended Complaint is attached as **Exhibit A** hereto.

**Factual Background**

This is a civil case alleging tortious, malicious, racist, offensive and permanently harmful conduct that Defendant Frontier Airlines, Inc. ("Frontier") and six of its employees who were in charge of its Flight 2067 on March 28, 2019 inflicted upon Plaintiffs, who were paying and ticketed passengers aboard that flight.

At the time of filing the Complaint, Plaintiffs did not know the names of the employees who made up the cabin crew and flight crew of Flight 2067. That was not for lack of trying, as Plaintiff Peter DelVecchia specifically asked the flight attendant identified as John Doe Number 1 his name several times during the flight, and that flight attendant, who has now been identified as Scott Warren, gave Peter the false name "Kevin." He refused to provide a surname. Aware that the Federal Bureau of Investigation interviewed at least some of the cabin crew about their allegations, Plaintiffs' counsel filed a Privacy Act request to that agency seeking copies of their investigative records prior to filing the Complaint. Plaintiffs hoped to obtain the identities of the crew through those records. Unfortunately, the documents arrived from the FBI with all names redacted. Plaintiffs therefore had to wait until receipt of Frontier's Initial Disclosures to identify the crew. Those Initial Disclosures, which were served on October 4, 2019, and then amended on October 7, 2019, and then Supplemented on October 17, 2019, stated that they provided the names of all of the crew members. Plaintiffs had expected to conduct depositions of the crew members before amending the Complaint to name them, but it is now apparent that none of the depositions will be scheduled to occur prior to the Court's deadline for amendment motions, which is November 26, 2019. Plaintiffs are therefore moving now to amend the Complaint by replacing John Doe No. 1 with Scott Warren, John Doe No. 2 with Chelsie Bright, John Doe No. 3 with Anna Bond, John Doe No. 4 with Amanda Nickel, and John Doe No. 5 with Rex Shupe. In addition, now that he has been identified by Frontier, Plaintiffs

are moving to add the First Officer of Flight 2067 as an additional Defendant. His name is Shawn Mullin. Plaintiffs also seek to amend some of the allegations based on further factual information disclosed in discovery.

### Legal Authority

Federal Rule of Civil Procedure 15(a)(2) states, in relevant part, "The court should grant [to amend] when justice so requires." That instruction, in its current and former versions, has been echoed and upheld in numerous decisions. *See, e.g., Foman v. Davis,* 371 U.S. 178 (1962); *Lipton v. Pathogenesis Corp.,* 284 F.3d 1027 (9th Cir. 2002); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003). In the instant case, justice requires the amendment sought by Plaintiffs because they now know the specific identities of the Doe Defendants and the First Officer, and they have a right to assert their claims against those specific individuals as well as against their employer. As noted in the Complaint as to all of them except the First Officer, they each played some role in the events complained of. Plaintiffs also believe now that the First Officer was involved in at least some of the decisions and communications that are alleged in the Complaint. Moreover, those specific individuals have the right to be served with process and to answer the allegations against them.

A proposed Amended Complaint is attached to this Motion as **Exhibit A**. For the reasons set forth above, Plaintiffs respectfully move for leave to file their Amended Complaint in the form filed with this Motion.

DATED this 20th day of November, 2019.

    /s/ John D. McKay
John D. McKay (admitted *pro hac vice*)
PARK AVENUE LAW LLC
127 W. Fairbanks Ave., No. 519
Winter Park, FL 32789
johndmckayatty@gmail.com
(800) 391-3654

Timothy R. Titolo (Nev. Bar. No. 3617)

TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

***Attorneys for Plaintiffs Peter DelVecchia
And A.D., a Minor***