CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
         tshelke@amm-law.com

*Attorneys for Defendant* FRONTIER AIRLINES, INC.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-NJK |
| *Plaintiffs*, | **FRONTIER AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| v. | |
| FRONTIER AIRLINES, INC. and JOHN DOES 1 through 5, inclusive, | |
| *Defendants*. | |

**DEFENDANT FRONTIER AIRLINES, INC.'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, and for its Opposition to Plaintiffs' Motion for Leave to Amend the Complaint, states:

On November 20, 2019, Plaintiffs filed a Motion for Leave to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (ECF No. 39.) Plaintiffs seek to amend their Complaint to replace the Doe Defendants with five Frontier employees, and to include a sixth Frontier employee as an additional

- 1 -

Defendant. For reasons argued more fully within, Plaintiffs' proposed amendment is futile and Frontier opposes Plaintiffs' request to add the Frontier employees, who were all acting within the scope of their employment at the time of the incident, as named Defendants.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." However, a "significant body of jurisprudence has developed in an attempt to define exactly when justice requires a court to grant leave to amend." *Frost v. Perry*, 919 F. Supp. 1459, 1468 (D. Nev. 1996). Courts consider "four factors when deciding whether to grant a motion for leave to amend a complaint: (1) bad faith or dilatory motive on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) the futility of the proposed amendment." *Id.* at 1469. A proposed amendment is futile "'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Id.* (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Here, Plaintiffs move for leave to amend their Complaint to add six Frontier employees as named Defendants: Scott Warren, Chelsie Bright, Anna Bond, Amanda Nickel, Rex Shupe, and Shawn Mullin (collectively the "Frontier Employees"). *See* ECF No. 39-1. According to the allegations of Plaintiffs' Proposed Amended Complaint, each individual was, at the time of the events that led to this litigation, employed by Frontier. *Id.* at ¶¶ 4-9. In addition, Plaintiffs allege several times in their Proposed Amended Complaint that the Frontier Employees' conduct occurred as they were acting within the scope of their employment with Frontier. *Id.* at ¶¶ 15, 19, 41, 45.

Moreover, Plaintiffs' Proposed Amended Complaint clearly states, "Frontier is liable for the acts of its employees under the doctrine of *respondeat superior*." ECF No. 39-1 at ¶ 19. Liability pursuant to *respondeat superior* "attaches only when the employee is under the control of the employer and when the act is within the scope of employment." *Switzer v. Rivera*, 174 F. Supp. 2d 1097, 1106 (D. Nev. 2001)

(quoting *Molino v. Asher*, 96 Nev. 814, 817 (1980)). Under *respondeat superior*, an employer may be held liable for both negligent and intentional acts of employees. *Id.*

Plaintiffs now seek to add direct negligence claims against the Frontier employees despite the vicarious liability claims against Frontier having already been asserted for the same conduct. "Direct negligence claims provide an alternate means of recovery when vicarious liability is unavailable against an employer because the tortfeasor-employee was not acting within the scope of his employment at the time of his alleged negligence." *Ferrer v. Okbamicael*, 390 P.3d 836, 844 (Colo. 2017). "But where the employer has already conceded it is subject to respondeat superior liability for any negligence of its employee, direct negligence claims become superfluous" and "redundant." *Id.* Additionally, "there is a danger that a jury will assess the employer's liability twice and award duplicative damages to the plaintiff if it hears evidence of both" a direct negligence claim against an employee and a derivative *respondeat superior* claim against the employer. *Id.* at 845; *see Goodwyn v. Albertson's LLC*, No. 2:18-cv-01754-JAD-GWF, 2019 U.S. Dist. LEXIS 85079, at *5-6 (D. Nev. May 21, 2019) ("As there are no facts in this case that would even suggest that any claim against Pepmueller in his individual capacity would add a viable pocket of recovery for Goodwyn, it appears that the only reason to name him as a defendant would be to undermine diversity and send this case back to state court. So, it is unlikely that denial of joinder would prejudice Goodwyn. These factors outweigh all of the others and counsel against permitting Goodwyn to add Pepmueller as a defendant.")

