**EXHIBIT C:**

**Order of Final Judgment (unpub.),** *In re American Airlines, Inc. Privacy Litigation,*
**Case No. 3:04-MD-1627-D (N.D. Tex. Dec. 7, 2005)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE AMERICAN AIRLINES, INC., PRIVACY LITIGATION, | § § § § § § § § § | Master File No. 3:04-MD-1627-D<br><br>This Document Relates To:<br>Civil Action No. 3:04-CV-0750-D<br>Civil Action No. 3:04-CV-1148-D<br>Civil Action No. 3:04-CV-2564-D<br>Civil Action No. 3:05-CV-1040-D |

FITZWATER, District Judge:

The court revisits these consolidated actions after the filing of motions to dismiss in response to plaintiffs' second amended complaint. For the following reasons, the court grants in part and denies in part one motion to dismiss and grants the other motions.

I

In its prior opinion in these cases, *see In re American Airlines, Inc., Privacy Litigation*, 370 F.Supp.2d 552 (N.D. Tex. 2005) (Fitzwater, J.) ("*American Airlines I*"), with which the parties are familiar, the court dismissed on the merits plaintiffs' claim under the Electronic Communications Privacy Act-Stored Communications ("ECPA"), 18 U.S.C. § 2701 *et seq.*, *id.* at 561, and dismissed their breach of contract claim against two defendants, *id.* at 567, concluding that they had failed to state claims on which relief could be granted. The court dismissed plaintiffs' other state-law claims on the ground that they are preempted by the Airline Deregulation Act of 1978 ("ADA"). *Id.* at 563-65. It also granted plaintiffs leave to amend. *Id.* at 568. On June 24, 2005 plaintiffs filed their second amended class action complaint ("second amended complaint"). On July 19, 2005 defendants AMR Corp. and American Airlines, Inc. (collectively, "American") filed a motion to dismiss second amended complaint for failure to state a claim on which relief can be granted; on July 21, 2005 defendant Airline Automation, Inc. ("AAI") filed a motion to dismiss plaintiffs'

second amended complaint; and on July 21, 2005 defendant Ascent Technology, Inc. ("Ascent") filed a motion to dismiss.[1]

II

The court turns initially to American's motion to dismiss. In their second amended complaint, plaintiffs Bruce Kimmell ("Kimmell") and Michael Rosenberg ("Rosenberg")[2] have not attempted to cure the defects that the court identified in *American Airlines I* concerning their ECPA claim. Nor have they sought to address by amendment the court's conclusion that each of their state-law claims—except their breach of contract action—is preempted by the ADA. Instead, as to American they have attempted by their amended pleading to address the deficiencies that the court identified concerning their breach of contract claim. American moves to dismiss that claim under Fed. R. Civ. P. 12(b)(6).[3]

---

[1]On July 22, 2005 defendants Fair Isaac Corporation, Infoglide Software Corp., and Lockheed Martin Corporation (collectively, "vendor defendants") filed a joint motion to dismiss second amended complaint pursuant to Rule 12(b)(6). Plaintiffs later agreed to dismiss their claims against these defendants, and the court filed on August 19, 2005 a stipulation and order dismissing the second amended complaint as to the vendor defendants. The motion to dismiss filed by the vendor defendants is therefore moot.

[2]Plaintiff Erica Baldwin did not file an amended complaint.

[3]American also maintains that the breach of contract claim is defective under Rule 9(g). Because American seeks dismissal on this basis, this argument appears to be one that is properly treated as a Rule 12(b)(6) motion. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1312, at 364 (3d ed. 2004) ("When the existence of special damage is essential to the plaintiff's claim, however, a failure to plead with the requisite specificity subjects the complaint to dismissal pursuant to a motion under Rule 12(b)(6) because no claim for relief has been stated.").
American maintains that Rule 9(g) applies because plaintiffs are seeking special damages. *See* American Br. at 2. It has failed, however, to cite any authorities that establish that all types of damages that plaintiffs seek for breach of contract are properly categorized as special damages. The court is unable to say at this juncture that they are. *See* Wright & Miller, *supra* § 1310, at 346-48 ("Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct, and typically stem from and depend upon the particular

In *American Airlines I* the court dismissed plaintiffs' breach of contract claim against American on the ground that "they have failed to plead the essential element of damages flowing from the breach." *Am. Airlines I*, 370 F.Supp.2d at 567. In their second amended complaint, plaintiffs allege in ¶ 50 that

> [a]s a direct and proximate result of [American's] and/or AAI's disclosure of Plaintiffs' and Class members' personally identifiable information to the other Defendants, Plaintiffs and members of the Class have been denied the economic value of their personal information and have lost additional economic value should their information be shared with additional persons or entities.

