Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(800) 391-3654
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, et al., | Case No: 2:19-CV-01322-KJD-NJK |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT** (Docket No. 39) |
| FRONTIER AIRLINES, INC., et al., | |
| Defendants. | |

    The arguments raised by Defendant Frontier Airlines, Inc. ("Frontier") in opposition to Plaintiffs' Motion to Amend merit a brief reply. Relying solely on the fourth of the four factors listed in *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988), Frontier argues that the amendment sought by Plaintiffs should be denied because it would be futile. *See* Opposition (Docket No. 49) at 2. It relies on four cases, all of which are inapposite authority.

*Bramesco v. Drug Computer Consultants,* 834 F. Supp. 120 (S.D. N.Y. 1993) and *Donato v. Rockefeller Fin. Services,* 1994 U.S. Dist. LEXIS 17709 (S.D. N.Y. Dec. 12, 1994), both cited by Frontier, are cases decided under Title VII and the Age Discrimination in Employment Act (ADEA). They dealt with the specific issue of whether individuals could be sued under statutory schemes permitting suits against an "employer." No similar statutory language is at issue in the instant case. In fact, the opening line of the *Bramesco* opinion demonstrates its inapplicability to the instant case: "This case presents the question of inclusion of individual natural persons in suits against corporate entities where no separate individual wrongdoing is claimed." 834 F. Supp. at 121. Plaintiffs, however, have alleged individual wrongdoing against all of Frontier's six employees named in the proposed Amended Complaint. Allegations of individual wrongdoing against five of the six were included in the original Complaint, where they were named as John Does Nos. 1 through 5, and are repeated in the proposed Amended Complaint. *See* Complaint and Demand for Jury Trial (Docket No. 1), at ¶¶ 4-8, 11-14, 15-20, 23-26, 28-30, 32-34, 36-38, 40-43, 45-46.[1] In addition, the proposed Amended Complaint contains specific allegations of individual wrongdoing by the sixth employee, First Officer Shawn Mullin. *See* Proposed Amended Complaint (Docket No. 39-1) at ¶¶ 9, 13, 15, 17, 24-27, 29-31, 33-39. *Bramesco* and *Donato* are therefore completely distinguishable.

Judge Dorsey's opinion in *Goodwyn v. Albertson's LLC,* Case No. 2:18-cv-01754-JAD-GWF, 2019 U.S. Dist. LEXIS 85079 (D. Nev. May 21, 2019), is similarly distinguishable. *Goodwyn* was a case removed from state court on the basis of diversity of citizenship. *Id.,* slip op. at 1. As such, the plaintiff's motion for leave to amend to add a new defendant whose presence in the case would destroy diversity of citizenship jurisdiction was evaluated under the "heightened standard" of 28 U.S.C. §1447(e). *Id.* at 2. The Court found that "it appears that the only reason to name him as a

---

[1] Paragraph 46 was erroneously numbered "42."

defendant would be to undermine diversity and send this case back to state court." *Id.* at 5. Under the "heightened standard" of §1447(e), that was a valid basis for denying leave to amend. The instant case was not removed from state court, so §1447 does not apply to it. It was filed originally in this Court based on federal question jurisdiction for the claims based on 42 U.S.C. §1981. Even though the state law claims are based on diversity of citizenship (as well as supplemental jurisdiction), adding the six employees as named Defendants will not destroy diversity, because none of them are citizens of North Carolina, where both Plaintiffs reside. Thus, the holding of *Goodwyn* has no application to the instant case.

That leaves only *Ferrer v. Okbamicael,* 390 P.3d 836 (Colo. 2017), the case in which the Colorado Supreme Court adopted the rule of McHaffie v. Bunch, 891 S.W.2d 822 (Mo. 1995). That rule states "that an employer's admission of vicarious liability for an employee's negligence bars a plaintiff's direct negligence claims against the employer." 390 P.3d at 839. In a strained reading of *Ferrer*, Frontier seeks to apply that rule in reverse, to bar the addition of employees to a suit against their employer. Its argument fails for a number of reasons. First, the *McHaffie* rule applies only where the employer has admitted vicarious liability for an employee's negligence. *Id.* Putting aside the fact that most of the allegations of the proposed Amended Complaint are based on federal civil rights violations and intentional torts rather than negligence, a substantial question exists whether Frontier has admitted vicarious liability for its employees' actions. It fails to acknowledge that the current state of the pleadings in the instant action contradicts such an admission. In its Answer (Docket No. 7), it specifically *denied* Paragraph 18 of the Complaint, which alleged that the five employees named as Defendants John Doe Nos. 1-5 were acting within the scope of their employment at the time of the events outlined in the Complaint. Docket No. 7 at ¶18. Although it states in its Opposition that it "concedes that each of the Frontier Employees was acting within the scope of their employment with

Frontier on March 28, 2019 onboard Frontier Flight 2067 from Raleigh to Las Vegas," Docket No. 49 at 4, that statement does not necessarily qualify as an admission capable of overriding the denial of vicarious liability in Frontier's Answer. A statement of fact in a pleading is a judicial admission capable of binding the party who made it. *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988). "'Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Id.*(quoting *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr.E.D.Mich.1982)). A statement by a party in a brief or memorandum, on the other hand, only qualifies as a judicial admission if the Court exercises its discretion to make it so. *Id.* at 227. The Court has not done so in this case. Unless and until the Court exercises its discretion to accept Frontier's statement as a judicial admission with the power to override its denial of vicarious liability in its Answer, the denial would control.

      Second, the *McHaffie* rule only bars alternative claims of imputed liability of employers other than vicarious liability based on *respondeat superior. See Ferrer,* 390 F.3d at 843-44. It stands for the proposition that, once the employer concedes liability under *respondeat superior*, other theories of imputed or direct liability against it such as negligent hiring or negligent supervision become "redundant and wasteful." *Id.* at 844. The *McHaffie* rule has no application to the issue of adding claims against individual employees to an existing suit against their employer.

      Third, even assuming *arguendo* that the *McHaffie* rule could be applied in reverse, Frontier has not cited any authority for applying that rule of state negligence law to claims based on the Civil Rights Act of 1866, a federal civil rights law. Plaintiffs have not found any case that applies the rule to claims brought under Section 1981.

      Thus, *Ferrer* provides no support for Frontier's position opposing Plaintiffs' motion.

# CONCLUSION

Federal Rule of Civil Procedure 15(a)(2) states, in relevant part, "The court should grant [to amend] when justice so requires." Justice requires that Plaintiffs be able to name the individual employees as Defendants so that they will be liable to Plaintiffs in the event the *respondeat superior* claim against Frontier should fail for any reason. Most of them were already named in the original Complaint as John Doe Defendants, so the proposed amendment merely adds their names to allegations that already exist in the case. Plaintiffs respectfully submit that their motion for leave to file the proposed Amended Complaint should be granted.

DATED this 5th day of December, 2019.

      /s/ John D. McKay
John D. McKay (admitted *pro hac vice*)
PARK AVENUE LAW LLC
127 W. Fairbanks Ave., No. 519
Winter Park, FL 32789
johndmckayatty@gmail.com
(800) 391-3654

Timothy R. Titolo (Nev. Bar. No. 3617)
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

***Attorneys for Plaintiffs Peter DelVecchia And A.D., a Minor***