CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
         tshelke@amm-law.com

*Attorneys for Defendant* FRONTIER AIRLINES, INC.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-NJK |
| *Plaintiffs*, | **FRONTIER AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO COMPEL** |
| v. | |
| FRONTIER AIRLINES, INC. and JOHN DOES 1 through 5, inclusive, | |
| *Defendants*. | |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO COMPEL**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, and for its Opposition to Plaintiffs' Amended Motion to Compel, states:

On December 2, 2019, Plaintiffs filed a Motion for Compel pursuant to Fed. R. Civ. P. 37 and LR26-7. (ECF No. 45).  On December 3, 2019, the Court denied Plaintiffs' Motion to Compel without prejudice for failing to comply with Local Rule 7-2.  (ECF No. 47).  On December 5, 2019, Plaintiffs filed the instant Amended Motion to Compel.  Plaintiffs seek to compel Frontier to provide responses and

- 1 -

documents to four Requests to Produce (RRP Nos. 40, 42, 45, 47) and answers to ten interrogatories (Int. Nos. 5, 6, 7, 8, 9, 10, 13, 14, 15, and 16).

### RFP No. 40

Federal law prohibits airline carriers from releasing passenger contact information. *See* 14 C.F.R. §§ 243.7(a), 243.9.  For that reason, a party seeking to compel disclosure must sufficiently justify to the court its reasons to override this important privacy policy. *Karrani v. JetBlue Airways Corp.,* No. C18-1510 RSM, 2019 U.S. Dist. LEXIS 89031, at *6 (W.D. Wash. May 28, 2019). With respect to witness disclosure for incidents on airplanes, courts have held that release of passenger information is not warranted when, after identifying those passengers in the best position to witness the incident, any remaining passengers would have little or no information to add to their testimonies. *See id.*

Here, the alleged incident occurred in row 17, and, therefore, Frontier produced the names and contact information for 16 passengers sitting in rows 17, 18 and 19.  Producing the names and contact information for other 152 passengers who likely did not witness the allege incident appears unwarranted, particularly given that the passenger seated right next to Plaintiff testified that he did not witness any alleged assault. *See Karrani v. JetBlue Airways Corp.,* No. C18-1510 RSM, 2019 U.S. Dist. LEXIS 89031, at *6-7 (W.D. Wash. May 28, 2019) (JetBlue produced the available contact information for all passengers seated in Rows 1 through 3. Plaintiff failed to show that disclosure of the full passenger manifest—the names and contact information of all passengers on Flight 263—is proportional to the needs of this case. Plaintiff's Motion to Compel was denied.); *see* also *Xuan Thi Phan v. Jetblue Airways Corp.*, No. 2:16-cv-2328 WBS DB, 2017 U.S. Dist. LEXIS 212832, at *2-4 (E.D. Cal. Dec. 27, 2017) (Court denied motion to compel production of entire flight manifest, determining that it was unlikely that passengers seated in front of the plaintiff witnessed the events at issue. However, the court permitted disclosure of passengers seated beside or behind the plaintiff.)

Given the ruling noted above in *Xuan Thi Phan,* Frontier is amenable to producing the names and contact information for passengers seated in the remaining rows located behind Plaintiff (rows 20-30), which would amount to an additional 66 passengers, in addition to the information already produced for the 16 passengers seated beside and in the two rows behind Plaintiff.

**RFP No. 42**

As explained above, Frontier has already produced the PNRs (Personal Name Record) for the 16 passengers in rows 17-19.  Frontier is amenable to producing the PNRs for additional passengers in rows 20-30.

**RFP No. 45**

Frontier previously produced the training records for the cabin crew of Flight 2067.  Since the parties' meet-and-confer conference, Frontier has located additional documents responsive to this request.  Frontier will produce responsive documents (portions of Frontier Employee Handbook) by December 27, 2019. The names and addresses of the person(s) who provided such training are not relevant as Frontier has agreed to produce a 30(b)(6) witness regarding flight attendant training.

