# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER DELVECCHIA, et al.,

    Plaintiff(s),

v.

FRONTIER AIRLINES, INC., et al.,

    Defendant(s).

Case No.: 2:19-cv-01322-KJD-NJK

**ORDER**

(Docket No. 50)

    Pending before the Court is Plaintiffs' amended[1] motion to compel answers to interrogatories and documents/ESI and to remove improper designations under the protective order. Docket No. 50. The Court has considered Plaintiffs' motion and Defendant Frontier Airlines, Inc.'s response. Docket Nos. 50, 53. No reply was filed. *See* Docket. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

    As an initial matter, Plaintiffs' instant motion violates the Local Rules. For "each type of relief requested," a separate document must be filed. Local Rule IC 2-2(b). Plaintiffs request two types of relief yet file a single document. *See* Docket No. 50 (moving to compel discovery answers and to remove improper designations under the protective order). However, even apart from that rule violation, Plaintiffs' motion remains deficient.

    Courts only address well-developed arguments, a requirement that applies with equal force to discovery motion practice. *See, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 & n.2 (D. Nev. Apr. 30, 2018). "Parties may not merely identify an objection or response in seeking judicial intervention." *Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018). The Court is mindful that the party resisting discovery will ultimately bear the burden of supporting its objections to the discovery sought. *Blankenship*

---

[1] The Court denied Plaintiffs' first motion to compel without prejudice for failing to submit sufficiently developed arguments. *See* Docket No. 45.

1

*v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Nonetheless, a movant seeking an order compelling discovery also bears an initial burden of presenting a motion that sufficiently discusses the issues in dispute. *See, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 244 (D. Nev. 2017).

Plaintiffs' motion quotes four requests for production and ten interrogatories. Plaintiffs fail, however, to cite to appropriate authority for the vast majority of their requests that would suffice to meet their initial burden as movants. Rather, Plaintiffs rely on unsupported statements, such as the request is not "overly broad," *see, e.g.*, Docket No. 50 at 6, 12, 13, and the request does not seek information that is out of proportion to the needs of the case, *see, e.g.*, *id.* at 12, 13, 14, 15. Further, some of Plaintiffs' requests to compel are clearly premature as evidenced by Defendant's response to the requests and to the motion. *See, e.g.*, *id.* at 11; Docket No. 53 at 3, 8.

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiffs' motion without prejudice. Docket No. 50. Any renewed motion to compel bust be preceded by a renewed meet and confer.

IT IS SO ORDERED.

Dated: January 3, 2020

_____
Nancy J. Koppe
United States Magistrate Judge