UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PETER DELVECCHIA,

          Plaintiff,

v.

FRONTIER AIRLINES,

          Defendant.

Case No. 2:19-cv-01322-KJD-DJA

**ORDER**

      This matter is before the Court on Plaintiff's Motion for Designation as "Covered Persons" Under 49 C.F.R. § 1520.7 (ECF No. 60), filed on March 2, 2020. Defendant filed a Response (ECF No. 63) on March 16, 2020 and Plaintiff filed a Reply (ECF No. 65) on March 18, 2020. The Court finds this matter properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

      The parties are familiar with the facts of this case and the Court will not repeat them here except as necessary. Plaintiff moves for an order designating him and his counsel as "covered persons" under 49 C.F.R. § 1520.7 so they can access documents and other relevant information that Defendant has currently withheld from production in response to discovery requests. (ECF No. 60). The discovery documents relate to policies and training by Defendant regarding suspected human trafficking, alleged sexual misconduct, and physical force on passengers. Plaintiff indicates that they have been labeled "Sensitive Security Information" (SSI) and without a Court order, the documents may not be produced prior to the discovery cutoff or in time for depositions. He claims that he has a substantial need for the SSI information and he cannot without substantial hardship obtain the substantial equivalent of the information by other means. As a result, Plaintiff proposes that he and his counsel be designated as "covered persons" so that

the information can be produced under the parties' protective order governing discovery and he will be subject to the TSA or DHS background check.

Defendant indicates that it is prohibited from producing the documents marked as containing SSI unless authorized by TSA. (ECF No. 63). Defendant does not dispute that the documents at issue are relevant and discoverable and in fact, favors Plaintiff gaining access to the documents. As a result, Defendant has submitted the documents to TSA for a SSI determination as it maintains that TSA authorization is still necessary.

Plaintiff replies that the procedure he requests is fully authorized by Congress and supported by the case law he cites. (ECF No. 65). He merely requests the designation to streamline the production of the documents given that TSA has authorized disclosure of only a small portion of the requested information and it is unknown what the timeframe is for the remainder of the disclosure.

**II.     ANALYSIS**

Section 525(d) of the Department of Homeland Security Appropriations Act of 2007, Pub. L. No. 109-295, 120 Stat. 1355, 1382 (October 4, 2006) provides that a party who has substantial need of SSI information who cannot, without substantial hardship, obtain the substantial equivalent of the information by other means, shall be designated as a covered person under 49 CFR Part 1520.7 in order to have access to the SSI at issue in the case, provided the overseeing judge enters an order that protects the SSI from unauthorized or unnecessary disclosure and specifies the terms and conditions of access. *See also McSwain and Ibrahim v. Department of Homeland Sec.*, 669 F.3d 983, 998-99 (9th Cir. 2012).

The Court finds that Plaintiff has demonstrated that he has substantial need for the SSI information in order to further litigation of this matter on the merits. *See McSwain v. United States*, 2016 WL 4530461 (D. Nev. Aug. 30, 2016). Further, Defendant has confirmed they cannot release the documents responsive to Plaintiff's written discovery without TSA approval due to the SSI designation. Here, the parties already have a protective order in place. (ECF No. 37). Therefore, the Court finds it warranted under these circumstances to designate Plaintiff and his counsel as "covered persons" with the requested information to be disclosed in accordance

with the confidential designation under the parties' protective order. However, the Court will require that Plaintiff and his counsel comply with any security background check or other procedures and requirements for safeguarding SSI that are satisfactory to TSA. Given that TSA authorized production of some, but not all, of the requested documents and the parties have extended the relevant discovery deadlines, the Court finds it appropriate for the background check procedure to be imposed to the extent that TSA deems it necessary for the documents at issue.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Designation as "Covered Persons" Under 49 C.F.R. 1520.7 (ECF No. 60) is **granted**.

DATED: April 1, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE