Gmail   John McKay <johndmckayatty@gmail.com>

## RE: DelVecchia v. Frontier Airlines
1 message

**Matthew D. Martin** <mmartin@amm-law.com>　　　　　　　　　　　　　　　Mon, Feb 3, 2020 at 9:20 AM
To: John McKay <johndmckayatty@gmail.com>
Cc: Timothy Titolo <tim@titololaw.com>, "Brian T. Maye" <bmaye@amm-law.com>

John,

==We'll notify the witnesses that the depositions are cancelled.==

Matt

Matthew D. Martin

ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5798

Facsimile: (312) 345-9860

___

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message

**From:** John McKay [mailto:johndmckayatty@gmail.com]
**Sent:** Friday, January 31, 2020 4:52 PM
**To:** Matthew D. Martin
**Cc:** Timothy Titolo; Brian T. Maye
**Subject:** Re: DelVecchia v. Frontier Airlines

Matt,

In essence, Frontier is refusing to appear and have its deposition taken on several areas of inquiry that were properly included in the Notice of Deposition pursuant to Rule 30(b)(6). As I pointed out on several occasions--and did not need to, since it's clearly stated in the Rules--if Frontier wanted to limit the scope of the deposition, it had an obligation to move for, and obtain, a motion for protective order prior to the date of the deposition. Frontier has not done so, but has announced (in your latest email) that it is not going to provide a witness to testify on some issues. Thus, it is unilaterally declaring that it is not going to follow the Rules. As I also said before, I am not going to make multiple trips to Denver, at my client's expense, to obtain this discovery. Therefore, I will take this up with the Court and we will have the deposition once we have a ruling on all outstanding issues concerning the many areas of discovery that Frontier seems to believe are beneath its corporate dignity.

Have a nice weekend.

Kind regards,

John


John D. McKay

Attorney at Law (CA, CO, FL, ME, NY, VT, WV)

Barrister and Solicitor (Ontario)

Solicitor (England and Wales)

**Park Avenue Law LLC**

Winter Park, FL/NYC/San Francisco/Toronto, ONT


**Mailing and Delivery Address:**

127 W. Fairbanks Ave. #519

Winter Park, FL 32789


Tel. (800) 391-3654



On Fri, Jan 31, 2020 at 5:18 PM Matthew D. Martin <mmartin@amm-law.com> wrote:

> Hi John,
>
> We respond as follows:
>
> - Frontier's reserves it right to object, file a motion for a protective order or file a motion to exclude evidence relating to the issued and unissued Scott Warren subpoenas and any documents produced in response thereto.
> - Production of documents received by you from entities subpoenaed are subject to the federal rules of civil procedure. We do not agree that production of documents by Plaintiffs pursuant to the federal rules of civil procedure will be at our expense. Production by email is fine and we would not require hard copies be sent.
> - We will not be presenting any witness related to topics on which we did not reach an agreement.
>
> Thanks,
>
> Matt
>
> Matthew D. Martin
>
> ADLER MURPHY & McQUILLEN LLP
>
> 20 S. Clark Street, Suite 2500
>
> Chicago, Illinois 60603
>
> Main: (312) 345-0700
>
> Direct: (312) 422-5798
>
> Facsimile: (312) 345-9860
>
> _____
>
> The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us and delete the original message

**From:** Matthew D. Martin
**Sent:** Thursday, January 30, 2020 1:41 PM
**To:** 'John McKay'
**Cc:** Timothy Titolo; Brian T. Maye
**Subject:** RE: DelVecchia v. Frontier Airlines

John,

Thanks. We'll respond substantively to your email tomorrow.

Best,

Matt

Matthew D. Martin

ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5798

Facsimile: (312) 345-9860

_____

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message

**From:** John McKay [mailto:johndmckayatty@gmail.com]
**Sent:** Thursday, January 30, 2020 1:03 PM
**To:** Matthew D. Martin
**Cc:** Timothy Titolo
**Subject:** DelVecchia v. Frontier Airlines

Hi Matt,

==Confirming our meet-and-confer telephone conference yesterday,== Plaintiffs have agreed to defer issuing the document subpoenas to Scott Warren's elementary school and the local school district (for the middle school records). We reserve the right to re-notice those at some point in the future if we decide they are necessary, and your rights as to them are preserved.

The remainder of the noticed subpoenas have been sent out today (I changed their issuing date to today and the production deadline to 2/18).

I have also agreed to share with you whatever documents are received from the entities subpoenaed. This will be at your expense if we have to scan, copy or ship hard copies.

==Also confirming our discussion concerning the upcoming Rule 30(b)(6) deposition of Frontier, I intend to question the company's designated persons on all subject areas that you and/or Brian raised objections to and on which we did not reach agreement during our recent meet-and-confer telephone conference. I will also expect Frontier to designate someone to testify on those areas. In other words, simply raising an objection to a subject area listed in the deposition notice does not obviate the need to comply with the deponent's duties under Rule 30.==

As you will recall, one of those areas is Frontier's net worth. It is a matter of federal public record that Frontier represented its net worth as of 12/31/2017 to be $446 Million. That comes from an SEC filing that included its balance sheet as of that date. There is a good bit of precedent authorizing courts to take judicial notice of the contents of SEC filings, and I intend to ask the Court to do so in this case (as another federal court recently did in another of my cases). My point is, we are not in the dark concerning Frontier's recent net worth. If Frontier takes the position that its net worth is currently less than $446 Million, then it would be in its interest to provide detailed testimony on that issue, as requested in the notice of deposition. Otherwise, we will use the 12/31/2017 data at trial and object to introduction of any different figure.

Kind regards,

John