CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
       tshelke@amm-law.com
       mmartin@amm-law.com

Attorneys for Defendants Frontier Airlines, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

PETER DELVECCHIA, individually and as next friend of A.D., a Minor,

   *Plaintiff*,

v.

FRONTIER AIRLINES, INC., SCOTT WARREN, CHELSIE BRIGHT, ANNA BOND, AMANDA NICKEL, REX SHUPE and SHAWN MULLIN

   *Defendants*.

Case No.: 2:19-cv-01322-KJD-DJA

District Judge Kent J. Dawson
Magistrate Judge Daniel J. Albregts

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, for its Answer to Plaintiffs' First Amended Complaint states:

/ / /

/ / /

### *Jurisdiction*

The Jurisdiction Paragraphs consist of conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in the Jurisdiction Paragraphs.

### *Venue*

The Venue Paragraph consists of conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in the preceding Paragraph.

### *The parties*

1. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Frontier admits the allegations contained in Paragraph 3.

4. Frontier admits that Warren is a male individual who was, at the time of the events described in Plaintiffs' First Amended Complaint, employed as a flight attendant by Frontier. Frontier admits that he worked as a flight attendant on the flight that is the subject of Plaintiffs' First Amended Complaint. Frontier further admits that Warren is a resident of Las Vegas, Nevada. Frontier denies the remaining allegations in Paragraph 4.

5. Frontier admits that Bright is a female individual who was, at the time of the events described in Plaintiffs' First Amended Complaint, employed as a flight attendant by Frontier. Frontier admits that she worked as a flight attendant on the flight that is the subject of Plaintiffs' First Amended Complaint. Frontier further admits that Bright is a resident of Roy, Utah. Frontier denies the remaining allegations in Paragraph 5.

6. Frontier admits the allegations contained in Paragraph 6.

7. Frontier admits the allegations contained in Paragraph 7.

8. Frontier admits the allegations contained in Paragraph 8.

9. Frontier admits the allegations contained in Paragraph 9.

*Particulars of the claim*

10. Frontier admits that on March 28, 2019, Plaintiffs were passengers onboard Frontier Flight 2067 from Raleigh-Durham International Airport in North Carolina to McCarran International Airport in Las Vegas, Nevada. Frontier lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 that during the flight, Peter fell asleep with his head resting on the back of the seat in the row ahead of him. Defendants deny the remaining allegations contained in Paragraph 11.

12. Frontier denies the allegations contained in Paragraph 12.

13. Frontier denies the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 16.

17. Frontier denies the allegations contained in Paragraph 17.

18. Frontier denies the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 21.

*Count I:*
*Compensatory and punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1981*

22. Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

23. The allegations contained in Paragraph 23 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 23.

24. Frontier denies the allegations contained in Paragraph 24.

25. Frontier denies the allegations contained in Paragraph 25.

26. Frontier denies the allegations contained in Paragraph 26.

27. Frontier denies the allegations contained in Paragraph 27.

*Count II: Compensatory and punitive damages pursuant to state law for*
*intentional infliction of emotional distress*

28. Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

29. Frontier denies the allegations contained in Paragraph 29.

30. Frontier denies the allegations contained in Paragraph 30.

31. Frontier denies the allegations contained in Paragraph 31.

### Count III: Compensatory and punitive damages pursuant to state law for false imprisonment / unlawful detention

32. Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

33. Frontier denies the allegations contained in Paragraph 33.

34. Frontier denies the allegations contained in Paragraph 34.

35. Frontier denies the allegations contained in Paragraph 35.

### Count IV: Compensatory and punitive damages pursuant to state law for battery and sexual assault

36. Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

37. The allegations contained in Paragraph 37 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 37.

38. Frontier denies the allegations contained in Paragraph 38.

39. Frontier denies the allegations contained in Paragraph 39.

### Count V: Compensatory and punitive damages pursuant to state law for defamation

40. Frontier repeats, re-alleges, and incorporates by reference its Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

41. The allegations contained in Paragraph 41 contain conclusions of law, therefore, no response is required. To the extent an answer is deemed required of Frontier, Frontier denies the allegations contained in Paragraph 41.

