CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
       tshelke@amm-law.com
       mmartin@amm-law.com

***Attorneys for Defendant FRONTIER AIRLINES, INC.***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | ) ) ) | Case No.: 2:19-cv-01322-KJD-DJA |
| *Plaintiffs*, | ) ) ) | **FRONTIER AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' SECOND AMENDED MOTION TO COMPEL** |
| v. | ) ) ) | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, CHELSIE BRIGHT SAKURADA, ANNA BOND, AMANDA NICKEL, REX SHUPE and SHAWN MULLIN | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, and for its

Opposition to Plaintiffs' Motion to Compel, states:

- 1 -

At the outset, it is important to clarify that this is Plaintiffs' third motion to compel related to the same discovery issues. The first two motions to compel were denied by the Court.

On December 2, 2019, Plaintiffs filed a Motion for Compel pursuant to Fed. R. Civ. P. 37 and LR26-7, which addressed many of the same subjects addressed in this instant motion. (ECF No. 45).  On December 3, 2019, the Court denied Plaintiffs' Motion to Compel for failing to provide legal support for the relief sought. (ECF No. 47). On December 5, 2019, Plaintiffs filed their second Motion to Compel. (ECF No. 50). On January 3, 2020, the Court again denied Plaintiffs' motion due to provide legal support for their motion, and for failure to present well-developed arguments. (ECF No. 57).  Plaintiffs now improperly seek a third bite at the apple in the instant motion. Plaintiffs seek to compel Frontier to provide responses and documents to eight Requests to Produce (FRP Nos. 45 and 47, Second RFP 2-7), answers to eight interrogatories (Int. Nos. 5, 6, 7, 8, 9, 10, 14, and 16), and thirteen deposition topics (Topics 17, 19, 23-33).

As an initial matter, Plaintiffs have, yet again, failed to comply with the Local Rules.  Plaintiffs thirty-page motion is in excess of the twenty-four-page limit specified in Local Rule 7-3(b).  On this basis alone, Plaintiffs' motion should be denied.  In addition to this procedural basis for dismissal, Frontier requests this Court deny Plaintiffs' motion as to each of the asserted discovery requests and deposition topics for the reasons stated herein.

Frontier also notes that it has produced over 660 pages of documents, and will be producing several more documents that were recently redacted by the Transportation Security Administration and cleared for production, in a case that is very straight forward: two flight attendants (on different occasions during the flight) observed Plaintiff Peter Delvecchia touching Plaintiff A.D. in an inappropriate manner and notified the Captain pursuant to Frontier policy and federal requirements. The Captain, who did not know the races of Plaintiff Peter Delvecchia and A.D., directed the flight attendants to move A.D. to a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

different seat for the remainder of the flight for the purpose of eliminating a potential safety threat to A.D.

**RFP No. 45**

Frontier produced the training records for the cabin crew of Flight 2067 months ago.  Contrary to Plaintiffs' assertion in their motion, Frontier has produced additional documents directly responsive to this request.  *See* 19AZF0229 DELVECCHIA FRONTIER 0262-0264. Plaintiffs' counsel noted receipt of such on January 12, 2020. *See* Exhibit 1 at p. 3. In addition, Frontier submitted documents to TSA that may also be responsive to this request, a fact which Plaintiffs' counsel also noted in his correspondence. *Id.*  Frontier received TSA's determination and will produce the redacted documents while TSA and Plaintiffs resolve the procedure by which Plaintiffs, designated as covered persons by the Court, obtain TSA approval.  The names and addresses of the person(s) who provided such training are not relevant as Frontier has agreed to produce a 30(b)(6) witness regarding flight attendant training. Frontier will update its formal Response to RFP No. 45.

