| | |
|---|---|
| **From:** | John McKay |
| **To:** | Brian T. Maye; Matthew D. Martin |
| **Cc:** | Timothy Titolo |
| **Subject:** | Memo Summarizing Meet and Confer on Jan. 8 |
| **Date:** | Sunday, January 12, 2020 2:14:56 PM |

Brian and Matt,

As promised, here is a summary of our meet and confer telephone conference held on January 8:

| REQUEST | LAST RESPONSE | M&C DISCUSSION |
|---|---|---|
| **RTP 1 (flight plan waypoints/times)** | Defense counsel agreed on 11/26 to provide to avoid motion to compel, but nothing has been provided | Matt: we have asked Frontier for it, as soon as we have it we will produce it. |
| **RTP 2 (documents describing assigned duties of Flight Attendant stations A, B, C and D)** | Defense counsel agreed on 11/26 to provide to avoid motion to compel, but nothing has been provided | Matt: we have those and they are marked SSI and have been submitted to TSA. They will cc us on email to their contact Jennifer Greenbanz, attorney with TSA Federal Court Litigation |
| **RTP 4-6 (ACARS messages between flight crew and ground personnel for the subject flight)** | Some were provided but they were incomplete. On 11/26, defense counsel agreed to review what was missing and produce any that were not previously produced. This has not been done. | Matt: my understanding was that all have been produced, still trying to check with Frontier. |
| **RTP 7 (Training information as to sexual and human trafficking)** | Defense claimed this was all SSI material. Defense stated they would submit to TSA for permission to produce and would be transparent, but we do not know if request has been made or where it stands now | See above (Same as RTP 2) |
| **RTP 19-20 (complaints by other passengers aboard the same flight)** | Defense counsel said that there were none, but that conflicts with redaction log that says ACARS message was redacted concerning a complaint by another passenger | See above (Same as RTP 4-6) |
| **RTP 26 (SOP on avoidance of discrimination based on race with respect to passengers)** | Defense counsel agreed on 11/26 to produce whatever exists or to confirm that none exists. Nothing has happened. | Matt: we have a small amt of documents we can produce this week plus additional ones sent to TSA as SSI. (*Some documents were* |

EXHIBIT 1

| | | |
|---|---|---|
| | | *produced on January 10, 2020*) |
| **RTP 31-36 (Employee files)** | Defense claims to have produced all, but the cover pages from the storage facility show certain folders were not requested. | Matt: Frontier has said that they have produced everything |
| **RTP 40 (full passenger manifest)** | Defense objects based on other trial court rulings that relied on 14 CFR §243.7(a) and 243.9, but those are clearly wrong interpretations because "contact" is defined in 243.3 as a person "not on the covered flight" – therefore those regulations apply to *emergency contact* information, not the passenger's own information | Matt: will produce rows 20-30 as soon as they get all the PNR data. They will produce the names now (*names were produced on January 10, 2020*) |
| **RTP 41 (diagram showing where numbered seats are in the aircraft cabin configuration)** | Defense agreed on 11/26 to provide but has produced nothing | Matt: will produce this week (*diagram was produced on January 10, 2020—for unexplained reason, seat 13E is highlighted*) |
| **RTP 42 (entire passenger PNR data)** | Defense applies same "contact" privacy argument but has already produced some. Says it "is amenable" to producing rows 20-30, but has not done so | See above (same response as RTP 40) |
| **RTP 43 (ATC communications with flight crew)** | Defense agreed on 11/26 to produce, but has not done so. | Matt has asked and says they do not have any such records |
| **RTP 45 (All racial discrimination training records)** | Defense said in motion to compel opposition that it has found additional materials and would produce them by 12/27 but has not done so. | Matt: will produce this week. Also some were sent to TSA (*document containing Frontier's discrimination policy was produced on January 10, 2020*) |
| **RTP 46 (race discrimination policies)** | Defense counsel agreed on 11/26 to produce but has not done so | See above—same response as RTP 45 |
| **RTP 47 (all discrimination complaints since 2009)** | Defense has objected citing *Sattari*, but that case dealt with all lawsuits against a bank for any reason during a number of years. This only deals with discrimination complaints and they are | Matt: will send case law supporting his position and a document this week with a section on discrimination. |

EXHIBIT 1

| | | |
|---|---|---|
| | likely required by the DOT to segregate those | |
| **Int. 5-10 (when is it okay to strike passenger? Etc.)** | How about we agree to a more specific question with a short response time? | Docs marked as SSI have been submitted to TSA that touch on use physical force |
| **Int. 13 (CVR)** | Defense asserts that the CVR would have been recorded over, but it avoids the specific questions: Was *this* CVR recorded over, and did anyone listen to it or make a transcript of it? | Matt: our understanding is that nobody listened to it |
| **Int. 14 (net worth of Frontier)** | Defense objects citing motion to strike. This is information that is discoverable in the 9th Cir. and Frontier has to keep it for investors and regulators. Insurance response does not cover it. Plaintiff has to be able to argue what the company is worth when seeking punitive damages. | Brian: Frontier will not produce without a court order |
| **SECOND RTPS** | | |
| **RTP 1 (DFDR)** | Objected to as not relevant or proportional because of no allegation of negligence concerning "flight path" | Matt: hoping to get confirmation as to whether it still exists |
| **(2d) RTP 2 (All docs/ESI reports of passengers suspected of human trafficking or sex trafficking since 1999)** | Defense claims not relevant or proportional because no "facts" showing that Plaintiffs were suspected of that, but Flight Attendant Chelsie Bright Sakurada specifically testified that she suspected that | Matt and Brian: Frontier says it cannot search for that type of information. Matt will send case law to support objection. |
| **(2d) RTP 3 (identifying passengers suspected of human or sex trafficking)** | Same objection as (2d) RTP 2 | Same response as (2d) RTP 2 |
| **(2d) RTP 4 (identifying passengers suspected of being victims of human or sex trafficking)** | Same objection as (2d) RTP 2 | Same response as (2d) RTP 2 |
| **(2d) RTP 5 (race/ethnicity of persons suspected of engaging in human or sex trafficking)** | Same objection as (2d) RTP 2 | Same response as (2d) RTP 2 |
| **(2d) RTP 6 (race/ethnicity of persons suspected of** | Same objection as (2d) RTP 2 | Same response as (2d) RTP 2 |

EXHIBIT 1

| | | |
|---|---|---|
| being victims of human or sex trafficking) | | |
| **(2d) RTP 7 (complaints to Frontier, FAA, DOT or any other agency alleging racial profiling aboard Frontier flights since 1999)** | Frontier objects saying there is no "evidence" of racial profiling in this case. | Matt: not relevant, overbreath of 21-year time period. Frontier says there is no way to search specific type of information. Don't know if they have a database of complaints. |
| **Rule 30(b)(6) deposition dates** | | Frontier will produce two witnesses on February 6-7 (Chief Pilot and In-Flight). |

I will follow up with an Amended Notice of Deposition in a separate email.

John
John D. McKay
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC**
Winter Park, FL/NYC/San Francisco/Toronto, ONT

**Mailing and Delivery Address:**
127 W. Fairbanks Ave. #519
Winter Park, FL 32789

Tel. (800) 391-3654



EXHIBIT 1