Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(800) 391-3654
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MOTION FOR RELIEF FROM PAGE LIMIT** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor, pursuant to Local Rule 7-3(c) and the Court's discretionary authority, by counsel, hereby respectfully file this Motion for Relief From Page Limit to apply *nunc pro tunc* to Plaintiffs' Second Amended Motion to Compel (ECF No. 77) filed on April 8, 2020.

As a preliminary matter, Plaintiffs recognize that this motion does not conform entirely with the requirements of Local Rule 7-3(c) because it has not been filed prior to the filing of the document

to which it pertains. That is because, as explained in the Declaration of John McKay filed in support of this motion, Plaintiffs' counsel did not realize his inadvertent error in exceeding the page limit until Defendant Frontier raised the issue in its opposition to the motion filed on April 22, 2020 (ECF No. 79). *See,* Declaration at ¶5. Plaintiffs' counsel had consulted the Local Rules before filing the motion, but overlooked the separate local rule for page limits, LR 7-3. As noted in the Declaration, the motion only exceeded the page limit by six pages, and reciting the 23 requests that Frontier refuses to answer and its objections to them consumed more than seven pages. Plaintiffs respectfully request that the Court forgive the inadvertent error and noncompliance with LR 7-3 and grant relief from the page limit on a *nunc pro tunc* basis, utilizing its discretionary authority and inherent powers to permit Plaintiffs an additional six pages beyond the limit.

The Court has the authority to grant the relief requested. District courts "have broad discretion in interpreting and applying their local rules." *Miranda v. Southern Pac. Transp.*, 710 F.2d 516, 521 (9th Cir. 1983). The Ninth Circuit has noted, "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *U.S. v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979). Moreover, "[t]here is a 'well established' principle that '[d]istrict courts have inherent power to control their dockets.'" *U.S. v. Grace*, 526 F.3d 499, 509 (9th Cir. 2008)(citing *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998) (alteration in original) (internal quotation marks omitted)). The Ninth Circuit has explained that the power is "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992)(quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991)).

The requested order would serve the ends of justice because Plaintiffs have been attempting to get basic discovery responses from Defendant Frontier for five months, encompassing the vast majority of the discovery period granted to the parties. The Rule 30(b)(6) deposition of Frontier is on hold pending receipt of requested documents and interrogatory answers, and a ruling on Frontier's refusal to designate witnesses on certain topics. Enforcement of the page limit would necessitate another refiling of the motion to compel, and would constitute the third time that a motion to compel filed by Plaintiffs has been dismissed on procedural grounds without addressing the merits of Frontier's egregious avoidance of its discovery obligations. Frontier is no doubt pleased to be the beneficiary of the previous two rulings, but putting the form of the motion ahead of its substance has not advanced the goal of having discovery conducted expeditiously so that the issues can be narrowed and a trial can proceed. As the Ninth Circuit stated in *Warren*:

> We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, *that the parties have an opportunity to engage in appropriate discovery* and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.

526 F.3d, at 508-509 (emphasis added).

## CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully submit that good cause exists for an Order granting them leave to file a 30-page motion, *nunc pro tunc* to the original filing date of April 8, 2020.

DATED this 23rd day of April, 2020.

                                                /s/ John D. McKay
                                               *Attorney for Plaintiffs Peter DelVecchia*
                                               *And A.D., a Minor*