Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(800) 391-3654
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' REPLY IN SUPPORT OF SECOND AMENDED MOTION TO COMPEL** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

  Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor, file this Reply in support of their Second Amended Motion to Compel (ECF No. 77) and in response to Defendant Frontier's Opposition to the motion (ECF No. 79).

<u>Procedural Issues</u>

  Frontier begins its Opposition by claiming that Plaintiffs' motion is a "third motion to compel related to the same discovery issues," ECF No. 79 at 2. That claim is only partially correct because

the Second Amended motion addresses only 10 of the 14 discovery requests addressed in the original Motion to Compel and Amended Motion to Compel, while adding 19 new discovery requests that were not previously included. Frontier also claims that "[t]he first two motions to compel were denied by the Court," *id.*, which is misleading because the first two motions were denied *without prejudice*. *See,* Orders of December 3, 2019 (ECF No. 47) and January 3, 2020 (ECF No. 57). Frontier's claim that "Plaintiffs now improperly seek a third bite at the apple," ECF No. 79 at 2, is baseless because the Court has never addressed any of the issues in the Second Amended Motion on the merits.

Frontier is correct in stating that Plaintiffs exceeded the 24-page limit in their motion, and Plaintiffs acknowledge that inadvertent error. Plaintiffs have moved for *nunc pro tunc* relief from the page limit under the circumstances. *See,* Motion for Relief From Page Limit (ECF No. 80). As explained in that motion and the accompanying declaration (ECF No. 80-1), Plaintiffs' counsel consulted the Local Rules for a page limit but looked in the wrong sections. As further noted in the motion and declaration, the page limit was exceeded not by extended arguments, but simply by reciting the text of the 29 separate discovery requests and Frontier's objections to them. *See,* ECF No. 80-1 at ¶7 and Exh. A. "The court may sua sponte or on motion change, dispense with, or waive any of these [Local] rules if the interests of justice so require." LR IA 1-4. Moreover, district courts "have broad discretion in interpreting and applying their local rules." *Miranda v. Southern Pac. Transp.*, 710 F.2d 516, 521 (9th Cir. 1983).

Frontier's reliance on actual and alleged procedural irregularities is an egregious case of "the pot calling the kettle black," however, *see, White v. City of Sparks,* 341 F. Supp. 2d 1129, 1133 (D. Nev. 2004), because its own Opposition was filed in direct violation of this Court's October 8, 2019 Order (ECF No. 35). That Order was entered in this action specifically to address the briefing of

discovery motions. Plaintiffs' Second Amended Motion to Compel was filed and served *via* CM/ECF on April 8, 2020, and Frontier's Opposition to the motion was filed 14 days later, on April 22, 2020. The October 8 Order specifically instructs the parties in the instant case, in bold underlined text: "**the response to a discovery motion shall be filed within 4 days of the service of that motion and any reply shall be filed within 2 days of the service of the response.**" ECF 35, at 2 (emphasis in original). A footnote to that text states, in part: "The Court reminds the parties that the CM/ECF system may automatically generate deadlines that are inconsistent with this order and, in such instances, this order controls." *Id.,* at n.2.[1] By all rights, then, Frontier's Opposition should be struck as being untimely. However, Plaintiffs believe that the better course, in the interests of justice, would be to address the merits of their motion. This is, indeed, the third time that Plaintiffs have attempted to seek the Court's assistance with Frontier's recalcitrance toward responding to discovery requests. The original Motion to Compel was filed on December 2, 2019 (ECF No. 45). It followed the format of virtually every other motion to compel that Plaintiffs' counsel has filed in 35 years of federal civil litigation. Judge Koppe dismissed it without prejudice the day after it was filed, *see* ECF No. 47, for a failure to include a sufficient number of case citations, even though it primarily relied on the text of the Federal Rules of Civil Procedure, sections of the Code of Federal Regulations, and a federal statute, all of which were cited. Plaintiffs then filed an Amended Motion to Compel on December 5, 2019 (ECF No. 50), that contained a number of case citations, many of which were obtained from Judge Koppe's own decisions granting motions to compel in other cases. Plaintiffs noted in a footnote to the Amended Motion that "some of these concepts [*i.e., that the requested discovery is relevant to the facts of the instant case and Frontier has an obligation to respond*] are so basic as to defy any effort to find citations on point." ECF No. 50, at 7, n.4 (bracketed material added). The

