# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

PETER DELVECCHIA,

              Plaintiff,

    v.

FRONTIER AIRLINES,

              Defendant.

Case No. 2:19-cv-01322-KJD-DJA

**ORDER**

This matter is before the Court on Plaintiffs' Second Amended Motion to Compel (ECF No. 77), filed on April 8, 2020.  Defendant filed a Response (ECF No. 79) on April 22, 2020 and Plaintiffs filed a Reply (ECF No. 81) on April 24, 2020.  Plaintiffs also filed a Motion for Leave to File Excess Pages (ECF No. 80) on April 23, 2020 to which Defendant filed a Response (ECF No. 82) on April 27, 2020.  The Court finds this matter properly resolved without a hearing.  *See* Local Rule 78-1.

## I.    BACKGROUND

The parties are familiar with the facts of this case and the Court will not repeat them here except as necessary.  Plaintiffs first motion to compel and amended motion to compel were denied by Judge Koppe for failure to submit sufficiently developed arguments (ECF No. 45) and failure to cite appropriate authority/premature (ECF No. 57).  The case has since been reassigned to the undersigned and Plaintiffs now move for an order to compel Defendant to supplement answers to 29 written discovery requests along with compelling a Rule 30(b)(6) deposition given Defendant's refusal to provide a deponent on several topics listed in the notice.  (ECF No. 77).  Plaintiffs' interrogatories and requests for production were served on October 7, 2019.  Defendant sought two short extensions to respond and timely served its responses, but Plaintiffs contend the

responses consist of baseless objections and outright refusal to provide any information on net worth.

Defendant responds that Plaintiffs' motion should be denied for exceeding the page limit and for improperly seeking a third bite at the apple.  (ECF No. 79).  It also contends that it has produced over 660 pages of documents and more will be produced as they were redacted and cleared by TSA.  Defendant then provides a response to each of the disputed discovery issues and requests denial of the entirety of Plaintiffs' Motion.

Plaintiffs' reply concedes that 10 of the discovery requests were included in the prior motions to compel, while 19 new ones have been added to the instant motion.  (ECF No. 81). They also highlight that the first two motions to compel were denied without prejudice and Judge Koppe never addressed any of the requests on the merits.  Plaintiffs further note that Defendant's response was untimely under Judge Koppe's discovery order (ECF No. 35), which sets a shortened briefing period, but indicate that they wish to have the dispute resolved on the merits.

## II.    ANALYSIS

Preliminarily, the Court will address Plaintiffs' request to exceed the page limit.  Plaintiffs realized after reading Defendant's response that the Motion exceeds this Court's page limit set forth in LR 7-3 and thus, seeks leave of the Court for the six excess pages.  (ECF No. 80).  They indicate that they have reviewed the Local Rules and the recitation of 23 discovery requests and responses at issue necessitated the six extra pages.  Defendant's opposition is targeted at what it believes is Plaintiffs' attempt to add additional argument and paint Defendant in a bad light in the motion to exceed the page limit.  (ECF No. 82).  The Court finds that the most efficient use of resources is to decide this discovery dispute on the merits and will permit the six extra pages to be considered.  It does not condone uncivil accusations as that does not further the productive resolution of discovery disputes and warns the parties to keep their interactions and discussions in filings with the Court professional and civil.

Additionally, the parties were previously subject to Judge Koppe's Order on Discovery (ECF No. 35).  As that Order reflects Judge Koppe's requirements and the case has been reassigned to the undersigned, that Order will now be vacated and the parties must comply with

1   the Local Rules and Federal Rules of Civil Procedure in any future discovery disputes.

2   Moreover, the Court notes that Judge Koppe's Orders on Plaintiffs' prior motions to compel

3   never reached the merits.

4           As for the instant motion to compel, Fed.R.Civ.P. 34 requires a party upon whom

5   document requests are served to respond in writing within 30 days after being served with the

6   requests.  The "failure to object to discovery requests within the time required constitutes a

7   waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473

8   (9th Cir. 1992); *see also Haddad v. Interstate Management Co., LLC*, 2012 WL 398764, * 1 (D.

9   Nev. 2012) (same).  Further, Fed.R.Civ.P. 26(b)(1) provides for broad and liberal discovery.

10  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

11  claim or defense."  *Id.*  For the proportionality analysis, the Court considers the importance of the

12  issues at stake, the amount in controversy, the parties' relative access to information, the parties'

13  resources, the importance of the discovery in resolving the issues, and whether the burden or

14  expense of the proposed discovery outweighs its likely benefit.  Fed.R.Civ.P. 26(b)(1); *see also*

15  *Caballero v. Bodega Latina Corp.*, 2017 WL 3174931 at *2 (D. Nev. July 25, 2017).

