Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(800) 391-3654
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.,* | **Case No: 2:19-CV-01322-KJD-DJA** |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MOTION TO SEAL EXHIBITS B AND D TO RULE 72(a) OBJECTIONS FILED MAY 22, 2020** |
| FRONTIER AIRLINES, INC., *et al.,* | **LR IA 10-5** |
| Defendants. | |

Plaintiffs, Peter DelVecchia individually and as next friend of A. D., a minor, by counsel, , hereby move pursuant to Local Rule IA 10-5(a) for an Order sealing Exhibits B and D to their Objections to Magistrate Judge Albregts' Order dated May 8, 2020, on the grounds that the exhibits contain excerpts of deposition testimony that mention the contents of certain "Threat Levels" and procedures associated therewith that were developed by the Transportation Security Administration

("TSA") following September 11, 2001 to protect the national security from threats against airline travel. The grounds for the Motion are set forth in more detail below.

The exhibits at issue are only those portions of the depositions of the Captain and First Officer of the subject airline flight where the deponents discuss the details of Threat Levels One and Two and actions that are required to be taken when passenger actions are classified under those procedures. The Threat Levels were created after September 11, 2001 to respond to future attacks and threats of attacks against civil aircraft, and they are designated "Sensitive Security Information" ("SSI") by the TSA pursuant to 49 CFR §§1520.1 *et seq.* The definition of SSI in §1520.5(a) includes "information obtained or developed in the conduct of security activities, including research and development, the disclosure of which TSA has determined would . . . be detrimental to the security of transportation." Thus, by its very definition, SSI is information which the government has determined must be kept out of the public realm for the safety of the nation.

Plaintiffs are familiar with the Ninth Circuit's holding in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) and the Court's preference for public availability of documents filed in civil litigation such as the instant case. However, the Court noted in that decision, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." 447 F.3d, at 1179 (quoting *Nixon v. Warner Communications Inc.,* 435 U.S. 589, 598 (1978)). Certainly, the specifics of procedures designed to combat terrorist threats in the air fit that standard. Plaintiffs therefore request that Exhibits B and D, which contain limited excerpts where the pilots discuss certain details of the Threat Level procedures, be sealed from public view.

DATED this 22nd day of May, 2020.

                                       /s/ John D. McKay
John D. McKay (admitted *pro hac vice*)
PARK AVENUE LAW LLC
127 W. Fairbanks Ave., No. 519
Winter Park, FL 32789
johndmckayatty@gmail.com
(800) 391-3654

Timothy R. Titolo (Nev. Bar. No. 3617)
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

***Attorneys for Plaintiffs Peter DelVecchia And A.D., a Minor***