CHARLES A. MICHALEK
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
       tshelke@amm-law.com
       mmartin@amm-law.com

***Attorneys for Defendants* FRONTIER AIRLINES, INC., SCOTT WARREN, *and* REX SHUPE**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| *Plaintiff,* | **REX SHUPE'S ANSWER TO PLAINTIFFS'** |
| v. | **FIRST AMENDED COMPLAINT & DEMAND FOR JURY TRIAL** |
| FRONTIER AIRLINES, INC., SCOTT WARREN, CHELSIE BRIGHT SAKURADA, ANNA BOND, AMANDA NICKEL, REX SHUPE, and SHAWN MULLIN | |
| *Defendants.* | |

### DEFENDANT REX SHUPE'S ANSWER TO
### PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant REX SHUPE ("Captain Shupe"), by his undersigned counsel, and for his Answer to Plaintiffs' First Amended Complaint and Demand for Jury Trial, states:

/ / /

### *Jurisdiction*

The Jurisdiction Paragraphs consist of conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in the Jurisdiction Paragraphs.

### *Venue*

The Venue Paragraph consists of conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in the Venue Paragraph.

### *The Parties*

1. Captain Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Captain Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Captain Shupe admits the allegations contained in Paragraph 3.

4. Captain Shupe admits that Warren is a male individual who was, at the time of the events described in Plaintiffs' First Amended Complaint, employed as a flight attendant by Frontier. Captain Shupe further admits that Warren worked as a flight attendant on the flight that is the subject of Plaintiffs' First Amended Complaint. Captain Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 regarding Warren's residency. Captain Shupe denies the remaining allegations in Paragraph 4.

5. Captain Shupe admits that Bright is a female individual who was, at the time of the events described in Plaintiffs' First Amended Complaint, employed as a flight attendant by Frontier. Captain Shupe further admits that Bright worked as a flight attendant on the flight that is the subject of Plaintiffs' First Amended Complaint. Captain Shupe lacks sufficient information

or knowledge to form a belief as to the truth of the allegations in Paragraph 5 regarding Bright's residency. Captain Shupe denies the remaining allegations in Paragraph 5.

6. Captain Shupe admits that Bond is a female individual who was, at the time of the events described in Plaintiffs' First Amended Complaint, employed as a flight attendant by Frontier. Captain Shupe further admits that Bond worked as a flight attendant on the flight that is the subject of Plaintiffs' First Amended Complaint. Captain Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 regarding Bond's residency.

7. Captain Shupe admits that Nickel is a female individual who was, at the time of the events described in Plaintiffs' First Amended Complaint, employed as a flight attendant by Frontier. Captain Shupe further admits that Nickel worked as a flight attendant on the flight that is the subject of Plaintiffs' First Amended Complaint. Captain Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 regarding Nickel's residency.

8. Captain Shupe admits the allegations contained in Paragraph 8.

9. Captain Shupe admits that Mullin is a male individual who was, at the time of the events described in Plaintiffs' First Amended Complaint, employed as a pilot by Frontier. Captain Shupe further admits that Mullin worked as the First Officer on the flight that is the subject of Plaintiffs' First Amended Complaint. Captain Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 regarding Mullin's residency.

### Particulars of the Claim

10. Captain Shupe admits that on March 28, 2019, Plaintiffs were passengers onboard Frontier Flight 2067 from Raleigh-Durham International Airport in North Carolina to McCarran International Airport in Las Vegas, Nevada. Captain Shupe lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations contained in Paragraph 10.

11. Captain Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 that during the flight, Peter fell asleep with his head resting on the back of the seat in the row ahead of him. Captain Shupe denies the remaining allegations contained in Paragraph 11.

12. Captain Shupe denies the allegations contained in Paragraph 12.

13. Captain Shupe denies the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 16.

17. Captain Shupe denies the allegations contained in Paragraph 17.

18. Captain Shupe denies the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 21.

### Count I:
### *Compensatory and Punitive Damages and Attorneys' Fees Pursuant to 42 U.S.C. § 1981*

22. Captain Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

23. The allegations contained in Paragraph 23 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 23.

24. Captain Shupe denies the allegations contained in Paragraph 24.

25. Captain Shupe denies the allegations contained in Paragraph 25.

26. Captain Shupe denies the allegations contained in Paragraph 26.

27. Captain Shupe denies the allegations contained in Paragraph 27.

### *Count II: Compensatory and Punitive Damages Pursuant to State Law for Intentional Infliction of Emotional Distress*

28. Captain Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

29. The allegations contained in Paragraph 29 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 29.

30. Captain Shupe denies the allegations contained in Paragraph 30.

31. Captain Shupe denies the allegations contained in Paragraph 31.

/ / /

/ / /

/ / /

### *Count III: Compensatory and Punitive Damages Pursuant to State Law for*
### *False Imprisonment / Unlawful Detention*

32. Captain Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

33. The allegations contained in Paragraph 33 contain conclusions of law to which no response is required. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraph 33.

34. Captain Shupe denies the allegations contained in Paragraph 34.

35. Captain Shupe denies the allegations contained in Paragraph 35.

### *Count IV: Compensatory and Punitive Damages Pursuant to State Law*
### *for Battery and Sexual Assault*

36. Captain Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

37-39. Captain Shupe makes no response to the allegations contained in Paragraphs 37 through 39 of Count IV of Plaintiffs' First Amended Complaint because these allegations are not directed at Captain Shupe. In the event a response is deemed required, Captain Shupe denies the allegations contained in Paragraphs 37 through 39 of Count IV of Plaintiffs' First Amended Complaint.

### *Count V: Compensatory and Punitive Damages*
### *Pursuant to State Law for Defamation*

40. Captain Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

41-43 Captain Shupe makes no response to the allegations contained in Paragraphs 41 through 43 of Count V of Plaintiffs' First Amended Complaint because these allegations are not directed at Captain Shupe. In the event a response is deemed required, Captain Shupe denies the

allegations contained in Paragraphs 41 through 43 of Count V of Plaintiffs' First Amended Complaint.

## GENERAL DENIAL

Defendant REX SHUPE denies all allegations of Plaintiffs' First Amended Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' First Amended Complaint, Defendant REX SHUPE raises and preserves the following Affirmative Defenses:

1. Plaintiffs' First Amended Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

2. Plaintiffs may lack capacity or standing to bring this action.

3. Plaintiffs' action is filed in an improper venue.

4. Plaintiffs' action is barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiffs' claims are barred, in whole or in part, by *res judicata*, collateral estoppel, laches, waiver, or unclean hands.

6. Plaintiffs' action may be governed, in whole or in part, by the laws of jurisdictions other than Nevada.

7. Plaintiffs' claims are preempted, in whole or in part, by federal law.

8. Plaintiffs' alleged damages, if any, are barred or limited under applicable law.

9. Plaintiffs' alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an act of god for which Captain Shupe is not responsible.

10. Plaintiffs' alleged damages, if any, are barred or limited under applicable law due to Plaintiffs' failure to mitigate damages.

11. Plaintiffs' alleged damages, if any, were caused in whole or in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of Plaintiffs themselves for which Captain Shupe is not responsible.

12. Plaintiffs' recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of Plaintiffs or third parties.

13. Captain Shupe denies that his conduct was a cause or proximate cause of Plaintiffs' alleged damages. Further, Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Captain Shupe has no control or right to control.

14. Plaintiffs' claims and recovery are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which Captain Shupe is not responsible.

15. Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Captain Shupe is not liable. In the event Captain Shupe is found liable to Plaintiffs, which he expressly denies, Captain Shupe may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserves his right to seek the same.

16. Some or all of Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs may have already received full satisfaction or compensation for their alleged damages, if any, and Plaintiffs' claims may be barred by such prior release of claims or accord and satisfaction with any entity.

17. If Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Captain Shupe is entitled to a setoff of these amounts against any amount of damages awarded against him, if any, pursuant to the applicable Nevada statute.

18. Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiffs.

19. Plaintiffs' claims are barred or limited pursuant to contract.

20. Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

21. Pursuant to applicable federal and state law, Captain Shupe is entitled to immunity, qualified or otherwise, for the conduct alleged in Plaintiffs' First Amended Complaint.

22. Pursuant to applicable federal and state law, Captain Shupe is entitled to a privilege, qualified or otherwise, for the conduct alleged in Plaintiffs' First Amended Complaint.

23. Captain Shupe is entitled to immunity from civil liability pursuant to all applicable Nevada statutes pertaining to protection of children from abuse and neglect including but not limited to Nev. Rev. Stat. § 432B.010 *et seq.*

24. Captain Shupe is entitled to immunity from civil liability pursuant to all applicable federal statutes pertaining to protection of children from abuse and neglect.

25. Plaintiffs' claims are barred pursuant to applicable federal statutes, including but not limited to 49 U.S.C. § 44902(b), 6 U.S.C. § 1104, and 49 U.S.C. § 44941.

26. Captain Shupe is entitled to immunity from civil liability pursuant to all applicable state and federal statutes and/or laws pertaining to reporting suspected sexual assault or abuse to law enforcement.

27. Captain Shupe has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

## RESERVATION OF FURTHER DEFENSES

Defendant REX SHUPE reserves the right to supplement and amend his defenses to this action, including his Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

WHEREFORE, having fully answered and responded to the allegations in Plaintiffs' First Amended Complaint, Defendant REX SHUPE respectfully requests:

1. A judgment that Plaintiffs shall take nothing by way of their First Amended Complaint;

2. An award to Captain Shupe of costs of this suit and any recoverable attorneys' fees; and

3. Such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Defendant REX SHUPE demands trial by jury.

Date: May 28, 2020

Respectfully submitted,

**REX SHUPE**

By: */s/ Tara Shelke*
Brian T. Maye *(admitted pro hac vice)*
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
           tshelke@amm-law.com
           mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2020, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Tara Shelke*