# EXHIBIT G

Frontier Amended 30B6 NOD

1  Timothy R. Titolo, Esq.
   Nevada Bar No. 003617
2  TITOLO LAW OFFICE
   9950 West Cheyenne Ave.
3  Las Vegas, Nevada 89129
   (702) 869-5100
4  tim@titololaw.com
5
6  John D. McKay, Esq.
   *Admitted pro hac vice*
7  PARK AVENUE LAW LLC
   127 W. Fairbanks Ave. No. 519
8  Winter Park, Florida 32789
   (800) 391-3654
9  johndmckayatty@gmail.com

10 ***Attorneys for Plaintiffs PETER DELVECCHIA and
   A.D., a Minor***
11

12
                    **UNITED STATES DISTRICT COURT**
13                   **FOR THE DISTRICT OF NEVADA**

14

15 PETER DELVECCHIA, *et al.,*        )   **Case No: 2:19-CV-01322-KJD-NJK**
                                      )
16          Plaintiffs,               )
                                      )
17                                    )   **PLAINTIFFS' AMENDED NOTICE OF**
                                      )   **DEPOSITION OF DEFENDANT**
18 vs.                                )   **FRONTIER AIRLINES, INC.**
                                      )   **PURSUANT TO FED. R. CIV. P.**
19                                    )   **30(b)(6)**
                                      )
20 FRONTIER AIRLINES, INC., *et al.,* )
                                      )
21          Defendants.               )
                                      )
22  _____   )

23

24      PLEASE TAKE NOTICE that the undersigned attorney for Plaintiffs, Peter DelVecchia

25 individually and as next friend of A.D., a minor, will take the deposition of the company named

26 herein, pursuant to Fed. R. Civ. P. 30(b)(6), at the time and place specified below, upon oral

27 examination before a Notary Public or other person authorized to administer oaths, to be recorded by

28

**EXHIBIT G**

stenographic and audiovisual means, for discovery and use as evidence, and for all other purposes permitted by the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed. The particular details are:

**Deponent:** FRONTIER AIRLINES, INC.

**Dates:** February 6-7, 2020

**Time:** 10:00 a.m. MST on February 6; 9:00 a.m. on February 7

**Place:** **Esquire Deposition Solutions**
**600 17th Street**
**Suite 2800 South**
**Denver, CO 80202**

Pursuant to Fed. R. Civ. P. 30(b)(6), the deponent party (hereinafter "Frontier") must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf, to testify on the following list of subjects. The persons designated must testify about information known or reasonably available to the organization.

SUBJECT LIST

1. Any and all training given by Frontier to Flight Attendants Anna Bond, Chelsie Bright (Sakurada), Amanda Nickel and/or Scott Warren (hereinafter the "Subject Flight Attendants") on the topic of passengers engaged in, or suspected to be engaged in, human trafficking.

2. Any and all training given by Frontier to the Subject Flight Attendants on the topic of passengers engaged in, or suspected to be engaged in, sex trafficking.

3. Any and all training given by Frontier to the Subject Flight Attendants on the subject of sexual misconduct by passengers against other passengers.

4. Any and all training given by Frontier to the Subject Flight Attendants on the subject of child abuse and/or child molestation by passengers against other passengers.

5. Any and all training given by Frontier to the Subject Flight Attendants on the subject of racial profiling as it relates to Flight Attendant interactions with passengers.

6. Any and all training given by Frontier to the Subject Flight Attendants on the subject of racial discrimination as it relates to Flight Attendant interactions with passengers.

7. Any and all training given by Frontier to pilots Rex Shupe and/or Shawn Mullin (hereinafter the "Subject Pilots") on the topic of passengers engaged in, or suspected to be engaged in, human trafficking.

8. Any and all training given by Frontier to the Subject Pilots on the topic of passengers engaged in, or suspected to be engaged in, sex trafficking.

9. Any and all training given by Frontier to the Subject Pilots on the subject of sexual misconduct by passengers against other passengers.

10. Any and all training given by Frontier to the Subject Pilots on the subject of child abuse and/or child molestation by passengers against other passengers.

11. Any and all training given by Frontier to the Subject Pilots on the subject of racial profiling as it relates to interactions with passengers.

12. Any and all training given by Frontier to the Subject Pilots on the subject of racial discrimination as it relates to interactions with passengers.

13. The contents of any written policies of Frontier on the subjects of: (a) human trafficking; (b) sex trafficking; (c) sexual misconduct by passengers against other passengers; (d) child abuse and/or child molestation by passengers against other passengers; (e) racial profiling as it relates to interactions with passengers; and (f) racial discrimination as it relates to interactions with passengers, as well as the dates of creation of such policies, the manner in which the

policies are made known to Frontier employees, and the circumstances surrounding their creation.

14. The contents of Frontier's Flight Attendant Manual ("FAM") that mention any of the following subjects: (a) human trafficking; (b) sex trafficking; (c) sexual misconduct by passengers against other passengers; (d) child abuse and/or child molestation by passengers against other passengers; (e) racial profiling as it relates to interactions with passengers; and (f) racial discrimination as it relates to interactions with passengers; or (g) the classification of passengers as Threat Levels One and/or Two, and procedures to be followed upon making such classification(s).

15. The contents of Frontier's Flight Operations Manual ("FOM") that mention any of the following subjects: (a) human trafficking; (b) sex trafficking; (c) sexual misconduct by passengers against other passengers; (d) child abuse and/or child molestation by passengers against other passengers; (e) racial profiling as it relates to interactions with passengers; and (f) racial discrimination as it relates to interactions with passengers; or (g) the classification of passengers as Threat Levels One and/or Two, and procedures to be followed upon making such classification(s).

16. The process(es) by which Frontier determines that information in its FOM and FAM, as well as other written materials, constitute "Sensitive Security Information" ("SSI") and are labeled by Frontier as such.

17. Frontier's current net worth.

18. All information known to Frontier about the Subject Flight Attendants and the Subject Pilots, regardless of whether or not documents containing such information has already been produced, and including, without limitation, the contents of their employee files labeled

"Confidential/EEOC," "Confidential/Investigations," and "Recruitment/Flight Attendant Hired," as well as any information concerning demerits, warnings (including, without limitation, documented verbal warnings or DVWs), adverse employment actions, demotions, investigations, and/or demerit points accumulated for each of the Subject Flight Attendants and Subject Pilots.

19. All information known to employee Matthew Anderson, Customer Relations Advocate, concerning the events on Frontier Flight 2067 between KRDU and KLAS on March 28, 2019 involving Plaintiffs.

20. The contents of all Skyspeed comments concerning the events on Frontier Flight 2067 between KRDU and KLAS on March 28, 2019 involving Plaintiffs.

21. The identity and contact information of the "Able Bodied Passenger" selected by Flight Attendant Scott Warren to sit in the aisle seat on the row where Plaintiff A.D. was required to sit after being separated from his father on Flight 2067.

22. The identities and contact information on all male passengers who were traveling alone on Frontier Flight 2067 between KRDU and KLAS on March 28, 2019.

23. Any and all information obtained by Frontier or its agents that confirms or supports Plaintiffs' allegation that Flight Attendant Scott Warren struck Plaintiff Peter DelVecchia.

24. Any and all information obtained by Frontier or its agents that confirms or supports Plaintiffs' allegation that Flight Attendant Scott Warren sexually assaulted Plaintiff A.D.

25. All facts known to Frontier about Frontier's creation and publication of "Inflight Must Read" Number 19-13 dated March 15, 2019 on the subject of "Sexual Misconduct."

26. All facts known to Frontier about Frontier's creation and publication of Revision 63 to Frontier's FAM dated 04/01/19 titled "20.50 Human Trafficking."

27. All facts known to Frontier about any and all incidents occurring between January 1, 2009 and the date of the deposition, in which human trafficking aboard a Frontier flight was alleged or witnessed by anyone.

28. All facts known to Frontier about any and all incidents occurring between January 1, 2009 and the date of the deposition, in which sex trafficking aboard a Frontier flight was alleged or witnessed by anyone.

29. All facts known to Frontier about any and all incidents occurring between January 1, 2009 and the date of the deposition, in which sexual misconduct by a passenger against another passenger aboard a Frontier flight was alleged or witnessed by anyone.

30. All facts known to Frontier about any and all incidents occurring between January 1, 2009 and the date of the deposition, in which child abuse and/or child molestation by a passenger against another passenger aboard a Frontier flight was alleged or witnessed by anyone.

31. All facts known to Frontier about any and all incidents occurring between January 1, 2009 and the date of the deposition, in which racial discrimination or racial profiling aboard a Frontier flight was alleged or witnessed by anyone.

32. All facts known to Frontier about any and all incidents occurring between January 1, 2009 and the date of the deposition, in which a passenger aboard a Frontier flight was classified by any Flight Attendant or Pilot as a Threat Level One or a Threat Level Two, and the procedures followed in such events.

33. All facts known to Frontier about any and all incidents occurring between January 1, 2009 and the date of the deposition, in which any Frontier employee physically struck a passenger or another Frontier employee aboard a Frontier flight, and any and all responses by Frontier's management to such incidents.

DATED this 10th day of January, 2020.

_____
John D. McKay (admitted *pro hac vice*)
PARK AVENUE LAW LLC
127 W. Fairbanks Ave., No. 519
Winter Park, FL 32789
johndmckayatty@gmail.com
(800) 391-3654

Timothy R. Titolo (Nev. Bar. No. 3617)
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

***Attorneys for Plaintiffs Peter DelVecchia
And A.D., a Minor***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2020, pursuant to prior agreement of counsel permitting electronic service by email, I served the foregoing Notice of Deposition on counsel for Defendants by email addressed to the following persons:

Brian T. Maye, Esq.
Tara Shelke, Esq.
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Email: bmaye@amm-law.com
       tshelke@amm-law.com

Charles A. Michalek, Esq.
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Email: cmichalek@rmcmlaw.com

_____