# EXHIBIT H

## Peter DelVecchia Answers to Interrogatories

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

Case No: 2:19-CV-01322-KJD-NJK

PETER DELVECCHIA, et al.,

        Plaintiffs,

vs.

FRONTIER AIRLINES, INC., et al.,
        Defendants.
_____/

**PLAINTIFF PETER DELVECCHIA's ANSWERS AND OBJECTIONS
TO INTERROGATORIES FROM
<u>DEFENDANT FRONTIER AIRLINES, INC.</u>**

    Plaintiff Peter DelVecchia, pursuant to Federal Rule of Civil Procedure 33, hereby serves the following Answers and Objections to the Interrogatories served by Defendant Frontier Airlines, Inc.

1. State the full name, address, and date of birth of all your biological and adopted children.

**ANSWER:**
**Amanda DelVecchia (DOB 9/8/1990), 418 West Carver St., Durham, NC 27704**
**Gayle DelVecchia (DOB 4/27/1994), 503 Pebble Dr., Gibsonville, NC 27249**
**Abezu DelVecchia (DOB 3/9/2007), 503 Governor Dr., Hillsborough, NC 27278 (This name is subject to the Court's Protective Order entered in this civil action, as well as to the general rules regarding nondisclosure of names of minor parties)**

2. State the full name, address, and telephone number of your girlfriend on the date of the incident alleged in Plaintiffs' Complaint, and the date you began dating this person.

**ANSWER:**
**Alexis Franzese**
**1909 Chapman Court**
**Hillsborough NC 277278**
**(919) 699-3369**
**Started dating September 29, 2018**

**Plaintiff states: As noted above, this incident has caused significant stress for myself and my son, anxiety over the next incident and whether there may be undetected racism and another violent incident to follow, anxiety how to best care for my son, hyper-vigilant behavior out of anxiety and fear of his being hurt, sleeplessness and nightmares for both of us over this event are constant. I have not seen a professional to assist in coping, except to discuss the incident with AD's therapist for advice how to handle this for him.**

13. State any and all expenses you are claiming in this lawsuit. As to each expense or loss, state the date on which it was incurred, the name of the person, firm, or company to whom such amounts are owed, whether the expense or loss has been paid and if so, by whom, and the reason or purpose for each expense or loss.

**OBJECTION: The terms "expenses your are claiming in this lawsuit" and "expense or loss," in the context of the Interrogatory, are vague and subject to differing interpretations. This litigation is not solely about reimbursement of expenses incurred, although Plaintiffs reserve the right to introduce evidence of expenditures for medical treatment and therapy, as well as evidence of their legal fees recoverable under 42 U.S.C. §§1981 and 1988 and costs. To the extent the interrogatory is seeking an itemization of damages, compensatory and punitive damages will be assessed by the jury at trial, pursuant to the applicable law and the Court's jury instructions.**

14. Have you ever been a party to any other lawsuit? This Interrogatory includes all lawsuits that you, or anyone acting on your behalf, may have filed or that may have been filed against you, of any nature whatsoever, including personal injury, divorce, and bankruptcy. If yes, state the nature of the allegations of each lawsuit, the court in which each lawsuit was filed, the caption of each lawsuit, and the year and docket number of each lawsuit.

**ANSWER: No.**

15. State all facts and identify all documents that support your claim in Paragraph 23 of Plaintiffs' Complaint that Frontier acted out of racial animus and engaged in discriminatory conduct.

**OBJECTION: The selection of particular facts and documents "that support your claim" necessarily seeks disclosure of the mental processes of Plaintiffs' counsel, which are protected from discovery by work product immunity. Moreover, since defendants rarely declare their specific intentions behind their actions, racial animus is often proven through circumstantial evidence, not overt declarations or statements in documents. Discovery of the circumstances is ongoing. Subject to and without waiving the foregoing objection, Plaintiff states: In multiple statements made by the flight attendants, they identified us as unusual and decided to keep an eye on us, simply because I am white and my son is black. It would appear they spoke to the Captain about their conclusions that we were problematic even before Turner decided to assault me, and the Captain seconded their conclusions without conducting any investigation, simply because I am white and my son is black.  Based on the specifics of the behavior of Turner and the other flight attendants, and the flight crew, it is obvious their behavior is based on animosity toward a white adult traveling in the company of a black child.  They accused me of human trafficking and sex trafficking, accusing me of illegally transporting A.D. from one country or area to another, typically for the purposes of forced labor or sexual exploitation. Discovery is ongoing as to why they**

formed their conclusions – what facts and documents exist within the Frontier Airlines corporate structure and employee training programs that support their arriving at such conclusions and extreme measures even after being told that A.D. is my son. A.D. and I have previously encountered behavior that has been verbally abusive because of the color difference and in most cases it has been perpetrated by black people who have expressed racist comments and sometimes threats. Mr. Turner's conclusions appear racist, and it would be helpful to know how many same-colored father/son travelers he has assaulted or had arrested.

16. State all facts and identify all documents that support your claim in Paragraph 28 of Plaintiffs' Complaint that Frontier intended to cause you emotional distress.

**OBJECTION: The selection of particular facts and documents "that support your claim" necessarily seeks disclosure of the mental processes of Plaintiffs' counsel, which are protected from discovery by work product immunity. Moreover, since defendants rarely declare their specific intentions behind their actions, intent to cause emotional distress is often proven through circumstantial evidence, not overt declarations or statements in documents. Discovery of the circumstances is ongoing.**

17. Identify the facts and documents that support your allegations in Plaintiffs' Complaint that Frontier committed negligence, causing you to suffer injuries.

**OBJECTION: The selection of particular facts and documents "that support your allegations" necessarily seeks disclosure of the mental processes of Plaintiffs' counsel, which are protected from discovery by work product immunity. Moreover, this Interrogatory is vague because Plaintiffs have not pleaded a claim of negligence causing injuries; they have pleaded a claim of negligent infliction of emotional distress, which is a distinct tort from negligence. Plaintiff is not in possession of any documents supporting that claim other than the redacted copies of the statements given to law enforcement personnel by the flight attendants. Additional documents have been requested from Frontier but have not yet been received. Discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff states: There was no attempt to conduct due diligence by Frontier or any of its employees at any level before taking injurious actions against A.D. and me. Mr. Turner made no attempt to inquire into the father-son relationship between A.D. and me (which should have been indicated by the passenger manifest that he apparently did not consult) before he hit the back of my head so hard and aggressively that it caused me to suffer dizziness, disorientation, confusion, headaches, back pain and visual issues for the following week. At the time of my FBI questioning my back was in severe pain as was my head and I could not stand without assistance – this should be in the investigative files. At the time, I did not know what was wrong with me until I returned home to see a doctor. A.D. and I tried multiple times to clarify he is my son, but none of Frontier's employees would listen or investigate the facts before taking action, despite having a duty to do so. Mr. Turner should have known that I was asleep during the time that he accused me and struck me. The Frontier employees justified their behaviors claiming AD was nervous or anxious concluding it was because of his father, not from being taken forcefully against his will. To the extent that their actions were merely negligent instead of intentional and malicious, those actions caused injuries to me and to my son, as detailed above and in his own responses.**