Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(800) 391-3654
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, et al., | **Case No: 2:19-CV-01322-KJD-DJA** |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' REQUEST FOR LEAVE TO FILE REPLY** |
| FRONTIER AIRLINES, INC., et al., | |
| Defendants. | LR IB 3-1(a) |

    Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor, by counsel, hereby request leave pursuant to Local Rule IB 3-1(a) to file a Reply in support of their Rule 72(a) Objections to Magistrate Judge Albregts' recent discovery order (ECF No. 83). Local Rule IB 3-1(a) states, in relevant part, "Replies will be allowed only with leave of the court."

    In support of their request for leave to file a Reply, Plaintiffs state that Defendant Frontier's Response to the Objections filed today (ECF No. 104) begins with the following statement:

> Plaintiffs' distortion of the facts in the record is disconcerting. There is no evidence whatsoever that the flight attendants coordinated a racially discriminatory response to Plaintiffs' presence on the flight. A fair reading of the record reveals that Plaintiffs' own actions led Frontier's flight crew to take measures to protect A.D. from a perceived safety threat. Frontier will provide additional facts from the record to explain the history behind the discovery issues at bar and Judge Albregts' May 8, 2020 Order.

(ECF No. 104, at 2). Clearly, Frontier dislikes the summary of the evidence presented by Plaintiffs in support of their Objections. But it is just that—a *summary* of evidence derived from documents produced by Frontier itself and from sworn deposition testimony, principally from the mouths of its own employees. Labelling the summary "disconcerting" is argumentative and troubling: "disconcerting" means "disturbing to one's composure or self-possession, upsetting, discomfiting," www.dictionary.com (last accessed June 5, 2020), or having been thrown into confusion, *see*, https://www.merriam-webster.com/dictionary/disconcerting#other-words (last accessed June 5, 2020). Although the facts in this case are indeed disturbing, Frontier's suggestion that Plaintiffs have somehow attempted to confuse the factual basis for their arguments, and that a "fair reading" of the record would reveal a different story, deserves a reply. Plaintiffs have not distorted the record in any way, shape or form, but a Reply will demonstrate that Frontier, on the other hand, has done just that by cherry-picking self-serving statements from its employees that go against the weight of the other evidence. *Of course* the employees declared that Plaintiffs' race had no impact on their actions—they were well aware at the time they testified that claims against them and their employer based on race discrimination were the central focus of the case. There is good reason why Circuit Courts have held that direct evidence of race discrimination, such as an admission, is rarely ever available, *see, e.g., Hampton v. Dillard Dept. Stores*, 247 F.3d 1091, 1107-08 (10th Cir. 2001), *cert. denied*, 534 U.S. 1131 (2002). *Of course* the employees claimed that their motives were pure and based on supposedly race-neutral policies regarding perceived threats onboard flights. It is for the very reason that defendants facing discrimination allegations raise such defenses that the procedure announced in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), exists. But one of those policies relied upon was the Threat Levels, and Plaintiffs should be afforded an opportunity to establish, through evidence of other applications by Frontier employees of those Threat Levels, that their use in this case was pretexual. Frontier has severely distorted the record regarding the relevance of the Threat Levels, and Plaintiffs respectfully request leave to file a Reply to demonstrate the distortions so that the Court can rule fairly on the Objections.

DATED this 5th day of June, 2020.

    /s/ John D. McKay
John D. McKay (admitted *pro hac vice*)
PARK AVENUE LAW LLC
127 W. Fairbanks Ave., No. 519
Winter Park, FL 32789
johndmckayatty@gmail.com
(800) 391-3654

Timothy R. Titolo (Nev. Bar. No. 3617)
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

**Attorneys for Plaintiffs Peter DelVecchia And A.D., a Minor**