CHARLES A. MICHALEK
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
       tshelke@amm-law.com
       mmartin@amm-law.com

***Attorneys for Defendants FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE***

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| *Plaintiff*, | |
| v. | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, | |
| *Defendants*. | |

## DEFENDANTS' MOTION TO STRIKE
## PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF NO. 106)

Defendants FRONTIER AIRLINES, INC. ("Frontier"), SCOTT WARREN ("FA Warren"), and REX SHUPE ("Captain Shupe") (collectively "Defendants"), by their undersigned counsel, submit this Motion to Strike Plaintiffs' Second Amended Complaint (ECF No. 106), pursuant to Fed. R. Civ. P. 12(f)(2). Defendants' Motion is premised on the attached

Memorandum of Points and Authorities, the pleadings on file, and any oral argument this Court may permit.

Date: June 23, 2020

Respectfully submitted,

**FRONTIER AIRLINES, INC.,
SCOTT WARREN, and REX SHUPE**

By: */s/ Tara Shelke*
Brian T. Maye *(admitted pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
   tshelke@amm-law.com
   mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This civil lawsuit arises from an incident that occurred on March 28, 2019 onboard Frontier Flight 2067 from Raleigh, North Carolina to Las Vegas, Nevada. On August 1, 2019, Plaintiffs Peter DelVecchia and A.D., a minor through next friend Peter DelVecchia (collectively "Plaintiffs") filed their 15-page, six-count Complaint against Frontier and John Does 1 through 5 (alleged to be the unknown flight attendants and Captain of Flight 2067). (ECF No. 1).

Most recently, on June 9, 2020, Plaintiffs filed a 24-page, seven-count Second Amended Complaint against Frontier, FA Warren, and Captain Shupe, seeking compensatory and punitive damages for an alleged violation of 42 U.S.C. §1981 (Count I), intentional infliction of emotional distress ("IIED") (Count II), negligence (Count III), false imprisonment/unlawful detention (Count IV), battery and sexual assault (Count V), defamation (Count VI), and negligent infliction of emotional distress ("NIED") (Count VII). (ECF No. 106.) This Court should strike Plaintiffs' Second Amended Complaint in its entirety because Plaintiffs were never given leave to amend the "Particulars of the Claim" paragraphs of the First Amended Complaint (ECF No. 68, ¶¶10-21), the allegations in Counts I-V of the First Amended Complaint, or to plead a negligence claim, and Plaintiffs' chance to amend their NIED claim pleaded in their original Complaint (ECF No. 1) expired when they filed their First Amended Complaint (ECF No. 68) and chose not to re-plead the NIED claim.

## II.  RELEVANT PROCEDURAL HISTORY

The relevant procedural history is as follows:

1. On August 1, 2019, Plaintiffs filed their Complaint against Frontier and John Does 1 through 5. (ECF No. 1).

2. On August 29, 2019, Frontier filed a Partial Motion to Dismiss and Partial Motion to Strike Plaintiffs' Complaint. (ECF Nos. 10, 11.)

3

3. On November 20, 2019, Plaintiffs filed a Motion for Leave to Amend the Complaint seeking leave to name the flight crew (two pilots and four flight attendants) as individual defendants to the lawsuit. (ECF No. 39.) Plaintiffs attached their proposed Amended Complaint to their motion. (ECF No. 39-1.)

4. On December 4, 2019, Frontier filed its Opposition to Plaintiffs' Motion for Leave to Amend the Complaint. (ECF No. 49.)

5. On December 5, 2019, Plaintiffs filed their Reply in Support of Motion for Leave to Amend. (ECF No. 51.)

6. On March 24, 2020, this Court ruled on Frontier's Partial Motions to Dismiss and Strike and Plaintiffs' Motion for Leave to Amend, granting Frontier's Motion to Dismiss Plaintiffs' NIED and false light invasion of privacy claims, and granting Plaintiffs' Motion for Leave to Amend the Complaint to name the Doe defendants who were previously unknown to Plaintiffs. (ECF No. 67.) The Court also granted Plaintiffs leave to amend their NIED claim. (ECF No. 67, p.5.)

7. With leave from this Court, on March 30, 2020, Plaintiffs filed their First Amended Complaint, which added Scott Warren, Chelsie Bright Sakurada, Anna Bond, Amanda Nickel, Rex Shupe, and Shawn Mullin as defendants and made specific factual and legal allegations against them. (ECF No. 68.) In their 14-page, five-count First Amended Complaint, Plaintiffs sought compensatory and punitive damages for an alleged violation of 42 U.S.C. §1981 (Count I), intentional infliction of emotional distress (Count II), false imprisonment/unlawful detention (Count III), battery and sexual assault (Count IV), and defamation (Count V). *Id.* Plaintiffs did *not* plead an amended NIED claim, despite being granted leave to do so. *Id.*; (ECF Nos. 68, 67, p.5.)

8. On April 13, 2020, Frontier filed its Answer to Plaintiffs' First Amended Complaint. (ECF No. 78.)

9. On May 28, 2020, Captain Shupe and FA Warren each filed their Answers to Plaintiffs' First Amended Complaint. (ECF Nos. 96, 97.)

10. Finally, on June 9, 2020, without seeking leave of this Court, Plaintiffs filed their Second Amended Complaint, which pleads entirely new and/or significantly expanded factual allegations, their first ever negligence claim in this case, and a new NIED claim.

### III. LEGAL STANDARD

> Two separate sources of authority empower federal courts to strike a pleading. First, pursuant to [the] Federal Rules of Civil Procedure, the court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. … Second, the court may strike an improper filing under its inherent power over the administration of its business. Motions to strike under the inherent power, as with Rule 12(f), are wholly discretionary.

*Jones v. Skolnik*, No. 3:10-cv-00162-LRH-VPC, 2015 U.S. Dist. LEXIS 20225, *4-5 (D. Nev., Feb. 18, 2015). "Included in the court's inherent power to control its docket, is the power to strike items from the docket as a sanction for litigation conduct." *Almy v. Davis*, No. 2:12-cv-00129-JCM-VCF, 2014 U.S. Dist. LEXIS 24266, *13 (D. Nev. Feb. 25, 2014). "The court may, by extension, strike a document filed in violation of the Court's local procedural rules." *Tagle v. Bean*, No. 2:15-cv-01402-JAD-VCF, 2017 U.S. Dist. LEXIS 84067, *6 (D. Nev. June 1, 2017). *See also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991). ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading.")

### IV. ARGUMENT

As applicable here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule of Practice LR 15-1 delineates this Court's procedure to amend a pleading. Local Rule of Practice LR 7-2(g) provides, "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." A document not allowed by the Local Rules "or otherwise permitted by order of

this Court is a fugitive document and must be stricken from the record." *Almy*, No. 2:12-cv-00129-JCM-VCF, 2014 U.S. Dist. LEXIS 24266 at *15 (citing *Reiger v. Nevens*, No. 3:12-cv-00218-MM-VPC, 2014 U.S. Dist. LEXIS 15912, *7 (D. Nev. Feb. 7, 2014)).

Here, Plaintiffs did not obtain leave from this Court to amend their First Amended Complaint. Plaintiffs were not granted leave, and were not otherwise authorized by federal or local pleading rules, to expand upon the factual allegations, amend the existing Counts I-V, or to plead a new negligence claim and a new NIED claim. Without obtaining leave of Court, Plaintiffs filed a Second Amended Complaint that is 10 pages longer than the First Amended Complaint. (ECF Nos. 106, 68.) In their unauthorized Second Amended Complaint, Plaintiffs amend every single paragraph save four, between Paragraphs 10 and 43. *Id.* Plaintiffs also add 19 new paragraphs, a new negligence claim, and a new NIED claim. (ECF No. 106.) Additional yet, Plaintiffs add factual allegations to their §1981, IIED, false imprisonment/unlawful detention, battery and sexual assault, defamation, and punitive damages claims. Not only do Plaintiffs' ten additional pages of new allegations lack this Court's authorization, but if allowed to stand, they would confuse and recast prior allegations this Court has already dismissed. Accordingly, Plaintiffs' attempt to circumvent the Orders previously entered against them is futile. Relitigating the issues raised by these new allegations would serve essentially to set aside the Court's Orders and invite a waste of judicial resources and prejudice to Frontier. The allowance of Plaintiffs' unauthorized, surprise, disguised allegations would in some ways lead the Court and the parties back to Square One.

This Court should strike the new factual allegations and newly pleaded causes of action, because Plaintiffs did not have leave to file them and did not have good cause to do so. Plaintiffs have not demonstrated that they were unable to plead these new factual allegations and the new negligence claim previously in either their original or amended complaint, or what good cause, if any, exists to allow such extensive and new amendments to the pleadings this far into the

litigation. Although Fed. R. Civ. P. 15(a) instructs that leave to amend shall be freely given, here, considerations of undue delay and futility weigh heavily against Plaintiffs' amendment for which leave was never given. This case has been pending for almost eleven months. Extensive written and oral discovery has been conducted. If Plaintiffs were now allowed to add entirely new factual allegations and claims, Defendants would be significantly prejudiced, discovery deadlines would likely have to be further extended, and Plaintiffs would need to be re-deposed to examine the new theories espoused in their unauthorized Second Amended Complaint.

As to the NIED claim, any argument from Plaintiffs that this Court granted them leave to amend the claim is without merit, because Plaintiffs availed themselves of the opportunity to amend their pleading when they filed their First Amended Complaint on March 30, 2020. (ECF No. 68.) In their First Amended Complaint, Plaintiffs chose to name the in-flight/cabin crew members individually as defendants to the lawsuit; and at that time, Plaintiffs also chose not to amend their NIED claim. *Id.* "If the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading." Local Rule of Practice LR 15-1(b). Plaintiffs' chance to amend their NIED claim has expired.

Since Plaintiffs did not obtain leave to amend their First Amended Complaint, and if allowed to stand, Plaintiffs' new allegations would be futile and require significant additional discovery, this Court should strike Plaintiffs' Second Amended Complaint in its entirety.

*[Remainder of page intentionally left blank.]*

## V. CONCLUSION

WHEREFORE, Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe respectfully request that this Court strike Plaintiffs' Second Amend Complaint in its entirety and order any further relief this Court deems necessary and proper.

Date: June 23, 2020

Respectfully submitted,

**FRONTIER AIRLINES, INC.,
SCOTT WARREN, and REX SHUPE**

By: */s/ Tara Shelke*
Brian T. Maye *(admitted pro hac vice)*
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
   tshelke@amm-law.com
   mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2020, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Tara Shelke*