CHARLES A. MICHALEK
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
       tshelke@amm-law.com
       mmartin@amm-law.com

*Attorneys for Defendants* FRONTIER AIRLINES, INC., SCOTT WARREN, *and* REX SHUPE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| *Plaintiff*, | |
| v. | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, | |
| *Defendants*. | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**COUNTS III AND VII OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants FRONTIER AIRLINES, INC. ("Frontier"), SCOTT WARREN ("FA Warren"), and REX SHUPE ("Captain Shupe") (collectively "Defendants"), by their undersigned counsel, submit this Partial Motion to Dismiss Counts III (negligence) and VII (negligent infliction of emotional distress) of Plaintiffs' Second Amended Complaint (ECF No.

106), pursuant to Fed. R. Civ. P. 12(b)(6). Defendants' Motion is premised on the attached Memorandum of Points and Authorities, the pleadings on file, and any oral argument this Court may permit.

Date: June 23, 2020                                   Respectfully submitted,

                                                  **FRONTIER AIRLINES, INC.,
SCOTT WARREN, and REX SHUPE**

By: */s/ Tara Shelke*
Brian T. Maye *(*admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
        tshelke@amm-law.com
        mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This civil lawsuit arises from an incident that occurred on March 28, 2019 onboard Frontier Flight 2067 from Raleigh, North Carolina to Las Vegas, Nevada. On June 9, 2020, Plaintiffs Peter DelVecchia ("Peter") and A.D., a minor through next friend Peter DelVecchia (collectively "Plaintiffs") filed their seven-count Second Amended Complaint against Frontier, FA Warren, and Captain Shupe seeking compensatory and punitive damages for an alleged violation of 42 U.S.C. §1983 (Count I), intentional infliction of emotional distress ("IIED") (Count II), negligence (Count III), false imprisonment/unlawful detention (Count IV), battery and sexual assault (Count V), defamation (Count VI), and negligent infliction of emotional distress ("NIED") (Count VII). (ECF No. 106.)

This Court should dismiss Counts III (negligence) and VII (NIED) of Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), because they fail to state claims upon which relief can be granted. Contemporaneous with this motion, Defendants have filed a Motion to Strike Plaintiffs' Second Amended Complaint. (ECF No. 107.)

**II.   LEGAL STANDARD**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Washington v. Certainteed Gypsum, Inc.*, No. 2:10-cv-00204-GMN-LRL, 2011 U.S. Dist. LEXIS 94920, at *8 (D. Nev. Aug. 24, 2011) (citing *Bell Atl. Corp.*, 550 U.S. at

3

555.) To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief." *Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, 238 F. Supp. 3d 1257, 1265 (D. Nev. 2017).

### III.  ARGUMENT

***A.   This Court should dismiss Plaintiffs' negligence claim (Count III) because it does not state a claim upon which relief can be granted.***

"To bring a negligence claim in Nevada, a plaintiff must show that (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the actual and proximate cause of the plaintiff's injuries; and (4) plaintiff was injured." *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009) (citing *Scialabba v. Brandise Constr. Co., Inc.*, 112 Nev. 965, 968 (1996)).

Here, Plaintiffs allege that "Frontier is a common carrier and therefore [was] bound to use the utmost care and diligence," that FA Warren and Captain Shupe "were also bound to use the utmost care and diligence," or in the alternative, owed them a duty of reasonable care, and that Captain Shupe was "the pilot in command" and "had a duty not to operate the aircraft in a careless or reckless manner so as to endanger the life or property of another." (ECF No. 106, ¶¶31-33.) Plaintiffs then assert that Defendants breached these duties by allegedly placing Peter and A.D. under surveillance, accusing Peter of human trafficking and sexual misconduct, striking Peter, re-seating A.D., mocking and shouting at Peter, and arranging for police and FBI to meet the aircraft upon arrival in Las Vegas. *Id.* at 34.

Plaintiffs have taken the various *intentional* acts that provide the basis for their existing claims (§1981, IIED, battery, false imprisonment, and defamation) and thrown them all together into a new claim erroneously called "negligence." This claim, however, is defective in that (1) it is based entirely on intentional conduct, (2) none of the alleged conduct amounts to a breach of duty, and (3) the alleged conduct did not result in physical injuries, except for the alleged striking of Peter, which has already been pleaded as a battery claim. Therefore, this Court should dismiss Count III of Plaintiffs' Second Amended Complaint.

### 1. *Plaintiffs have only alleged intentional conduct.*

Plaintiffs plead this problematic catchall "negligence" claim, alleging facts that are incongruent with a negligence theory of liability. Plaintiffs have alleged that Defendants placed them under surveillance, accused Peter of human trafficking and sexual misconduct, struck Peter, re-seated A.D., mocked and shouted at Peter, and arranged for police and FBI to meet the aircraft upon arrival in Las Vegas. (ECF No. 106, ¶34.) Each of these allegations asserts an instance of intentional conduct, which is the same alleged intentional conduct that provides the basis for the existing claims in Plaintiffs' First Amended Complaint. These allegations do not state a claim for negligence against any of the Defendants.

Although Plaintiffs style this cause of action as "negligence," the conduct described in this cause of action is *not* negligent conduct; it is intentional conduct. Plaintiffs base their §1981, IIED, battery, defamation, and false imprisonment claims off of the same intentional conduct. However, "[a]ny given act may be intentional or it may be negligent, but it cannot be both. Intent and negligence are regarded as mutually exclusive grounds for liability." *Allen v. Clark Cty. Det. Ctr.*, No. 2:10-cv-00857-RLH-GWF, 2012 U.S. Dist. LEXIS 14260, at *7-8 (D. Nev. Feb. 6, 2012) (citing Dan B. Dobbs, The Law of Torts, §26.) Therefore, because Plaintiffs' negligence claim is borne only from alleged intentional conduct, this Court should dismiss Plaintiffs'

5

negligence claim (Count III). *See Delvecchia v. Frontier Airlines*, No. 2:19-cv-01322-KJD-NJK, 2020 U.S. Dist. LEXIS 53863, at *8 (D. Nev. Mar. 24, 2020).

### 2.  *There is no breach of duty.*

Plaintiffs claim that Defendants breached a duty owed to them by surveilling them, accusing Peter of sexual misconduct, re-seating A.D., mocking and shouting at Peter, and arranging for law enforcement to meet the aircraft upon arrival in Las Vegas. These alleged acts, however, do not amount to negligence. Indeed, air carriers are obligated to observe passengers, notify law enforcement of suspected criminal conduct, and, in many instances, re-seat passengers. For example, by Congressional mandate, "flight attendants employed or contracted by … air carrier[s must receive] initial and annual training regarding … recognizing and responding to potential human trafficking victims." *See* 49 U.S.C. §44734(a)(4).

Additionally, through the granting of qualified immunity to air carriers that identify and report suspected crimes, federal law promotes the very conduct that Plaintiffs allege constitutes negligence. Pursuant to 6 U.S.C. §1404(a), air carriers are entitled to immunity for reports of suspected terrorist activity or suspicious behavior, provided that the report is made in good faith and based on objectively reasonable suspicion. Similarly, the Aviation and Transportation Security Act (ATSA), 49 U.S.C. §44941, states that "Any air carrier … who makes a voluntary disclosure of any suspicious transaction relevant to a possible violation of law or regulation, relating to air piracy, a threat to aircraft or passenger safety, or terrorism, .. [to] any Federal, State, or local law enforcement officer, or any airport or airline security officer shall not be civilly liable to any person under any law or regulation." These statutes are based upon public policy that favors the reporting of suspicious behavior to law enforcement. *See, e.g., Hirtzinger v. Pinnacle Airlines, Inc.*, No. 06-CV-1609 (PJS/RLE), 2008 U.S. Dist. LEXIS 25113 (D. Minn. Mar. 27, 2008).

In short, there does not exist a common law duty that prohibits air carriers from observing passengers, re-seating passengers, communicating with passengers, or communicating with law enforcement. Plaintiffs have failed to allege facts that establish a breach of duty; and, on this basis alone, this Court should dismiss their negligence claim (Count III).

### 3.   *Plaintiffs have not alleged any physical injuries.*

Plaintiffs have not alleged facts that establish they suffered any physical injuries as a result of the alleged negligent conduct. As such, this claim can only survive if Plaintiffs have pleaded the requisite facts to establish a negligent infliction of emotional distress claim.

To recover for negligent infliction of emotional distress under Nevada law, Plaintiffs must establish that they either suffered a physical impact or "serious emotional distress" causing physical injury or illness. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 448 (Nev. 1998) ("We … hold that, in cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of "serious emotional distress" causing physical injury or illness must be presented.")

Here, Plaintiffs have not alleged any facts that establish a cognizable NIED claim. Instead, "Plaintiffs have failed to adduce the necessary allegations of negligence, and a causative link between a physical impact or serious emotional distress and injury. Further, all of Plaintiffs' factual allegations assert that Defendants' conduct was intentional." *Delvecchia,* No. 2:19-cv-01322-KJD-NJK, 2020 U.S. Dist. LEXIS 53863, at *8. Accordingly, this Court should dismiss Plaintiffs' negligence claim (Count III).

**B.   This Court should dismiss Plaintiffs' NIED claim (Count VII) because it does not state a claim upon which relief can be granted.**

The Nevada Supreme Court has set forth the following elements required to establish a cause of action for NIED: "the witness-plaintiff must prove that he or she (1) was located near

7

the scene; (2) was emotionally injured by the contemporaneous sensory observance of the accident; and (3) was closely related to the victim." *Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 934 (D. Nev. 2010). "To recover for negligent infliction of emotional distress under Nevada law, [the plaintiff] must … establish that he/she either suffered a physical impact or serious emotional distress causing physical injury or illness." *Alexander v. Falk*, No. 2:16-cv-02268-MMD-GWF, 2019 U.S. Dist. LEXIS 132201, at *27 (D. Nev. Aug. 7, 2019). "[I]n cases where emotional distress damages are not secondary to physical injuries, … proof of serious emotional distress causing physical injury or illness must be presented." *Barmettler,* 114 Nev. at 448. The emotional distress inflicted must be manifested as a physical injury where, "the negligent act is alleged to have been committed directly against the plaintiff." *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 482 (1993).

Plaintiffs pleaded NIED in their original complaint against Frontier. (ECF No. 1.) This Court dismissed that claim, holding that "Plaintiffs … failed to adduce the necessary allegations of negligence, and a causative link between a physical impact or serious emotional distress and injury." (ECF No. 67, p.5.) This Court also found that, "all of Plaintiffs' factual assertions assert that Defendants' conduct was intentional" and that the claim contained "mere mechanical recitations of elements too attenuated from facts." *Id.*

In their Second Amended Complaint, Plaintiffs now attempt to re-plead their NIED claim. However, Plaintiffs have not cured the deficiencies in their previous iteration of the claim, requiring that the NIED allegations be stricken[1] or dismissed for the reasons previously explained by this Court.

In their "new" NIED claim on behalf of A.D., Plaintiffs allege that A.D. was asleep in the

---

[1] Contemporaneous with this motion, Defendants have filed a Motion to Strike Plaintiffs' Second Amended Complaint (ECF No. 107), which includes the NIED allegations addressed by the instant motion.

close vicinity of Peter, who was also asleep with his head resting forward on the seat in front of him. (ECF No. 106, ¶6-7.) Plaintiffs aver that Peter was abruptly awoken when FA Warren allegedly punched, shoved, and/or hit him at the base of his skull and on the back of his neck with enough force to cause a concussion. *Id.* at ¶¶7-8. Despite being asleep, Plaintiffs allege, "A.D. was in the close vicinity of Peter when those injuries occurred, and witnessed them," which allegedly resulted in severe emotional distress. *Id.* at ¶¶52-53. Plaintiffs thus inconsistently allege that A.D. was asleep yet witnessed harm to his father. On its face, this pleading must be dismissed for failing to state a claim upon which relief may be granted because by their very pleading, Plaintiffs admit that A.D., who was <u>asleep</u>, could not have been injured by the requisite "contemporaneous sensory observance" of the alleged <u>sudden</u> striking of his father. *Kennedy*, 727 F. Supp. 2d at 934. It is beyond question that the acts of sleeping and witnessing are mutually exclusive. Plaintiffs do not, and cannot, be heard to plead that A.D. was both asleep and a witness to the subject event. *Id.*

      As to Peter, Plaintiffs allege that, although he was also asleep initially, Peter "was in the close vicinity of A.D. when those injuries occurred, and witnessed them." (ECF No. 106, ¶55.) Plaintiffs do not define "those injuries" in their NIED claim, but in the Particulars of the Claim section of their Complaint, they allege Defendants took A.D. out of his seat and moved him to the aft of the aircraft, would not let him return to his seat next to Peter, and placed an able-bodied passenger in the aisle seat next to A.D. to block his return. *Id.* at ¶¶8-9. There is no allegation that A.D. was injured so as to be the "victim" of an "accident," as required by Nevada law, when the FA Warren asked A.D. to change seats. *Kennedy*, 727 F. Supp. 2d at 934. Accordingly, Plaintiffs' Second Amended Complaint does not, and cannot, state a cause of action for NIED.

      To the extent that Plaintiffs allege A.D. was injured when, after A.D. had moved to the aft of the aircraft and FA Warren there demonstrated how Peter had touched A.D., under the law, Peter clearly cannot recover for NIED because there is not, and cannot be, any allegation that

9

Peter, "(1) was located near the scene; [and] (2) was emotionally injured by the contemporaneous sensory observance of the accident." *Kennedy*, 727 F. Supp. 2d at 934. Instead, it is beyond dispute that, when FA Warren explained his observations of Peter's hand on A.D., Peter was in his original seat, well forward of the rear of the aircraft where A.D. was moved.

Additionally, and alternatively, the NIED claims of both Plaintiffs must fail because there is no allegation in Plaintiffs' Second Amended Complaint that either of them experienced physical manifestations resulting from the alleged emotional distress of witnessing the other being harmed/moved, which is a prerequisite to recovery under Nevada law. *Barmettler*, 114 Nev. at 448.

Moreover, even if Plaintiffs' allegations could somehow withstand the scrutiny of Nevada law as discussed above, they still cannot state a cause of action for NIED. First, Plaintiffs' factual allegations assert only intentional conduct. Allegations that Defendants engaged solely in intentional conduct (striking Peter and reseating A.D.) cannot support a claim for negligence. Plaintiffs have not cured the pleading defect previously identified by this Court. Thus, for the reasons previously explained by this Court in dismissing Plaintiffs' NIED claims the first time, the Court should dismiss Plaintiffs' "new" NIED claims, too.

For these reasons, this Court should dismiss Count VII (NIED) of Plaintiffs' Second Amended Complaint.

*[Remainder of page intentionally left blank.]*

## IV.   CONCLUSION

WHEREFORE, Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe respectfully request that this Court grant their Partial Motion to Dismiss Counts III (negligence) and VII (negligent infliction of emotional distress) of Plaintiffs' Second Amended Complaint and order any further relief this Court deems necessary and proper.

Date: June 23, 2020

Respectfully submitted,

**FRONTIER AIRLINES, INC.,**
**SCOTT WARREN, and REX SHUPE**

By: */s/ Tara Shelke*
Brian T. Maye *(admitted pro hac vice)*
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
            tshelke@amm-law.com
            mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
& MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2020, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Tara Shelke*