Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(800) 391-3654
johndmckayatty@gmail.com

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| PETER DELVECCHIA, *et al.*, | ) | **Case No: 2:19-CV-01322-KJD-DJA** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **PLAINTIFFS' OPPOSITION TO** |
| | ) | **DEFENDANTS' MOTION TO STRIKE** |
| | ) | **(ECF No. 107)** |
| FRONTIER AIRLINES, INC., *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor, by

counsel, hereby file this Opposition to Defendants' Motion to Strike the Second Amended Complaint

(ECF No. 107). For the reasons set forth below, the Motion should be denied.

<u>ARGUMENT</u>

I.  **Neither the Federal Rules of Civil Procedure Nor This Court's Local Rules
    Support Defendants' Motion to Strike**

### A.   Motions to strike are disfavored

Federal courts generally view motions to strike with disfavor. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1380 (3d ed. 1990). In fact, striking a party's pleadings is viewed as "an extreme and disfavored measure," *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007), and accordingly, motions to strike under Fed. R. Civ. P. 12(f) are "infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic. " *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *see also Capella Photonics*, *Inc*. *v. Cisco Sys*., *Inc*., 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("'Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings.").

### B.   Defendants have failed to carry their burden under Rule 12(f)

Defendants' Motion states in its opening sentence that the Court should strike Plaintiffs' Second Amended Complaint (ECF No. 106) "pursuant to Fed. R. Civ. P. 12(f)(2)." Mot. to Strike (ECF No. 107), at 1. However, the Argument section of their Memorandum in Support does not contain any argument asserting that any of the content of the Second Amended Complaint meets Rule 12(f)'s criteria of "redundant, immaterial, impertinent or scandalous matter."

The standard to strike under Rule 12(f) is strict, *see In re Cantanella and E.F. Hutton and Co., Inc. Securities Litigation*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984), and the burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp*. *& Health Care Ctrs*., 2 F. Supp. 2d 1028 (N.D. Ill. 1998). "Even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the

surplusage will prejudice the adverse party." *Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d. 529, 534 (E.D. Pa. 2013) (internal citations omitted). Defendants have failed to carry their initial burden of showing that any portion of Plaintiffs' Second Amended Complaint contains "redundant, immaterial, impertinent or scandalous matter," and they have also not shown how the allegations made in the Second Amended Complaint will result in prejudice to them.

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (2d ed. 1990). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. at 711. Although Defendants have not identified any specific allegations of the Second Amended Complaint that they argue are immaterial or impertinent, and may not do so for the first time in a reply, *see Swartz v. KMPG LLP,* 476 F.3d 756, 763 (9th Cir. 2007)(arguments raised for the first time in a reply are waived), all of the allegations added in the amended pleading either clarify prior allegations based on subsequent deposition testimony of parties and witnesses or provide foundation for Plaintiffs' negligence claims as specifically permitted by the Court's March 24, 2020 Order (ECF No. 67), as discussed *infra*. They are therefore related and necessary to the issues presented. Allegations should be stricken as scandalous "only if they are irrelevant and 'degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court." *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (citing *Foster v. Pfizer,* No. 00-1287-JTM, 2000 WL 33170897, at *3 [D. Kan. Dec. 12, 2000]). None of the allegations meet those criteria and, most importantly, Defendants have made no argument that any allegations do, or that they are prejudiced by any allegations. Defendants have therefore failed to establish any grounds for striking the Second Amended Complaint under the authority of Fed. R. Civ. P. 12(f)(2).

**C.**     <u>**Plaintiffs followed the Federal Rules and the Local Rules**</u>

Instead, Defendants abandon their Motion's stated grounds and proceed instead entirely on the basis of an argument that the Court should exercise its discretionary inherent powers to strike the Second Amended Complaint because Plaintiffs did not follow the requirements of Fed. R. Civ. P. 15(a)(2) and/or the Court's Local Rules. *See,* ECF No. 107 at 5-7. Those asserted grounds for the exercise of those powers are factually and procedurally incorrect, however, because Plaintiffs did comply with all relevant provisions of Federal Rule 15 for amending the pleading, and followed the Local Rules to the letter.

To the extent that Defendants' convoluted argument is capable of being followed, it appears to be based on a premise that Plaintiffs' filing of their (First) Amended Complaint on March 30 without the NIED count (because it had been dismissed by the Court's March 24 Order) somehow barred them from ever amending that count, despite the fact that the Court explicitly granted Plaintiffs leave to amend in the March 24 Order, *see* ECF No. 67, at 5 ("this claim is dismissed with leave to amend"); *see also* Argument Section II *infra*. However, the (First) Amended Complaint was filed on the explicit authority of Section G of the March 24 Order, which granted Plaintiffs' Motion to Amend that had been filed over four months earlier (ECF No. 39). As the Court noted in its Order, "[Plaintiffs] seek[ ][1] leave to amend the original complaint to name the Doe defendants who were previously unknown. The Court finds no sufficient bar to the proposed amendment. . . . The motion to amend is granted." ECF No. 67, at 7. In compliance with Local Rule 15-1, Plaintiffs had attached the proposed First Amended Complaint to their motion when it was filed in November, 2019. That Local Rule states:

> (a)     Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of

---

[1] The text of the Order incorrectly states "Defendant seeks".

itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.

(b)      If the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading.

Following Local Rule 15-1(b) to the letter, after seeing that the Court had granted their motion to amend, Plaintiffs filed and served the exact amended pleading that had been attached to that motion, with the only change being the deletion of the NIED count that the Court had dismissed in the same Order. Heeding the Court's warning in the Order that, "[h]owever, the Court notes that failure to find individual liability may result in an award of attorney's fees to the prevailing party," *see* ECF No. 67, at 7, Plaintiffs' counsel then started discussions with defense counsel to drop some of the individual Defendants named in the (First) Amended Complaint, based on the fact that depositions of all of the flight attendants and both pilots had taken place between the time the motion to amend was filed and the Court's ruling on it, and the facts disclosed in those depositions suggested that some of the employees might be less likely than others to be found individually liable at trial. Plaintiffs' plan was to file a Second Amended Complaint omitting some of the Defendants and amending the negligence allegations once those discussions with defense counsel had reached fruition, the Defendants had been dropped from the case by a procedurally appropriate mechanism, and Plaintiffs had conducted additional research on Nevada negligence law. After concluding that the individual Defendants could be dropped from the case by the filing of Rule 41(a) dismissals in the Ninth Circuit (something that is not permitted in some other Circuits, which instead require dropping parties under Rule 21), and conducting the additional research, Plaintiffs filed their Rule 41(a) dismissals of all but two of the individually named Defendants, and then followed their dismissal with the filing of their Second Amended Complaint.

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Court specifically granted Plaintiffs leave to amend their negligence allegations against Defendants when it dismissed the original NIED count "with leave to amend," ECF No. 67, at 5, after noting that the original complaint alleged only intentional conduct, *see id*. Defendants' arguments that the Second Amended Complaint containing the negligence allegations is somehow "unauthorized" are therefore unfounded—the Court's March 24 Order specifically authorized an amendment containing negligence allegations. Their argument that Plaintiffs' time to amend has somehow "expired" is made without any citation to authority holding that a Court's leave to amend evaporates after a certain period of time (and Plaintiffs are aware of no such authority). Moreover, as noted in Section III, *infra*, Defendants' argument is at odds with their counsel's communications with Plaintiffs' counsel about the filing of a Second Amended Complaint.

Thus, although Defendants seem to be arguing that the Court should "sanction" Plaintiffs for "violation of the Court's local procedural rules," *see* ECF No. 107, at 5, they have not shown and cannot show that Plaintiffs have violated any rules. Their arguments that they are somehow prejudiced by the additional allegations of the Second Amended Complaint are unsubstantiated and insubstantial. The Second Amended Complaint's factual allegations describe the same events as were described in the original Complaint and the (First) Amended Complaint, albeit in alternative negligence terms, discussing duties owed and breached, foreseeability and resultant harm that is the same harm alleged in the intentional claims. The NIED count (Count III of the original Complaint) had not been dismissed at the time that Defendants took the depositions of Plaintiffs,[2] so their claim that they will have to re-take those depositions because of the negligence allegations is unfounded— Plaintiffs were seeking relief on a negligence theory at the time those depositions were taken. The

---

[2] Defendants took Peter DelVecchia's deposition on November 19, 2019, and A.D.'s deposition on January 28, 2020. The Court dismissed Plaintiffs' original NIED count on March 24, 2020.

negligence counts of the Second Amended Complaint merely break the original NIED count into a bystander claim and a standard negligence claim pursuant to Nevada case law.

## II.     The Court Granted Leave To Amend In Its March 24, 2020 Order

In its March 24, 2020 Order ruling on Defendants' Motions to Dismiss and Strike the original Complaint (ECF Nos. 6, 10 and 11) and Plaintiffs' Motion to Amend the original Complaint (ECF No. 39), the Court granted Defendants' motion to strike Plaintiffs' negligent infliction of emotional distress (NIED) claim (former Count III) after noting that "Plaintiffs have failed to adduce the necessary allegations of negligence, and a causative link between a physical impact or serious emotional distress and injury." ECF No. 67, at 5. The Court also noted that all of the original Complaint's factual allegations described intentional conduct. *Id.* The Court held, "[a]ccordingly, this claim [the NIED Count] is dismissed **with leave to amend**." *Id.* (emphasis added). Thus, the Court clearly granted leave to amend.

Relying on that grant of leave, Plaintiffs added a significant number of factual allegations supporting claims of negligence to their Second Amended Complaint, and rewrote the NIED Count, comprising most of the ten pages of additional text about which Defendants now take issue, *see* ECF No. 107, at 6. After adding the factual descriptions of the same conduct and occurrences couched in terms of negligence, and recognizing the limited scope of a NIED claim under Nevada law, Plaintiffs also added a basic negligence Count to the Second Amended Complaint. That is entirely consistent with Nevada case law limiting NIED to bystander claims but allowing for general negligence claims.

## III.     In The Alternative, Defendants Gave Written Consent For The Amendment

Even assuming, *arguendo*, that Plaintiffs could not rely on the plain language of the Court's March 24 Order granting them leave to amend, defense counsels' written communications with Plaintiffs' counsel demonstrate Defendants' consent to the filing of the Second Amended Complaint

with its negligence allegations. Rule 15(a)(2) explicitly authorizes the filing of an amended pleading "with the opposing party's written consent." Counsel conducted a discussion by email between May 15, 2020 and May 20, 2020 concerning the need for a stipulation to further extend the Court's pretrial deadlines by 120 days due to the Covid-19 pandemic's travel restrictions. During that discussion, counsel for Plaintiffs, John McKay, informed counsel for Defendants, Tara Shelke, that he would like to include in the stipulation an extension of the deadline to file motions to amend the pleadings "since Judge Dawson's recent order dismissed the NIED count 'with leave to amend.'" *See* Exhibit A hereto at 1. Ms. Shelke sent Mr. McKay at draft stipulation on May 19, inviting edits by redline. *See id.* at 2. Mr. McKay provided a redline of the draft to Ms. Shelke that same day, suggesting the addition of an extension for the deadline to file motions to amend, and indicating in a footnote Plaintiffs' intent to file a motion to further amend the (First) Amended Complaint to replead the negligence count. *See id.* at 3-5. Ms. Shelke responded on May 20, in an email copied to all other defense counsel, that she had not accepted that change, explaining: "The Court has already granted Plaintiffs leave to amend the NIED claim, **so you do not have to file a motion for leave to amend.**" *Id.* at 6 (emphasis added). That statement, which came from the same office of defense counsel that now claims Plaintiffs should be "sanction[ed]" for "violation of the Court's local procedural rules" for *not* filing a motion for leave to amend, *see* ECF No. 107, at 5, both confirms that Plaintiffs already had leave to amend from the March 24 Order *and* demonstrates in writing that Defendants consent to Plaintiffs' filing another pleading amending their NIED claim. Defendants should not be permitted to argue anything to the contrary, given the clarity of that statement from their counsel.

CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully submit that Defendants' Motion to Strike Plaintiffs' Second Amended Complaint should be denied.

DATED this 6th day of July, 2020.

_____/s/ John D. McKay_____
**Attorney for Plaintiffs Peter DelVecchia
And A.D., a Minor**