1  CHARLES A. MICHALEK
Nevada Bar No. 5721
2  ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
3  Las Vegas, Nevada 89101
Phone: (702) 383-3400
4  Email: cmichalek@rmcmlaw.com

5  BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
6  MATTHEW D. MARTIN (admitted *pro hac vice*)
7  ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
8  Chicago, Illinois 60603
Phone: (312) 345-0700
9  Email: bmaye@amm-law.com
        tshelke@amm-law.com
10         mmartin@amm-law.com

11  ***Attorneys for Defendants FRONTIER AIRLINES, INC.,***
12  ***SCOTT WARREN, and REX SHUPE***

13                  **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**
14

15  PETER DELVECCHIA, individually and as       )  Case No.: 2:19-cv-01322-KJD-DJA
    next friend of A.D., a Minor,              )
16                                             )
                        *Plaintiff*,           )
17                                             )  **DEFENDANTS' REPLY IN**
    v.                                         )  **SUPPORT OF THEIR MOTION**
18                                             )  **TO STRIKE PLAINTIFFS'**
                                               )  **SECOND AMENDED**
19  FRONTIER AIRLINES, INC.,                   )  **COMPLAINT (ECF NO. 106)**
    SCOTT WARREN, and REX SHUPE,              )
20                                             )
                        *Defendants*.          )
21  _____ )

22          **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE**
23          **PLAINTIFFS' SECOND AMENDED COMPLAINT (ECF NO. 106)**

24          Defendants FRONTIER AIRLINES, INC. ("Frontier"), SCOTT WARREN ("FA

25  Warren"), and REX SHUPE ("Captain Shupe") (collectively "Defendants"), by their

26  undersigned counsel, submit this Reply in Support of Their Motion to Strike Plaintiffs' Second

27  Amended Complaint (ECF No. 106). Defendants' Reply is premised on the attached

28

Memorandum of Points and Authorities, the pleadings on file, and any oral argument this Court

may permit.

Date: July 13, 2020                          Respectfully submitted,

                                             **FRONTIER AIRLINES, INC.,**
                                             **SCOTT WARREN, and REX SHUPE**

                                             By: */s/ Matthew D. Martin*
                                             Brian T. Maye *(*admitted *pro hac vice*)
                                             Tara Shelke (admitted *pro hac vice*)
                                             Matthew D. Martin (admitted *pro hac vice*)
                                             ADLER MURPHY & McQUILLEN LLP
                                             20 South Clark Street, Suite 2500
                                             Chicago, Illinois 60603
                                             Phone: (312) 345-0700
                                             Email: bmaye@amm-law.com
                                                     tshelke@amm-law.com
                                                     mmartin@amm-law.com

                                             Charles A. Michalek (Nevada Bar No. 5721)
                                             ROGERS, MASTRANGELO, CARVALHO
                                             & MITCHELL
                                             700 South Third Street
                                             Las Vegas, Nevada 89101
                                             Phone: (702) 383-3400
                                             Email: cmichalek@rmcmlaw.com

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

I.   **NEITHER THE FEDERAL RULES OF CIVIL PROCEDURE NOR THE NEVADA LOCAL RULES SUPPORT PLAINTIFFS' IMPROPERLY FILED SECOND AMENDED COMPLAINT.**

3

4

   A.  **Defendants' Motion to Strike Is Justified as Plaintiffs Violated an Express Order of This Court.**

5

6        Plaintiffs argue that federal courts generally view motions to strike with disfavor. (ECF

7    109 at 2). However, "'[t]he function of a 12(f) motion to strike is to avoid the expenditure of

8    time and money that must arise from litigating spurious issues by dispensing with those issues

9    prior to trial.'" *Concerned Citizens for a Safe Cmty. v. Office of the Fed. Det. Trs.*, No. 09-CV-

10   1409 DAE, 2011 U.S. Dist. LEXIS 79157, at *4-5 (D. Nev. July 19, 2011) (quoting *Whittlestone,*

11

12   *Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citations omitted)). The

13   power to grant a motion to strike is within courts' "inherent power to control their own dockets

14   and strike documents filed in violation of their express orders. These grants of power include the

15   broad discretion to strike amended pleadings that contain material that exceeds the scope of the

16   Court's leave order." *Carillo v. Gillespie*, Case 2:12-cv-02165-JAD-VCF, 2014 U.S. Dist.

17   LEXIS 74732, at *4 (D. Nev. May 30, 2014). Here, the Court may act pursuant to its inherent

18   power to strike Plaintiffs' Second Amended Complaint for the reasons discussed, *infra* and in

19

20   their Motion to Strike.

21   B.  **The Court May Strike Plaintiffs' Improper Second Amended Complaint Under Two Sources of Authority.**

22

23        As Defendants noted in their Motion to Strike, there are two separate sources of authority

24   that empower federal courts to strike a pleading:

25                First, pursuant to [the] Federal Rules of Civil Procedure, the court
                may strike from a pleading any redundant, immaterial, impertinent,
26                or scandalous matter. … Second, the court may strike an improper
                filing under its inherent power over the administration of its
27                business. Motions to strike under the inherent power, as with Rule
                12(f), are wholly discretionary.

28

*Jones v. Skolnik*, No. 3:10-cv-00162-LRH-VPC, 2015 U.S. Dist. LEXIS 20225, at *4-5 (D. Nev. Feb. 18, 2015). Plaintiffs' Opposition completely ignores Defendants' arguments as to the second prong, the Court's inherent power to strike an improper filing. *Id.*

The specific reasons why this Court should exercise its inherent authority in this situation are spelled out in the initial Memorandum of Points and Authorities supporting Defendants' instant Motion to Strike. (ECF No. 107). In summary, this Court granted Plaintiffs leave to amend their NIED claim. (ECF No. 68 at 5). Rather than limit themselves to an amended complaint repleading just that claim, Plaintiffs, without leave of Court, filed their Second Amended Complaint and amended every single paragraph save four, between Paragraphs 10 and 43. Rather than simply re-pleading their NIED claim, Plaintiffs added factual allegations to all of their other remaining claims, including the § 1981, IIED, false imprisonment/unlawful detention, battery and sexual assault, defamation, and punitive damages claims. Such an expansive overreach justifies this Court's use of its inherent power in striking the Second Amended Complaint. Therefore, Defendants have met their burden under Fed. R. Civ. P. 12(f)(2) and request that this Court strike Plaintiffs' Second Amended Complaint pursuant to its inherent authority.

**C. Plaintiffs Violated Local Rules by Adding a New Cause of Action and Additional Factual Allegations Unrelated to Their NIED Claim to Their Second Amended Complaint.**

It bears repeating that in its March 24, 2020 Order, this Court granted Plaintiffs leave to amend only their NIED claim and to add individual defendants. (ECF No. 67 at 5.) It did not grant Plaintiffs leave to amend their false light invasion of privacy claim, which had also been dismissed by the Court, and it did not grant Plaintiffs leave to add new causes of action. (ECF No. 67.) Had Plaintiffs filed a Second Amended Complaint containing only the re-pleaded NIED cause of action, Defendants would not have filed their Motion to Strike, as such a pleading would have been within the scope of this Court's order. However, Plaintiffs blatantly exceeded

the scope of authority granted by the Court. The causes of action for (1) negligence and (2) negligent infliction of emotional distress are distinct and require the establishment of different elements. Plaintiffs should not be permitted to use the leave granted to them to amend their NIED claim to slip in an unauthorized negligence claim.

In *Cox v. Richland Holdings, Inc.*, No. 2:16-cv-02914-APG-VCF, 2018 U.S. Dist. LEXIS 71952, at *3 (D. Nev. Apr. 30, 2018), the court granted the defendant's motion for judgment on the pleadings, but identified certain deficiencies within the plaintiff's complaint and granted the plaintiff leave to address. As here, the plaintiff's amended complaint added "a plethora of new facts and claims never mentioned before." *Id.* at *6. But, as here, the deadline to amend pleadings had long expired. *Id.* The defendants moved to strike the plaintiff's amended complaint and the court granted the motion, noting that discovery had closed when the plaintiff added her new claims and facts. *Id.* at *7. *See also*, *Hickman v. Mead*, No. 2:18-cv-00404-GMN-NJK, 2020 U.S. Dist. LEXIS 23812, at *7 (D. Nev. Feb. 10, 2020) (dismissing claims in the plaintiff's first amended complaint that exceeded the scope of the Court's grant of leave to amend.)

Here, while discovery has not closed as in *Cox*, to allow Plaintiffs to amend their complaint in such fashion six months after the deadline to amend the pleadings has expired, along with adding numerous additional factual allegations to the remainder of the pleading, would be improper and prejudicial to Defendants. The parties have already completed substantial written and oral discovery, including fourteen (14) depositions, and to allow Plaintiffs to add a claim for negligence, a distinct tort from NIED, may require additional discovery and for the parties to re-depose certain witnesses who have already sat for depositions. At the very least, this Court should strike Plaintiffs' negligence claim and the additional factual allegations in Plaintiffs' other causes of action.

## II.   PLAINTIFFS' SECOND AMENDED COMPLAINT EXCEEDS THE SCOPE OF THE LEAVE GRANTED BY THIS COURT.

In their Opposition (ECF No. 109 at 7), Plaintiffs argued that the court granted them leave to amend and cite the specific language of the Court's March 24, 2020 Order (ECF No. 67), yet fail to acknowledge that they did not follow the scope granted by the Order. As noted in *Hickman*, it "is within the district court's discretion to 'impose reasonable conditions on a grant of leave to amend a complaint.'" *Id.* (quoting *Int'l Ass'n. of Machinist & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985) (internal citations omitted)). As Defendants noted in their initial Memorandum of Points and Authorities in Support of Their Motion to Strike, Plaintiffs added factual allegations to their § 1981, IIED, false imprisonment/unlawful detention, battery and sexual assault, defamation, and punitive damages claims. This greatly exceeds the limited scope granted by this Court, which was solely for Plaintiffs to amend their deficient NIED claim.

Further, this Court never authorized Plaintiffs to add a negligence cause of action. Plaintiffs argue that they added the negligence claim because they "recogniz[ed] the limited scope of a NIED claim under Nevada law." (ECF No. 109 at 9). However, this recognition should have occurred much earlier, before all the discovery to date had been completed based entirely on the Plaintiffs' original complaint. Instead, Plaintiffs, after experiencing adverse rulings on other causes of action, now attempt to throw a catch-all "negligence" cause of action into their "kitchen sink" of claims, hoping that some legal theory will pan out. This is wholly improper and must not be allowed.

As the changes in Plaintiffs' Second Amended Complaint exceed the scope of leave granted to them by this Court and reflect an improper attempt to create a panacea of a legal theory, the Second Amended Complaint should be stricken in its entirety.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   DEFENDANTS DID NOT GIVE WRITTEN CONSENT FOR WHAT PLAINTIFFS ACTUALLY FILED WITH THE COURT.

Plaintiffs alternatively argue that Defendants gave written consent for the amendment, claiming that Defendants agreed to the filing of a Second Amended Complaint with its negligence allegations. Again, Plaintiffs' reach exceeds their grasp. The deadline to amend pleadings and add parties, which was never extended, expired on November 26, 2019, over six months before Plaintiffs filed their Second Amended Complaint. (ECF No. 33). In his March 24, 2020 Order, Judge Dawson explicitly granted Plaintiffs leave to amend their NIED claim only. (ECF No. 67). Nowhere in the Order are Plaintiffs authorized to add a negligence claim and add allegations to the other causes of action. *Id.* In the correspondence attached as Exhibit A to Plaintiffs' Opposition, counsel for Defendants simply noted to Plaintiffs the scope of the Court's order. Plaintiffs' counsel never sent a draft of the Second Amended Complaint to Defendants prior to filing it. It was, thus, impossible for Defendants to assent to a document they never saw. There was no meeting of the minds between counsel as to any amendment beyond the scope of the Court's order allowing leave to amend the NIED claim.  Had Plaintiffs asked, Defendants would not have agreed to the impermissibly overbroad scope of the Second Amended Complaint, which adds a whole new distinct cause of action and numerous allegations to each of the existing claims. Indeed, prior to the parties filing the most recent stipulated motion to extend deadlines (ECF No. 86), Defendants objected to Plaintiffs' request to ask the Court to set a new deadline to amend pleadings. Defendants' position was that the scheduling order in place at that time did not include a deadline to amend pleadings, because it had already expired in 2019, and, therefore, there was no deadline to re-set.

Plaintiffs state that their counsel "provided a redline of the draft to [one of Defendants' attorneys,] Ms. Shelke,  … indicating in a footnote Plaintiffs' intent to file a motion to further amend the (First) Amended Complaint to replead the negligence count." (ECF No. 109 at 8).

However, Plaintiffs have never pleaded a negligence count, only an NIED claim. Further, the Court only granted Plaintiffs leave to amend their NIED claim, not to add a negligence claim. Defendants' Motion to Strike is not inconsistent with its communications with Plaintiffs' counsel. Defendants' counsel's simple reminder that the Court granted Plaintiffs leave to amend the NIED claim alone did not in any way give Plaintiffs consent to file the instant Second Amended Complaint. Even had Defendants agreed to the improper pleading—which they did not—the parties could not authorize the filing of a pleading that exceeds the Court's Order. The Court must approve the scope of the pleading, which it did not. Accordingly, the Second Amended Complaint should be stricken.

**CONCLUSION**

WHEREFORE, Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe respectfully request that this Court exercise its inherent discretion and strike Plaintiffs' Second Amend Complaint in its entirety and order any further relief this Court deems necessary and proper.

Date: July 13, 2020                                     Respectfully submitted,

**FRONTIER AIRLINES, INC.,**
**SCOTT WARREN, and REX SHUPE**

By: */s/Matthew D. Martin*
Brian T. Maye *(*admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
           tshelke@amm-law.com
           mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
& MITCHELL
700 South Third Street

Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2020, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/Matthew D. Martin*