CHARLES A. MICHALEK
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
        tshelke@amm-law.com
        mmartin@amm-law.com

*Attorneys for Defendants FRONTIER AIRLINES, INC.,
SCOTT WARREN, and REX SHUPE*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>             *Plaintiffs*,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br>SCOTT WARREN, and REX SHUPE,<br><br>             *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) )   Case No.: 2:19-cv-01322-KJD-DJA |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS
COUNTS III AND VII OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants FRONTIER AIRLINES, INC. ("Frontier"), SCOTT WARREN ("FA Warren"), and REX SHUPE ("Captain Shupe") (collectively "Defendants"), by their undersigned counsel, submit this Reply in Support of Their Partial Motion to Dismiss Counts III (negligence) and VII (negligent infliction of emotional distress) of Plaintiffs' Second Amended

1  Complaint (ECF No. 106), pursuant to Fed. R. Civ. P. 12(b)(6). Defendants' Reply is premised

2  on the attached Memorandum of Points and Authorities, the pleadings on file, and any oral

3  argument this Court may permit.

4  Date: July 14, 2020                                Respectfully submitted,

5
   FRONTIER AIRLINES, INC.,
6  **SCOTT WARREN, and REX SHUPE**

7  By: */s/ Matthew D. Martin*
8     Brian T. Maye *(*admitted *pro hac vice*)
      Tara Shelke (admitted *pro hac vice*)
9     Matthew D. Martin (admitted *pro hac vice*)
      ADLER MURPHY & McQUILLEN LLP
10    20 South Clark Street, Suite 2500
      Chicago, Illinois 60603
11    Phone: (312) 345-0700
12    Email: bmaye@amm-law.com
              tshelke@amm-law.com
13            mmartin@amm-law.com

14    Charles A. Michalek (Nevada Bar No. 5721)
15    ROGERS, MASTRANGELO, CARVALHO
      & MITCHELL
16    700 South Third Street
      Las Vegas, Nevada 89101
17    Phone: (702) 383-3400
      Email: cmichalek@rmcmlaw.com
18

19

20

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' Opposition to Frontier's instant Motion to Dismiss does not sufficiently address Frontier's arguments that Plaintiffs' Second Amended Complaint fails to state causes of action upon which relief may be granted.  Instead, Plaintiffs' Response only serves to muddy the waters with their extensive new unauthorized allegations of no real moment to the Motion now before the Court.  In this Reply Brief, Frontier will address these legal issues directly to show precisely why Counts III and VII of Plaintiffs' Second Amended Complaint must be dismissed.

**I.   PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM FOR NEGLIGENCE.**

As explained below and in Defendants' Motion to Dismiss Counts III and VII of Plaintiffs' Second Amended Complaint (ECF No. 108), Plaintiffs' Second Amended Complaint fails to state a cause of action for negligence because Plaintiffs: (1) fail to allege conduct that states a claim for negligence; (2) are unable to identify a breach of a legally cognizable duty; and (3) have not pleaded a physical injury caused by the alleged negligence.

**A.   Plaintiffs' Mixed Allegations of Intentional Conduct and Negligent Training Are Not Sufficient to State a Claim Upon Which Relief Can Be Granted.**

In order to state a claim for negligence in Nevada, a plaintiff must plead each of the following elements: "(1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the actual and proximate cause of the plaintiff's injuries; and (4) plaintiff was injured." *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009) (citing *Scialabba v. Brandise Constr. Co., Inc.*, 112 Nev. 965, 968 (1996)). Here, Plaintiffs have failed to satisfy the requisite elements.

In their Opposition, Plaintiffs simply rehash and camouflage the allegations of their Second Amended Complaint. Plaintiffs seek to characterize allegations of intentional conduct as negligence under the rubric of pleading "in the alternative." As noted in Defendants' instant Motion to Dismiss, the allegations of intentional acts, which form the basis of their § 1981,

battery, sexual assault, defamation, and false imprisonment claims, cannot double as negligence allegations. *See* ECF No. 108 at 5-6. These actions were alleged to have been performed by individual Frontier employees who worked as the flight crew on the subject flight. Plaintiffs claim that *Allen v. Clark Cty. Det. Ctr.*, No. 2:10-cv-00857-RLH-GWF, 2012 U.S. Dist. LEXIS 14260, at *7-8 (D. Nev. Feb. 6, 2012) is inapposite because the defendant in that case did not plead his negligence count in the alternative as Plaintiffs have done here (ECF No. 110 at 10), but the underlying rule Defendants cite in that case comes from a treatise on torts. *Id.* (citing Dan B. Dobbs, The Law of Torts, § 26.) This general principle is just as applicable in the instant case as in *Allen*, despite the different procedural posture. *See also, Dineen v. Stramka*, 228 F.Supp.2d 447, 454 (S.D.N.Y. 2002) (stating that when a plaintiff asserts claims "which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie.")

Plaintiffs allege that Frontier's negligence resulted in flight attendants conducting their duties in ways that were not racially neutral. Such a claim is not one for negligence, as a cause of action for negligent racial discrimination does not exist. *See Cummings v. Vill. of Port Chester*, No. 08 Civ. 6940 (LMS), 2013 U.S. Dist. LEXIS 202987, at *31 n. 17 (S.D.N.Y. July 3, 2013) (stating that "[t]o the extent that Plaintiff's allegation implies a state law claim for negligent discrimination, the Court knows of no legal support for such a claim."). Rather, it is a discrimination claim, which Plaintiffs have already pleaded by way of their § 1981 claim.

Plaintiffs' other grouping of allegations relates to Frontier's alleged negligence in failing to train its employees on a range of topics, including human trafficking, sex trafficking, and Threat Level instructions. However, Plaintiffs' negligence count is premised on the doctrine of *respondeat superior*," which is inconsistent with direct claims against employers for negligent training. (ECF 106 at ¶ 15.) In this regard, a court in this circuit found that, "Nevada would adopt the majority rule such that, in situations in which a motor carrier admits vicarious liability for the

conduct of a driver, direct claims of…negligent training and supervision against a motor carrier would be disallowed where those claims are rendered superfluous by the admission of vicarious liability." *Adele v. Dunn*, No. 2:12-cv-00597-LDG (PAL), 2013 U.S. Dist. LEXIS 44602, at *6 (D. Nev. Mar. 27, 2013). Here, Plaintiffs' negligence claim asserts *respondeat superior*, yet Frontier has admitted that its employees were acting within the scope of their duties. *See* ECF No. 49 at 4. Therefore, Plaintiffs' remaining claims of negligent training and/or supervision exceed the scope of elements properly pleaded in the current action and thus cannot be used as support for their negligence claim.[1]

Plaintiffs also argue that their false imprisonment is pleaded in the alternative as negligence. (ECF No. 110 at 4.) However, no Nevada Court has ruled that negligent false imprisonment is a cognizable claim, and courts in most jurisdictions have held that there is no such thing as negligent false imprisonment. *See Williams v. Fulton Cty. Sch. Dist.,* No. 1:14-CV-0296-AT, 2015 U.S. Dist. LEXIS 194579, at *24 n.16 (N.D. Ga. Jan. 9, 2015)("There can be no such tort as a negligent false imprisonment."); *Barone v. United States*, 2014 U.S. Dist. LEXIS 117638, at *20 (S.D.N.Y. Aug. 21, 2014) ("[T]here is no cause of action for false arrest or false imprisonment sounding in negligence."); *Erie Ins. Prop. & Cas. Co. v. Edmond*, 785 F. Supp. 2d 561, 573 (N.D. W.Va. 2011) ("[B]y its very nature a claim for "false imprisonment" is intentional under West Virginia law."); *Markel Am. Ins. Co. v. Staples*, Civil Action No. 3:09-CV-435-HEH, 2010 U.S. Dist. LEXIS 7148, at *12 n.2 (E.D. Va. Jan. 28, 2010) (The Court is unable to find any support for a claim of negligent false imprisonment under Virginia law.).

Accordingly, Plaintiffs' negligence claim fails because intentional conduct cannot be

---

[1]  Frontier would remind the Court that Plaintiffs' claim for negligence is the subject of Defendants' Motion to Strike (ECF No. 107). Defendants submit that this purported cause of action was inappropriately included in an amended complaint filed after the deadline to amend pleadings; and Plaintiffs never received leave to file such a claim. The arguments raised here in reply are set forth without prejudice to that Motion to Strike.

transformed into negligence merely by a litigant's labeling. *See Brown v. State*, 261 Kan. 6, 12, 927 P.2d 938, 942 (1996).

**B. Plaintiffs' Allegations are Insufficient to Establish a Breach of Purported Duty on the Part of Defendants.**

Plaintiffs' Second Amended Complaint asserts two types of allegations: (1) those based on purported intentional conduct, which cannot form the basis for a negligence claim; and (2) those related to improperly pleaded theories of negligent training and a failure to investigate, all of which are obviated by Defendants' agreement to assume vicarious liability (if any liability is established – which Defendants deny). Boiled down to their actual essence, Plaintiffs' sprawling new allegations do not satisfy the pleading requirements to support a negligence claim. More specifically, Plaintiffs allege that Frontier's employees did not conduct a reasonable investigation (which would go to a breach of duty), but there can be no breach where, as here, there is no duty. *See Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213 (2008) (finding that the existence of a duty is "a question of law to be determined solely by the courts.") Defendants do not owe Plaintiffs a duty to perform any investigation, so it is axiomatic that there can be no breach thereof. Rather than breaching a duty, the flight crew acted according to their training based on Plaintiffs' behavior they witnessed themselves.

Also, as noted in Defendants' Motion to Dismiss, there is no common law duty that prohibits air carriers from observing passengers (which Plaintiffs allege occurred), re-seating passengers (Plaintiffs allege Defendants re-seated A.D.), communicating with passengers (which Plaintiffs allege occurred), or communicating with law enforcement. In fact, based on Plaintiffs' inappropriate behavior witnessed by the Frontier's flight crew, the crew had the legal obligation to report the behavior pursuant to the Aviation and Transportation Security Act under 49 U.S.C. § 44941. *See Air Wis. Airlines Corp. v. Hoeper*, 571 U.S. 237, 252 (2013) (quoting *Air Wis. Airlines Corp. v. Hoeper*, 320 P.3d 830, 836 (Colo. 2012) and stating that "we neither embrace

nor reject the Colorado Supreme Court's unanimous holding 'that immunity under the ATSA is a question of law to be determined by the trial court before trial.'") Accordingly, Plaintiffs cannot satisfy the breach element necessary to sustain its negligence claim, and the claim must be dismissed.

**C. Plaintiffs Cannot Sustain a Negligence Cause of Action Pleading Absent Physical Injury.**

Plaintiffs claim that they are direct victims of Defendants' <u>negligence</u>.  However, the only physical injury alleged is the claim that Defendant Scott Warren <u>intentionally</u> struck Peter DelVecchia. ECF No. 106 at ¶ 7. That claimed injury is asserted in Peter DelVecchia's claim for battery. *See* ECF No. 106 at 19-21.  No allegation exists that Defendant Warren's striking of Plaintiff Peter DelVecchia in the neck/head was anything other than intentional.  Quite to the contrary, Plaintiffs allege that, "Warren punched, shoved and/or hit him violently at the base of his skull and on the back of his neck." (ECF No. 106 at ¶ 7).  Any suggestion that such alleged "violent" conduct was unintentional defies logic and common sense.  Accordingly, this claim's inclusion in a negligence cause of action is misplaced and must be dismissed.

Under Nevada Law, "a direct victim of a defendant's negligence [may] recover emotional damages, but there still must be an underlying injury separate from the emotional harm." *Kennedy v. Carriage Cemetery Servs.*, 727 F. Supp. 2d 925, 935 (D. Nev. 2010) (citing *Shoen v. Amerco, Inc.*, 111 Nev. 735 (1995)). As *Kennedy* noted, "to recover for parasitic damages for emotional harm based on a simple negligence claim, a plaintiff must prove cognizable harm separate from the emotional harm itself…" *Id.* Plaintiffs claim that as a result of Defendants' negligence they suffered emotional damages that manifested as physical ailments "including concussion, nausea, sleeplessness, dizziness and headaches." ECF No. 110 at 12. However, the only physical injury alleged is the claim that Defendant Scott Warren struck Peter DelVecchia.

…

ECF No. 106 at ¶ 7. That alleged injury is covered in Peter DelVecchia's claim for battery, and the battery allegations are incongruent with a claim for negligence. *See* ECF No. 106 at 19-21.

As Plaintiffs have not plausibly alleged any physical injuries attributable to Defendants' alleged negligence, this claim must be dismissed.

## II. THE ALLEGATIONS IN PLAINTIFFS' CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS DO NOT MEET THE PLEADING REQUIREMENT.

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state of claim to relief that is plausible on its face.'" *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Then, "determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The parties cite the same law for a negligent infliction of emotional distress ("NIED") claim in Nevada. In such a claim, "'the witness-plaintiff must prove that he or she (1) was located near the scene of an accident; (2) was emotionally injured by the contemporaneous sensory observance of the accident; and (3) was closely related to the victim.'" *Kennedy,* 727 F. Supp. 2d at 934 (quoting *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999)). As the *Kennedy* court further noted, a "separate claim of NIED typically lies only where the emotional harm is based on observance of a physical injury to another, usually a close relative." *Id.*

This Court denied the first iteration of Plaintiffs' NIED claim in its March 24, 2020 order, finding that "Plaintiffs have failed to adduce the necessary allegations of negligence, and a causative link between a physical impact or serious emotional distress and injury" and "the claim in this instance contains mere mechanical recitations of elements too attenuated from facts." (ECF No. 67 at 5.) Plaintiffs' Second Amended Complaint remains deficient.

Both Peter DelVecchia and A.D. allege that they suffered "severe emotional distress at witnessing the harm to a close relative." (ECF No. 106 at ¶ 57.)  However, they fail to plead any

facts establishing that an accident occurred or that they were in close proximity to any such accident. Also, Plaintiffs have not, and cannot, plead any allegations of the observance of contemporaneous physical injury to the other. Nevada courts "have consistently 'required a plaintiff alleging negligent infliction of emotional distress to demonstrate some 'physical impact' beyond conditions of insomnia or general discomfort.'" *Godwin v. Senior Garden Apts.*, No. 2:17-cv-02178-MMD-CWH, 2018 U.S. Dist. LEXIS 38738, at * 6 (D. Nev. Mar. 9, 2018) (quoting *Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1268 (Nev. 2014)). Plaintiffs' Second Amended Complaint is devoid of any allegation that A.D. suffered any physical injury as a result of the alleged incident. Therefore, Peter's NIED claim must be dismissed because he did not allege observing physical injury to A.D. *See Hoy v. Jones*, No. 2:18-cv-01403-RFB-EJY, 2020 U.S. Dist. LEXIS 94697, at *17 (D. Nev. May 30, 2020) ("The bystander plaintiff must suffer a shock resulting from direct emotional impact stemming from the sensory and contemporaneous observance of the accident.").

Plaintiffs also argue that Peter's NIED bystander claim extends to A.D.'s allegation that he was sexually assaulted by Scott Warren in the back of the aircraft. (ECF No. 110 at 14). Plaintiffs argue in their Opposition that whether Peter was near the scene when A.D. was allegedly sexually assaulted requires "a factual determination of what is 'located near the scene.'" (ECF No. 110 at 14.) However, a "factual determination" is not necessary because as a matter of law, Plaintiffs also must plead that Peter had a "contemporary sensory observance" of an accident. *See Kennedy*, 727 F. Supp. 2d at 934.  No such allegation has been made, and Plaintiffs cannot plead such allegations. Therefore, this claim must be dismissed.

A.D.'s claim for bystander emotional distress fails for the same reason as his father's claim. Plaintiffs allege that they "were seated in adjacent seats on the aircraft. A.D. removed his shoes, and proceeds to fall asleep." (ECF No. 106 at ¶ 6.) Plaintiffs next allegation is that Peter "was abruptly awakened when Warren punched, shoved and/or hit him violently at the base of

his skull and on the back of his neck." (ECF No. 106 at ¶ 7). However, Plaintiffs never allege that A.D. woke up so as to witness the alleged battery done. In fact, Plaintiffs cannot plead that A.D. observed the alleged battery, because A.D. testified that he never witnessed anyone strike Peter. Therefore, A.D.'s bystander NIED claim fails as well. In light of their repeated inability to plead the necessary elements for a claim of NIED, Plaintiffs' claim for NIED should be dismissed, with prejudice.

## III.    CONCLUSION

WHEREFORE, Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe respectfully request that this Court grant their Partial Motion to Dismiss Counts III (negligence) and VII (negligent infliction of emotional distress) of Plaintiffs' Second Amended Complaint and order any further relief this Court deems necessary and proper.

Date: July 14, 2020                            Respectfully submitted,

                                               **FRONTIER AIRLINES, INC.,**
                                               **SCOTT WARREN, and REX SHUPE**

                                               By: */s/Matthew D. Martin*
                                               Brian T. Maye *(*admitted *pro hac vice*)
                                               Tara Shelke (admitted *pro hac vice*)
                                               Matthew D. Martin (admitted *pro hac vice*)
                                               ADLER MURPHY & McQUILLEN LLP
                                               20 South Clark Street, Suite 2500
                                               Chicago, Illinois 60603
                                               Phone: (312) 345-0700
                                               Email: bmaye@amm-law.com
                                                      tshelke@amm-law.com
                                                      mmartin@amm-law.com

                                               Charles A. Michalek (Nevada Bar No. 5721)
                                               ROGERS, MASTRANGELO, CARVALHO
                                               & MITCHELL
                                               700 South Third Street
                                               Las Vegas, Nevada 89101
                                               Phone: (702) 383-3400
                                               Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2020, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/Matthew D. Martin*