UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER DELVECCHIA, *individually and as next friend of A.D., a minor,*<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, *et al.*,<br><br>Defendants. | Case No. 2:19-CV-01322-KJD-DJA<br><br>**ORDER** |

Before the Court for consideration is the Order (#83) of Magistrate Judge Daniel J. Albregts entered May 8, 2020, granting in part and denying in part Plaintiff's Second Amended Motion to Compel (#77). Plaintiff filed Objections (#88) to the order to which Defendants replied (#104). Plaintiff then filed a Motion for Leave to Reply to the Response (#105) which the Court construes as a motion to file a sur-reply. Having read and considered the motion for leave, and determining that it adds nothing to the analysis of the Objections, it is **DENIED**.

The Court has conducted a de novo review of the record in this case in accordance with Federal Rule of Civil Procedure 72(a) and LR IB 3-1. Federal Rule 72(a) states, in relevant part, "[a] party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Local Rule IB 3-1 states, in relevant part:

> A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law . . . The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order. The district judge may also remand the matter to the magistrate judge with instructions.

LR IB 3-1(a) and (b). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r IRS, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." UnitedHealth Grp., Inc. v. United Healthcare, Inc., 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

Having conducted a *de novo* review of the briefing, order and the objections to the order, the Court grants the objections in part and modifies or affirms the order as follows:

1) Plaintiff objects to the magistrate's order that "Defendant shall provide a supplemental response of any race discrimination complaints filed by passengers, not employees, over the past 5 years only, and limited geographically to the continental United States." Plaintiff objects that this unfairly narrows the scope of discovery and was a temporal and geographic limit that was not even requested by Defendants. However, a magistrate judge is well within their authority to set limits on discovery *sua sponte*. See Fed. R. Civ. P. 26(b)(1). It is well within the magistrate's discretion to limit discovery to a reasonable time. The five-year time period here is reasonable, and the court could easily have shortened the time period to something less than five years from the date of the incident. See Razo v. Timec Co., 2016 U.S. Dist. LEXIS 53777, at *6-7 (N.D. Cal. April 21, 2016) (collecting cases). Accordingly, the Court denies Plaintiff's objections to this order, other than to clarify that the five years runs from the date of the incident in question, March 28, 2019.

2) Plaintiff objects to the magistrate's order that "The Court finds it relevant and proportional to compel a supplemental response of Passenger Incidents Reports only that are **related to human or sex trafficking or racial profiling, that involved a parent-child relationship**, for the past 5 years in the continental United States." While the allegations of the complaint involve issues revolving around allegations of human or sex trafficking and/or racial profiling, restricting discovery on Plaintiff's 42 U.S.C. § 1981 claim to only those instances involving a parent-child relationship create such a narrow subset of data that it seems likely that relevant reports will be excluded. In this instance, the Court finds that over-inclusion of

Passenger Incident Reports related to human or sex trafficking or racial profiling can easily be cured at the summary judgment or trial stage of this action through argument in motion practice or motions in limine. Accordingly, the Court grants this objection in part, modifying the discovery to require supplemental responses related to human or sex trafficking or racial profiling without a limitation based on a parent-child relationship.

    3) Finally, Plaintiff objects to the magistrate's order that "the Court will not permit Topic 32 to go forward regarding a threat level classification as it is not relevant and proportional to the needs of this case." Plaintiff argues that discovery regarding **all** incidents in which the flight crew classified a passenger under a threat level classification is necessary to demonstrate that Defendants' explanation for their actions in the present case are a mere pretext for discrimination. However, the Court disagrees. The magistrate judge granted Plaintiff broad avenues of relevant discovery on all the topics at issue in this case. However, not all situations involving threat level classifications are at issue. Here, the scope is properly limited as described in the magistrate judge's order. Accordingly, the Court denies Plaintiff's objection to the magistrate's order that denied production or testimony regarding Topic 32—all incidents in which a flight attendant or pilot classified a passenger as Threat Level One or Two,

    Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Reply to the Response (#105) is **DENIED**;

    IT IS FURTHER ORDERED that Plaintiff's Objections (#88) to the Order (#83) of the Magistrate Judge are **GRANTED in part and DENIED in part**;

    IT IS FURTHER ORDERED that the Magistrate Judge's Order (#83) entered May 8, 2020, is **ADOPTED and AFFIRMED in part and MODIFIED in part** as described in this order.

    DATED this 29th day of March 2021.

_____
The Honorable Kent J. Dawson
United States District Judge