Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(434) 531-9569
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> FRONTIER AIRLINES, INC., et al., ) <br> Defendants. ) <br> _____) | Case No: 2:19-CV-01322-KJD-DJA <br><br> **PLAINTIFF PETER DELVECCHIA'S MOTION FOR AN ORDER TO SHOW CAUSE DIRECTED TO THE U.S. TRANSPORTATION SECURITY ADMINISTRATION** |

    Plaintiff Peter DelVecchia ("Peter"), by counsel, hereby moves for an Order to Show Cause directed to the United States Transportation Security Administration ("TSA"), requiring TSA to show cause why Peter and his attorney John D. McKay ("McKay") should not have immediate access to certain "Sensitive Security Information" ("SSI") requested in discovery from Defendant Frontier Airlines, Inc. ("Frontier") that is necessary for Peter's preparation of his case against Defendants. In support of this Motion, Peter states the following:

PLAINTIFF PETER DELVECCHIA'S MOTION FOR ORDER TO SHOW CAUSE
Page 1 of 4

1. On October 10, 2019, this Court entered a comprehensive Protective Order [ECF No. 37] that restricts disclosure of any material designated "confidential" by either of the parties and provides for Court oversight of any disputes concerning the designation or disclosure of such materials.

2. On April 1, 2020, this Court granted Peter's motion [ECF No. 60] filed pursuant to 49 C.F.R. §1520.7 and §525(d) of the Department of Homeland Security Appropriations Act of 2007, Pub. L. No. 109-295, 120 Stat. 1355, 1382 (October 4, 2006), to designate Peter and his attorney McKay as "covered persons" able to receive and view SSI related to this case and for which Peter has substantial need to conduct depositions and otherwise prepare his case. The Court's Order [ECF No. 76] specifically found it warranted for "the requested information to be disclosed in accordance with the confidential designation under the parties' protective order." *Id.* at 3. The Court added: "However, the Court will require that Plaintiff and his counsel comply with any security background check or other procedures and requirements for safeguarding SSI that are satisfactory to TSA." *Id.*

3. Peter and McKay have both submitted to TSA's background checks, with no adverse findings.

4. However, for more than a year since entry of the April 1, 2020 Order, TSA's in-house counsel have refused to authorize Frontier to disclose the SSI. As a result, Plaintiffs and Frontier have been unable to schedule the Rule 30(b)(6) deposition of Frontier, and Plaintiffs' experts have been unable to finalize their reports.

5. TSA's refusal to permit the disclosure of the SSI stems from its insistence that the parties enter into TSA's own formal protective order, which contains terms that Peter and McKay find objectionable because, *inter alia*, they would reinstate the same preliminary review

procedures that have previously resulted in substantial delays in this case, and which were the reason why Peter moved for the "covered persons" designations in the first place. TSA's proposed protective order would essentially turn the clock back to the same situation that existed prior to entry of the April 1, 2020 Order. TSA justifies its position on the basis of the Court's statement in the April 1, 2020 Order that it "will require that Plaintiff and his counsel comply with any security background check *or other procedures and requirements for safeguarding SSI that are satisfactory to TSA*" (emphasis added), despite the Court's explicit finding in the preceding sentence of the Order that the existing Protective Order is sufficient.

6. TSA's proposed protective order also gives no weight to the Court's designation of Peter and McKay as "covered persons," and it seeks to impose $50,000 penalties by agreement for the disclosure of documents "potentially" containing SSI, which creates a vague standard that could result in substantial penalties pertaining to documents that were never marked as containing SSI but which TSA might subsequently determine do contain SSI. Peter and McKay have informed TSA that they cannot agree to such terms.

7. Despite numerous attempts to resolve these matters with TSA during the past year, TSA's attorneys have refused to back down from their demand that the parties sign their proposed protective order containing those terms. As noted above, TSA's insistence on its terms has created significant delays in discovery in this case.

8. Peter and McKay believe that the current Protective Order, ECF No. 37, provides adequate protections against disclosure of the SSI, as the Court previously found. If for any reason it does not provide every necessary protection, a simple addendum to it, with specific additional restrictions for SSI (for instance, further limiting the persons who can

view the SSI) would suffice to meet the Court's requirements as stated in the April 1, 2020 Order, without the re-imposition of unlimited review periods or the addition of unauthorized penalties.

9. Frontier's counsel have stated that Frontier does not take a position in this request for relief. They have agreed to provide notice of this Motion to TSA's counsel.

DATED this 2nd day of May, 2021.

            /s/ John D. McKay
            John D. McKay (admitted *pro hac vice*)
            PARK AVENUE LAW LLC
            127 W. Fairbanks Ave., No. 519
            Winter Park, FL 32789
            johndmckayatty@gmail.com
            (434) 531-9569

            Timothy R. Titolo (Nev. Bar. No. 3617)
            TITOLO LAW OFFICE
            9950 West Cheyenne Avenue
            Las Vegas, Nevada 89129
            (702) 869-5100
            tim@titololaw.com

            ***Attorneys for Plaintiffs Peter DelVecchia And A.D., a Minor***