Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(800) 391-3654
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT** Fed. R. Civ. P. 16(b)(4) and 15(a)(2) |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

Plaintiffs, Peter DelVecchia individually and as next friend of A. D., a minor, pursuant to Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2), by counsel, hereby move for leave to amend the Second Amended Complaint by the filing of Plaintiffs' Third Amended Complaint. A proposed Third Amended Complaint is attached as **Exhibit A** hereto, as required by LR 15-1(a). The grounds for this Motion are set forth below.

**Procedural Background**

The procedural history of this case has been somewhat complicated, due to a number of factors that have been mostly beyond the parties' ability to control. Those factors include Plaintiffs having to initiate this action without knowledge of the names of some of the Defendants, which required an early amendment once Defendant Frontier revealed their names in its initial disclosures, the overwhelming effects of the Covid-19 pandemic on all parties' efforts to conduct timely discovery into the relevant facts, and a year-and-a-half struggle with the Transportation Security Administration (TSA) to get crucial documents released that are designated as "Sensitive Security Information" (SSI).[1] Plaintiffs respectfully ask the Court to consider the complicated procedural history and the resulting delays in their receiving critical factual information from Defendants to constitute "good cause" for granting leave to amend to file the Third Amended Complaint after the expiration of the deadline for amendments established in the Court's original October 8, 2019 Scheduling Order (ECF No. 33), especially since the November 26, 2019 deadline for amendments set by that Order has never been extended, despite nearly all of the other pretrial deadlines having been extended multiple times, and the fact that it would have been impossible to have made many of the amendments included in the Proposed Third Amended Complaint by that early date.

Plaintiffs' proposed Third Amended Complaint adds factual allegations concerning Defendant Frontier's parent entity's recent (April 1, 2021) Initial Public Offering of its stock, which has resulted in a major change to that Defendant's ownership. It also adds numerous factual allegations based on

---

[1] There was also some confusion concerning whether the "leave to amend" that was mentioned in the text of the Court's March 24, 2020 Order (*see* ECF No. 67 at 5), but not included in the "Conclusion" section of the same Order summarizing the Court's rulings (*see id.* at 7-8), authorized adding new amended allegations to the "complete in and of itself" proposed First Amended Complaint that Plaintiffs had filed four months earlier as an exhibit to their Motion to Amend pursuant to LR 15-1(a), prior to filing it in accordance with LR 15-1(b). Plaintiffs' interpretation of their obligations under that Local Rule and the meaning of the "leave to amend" language in ECF No. 67 ultimately led to some criticism by the Court, *see* Order dated March 30, 2021, at 4 (ECF No. 121). In retrospect, Plaintiffs should have sought clarification from the Court concerning the meaning of the "leave to amend" language of ECF No. 67 prior to filing their Second Amended Complaint without an accompanying motion seeking leave to amend.

information that has been uncovered in depositions and through the production of documents by Frontier, the latter of which has been drawn out over a considerable period of time. A large number of those documents did not arrive in Plaintiffs' hands until after the Court entered the modified version of TSA's special Protective Order concerning SSI, on July 16, 2021. The proposed Third Amended Complaint also adds more specific allegations of "but-for causation" to clarify that Plaintiffs' Section 1981 claim is in conformity with the Supreme Court's 2020 decisions in *Bostock v. Clayton County*, --- U.S. ---, 140 S. Ct. 1731 (2020) and *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media,* --- U.S. ---, 140 S. Ct. 1009 (2020). It adds allegations concerning the Department of Transportation's informing all airline operators—including Defendant Frontier—and their employees of their federal statutory obligations to ensure that they do not discriminate against passengers on the bases of race, color, national origin, religion, sex, or ancestry under the DOT's interpretations of 49 U.S.C. §§41310(a), 41712, 41702 and 40127(a), by means of a guidance document the existence of which did not become known to Plaintiffs until very recently and was noted in the documents produced by Frontier in late July of 2021. It contains factual allegations in further support of Plaintiffs' defamation and false imprisonment claims that become known to Plaintiffs through a witness deposition conducted in June, 2021 and documents produced by Frontier in July 2021. The additional allegations are based on facts that were within Frontier's knowledge throughout this case and/or were made known to Plaintiffs and Defendants simultaneously through discovery. The proposed Third Amended Complaint does not add any new theories of liability, and in fact it removes the NIED and negligence counts that the Court previously dismissed from the case.[2] The proposed amendment thus provides a cleaner, clearer and more detailed statement of Plaintiffs' remaining claims, but it presents no new theories of liability or surprises. Moreover, nearly nine

---

[2] Plaintiffs reserve all appellate rights with respect to the dismissal of those claims from the case.

months remain in the discovery period under the most recent extension order (ECF No. 131). The proposed amendment therefore does not prejudice any of the Defendants in any manner.

## Legal Authority

### I. Good cause exists for granting leave to file the Third Amended Complaint

"Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." *Coleman v. The Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). The Ninth Circuit Court of Appeals has been consistent in its mandate to District Courts to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15, "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id.* at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party." *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).

Where the Court has previously entered a scheduling order that set a deadline for amendments, and that deadline has expired, a motion seeking leave to amend will be analyzed under Rule 16(b)(4), which allows modification of the order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Coleman,* 232 F.3d, at 1294. That standard "'primarily considers the diligence of the party seeking the amendment.'" *Id.* (*quoting Johnson v. Mammoth Recreations,* 975 F.2d 604, 609 (9th Cir. 1992)). As noted above, the vast majority of the amendments that Plaintiffs seek to make by filing the Third Amended Complaint could not possibly have been made prior to the

original amendment deadline of November 26, 2019, because Plaintiffs did not have the critical information prior to that date and the two Supreme Court cases had not yet been decided. Courts generally find good cause to amend a scheduling order whenever deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson,* 975 F.2d, at 609.

"The goal [of Rule 16] is to get cases decided on the merits of issues that are truly meritorious and in dispute." *In re Phenylpropanolamine (Ppa) Products*, 460 F.3d 1217, 1227 (9th Cir. 2006). Courts exercise their inherent power to manage their own dockets to achieve that goal. *See id.* Plaintiffs have been working diligently to get information released to them in a timely fashion, but that process has encountered substantial delays that have been beyond Plaintiffs' ability to control. The Third Amended Complaint incorporates new information concerning meritorious issues that could not have been included in any amendment back in November of 2019. Nothing in the proposed Third Amended Complaint raises any new theory of liability (and even if it did, there are almost nine months left in which to conduct discovery). Therefore, the proposed amendments do not prejudice Defendants.

For the reasons set forth above, Plaintiffs respectfully move for leave to file their Third Amended Complaint in the form filed with this Motion.

DATED this 31st day of August, 2021.

    /s/ John D. McKay
John D. McKay (admitted *pro hac vice*)
PARK AVENUE LAW LLC
127 W. Fairbanks Ave., No. 519
Winter Park, FL 32789
johndmckayatty@gmail.com
(434) 531-9569

Timothy R. Titolo (Nev. Bar. No. 3617)
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

*Attorneys for Plaintiffs Peter DelVecchia*
*And A.D., a Minor*