# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER DELVECCHIA, individually
and as next friend of A.D., a Minor,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC., et al.,

    Defendants.

Case No.: 2:19-cv-01322-KJD-DJA

**Defendant's Response to Plaintiffs' Motion for Sanctions**

## DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, submits this Response to Plaintiffs' Motion for Sanctions. ECF No. 128. Frontier's Response is based upon the attached Memorandum of Points and Authorities, the pleadings on file, and any oral argument the Court may permit.

Date: September 3, 2021

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/ Brian T. Maye*
Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
        mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

# FRONTIER'S MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs seek, in effect, case-dispositive sanctions notwithstanding Frontier's compliance with federal law and all established precedent. Frontier is aware of no case where sanctions have been imposed against a party under these circumstances, and certainly Plaintiffs cite to none in their Motion for Sanctions. Plaintiffs further complain of a production delay but provide nothing to support the imposition of sanctions absent any violation of a discovery order. Moreover, the record reflects that Plaintiffs did not object to the pace of discovery until just recently, when Frontier produced documents with redactions for sensitive passenger contact information. The redactions are at the heart of this dispute; there has been no intentional delay.

As further detailed below, Frontier obeyed this Court's orders and continues to work with its counsel to identify and produce any and all responsive records. Moreover, the orders did not prohibit redactions or state that Plaintiffs were entitled to the *identifying information* for Frontier's passengers on unrelated flights. It should, therefore, come as no surprise to Plaintiffs that Frontier would comply with federal law and protect the identities of these passengers absent an order expressly prohibiting redactions. The records at issue specifically deal with passengers who were potential victims of trafficking, including minors, as well as the perpetrators of the actions which led to the involvement of law enforcement. These potential victims and perpetrators likely do not even know about the existence of these documents that detail their experience and conduct. As to the race discrimination complaints, they contain years-old allegations which have been addressed by Frontier with those individuals. The potential ramifications of Frontier disclosing this irrelevant, third-party personal information are significant, particularly in light of Plaintiffs' blatant admission that they intend to contact these individuals in violation of this Court's Protective Order. ECF 128, p. 3-4, 6.

Plaintiffs are improperly utilizing a very serious procedural vehicle to try to challenge *stare decisis*. Frontier cannot be sanctioned absent a violation of a discovery order or for complying with valid law, and the issue which Plaintiffs really seek to have this court decide, the statutory interpretation of 14 C.F.R. § 243.9(c), is not properly before the Court in this motion. Plaintiffs' Motion for Sanctions must be denied.

## II.    BACKGROUND

On May 8, 2020, Magistrate Judge Albregts entered a ruling on Plaintiffs' Second Amended Motion to Compel. ECF 83. The Court's rulings on two specific categories of discovery requests are at issue in the instant Motion for Sanctions: Plaintiffs' First RFP No. 47 (prior complaints of racial discrimination) and Plaintiffs' Second RFP Nos. 2-7 (reports of passenger human trafficking, sex trafficking, or racial profiling). With respect to Plaintiffs' First RFP No. 47, Judge Albregts commented that Plaintiffs appeared to be seeking statements on how Frontier responds to complaints of race discrimination, a subject more appropriately addressed via written interrogatory or deposition testimony. ECF 83, p. 4. Despite these comments, Judge Albregts found that prior complaints of race discrimination may be relevant to Plaintiffs' § 1981 claim, although he narrowed the scope of Frontier's production as follows: "Defendant shall provide a supplemental response of any race discrimination complaints filed by passengers, not employees, over the past 5 years only, and limited geographically to the continental United States." *Id*. Regarding Plaintiffs' Second RFP Nos. 2-7, Judge Albregts found it "relevant and proportional to compel a supplemental response of Passenger Incidents Reports only that are related to human or sex trafficking or racial profiling, that involved a parent-child relationship, for the past 5 years in the continental United States." *Id*. The Order included no deadlines for the production of documents. See *id*.

On May 20, 2020, the parties filed their third stipulated motion to extend discovery deadlines. This included a stipulation that "the Court's recent Order (ECF No. 83) on Plaintiff's Motion to Compel imposed restrictions on certain document requests and topics Plaintiffs intend to

cover in the Fed. R. Civ. P. 30(b)(6) depositions; Plaintiffs will be filing objections pursuant to Fed. R. Civ. P. 72(a) to have those restrictions reviewed by the District Judge prior to the depositions being scheduled." ECF 86, p. 3. Plaintiffs filed their Objections to Magistrate Judge Albregts' Order on May 22, 2020. ECF 88.

On August 21, 2020, while the parties awaited a ruling on Plaintiffs' Objections, they filed their *fourth* stipulated motion to extend discovery deadlines. ECF 114. On March 15, 2021, the parties filed their *fifth* stipulated motion to extend discovery deadlines. ECF 115. In both the fourth and fifth stipulated motions the parties stipulated that an extension was warranted, in part, because they were awaiting rulings on Plaintiffs' Objections to Magistrate Judge Albregts' Order. ECF 114, p. 3; ECF 115, p. 3.

On March 29, 2021, Judge Dawson entered a ruling on Plaintiffs' Objections to Magistrate Judge Albregts' Order. Judge Dawson overruled Plaintiffs' objections to the five-year restrictions but removed the limitation of a parent-child relationship on Frontier's production of documents involving allegations of human trafficking, sex trafficking, and racial profiling. ECF 120, pp. 2-3. Like Judge Albregts' initial Order, Judge Dawson's modifying Order included no deadlines for the production of documents. *See id*.

Between July 16 and July 30, 2021, Frontier produced approximately 128 documents relating to other Frontier incidents and passenger complaints involving suspected human and/or sex trafficking and alleged racial profiling or discrimination. The *only* information redacted from these documents were the names and contact information of the passengers who were involved, as either victim or perpetrator, in incidents involving suspected human and/or sex trafficking and alleged racial profiling or discrimination. The names of Frontier employees were not redacted, and, notably, none of these unrelated incidents involved any of the crewmembers assigned to the flight at issue here.

On July 20, 2021, Plaintiffs' counsel emailed counsel for Frontier and included therein an objection to Frontier's redactions on the documents recently produced. In response, Frontier's counsel provided Plaintiffs' counsel with case law holding that under 14 C.F.R. § 243.9(c), releasing the names of passengers on unrelated flights is prohibited under federal law. Plaintiffs' counsel expressed his disagreement with these cases and said he interpreted the statute differently. He indicated that he would file a motion taking up the issue of statutory interpretation.

On August 20, 2021, the parties filed their *sixth* stipulated motion to extend discovery deadlines. ECF 127. The motion did not indicate or even suggest that Frontier had engaged in any unnecessary delay in the production of documents. To the contrary, the parties stipulated that they were "working diligently to complete fact discovery," and also that Frontier had supplemented its document production and, "given the breadth and scope of inquiry, Frontier will require additional time to complete its search for responsive information and documents." *Id*. at 2. It was further stipulated as follows:

> "[T]he Parties disagree regarding whether Frontier must disclose the names and contact information of passengers identified in complaints and incident reports pertaining to occurrences on unrelated flights. Thus, Plaintiffs intend to file a Rule 37 motion for sanctions **regarding the redaction of that information from the produced documents**. The Parties agree that an extension of deadlines is needed to allow for resolution of these matters." *Id*. at 3 (emphasis added).

Plaintiffs filed the instant Motion for Sanctions the same day the parties filed the sixth stipulated motion to extend discovery deadlines. Therein, Plaintiffs ask the Court to enter the following factual findings:

> Defendant Frontier Airlines, Inc. has instructed its flight attendants to look for, and report to the Captains of flights, suspected human trafficking and sex trafficking by its passengers. However, despite the fact that it has received multiple notices of its flight attendants and pilots racially profiling passengers and falsely suspecting passengers of human trafficking or sex trafficking based at least in part on their being Black or part of a mixed race group, it has never provided its flight attendants or pilots with any training on the avoidance of discrimination toward passengers based on their race, national origin or ethnicity. ECF 128, p. 6.

Plaintiffs further request that Frontier be prohibited from introducing any evidence that conflicts with that finding. *Id.* This is effectively a case-dispositive sanction.

## III. PRELIMINARY ARGUMENTS

### A. Meet and Confer

As a threshold matter, Frontier objects to Plaintiffs' certification that the meet-and-confer obligations have been satisfied. ECF 128, p. 2. While it is true that Plaintiffs' counsel had direct discussions with Frontier's counsel regarding the propriety of Frontier's redactions, there was notably no meet and confer under LR IA 1-3(f) prior to Frontier's production where Plaintiffs expressed concern of a delay or prejudice. This is consistent with the parties' subsequently filed sixth stipulated motion to extend discovery deadlines which says nothing about any concern or issue with the timing of Frontier's document production but rather indicates only that there was a disagreement as to whether Frontier must disclose the names and contact information of passengers identified in prior complaints and incident reports. And, in fact, none of the prior stipulated motions filed during the pendency of Plaintiffs' Objections to Magistrate Judge Albregts' Order said anything about an unacceptable delay, let alone an "intentional" delay as Plaintiffs now allege. See *Traylor v. Kohl's Department Store*, No. 2:09-cv-01073-HDM-LRL, 2010 U.S. Dist. LEXIS 78030, at *2-3 (D. Nev. June 29, 2010) (dismissing a discovery motion because it did not appear from the record that the parties exchanged their views on the merits of their discovery dispute with adequate specificity).

### B. Local Rule IC 2-2(b)

Additionally, Frontier objects to Plaintiffs' violation of the Local Rule requiring separate motions for separate forms of relief. The last time this happened, the Court dismissed Plaintiffs' amended motion to compel because Plaintiffs were seeking discovery answers and at the same time requesting the removal of designations under a protective order. ECF 57. Plaintiffs have committed the same violation here.

The introduction to Plaintiffs' Motion for Sanctions indicates that Plaintiffs are seeking sanctions based solely on Frontier's redactions. ECF 128, pp. 1-2. However, the first argument section in Plaintiffs' Motion for Sanctions states: "Frontier's 14-month delay is inexcusable." ECF 128, p. 4. Before concluding, Plaintiffs acknowledge that "Hairs could, conceivably, be split" over whether Frontier's alleged delay is sanctionable, only to claim in the same breath that "redacting information from produced documents where the Orders compelling production did not authorize redaction should clearly qualify." ECF 128, p. 8. Based on these alleged violations, Plaintiffs ask the Court to sanction Frontier by excluding evidence and entering adverse factual findings on the key issues of discrimination and training. ECF 128, p. 6. This is tantamount to requesting a case-dispositive sanction and the argument should have been raised in a standalone motion.

In the second argument section of their *Motion for Sanctions*, Plaintiffs ask the Court to "also order Frontier to remove all the redactions." ECF 128, p. 9. This is the equivalent of a motion to compel unredacted documents and should also have been filed as a standalone motion, as the issue of redactions is clearly Plaintiffs' overriding concern. This much is reflected in Plaintiffs' lengthy discussion of statutory interpretation and disagreeable case law. ECF 128, p. 9-21. Plaintiffs urge the Court not to follow a long line of cases that hold that airlines are prohibited from releasing passenger contact information under 14 C.F.R. §243.9(c). They quote Justice Brennan and argue that *"stare decisis* must yield." ECF 128, p. 21.

Unfortunately for Plaintiffs, this is neither the time nor the place to challenge *stare decisis*. Plaintiffs should have taken up the issue in a separate motion rather than attempting to argue it in the instant Motion for Sanctions. Whether other courts have correctly interpreted 14 C.F.R. §243.9(c) has no bearing on whether Frontier can be sanctioned for relying on those decisions to redact passenger contact information. Accordingly, the Court should deny Plaintiffs' Motion for Sanctions altogether based on Plaintiffs' continued violation of Local Rule IC 2-2(b).

### C. Failure to Provide Adequate Supporting Authority

On two prior occasions, this Court denied Plaintiff's discovery motion for failing to cite adequate points and authorities. ECF 47, 57. The Court should do the same here. Although Plaintiffs cite boilerplate language from cases discussing the standards for imposing discovery sanctions, they have provided no authority to support the imposition of sanctions under these circumstances. It is not enough to quote a generic holding that "Courts need not tolerate flagrant abuses of the discovery process" and then argue that case-dispositive sanctions are warranted. See ECF 128, p. 6. Because Plaintiffs have again failed to present well-developed arguments supported with adequate points and authorities, the Court should dismiss Plaintiffs' Motion for Sanctions outright.

## IV. ARGUMENTS ON THE MERITS

It is axiomatic that there must be an adequate record to support the imposition of discovery sanctions. *See, e.g.*, *Kohler v. Flava Enterprises*, 779 F.3d 1016, 1020 (9th Cir. 2015) (finding "no evidence in the record" to support claims of bad faith, and "nothing in the record" to substantiate sanctions under the court's inherent powers). The record in this case provides no such support. It reflects that Plaintiffs have acquiesced to the pace of discovery and their allegations of prejudice regarding any delay thus ring hollow. Further, there is no support in the record to impose sanctions based on Frontier's redactions of sensitive passenger contact information consistent with federal law. For these reasons and the reasons discussed below, Plaintiff's Motion for Sanctions should be denied on the merits.

### A. Legal Standards

Plaintiffs' Motion for Sanctions is brought under Federal Rule of Civil Procedure 37(b)(2)(A) and/or the Court's inherent sanction authority. ECF 128, p. 1. Rule 37(b)(2)(A) provides in relevant part that if a party "fails to obey an order to provide or permit discovery," the court may issue a "just" order, including the following sanctions:

8

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "All sanctions imposed for failing to comply with a discovery order must be reasonable in light of the circumstances, and a sanction is reasonable only if its character and magnitude are proportionate to the character and magnitude of the violation of the underlying discovery order, and the harmful consequences of that violation." *Vaca v. Rio Props.*, No. 2:08-cv-00940-RHL-LRL, 2011 U.S. Dist. LEXIS 27796, at *7 (D. Nev. Mar. 3, 2011). "Fairness demands that [severe sanctions] not be imposed in the absence of willfulness, bad faith, or fault." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1340 (9th Cir. 1985).

As is the case with the more severe Rule 37 sanctions, a district court's inherent sanction powers are potent and must be exercised with restraint and discretion. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021). Thus, when imposing a sanction under its inherent authority – as opposed to applying a federal rule or statute – a district court must first make an explicit factual finding of either (1) a willful violation of a court order, or (2) bad faith. *Id*. at 1090.

**B.      Frontier has not Failed to Obey any Discovery Orders**

Tracking the plain language of Rule 37(b)(2), sanctions under the Rule are not proper when there is no clear violation of a court's discovery order. *See Manchester v. Sivantos Gmbh*, No. CV 17-5309-ODW (JEMx), 2019 U.S. Dist. LEXIS 66051, at *14 (C.D. Cal. Jan. 30, 2019) ("The

Court already has rejected the applicability of Rule 37(b) because there has been no violation of a Court order."); *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1114 (D. Ariz. 2014) (holding that "Rule 37 does not appear to be implicated in this case because there was no violation of a court order.") Here, there can be no dispute that Rule 37(b)(2) sanctions are not applicable because Frontier has not violated any discovery orders.

The Court ordered Frontier to produce prior passenger complaints of race discrimination and prior reports of suspected human and/or sex trafficking and racial profiling for a period of five years. Frontier has searched for responsive records, produced 128 to date, and continues to exhaust all search efforts to locate any additional responsive documents. There was no timeframe for the production ordered by the Court, and Frontier has been diligent in its efforts to comply as described further in subsection C below.

It is clear from Plaintiffs' Motion for Sanctions that the crux of their complaint relates to their disagreement over the redaction of third-party passenger information. *See* ECF 128, p. 1-2 ("To date, Frontier has not fully complied with those Orders because it has produced responsive documents with relevant information redacted."). However, Frontier was not ordered to produce personal identifying information for the passengers involved in the complaints and reports to be produced, nor should it have been as such information is not relevant.

In their Second Amended Motion to Compel, Plaintiffs urged the Court that these prior complaints and reports may be relevant to "the issue of whether Frontier, as a corporate employer, fosters an environment in which race discrimination by its employees against airline passengers is condoned and/or goes unaddressed." ECF 77, p. 9. Plaintiffs claim in their Motion for Sanctions that the documents as received (with redactions) meet this purpose: "the Court can see that the redacted documents do, in fact, establish a pattern of racial profiling and false trafficking accusations by flight attendants assisted by Frontier pilots." ECF 128, p. 8. While Frontier vigorously disagrees with Plaintiffs' argument regarding those documents, to the extent Plaintiffs

seek to establish that these instances were condoned or unaddressed by Frontier as a corporate employer, that information can only come ***from Frontier***, not the individual passengers involved in the occurrences described. Indeed, Magistrate Judge Albregts acknowledged in his order that, to the extent Plaintiffs appeared to be seeking statements on how Frontier responds to complaints of race discrimination, that was "a subject more appropriately addressed via written interrogatory or deposition testimony." ECF 83, p. 4. It seems improbable that the Court was contemplating deposition testimony of third parties as opposed to the testimony of Frontier's corporate representatives, which were also the subject of the Motion to Compel.

Moreover, Frontier was wholly justified in its redaction of the passenger information as it is compelled to maintain the confidentiality of that information under federal law. Another district court in this Circuit recently condoned the exact position taken by Frontier. In *Anders v. United Airlines, Inc.*, No. CV 19-5809-GW (KS), 2020 U.S. Dist. LEXIS 250250, at *9-10 (C.D. Cal. 2020), the plaintiff sought a list of "all customer complaints (including date and customer name and contact information) you received relating to inflight sexual assault/battery from January 1, 2009 to the present." United objected on the grounds that the information sought was overly broad, not relevant, and would require "the disclosure of passengers' personal information that is protected from disclosure under 14 C.F.R. § 243.9." *Id.* at *10. The Court noted that United's "stronger argument against disclosure concerns the need to protect the privacy interests of its passengers." The court noted that "passenger contact information is highly protected under federal law and the information Plaintiff seeks may encompass the contact information for minors, which is entitled to heightened privacy protections." *Id.* at *16. Ultimately, the court held the plaintiff had not established a sufficient showing of need to be entitled to such information and thus maintained its confidentiality. *Id.* at *16-17.

As in *Anders*, the information sought by Plaintiffs is highly protected under federal law and entitled to heightened privacy protections. Plaintiff has already received the substance of the

11

complaints/reports and Frontier's policies and procedures that govern the handling of such incidents. Plaintiffs have not established that the identities of the passengers involved in unrelated incidents and involving unrelated crew members are relevant or proportional to the needs of the case; nor have they shown that the disclosure of the information would outweigh the privacy interests of Frontier's passengers. Disclosure of this information is particularly concerning given the sensitive nature of the underlying documents and the fact that some of these passengers may be wholly unaware that these documents even exist. Therefore, Frontier was justified in redacting the passenger's identifying information and requests the Court allow those redactions to stay in place.

Even if this Court were to consider Plaintiffs' challenge to all authority on this issue as acknowledged in Plaintiffs' Motion, it cannot reasonably be concluded that Frontier's adherence to that law warrants sanctions at the highest level. Frontier did not disobey this Court's orders at any time, and, therefore, Rule 37 sanctions are not proper.

### C. Frontier has not Acted in Bad Faith and is not at Fault.

As noted above, severe discovery sanctions such as those requested by Plaintiffs here are permitted only when a violation is due to willfulness, bad faith, or fault of the violating party. *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Products Liability Litigation)*, 460 F.3d 1217, 1233 (9th Cir. 2006).

Plaintiffs are correct that "Frontier did not move for a stay of the May 8 Order or a stay of discovery while the Objections were being decided, nor does Rule 72 automatically impose one." ECF 128, p. 3. In hindsight, Frontier humbly acknowledges that this approach was not advisable absent a formal stay of discovery. However, the reason behind Frontier's approach had nothing to do with willfulness or bad faith. Rather, once Plaintiffs filed their objections, Frontier understood the parties would be awaiting the District Court's ruling on Plaintiffs' objections prior to any production. This was because the ruling could impact the scope of the discovery allowed which, in turn, could impact the search efforts and require portions to be performed multiple times. And, in

fact, Judge Dawson's ruling did just that; it expanded the scope of the production which expanded the underlying search efforts for responsive documents.

Additionally, the impact of COVID-19 upon the airline industry during this period cannot be overstated.  Frontier's customer relations group was already performing double duty -- searching for and gathering documents (which were archived and not easily accessible) while simultaneously dealing with reduced manpower and an exponential increase in COVID-19 related customer complaints. Despite these challenges, Frontier has, and continues to work diligently to compile and produce all documents that are responsive to the Court's discovery orders. This is not tantamount to willfulness, or bad faith, nor was there an intention to "gain strategic advantage" as alleged by Plaintiffs. ECF p. 6.

Further, Plaintiffs did not raise concern about this timing, nor did they express concern of suffering any kind of prejudice during that period of time. To the contrary, it was repeatedly noted in joint reports to this Court that the parties were working cooperatively to advance discovery. To be specific, three stipulated motions to extend discovery deadlines were entered between Judge Albregts' initial Order and Judge Dawson's clarifying Order (May 8, 2020 – March 29, 2021). Each motion listed the need to await Judge Dawson's ruling as one of the factors necessitating an extension and the parties stipulated in each that they were "working cooperatively and as expeditiously as possible to conduct discovery and to otherwise comply with the Court's Scheduling Order as previously extended." See ECF 86, p. 3-4; ECF 114, p. 3-4; ECF 115, p. 3.

To date, Frontier has produced approximately 128 documents relating to other Frontier incidents and continues to search for any other responsive documents. To be clear, Frontier's document production is an ongoing effort, and it is anticipated that more documents will be produced. This is reflected in the parties *sixth* stipulated motion to extend discovery deadlines, filed on August 20, 2021. The parties stipulated that, "given the breadth and scope of inquiry, Frontier

will require additional time to complete its search for responsive information and documents." ECF 127, p. 2.

Based on the above, it is surprising that Plaintiffs would move to sanction Frontier for delay after they acquiesced to the postponement of Frontier's document production until after Judge Dawson's ruling and then acknowledged the continuance of the search efforts to fully respond. Regardless, the record clearly does not support any willfulness, bad faith or fault which would warrant the sanctions requested.

## V.   CONCLUSION

For the foregoing reasons, FRONTIER AIRLINES, INC. respectfully requests that the Court deny Plaintiffs' Motion for Sanctions and for such further relief as this Court deems just and reasonable.

Date: September 3, 2021                                  Respectfully submitted,

**FRONTIER AIRLINES, INC.**

/s/  Brian T. Maye
Brian T. Maye *(*admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
           mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

14

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Brian T. Maye*