CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
       mmartin@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren, and Rex Shupe*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| *Plaintiffs*, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT (ECF 132)** |
| v. | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, | |
| *Defendants*. | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT

Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe (collectively "Defendants"), by their undersigned counsel, submit this Opposition to Plaintiffs' Second Motion for Leave to Amend the Complaint (ECF 132).

/ / /

/ / /

## I. INTRODUCTION

Plaintiffs' proposed Third Amended Complaint extends to almost forty (40) pages and serves no purpose other than to plead Plaintiffs' purported evidence, present arguments, complicate the issues in the case, and create a narrative of Plaintiffs' version of events. The proposed amended pleading violates Federal Rule 8's mandate requiring a short and plain statement of the claim, and Plaintiffs fail to establish good cause and excusable neglect for the untimely effort to file the Third Amended Complaint.[1]

## II. BACKGROUND

Plaintiffs initiated this action on August 1, 2019, by way of a six-count 15-page Complaint. (ECF 1). On October 8, 2019, the parties submitted to the Court a stipulated discovery plan and proposed scheduling order. (ECF 30). The next day, the Court issued the first Scheduling Order (ECF 33), which set November 26, 2019, as the deadline to amend pleadings and add parties. (*Id.*) That deadline was never extended by the Court.

On November 20, 2019, Plaintiffs filed a Motion for Leave to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (ECF 39). The stated purpose of the amendment was to add the flight crew as Defendants. Frontier filed an opposition on December 4, 2019 (ECF 49). The Court granted Plaintiffs' Motion. (ECF 67). Plaintiffs filed their First Amended Complaint on March 30, 2020. (ECF 68).

On June 9, 2020, Plaintiffs filed their Second Amended Complaint without seeking leave of court. (ECF 106). On June 23, 2020, Defendants filed a Motion to Strike (ECF 107) and, alternatively, a Motion to Dismiss Plaintiffs' negligence and negligent infliction of emotional distress causes of action (ECF 108). After the matters were fully briefed, the Court issued a ruling on March 30, 2021. (ECF 121). The Court

---

[1] As a preliminary matter, Defendants need not wait to address the deficiencies in the proposed Third Amended Complaint until after it is filed. A "motion for leave to amend may be denied if it appears to be futile or legally insufficient. In considering futility, the Court applies an analysis identical to that used for Rule 12(b)(6) motions." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

noted in its ruling that it would "review the Plaintiffs' motion to amend under Rule 16's good cause standard, because the motion was filed well past the deadline set in the discovery order." (*Id.* at 4). The court noted that "Plaintiff has entirely failed to demonstrate good cause for failing to amend within the time allowed in the scheduling order." (*Id.*) However, the Court found that at that time, "judicial economy would be ill-served by striking the second amended complaint entirely …" and proceeded to rule on Frontier's Partial Motion to Dismiss. (*Id.*) The Court ultimately dismissed the negligence and negligent infliction of emotional distress counts in the Second Amended Complaint. (*Id.*) Plaintiffs now seek leave to file their Third Amended Complaint, over one year after they filed their Second Amended Complaint and nearly two years beyond the original scheduling order deadline.

### III. ARGUMENT

**A. Plaintiffs' Proposed Third Amended Complaint Violates Rule 8's Requirement of Simple, Concise and Direct Pleadings.**

Rule 8 requires that a complaint put forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Dismissal is appropriate on Rule 8 grounds where the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant." *Cal. Coal. for Families & Children v. San Diego Cty. Bar Ass'n*, 657 F. App'x 675, 678 (9th Cir. 2016). Under Rule 8, it is improper for a complaint to be "verbose, confusing and conclusory." *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Courts decline to consider "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Allied Nevada Gold Corp.*, Case No. 3:14-CV-00175-LRH-WGC, 2016 U.S. Dist. LEXIS 104090, at *7 (D. Nev. Aug. 8, 2016) (quoting *In re Gilead Scis. Sec Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). The court has the power to strike any portions of the complaint that are redundant or immaterial . . . or to dismiss the complaint. *Favaloro v. BJC*

*Healthcare*, 2015 U.S. Dist. LEXIS 46354, 2015 WL 1603054, at *2 (E.D. Mo. Apr. 9, 2015) (denying leave to file amended complaint for failure to comply with Rule 8 in relatively simple employment action where complaint was "90 pages long and contain[ed] wholly irrelevant and scandalous material").

In *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996), the district court dismissed a 53-page amended complaint that "mixe[d] allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way…" The 9th Circuit agreed with the district court that the complaint was "mostly, 'narrative ramblings' and 'storytelling or political griping.'" *Id.* at 1176. The Court described the complaint as consisting largely of "immaterial background information." *Id.* at 1177. The problem with such pleadings is that it "leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed." *Id.* at 1180. The Court ruled that the district court did not abuse its discretion in dismissing the entire complaint for violation of Rule 8. *Id; see also*, *Ferm v. McCarty*, Case No. 2:12-cv-00782-GMN-PAL, 2013 U.S. Dist. LEXIS 23711, at * 7 (D. Nev. Jan. 28, 2013) (dismissing an amended complaint that consisted of "lengthy immaterial, inflammatory, and superfluous opinions and editorial comments" for failing to comply with Rule 8).

Here, what started as a 15-page Complaint has ballooned into Plaintiffs' proposed 39-page Third Amended Complaint.  While the length of a complaint does not make it *per se* invalid, it is apparent from the face of the proposed pleading that the allegations are anything but "simple, concise, and direct" as required by Rule 8. *Komatsu v. City of N.Y.,* 2021 U.S. Dist. LEXIS 132991, at *9 (S.D.N.Y. July 16, 2021) (Complaints that ramble, needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with the goals of Rule 8.). Several paragraphs in the introduction and background sections stretch over a page long and contain information that is immaterial, incorrect, and/or argumentative and would make answering an unnecessarily difficult task for

- 4 -

Defendants. *Vorobey v. Cleveland Bros. Equip. Co., Inc.,* No. 4:18-CV-00865, 2018 U.S. Dist. LEXIS 206791, at *3 (M.D. Pa. Dec. 7, 2018) (it is improper to force a defendant to admit or deny what are essentially statements and opinions). As such, Plaintiffs' request for leave to amend should be denied because the proposed Third Amended Complaint violates Rule 8.

**B.  Plaintiffs Have Not Shown Good Cause to Justify Amendment.**

A party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). *Nationstar Mortg. LLC v. SFR Invs. Pool 1, LLC*, Case No. 2:15-cv-00133-APG-BNW, 2020 U.S. Dist. LEXIS 110378, at * 3 (D. Nev. June 3, 2020) (citing Fed. R. Civ. P. 15(a)(1)). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *Id.* Unlike Rule 15(a)'s "'liberal amendment policy[,] … Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment … [i]f that party was not diligent, the inquiry should end.'" *Id.* at *3-4 (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (internal citations omitted)). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

The deadline to amend pleadings has long passed in this case. (ECF # 33). Therefore, Plaintiffs' Motion must again be analyzed under Rule 16(b)'s good cause standard, which "primarily considers the diligence of the party seeking the amendment." *Id.* In *Nationstar Mortg. LLC v. SFR Invs. Pool 1, LLC*, Case No. 2:15-cv-00133-APG-BNW, 2020 U.S. Dist. LEXIS 110378, at *7-8 (D. Nev. June 3, 2020), the

court analyzed the concept of diligence and collected cases within the 9th Circuit and District of Nevada on the length of time that constitutes diligence:

> [w]hile there is no bright-line rule in the Ninth Circuit for how long is 'too long' to wait to move to amend, there is controlling authority that waiting **four months** (without good reason) is too long and persuasive authority that waiting **two months** or even less (again, without good reason) is too long. *See, e.g., Mammoth Recreations*, 975 F.2d at 610 (affirming finding of no good cause for motion made **four months** after the cut-off date for motions to amend); *Lamberth v. Clark Cty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017) (affirming [*8] finding of no good cause when plaintiffs moved to amend **three and a half months** after deadline for amendments); *Jones v. Desert Reg'l Ctr.*, 2018 U.S. Dist. LEXIS 52714, 2018 WL 1538911, at *6 (D. Nev. Mar. 29, 2018) (affirming denial of motion to amend when plaintiffs waited until **two months** after the deadline to file their motion to amend); *Murnane v. Las Vegas Metro. Police Dep't*, No. 213CV01088MMDPAL, 2015 U.S. Dist. LEXIS 197414, 2015 WL 13676690, at *3 (D. Nev. June 4, 2015) (no good cause shown for waiting **over a month** to seek leave to amend).

(emphasis added). The court found that because the plaintiff "did not offer any reason why it waited roughly two months after the stay was lifted to move to amend, it failed to establish that it acted diligently." *Id.* at *8.

Plaintiffs argue that good cause exists because the "vast majority of the amendments" in the Third Amended Complaint "could not possibly have been made prior to the original amendment deadline." (ECF 132 at 4-5). While this may be true for some information, what Plaintiffs fail to explain is why any of these new factual allegations are needed at all. Many of the amendments stem from facts learned months or even years prior to the filing of the Motion. Plaintiffs cite to factual allegations concerning (1) Frontier's April 2021 Initial Public Offering of its stock (almost five months ago); (2) information uncovered in depositions[2] and through document productions; and (3) a clarification of its Section 1981 claim to conform with two 2020 Supreme Court cases (decided in June 2020 and March 2020). (*Id.* at 2-3).

---

[2] The last deposition, of a passenger on the subject flight, in this case took place on June 17, 2021, over two months prior to when Plaintiffs filed the instant motion. Prior to that, the parties last conducted depositions in March 2020.

However, outside of the information produced by Frontier in discovery in July 2021, all other information has been known by Plaintiffs for months or even years.

Further, the new information added by Plaintiffs was not limited to those factual allegations referenced in the Motion. Plaintiffs include new allegations stemming from the depositions of the Frontier flight crew (see ECF 132-1 ¶¶ 6-20, 30-44), but those depositions occurred in December 2019 and could easily have been included in either the First or Second Amended Complaints. The proposed Third Amended Complaint also includes, for the first time, information regarding A.D.'s ethnicity – a fact presumably known by Plaintiffs prior to the outset of this litigation – which they use to expand their Section 1981 claim from one purely about race to one also apparently involving A.D.'s "Ethiopian ancestry." (ECF 132-1 ¶ 62). Therefore, Plaintiffs have again failed to demonstrate good cause and have not shown that they acted diligently in amending their complaint.

**C. Plaintiffs Have Not Demonstrated Excusable Neglect.**

In addition to having to show good cause to extend any date set by a scheduling order, the movant must also demonstrate that "the failure to act was the result of excusable neglect." *See* LR 26-3. Plaintiffs' Motion does not even mention LR 26-3 or discuss the concept of excusable neglect. Therefore, Plaintiffs' Motion fails to comply with the Local Rules and must be denied.

If this Court were to go further than this threshold, it should still deny the motion. The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

As noted above, several of the facts alleged by Plaintiffs surely were known to them prior to the commencement of this action. For example, Plaintiffs include newly pled allegations regarding A.D.'s

ethnicity and that A.D.'s race, ancestry and ethnic characteristics formed the basis of the alleged discrimination of Frontier's flight crew. (ECF 132-1 at p. 2). These allegations slightly expand the contours of Plaintiffs' discrimination claim, at a time when numerous depositions have already been taken, including those of Plaintiffs, their family, and Frontier's flight crew. Plaintiffs have failed to account for the delay of pleading these facts and thus cannot show excusable neglect.

### D. Plaintiffs' Proposed Third Amended Complaint Contains Confidential Information.

Lastly, Plaintiffs' proposed Third Amended Complaint contains information from documents marked by Frontier as confidential and subject to the Protective Order entered by the parties (ECF 37). Specifically, Plaintiffs quote directly from an "Inflight Flyer" and "ACARS" messages sent from the flight crew of the subject flight to dispatch (ECF 132-1 at ¶¶ 15, 34, 35). The Protective Order provides that a party's attorney may distribute protected materials or share information obtained from protected materials with a discrete list of persons, <u>and no other</u>. (ECF 37 at ¶ 4). The Protective Order does not allow such information to be pled in a publicly available pleading. Defendants are mindful of the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), but the parties agreed to a procedure by which documents could be marked confidential and to the limitations to their use. Plaintiffs have violated that agreement, which may cause prejudice to Defendants, and which further warrants denial of their Motion.

DATED this 14th day of September, 2021        Respectfully submitted,

/s/Matthew D. Martin
Brian T. Maye (admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603

Phone: (312) 345-0700
Email: bmaye@amm-law.com
         mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2021, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/Matthew D. Martin*