CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
        mmartin@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren, and Rex Shupe*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| Plaintiffs, | **FRONTIER AIRLINES, INC.'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, REX SHUPE, | |
| Defendants. | |

**DEFENDANT FRONTIER AIRLINES, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING EXHIBIT A TO PLAINTIFFS' MOTION FOR SANCTIONS**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, moves this Court for a protective order pursuant to Fed. R. Civ. P. 26 and LR 26-6 as to certain documents produced in discovery that Frontier designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the Parties' Agreed Protective Order ("Protective Order") entered by the Court on October 10, 2019 (ECF #37). Frontier's Motion is premised on the

attached Memorandum of Points and Authorities, the pleadings, and other papers on file in this matter, and any oral argument this Court may entertain.

Date: September 20, 2021

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/  Brian T. Maye*
Brian T. Maye *(*admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
           mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

### Certification Pursuant to LR 26-6(c)

Counsel for Frontier has made good faith efforts to resolve all of the matters discussed in this Motion without Court intervention, but all such efforts have been unsuccessful. The meet-and-confer included an effort by attorney Brian Maye (representing Frontier) to speak with Attorney John McKay on September 17, 2021. Mr. McKay was not available, so Mr. Maye left a detailed voice message regarding the subject of this motion. Mr. Maye then emailed Mr. McKay explaining the substance of this motion and asking Mr. McKay to call Mr. Maye. On September 20, 2021, Mr. McKay emailed Mr. Maye, stating that a telephone call was unnecessary in that Plaintiffs continue to maintain their position that the subject documents were improperly designated as confidential. Mr. McKay also stated that he was out of the country.

**FRONTIER'S MEMORANDUM OF POINTS AND AUTHORITIES**

### I. THE PROTECTIVE ORDER

At the outset of discovery, the Court entered the parties' proposed Protective Order. (ECF #37). The Protective Order allows either party to designate as confidential any documents "which a party believes, in good faith, contain sensitive security information, personal health information, trade secrets, proprietary information, research, technical, commercial, or final information, or other confidential material…" (ECF #37 at ¶ 1). A party may contest the applicability of the Protective Order to the material marked as confidential by "notifying the attorneys for the party producing the material and identifying the material contested." (*Id.* at ¶ 3). Upon such notification, "the attorneys for the producing party shall have thirty days in which to make a specific Motion for Protective Order with respect to such material." (*Id.*).

In their Motion to File Under Seal, Plaintiffs challenge the applicability of the Protective Order to the documents at issue, claiming that they do not contain 'confidential information' worthy of protection. *See* ECF # 130. Given Plaintiffs' notice, Frontier now seeks a specific protective order with respect to the challenged documents.

### II. THE CONFIDENTIAL DOCUMENTS

There are 128 pages of documents currently at issue. All of the documents relate to incidents of suspected human and/or sex trafficking involving Frontier passengers or to incidents of alleged racial discrimination involving Frontier employees. The documents, and the underlying incidents, do not pertain to the incident at issue in this lawsuit. Nor do the documents involve or mention either of the Plaintiffs or any of the Frontier employees involved here. The majority of the documents are internal Frontier reports which are kept strictly confidential, and which are not disclosed by Frontier and are not disseminated publicly in any manner. The documents concerning suspected human and/or sex trafficking primarily concern passengers who are minors, and nearly all the reports disclose detailed information, such as flight dates, flight

numbers, departure/arrival destinations and detailed descriptions of the passengers involved. Given that these documents are considered confidential by Frontier, the passengers involved are ostensibly unaware that these internal reports even exist. Other documents include years old complaints of alleged discrimination by passengers against Frontier employees (whose names are identified) and which were previously addressed by Frontier with those involved.[1]

### III. LEGAL STANDARD

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c)(1). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" *Id.* In order to obtain a protective order, "the moving party bears the burden of showing 'good cause' by demonstrating harm or prejudice that will result from the discovery. The moving party must demonstrate a 'particular and specific need' for the protective order." *Carreon v. Smith's Food & Drug Stores,* Case No. 2:18-cv-01933-APG-NJK, 2019 U.S. Dist. LEXIS 30026, at *4 (D. Nev. Feb. 26, 2019) (internal citations omitted).

### IV. ARGUMENT

Frontier designated the subject documents as CONFIDENTIAL because they contain personal and sensitive information which Frontier maintains in strict confidence. Disclosing this sensitive information outside the confines of this litigation would have no impact on the litigation itself and would only risk harming the individuals identified and Frontier. Plaintiffs have previously admitted that they wish to contact the individuals involved in the other incidents (ECF 128, p. 3-4, 6), but have identified no legitimate basis for doing so. Because federal case

---

[1] The names and contact information of the passengers, whether minor or otherwise, involved in the prior incidents, have been redacted, which is the subject of a separate motion. (*See* ECF #128).

law supports Frontier's request that the confidentiality of such documents be maintained, the Court should grant the instant Motion for Protective Order.

In *Dozier v. Waffle House, Inc.*, the plaintiffs brought discrimination claims asserting that they were denied services because of their race. During discovery, Waffle House produced documents related to (1) its investigation of the subject incident and (2) other customer complaints involving the Waffle House location at issue in the case. 2005 U.S. Dist. LEXIS 40245, at *40 (N.D. Ga. May 4, 2005). The plaintiffs thereafter challenged Waffle House's designation of the documents as confidential.

The court ruled that the documents contained proprietary information reflecting the Company's investigative process and incorporating information from its confidential database. *Id*. at *43. The court determined that the interest in maintaining the confidentiality of these documents outweighed any slight interest the plaintiffs had in collaborating with other Waffle House litigants. *Id.* The court further observed that disclosure of these documents would constitute an invasion of the privacy of Waffle House's customers who utilized the 1-800 number to voice their complaints. *Id.* at *45. "Waffle House has an interest in encouraging customer feedback and, therefore, protecting the privacy of customers." *Id.* Additionally, because the complaints were inflammatory and/or unverified, disclosing them would constitute an unwarranted invasion of the employees' privacy. *Id.* The *Dozier* court upheld the confidential designation and rejected the plaintiffs' request for public disclosure of documents related to prior complaints involving the subject store.

Similarly, in *Abreu v. New Jersey*, the plaintiff sought materials relating to complaints of discrimination and retaliation made by other employees of the defendants. 2015 U.S. Dist. LEXIS 172621, at *18-20 (D.N.J. Dec. 29, 2015). The defendants objected to the production of those materials because they (1) "implicate[d] the privacy interests of non-parties;" and (2) to the extent they related to facilities other than that at which the plaintiff worked, such information was not

relevant. *Id.* The court agreed, ruling that only complaints involving the facility at which the plaintiff worked were discoverable, and the production of those complaints would be subject to a protective order. *Id.* at *20. Further, the court found that the plaintiff had only demonstrated a need to learn about the *nature* of the complaints in question. Because the plaintiff failed to show a need for the *specific identities* of any of the complainants, the Court directed that the materials be produced in redacted form. *Id.*

The courts in *Dozier* and *Abreu* upheld confidentiality protections for documents with similar, if not lesser, potentially negative ramifications than the Frontier documents at issue here. Consistent with both cases, the privacy interests of the non-parties identified in the subject documents here would be significantly implicated. The subject documents reveal the names of (1) Frontier employees and passengers[2] who were involved in suspected trafficking incidents, and (2) Frontier employees who were the subjects of highly inflammatory and disputed customer complaints. Public disclosure of the documents, and thus of the individual identities contained therein, could cause undue and wholly unnecessary hardship to those individuals, who are not parties to this litigation.

Public disclosure of documents concerning other incidents, whether suspected trafficking or alleged discrimination, and how Frontier handled its investigation and the individuals involved, could also result in unwarranted and unnecessary negative commercial repercussions to Frontier. Frontier's interest in maintaining the confidentiality of its internal confidential reports describing wholly unrelated incidents and demonstrating how Frontier addressed those situations in accordance with their internal policies and procedures, greatly outweighs any interest that would be served by publicly disclosing these documents. *See Gillum v. ICF Emergency Mgmt. Servs.,*

---

[2] The names of the passengers involved in the prior incidents have been redacted, which is the subject of a separate motion. (*See* ECF #128).

*L.L.C.,* No. 08-314-C-M2, 2009 U.S. Dist. LEXIS 60693, at \*33-34 (M.D. La. July 16, 2009) (to protect the privacy of the employees who filed complaints, the information shall be produced subject to the protective order); *see also Republic Servs. v. Liberty Mut. Ins. Cos.*, No. 03-494-KSF, 2006 U.S. Dist. LEXIS 38752, at \*22 (E.D. Ky. June 9, 2006) (good cause established for the entry of a protective order relating to claims handling and training materials). Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the party. *Dozier*, 2005 U.S. Dist. LEXIS 40245, at \*41. Moreover, maintaining the confidentiality of these documents would not hinder Plaintiffs' ability to prosecute their case in any way.

    In addition to factors discussed above, courts cannot overlook the public's interest in maintaining the privacy of personal information disclosed during investigations and held by others. The public has a wide-reaching interest in (1) maintaining the confidentiality of documents that involve protecting people who provide information to investigators, and (2) protecting the integrity of the investigative process, itself. *McKenna v. City of Phila.*, 2000 U.S. Dist. LEXIS 15735, at \*6-7 (E.D. Pa. Sep. 29, 2000). Here, the public's interests are aligned with the interests of the individuals who were involved in reporting and responding to the incidents of suspected human trafficking. Both the public and the individuals have a strong interest in maintaining the confidentiality of these records. *See Rosenblit v. City of Phila.*, No. 20-3121-KSM, 2021 U.S. Dist. LEXIS 16042, at \*11 (E.D. Pa. Jan. 28, 2021) ("The interests of the plaintiff with regard to…complaints with the EEOC cannot overcome the privacy and safety interests that the [d]efendants and the public have in their confidentiality."). The candor of people providing information related to investigations of illegal and discriminatory conduct is essential to the investigative process, and "could 'chill' such candor in the future." *McKenna,* 2000 U.S. Dist. LEXIS 15735, at 8\*.

In sum, the interests of the individuals discussed above, Frontier, and the general public each weigh heavily in favor of maintaining the confidentiality of the subject documents. The Court should grant the instant Motion for Protective Order.

## V. CONCLUSION

For the foregoing reasons, Defendant, Frontier Airlines, Inc. requests that this Court enter a protective order maintaining the confidentiality of the documents in Exhibit A to Plaintiffs' Motion for Sanctions, and for such further relief as this Court deems just and reasonable.

DATED this 20th day of September, 2021            Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/ Brian T. Maye*

Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
           mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2021, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

                                       */s/ Brian T. Maye*

                                       Brian T. Maye *(*admitted *pro hac vice*)
                                       Matthew D. Martin (admitted *pro hac vice*)
                                       ADLER MURPHY & McQUILLEN LLP
                                       20 South Clark Street, Suite 2500
                                       Chicago, Illinois 60603
                                       Phone: (312) 345-0700
                                       Email: bmaye@amm-law.com
                                                         mmartin@amm-law.com

                                       Charles A. Michalek (Nevada Bar No. 5721)
                                       ROGERS, MASTRANGELO, CARVALHO & MITCHELL
                                       700 South Third Street
                                       Las Vegas, Nevada 89101
                                       Phone: (702) 383-3400
                                       Email: cmichalek@rmcmlaw.com