CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
          mmartin@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren, and Rex Shupe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| *Plaintiffs*, | **FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER** |
| v. | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, REX SHUPE, | |
| *Defendants*. | |

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR PROTECTIVE ORDER REGARDING
EXHIBIT A TO PLAINTIFFS' MOTION FOR SANCTIONS**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, and in further support of its Motion for Protective Order Regarding Exhibit A to Plaintiffs' Motion for Sanctions, states as follows:

**INTRODUCTION**

Exhibit A to Plaintiffs' Motion for Sanctions relates to prior incidents of suspected human trafficking and alleged discrimination with no established connection to this lawsuit.

Plaintiffs have not shown that the records involve any of the crewmembers identified in Plaintiffs' pleadings, and there is plainly "good cause" for sealing the records attached to a non-dispositive motion. See Fed. R. Civ. P. 26(c); *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006).

Plaintiffs nonetheless contend that Exhibit A should be made public – on grounds that (1) their underlying Motion for Sanctions is akin to a *dispositive* motion, and (2) the records in Exhibit A are more than "tangentially" related to the merits of their claims under 42 U.S.C. § 1981. ECF 139, p. 5. Plaintiffs argue that the dispositive nature of their Motion for Sanctions justifies imposing the higher "compelling reasons" standard for overcoming the presumption of public access. See *Kamakana,* 447 F.3d at 1181. The importance of the records, according to Plaintiffs, is in showing a pattern of discrimination. Plaintiffs mistakenly theorize that their Section 1981 claims "stem from this repeated and reprehensible pattern." ECF 139, p. 6.

The flaw in Plaintiffs' theory is that, absent any connection to the alleged bad actors in this lawsuit, the alleged pattern has no relevance to Plaintiffs' Section 1981 claims. See *Karrani v. JetBlue Airways Corp.*, No. C18-1510 RSM, 2019 U.S. Dist. LEXIS 127944, at *20 (W.D. Wash. July 31, 2019) (noting that pattern evidence is relevant to Section 1981 claims only in limited circumstances when a plaintiff can show a connection to the other incidents). It is not enough for Plaintiffs to simply say their claims "stem" from a pattern without showing some connection to the identified crewmembers. All Plaintiffs have shown is their intention to use the records for improper purposes, which is all but guaranteed if the records are made public.

Because (1) good cause and compelling reasons exist to protect Frontier's documents, and (2) Frontier's documents are only tangentially related to Plaintiffs' Section 1981 claims, the Court should grant Frontier's Motion for Protective Order Regarding Exhibit A to Plaintiffs' Motion for Sanctions.

**ARGUMENT**

Fed. R. Civ. P. 26(c) states that a court may, for "good cause," issue orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The Rule gives district courts flexibility in balancing and protecting the interests of the parties. *Kamakana,* 447 F.3d at 1179.

Pursuant to *Kamakana*, there is a presumption of public access to judicial records attached to *dispositive* motions. However, there is a lesser need for public access to records attached to *non-dispositive* motions that are only *tangentially* related to the underlying cause of action. In accordance with these tenets, sealing records attached to non-dispositive motions requires meeting a lower threshold showing of "good cause," while sealing records attached to dispositive motions requires an elevated showing that "compelling reasons" support maintaining privacy. "Compelling reasons" are generally shown if the disputed records might become a vehicle for improper purposes, such as gratifying private spite, promoting public scandal, circulating libelous statements, or releasing trade secrets. *Id*. at 1179-80.

Plaintiffs urge the Court to apply the "compelling reasons" standard, arguing that their Motion for Sanctions (based on redactions in Exhibit A) is "far more than 'tangentially' related to the merits" of their § 1981 claims. ECF 139, p. 5. See *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) ("Consistent with our precedent, we make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case. While many technically non-dispositive motions will fail this test, some will pass.").

As shown below, the standards for "good cause" and "compelling reasons" have both been satisfied. Nevertheless, Plaintiffs are wrong to argue that their Motion for Sanctions is more than tangentially related to the merits of their § 1981 claims. This marks the third time in recent

3

pleadings that Plaintiffs have argued their need to show a pattern of discrimination. ECF 128, p. 8; ECF 138, p. 7; ECF 139, p. 6. Thus far, Frontier has avoided taking up the issue and focused instead on the standards governing the underlying motions. However, considering the context of Plaintiffs' latest argument, Frontier is now compelled to address the relevance (or lack thereof) of such "pattern-or-practice evidence" for pleading and proving a § 1981 claim.

I.  **Frontier has Shown Good Cause and Compelling Reasons to Maintain Secrecy**

The "good cause" standard is plainly satisfied, as the disputed records contain a wealth of personal information concerning individuals involved with unrelated instances of suspected human trafficking and allegations of discrimination. For added measure, the documents related to suspected trafficking primarily concern passengers who are minors. Frontier also has an interest in maintaining the confidentiality of its internal investigations, and the public has an equal interest in safeguarding the same. Making such information public risks chilling the candor of those who may provide information for future investigations. See ECF 137, pp. 3-7. Thus, "good cause" undoubtedly exists to protect Frontier and the individuals identified in the unrelated records from annoyance, embarrassment, oppression, or undue burden or expense. See Fed. R. Civ. P. 26(c); *Kamakana*, 447 F.3d at 1180.

There are also "compelling reasons" to maintain the privacy of Frontier's records due to the risk that they might become a vehicle for improper purposes, such as gratifying private spite, promoting public scandal, circulating libelous statements, or releasing trade secrets. See *id*. at 1179. This is demonstrated by Plaintiffs' response to the instant Motion, which is packed with conclusory and inflammatory exaggerations regarding the contents of the records. ECF 139, pp.

5-6. As can be seen *in camera*, Frontier's records speak for themselves and provide no bases for Plaintiffs' boisterous embellishments.[1]

That Plaintiffs would file their Response publicly and broadcast these statements speaks volumes of their future intentions. Plaintiffs have admitted their desire to contact the individuals involved in the other incidents, arrange for their depositions, and "obtain further information and potential witnesses for the prosecution of their own claims of discriminatory treatment by Frontier." ECF 128, pp. 4, 6. Hence, there is clearly an undue risk that Plaintiffs will continue shopping their exaggerated characterizations of the disputed records in an effort to garner publicity negative to Frontier.

**II.     Plaintiffs' Motion for Sanctions is only Tangentially Related to Plaintiffs' § 1981 Claims**

In their Motion for Sanctions, Plaintiffs ask the Court to enter these factual findings:

> "…despite the fact that [Frontier] has received multiple notices of its flight attendants and pilots racially profiling passengers and falsely suspecting passengers of human trafficking or sex trafficking based at least in part on their being Black or part of a mixed-race group, [Frontier] has never provided its flight attendants or pilots with any training on the avoidance of discrimination toward passengers based on their race, national origin or ethnicity." ECF 128, p. 6.

Responding to the Motion, Frontier observed that this was tantamount to requesting case-dispositive sanctions. ECF 134, p. 7. Plaintiffs disagreed and argued their requested sanctions are *not* case dispositive, because they would not technically end the case. ECF 135, p. 8. Now, in an about face, Plaintiffs argue their Motion for Sanctions indeed resembles a dispositive motion and Frontier must therefore show that "compelling reasons" outweigh public disclosure of the records. ECF 139, p. 5.

---

[1] Frontier notes that the parties entered an Agreed Protective Order providing that information obtained from materials deemed confidential would only be shared with a select group. ECF 37, p. 3. Plaintiffs have arguably violated the Order by stating their opinions of what the records demonstrate in public filings.

Plaintiffs were wrong before and they are wrong now. They were mistaken to seek any sanctions in the first instance – let alone unduly harsh sanctions – because Frontier has not violated any discovery orders. See ECF 134, pp. 9-10. Regardless, Plaintiffs' Motion for Sanctions is still *non-dispositive* for purposes of confidentiality. Plaintiffs have cited nothing to support applying the "compelling reasons" standard to a motion for sanctions. It defies reason that a party could trigger the higher standard just by moving for unduly harsh sanctions having no proportionality to the alleged sanctionable conduct.

Plaintiffs are also wrong to assert that Frontier's records are more than tangentially related to their § 1981 claims. It is noteworthy that Plaintiffs' prior efforts to argue the relevance of "pattern-or-practice evidence" have not included citations to any relevant legal authorities. In support of a prior motion to compel, Plaintiffs did cite the companion cases of *Melendres v. Arpaio,* 695 F.3d 990 (9th Cir. 2012), and 784 F.3d 1254 (9th Cir. 2014), to argue that "a relevant inquiry in this case is whether Frontier fosters an environment in which it encourages policing by its employees without giving them any training on how to do so in a race-neutral manner so as to avoid violating passengers' civil rights." ECF 81, pg. 6. But the *Melendres v. Arpaio* cases involved a request for injunctive relief to prohibit the policy and practice of racial profiling by *law enforcement*. The cases do not involve claims for damages based on discrete acts of discrimination under § 1981, and they have no bearing on this lawsuit.

As for the relevant authorities, the Supreme Court has long held that § 1981 reaches only <u>intentional</u> and <u>purposeful</u> discrimination. *General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 389 (1982). Adding to this strict requirement, in *Comcast Corp. v. National Ass'n of African American-Owned Media*, __ U.S. __, __, 140 S. Ct. 1009, 1019 (2020), the Court held that a plaintiff cannot plead and prove a valid § 1981 claim merely by showing that racial discrimination was one of the defendant's motivating factors. It must be shown that, but for race, the plaintiff would not have suffered the loss of a legally protected right.

In line with the standards announced by the Supreme Court, courts in this Circuit considering similar cases have recognized the need for evidence of intentional and purposeful discrimination. In *Karrani v. JetBlue Airways Corp.*, No. C18-1510 RSM, 2019 U.S. Dist. LEXIS 127944, at *7 (W.D. Wash. July 31, 2019), the district court noted that § 1981 requires a plaintiff to show "intentional discrimination on account of race." When a plaintiff has no <u>direct</u> evidence of discrimination (as is the case here), a § 1981 claim rests on <u>circumstantial</u> evidence to create an inference of discrimination. *Id*. at *7. Thus, evidence of a pattern or practice is only **collaterally relevant** to private complaints alleging discrete acts of discrimination. See *Walech v. Target Corp.*, No. C11-254 RAJ, 2012 U.S. Dist. LEXIS 44119, at *19 (W.D. Wash. Mar. 28, 2012). That is to say, the evidence is useful only in limited circumstances when a plaintiff can make a showing to connect the pattern or practice to his or her claims. *Id*.

In ordering Frontier to produce the disputed records, Magistrate Judge Albregts ruled that "prior complaints of race discrimination are relevant" to Plaintiffs' claims, but that evidence of how Frontier responded to prior complaints is "more appropriately required via an interrogatory request or deposition testimony." ECF 83, p. 4. Frontier respects and has abided by Magistrate Albregts' ruling. However, the fact that Frontier's records are only *collaterally* relevant to Plaintiffs' § 1981 claims defeats Plaintiffs' argument that the records are more than *tangentially* related to the same. The terms *collateral* and *tangential* are synonymous in this context.

For these reasons, Magistrate Judge Albregts' ruling does not establish that the documents are more than "tangentially" related to Plaintiffs' underlying cause of action, and the ruling does not justify making the documents public. Unless Plaintiffs can show a connection between their individual claims and the unrelated incidents, the records give them no support. At the very least, given the lack of any direct evidence showing that Plaintiffs were the victims of intentional and purposeful discrimination, the records should be sealed. This would not hinder Plaintiffs' ability to prosecute their claims in any way.

### III. Frontier's Motion is Procedurally Proper

Plaintiffs make much of Magistrate Judge Koppe's previous discovery Order granting the Parties' Agreed Protective Order. Magistrate Koppe's Order generally states that if a party challenges the designation of confidential documents, the designating party has seven days to file a "declaration establishing sufficient justification for sealing each document at issue." ECF 38, p. 2. However, when this case was reassigned to Magistrate Judge Albregts, he indicated that Magistrate Koppe's procedures were no longer controlling, and stated "the parties must comply with the Local Rules and Federal Rules of Civil Procedure in any future discovery disputes." ECF 83, pp. 2-3.

Respectfully, Frontier's Motion for Protective Order is in compliance with the Local and Federal Rules, and Frontier intended no violation of Magistrate Koppe's previous Order. Frontier's Motion was filed in good faith and with an understanding that Magistrate Koppe's Order was no longer controlling. In accordance with the parties' Agreed Protective Order, Frontier informed Plaintiffs and the Court that it would move separately for an order establishing the applicability of the "Confidential" designation to the disputed records. ECF 133, p. 2. This process has had no impact on the course of the litigation or the Court's ability to rule on the issue of confidentiality. The Court should decline Plaintiffs' invitation to unseal the disputed records based solely on Frontier's alleged violation of Magistrate Koppe's Order.

### CONCLUSION

For the foregoing reasons, Defendant, Frontier Airlines, Inc. requests that this Court enter a protective order maintaining the confidentiality of the documents in Exhibit A to Plaintiffs' Motion for Sanctions, and for such further relief as this Court deems just and reasonable.

DATED: October 5, 2021                                       Respectfully submitted,

                                                              **FRONTIER AIRLINES, INC.**

                                                              */s/ Brian T. Maye*

Brian T. Maye *(*admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 5, 2021, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

                                          */s/ Brian T. Maye*

Brian T. Maye *(*admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
         mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com