**EXHIBIT A**

**Excerpts from stipulated discovery motion
Filed in *Anders v. United Airlines, Inc.*
Case No. 2:19-cv-05809-GW-KS
(C.D. Cal., Nov. 23, 2020)**

Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Geneva A. Collins (State Bar No. 187023)
Email: gcollins@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212 Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
UNITED AIRLINES, INC.

-and-

KAEDIAN LLP
KATHERINE C. MCBROOM (SBN 223559)
kmcbrom@kaedianllp.com
NANNINA L. ANGIONI (SBN 238052)
nangioni@kaedianllp.com
8383 Wilshire Blvd., Ste. 210
Beverly Hills, CA 90211
Telephone: (310) 893-3372
Facsimile: (310) 893-3191

Attorneys for Plaintiff
STEPHANIE ANDERS

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ANDERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation; CODY DEAL, an individual; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No: 2:19-cv-5809-GW-KS<br><br>**JOINT STIPULATION REGARDING PLAINTIFF STEPHANIE ANDERS' MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES NOS. 23 AND 24 AND REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 25 AND 26**<br><br>Honorable George H. Wu<br><br>Date: December 16, 2020<br>Time: 10:00 a.m.<br>Crtrm: 9D<br><br>Discovery Cut-Off: October 23, 2020<br>Pretrial Conference: January 28, 2021<br>Jury Trial: February 9, 2021 |

1  protected from disclosure under 14 C.F.R. §243.9 and requires a protective order. *See*
2  *e.g. Wallman v. Tower Air, Inc.*, 189 F.R.D. 566 (N.D. Cal. 1999).

### SPECIAL INTERROGATORY NO. 24

List all lawsuits filed against YOU (include case name and number) RELATING TO inflight sexual assault/battery from January 1, 2009 to the present.

### RESPONSE TO SPECIAL INTERROGATORY NO. 24

United objects to this request on the ground that it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is not relevant or reasonably likely to lead to the discovery of relevant and admissible evidence, to the extent it seeks "all DOCUMENTS" and covers the period from January 1, 2009 to the present. ==United further objects to this request on the ground that the requested passenger information is protected from disclosure under 14 C.F.R. §243.9 and requires a protective order. *See e.g. Wallman v. Tower Air, Inc.*, 189 F.R.D. 566 (N.D. Cal. 1999).==

### REQUEST FOR PRODUCTION NO. 25

All COMMUNICATIONS RELATED TO customer complaints of inflight sexual assaults/batteries from January 1, 2009 to the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 25

United objects to this request on the ground that it is vague, ambiguous, and unduly burdensome with regard to "all communications." The request also assumes facts not in evidence, i.e. that there are customer complaints of. . ." ==United further objects to this request on the ground that the requested passenger information is protected from disclosure under 14 C.F.R. §243.9 and requires a protective order. *See e.g. Wallman v. Tower Air, Inc.*, 189 F.R.D. 566 (N.D. Cal. 1999).==

2

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

| | |
|---|---|
| 1 | **REQUEST FOR PRODUCTION NO. 26** |
| 2 | All DOCUMENTS RELATING TO customer complaints of inflight sexual |
| 3 | assaults/batteries from January 1, 2009 to the present. |
| 4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 26** |
| 5 | United objects to this request on the ground that it is vague, ambiguous, overly |
| 6 | broad and unduly burdensome, and seeks information that is not relevant or reasonably |
| 7 | likely to lead to the discovery of relevant and admissible evidence, to the extent it seeks |
| 8 | "all DOCUMENTS" and covers the period from January 1, 2009 to the present. ==United== |
| 9 | ==further objects to this request on the ground that the requested passenger information is== |
| 10 | ==protected from disclosure under 14 C.F.R. §243.9 and requires a protective order.== *See* |
| 11 | *e.g. Wallman v. Tower Air, Inc.*, 189 F.R.D. 566 (N.D. Cal. 1999). |
| 12 | |
| 13 | **III.   PLAINTIFF'S ARGUMENT** |
| 14 | **A. Ms. Anders' Preliminary Statement** |
| 15 | This case arises from asexual assault that occurred during a United domestic |
| 16 | flight in May 2017.  Specifically, on May 31, 2017, while aboard United Flight 815 |
| 17 | from Denver to Los Angeles, United passenger, Defendant Cody Deal ("Mr. Deal), |
| 18 | sexually assaulted Ms. Anders, also a United passenger.  During the evening flight, Ms. |
| 19 | Anders awoke to Mr. Deal squeezing and groping her left buttock with this hand.  He |
| 20 | had moved the fabric of Ms. Anders' pants in between Ms. Anders' buttocks and vagina |
| 21 | and was groping her in between her legs and buttocks.  Shocked and humiliated, Ms. |
| 22 | Anders pushed Mr. Deal's hand away.  Seconds later, during light turbulence, Mr. Deal |
| 23 | grabbed Ms. Anders on her upper inner thigh. Again Ms. Anders pushed him away. |
| 24 | She alerted flight staff that Mr. Deal had sexually assaulted her, she did not feel |
| 25 | comfortable seated next to him, and wished to speak with law enforcement upon |
| 26 | landing. |
| 27 | |
| 28 | |