1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Peter Delvecchia, individually and as next
friend of A.D., a minor,

               Plaintiffs,

     v.

Frontier Airlines, Inc., et al.,

               Defendants.

Case No. 2:19-cv-01322-KJD-DJA

**Order**

12
13
14
15
16
17
18
19
20
21

      This is a discrimination action arising out of Frontier's separation of Peter Delvecchia and his adopted son, A.D. during a flight for suspected human trafficking.  (ECF No. 68).  Plaintiffs sue Frontier for damages, claiming that the airline racially profiled them.  (*See id.*).  In a flurry of motions, Plaintiffs move for sanctions, move to seal exhibits to the motions for sanctions, and move to amend their complaint while Frontier moves for protective orders.  (ECF Nos. 128, 130, 132, 137, 141, 142, 147).  The Court denies Plaintiffs' motions for sanctions (ECF Nos. 128 and 141), grants their motions to seal (ECF Nos. 130 and 142), and denies their motion to amend their complaint without prejudice (ECF No. 132).  The Court grants Frontiers' motions for protective order (ECF Nos. 137 and 147).  The Court finds these matters properly resolved without a hearing.  LR 78-1.

22

**I.    Background.**

23
24
25
26

      While passengers aboard a Frontier flight, Frontier employees separated Peter—who is White—from his adopted son—who is Black.  (ECF No. 68 at 5-6).  Plaintiffs assert that Frontier employees profiled them, falsely accusing Peter of human trafficking.  (*See id.*).  Plaintiffs sued Frontier and its employees under various theories of liability for damages.  (*See id.* at 9-14).

27
28

      This Court entered an order compelling Frontier to produce two categories of documents on May 8, 2020.  (ECF No. 83).  These documents included: (1) race discrimination complaints

filed by passengers, not employees, over the past five years, limited geographically to the continental United States; and (2) passenger incident reports related to human or sex trafficking or racial profiling that involved a parent-child relationship for the past five years in the continental United States.  (*See id.* at 4-5).  Plaintiffs objected to that Court's order on May 22, 2020.  (ECF No. 88).  On March 29, 2021, the Honorable District Judge Kent J. Dawson overruled Plaintiffs' objection to the five-year limitation on the first set of documents and removed the parent-child relationship restriction on the second set of documents.  (ECF No. 120 at 2-3).

Frontier then produced documents responsive to these categories between July 16 and July 30, 2021.  (ECF No. 134 at 4).  Notably, between May 8, 2020—when this Court ordered production of these documents—and July 16, 2021, there is no indication that the parties discussed the documents.  To the contrary, Frontier asserts that the first time it learned of Plaintiffs' qualms with the timing of the production was when Frontier produced the documents.  (*See id.* at 2).  And notably, the parties filed three stipulated extensions of time, which assert that the "parties have been working diligently to complete fact discovery," and that they are "working cooperatively and as expeditiously as possible to conduct discovery…"  (ECF Nos. 87, 114, 116).

The documents Frontier ultimately produced were redacted to protect the name and contact information of the passengers involved in the incidents.  (ECF No. 134 at 4-5).  Frontier's employees' names were not redacted.  (*See id.*).  Plaintiffs' counsel emailed Frontier, arguing that the redactions were improper.  (*See id.* at 5).  Frontier responded that 14 C.F.R. § 243.9(c) and case law interpreting that statute prohibited Frontier from releasing this information.  (*Id.*).

### A.    *Plaintiffs' motions for sanctions.*

Plaintiffs moved for sanctions against Frontier, arguing that Frontier had violated the Court's order to produce the documents by being late and redacting information.  (ECF No. 128 at 6).  Frontier concedes that their production was late but argues that they understood that they would be awaiting Judge Dawson's order on Plaintiffs' objections.  (ECF No. 134 at 12-13).  Frontier's understanding was bolstered by the fact that Plaintiffs did not raise concerns about the timing until right after Frontier produced the documents.  (*See id.*).  Plaintiffs argue that, not only

1    are Frontier's redactions "unauthorized" by the Court's order, but they are also improper.  (*See id.*

2    at 9-20).  While Frontier argues that 14 C.F.R. § 243.9(c) and cases interpreting it mandate that

3    Frontier protect passenger information, Plaintiffs argue that each of the cases discussing the

4    statute have misinterpreted it.  (*See id.*).  Based on these asserted violations, Plaintiffs ask the

5    Court to enter a finding of fact against Frontier that,

6
            Defendant Frontier Airlines, Inc. has instructed its flight attendants
7           to look for, and report to the Captains of flights, suspected human
            trafficking and sex trafficking by its passengers.  However, despite
8           the fact that it has received multiple notices of its flight attendants
            and pilots racially profiling passenger and falsely suspecting
9           passengers of human trafficking or sex trafficking based at least in
            part on their being Black or part of a mixed race group, it has never
10          provided its flight attendants or pilots with any training on the
            avoidance of discrimination toward passengers based on their race,
11          national origin or ethnicity.  (*Id.* at 6).

12

13          After Frontier produced more documents detailing passenger discrimination complaints

14   and instances where employees suspected human trafficking, Plaintiffs supplemented their

15   sanctions motion, this time asking for case-dispositive sanctions.  (ECF No. 141).  Plaintiffs

16   reassert that Frontier had "heavily" redacted documents, again referring to passenger contact

17   information Frontier had redacted under 14 C.F.R. § 243.9(c).  (*See id.* at 2, 14-15).  They add

18   that Frontier "thwarted" 30(b)(6) depositions by designating only two 30(b)(6) witnesses to

19   address thirty-five topics.  (*See id.* at 8).   Plaintiffs characterize this as Frontier's decision to not

20   "present any designated witnesses on topics listed in the Notice that it did not like."  (*Id.* at 8).

21   Plaintiffs also suggest that Frontier is refusing to participate in scheduling depositions because its

22   witnesses were unavailable on the dates Plaintiffs put in their notices and Frontier has not yet

23   provided new dates for over a month.   (*See id.*).  Frontier—maintaining that it has not violated

24   any orders—responded by pointing out portions of Plaintiffs' briefs, noting that the Court has

25   previously reminded the parties to be civil.  (ECF No. 145 at 2).  In reply, Plaintiffs accuse

26   Frontier of launching an "unrestrained and unprecedented attack on both Plaintiffs and their

27   counsel.  (ECF No. 14 at 2).

28

1

        **B.**       *Plaintiffs' motions to seal and Frontier's motions for protective orders.*

2              To both of their motions for sanctions, Plaintiffs attach the documents Frontier produced.

3   (ECF Nos. 129, 143, and 144).  Plaintiffs move to seal the documents, expressing that they

4   disagree with Frontier's confidentiality designations.  (ECF Nos. 130 and 142).  Frontier

5   responded, not opposing the motions to seal, but explaining that it would file a separate motion

6   for protective order.  (ECF Nos. 133 and 142).

7              Both of Frontier's motions for protective order make similar arguments that Frontier

8   designated the documents confidential because they contain reports related to suspected human

9   trafficking and discrimination, both sensitive topics.  (ECF Nos. 137 and 147).  The reports, while

10   redacting passenger names and contact information, disclose details about flight dates, flight

11   numbers, destinations, passenger descriptions, and the names of Frontier employees involved.

12   (ECF No. 137 at 3-4).  Because this information is sensitive and implicates the privacy of third

13   parties, it argues that the Court should enforce the protective order and maintain the documents

14   under seal.  (*See id.* at 3-4, 7).  Plaintiffs objected in response, arguing that Frontier has failed to

15   establish "compelling reasons" under the Ninth Circuit's standard articulated in *Kamakana v. City*

16   *and County of Honolulu* that the documents should be sealed.  (ECF Nos. 139 and 149).

17   Plaintiffs point out that Frontier has failed to properly respond to their motion to seal by filing a

18   declaration establishing justification for sealing or withdrawing the confidentiality designations.

19   (ECF No. 149 at 3).  Frontier replied[1] that they need only meet the "good cause" standard

20   because Plaintiff's motions to seal are not dispositive and only tangentially related to the merits of

21   their case.  (ECF No. 140).

22       **C.**       *Plaintiffs' motion to amend.*

23              In moving to amend, Plaintiffs raise arguments about the timing of their motion—two

24   years after the deadline—and the content of their amendment.  (ECF No. 132).  Frontier responds

25   (ECF No. 136) with objections to these arguments and adds that Plaintiffs' proposed amended

26

27   ―――――――――――――――――

[1] Frontier has yet to reply in support of its second motion for a protective order (ECF No. 147).
However, because Frontier's motions are substantially similar and its first motion is fully briefed,
28   the Court can make its decision without Frontier's reply.

complaint contains quotations from documents that Frontier has designated confidential under the parties' protective order (ECF No. 37).  Plaintiffs replied that their proposed amended complaint did not contain any trade secrets or proprietary information.  (ECF No. 138).

## II.    Discussion.

### A.    *The Court denies Plaintiffs' motions for sanctions.*

Plaintiffs have brought the wrong motion.[2]  Whether to impose sanctions is within the Court's discretion.  *See Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).  Federal Rule of Civil Procedure 37(d)(1)(A) authorizes the Court to impose sanctions when a party fails to respond to requests for production.  *See* Fed. R. Civ. P. 37(d)(1)(A).  Federal Rule of Civil Procedure 37(b)(2) authorizes the Court to impose sanctions when a party fails to comply with a court order.  *See* Fed. R. Civ. P. 37(b)(2).

The Court will first determine whether a discovery violation occurred and second, what sanction is appropriate, if any.  *See Greene v. Wal-Mart Stores, Inc.*, No. 2:15-cv-00677-JAD-NJK, 2016 WL 829981, at *4 (D. Nev. Jan. 26, 2016).  A party filing a motion for sanctions must certify that the movant met and conferred in good faith with the party failing to act in an effort to obtain the answer or response without court action.  *See* Fed. R. Civ. P. 37(d)(1)(B).  The Court has "great latitude" in fashioning sanctions.  *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

Here, Plaintiffs have neither demonstrated that Frontier failed to respond to requests for production nor that Frontier has violated a Court order.  Plaintiffs vehemently assert that Frontier

---

[2] Plaintiffs should have employed a motion to compel to request the redacted information.  However, given their current approach, even that would likely have been unsuccessful.  Even if Plaintiffs were correct that 14 C.F.R. § 243.9(c) did not protect the information Frontier redacted, Plaintiffs have not adequately explained why this information is relevant to their case.  While they argue that they intend to contact these individuals to learn more about the alleged discrimination and trafficking, their intent to learn more does not make the information relevant or proportional.  This is particularly concerning considering the sensitive information Plaintiffs seek.  Even if 14 C.F.R. § 243.9(c) did not operate to protect this information, Frontier has represented that many of these passengers do not even know that these complaints exist.  Many of these passengers are also minors.  And each of these instances involve sensitive topics of discrimination and trafficking.

has violated the Court's order compelling Frontier to produce these documents by producing them over a year after they were due.  However, they do not explain which language in the Court's order that Frontier violated.  And while Frontier's delay is certainly extensive, Plaintiffs make no representations that they discussed the delayed production at any time before Frontier produced the documents.  Although Plaintiffs certify that the parties met and conferred before Plaintiffs filed their motion for sanctions, Plaintiffs have failed to demonstrate that they met and conferred in good faith while Frontier's responses were pending.  While Frontier's decision to assume that the parties agreed on waiting until the outcome of Plaintiffs' objection to the motion to compel before producing documents was unwise, it does not rise to the level of a sanctionable violation of the Court's order.

Nor do Frontier's redactions.  What Plaintiffs repeatedly characterize as "heavy" redactions are only redactions of the names and contact information of passengers.  Again, Plaintiffs point to no language of the Court's order that Frontier has violated, and the Court's order did not entitle Plaintiffs to this information.  (ECF No. 83 at 3-4).  Frontier also did not need to be "authorized" to redact information it believes is protected by federal law or confidential by virtue of implicating a third-party's privacy.  The Court does not need to reach 14 C.F.R. § 243.9(c) to decide the motion for sanctions because Frontier has not violated a Court order or refused to respond to requests for production by redacting this information.

The Court is also not convinced that Frontier has "thwarted" the 30(b)(6) deposition process.  While Plaintiffs believe that Frontier's two witnesses will be unable to answer each of Plaintiffs' thirty-five topics, their argument is premature.  And just because Frontier's witnesses are unavailable for a week in December does not mean Frontier is being obstructionist.  Frontier is advised to quickly respond to Plaintiffs with alternative dates for its 30(b)(6) witnesses, but the Court does not find Frontier's actions are sanctionable.

Plaintiffs do, however, make one point that deserves the parties' attention: Frontier's rolling production of documents.  Neither party has sufficiently briefed this issue but given the long-running nature of Frontier's production and Plaintiffs' concerns with having a complete set

1    of responses, the parties should discuss a finite end to document production.  The parties are thus

2    directed to meet and confer on the issue of finalizing document production.

3         Because Frontier has not violated a Court order or refused to respond to a request for

4    production, the Court finds that no violation has occurred.  It thus does not reach the step of

5    fashioning sanctions.  The Court denies both of Plaintiffs' motions for sanctions.

6         **B.      The Court grants Frontier's motions for protective orders.**

7         Generally, the public has a right to inspect and copy judicial records.  *Kamakana v. City &*

8    *Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Such records are presumptively publicly

9    accessible.  *Id*.  Consequently, a party seeking to seal a judicial record bears the burden of

10   overcoming this strong presumption.  *Id*.  In the case of dispositive motions, the party seeking to

11   seal the record must articulate compelling reasons supported by specific factual findings that

12   outweigh the general history of access and the public policies favoring disclosure, such as the

13   public interest in understanding the judicial process.  *Id*. at 1178–79 (alteration and internal

14   quotation marks and citations omitted).  The Ninth Circuit has further held that the full

15   presumption of public access also applies to technically non-dispositive motions and attached

16   documents if the motion is "more than tangentially related to the merits of the case."  *Ctr. for*

17   *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

18        "[A] different standard applies to 'private materials unearthed during discovery,' as such

19   documents are not part of the judicial record."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678

20   (9th Cir. 2009) (citing *Kamakana*, 447 F.3d at 1180).  Under Federal Rule of Civil Procedure

21   26(c), a court may enter a protective order "to protect a party or person from annoyance,

22   embarrassment, oppression, or undue burden or expense."  "The relevant standard for purposes of

23   Rule 26(c) is whether good cause exists to protect the information from being disclosed to the

24   public by balancing the needs for discovery against the need for confidentiality."  *Pintos*, 605

25   F.3d at 678 (quotation omitted).  Given the "weaker public interest in non-dispositive materials,"

26   the court applies the good cause standard in evaluating whether to seal documents attached to a

27   non-dispositive motion.  *Id*.  "Nondispositive motions 'are often unrelated, or only tangentially

28   related, to the underlying cause of action,' and, as a result, the public's interest in accessing

1    dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id*. (citing

2    *Kamakana*, 447 F.3d at 1179).  It is within the Court's discretion whether to seal documents. *Id*.

3    at 679.

4           Here, the documents in question relate to a discovery motion that is neither dispositive nor

5    more than tangentially related to the underlying cause of action.  As a result, the good cause

6    standard applies.  As a preliminary matter, Frontier essentially seeks to maintain the documents it

7    has designated confidential under seal, meaning that the *Kamakana* and *Center for Auto Safety*

8    analyses apply.  While Frontier has not followed the Court's order (ECF No. 38) to file a

9    declaration establishing sufficient justification for sealing the documents, it has outlined those

10   justifications in its motions for protective orders.  It has also properly followed the parties'

11   protective order by moving for a protective order within thirty days of Plaintiffs challenging its

12   confidentiality designations.  (ECF No. 37 at 2).  Frontier's procedural misstep alone is not

13   enough to deny its motions, especially considering the *Kamakana* analysis.

14          Under that analysis, the good cause standard applies because Plaintiffs' motions for

15   sanctions are non-dispositive and are not more than tangentially related to Plaintiffs' claims.

16   While Plaintiffs seek what would essentially be a case determinative finding of fact in their first

17   motion and dispositive sanctions in their second, Plaintiffs ultimately brought the wrong motion.

18   And as addressed above, the Court denies Plaintiffs' motions for sanctions.  Plaintiffs' motions

19   are thus non-dispositive.  They are also not more than tangentially related to the merits of the

20   case.  Whether complaints and reports of discrimination and trafficking are confidential has little

21   to do with Plaintiffs' claims.  Under the good cause standard, the Court balances the presumption

22   of public access with the need for confidentiality over documents containing sensitive

23   information regarding third-party complaints.  Because the documents contain sensitive

24   information about which third parties are unaware and have not consented to releasing, the Court

25   finds good cause to enforce the protective order and maintain the documents under seal.

26          Even if the "compelling reasons" standard applies, the Court would reach the same

27   conclusion.  Frontier has explained that the documents contain sensitive information regarding

28   passengers who may not even realize that these documents exist.  The documents also concern

minors and reveal the names of Frontier employees.  Protecting these individuals from the public

scrutinizing these complaints and reports—made in what the passengers and employees believed

was a private forum and have not consented to releasing—is a compelling reason to seal these

records.  The Court thus grants both of Frontier's motions for protective orders.

### C.     The Court denies Plaintiffs' motion to amend.

The Court denies Plaintiffs' motion to amend without prejudice because it contains

information Frontier has designated confidential.  Frontier argues that Plaintiffs' proposed third

amended complaint—filed on the docket and not under seal—quotes directly from information

Frontier has labeled confidential under the parties' protective order.  In their reply, Plaintiffs

disregard this argument.  They claim that "[t]here are no trade secrets or other proprietary

information of Frontier revealed in the allegations of the proposed pleading" and that Frontier

failed to raise this issue when first reading the proposed amended complaint.  (ECF No. 138 at 9-

10).

The Court has already denied Plaintiffs' arguments that Frontier's confidentiality

designations lack merit.  It denies them here too.  Regardless of whether the information is

actually confidential, Plaintiffs have failed to follow the parties' agreed-upon method to contest

confidentiality designations.  The Court thus denies Plaintiffs' motion to amend without prejudice

and orders the parties to meet and confer regarding the motion to amend and the confidential

information contained therein.

### D.     The Court reminds counsel of their duty of civility.

"Counsel should strive to be cooperative, practical, and sensible."  *Cardoza v. Bloomin'*

*Brands*, 141 F. Supp. 3d, 1137, 1145 (D. Nev. 2015).  None of the instant disputes should have

required motion practice or judicial intervention.  Plaintiffs' motions for sanctions exaggerate

Frontier's "heavy" redactions and downplay Plaintiffs' counsel's own failure to discuss the

lateness of Frontier's production until after Frontier produced the documents.  While Frontier

clearly dropped the ball by waiting on these disclosures, it at least had the candor to own up to its

shortcomings.  There is also no good reason for Plaintiffs to challenge Frontier's confidentiality

designations in their motions to seal.  Whether the public is entitled to view these documents has

little bearing on Plaintiffs' case and fighting over it is unproductive.  And that Plaintiffs believed Frontier's designations were improper does not excuse them from following the parties' agreed-upon method of contesting confidentiality before including the information in their motion to amend, regardless of whether Plaintiffs believed Frontier itself had followed the proper method.

The Court will make a few things clear.  First, as stated previously, these are not disputes that should have required judicial involvement.  The Court will not hesitate moving forward to require counsel to engage in cooperative resolution of their discovery disputes.  Second, the Court is not impressed by the ubiquitous character attacks in the briefing or overexaggerated claims of wrongdoing.  Counsel must refrain moving forward from any such unnecessary sniping.  It is unbecoming of the profession and does nothing to further the resolution of these disputes.

**IT IS THEREFORE ORDERED** that Plaintiffs' motions for sanctions (ECF Nos. 128 and 141) are **denied.**  The parties are ordered to meet and confer regarding finalizing document production to resolve the issue.

**IT IS FURTHER ORDERED** that Plaintiffs' motions to seal (ECF Nos. 130 and 142) are **granted.**

**IT IS FURTHER ORDERED** that Frontier's motions for protective order (ECF Nos. 137 and 147) are **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend (ECF No. 132) is **denied without prejudice.**  The parties are ordered to meet and confer regarding the motion to amend, and the confidential information contained therein.

DATED: November 30, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE