CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
         tshelke@amm-law.com
         mmartin@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No.: 2:19-cv-01322-KJD-DJA ) |
| FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE | ) District Judge Kent J. Dawson ) Magistrate Judge Daniel J. Albregts ) |
| *Defendants*. | ) |

**DEFENDANT SCOTT WARREN'S ANSWER
TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant SCOTT WARREN ("Warren"), by his undersigned counsel, for his Answer to Plaintiffs' Third Amended Complaint states:

***Introduction***

Warren admits that Plaintiffs seek damages in the Third Amended Complaint and that Plaintiffs were passengers on a Frontier flight from Raleigh-Durham International ("RDU") in

North Carolina to McCarran International Airport ("LAS") in Las Vegas on March 28, 2019, which was staffed by Frontier's employees, including Defendants Scott Warren and Rex Shupe. The remainder of the Introduction Paragraphs consist of either allegations to which Warren lacks sufficient information or knowledge to form a belief as to the truth of the allegations, allegations which are duplicative of other allegations within the Third Amended Complaint, or allegations which Warren denies.

### *Jurisdiction*

The Jurisdiction Paragraphs consist of conclusions of law to which no response is required. In the event a response is deemed required, Warren does not challenge this court's jurisdiction over this dispute.

### *Venue*

The Venue Paragraph consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren does not challenge venue in this jurisdiction.

### *The Parties*

1.   Warren lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1.

2.   Warren lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.

3.   Warren admits that Frontier operates as an ultra-low-cost carrier that conducts scheduled passenger flights between several cities in the United States, as well as to and from other countries. Warren lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.   Warren admits the allegations contained in Paragraph 4.

5.   Warren admits that Shupe is a male, Caucasian, or White, individual who was, at the time of the subject flight, employed as a pilot and Captain by Frontier and worked as the

Captain and pilot-in-command of the flight that is the subject of this Third Amended Complaint. Warren lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

### *"The Situation"*

6. Warren admits that on March 28, 2019, Plaintiffs were passengers onboard Frontier Flight 2067 from Raleigh-Durham International Airport in North Carolina to McCarran International Airport in Las Vegas, Nevada. Warren lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7. Warren admits that Peter and A.D. sat in seats 13D and 13E, that such seats were located on the "aircraft right" side of the single-aisle Airbus A320 aircraft, and that they were located in one of the aircraft's designated exit rows. Warren also admits the allegations contained in the footnote referenced in Paragraph 7. Warren lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. Paragraph 8 consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren admits that 14 CFR § 121.585 prohibits certificate holders from seating a passenger in an exit row seat if the certificate holder determines that it is likely that the passenger would be unable to perform one or more of the applicable functions listed in paragraph (d) of this section. Warren lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. Warren admits that Frontier flight attendant Anna Bond approached Plaintiffs in seats 13D and 13E while the aircraft was still parked at the departure gate, that she testified in her deposition that Plaintiff A.D. looked like a young child, that she asked A.D. his age and that he replied "twelve." Warren further admits that Bond informed Plaintiffs of the age restriction and arranged for Plaintiffs to move to seats 17E and 17F. Warren admits that the aisle seat in row

3

17 was occupied by a male passenger who was traveling alone. Warren denies the remaining allegations contained in Paragraph 9.

10. Warren admits that he and flight attendant Amanda Nickel were stationed in the rear of the aircraft. Warren admits that he and Flight Attendants Bond and Nickel provided written statements after the flight. Warren admits that in a statement Bond stated that he and Nickel appeared shocked when she informed them she reseated Plaintiffs due to age rather than language. Warren denies the remaining allegations contained in Paragraph 10.

11. Warren denies the allegations contained in Paragraph 11.

12. Warren denies the allegations contained in Paragraph 12.

13. Warren denies the allegations contained in Paragraph 13, and specifically denies any discrimination toward Plaintiffs.

14. Warren lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Peter fell asleep leaning forward in his seat, with his forehead resting on the back of seat 16E, and whether he did so because the seat was uncomfortable and made sleeping in any other position difficult, and that A.D. fell asleep sometime later. Warren denies the remaining allegations contained in Paragraph 14.

15. Warren admits that Flight Attendants Bond and Sakurada are Caucasian, and that Frontier provided him an "Inflight Flyer" briefing on human trafficking months prior to the flight and that it instructed flight attendants to report suspicions of human trafficking. Warren admits the allegations contained in the footnote to Paragraph 15. Warren denies the remaining allegations contained in Paragraph 15.

16. Paragraph 16 consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren denies the allegations contained in Paragraph 16.

17. Warren admits that Sakurada testified that she saw Peter stroke A.D.'s face up and down. Warren denies the remaining allegations contained in Paragraph 17.

18. Warren admits that he and the three other flight attendants communicated in the front galley and Sakurada called the cockpit on the aircraft's intercom telephone. Warren denies the remaining allegations contained in Paragraph 18.

19. Warren admits that at the time of Sakurada's call to the cockpit, the aircraft had reached its cruising level for the flight and was being flown on autopilot. Warren denies the remaining allegations contained in Paragraph 19.

20. Warren admits that he and the other flight attendants had conversations with Shupe and Mullin that occurred in the front galley and/or in the cockpit. Warren denies the remaining allegations contained in Paragraph 20.

21. Paragraph 21 consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren admits the allegations contained in Paragraph 21.

22. Warren denies the allegations contained in Paragraph 22.

23. Warren denies the allegations contained in Paragraph 23.

24. Paragraph 24 consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren answers that the referenced documents and law speak for themselves. Warren denies the remaining allegations contained in Paragraph 24.

25. Paragraph 25 consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren answers that the referenced document and law speak for themselves. Warren denies the remaining allegations contained in Paragraph 25.

26. Paragraph 26 consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren answers that the referenced document speaks for itself.

27. Paragraph 27 consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren admits that Flight Attendant Sakurada testified as follows: "some child that is with an adult that they're not—that they're not supposed to be with. They're not their parents." Warren denies the remaining allegations contained in Paragraph 27.

28. Paragraph 28 consists of conclusions of law to which no response is required. In the event a response is deemed required, Warren answers that the referenced document speaks for itself. Warren denies the remaining allegations contained in Paragraph 28.

29. Warren denies the allegations contained in Paragraph 29.

*False Accusations*

30. Warren admits that Shupe and Mullin referenced and discussed between themselves certain protocols in their Flight Operations Manual. Warren denies the remaining allegations contained in Paragraph 30.

31. Warren denies the allegations contained in Paragraph 31.

32. Paragraph 32 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 32.

33. Warren denies the allegations contained in Paragraph 33.

34. Paragraph 34 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren admits that certain ACARS messages were sent from the flight, including that the Flight Attendants witnessed inappropriate touching between an adult and a younger male who were originally seated in seats 13D and 13E. Warren denies the remaining allegations contained in Paragraph 34.

35. Paragraph 35 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 35.

### *Separation by Force*

36. Warren admits that Captain Shupe gave the instruction to separate A.D. and Peter. Warren denies the remaining allegations contained in Paragraph 36.

37. Warren denies the allegations contained in Paragraph 37.

38. Warren admits that A.D. was reseated to the window seat of Row 30, which was designated as seat 30F. Warren also admits that another passenger was seated in 30D, the aisle seat on the end of the same row where A.D. was seated. Warren denies the remaining allegations contained in Paragraph 38.

39. Warren denies the allegations contained in Paragraph 39.

40. Warren admits that Shupe was advised that law enforcement officers would meet the flight when it landed at LAS. Warren denies the remaining allegations contained in Paragraph 40.

41. Paragraph 41 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 41.

42. Warren denies the allegations contained in Paragraph 42.

43. Warren denies the allegations contained in Paragraph 43.

44. Paragraph 44 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 44.

### *Landing at LAS*

45. Warren admits the allegations contained in Paragraph 45.

46. Paragraph 46 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 46.

47. Paragraph 47 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 47.

48. Warren denies the allegations contained in Paragraph 48.

49. Warren denies the allegations contained in Paragraph 49.

50. Warren lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 50.

51. Warren denies the allegations contained in Paragraph 51.

52. Paragraph 52 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 52.

*Aftermath*

53. Warren lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53.

54. Warren lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54.

55. Warren lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 55.

56. Warren admits that Frontier has not disciplined or reprimanded its employees related to the incident. Warren denies the remaining allegations contained in Paragraph 56.

57. Paragraph 57 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 57.

58. Warren denies the allegations contained in Paragraph 58.

59. Paragraph 59 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 59.

## Count I:
### Compensatory and punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1981

60. Warren repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

61. Paragraph 61 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, he denies any violation of 42 USC § 1981.

62. Paragraph 62 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 62.

63. Warren denies the allegations contained in Paragraph 63.

64. Warren denies the allegations contained in Paragraph 64.

65. Warren denies the allegations contained in Paragraph 65.

66. Warren denies the allegations contained in Paragraph 66.

### Count II: Compensatory and punitive damages pursuant to state law for intentional infliction of emotional distress

67. Warren repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

68. Warren denies the allegations contained in Paragraph 68.

69. Warren denies the allegations contained in Paragraph 69.

70. Warren denies the allegations contained in Paragraph 70.

### Count III: Compensatory and punitive damages pursuant to state law for false imprisonment

71. Warren repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

72. Warren denies the allegations contained in Paragraph 72.

73. Warren denies the allegations contained in Paragraph 73.

74. Warren denies the allegations contained in Paragraph 74.

### Count IV: Compensatory and punitive damages pursuant to state law for battery and sexual assault

75. Warren repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

76. Paragraph 76 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren admits that he was hired and trained by Frontier, that he was acting within the scope of his employment with Frontier during the subject flight, and that Captain Shupe was the pilot-in-command and final authority as to the operation of Flight 2067. Warren denies the remaining allegations contained in Paragraph 76.

77. Paragraph 77 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren admits that he was hired and trained by Frontier, that he was acting within the scope of his employment with Frontier during the subject flight, and that Captain Shupe was the pilot-in-command and final authority as to the operation of Flight 2067. Warren denies the remaining allegations contained in Paragraph 77.

78. Warren denies the allegations contained in Paragraph 78.

79. Warren denies the allegations contained in Paragraph 79.

*Count V: Compensatory and punitive damages
pursuant to state law for defamation per se*

80. Warren repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

81. Paragraph 81 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 81.

82. Paragraph 82 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Warren, Warren denies the allegations contained in Paragraph 82.

83. Warren denies the allegations contained in Paragraph 83.

84. Warren denies the allegations contained in Paragraph 84.

## GENERAL DENIAL

Defendant SCOTT WARREN denies all allegations of Plaintiffs' Third Amended Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Third Amended Complaint, Defendant SCOTT WARREN raises and preserves the following Affirmative Defenses:

1. Plaintiffs' claims are preempted, in whole or in part, by federal law.

2. Pursuant to applicable federal and state law, Warren is entitled to immunity, qualified or otherwise.

3. Pursuant to applicable federal and state law, Warren is entitled to a privilege, qualified or otherwise.

4. Plaintiffs' claims are barred pursuant to applicable federal statutes, including, but not limited to, 49 U.S.C. § 44902(b), 6 U.S.C. § 1104, and 49 U.S.C. § 44941.

**RESERVATION OF FURTHER DEFENSES**

Defendant SCOTT WARREN reserves the right to supplement and amend his defenses to this action, including his Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

WHEREFORE, having fully answered and responded to the allegations in Plaintiffs' Third Amended Complaint, Defendant SCOTT WARREN respectfully requests that:

1. A judgment that Plaintiffs shall take nothing from Warren by way of their Third Amended Complaint;

2. An award to Warren of costs of suit and any recoverable attorneys' fees; and

3. Such other and further relief as this Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendant SCOTT WARREN demands trial by jury.

Date: January 19, 2022

Respectfully submitted,

**SCOTT WARREN**

By: */s/Matthew D. Martin*
Brian T. Maye (admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
tshelke@amm-law.com
mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/Matthew D. Martin*