CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

BRIAN T. MAYE (admitted *pro hac vice*)
TARA SHELKE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
  tshelke@amm-law.com
  mmartin@amm-law.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) Case No.: 2:19-cv-01322-KJD-DJA |
| FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE | ) District Judge Kent J. Dawson ) Magistrate Judge Daniel J. Albregts |
| *Defendants*. | ) ) |

**DEFENDANT REX SHUPE'S ANSWER**
**TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant REX SHUPE ("Shupe"), by his undersigned counsel, for his Answer to Plaintiffs' Third Amended Complaint states:

***Introduction***

Shupe admits that Plaintiffs seek damages in the Third Amended Complaint and that Plaintiffs were passengers on a Frontier flight from Raleigh-Durham International ("RDU") in

North Carolina to McCarran International Airport ("LAS") in Las Vegas on March 28, 2019, which was staffed by Frontier's employees, including Defendants Scott Warren and Rex Shupe. The remainder of the Introduction Paragraphs consist of either allegations to which Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations, allegations which are duplicative of other allegations within the Third Amended Complaint, or allegations which Shupe denies.

### Jurisdiction

The Jurisdiction Paragraphs consist of conclusions of law to which no response is required. In the event a response is deemed required, Shupe does not challenge this court's jurisdiction over this dispute.

### Venue

The Venue Paragraph consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe does not challenge venue in this jurisdiction.

### The Parties

1. Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Shupe admits that Frontier operates as an ultra-low-cost carrier that conducts scheduled passenger flights between several cities in the United States, as well as to and from other countries. Shupe lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4. Shupe admits that Warren is a male, African-American, or Black, individual who was, at the time of the subject flight, employed as a Flight Attendant by Frontier and worked as a Flight Attendant on the flight that is the subject of this Third Amended Complaint.

Shupe lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5. Shupe admits the allegations contained in Paragraph 5.

### *"The Situation"*

6. Shupe admits that on March 28, 2019, Plaintiffs were passengers onboard Frontier Flight 2067 from Raleigh-Durham International Airport in North Carolina to McCarran International Airport in Las Vegas, Nevada. Shupe lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7. Shupe admits that Peter and A.D. sat in seats 13D and 13E, that such seats were located on the "aircraft right" side of the single-aisle Airbus A320 aircraft, and that they were located in one of the aircraft's designated exit rows. Shupe also admits the allegations contained in the footnote referenced in Paragraph 7. Shupe lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. Paragraph 8 consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe admits that 14 CFR § 121.585 prohibits certificate holders from seating a passenger in an exit row seat if the certificate holder determines that it is likely that the passenger would be unable to perform one or more of the applicable functions listed in paragraph (d) of this section. Shupe lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. Shupe admits that Frontier flight attendant Anna Bond approached Plaintiffs in seats 13D and 13E while the aircraft was still parked at the departure gate, that she testified in her deposition that Plaintiff A.D. looked like a young child, that she asked A.D. his age and that he replied "twelve." Shupe further admits that Bond informed Plaintiffs of the age restriction and arranged for Plaintiffs to move to seats 17E and 17F. Shupe admits that the aisle seat in row 17

was occupied by a male passenger who was traveling alone. Shupe denies the remaining allegations contained in Paragraph 9.

10. Shupe admits that Flight Attendants Amanda Nickel and Scott Warren were stationed in the rear of the aircraft. Shupe admits that Attendants Bond and Nickel provided written statements after the flight. Shupe admits that in a statement Bond stated that Defendant Warren and Nickel appeared shocked when she informed them she reseated Plaintiffs due to age rather than language. Shupe denies the remaining allegations contained in Paragraph 10.

11. Shupe denies the allegations contained in Paragraph 11.

12. Shupe denies the allegations contained in Paragraph 12.

13. Shupe denies the allegations contained in Paragraph 13, and specifically denies any discrimination toward Plaintiffs.

14. Shupe lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Peter fell asleep leaning forward in his seat, with his forehead resting on the back of seat 16E, and whether he did so because the seat was uncomfortable and made sleeping in any other position difficult, and that A.D. fell asleep sometime later. Shupe denies the remaining allegations contained in Paragraph 14.

15. Shupe admits that Flight Attendants Bond and Sakurada are Caucasian, and that Frontier provided employees an "Inflight Flyer" briefing on human trafficking months prior to the flight and that it instructed flight attendants to report suspicions of human trafficking. Shupe admits the allegations contained in the footnote to Paragraph 15. Shupe denies the remaining allegations contained in Paragraph 15.

16. Paragraph 16 consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe denies the allegations contained in Paragraph 16.

17. Shupe admits that Sakurada testified that she saw Peter stroke A.D.'s face up and down. Shupe denies the remaining allegations contained in Paragraph 17.

18. Shupe admits that the four flight attendants communicated in the front galley and Sakurada called the cockpit on the aircraft's intercom telephone. Shupe denies the remaining allegations contained in Paragraph 18.

19. Shupe admits that at the time of Sakurada's call to the cockpit, the aircraft had reached its cruising level for the flight and was being flown on autopilot. Shupe denies the remaining allegations contained in Paragraph 19.

20. Shupe admits that he and Mullin had conversations with the flight attendants that occurred in the front galley and/or in the cockpit. Shupe denies the remaining allegations contained in Paragraph 20.

21. Paragraph 21 consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe admits the allegations contained in Paragraph 21.

22. Shupe denies the allegations contained in Paragraph 22.

23. Shupe denies the allegations contained in Paragraph 23.

24. Paragraph 24 consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe answers that the referenced documents and law speak for themselves. Shupe denies the remaining allegations contained in Paragraph 24.

25. Paragraph 25 consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe answers that the referenced document and law speak for themselves. Shupe denies the remaining allegations contained in Paragraph 25.

26. Paragraph 26 consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe answers that the referenced document speaks for itself.

27. Paragraph 27 consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe admits that Flight Attendant Sakurada testified as follows: "some child that is with an adult that they're not—that they're not supposed to be

with. They're not their parents." Shupe denies the remaining allegations contained in Paragraph 27.

28. Paragraph 28 consists of conclusions of law to which no response is required. In the event a response is deemed required, Shupe answers that the referenced document speaks for itself. Shupe denies the remaining allegations contained in Paragraph 28.

29. Shupe denies the allegations contained in Paragraph 29.

### *False Accusations*

30. Shupe admits that he and Mullin referenced and discussed between themselves certain protocols in their Flight Operations Manual. Shupe denies the remaining allegations contained in Paragraph 30.

31. Shupe denies the allegations contained in Paragraph 31.

32. Paragraph 32 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 32.

33. Shupe denies the allegations contained in Paragraph 33.

34. Paragraph 34 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe admits that certain ACARS messages were sent from the flight, including that the Flight Attendants witnessed inappropriate touching between an adult and a younger male who were originally seated in seats 13D and 13E. Shupe denies the remaining allegations contained in Paragraph 34.

35. Paragraph 35 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 35.

///

### *Separation by Force*

36. Shupe admits that he gave the instruction to separate A.D. and Peter. Shupe denies the remaining allegations contained in Paragraph 36.

37. Shupe denies the allegations contained in Paragraph 37.

38. Shupe admits that A.D. was reseated to the window seat of Row 30, which was designated as seat 30F. Shupe also admits that another passenger was seated in 30D, the aisle seat on the end of the same row where A.D. was seated. Shupe denies the remaining allegations contained in Paragraph 38.

39. Shupe denies the allegations contained in Paragraph 39.

40. Shupe admits that he was advised that law enforcement officers would meet the flight when it landed at LAS. Shupe denies the remaining allegations contained in Paragraph 40.

41. Paragraph 41 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 41.

42. Shupe denies the allegations contained in Paragraph 42.

43. Shupe denies the allegations contained in Paragraph 43.

44. Paragraph 44 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 44.

### *Landing at LAS*

45. Shupe admits the allegations contained in Paragraph 45.

46. Paragraph 46 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 46.

47. Paragraph 47 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 47.

48. Shupe denies the allegations contained in Paragraph 48.

49. Shupe denies the allegations contained in Paragraph 49.

50. Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 50.

51. Shupe denies the allegations contained in Paragraph 51.

52. Paragraph 52 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 52.

*Aftermath*

53. Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53.

54. Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54.

55. Shupe lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 55.

56. Shupe admits that Frontier has not disciplined or reprimanded its employees related to the incident. Shupe denies the remaining allegations contained in Paragraph 56.

57. Paragraph 57 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 57.

58. Shupe denies the allegations contained in Paragraph 58.

59. Paragraph 59 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 59.

### Count I:
### Compensatory and punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1981

60. Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

61. Paragraph 61 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, he denies any violation of 42 USC § 1981.

62. Paragraph 62 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 62.

63. Shupe denies the allegations contained in Paragraph 63.

64. Shupe denies the allegations contained in Paragraph 64.

65. Shupe denies the allegations contained in Paragraph 65.

66. Shupe denies the allegations contained in Paragraph 66.

### Count II: Compensatory and punitive damages pursuant to state law for intentional infliction of emotional distress

67. Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

68. Shupe denies the allegations contained in Paragraph 68.

69. Shupe denies the allegations contained in Paragraph 69.

70. Shupe denies the allegations contained in Paragraph 70.

///

///

### Count III: Compensatory and punitive damages pursuant to state law for false imprisonment

71. Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

72. Shupe denies the allegations contained in Paragraph 72.

73. Shupe denies the allegations contained in Paragraph 73.

74. Shupe denies the allegations contained in Paragraph 74.

### Count IV: Compensatory and punitive damages pursuant to state law for battery and sexual assault

75. Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

76. Paragraph 76 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe admits that Warren was hired and trained by Frontier, that Warren was acting within the scope of his employment with Frontier during the subject flight, and that Captain Shupe was the pilot-in-command and final authority as to the operation of Flight 2067. Shupe denies the remaining allegations contained in Paragraph 76.

77. Paragraph 77 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe admits that Warren was hired and trained by Frontier, that Warren was acting within the scope of his employment with Frontier during the subject flight, and that Captain Shupe was the pilot-in-command and final authority as to the operation of Flight 2067. Shupe denies the remaining allegations contained in Paragraph 77.

78. Shupe denies the allegations contained in Paragraph 78.

79. Shupe denies the allegations contained in Paragraph 79.

///

*Count V: Compensatory and punitive damages
pursuant to state law for defamation per se*

80. Shupe repeats, re-alleges, and incorporates by reference his Answers to each and every allegation contained in Paragraphs 1 through 59 as though fully set forth herein.

81. Paragraph 81 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 81.

82. Paragraph 82 consists of conclusions of law to which no response is required. To the extent an answer is deemed required of Shupe, Shupe denies the allegations contained in Paragraph 82.

83. Shupe denies the allegations contained in Paragraph 83.

84. Shupe denies the allegations contained in Paragraph 84.

**GENERAL DENIAL**

Defendant REX SHUPE denies all allegations of Plaintiffs' Third Amended Complaint which are not specifically admitted above.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiffs' Third Amended Complaint, Defendant REX SHUPE raises and preserves the following Affirmative Defenses:

1. Plaintiffs' claims are preempted, in whole or in part, by federal law.

2. Pursuant to applicable federal and state law, Shupe is entitled to immunity, qualified or otherwise.

3. Pursuant to applicable federal and state law, Shupe is entitled to a privilege, qualified or otherwise.

4. Plaintiffs' claims are barred pursuant to applicable federal statutes, including, but not limited to, 49 U.S.C. § 44902(b), 6 U.S.C. § 1104, and 49 U.S.C. § 44941.

## RESERVATION OF FURTHER DEFENSES

Defendant REX SHUPE reserves the right to supplement and amend his defenses to this action, including his Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

WHEREFORE, having fully answered and responded to the allegations in Plaintiffs' Third Amended Complaint, Defendant REX SHUPE respectfully requests that:

1. A judgment that Plaintiffs shall take nothing from Shupe by way of their Third Amended Complaint;

2. An award to Shupe of costs of suit and any recoverable attorneys' fees; and

3. Such other and further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Defendant REX SHUPE demands trial by jury.

Date: January 19, 2022

Respectfully submitted,

**REX SHUPE**

By: */s/Matthew D. Martin*
Brian T. Maye (admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
tshelke@amm-law.com
mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/Matthew D. Martin*