Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(434) 531-9569
johndmckayatty@gmail.com

***Attorneys for Plaintiffs***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY FRANCOIS OBASI SHOULD NOT BE HELD IN CONTEMPT OF COURT** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

Plaintiffs, Peter DelVecchia individually and as next friend of A. D., a minor, by counsel,

pursuant to the authority of Fed.R.Civ.P. 45(g) and 18 U.S.C. §401(3), and this Honorable Court's

inherent power to enforce its orders, bring this Motion seeking an Order to Show Cause to be issued

against Francois Obasi, a resident of Las Vegas, Nevada, directing Mr. Obasi to appear and show

cause why he should not be held in contempt of Court for his multiple failures to obey subpoenas

directing him to appear for his deposition in this civil action. If Mr. Obasi is held in contempt,

Plaintiffs also request an award of their attorneys' fees and costs of this Motion and of the subpoenas and aborted depositions, including service of process costs, court reporter charges and videographer charges, together with such other and further relief this Honorable Court shall deem just under the circumstances.

## CERTIFICATION PURSUANT TO LR 26-6(c)

Plaintiffs' lead counsel, John McKay, has made a good faith effort to meet and confer with Mr. Obasi. Mr. Obasi provided a telephone number and an email address to Attorney Timothy Titolo, local counsel for Plaintiffs, by a voice mail message shortly after he was served with the more recent subpoena. The subpoena and notice of deposition had requested that information so that a Zoom link could be emailed to him for the deposition. Attorney McKay sent several emails to that email address prior to the deposition, including one with the Zoom link, but Mr. Obasi did not respond to any of them. Multiple attempted calls to the telephone number he provided did not connect for unknown reasons. Attorney McKay sent an email to him, at the address he had provided to Mr. Titolo, on April 5, 2022 informing him of the intended filing of the Motion and the meet-and-confer requirement. As of the date of the filing of this Motion, one week later, Mr. Obasi has not responded to that email. Plaintiffs' counsel contacted Defendants' counsel regarding meeting with them, but with both sides unable to secure Mr. Obasi's appearance, they determined that there was no issue on which they could confer for the purpose of reaching an agreement that would obviate the need for the Motion.

## RELEVANT BACKGROUND FACTS

The main events at issue in this civil action occurred on March 28, 2019, aboard a flight that landed at Harry Reid International Airport, formerly known as McCarran International Airport. On that date, Francois Obasi was a Sergeant in the Las Vegas Metropolitan Police Department assigned to the airport's satellite police station. Although the FBI asserted primary jurisdiction over the

investigation concerning Flight 2067, Plaintiffs and their counsel are informed and believe that officers of LVMPD performed the part of the investigation that included interviewing passengers and flight crew members and obtaining statements from them. Indeed, the statements from the flight attendants that the FBI has produced were all written on LVMPD statement forms. On information and belief, Sgt. Obasi was either the sole LVMPD investigating officer, or else he was the leader of the investigation with other officers working under him. The parties' attempts to obtain the investigative file from LVMPD through Rule 45 subpoena have not been successful, as LVMPD has claimed that it cannot locate a file for the investigation. Therefore, Sgt. Obasi's testimony is relevant and necessary, since he may be the only person able to identify the passengers whom he interviewed, as well as to describe his investigative findings. Plaintiffs' counsel served Sgt. Obasi on December 4, 2019 with a Rule 45 subpoena ordering his appearance for a deposition to be held at Titolo Law Office on December 12, 2019 at 10:00 a.m. *See* **Exhibit A** (affidavit of service), and **Exhibit B** (subpoena). On information and belief, Defendants also served him with their own subpoena for a cross-noticed deposition to be held at the same time and place. *See* **Exhibit C**. Counsel for all parties, a court reporter, a videographer, and Plaintiff Peter DelVecchia were present at the deposition site on December 12, 2019 at 10:00 a.m., but Sgt. Obasi failed to appear. He did telephone counsel later in the day and apologized for not appearing, but counsel have no record or recollection of any legitimate excuse having been provided. *See* **Exhibit D** (Declaration of John D. McKay). Plaintiffs' counsel made a second attempt to take Obasi's deposition by Zoom on March 16, 2022, at 10:00 a.m. local time. They attempted to reach him at LVMPD, but a spokesperson informed counsel that Mr. Obasi is no longer employed by LVMPD. A process server located him and served a Rule 45 subpoena and amended notice of deposition for the March 16, 2022 deposition on him at his residence address of 10651 Solar Hawk Avenue, Las Vegas, Nevada 89129, on March 4, 2022. *See* **Exhibit E** (affidavit of

service), and **Exhibit F** (subpoena and amended notice of deposition). The subpoena and amended notice of deposition instructed him to provide his email address to Plaintiffs' counsel so that a Zoom deposition link could be emailed to him prior to the deposition. Exhibit F. Mr. Obasi called Attorney Titolo's office number and left a voice mail message that provided a telephone number and email address, and also confirmed that he is no longer employed by LVMPD. *See* Exhibit D. On March 16, 2022, at 10:00 a.m. Pacific Daylight Savings Time, counsel for all parties, a court reporter, a videographer, and Plaintiff Peter DelVecchia waited for Mr. Obasi in the Zoom session, but he failed to appear. *See id.; see also* **Exhibit G** (court reporter's certificate of non-appearance). Attorney McKay's attempts to reach Mr. Obasi by telephone were unsuccessful, and an email to him was not responded to. *See* Exhibit D. As noted above, he also did not respond to Attorney McKay's email requesting to meet and confer about this Motion, and he has not provided any excuse for his failure to appear at the deposition. *See id.*

## **ARGUMENT**

### I.     A finding of contempt is justified by Obasi's multiple failures to appear.

"A subpoena under Rule 45 . . . obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt." *Sali v. Corona Regional Med. Ctr.,* 884 F.3d 1218, 1224 (9ᵗʰ Cir. 2018). "The court 'may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.'" *Id.* (quoting Rule 45(g)). Mr. Obasi has shown a complete disregard for his appearance obligations under subpoenas issued under the authority of this Court, by disobeying two (and possibly three, counting the one apparently served by Defendants in 2019) of them. As described in the Declaration of John D. McKay attached to this Motion as Exhibit D, Mr. Obasi has failed to respond to several attempts by Plaintiffs' counsel to contact him, both before, during and after the recent deposition, at the email address Mr. Obasi specifically

provided. Mr. Obasi never provided any excuse for his failure to appear. The circumstances are, in those respects, more egregious than those the Court considered in *Platt River Ins. Co. v. Yan Hong Liu,* Case No. 2:20-cv-00723-GMN-EJY (D. Nev. Jan. 28, 2021), where a nonparty (Ciampa) was served with *one* subpoena for a deposition and failed to appear for it. The Court stated in that case:

> Here, Ciampa, having been served with a subpoena, failed to obey the subpoena issued by the District Court for Nevada. Not only is no excuse for this failure provided, but Ciampa has not responded to Plaintiff's efforts to contact him to determine why he failed to appear as ordered. As such, an Order to Show Cause why Ciampa should not be held in contempt is properly issued. *See Sprint Nextel Corporation v. Ace Wholesale, Inc.,* Case No. 2:14-cv-2119-RFB-VCF, 2016 WL 8376331, at *2 *D. Nev. Mar. 10, 2016).

Slip op. at 2. An Order to Show Cause would be equally proper in the instant case.

The Ninth Circuit Bankruptcy Appellate Panel has held that "[a] nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the serving party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." *Stipp v. CML-NV One, LLC,* 506 B.R. 870, 878 (9th Cir. BAP 2014). This Court has "wide latitude in determining whether there has been a contemptuous defense of its order." *Stone v. City and County of San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992), *cert. denied,* 506 U.S. 1081 (1993); *see also Forsythe v. Brown,* 281 F.R.D. 577, 587 (D. Nev. 2012). Plaintiffs bear the burden of showing that Mr. Obasi violated a specific and definite order of the Court. *Fed. Trade Comm'n v. Enforma Nat. Prods,. Inc.,* 362 F.3d 1204, 1211 (9th Cir. 2004).[1] If they satisfy their burden of production, the burden shifts to Mr. Obasi to demonstrate an "adequate excuse" why compliance was not possible in both instances. *Id.* The record is clear that Mr. Obasi did not exercise any of the three options available to him under Rule 45, but instead decided to ignore two or three subpoenas that were properly served on him. Mr. Obasi's intent to

---

[1] A subpoena served under Rule 45 is a court order in and of itself. *See Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F.2d 492, 494 & n.5 (9th Cir. 1983).

violate the Court's order is irrelevant; the Court need only find that he failed to take "all reasonable steps within [his] power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Society,* 774 F.3d 935, 945 (9th Cir. 2014). Under the plain language of Rule 45(g), contempt sanctions are warranted for his conduct if he cannot demonstrate an adequate excuse for each disobedience.

## II.    Contempt sanctions may include a fine and/or imprisonment, plus costs and attorneys' fees

Contempt of court sanctions may be civil or criminal, or both. Because civil contempt and criminal contempt serve different functions, both may be applied to the same conduct. *See U.S. v. Powers,* 629 F.2d 619, 627 (9th Cir. 1980)("Actions and proceedings need not be wholly civil or wholly criminal and the choice of one label does not prevent application of both forms of contempt punishment"). Typically, criminal contempt is used to punish past nonperformance and to vindicate the Court's judicial authority, while civil contempt sanctions are used to coerce the subject into compliance and to compensate the complainant for losses sustained as a result of the disobedience. *Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 517 (9th Cir. 1992); *see also Oracle USA, Inc. v. Rimini St. Inc.,* Case No. 2:10-cv-00106-LRH-VCF, slip at 52 (D. Nev., Jan. 12. 2022)(citing *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4,* 721 F.3d 1122, 1128 (9th Cir. 2013)). In the instant case, Plaintiffs do not request criminal sanctions be imposed on Mr. Obasi at this juncture—they simply want him to appear for his deposition, testify, and pay the costs associated with his failures to appear.

The Court's contempt powers are set out in 18 U.S.C. §401(3), which states that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Criminal contempt requires a finding of a willfulness

beyond a reasonable doubt. *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 782 (9th Cir. 1983). "Willfulness in this context means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order." *Id.* Civil contempt, on the other hand, requires only a finding, by clear and convincing evidence, that the contemnor violated a specific and definite order of the Court. *Knupfer v. Lindblade (in re Dryer),* 322 F.3d 1178, 1191 (9th Cir. 2003). That requirement is easily satisfied with Plaintiffs' proof that Mr. Obasi did not appear for his depositions after being properly served with subpoenas.

It is well settled that a trial court has broad discretion to award attorneys' fees and expenses in connection with a successful contempt motion. *See, Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)("We . . . conclude that the trial court should have the discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure."); *see also, Oracle USA, Inc.,* slip at 54.

### A.   Plaintiffs have incurred $1,575.80 in fees and expended 16.5 hours of legal work as a result of Mr. Obasi's failures to appear

As indicated in the Declaration of John D. McKay attached hereto as Exhibit D, Plaintiffs have incurred expenses in the amount of $1,575.80 as a direct result of Mr. Obasi's failure to appear at his scheduled depositions. As required by LR 54-14(a)(2), the itemized charges are as follows:

| | |
|---|---|
| 2019 Subpoena process server charges: | $108.00 |
| 2019 Court reporter charges (appearance fee plus wait time): | $307.50 |
| 2019 Videographer charges (billing minimum for appearance): | $370.00 |
| 2022 Subpoena process server charges (including skip trace): | $140.00 |
| 2022 Court reporter charges (minimum fee plus certificate): | $400.30 |
| 2022 Videographer charges (minimum fee): | $250.00 |
| **Total:** | **$1,575.80** |

In addition, Plaintiffs' lead attorney has spent 15.1 hours of billable time preparing for the depositions at which Mr. Obasi failed to appear, dealing with the aftermath of his failures to appear,

and researching and drafting this Motion. That time is itemized as follows, as required by LR 54-14(a)(1):

| Date | Atty. | Work Performed | Hours |
|------|-------|----------------|-------|
| 12/12/2019 | McKay | Deposition of Sgt. Obasi (no show); attempts to locate deponent; telephone conference with Sgt. Obasi. | 1.0 |
| 3/3/2022 | McKay | Draft amended notice of deposition | 0.5 |
| 3/4/2022 | McKay | Telephone conference with Mr. Titolo re: Obasi not found for service, options. | 0.3 |
| 3/5/2022 | McKay | Emails from/to Mr. Titolo re: alternative service on Obasi; review voice mail message from Obasi to Mr. Titolo; calls attempted to Mr. Obasi; email to Mr. Obasi. | 0.5 |
| 3/11/2022 | McKay | Email to Mr. Obasi requesting call; emails from court reporter; search for Zoom links; email to Mr. Nicholas at Esquire Court Reporting re: Zoom links; preparing exhibits for Obasi deposition and uploading exhibits to court reporter secure site. | 1.5 |
| 3/15/2022 | McKay | Preparation for Obasi deposition. | 1.0 |
| 3/16/2022 | McKay | Additional preparations for Obasi deposition; email to Mr. Obasi with Zoom link; email to counsel with exhibits; deposition of Francois Obasi (no show); legal research re options for motion about failure to attend deposition; telephone conference with Peter; email to Ms. Fowler requesting copy of signed subpoena. | 3.0 |
| 3/17/2022 | McKay | Receipt and review of Certificate of Nonattendance for deposition. | 0.1 |
| 3/18/2022 | McKay | Emails from/to Mr. Titolo and Ms. Fowler re Obasi no-show. | 0.3 |
| 3/25/2022 | McKay | Telephone conference with Mr. Titolo re Obasi subpoenas. | 0.2 |
| 3/28/2022 | McKay | Emails from/to Mr. Titolo and Ms. Fowler re Obasi subpoena details. | 0.2 |
| 4/5/2022 | McKay | Email to court reporter regarding whether certificate of nonattendance was prepared for the 2019 Obasi no-show. | 0.1 |
| 4/6/2022 | McKay | Receipt and review of response from court reporter (no CNA prepared in 2019). | |
| 4/10/2022 | McKay | Legal research for contempt motion re Obasi. | 2.0 |
| 4/11/2022 | McKay | Drafting Obasi motion and declaration; preparing exhibits for motion and declaration; requesting 2019 invoice from Ms. Fowler; email to court reporter re videographer charge. | 2.6 |
| 4/12/2022 | McKay | Finalizing motion and declaration with information required by LR 54-14; receipt and review of 2019 invoice from Ms. Fowler; filing motion and mailing service copy to Obasi. | <u>1.8</u> |

**TOTAL TIME:**                                                                                                   **15.1**

Concerning the details required by LR 54-14(a)(3), Plaintiffs respond as follows:

**(A)    The results obtained and the amount involved:** Discussion of results is premature at this juncture. Considering the severity of the injuries and the potential for punitive damages against a high-net-worth publicly traded company, the amount involved in this civil case is substantial.

**(B)    The time and labor involved:** This case requires far more time and labor than Plaintiffs' counsels' other cases, due to the complexity of the legal issues, the high number of witnesses, and the large volume of documentary evidence.

**(C)    The novelty and difficulty of the issues involved:** This case involves a Section 1981 claim brought by a mixed-race family, as well as state law claims of IIED, false imprisonment, battery, assault, and defamation *per se*. It involves the actions of four flight attendants and two pilots on an airline flight, as well as their training and the airline's responsibilities. The issues are complex.

**(D)    The skill requisite to perform the legal service properly:** This is not a case for a novice attorney. The civil rights issues alone require an in-depth knowledge of a vast amount of jurisprudence applicable to a statute that was first enacted into law 156 years ago, and which continues to evolve. Moreover, the case requires considerable knowledge of airline standard operating procedures and protocols.

**(E)    The preclusion of other employment by the attorney due to acceptance of the case**: Although counsel has not declined any specific potential matter due to acceptance of this case, the large amount of work required by this case does affect what types of other cases counsel can consider accepting during the pendency of this case.

**(F)    The customary fee:** If lead counsel were to perform the services required of this case at an hourly rate, that rate would be $575, which is lead counsel's customary hourly rate for cases requiring his aviation expertise.

**(G)    Whether the fee is fixed or contingent:** The fee in this case is a 40% contingent fee.

**(H)    The time limitations imposed by the client or the circumstances:** None.

**(I)    The experience, reputation, and ability of the attorney(s):** Plaintiffs' lead counsel has been litigating civil cases in federal courts since 1985. He has tried cases to judges and juries in the District of Maine, the Western District of Virginia, the Southern District of Florida, and the Northern District of Texas, as well as in several state courts. He has briefed and argued cases before the First, Fourth and Ninth Circuit Courts of Appeal, as well as the Maine Supreme Judicial Court, the Virginia Supreme Court, the New York Appellate Division, and the West Virginia Supreme Court. He has been admitted to the bars of eight U.S. states and is also an active Barrister and Solicitor in Ontario and an active Solicitor in England. He holds an FAA Commercial Pilot License and ground instructor certificate, and has taught aviation law and commercial pilot ground school as an adjunct professor. He co-managed the mostly federal court defense litigation of insured claims against The Boeing Company for its lead liability insurer for two years, from 2009 to 2011. He has handled the litigation of Title VII and Section 1981 civil rights cases for both plaintiffs and defendants. He received his law school's Best Advocate Award. He is AV rated by Martindale-Hubbell and has received that company's Client Champion Platinum Award for 2022. Plaintiffs' local counsel is a highly respected Las Vegas litigation attorney with a primary focus on traumatic brain injury litigation.

**(J)    The undesirability of the case, if any:** Section 1981 civil rights cases are expensive and time-consuming, and they involve complicated legal issues. They often involve defendants and liability insurers who have resources available for litigation that dwarf those available to the plaintiffs. As a result, such cases are not typically sought after by plaintiffs' attorneys.

**(K)    The nature and length of the professional relationship with the clients:** Plaintiffs' counsel and Plaintiffs had no prior relationship. Plaintiffs retained Plaintiffs' counsel in 2019.

**(L)     Awards in similar cases:** As discussed below, this Court has approved a lodestar rate of $575 per hour for experienced attorneys in complex cases. It has also approved $500 per hour for attorneys in a complex case who have less than half the years of experience (13 and 18 years) that Plaintiffs' lead counsel has (37 years). *See BCG Partners, Inc. v. Avison Young (Canada), Inc.,* Case No. 2:15-cv-00531-RFB-EJY (D. Nev. April 1, 2022), slip at 1.

**(M)     Any other information the Court may request:** To be determined. The information provided above is supported by the Declaration of John D. McKay submitted herewith as Exhibit D.

Courts typically use the lodestar method for calculating reasonable attorneys' fees. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). "When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the prevailing market rates in the relevant community and compare the rates of lawyers of reasonably comparable skill, experience and reputation to the rates requested in the case before the Court." *Emtek (Shenzen) Co., Ltd. v. Waian LLC,* Case No. 2:19-cv-00927-GMN-EJY (D. Nev. Dec. 15, 2020), slip at 5 (internal citations omitted). Attorney McKay typically charges clients $575 per hour for his services. He has been a federal court civil litigator for nearly 37 years and he has particular expertise in cases involving civil rights and airline defendants. This Court has recently approved a lodestar rate of $575 per hour for an experienced attorney in a complex case. *See PharMerica Mountain, LLC v. RCSRP Corp.,* Case No. 2:20-cv-00732-JAD-EJY (D. Nev. Feb. 28, 2022), slip at 2. Applying an hourly rate of $575 to 15.1 hours yields a total of $8,682.50. Plaintiffs respectfully request that an award of the $1,575.80 in costs and $8,682.50 in attorney fees be imposed on Mr. Obasi in this case if he is held in contempt.

**<u>CONCLUSION</u>**

For all the reasons set forth herein, Plaintiffs respectfully move for an Order requiring Francois Obasi to appear before this Honorable Court to show cause why he should not be held in contempt of Court pursuant to Fed.R.Civ.P. 45(g). If he is held in contempt, Plaintiffs also request an award of their $1,575.80 costs of the service of the subpoenas and court reporter charges and videographer charges for the aborted depositions, plus $8,682.50 attorney's fees, together with such other and further relief this Honorable Court shall deem just and appropriate under the circumstances.

DATED this 12th day of April, 2022.

_____/s/ John D. McKay_____
John D. McKay (admitted *pro hac vice*)
Park Avenue Law LLC
127 W. Fairbanks Ave., No. 519
Winter Park, FL 32789
johndmckayatty@gmail.com
(434) 531-9569

Timothy R. Titolo (Nev. Bar. No. 3617)
Titolo Law Office
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

***Attorneys for Plaintiffs Peter DelVecchia
And A.D., a Minor***

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I served a true and correct copy of the foregoing Motion with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing and a link to download the Motion to all counsel of record.

In addition, I hereby certify that on this day I served a true and correct copy of the foregoing Motion and all Exhibits on Francois Obasi pursuant to Fed.R.Civ.P. 5(b)(2)(C) by depositing same in the U.S. Mail, First Class postage prepaid, addressed to his last known address of:

Mr. Francois Obasi
10651 Solar Hawk Avenue
Las Vegas, NV 89129

Dated this 12th day of April, 2022.

_____/s/ John D. McKay_____