**EXHIBIT D**

**Declaration of John D. McKay**

1  Timothy R. Titolo, Esq.
   Nevada Bar No. 003617
2  TITOLO LAW OFFICE
   9950 West Cheyenne Ave.
3  Las Vegas, Nevada 89129
   (702) 869-5100
4  tim@titololaw.com

5
   John D. McKay, Esq.
6  *Admitted pro hac vice*
   PARK AVENUE LAW LLC
7  127 W. Fairbanks Ave. No. 519
   Winter Park, Florida 32789
8  (434) 531-9569
   johndmckayatty@gmail.com
9

10 *Attorneys for Plaintiffs*

11

12              UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEVADA
13

14
   PETER DELVECCHIA, *et al.*,          )    **Case No: 2:19-CV-01322-KJD-DJA**
15                                       )
                  Plaintiffs,            )
16                                       )    **DECLARATION OF JOHN D. MCKAY**
                                         )    **PLAINTIFFS' MOTION FOR AN**
17 vs.                                   )    **ORDER TO SHOW CAUSE WHY**
                                         )    **FRANCOIS OBASI SHOULD NOT**
18                                       )    **BE HELD IN CONTEMPT OF COURT**
                                         )
19 FRONTIER AIRLINES, INC., *et al*.,    )
                  Defendants.            )
20 _____)

21

22        I, John McKay, make the following Declaration pursuant to 28 U.S.C. §1746:

23     1. I am lead counsel for Plaintiffs in the above-captioned action.

24
       2. On December 12, 2019, I was present at Titolo Law Office in Las Vegas, Nevada with my
25
          client Peter DelVecchia, attorney for Defendants Brian Maye, a Court Reporter working for
26
          Esquire Deposition Solutions, and a videographer also working for Esquire Deposition
27

28        Solutions, beginning at 10:00 a.m. Pacific Standard Time, for the noticed deposition of

                          DECLARATION OF JOHN D. MCKAY
                                  Page 1 of 5

witness Sgt. Francois Obasi of the Las Vegas Metropolitan Police Department (LVMPD). Although I was informed that Sgt. Obasi had been served on December 4, 2019 with a Rule 45 subpoena commanding his attendance at the deposition on that date and at that time, he did not appear.

3. Based on a service copy that I received, it is my understanding that Defendants served their own Cross-Notice of Deposition for the same date and time, and that they also served Sgt. Obasi with a Rule 45 subpoena, by certified mail.

4. Sgt. Obasi and I spoke on the telephone later in the day on December 12, 2019. My recollection of that conversation that occurred over two years ago is somewhat vague, and I did not take any notes, but I believe that he apologized for not appearing but did not indicate any circumstances beyond his control that prevented him from complying with the subpoena.

5. At the time that I spoke with Sgt. Obasi in December, 2019, I was not yet aware that he may possess certain information that Plaintiffs need for the prosecution of their case. I was not made aware of Sgt. Obasi's connection to that information until this year.

6. After I became aware in 2022 of Sgt. Obasi's likely possession of that information, I decided that Plaintiffs needed to re-notice his deposition. On March 3, 2022, I drafted and served on opposing counsel an Amended Notice of Deposition to take his deposition on March 16, 2022 at 10:00 a.m., a date that counsel had agreed was available for depositions. Due to continuing concerns about the COVID-19 pandemic, I noticed the deposition to occur via Zoom. I put language in the Amended Notice stating that Sgt. Obasi needed to contact me or Plaintiffs' local counsel, Timothy Titolo, upon receipt of the Notice to provide a valid email address so that a Zoom link could be emailed to him.

DECLARATION OF JOHN D. MCKAY
Page 2 of 5

7.  After serving the Amended Notice on opposing counsel, I sent it to Mr. Titolo's office and asked his assistant, Debbie Fowler, to arrange for service of the Amended Notice and a Rule 45 subpoena on Sgt. Obasi through a local process server.

8.  Ms. Fowler informed me on March 4 that attempted service on Sgt. Obasi at LVMPD had been unsuccessful because someone at LVMPD informed the server that Obasi was no longer employed at LVMPD.

9.  Ms. Fowler arranged for a skip trace and informed me on March 4 that she had learned of a residence address for Mr. Obasi. She arranged for service to be re-attempted at that residence address, and she informed me later that evening that Mr. Obasi had been served at his residence.

10. On March 5, Mr. Titolo sent me an email informing me that Mr. Obasi had left him a voicemail message. He attached an audio file containing the message to his email. I listened to the message, in which Mr. Obasi confirmed that he had received the subpoena, stated that he is now retired and prefers to be called "Mister" rather than "Sergeant," and provided a phone number and an email address.

11. I have made several attempts to call the phone number that he provided in the message. On each attempt, the call failed to connect. After placing the call, the line beeped three times and disconnected. I do not know why that occurred, but it has repeated without change on numerous attempts between March 5 and today.

12. I also sent several emails to Mr. Obasi asking him to call me. All were sent to the exact email address that he provided in the voicemail message referenced above, and none was bounced back to me. At 8:05 a.m. Pacific Daylight Savings Time on March 16, 2022, I emailed Mr. Obasi the Zoom link for the deposition and the Meeting ID and Password. The subject line of

DECLARATION OF JOHN D. MCKAY
Page 3 of 5

that email read: "ZOOM LINK FOR DEPOSITION TODAY." The email did not bounce back.

13. On March 16, 2022, at 10:00 a.m. Pacific Daylight Savings Time, the Zoom session commenced. Present (virtually) in addition to me were Peter DelVecchia, Brian Maye representing all Defendants, a Court Reporter working for Esquire Deposition Solutions, and a videographer working for Esquire Deposition Solutions. Mr. Obasi failed to appear. Everyone present waited for fifteen minutes for him to appear, but he never did. I tried calling his phone with the same result described above. I sent him an email stating that we were all waiting for him to join via the Zoom link and indicating that we would seek contempt of court sanctions if he did not appear by 10:15.

14. After waiting until 10:15, the court reporter made a record of his failure to appear, and the Zoom session was terminated.

15. Mr. Obasi has never provided me with an excuse for his failure to appear.

16. On March 5, 2022, I sent an email to Mr. Obasi informing him of Plaintiffs' intent to file a Motion for an Order to Show Cause and also informing him of the Court's meet and confer requirement for motions related to discovery. I asked him to contact me. Seven days have now passed since I sent that email, and he has never called me or otherwise responded to the email.

17. Based on bills from Esquire Deposition Solutions and LV Process and Investigations, LLC that I have reviewed, Plaintiffs have incurred a total of $1,575.80 in costs directly related to service of the two subpoenas described above and the Court Reporter and videographer charges for the two aborted depositions. I have reviewed the itemization of those costs contained in the accompanying Motion, and it accurately reflects the charges that were contained in the invoices.

DECLARATION OF JOHN D. MCKAY
Page 4 of 5

18. I have expended a total of 15.1 hours of my professional time preparing for the two depositions at which Sgt./Mr. Obasi failed to appear, collecting the relevant invoices, discussions with Mr. Titolo and Ms. Fowler concerning Mr. Obasi, conducting legal research on contempt motions in this Court and the Ninth Circuit databases, drafting the Motion, drafting this Declaration, preparing the Exhibits to the Motion, and filing the Motion and all Exhibits. I hereby authenticate the information contained in the Motion. Regarding the itemization of my time contained in the Motion, I confirm that I reviewed and edited the itemization and that the fees contained in it are reasonable.

19. I have been retained in this case on a 40% contingent fee basis. My normal hourly rate for cases requiring aviation expertise is $575 per hour. I have been litigating cases in federal court since 1985. Over the course of my career, I have litigated and tried numerous civil rights cases brought under Title VII and 42 U.S.C. §1981, both for plaintiffs and defendants. Those have included other cases where an airline was the defendant. Since 2011, I have limited my practice to aviation-related matters, with only a few exceptions made for longstanding business clients.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2022.

_____
John D. McKay

DECLARATION OF JOHN D. MCKAY
Page 5 of 5