Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9950 West Cheyenne Ave.
Las Vegas, Nevada 89129
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(434) 531-9569
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES, INC., *et al.*,<br>    Defendants. | **Case No: 2:19-CV-01322-KJD-DJA**<br><br>**PLAINTIFFS' UNOPPOSED SECOND MOTION FOR RELIEF FROM PAGE LIMIT** |

Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor, by counsel, pursuant to Local Rule 7-3(c) and the Court's discretionary authority, hereby respectfully file this Motion for Relief From Page Limit to permit them to include the full text of 51 discovery requests and the full text of Defendant Frontier Airlines, Inc.'s objections to them, along with appropriate arguments, in a Motion to Compel that has not yet been filed. Counsel for Defendants have indicated that they do not oppose the granting of this Motion.

As explained in the Declaration of John McKay filed in support of this motion, Plaintiffs served 16 requests for admissions and 34 requests for production on Defendant Frontier on February 22, 2022. They also served one interrogatory on Defendant Frontier the following day, for a total of 51 requests. On March 24, 2022, Frontier served objections to all 51 requests. Setting forth the full text of each request and each objection, together with the text of certain definitions necessary to an understanding of the scope of the requests, will cover a full 23 pages of pleading paper, even when the text is set forth in single-spaced long quotation format. *See* Decl. at ¶¶ 4-5, 7.

Local Rule 26-6(b) requires a motion to compel to set forth the full text of each disputed discovery request and any response to it. Decisions of this Court indicate that compliance with the requirement means setting forth the full text in the body of the motion, and that attaching the requests and responses as an exhibit is "technically incorrect under the rule," *Ciolino v. Dzurenda,* Case No. 2:19-cv-00520-MMD-CLB (D. Nev. Nov. 17, 2021), slip op. at 4; *see also, Lee v. Dennison,* Case No. 2:19-cv-1332-KJD-DJA (D. Nev. Aug. 18, 2020), slip op. at 5 ("This is not just a mere suggestion for Plaintiff to ignore.") In order for Plaintiffs to comply with LR 26-6(b) and include the type of detailed arguments that the Court expects, Plaintiffs will need a minimum of an additional 26 pages beyond the pages that will be filled up by the requests and responses. That estimate is based on a half-page of argument and citations per request. *See* Decl. at ¶ 8.

The Court has the authority to grant the relief requested. District courts "have broad discretion in interpreting and applying their local rules." *Miranda v. Southern Pac. Transp.*, 710 F.2d 516, 521 (9th Cir. 1983). The Ninth Circuit has noted, "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." *U.S. v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979). The Ninth Circuit has explained that the power is "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases.'" *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992)(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991)).

The requested order would serve the ends of justice because Plaintiffs need to set forth the full text of all 51 requests and the objections to them to be in compliance with the Local Rules, and they also need 26 additional pages to make well-developed arguments as to each of the 51 requests in support of their Motion to Compel.

## CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully submit that good cause exists for an Order granting them leave to file a 50-page Motion to Compel.

DATED this 15th day of April, 2022.

    /s/ John D. McKay
***Attorney for Plaintiffs Peter DelVecchia
And A.D., a Minor***