In *Donato v. Rockefeller Fin. Servs.*, 93 Civ. 4663 (LLS), 1994 U.S. Dist. LEXIS 17709, at * 2 (S.D.N.Y. 1994), the plaintiff sought leave to submit an amended complaint adding several individual employees as defendants in her suit against her employer, Rockefeller. One of the employees the plaintiff sought to add was her immediate supervisor. *Id.* at * 9. The court denied the plaintiffs' motion noting that

the plaintiff would "suffer no prejudice from having to proceed against Rockefeller alone." *Id.* at *10. The court cited another case that held:

> [w]here a solvent organizational party is liable for acts done on its behalf by a natural person, and no unique claims not chargeable to the organizational entity are brought against the natural person, absent other special circumstances plaintiff gains nothing apart from consumption of time and creation of bitterness by inclusion of the individual as a defendant.

*Id.* (citing *Bramesco v. Drug Competitor Consultants*, 834 F. Supp. 120, 123 (S.D.N.Y. 1993)). While these cases involved suits in a different context than the present one, the findings are certainly instructive.

      Here, Plaintiffs' allegations and causes of action all stem from actions taken by the Frontier Employees. While Frontier disputes the truth of the asserted allegations, and any liability to Plaintiffs, it concedes that each of the Frontier Employees was acting within the scope of their employment with Frontier on March 28, 2019 onboard Frontier Flight 2067 from Raleigh to Las Vegas. If Plaintiffs were to prevail, it would only be as a result of proving the alleged conduct of the Frontier Employees. If the fact-finder determines that the Frontier Employees acted negligently or intentionally while within the scope of their employment, liability would attach to Frontier, providing Plaintiffs with sufficient opportunity for recovery. As the conduct of the Frontier Employees is interwoven with the liability of Frontier, it would be futile to include the Frontier Employees as named Defendants as there would be no facts that would establish liability outside of that to which Frontier may be subjected.

      Finally, as a practical matter, there is nothing to gain from including the Frontier Employees as named Defendants given that their employer, Frontier Airlines, Inc. is already a Defendant in this matter. Plaintiffs would not be entitled to any additional recovery from the Frontier Employees that they would not be entitled to from Frontier Airlines, Inc. *See Mitchell v. City of Henderson*, No. 2:13-cv-01154-

APG-CWH, 2015 U.S. Dist. LEXIS 12645, at *24-25 (D. Nev. Feb. 2, 2015) ("the Plaintiffs named as defendants the cities of Henderson and North Las Vegas as well as the individuals in their official capacities. Suing each individual in his or her official capacity is redundant with the municipal liability claims. Therefore, the official-capacity claims against the individual defendants are dismissed."). The Frontier Employees identified above are being produced for depositions,[1] so there is no argument that these individuals will not be able to testify regarding their memory and involvement in this matter. Overall, to allow Plaintiffs to add these individuals as named Defendants would serve no purpose, unless Plaintiffs were electing not to pursue *respondeat superior* claims against Frontier.

WHEREFORE, Defendant, Frontier Airlines, Inc. requests that this Court deny Plaintiffs' Motion for Leave to Amend the Complaint to the extent it seeks to include the Frontier Employees as named Defendants, and for such other relief this Court deems just and proper.

DATED this 4th day of December, 2019         Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/ Tara Shelke*

Brian T. Maye *(admitted pro hac vice)*
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
       tshelke@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)

---

[1] Chelsie Bright was produced for deposition on December 3, 2019, Rex Shupe was produced for deposition on December 4, 2019, Shawn Mullin and Anna Bond will be produced for deposition on December 10, 2019, Amanda Nickle will be produced for deposition on December 11, 2019, and Scott Warren will be produced for deposition on December 13, 2019 pursuant to notices and deposition subpoenas issued by Plaintiffs.

ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2019, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

/s/ Tara Shelke

Brian T. Maye *(admitted pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
tshelke@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com