2d Am. Compl. ¶ 50. Based on the allegation that plaintiffs have been denied the economic value

---

circumstances of the case. Unfortunately, in many contexts the line between the two categories is not clear. . . ." (footnote omitted)). Moreover

> [o]ver the years, the interpretation of the rule has been judicially liberalized. Most courts now take the position that allegations of special damage will be deemed sufficient for the purpose of Rule 9(g) if they are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim, although some federal courts still require the elements of special damages to be alleged in sufficient detail to inform the district court of the substance of the claim. To the extent that the latter test is more than simply a different restatement of the pleading standard in Rule 8(a) and actually is a more stringent verbal formulation than the former, it is most appropriately applied in cases in which special damage is essential to the existence of the plaintiff's claim for relief and the sufficiency of his complaint. A strict approach to the application of Rule 9(g) has little justification when special damages are sought simply as a supplement to the plaintiff's general damages, as long as the pleading has satisfied the rule's underlying notice function.

*Id.* § 1311, at 354-56 (footnotes omitted). Because the court cannot eliminate at this juncture the possibility that any special damages plaintiffs seek are supplemental to the general damages claimed and are not essential to the existence of plaintiffs' claim for relief, the court declines to dismiss the breach of contract claim based on an alleged failure to comply with Rule 9(g).

of their personal information, the court declines to dismiss their breach of contract claim against American at the Rule 12(b)(6) stage.[4]  Nor is the court able to conclude that plaintiffs can prove no set of facts that would establish a valid, enforceable contract between plaintiffs and American on which to base a claim for breach of contract.

"'[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 598 (1969)). "[D]ismissal of a claim on the basis of barebones pleadings is a 'precarious disposition with a high mortality rate.'" *Id.* (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (Rule 12(c) decision) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)). "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.* (citing *Doe*, 81 F.3d at 1401). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir.1996)). Under the highly deferential standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and viewing

---

[4]The court suggests no view, of course, concerning whether plaintiffs can withstand a motion for summary judgment. It concludes only that dismissal based on Rule 12(b)(6) is unwarranted.

the allegations of plaintiffs' second amended complaint in the light most favorable to them for purposes of deciding the motion to dismiss, *see, e.g., Royal Bank of Canada v. FDIC*, 733 F. Supp. 1091, 1094 (N.D. Tex. 1990) (Fitzwater, J.), the court is unable to say that they can prove no set of facts, consistent with the allegations, that would entitle them to relief on their claim for breach of contract. The court therefore denies American's motion to dismiss in this respect.

For the reasons stated in *American Airlines I*, the court dismisses with prejudice, and without leave to replead, plaintiffs' ECPA claim and all state-law claims (except their breach of contract claim) against American.

### III

The court next addresses AAI's motion to dismiss. AAI maintains that plaintiffs Kimmell and Rosenberg cannot recover under the ECPA and that their state-law claims are preempted. Concerning the breach of contract claim against AAI that plaintiffs have added in the second amended complaint, *see* 2d Am. Compl. ¶¶ 57-60,[5] AAI maintains that plaintiffs cannot state such a claim because AAI is not a party to a contract with plaintiffs, plaintiffs have failed adequately to plead damages for breach of contract, and the claim is preempted under the ADA.

As in *American Airlines I*, the court holds that plaintiffs' ECPA claim against AAI must be dismissed and that the state-law claims addressed in that opinion are subject to dismissal for the reasons explained. The court also holds that plaintiffs' newly added breach of contract claim must be dismissed on the ground that it is preempted by the ADA.

Plaintiffs seek to recover from AAI for breach of contract as third party intended

---

[5]In their prior amended complaint, plaintiffs sued only American for breach of contract. *See Am. Airlines I*, 370 F.Supp.2d at 565 n.24 ("Plaintiffs bring their breach of contract claim only against American.").

- 5 -

beneficiaries of an agreement between American and AAI. *See* Ps. Corrected Mem. at 10. They appear to assert that they are intended beneficiaries of AAI's contractual agreement with American that AAI would protect plaintiffs' personal data. *See id.* at 11. In *American Airlines I* the court addressed the law of express preemption under the ADA as it relates to a breach of contract claim against an airline. *See Am. Airlines I*, 370 F.Supp.2d at 565-66.[6] Contractual claims seeking recovery based on an airline's alleged breach of its own, self-imposed undertakings are not preempted under the ADA. *Id.* at 565. The ADA does not preempt states from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated. "This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Id.* (quoting *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-33 (1995)). Courts have found preemption, however, when a breach of contract claim "could only be adjudicated by reference to law and policies external to the parties' bargain" and when "the plaintiff sought to enlarge the airline's obligations and seek additional remedies not available under the contract's terms." *Id.* (citing *Smith v. Comair, Inc.*, 134 F.3d 254, 258-59 (4th Cir. 1998), and *Delta Air Lines, Inc. v. Black*, 116 S.W.3d 745, 755 (Tex. 2003), *cert. denied*, 540 U.S. 1181 (2004)). "*Wolens* differentiates between holding an airline to the bargain it struck and to one enlarged or enhanced by state laws or policies external to the agreement." *Id.* at 566.

---

[6]As the court noted in *American Airlines I*, "ADA preemption is not limited to claims brought directly against air carriers. Rather, claims are preempted if they 'relate to' the prices, routes or services of an air carrier." *Id.* at 561-62 (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 287 n.8 (5th Cir. 2002)). "Nor is preemption limited to state laws or regulations." *Id.* at 562 (citing *Lyn-Lea*, 283 F.3d at 287-89 (holding, *inter alia*, that common law claims were preempted)).

Plaintiffs' breach of contract claim against AAI does not seek to hold AAI to the terms of a bargain it reached directly with plaintiffs. They sue as third party beneficiaries of an agreement between American and AAI. Nor did AAI enter into its own, self-imposed undertakings directly with plaintiffs. Plaintiffs can recover from AAI for breach of contract only if they are third party beneficiaries of the American-AAI contract. To determine whether plaintiffs are entitled to such status, the court must refer to law external to that agreement, since it is state law that would allow plaintiffs to recover as third party beneficiaries. Because the court, in a breach of contract action, is "confine[d] . . . to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement[,]" *id.* at 565, the claim does not fall within the contractual exception to ADA preemption. *Cf. id.* at 566 (noting, with respect to plaintiffs' breach of contract claim against American, that "plaintiffs do not seek to modify the contract to press a right that is external to its terms."). And because plaintiffs' breach of contract claim relates to at least one of American's services, *see id.* at 564, it is preempted.

Based on *American Airlines I* and the present opinion, the court dismisses plaintiffs' actions against AAI in their entirety by judgment filed today.

IV

The court now turns to Ascent's motion to dismiss. In *American Airlines I* the court declined to address the claims against Ascent, explaining as follows:

> Kimmell and Baldwin have dismissed their claims against Ascent. The Judicial Panel on Multidistrict Litigation transferred *Rosenberg v. Ascent Technology, Inc.* from the District of Massachusetts to this court, where it was docketed on May 19, 2005 as Civil Action No. 3:05-CV-1040-D. Because the court has just received the case and it is not explicitly the subject of the pending motions to dismiss, this opinion does not address whether Rosenberg has stated a claim against Ascent.

*Id.* at 555 n.3. In its motion to dismiss, Ascent has demonstrated that the reasoning of *American Airlines I*, superimposed on the content of the second amended complaint, applies equally to the claims that plaintiff Rosenberg asserts against Ascent in Civil Action No. 3:05-CV-1040-D.[7] Accordingly, Rosenberg's action against Ascent is dismissed with prejudice by judgment filed today.

\* \* \*

American's July 19, 2005 motion to dismiss for failure to state a claim on which relief can be granted is granted in part and denied in part. AAI's July 21, 2005 motion to dismiss is granted, and Civil Action Nos. 3:04-CV-0750-D, 3:04-CV-1148-D, and 3:04-CV-2564-D are dismissed against AAI with prejudice. Ascent's July 21, 2005 motion to dismiss is granted, and Civil Action No. 3:05-CV-1040-D is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

December 7, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[7]Plaintiffs have not responded to Ascent's motion.