**RFP No. 47**

Plaintiffs seek any complaints regarding racial discrimination for a period of over ten years.  In *Sattari v. Citi Mortgage*, Case No. 2:09-cv-00769-RLH-GWF, 2010 U.S. Dist. LEXIS 125687 at * 8 (D. Nev. Nov. 17, 2010), the plaintiff requested that the defendant "state the number of lawsuits filed against Citimortgage since January 2006, as well as the number of these lawsuit that have been settled out of Court and remain pending."  Citi raised similar objections as Frontier did here.  *Id.*  The court stated that "[a]sking Defendant to calculate the total number of lawsuits, over a four year period without any geographical or subject matter limitation is an unduly burdensome request.  Defendant's objection is

upheld as Plaintiff's interrogatory is unreasonably broad and puts an undue burden on Citimortgage." *Id.* at *8-9.

The *Sattari* court found that a request for all lawsuits over a four-year period was an unreasonably broad request. Here, Plaintiffs' seek all complaints for a period in excess of ten years. Plaintiffs' request is too vague and broad to conduct a reasonable search for responsive documents. Only substantially similar incidents have any potential relevance and Plaintiffs' request is not sufficiently narrow so as to seek only substantially similar events. In this vein, this case is about Frontier separating one passenger from another after inappropriate physical touching was observed by multiple flight attendants. Potential complaints of racial discrimination by passengers in other cases have no bearing on this matter. Frontier requests that this Court uphold its objection to Plaintiffs' request.

**Int. No. 5**

As structured, Interrogatories 5 is similar to a contention interrogatory. While Fed. R. Civ. P. 33(a)(2) authorizes the use of contention interrogatories, "court have criticized 'all-encompassing' contention interrogatories as unduly burdensome and have either sustained objections to them or have modified them." *Switch Communs. Group v. Ballard*, Case No. 2:11-cv-00285-KJD-GWF, 2011 U.S. Dist. LEXIS 101526 *20 (D. Nev. 2011). An interrogatory "may reasonably ask for the material or principal facts which support a party's contentions. 'However, to require specifically each and every fact and application of law to fact … would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details.'" *Id.* (quoting *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) (internal citations omitted).

Rather, the federal rules call for interrogatories that:

> consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-

examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial.

*Hilt v. SFC, Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997) (quoting William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice,* 4-5 to 4-7 (2d ed. 1994)).

Interrogatory No. 5 seeks the circumstances under which Frontier would consider it appropriate for a Flight Attendant to strike a passenger. As written, this interrogatory would require Frontier to conceive of and list every single situation in which such an action would be proper. Such an answer is impossible to formulate, making this request overly broad. Frontier provides its flight attendants with the training necessary to handle common situations that may arise, then it bestows on them the discretion to handle events in their best judgment. The information sought by this interrogatory is more appropriate for questioning during depositions, when such details can be fleshed out in a narrative response.

Further, as noted above, any answer to Interrogatory No. 5 would contemplate numerous scenarios that may occur on an aircraft, many of which would <u>not</u> be relevant to this particular case, making Plaintiffs request not proportional to the needs of its case. In ruling on such an objection, "courts apply a proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory." *Sattari v. Citi Mortgage*, Case No. 2:09-cv-00769-RLH-GWF, 2010 U.S. Dist. LEXIS 125687 at * 4 (D. Nev. Nov. 17, 2010). Frontier asks that this Court deny Plaintiffs' request to compel it to further answer this interrogatory as the burden on Frontier to answer such an interrogatory is greater than any benefit to Plaintiffs.

**Int. No. 6**

Frontier incorporates by reference its argument to Interrogatory No. 5 as though fully set forth herein. Additionally, Interrogatory No. 6 is an extension of Interrogatory No. 5 in that it simply asks how

Frontier conveys the policies sought in Interrogatory No. 5. Frontier conveys its policies through the training it provides to its flight crew and through its contract of carriage. Plaintiffs can discern this information from the documents produced by Frontier and the testimony of the flight crew and Frontier corporate representatives elicited or to be elicited by Plaintiffs during their depositions. We also note that all Frontier flight attendants deny that Plaintiff was struck by anyone on the subject flight. Further, the passenger (who was in the aisle seat) sitting next to Plaintiff (who was in the middle seat) testified that he did not witness anyone strike Plaintiff during the subject flight.

**Int. No. 7**

Frontier incorporates by reference its arguments to Interrogatory Nos. 5 and 6 as though fully set forth herein. Further, Frontier's answer to Interrogatory No. 7 pertains to its policies regarding responding to circumstances presented in this case.

**Int. No. 8**

Frontier incorporates by reference its arguments to Interrogatory Nos. 5 and 6 as though fully set forth herein.

**Int. No. 9**

Frontier incorporates by reference its arguments to Interrogatory Nos. 5 and 6 as though fully set forth herein. Further, Plaintiffs' counsel has represented that the battery allegation has been withdrawn.

**Int. No. 10**

Frontier incorporates by reference its arguments to Interrogatory Nos. 5 and 6 as though fully set forth herein. Further, Plaintiffs' counsel has represented that the battery allegation has been withdrawn.

**Int. No. 13**

As noted in its Response to Interrogatory No. 13, if a request to preserve the CVR data is not made immediately after a flight, the data is not preserved. In further response to Interrogatory No. 13, no

such request was made to preserve the CVR data for Flight 2067. Only the last two hours of the CVR data related to a particular aircraft are retained. Therefore, the data from the subject flight would have been recorded-over or destroyed during the next flight as part of Frontier's regular course of operation. Frontier has been unable to identify any individual who listened to the CVR recording related to the subject flight to the extent one ever existed. The information regarding the CVR recording process was previously provided to Plaintiffs. Frontier maintains the original objections it lodged to Interrogatory No. 13.

**Int. No. 14**

Frontier previously produced Frontier's entire insurance policy, including the coverage limits, which greatly exceed any potential award in this matter. Additionally, there is a pending motion to strike Plaintiffs' punitive damages claim.

**Int. No. 15**

Similar to Request for Production No. 47, in Interrogatory No. 15, Plaintiffs seek information regarding "any other lawsuit", including those filed both by and against Frontier, "of nature whatsoever, including, without limitation" those listed in the request. In their Amended Motion to Compel, Plaintiffs propose to remove the phrase "without limitation" and limit the request to a period of ten years. Frontier objected on the basis that the Interrogatory is overly broad, unduly burdensome, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case.

In *Sattari v. Citi Mortgage*, Case No. 2:09-cv-00769-RLH-GWF, 2010 U.S. Dist. LEXIS 125687 at * 8 (D. Nev. Nov. 17, 2010), the plaintiff requested that the defendant "state the number of lawsuits filed against Citimortgage since January 2006, as well as the number of these lawsuit that have been settled out of Court and remain pending." Citi raised similar objections as Frontier did here. *Id.* The court stated that "[a]sking Defendant to calculate the total number of lawsuits, over a four year period

without any geographical or subject matter limitation is an unduly burdensome request. Defendant's objection is upheld as Plaintiff's interrogatory is unreasonably broad and puts an undue burden on Citimortgage." *Id.* at *8-9.

Plaintiffs raise the argument that they answered a similar interrogatory. This argument ignores the proportionality of response. Plaintiffs are individuals that reside in North Carolina. Frontier is a large corporation that operates aircraft across the country and internationally. Given the scope of Frontier's operations, it is a much greater burden for it to answer this interrogatory than for Plaintiffs. It also has no relevance to Plaintiffs' claims.

**Int. No. 16**

Frontier will produce a privilege log regarding notes prepared by counsel following interviews of two passengers seated across the aisle from Plaintiffs during the subject flight.

WHEREFORE, Defendant, Frontier Airlines, Inc. requests that this Court deny Plaintiffs' Motion for Compel.

DATED this 19th day of December, 2019

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/ Brian T. Maye*

Brian T. Maye *(admitted pro hac vice)*
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
tshelke@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street

Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

                      */s/ Brian T. Maye*

Brian T. Maye *(*admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
        tshelke@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com