42. Frontier denies the allegations contained in Paragraph 42.

43. Frontier denies the allegations contained in Paragraph 43.

**GENERAL DENIAL**

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiffs' First Amended Complaint which are not specifically admitted above.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiffs' First Amended Complaint, Defendant FRONTIER AIRLINES, INC. raises and preserves the following Affirmative Defenses:

1. Plaintiffs' First Amended Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

2. Plaintiffs may lack capacity or standing to bring this action.

3. Plaintiffs' action is filed in an improper venue.

4. Plaintiffs' action is barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiffs' claims are barred, in whole or in part, by *res judicata*, collateral estoppel, laches, waiver, or unclean hands.

6. Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than Nevada.

7. Plaintiffs' claims are preempted, in whole or in part, by federal law.

8. Plaintiffs' alleged damages, if any, are barred or limited under applicable law.

9. Plaintiffs' alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an act of god for which Frontier is not responsible.

10. Plaintiffs' alleged damages, if any, are barred or limited under applicable law due to Plaintiffs' failure to mitigate damages.

11. Plaintiffs' alleged damages, if any, were caused in whole or in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts

or omissions or other culpable conduct of Plaintiffs themselves for which Frontier is not responsible.

12. Plaintiffs' recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of Plaintiffs or third parties.

13. Frontier denies that its conduct was a cause or proximate cause of Plaintiffs' alleged damages. Further, Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

14. Plaintiffs' claims and recovery are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which Frontier is not responsible.

15. Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserve their right to seek the same.

16. Some or all of Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs may have already received full satisfaction or compensation for their alleged damages, if any, and Plaintiffs' claims may be barred by such prior release of claims or accord and satisfaction with any entity.

17. If Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Frontier is entitled to a setoff of these amounts

against any amount of damages awarded against it, if any, pursuant to the applicable Nevada statute.

18. Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiffs.

19. Plaintiffs' claims are barred or limited pursuant to contract.

20. Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

21. Pursuant to applicable federal and state law, Frontier is entitled to immunity, qualified or otherwise, for the conduct alleged in Plaintiffs' First Amended Complaint.

22. Pursuant to applicable federal and state law, Frontier is entitled to a privilege, qualified or otherwise, for the conduct alleged in Plaintiffs' First Amended Complaint.

23. Frontier is entitled to immunity from civil liability pursuant to all applicable Nevada statutes pertaining to protection of children from abuse and neglect including but not limited to Nev. Rev. Stat. § 432B.010 *et seq.*

24. Frontier is entitled to immunity from civil liability pursuant to all applicable federal statutes pertaining to protection of children from abuse and neglect.

25. Plaintiffs' claims are barred pursuant to applicable federal statutes, including but not limited to 49 U.S.C. § 44902(b), 6 U.S.C. § 1104, and 49 U.S.C. § 44941.

26. Frontier is entitled to immunity from civil liability pursuant to all applicable state and federal statutes and/or laws pertaining to reporting suspected sexual assault or abuse to law enforcement.

27. Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

**RESERVATION OF FURTHER DEFENSES**

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

WHEREFORE, having fully answered and responded to the allegations in Plaintiffs' First Amended Complaint, Defendant FRONTIER AIRLINES, INC. respectfully requests that:

1. A judgment that Plaintiffs shall take nothing from Frontier by way of their First Amended Complaint;

2. An award to Frontier of costs of suit and any recoverable attorneys' fees; and

3. Such other and further relief as this Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendants FRONTIER AIRLINES, INC. demand trial by jury.

Date: April 13, 2020                                        Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: */s/Matthew D. Martin*
Brian T. Maye *(*admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
           tshelke@amm-law.com
           mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2020, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Matthew D. Martin*