**RFP No. 47 (incorrectly identified as RFP No. 45 by Plaintiffs)**

Plaintiffs seek any complaints regarding racial discrimination for a period of over ten years. In *Sattari v. Citi Mortgage*, Case No. 2:09-cv-00769-RLH-GWF, 2010 U.S. Dist. LEXIS 125687 at * 8 (D. Nev. Nov. 17, 2010), the plaintiff requested that the defendant "state the number of lawsuits filed against Citimortgage since January 2006, as well as the number of these lawsuit that have been settled out of Court and remain pending."  Citi raised similar objections as Frontier did here.  *Id.*  The court stated that "[a]sking Defendant to calculate the total number of lawsuits, over a four-year period without any geographical or subject matter limitation is an unduly burdensome request.  Defendant's objection is upheld as Plaintiff's interrogatory is unreasonably broad and puts an undue burden on Citimortgage."  *Id.*

at *8-9.  *See also, Allen v. Zavaras*, Case No. 08-cv-02506-ZLW-BNB, 2010 U.S. Dist. LEXIS 42614 (D. Colo. March 30, 2010).

The *Sattari* court found that a request for all lawsuits over a four-year period was an unreasonably broad request.  Here, Plaintiffs seek all complaints for a period in excess of ten years.  Plaintiffs' request is too vague and broad to conduct a reasonable search for responsive documents.  Only substantially similar incidents have any potential relevance and Plaintiffs' request is not sufficiently narrow to seek only substantially similar events. In this vein, this case is about Frontier separating one passenger from another after inappropriate physical touching was observed by multiple flight attendants.  Further, Plaintiffs claim that the separation was motivated by one flight attendant in particular, Scott Warren (an African American), who they claim took offense at a white father traveling with a black child. Potential complaints of racial discrimination by passengers in other cases have no bearing on this matter. Further, Frontier has produced a section of its training materials regarding racial discrimination, which will allow Plaintiffs to question Frontier's corporate representatives on the subject during corporate depositions. Frontier has also produced the personnel and training files of all flight attendants and the pilots assigned to the subject flight. There is no information in FA Scott Warren's file that he has ever been accused of racial discrimination. Frontier requests that this Court deny Plaintiffs' Motion as to Request Number 47.

**Second RFP Nos. 2-7**

Counsel for Frontier informed Plaintiffs' counsel in January 2020 that Frontier has no ability to search for most, if not all, of the information sought by Plaintiffs' Second Request for Production Nos. 2-7.  Therefore, even if this Court were to compel responses, Frontier has informed Plaintiffs that it would be impossible to fully comply with the requests as drafted.

At their threshold, each request seeks information that is not relevant to the instant action. Plaintiffs seek information related to other incidents involving human trafficking, sex trafficking and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

racial profiling extending back over 21 years. The history of such other incidents has absolutely no relevance to the actions taken by Frontier flight attendants on Flight 2067 on March 28, 2019. In *Allen v. Zavaras*, Case No. 08-cv-02506-ZLW-BNB, 2010 U.S. Dist. LEXIS 42614, at *15 (D. Colo. March 30, 2010), the plaintiff, a prisoner, requested in discovery the number of times the Department of Corrections had been sued for the practice of housing sex offenders with gang member or general population during the years 2007-2008.  The Court ruled that the "number of lawsuits against the DOC and Zavaras is not relevant to whether Zavaras was deliberately indifferent to the plaintiff's safety in violation of the Eighth Amendment." *Id.*

In this case, even if Plaintiffs were contending that Frontier failed to protect A.D. from an assailant who was human trafficking him, these requests would not be relevant according to the reasoning in *Zavaras* (plaintiff prisoner contended that DOC was indifferent to his safety). Here, Plaintiffs are not claiming Frontier was indifferent to A.D.'s safety. Rather, they are contending that Frontier intentionally separated A.D. from Plaintiff Peter Delvecchia because Scott Warren was opposed to a white father caring for a black child. As such, any history of passengers suspected of human trafficking cannot remotely be relevant to the claims in this case, and Plaintiffs have never articulated the relevance to counsel for Frontier.

Plaintiffs' requests regarding prior incidents are simply not relevant to the present case. The facts of this case are unique in that Plaintiffs allege specific conduct of Frontier employees who acted in accordance with their training after witnessing inappropriate touching by Plaintiff Peter Delvecchia. Any information regarding prior incidents of the type sought by Plaintiffs is not relevant to the actions taken by the flight crew and not relevant to any party's claim or defense. Therefore, the Court should deny Plaintiffs' motion as to the Second Request for Production Numbers 2-7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Additionally, in their motion addressing Second Request for Production number 7, Plaintiffs' make the baseless claim that "racial reasons" is the only explanation for the actions of flight attendant Nickel in placing increased surveillance on Plaintiffs despite admitting in the same sentence that Ms. Nickel testified that racial reasons did not affect her decision. Plaintiffs confuse their allegations with the evidence that has been presented through testimony of what led to the separation of Plaintiffs in this case. The flight attendants who witnessed the behavior of Plaintiff Peter DelVecchia and A.D. testified that the race of the individuals did not play a factor in their observations of Plaintiffs. (Exhibit 2, Scott Warren dep. at p. 52:11-16; Anna Bond dep. at p. 44:12-18; Amanda Nickel dep. at pp. 131:21-134:2). The pilot-in-command of the subject flight, Captain Rex Shupe, testified that he made the decision to separate Peter and A.D. based on observations from separate flight attendants that Plaintiff Peter DelVecchia had inappropriately touched A.D. (*See* Exhibit 3, Rex Shupe dep. at p. 29:18-11). Captain Shupe testified that he was unaware of the races of Peter and A.D. when he made the decision to separate A.D. from Peter. (*See* Ex. 3, Rex Shupe dep. at p. 16:13-19). F.O. Mullin also testified that race did not play a part in the decision to separate Plaintiffs. (*See* Exhibit 4, Shawn Mullin dep. at pp. 82:23-83:5). There is no evidence of racial discrimination directed at Plaintiffs in this case.  Plaintiffs have the testimony and Frontier's policies on racial discrimination.   Plaintiffs' Motion as to their Second Requests for Production Numbers 2-7 must be denied.

**Int. No. 5**

As structured, Interrogatory 5 is similar to a contention interrogatory. While Fed. R. Civ. P. 33(a)(2) authorizes the use of contention interrogatories, "court have criticized 'all-encompassing' contention interrogatories as unduly burdensome and have either sustained objections to them or have modified them."  *Switch Communs. Group v. Ballard*, Case No. 2:11-cv-00285-KJD-GWF, 2011 U.S. Dist. LEXIS 101526 *20 (D. Nev. 2011).   An interrogatory "may reasonably ask for the material or

principal facts which support a party's contentions.  'However, to require specifically each and every fact and application of law to fact … would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details.'"  *Id.* (quoting *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) (internal citations omitted).

Rather, the federal rules call for interrogatories that:

> consist of a brief, simple, direct, and unambiguous question, dealing with one point only.  The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach.  They should be written so that the question and the expected answer can be understood easily when read at trial.

*Hilt v. SFC, Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997) (quoting William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice,* 4-5 to 4-7 (2d ed. 1994)).  Frontier's answer was not "evasive", rather Plaintiffs' interrogatory is argumentative and calls for a narrative answer.

Interrogatory No. 5 seeks the circumstances under which Frontier would consider it appropriate for a Flight Attendant to strike a passenger. This interrogatory is in reference to Plaintiff Peter DelVecchia's claim that FA Scott Warren "violently stuck him in the head twice."  First, Frontier is not claiming that FA Warren struck Peter, but it was justified. Rather, Frontier has denied that any such incident occurred. In addition to all flight attendants denying that Peter was struck, and Peter <u>not</u> telling the FBI in an interview after the flight that he was struck in the head, the passenger seated next to Peter DelVecchia testified that he did not observe Scott Warren strike Plaintiff Peter Delvecchia. Further, Peter DelVecchia and A.D. were asleep at the time of the alleged blow, so they cannot testify as to how the alleged incident occurred.

As written, this interrogatory, which is argumentative in nature, would require Frontier to conceive of and list every single situation in which striking a passenger would be proper. Not only is this

not pertinent to the claim in this case, but such an answer is impossible to formulate, making this request overly broad. Frontier's response to this interrogatory encapsulates its policy: it provides its flight attendants with the training necessary to handle common situations that may arise, then it bestows on them the discretion to handle events in their best judgment. Further, as noted above, any answer to Interrogatory No. 5 would contemplate numerous scenarios that may occur on an aircraft, many of which would not be relevant to this case, making Plaintiffs' request not proportional to the needs of its case. In ruling on such an objection, "courts apply a proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory." *Sattari v. Citi Mortgage*, Case No. 2:09-cv-00769-RLH-GWF, 2010 U.S. Dist. LEXIS 125687 at * 4 (D. Nev. Nov. 17, 2010).

Finally, Frontier's counsel informed Plaintiffs' counsel that it submitted to TSA selections of its policies and procedures that may be responsive to Interrogatories 5-10. *See* Ex. 1. Those documents are marked as Sensitive Security Information ("SSI") and required review and approval from TSA prior to production. The documents can better reflect Frontier's position rather than an interrogatory that forces Frontier to account for an infinite number of possibilities that have no bearing on this case. Frontier asks that this Court deny Plaintiffs' request to compel it to further answer this interrogatory as the burden on Frontier to answer such an interrogatory is greater than any benefit to Plaintiffs.

**Int. No. 6**

Frontier incorporates by reference its argument to Interrogatory No. 5 as though fully set forth herein. Additionally, Interrogatory No. 6 is an extension of Interrogatory No. 5 in that it simply asks how Frontier conveys the policies sought in Interrogatory No. 5. Frontier conveys its policies through the training it provides to its flight crew and through its contract of carriage. Plaintiffs can discern this information from the documents produced by Frontier and the testimony of the flight crew and testimony

from Frontier corporate representatives to be elicited by Plaintiffs during their depositions. Frontier also notes that all Frontier flight attendants deny that Plaintiff Peter DelVecchia was struck by anyone on the subject flight. Further, the passenger (who was in the aisle seat) sitting next to Plaintiff Peter DelVecchia (who was in the middle seat) testified that he did not witness anyone strike Plaintiff Peter DelVecchia during the subject flight.

**Int. No. 7**

Frontier incorporates by reference its arguments to Interrogatory Nos. 5 and 6 as though fully set forth herein. Further, Frontier's answer to Interrogatory No. 7 pertains to its policies regarding responding to circumstances presented in this case.

**Int. No. 8**

Frontier incorporates by reference its arguments to Interrogatory Nos. 5 and 6 as though fully set forth herein.

**Int. No. 9**

Frontier incorporates by reference its arguments to Interrogatory Nos. 5 and 6 as though fully set forth herein. Further, Plaintiffs are no longer alleging that Frontier flight attendant Scott Warren touched Plaintiff A.D.

**Int. No. 10**

Frontier incorporates by reference its arguments to Interrogatory Nos. 5 and 6 as though fully set forth herein. Further, Plaintiffs are no longer alleging that Frontier flight attendant Scott Warren touched Plaintiff A.D.

**Int. No. 14**

The Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged. *Searcy v. Esurance Ins. Co.*, Case No. 2:15-cv-

- 9 -

00047-APG-NJK, 2015 U.S. Dist. LEXIS 168803, AT * 3 (D. Nev. Dec. 16, 2015) (quoting *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. 2009)).  The majority approach is that a plaintiff is not required to make a *prima facie* showing of merit on its punitive damages claim before permitting discovery of a defendant's net worth. *See Searcy* at *3.  Nevada, though, follows the minority approach as outlined in *Hetter v. Eighth Judicial Dist. Court*, 110 Nev. 513 (1994). There, the Nevada Supreme Court noted that "public policy suggests that tax returns or financial status not be had for the mere asking.  Claims for punitive damages can be asserted with ease and can result in abuse and harassment if their assertion along entitles plaintiff to financial discovery." *Id.* at 520.  As such, the Court held that "the plaintiff must demonstrate some factual basis for its punitive damage claim." *Id.* All of Plaintiffs claims are in dispute, and the evidence in the record clearly establishes that the separation of A.D. was done to protect A.D. from a potential safety threat. Frontier requests the Court deny Plaintiffs' Motion as to Interrogatory Number 14.

### Int. No. 16

Frontier believed this issue to have been resolved during the parties meet-and-confer efforts.  On December 26, 2019, Frontier produced a privilege log regarding notes prepared by counsel following interviews of two passengers seated across the aisle from Plaintiffs during the subject flight.  *See* Exhibit 5. Plaintiffs' counsel acknowledged receipt of the privilege log.  *Id.*  On January 12, 2020, Plaintiffs' counsel sent counsel for Frontier an email summarizing the results of a recent meet and confer discovery conference.  *See* Ex. 1. That summary did not include any reference to Interrogatory Number 16.  *Id.* Frontier then heard nothing from Plaintiffs' counsel on this issue until Plaintiffs' counsel filed the instant motion. To address Plaintiffs' concern, which was never raised in a meet and confer conference with Frontier, there are no recordings or written statements associated with these interviews.  Accordingly, there is nothing to produce.

**Deposition Topic 17**

Plaintiffs have moved the Court to compel Frontier to disclose the same information in answer to Interrogatory No 14.  The Court previously denied this request twice. Also, as noted in *Searcy*, the Court "has discretion to prescribe a discovery method other than the one selected by the party seeking discovery as a way of ameliorating concerns as an undue burden."  *Searcy*, 2015 U.S. Dist. LEXIS 168803 at * 4.  If the information will be provided through written discovery, there is no need for it to be a corporate representative deposition topic.  For these reasons, and those stated above, Frontier requests deny Plaintiffs' Motion as to Topic 17.

**Deposition Topic 19**

As Frontier's counsel previously explained to Plaintiffs' counsel, Mr. Anderson, who held the title of customer relations representative (communicates with customers regarding their inquiries and complaints) no longer works for Frontier. However, as a Frontier employee at the time of the incident and the subsequent investigation, any materials generated by Mr. Anderson would have been done in the course of his employment and in Frontier's possession. Frontier has produced the incident reports in its possession, as well as the notes entered by Frontier customer service representatives in Plaintiffs' Passenger Name Records ("PNR"). Any information generated by Mr. Anderson would have been reflected in Plaintiffs' PNR. Therefore, Plaintiffs possess all information within Frontier's possession regarding these subjects. Any further testimony on these subjects would be unreasonably cumulative or duplicative.

**Deposition Topics 23-24**

As an initial matter, Frontier has indicated to Plaintiffs that it does not possess any information that would be responsive to these two subjects.  In addition, any testimony from a Frontier corporate representative would be unreasonably cumulative or duplicative.  In such situations, a court may "limit

1    the frequency or extent of discovery, under Rule 26, if it determines that the discovery sought is
2    unreasonably cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain
3    the information by discovery in the action, or the proposed discovery is outside the scope of Rule
4    26(b)(1)."  *Carreon v. Smith's Food & Drug Stores,* Case No. 2:18-cv-01933-APG-NJK, 2019 U.S.
5    Dist. LEXIS 30026, at *4 (D. Nev. Feb. 26, 2019).
6
7         Plaintiffs have already deposed the entire flight crew of Flight 2067, including the pilot, the first
8    officer and all four flight attendants, allowing Plaintiffs to elicit testimony from each of them regarding
9    the circumstances surrounding the incident.  There has been no testimony from any Frontier employee to
10   establish that Scott Warren either (1) struck Plaintiff Peter DelVecchia; or (2) sexually assaulted A.D.
11   Therefore, a Frontier corporate representative would have no basis to give any additional information
12   regarding topics 23 and 24.
13
14        Additionally, Plaintiffs have sought the information in Frontier's possession regarding the
15   incident through both interrogatories and requests for production.  In response, Frontier has produced the
16   incident reports and flight attendants' statements in its possession, as well as the notes entered by
17   Frontier customer service representatives in Plaintiffs' PNR. Therefore, Plaintiffs possess all the
18   information within Frontier's possession regarding these subjects. Any further testimony on these
19   subjects would be unreasonably cumulative or duplicative.
20
21        **Deposition Topic 25**
22
23        This Court has encountered and disposed of a similar request for a deponent to testify regarding
24   the creation of a particular document. In *Bank of Am., N.A. v. Azure Manor/Rancho de Pax Homeowners*
25   *Ass'n,* Case No. 2:16-cv-00764-GMN-GWF, 2018 U.S. Dist. LEXIS 44095, at *3 (D. Nev. March 19,
26   2018), the defendant noticed the deposition of the plaintiff pursuant to Fed. R. Civ. P. 30(b)(6), seeking
27   testimony on the following topic: "Your knowledge regarding creation, execution, and recording of the
28

assignments of the Deed of Trust, including your knowledge of any power of attorney referenced or relied upon in creation of said assignments." The plaintiff moved for a protective order with respect to that topic. *Id.* The plaintiff "agreed to testify as to its status as record deed of trust beneficiary and to lay the foundation for the authenticity of the recorded assignment, but Plaintiff argues that the testimony sought otherwise lacks any nexus to the issues in this case." *Id.* at *8. In granting the plaintiff's motion, this Court noted that "[d]istrict courts need not condone the use of discovery to engage in fishing expeditions. It is axiomatic that such a party is not entitled to make accusations without basis and then use the discovery process in the hope of uncovering such a basis." *Id.* at *8-9.

The same logic applies in the instant case. The allegations in Plaintiffs' First Amended Complaint center on the conduct of the Frontier flight crew and whether they followed the training. Frontier has produced training documents, including documents submitted to TSA that were reviewed and approved for production by TSA with certain redactions made by it. Frontier has been working with TSA regarding the procedures necessary to effectuate the Court's order regarding producing these documents.

The policies in effect on the date of the incident are the ones that govern Plaintiffs' claims. To allow Plaintiffs to question Frontier representatives regarding the creation of those policies would amount to a fishing expedition. The creation of these policies is simply not relevant to Plaintiffs' claims. The relevance lies in the conduct of the Frontier flight crew in following these policies and procedures. On that topic, Plaintiffs have been able to question each member of the flight crew. Therefore, Frontier requests the Court deny Plaintiffs' motion as to Topic Number 25.

**Deposition Topic 26**

Frontier incorporates by reference its arguments to Topic No. 25 as though fully set forth herein.

- 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Deposition Topics 27-33**

Plaintiffs' motion as to these topics is insufficient in that it does not comply with Local Rule 7-2, which provides that a "motion must be supported by … points and authorities."  As this Court noted in denying Plaintiffs' first motion to compel, "Courts do not address arguments that are presented without sufficiently developed argument."   (ECF #47) For each topic, Plaintiffs provide mere sentences of argument with no citation to case law. On the basis that Plaintiffs have again failed to comply with Local Rules, Plaintiffs' Motion as to Topics 27-33 should be denied.

At their threshold, each of these Topics requests information that is not relevant to the instant action. As noted in Frontier's objection, the history of incidents described in requests 27-33 have absolutely no relevance regarding the actions taken by Frontier flight attendants on Flight 2067 on March 28, 2019. In *Allen v. Zavaras*, Case No. 08-cv-02506-ZLW-BNB, 2010 U.S. Dist. LEXIS 42614, at *15 (D. Colo. March 30, 2010), the plaintiff, a prisoner, requested in discovery the number of times the Department of Corrections had been sued for the practice of housing sex offenders with gang member or general population during the years 2007-2008.  The Court ruled that the "number of lawsuits against the DOC and Zavaras is not relevant to whether Zavaras was deliberately indifferent to the plaintiff's safety in violation of the Eighth Amendment."  *Id.*

The facts of this case are unique in that they allege specific conduct of Frontier employees who responded after witnessed inappropriate touching of A.D. by Plaintiff. The pertinent line of inquiry is whether the flight crew's actions corresponded with Frontier's policies and procedures. Each member of the flight crew already sat for a deposition. In addition, Frontier has produced provisions of its policies and procedures. It will produce further relevant documents, including the portions on threat levels, upon TSA approval, or another method of production as authorized by TSA. Plaintiffs may then question Frontier's representatives on how the actions of the flight crew corresponded with the policies. Any

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

information regarding prior incidents of the type sought by Plaintiffs are not relevant to the actions taken by the flight crew and not relevant to any party's claim or defense. On this basis, Frontier requests the Court exclude Topics 27-33 from the list in the Frontier corporate representative deposition notices.

WHEREFORE, Defendant, Frontier Airlines, Inc. requests that this Court deny Plaintiffs' Second Amended Motion for Compel in its entirety.

DATED this 22nd day of April 2020                 Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/Matthew D. Martin*

Brian T. Maye *(*admitted *pro hac vice)*
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
                tshelke@amm-law.com
                mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2020, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

/s/Matthew D. Martin

Brian T. Maye (admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
tshelke@amm-law.com
mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com