---

[1] The Order was signed by Magistrate Judge Koppe, who has since recused herself from this case. *See* Minute Order of 3/10/2020 (ECF No. 61). The Court has not invalidated any of her prior Orders, however.

same footnote pointed out that Frontier is the party with the burden to explain why the requested discovery falls outside the scope of permissible discovery, citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). *Id.* Nevertheless, Judge Koppe denied the Amended Motion without prejudice again, a month later, on the grounds that it did not present "well-developed arguments." ECF No. 57, at 1. Plaintiffs' counsel were unable to determine what more they could add to make their arguments "well-developed."[2] Importantly, this process of Frontier refusing to respond to discovery and the Court declining to address the merits of a motion to compel has consumed five months of a discovery period that is currently set to expire next month. The number of requests and deposition subjects to which Frontier refuses to respond has grown to 29, all of which are detailed in the instant motion. Frontier's Rule 30(b)(6) deposition is on hold, not only because of Covid-19, but also awaiting a ruling on this motion. Plaintiffs respectfully request that the Court proceed to the merits of the motion.

## Specific Arguments on Discovery Requests

Due to the 12-page reply brief limit of which Plaintiffs' counsel is now acutely aware, Plaintiffs will offer only a brief reply to each of Frontier's arguments. Except in a few instances where Plaintiffs agree to withdraw certain requests, none of Frontier's arguments override the arguments and authorities cited in Plaintiffs' Second Amended Motion to Compel.

**First RFP No. 45**: The "training records" produced by Frontier are a single page spreadsheet for each employee that simply lists the titles of training courses and the dates given.[3] The sheets

---

[2] This was not for lack of trying. Undersigned counsel spent hours reading dozens of Judge Koppe's decisions on motions to compel attempting to discern a formula that would ensure a decision on the merits, without any success. It appeared that a significant percentage of the motions to compel discovery reviewed were dispensed with by denials without prejudice based on similar grounds.

[3] Plaintiffs wanted to attach one as an exhibit to illustrate what little information they convey, but Frontier has designated them "Confidential" under the Protective Order entered in this case. Plaintiffs' counsel requested that a redacted copy be undesignated by agreement, but did not receive a response as of the time of filing. Should the Court request to review the document, Plaintiffs will file it under seal if no agreement can be reached with defense counsel.

provide none of the other information requested, including how the training was given, what it consisted of, who taught it, and what scores the employees received on any comprehension testing. That information is needed for the Rule 30(b)(6) deposition.

**First RFP No. 47**:[4] The request seeks complaints of "any act of discrimination based on race" over the past decade. At issue in this case is how Frontier responds to complaints of race discrimination (if at all), and how it trains its employees to avoid discrimination relative to passengers (if at all). A self-serving statement of policy does not tell the entire story, especially if its actions and practices do not conform to the policy. *See, e.g., Kolstad v. American Dental Ass'n,* 527 U.S. 526 (1999)(decided under Title VII); *Ogden v. Wax Works, Inc.,* 214 F.3d 999, 1010-11 (8th Cir. 2000)(award of punitive damages upheld despite sexual harassment policy, where court found evidence that the company minimized complaints, performed a cursory investigation of complaints and forced harassed employee to resign while imposing no discipline on harasser). Plaintiffs should be allowed to inquire into how Frontier really deals with race discrimination, not how it says it does.

**Second RFP Nos. 2-7**:  Frontier is now relying on an argument that was never stated in its objection to these discovery requests: that is "has no ability to search for most, if not all, of the information. . . ." It provides no explanation for why "it would be impossible" to search for documents pertaining to past incidents aboard its flights. "On [a] motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Frontier has made no such showing. In the instant case, one of its managerial employees filled out a "Passenger Incident Report" detailing what Frontier claims occurred and specifying the races of Peter and A.D.[5]

---

[4] Frontier is correct that this RFP was incorrectly designated as "45" on the Second Amended Motion to Compel. That the error survived three iterations of the motion without being detected is certainly embarrassing.
[5] Same issue as in footnote 3. It can be filed under seal if the Court requests to see it.

Presumably, that document was created pursuant to a policy, and presumably it was filed with other similar documents detailing other incidents. Frontier has not explained why it cannot search for such records and produce them. The remainder of its argument focuses on its claims that its employees' actions were not based on policing for sex or human trafficking, and that none of the employees were motivated by Plaintiffs' races. They ignore the fact that one of the employees specifically testified that she suspected trafficking based solely on Plaintiffs' appearances. Also, if Section 1981 litigation could be brought to a screeching halt based on a defendant's self-serving testimony that he or she was not motivated by race, the law would have been condemned to the dust bin of history sometime around 1867. Cases of race discrimination must frequently be proven through circumstantial evidence because no one ever admits being racist. *See, e.g., Hampton v. Dillard Dept. Stores,* 247 F.3d 1091, 1107-08 (10th Cir. 2001), *cert. denied,* 534 U.S. 1131 (2002)("the issue of intent is one that is often not susceptible to direct proof"); *see also Kendrick v. Penske Transp. Servs.*, 220 F.3d 1220, 1225 (10th Cir. 2000)(same). As Plaintiffs noted in their motion, a relevant inquiry in this case is whether Frontier fosters an environment in which it encourages policing by its employees without giving them any training on how to do so in a race-neutral manner so as to avoid violating passengers' civil rights. *See Melendres v. Arpaio,* 695 F.3d 990 (9th Cir. 2012) and 784 F.3d 1254 (9th Cir. 2014). The requested documents would be evidence of such a situation. The *Allen v. Zavares* case cited by Frontier is inapposite, because Plaintiffs are seeking the details of previous incidents, including the races of the parties involved, not simply the number of times that Frontier has been sued for certain matters. The number of times someone has been sued for something is not relevant to anything; but the manner in which a corporation has dealt with suspected incidents of trafficking and whether race played a role in accusing passengers of such activities is certainly relevant to Plaintiffs' civil rights

claims. Also relevant are the details of prior instances of racial profiling, especially if they expose a pattern of such conduct. *See, Melendres.*

**Int. No. 5**:  Frontier's argument is akin to, "You can't accuse me of committing battery on you, because you were asleep when I did it." Clearly, there is a factual issue about whether Warren struck Peter when the latter was asleep.[6] The points raised by Frontier presumably will used by it at trial. But the Interrogatory does not ask whether Warren hit Peter. It asks a simple question of policy that Frontier would prefer not to answer because, if the jury finds that Warren did hit Peter, the answer to the Interrogatory would likely expose that he did so without appropriate provocation. The Interrogatory asks when it is considered appropriate to strike a passenger. The answer is likely to be, "Frontier's policy is that a crew member may strike a passenger when the passenger's statements or actions threaten either the safety of the crew member or the safe operation of the flight, or both." Frontier's answer and objection are both evasive. It should be required to answer the simple question asked. It is a legitimate question of established policy, not a contention interrogatory. "'If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination.'" *Searcy v. Esurance Ins. Co.*, 2015 WL 9216573, at *5 (D. Nev. Dec.16, 2015) (quoting *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012)).

**Int. No. 6**:  The passenger seated next to Peter, Mr. Campbell, testified that he was watching a movie on his laptop and using headphones, and noticed nothing until the flight attendant pushed him "aggressively." But that is not what the Interrogatory asks. The Interrogatory asks how

---

[6] Plaintiffs are unable to determine the source of the alleged quotation in Frontier's Opposition that Warren "'violently struck him in the head twice'", *see* ECF 79 at 7, and such a determination is not helped by the fact that Frontier attaches no citation to the material between the quotation marks. To the best of Plaintiffs' counsel's recollection, Plaintiffs have not stated the number of times Peter was struck.

PLAINTIFFS' REPLY ON 2D AMENDED MOTION TO COMPEL
Page 7 of 12

Frontier conveys its policy on striking (or not striking) passengers to its flight attendants. Frontier objects because the Interrogatory is "overbroad" (it isn't; it asks one simple question) and "not proportional to the needs of the case" (it is—Peter alleges that he was hit by a flight attendant, and he needs to know if the flight attendant was trained as to when he can hit passengers and when he cannot). The fact that Frontier can answer the question rather succinctly in its Opposition belies its stance that the question cannot or should not be answered. But Plaintiffs are entitled by Rule 33 to an answer under oath, not in a brief in opposition.

**Int. No. 7**: Frontier cut and pasted its "overly broad [and] not proportional" objection coupled with an evasive answer about "defusing situations" to its responses to Interrogatories 5 through 10, but it now seeks to add its unstated objection that the Interrogatories are contention interrogatories. They aren't. Interrogatory No. 7 asks the simple question whether Frontier has a position or policy on separating children from their parents (something that it admits doing in this case), and if so, under what circumstances might that be considered an appropriate action for a flight attendant to take. Again, Frontier simply does not want to answer because its answer might reveal that its employees on the subject flight did not act in accordance with Frontier's policies. That is not a proper basis to refuse to answer an interrogatory, nor is its evasive answer responsive to the question asked. It should be ordered to answer appropriately.

**Int. No. 8**: As in the case of Interrogatory No. 6, Frontier has demonstrated in its Opposition that it can answer the question. Rule 33 entitles Plaintiffs to an answer under oath.

**Ints. Nos. 9-10**: The issues are precisely the same in Interrogatories 9 and 10 as with the preceding Interrogatories, and Frontier should be ordered to provide answers under oath in accordance with Rule 33. Frontier adds to its arguments on these Interrogatories that "Plaintiffs are no longer alleging that Frontier flight attendant Scott Warren touched Plaintiff A.D." ECF No. 79 at

9. That is not accurate. The First Amended Complaint alleges, in relevant part: "Warren intentionally and/or recklessly sexually assaulted A. D. without A. D.'s or Peter's consent in an offensive manner, by placing his hand over A. D.'s body in the close vicinity of A. D.'s genital area." ECF 68 at ¶16. That allegation does not allege that Warren did not touch A. D.

    **Int. No. 14**: Frontier's argument seeks to turn nearly a century of federal precedent on its head. Although it pays lip service to this Court's many holdings that discovery of net worth is permissible in a case alleging punitive damages, *see e.g., Searcy, supra*; *Momot v. Mastro*, 2011 WL 1833349, at *3 (D. Nev. May 13, 2011); *Allstate Ins. Co. v. Nassiri*, 2011 WL 318101, at *3 (D. Nev. Jan. 21, 2011); *Cataldi v. Siracusano*, 2012 WL 870222 (D. Nev. 2012), it then seeks to apply Nevada state court precedent in favor of a minority rule requiring a *prima facie* factual showing. This is a case in federal court alleging violations of a federal statute, and jurisdiction is premised on federal question jurisdiction under 28 U.S.C. §1331. It is axiomatic that the federal rule followed by this Court and the majority of courts in the nation should apply to discovery on a cause of action grounded in federal law. Even with respect to the state law counts of the Amended Complaint supported by diversity and supplemental jurisdiction pursuant to 28 U.S.C. §§1332 and 1367(a), the application of the Federal Rules of Civil Procedure and rules developed by the federal courts in furtherance of Title V of those Rules concerning discovery is a matter of procedure that mandates the application of federal precedent under *Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938), since it is not outcome-determinative. *See, Snead v. Metropolitan Prop. & Cas. Ins.,* 237 F.3d 1080, 1090-92 (9th Cir. 2001); *see also, State of Wisconsin Invest. Bd. v. Plantation Square Assoc., Ltd.,* 761 F. Supp. 1569 (S.D. Fla. 1991)(holding Florida statute imposing pleading prerequisites on claim for punitive damages procedural and inapplicable to diversity case under *Erie* principles). Defense counsel have declared that they will not divulge any information on Frontier's net worth without a Court order.

Plaintiffs are entitled to such an order under the extensive precedent of this Court and other courts that follow the majority rule.

**Int. No. 16**: Frontier is correct and Plaintiffs withdraw this Interrogatory from the motion.

**Depo. Topic 17**: Frontier's assertion that "[t]he Court previously denied this request twice," *see* ECF No. 79 at 11, is not accurate. The prior two filings of the motion to compel did not include deposition topics, because the discussion in which defense counsel refused to designate witnesses on certain subjects occurred in late January of 2020, and the prior filings occurred in December of 2019. *See* ECF No. 77-1. Also, as noted above, the two prior denials of the motion to compel were without prejudice, based solely on procedural issues. The Court should order Frontier to present a witness on net worth for the same reasons supporting a similar order as to Interrogatory 14. Contrary to Frontier's argument, discovery is not an "either or" proposition; depositions are frequently used to test the accuracy of responses provided in answers to interrogatories, and to supplement background facts concerning those answers.

**Depo. Topic 19**: Plaintiffs accept Frontier's response that "any materials generated by Mr. Anderson would have been done in the course of his employment and in Frontier's possession," and that "[a]ny information generated by Mr. Anderson would have been reflected in Plaintiffs' PNR." ECF No. 79 at 11. In reliance on the truth of those assertions and the assertion that "Plaintiffs possess all information within Frontier's possession regarding these subjects [*i.e.,* All information known to employee Matthew Anderson, Customer Relations Advocate, concerning the events on Frontier Flight 2067 between KRDU and KLAS on March 28, 2019 involving Plaintiffs]," *see id.,* Plaintiffs will not pursue further discovery on those subjects and withdraw the topic from the motion.

**Depo. Topics 23-24**: Frontier is asserting, through its counsel, that it has no knowledge or information that contradicts Warren's denials that he struck Peter and sexually assaulted A. D. While

PLAINTIFFS' REPLY ON 2D AMENDED MOTION TO COMPEL
Page 10 of 12

that might be true, Plaintiffs should not be forced to accept a statement from defense counsel as a substitute for the sworn testimony permitted under Rule 30. If Frontier has information on these highly relevant topics, it should reveal it under oath. If it does not, it also should testify to that fact under oath.

**Depo. Topics 25-26**: The case cited by Frontier dealt with an entirely inapposite factual scenario. In the instant case, the documents in question are policy documents, not deeds or assignments. Moreover, they contain instructions that the flight attendants claim to have been following in placing Peter and his son under constant surveillance during the flight, and later separating them against their wills. None of the crew members who testified in depositions knew anything about why their employer was asking them to police the passengers for such matters. None of them received any training on how to do so without violating passengers' civil rights, *see Melendres, supra.* The reasons behind Frontier's reckless launching of these policies are directly relevant to the claims of racial discrimination under Section 1981, and Frontier should be required to provide testimony on those subjects.

**Depo. Topics 27-33**: Remarkably, Frontier asserts that Plaintiffs' arguments on these topics do not meet the Local Rules standards for a motion to compel, while it avoids altogether the fact that Plaintiffs should not have had to file a motion to compel on them at all. Plaintiffs properly included the topics in a Rule 30(b)(6) notice following the procedure set forth in that Rule, and served it on Frontier. Frontier's obligations were set out clearly in the language of the Rule: "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Utterly shirking that responsibility, Frontier's counsel instead declared, "We will not be presenting any witness related to topics on which we did not reach an

agreement." ECF No. 77-1 at 3. It has never moved for a protective order to excuse it from its obligations under Rule 30(b)(6). Its position essentially adds a clause onto the language of the Rule quoted above: "unless the named organization says it would prefer not to." Frontier's complete defiance of its discovery obligations in this case is outrageous and must be curbed. It has already led to five months of delay and a substantial number of hours researching and drafting motions that never should have been required. As stated in the motion, all of the information sought in Topics 27-33 goes to the heart of the inquiry into whether the reasons stated by Frontier's employees for their actions (policing sex and human trafficking, responding to "Threat Levels," addressing complaints of sexual molestation) are pretextual in nature, an inquiry required under Section 1981 by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), where proof of intent is made by indirect evidence. Denying Plaintiffs an opportunity to inquire into how other similar incidents were dealt with by Frontier and its employees, and to expose how the flight attendants are merely cloaking discriminatory acts in the garb of legitimate activities, fundamentally prejudices Plaintiffs' ability to prove their case. Plaintiffs should be permitted to inquire about those subjects at the Rule 30(b)(6) deposition, and Frontier should be ordered to present witnesses on those topics in compliance with its duties under the Rule.

## CONCLUSION

For all of the reasons set forth above and in their Second Amended Motion to Compel, Plaintiffs respectfully request an Order compelling Frontier to respond to these requests and to pay Plaintiffs' attorneys fees.

DATED this 24th day of April, 2020.

                                                /s/ John D. McKay
                                           *Attorney for Plaintiffs Peter DelVecchia*
                                           *And A.D., a Minor*