16          Judge Dawson has dismissed the negligent infliction of emotional distress and false light

17  invasion of privacy claims.  (ECF No. 67).  As such, the parties are conducting discovery on the

18  remaining claims: Section 1981, intentional infliction of emotional distress, defamation, along

19  with Plaintiff's claim for punitive damages.  The Court notes that Judge Koppe never ruled on the

20  merits of the first and amended motions to compel.  The Court will address each of the disputed

21  29 discovery issues in turn as follows:

22          • Plaintiffs seek a response to First RFP No. 45 asking for documents on training

23              and education regarding preventing racial discrimination in dealing with

24              passengers or customers.  They admit they received a one-page spreadsheet for

25              each employee that lists the titles of training courses and dates given.  They claim

26              that they are missing the other information requested such as, how the training was

27              given, what it consisted of, who taught it, and what scores the employees received,

28              which they claim is needed for the Rule 30(b)(6) depo.  However, this is a RFP,

not an interrogatory request.  Plaintiff can obtain the other information via other methods of discovery, but the Court declines to compel a supplemental response in light of Defendant's representation that it has provided the responsive documents they have.  Specifically, it claims it has produced the training records for the cabin crew of Flight 2067 along with additional documents and will be supplementing once TSA approves production.  Indeed, Defendant notes that it has agreed to provide a Rule 30(b)(6) witness regarding flight attendant training.  Therefore, the Court denies this portion of the Motion.

- Plaintiffs seek a response to First RFP No. 47 asking for documents related to prior complaints of racial discrimination over the past decade.  Again, Plaintiffs appear to seek some more statements on how Defendant responds to complaints of race discrimination, beyond the policy documentation provided.  However, that is more appropriately required via an interrogatory request or deposition testimony.  Further, if they seek any complaints that resulted in litigation, that information is publicly available.  Nevertheless, the Court finds that prior complaints of race discrimination are relevant to Plaintiff's Section 1981 claim and will narrow the request to be proportional to the needs of the case as follows: Defendant shall provide a supplemental response of any race discrimination complaints filed by passengers, not employees, over the past 5 years only, and limited geographically to the continental United States.  Therefore, the Court grants in part and denies in part this portion of the Motion.

- Plaintiffs seek a response to Second RFP No. 2-7 asking for documents related to reports of a passenger being involved as a perpetrator, victim, or otherwise accused or suspected of being involved in human trafficking or sex trafficking or racial profiling.  Plaintiffs contend that a Passenger Incident Report was filled out in this case by a managerial employee.  The Court finds it relevant and proportional to compel a supplemental response of Passenger Incidents Reports only that are related to human or sex trafficking or racial profiling, that involved a

parent-child relationship, for the past 5 years in the continental United States. Plaintiffs are correct that Defendant failed to articulate an undue burden in responding to these requests, but rather, generically claim they cannot search their records for incidents.  The Court is not persuaded with Defendant's argument that there is no relevance to the human or sex trafficking prior incidents given the deposition testimony cited by Plaintiffs that indicates Defendants' employees believed trafficking may be an issue, but it imposes the limitation of a parental relationship being involved.  Further, the Court will permit that to the extent that Defendant can adequately explain its inability to search for Passenger Incident Reports and it seeks to compromise on the scope of production of these prior incidents as limited by the Court above, it shall meet and confer with Plaintiffs' counsel.  Therefore, the Court grants in part and denies in part this portion of the Motion.

- Plaintiffs seek a response to Rog No. 5 asking for when it is appropriate to strike a passenger.  Defendant argues this is a contention interrogatory that is too broad to respond to by listing every single situation.  The Court agrees that the Rog is overly broad and not proportional to the needs of this case as it is in no way limited to similar circumstances.  Plaintiffs may explore Defendant's response during deposition, but the Court declines to order a supplemental response. Therefore, the Court denies this portion of the Motion.

- Plaintiffs seek a response to Rog No. 6 asking for how Defendant conveys to its flight attendants its policy on striking passengers.  Again, Plaintiffs may explore Defendant's response regarding its during deposition, but the Court declines to order a supplemental response.  Therefore, the Court denies this portion of the Motion.

- Plaintiffs seek a response to Rog No. 7 asking for Defendant's policy on separating children from their parents.  Similarly, Plaintiffs may explore

Defendant's response during deposition, but the Court declines to order a supplemental response. Therefore, the Court denies this portion of the Motion.

- Plaintiffs seek a response to Rog No. 8 asking for how Defendant conveys its policy on separating children from their parents to Flight Attendants. Again, Plaintiffs may explore Defendant's response regarding its during deposition, but the Court declines to order a supplemental response. Therefore, the Court denies this portion of the Motion.

- Plaintiffs seek a response to Rog Nos. 9-10 asking for whether Defendant considers it appropriate for Flight Attendants to touch a minor child in the vicinity of his or her genitalia and how its position is conveyed to Flight Attendants. Again, Plaintiffs may explore Defendant's response during deposition, but the Court declines to order a supplemental response. Therefore, the Court denies this portion of the Motion.

- Plaintiffs seek a response to Rog No. 14 asking for Defendant's net worth as of the most recently closed accounting period. They cite to several cases in which this District Court has permitted discovery into net worth in a case alleging punitive damages. *See, e.g. Allstate Ins. Co. v. Nassiri*, 2011 WL 318101, at *3 (D. Nev. Jan. 21, 2011). The Court will order the Defendant to provide a supplemental response as it finds their most recent net worth to be relevant to the punitive damages sought by Plaintiffs and proportional to the needs of the case and it is only the most recent statement of net worth. Therefore, the Court grants this portion of the Motion.

- Plaintiffs withdraw Rog No. 16. The Court accepts that withdrawal of this issue and finds this portion of the Motion to be moot.

- Plaintiffs seek the ability to move forward with Rule 30(b)(6) Depo Topic No. 17 regarding net worth. As previously stated, the Court is not persuaded by Defendant's weak objection that net worth is not relevant given that Plaintiffs are seeking punitive damages. Moreover, Plaintiffs are correct that the burden falls on

Defendant to move for a protective order if it seeks to challenge the depo notice and it did not do so here.  The Court will permit this deposition topic to proceed, but the questioning must be proportional to the needs of the case.  For example, only the most recent information regarding Defendant's financial conditions for purposes of determining current net worth should be the focus of the questioning.  Therefore, the Court grants this portion of the Motion.

- Plaintiffs withdraw Rule 30(b)(6) Depo Topic No. 19.  The Court accepts that withdrawal of this issue and finds this portion of the Motion to be moot.

- Plaintiffs seek the ability to move forward with Rule 30(b)(6) Depo Topic Nos. 23-24 regarding Defendant's knowledge of Defendant Scott Warren's denials that he struck Peter and sexually assaulted A.D.  Again, Defendant's weak objection is not persuasive to the Court.  Plaintiffs are entitled to explore Defendant's knowledge of its employee's actions and statements.  Therefore, the Court grants this portion of the Motion.

- Plaintiffs seek the ability to move forward with Rule 30(b)(6) Depo Topic Nos. 25-26 regarding policy instructions to flight attendants related to sexual misconduct and human trafficking.  Likewise, the Court will permit proportional questioning because, as explained above, it finds this to be relevant to the claims and defenses alleged in light of the deposition testimony already given by Defendant's employee on trafficking. Therefore, the Court grants this portion of the Motion.

- Plaintiffs seek the ability to move forward with Rule 30(b)(6) Depo Topic Nos. 27-33 regarding whether the reasons stated by Defendant's employees for their actions are pretextual in nature as related to the Section 1981 race discrimination claim.  They argue that Defendant has not moved for a protective order and the burden falls to it to do so if it refuses to present a Rule 30(b)(6) deponent on these topics.  The Court does not find these topics to be relevant and proportional to the needs of the case.  The temporal, geographic, and subject matter scope is overly

broad.  As explained above, the Court will impose the same limitations as those for the RFPs and Rogs noted above.  Questioning may be about race discrimination complaints filed by passengers, not employees, over the past 5 years only, and limited geographically to the continental United States.  It will also permit questioning about Passenger Incidents Reports only that are related to human or sex trafficking or racial profiling for the past 5 years in the continental United States, that involved a parental relationship.  Plaintiffs may also explore questioning on striking passengers and Defendant's policy on such.  However, Plaintiffs are cautioned to be aware of the limits that the Court has communicated on these topics and streamline the questioning.  Finally, the Court will not permit Topic 32 to go forward regarding a threat level classification as it is not relevant and proportional to the needs of this case.  Therefore, the Court grants in part and denies in part this portion of the Motion.

As the Court has granted in part and denied in part the Motion as outlined above, it exercises its discretion to deny an award of attorneys fees to Plaintiffs.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Second Amended Motion to Compel (ECF No. 77) is **granted in part and denied in part** as explained above.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Excess Pages (ECF No. 80) is **granted**.

IT IS FURTHER ORDERED that Judge Koppe's Order on Discovery (ECF No. 35) is **vacated** and the parties are subject to the requirements in the Local Rules.

DATED: May 8, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE