Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(434) 531-9569
johndmckayatty@gmail.com
***Attorneys for Plaintiffs***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, <br>    Plaintiffs, <br><br> vs. <br><br> FRONTIER AIRLINES, INC., *et al.*, <br>    Defendants. | Case No: 2:19-CV-01322-KJD-DJA <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF FOURTH MOTION TO COMPEL** |

  Plaintiffs respectfully submit this Reply in support of their Fourth Motion to Compel and in response to the Opposition filed by Defendant Frontier Airlines, Inc. ("Frontier")(ECF No. 166).

  This Motion presents the specific issue of whether 14 C.F.R. §243.9(c) provides legal justification, as Frontier has argued, for Frontier's redaction of identifying information, telephone numbers and email addresses of passengers from the documents relating to the discrimination complaints[1] that the Court ordered Frontier to produce, and also the issue of the propriety of

---

[1] As noted in the original Motion, Plaintiffs refer to the documents at issue in the Motion collectively as the "discrimination complaints," even though they also contain related documents. As a reminder to the Court, Plaintiffs have excluded from the scope of this Motion the few Frontier internal documents (17 pages out of the 2,422 pages produced, or less than one percent) that describe incidents of alleged human trafficking, some of which involved minors. None of the trafficking documents are complaints; they are merely internal incident reports written by Frontier employees or summaries of such incident reports.

Frontier's redaction of employee or agent identification numbers and email addresses without citing any legal justification whatsoever for those redactions. Plaintiffs have filed the Motion as a Motion to Compel rather than a motion for sanctions because the Court denied its motions for sanctions and stated that the issues should have been presented in a Motion to Compel (even though Plaintiffs had already won a Motion to Compel concerning the same documents in 2020). Frontier utterly avoids responding to the issues briefed by Plaintiffs for the first 11 pages of its 16-page Opposition. Instead, it attempts in those pages to create an alternate reality in which the Court's 2020 Order overruling its relevance and proportionality objections is still open to debate, Plaintiffs are somehow planning "hundreds of minitrials" on the prior discrimination complaints simply by seeking the ability to contact their filers, Plaintiffs' §1981 discrimination claim is "isolated" from Frontier's longstanding policy of ignoring acts of discrimination by its employees, Frontier's employees on Plaintiffs' flight did nothing wrong and always told the truth, and they acted at all times under "immunities afforded by Congress," *see* Opposition ("Opp.") at 3. That "reality" does not exist. The Court appropriately held the prior complaints relevant and proportional to the needs of the case, without making any exceptions concerning any of their contents. Plaintiffs are seeking to contact at least some of the filers for legitimate purposes, including to determine whether they were, in fact, members of a protected class recognized by §1981, and to determine whether any lawsuits were filed about their complaints (Frontier claims without citing any proof that none were, *see id.* at 2, which is impossible to verify without knowing the filers' names). As discussed in more detail below, decisions in the Ninth Circuit and other Circuits hold that evidence of prior complaints is relevant in individual discrimination cases for a variety of important purposes, including to prove intent, motive, pretext, and reckless disregard for civil rights. Frontier's employees on Plaintiffs' flight, by their own testimonial admissions, told multiple lies about Plaintiffs and about their own actions concerning Plaintiffs, and did not follow the

protocols they claimed they were following. There are no "immunities afforded by Congress" for labeling a White man traveling with a Black child a "situation" based solely on the colors of their skin, or for placing them under heightened surveillance nearly an hour before making the outrageous claim that a White father touching his Black son's face is "concerning" and "not normal."[2] There is no federal immunity for a flight attendant telling a colleague a false story about what happened during an exit row briefing and subsequent reseating of the passengers that was fabricated to fit within the airline's human trafficking awareness guidelines. There is no federal immunity for another flight attendant to falsely claim that all the other flight attendants had witnessed something that she knew only one of them claimed to have seen. There is no federal immunity for a third flight attendant to fabricate a sexual molestation scenario that didn't occur, or to withhold from his description of that scenario the critically important observation that both passengers were asleep when he claimed it was occurring. There is no federal immunity for a flight attendant to strike a passenger so hard as to give him a concussion, or to take his minor son away and falsely imprison the son in a rear row of the plane for several hours. There is no federal immunity for assaulting the minor while he was being held in the back row. There is no federal immunity for multiple instances of defamation *per se* and intentional infliction of emotional distress. Even the immunity statute to which Frontier alludes in its Opposition, *i.e.,* 49 U.S.C. §44941(a), contains an explicit exception for reports that are made with "actual knowledge that the disclosure was false, inaccurate or misleading" or are "made with reckless disregard as to the truth or falsity of that disclosure." §44941(b). There is sworn testimony supporting all of the above non-immunized acts, which renders the entirety of Frontier's alternate reality that omits any reference to them a sham. Like its flight attendants' claims that they were merely following human trafficking and sexual molestation protocols, or the claims of its pilots that Plaintiffs' alleged

---

[2] Deposition of Flight Attendant Chelsie Bright, at 50.

actions (while they were sound asleep) triggered a protocol designed to prevent hijackings, Frontier's alternate reality is a pretext designed to deflect any inquiry into its unauthorized actions that were contrary to law.

## ARGUMENT

**I.    Frontier does not dispute that is misled the Court about a fabricated "rule."**

When Plaintiffs first informed the Court that Frontier had redacted information from the discrimination complaints without being authorized by the Court in the Orders requiring their production, Frontier told the Court that multiple "federal courts applying a federal regulation [*i.e.,* §243.9(c)] *establish* that airlines must protect the identities of passengers *absent an order expressly prohibiting redactions* [and] [*n*]*o such order has been entered in this case.*" ECF No. 145, at 2 (bracketed material and emphasis added). That was a convenient explanation designed to absolve it from any responsibility for its redactions. However, it was entirely fabricated. None of the cases interpreting §243.9(c) ever expressed any such rule, or even said anything that reasonably could be mistaken for such a rule. Plaintiffs brought the fabricated nature of Frontier's assertion to the Court's attention on pages 7 and 8 of its Motion, and Frontier makes no argument to the contrary in its Opposition. It thus tacitly admits that it did, in fact, mislead the Court with the assertion of a false rule of law. *See USA Tech., Inc. v. Doe,* 713 F.Supp.2d 901, 907 (N.D. Cal. 2010)("USAT tacitly admits as much in its opposition brief by failing to address the securities claim, despite defendant's identification of deficiencies in that claim.") Deliberately misleading a Court is a serious matter. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 42 (1991); *Franco v. Dow Chem. Co. (in re Girardi)*, 611 F.3d 1027 (9th Cir. 2010); *McKinney v. Aranas,* Case No. 2:12-cv-401-KJD-GWF (D. Nev. May 6, 2014), slip op. at 3 ("misleading the Court or seeking to manipulate these proceedings in any way are

grounds for severe sanctions"); *Avendano v. Security Consult. Group,* Case No. 3:13-cv-00168-HDM-VPC (D. Nev. Dec. 2, 2014), slip op. at 18.

### II. Frontier does not dispute that other Courts in this Circuit have held that redacting documents ordered to be produced is discovery misconduct.

Frontier's principal argument that it did nothing wrong in redacting the documents was, as it now admits, a sham. Plaintiffs also pointed out that other Courts in this Circuit, in substantially similar situations, have held that the redaction of information from documents ordered to be produced constituted discovery misconduct, citing *Terry v. Register Tapes Unlimited, Inc.,* Case No. 2:16-cv-00806-WBS-AC (E.D. Cal., June 29, 2018), and *Cuviello v. Feld Entertainment, Inc.,* Case No. 5:13-cv-03135-LHK (N.D. Cal., February 27, 2015). *See* Mot. At 5-6. Frontier apparently does not disagree, nor does it make any attempt to distinguish those cases from the facts of its own redactions. If it agrees that its redactions were the product of discovery misconduct, then it should have no problem with an Order requiring the redactions be removed.

### III. Frontier never addresses its employee/agent redactions.

Plaintiffs argued that it was improper for Frontier to redact information that would identify whether persons mentioned in the discrimination complaints are its own employees or agents employed by third party vendors, especially where Frontier has not cited any legal authority at all for the redactions. Frontier does not even address those arguments, tacitly admitting the impropriety of its redactions. *See USA Tech., Inc.* The Court should also order the removal of those redactions.

### IV. Frontier refuses to address the plain language of the regulation it cited.

From the first day it defended its redactions of passenger information, Frontier has claimed that it had to redact that information to avoid violating §243.9(c) and because of the fictitious rule described in Section I, above, that was supposedly based on §243.9(c). It argued that its necessary reliance on that regulation, which it inaccurately called a statute, "sent Plaintiffs into hysterics." ECF

No. 145, at 10. It also responded with some choice language to Plaintiffs' suggestion that it should double-check the holdings of several district court opinions it relied on against the actual language of the regulation. *Id.* It deemed "persuasive" the holding of one of those opinions that "passenger contact information is highly protected under federal law," even though the term "passenger contact information" is a conflation of two mutually exclusive defined terms used in the regulation, and claimed that the case is "directly on point and unquestionably good law." *Id.* (internal quotation marks omitted). It referred to an "airline's *obligations under 14 C.F.R. §243.9[(c)]*" to prevent disclosure of passenger names. *Id.* (bracketed material and emphasis added). After making such a determined and emotional stand in favor of a rule of confidentiality allegedly mandated by §243.9(c), its argument in its Opposition is downright bizarre. It now concedes that Plaintiffs may be correct about the courts' "mistaken application" of the regulation's confidentiality provision, and argues that "the regulation *has little impact on this case*." Opp. at 12 (emphasis added). This Motion is about whether §243.9(c) provides a legal justification for Frontier's redactions, because Frontier cited §243.9(c) (and nothing else, other than cases interpreting that regulation) as legal justification for its redactions and argued vociferously for the Court to follow the holdings of the district courts that had applied the regulation to "passenger contact information." But now, it seems Frontier would prefer to talk about something altogether different: relevance and proportionality.[3] That is not how this process works, and Frontier needs to be reminded that its objections based on relevance and proportionality, which it fully briefed on December 19, 2019, *see* ECF No. 53, were overruled by the Court on May 8, 2020, *see* ECF No. 83. Clearly, Frontier is now worried that this Court will interpret §243.9(c) accurately, based on the regulation's plain language and promulgation history, and that its decision

---

[3] Frontier refers to "[t]his prolonged discovery dispute." Opp. at 7. It is "prolonged" only because Frontier waited more than a year before *starting* to produce the discrimination complaints after the Court's Order, and still has not fully complied with that Order because it has not provided the complete documents.

will unmask the myth about the regulation that airlines have been using to their improper advantage in litigation for the past 24 years.

That is precisely what this Court should do. Laws (including regulations) need to be read accurately and applied according to their plain language and intent, to prevent chaotic applications and unconstitutional legislation by the courts. The system of justice works best when parties acknowledge the law as it is written, and refrain from spinning arguments that misstate legal rules and/or deliberately omit key facts in the record. If Frontier has relied before this Honorable Court on an interpretation of a regulation that is at odds with the regulation's plain language, and that interpretation has been challenged by Plaintiffs, then the Court must set the record straight. Sliding into a side argument, at Frontier's invitation, about issues that the Court fully decided in Plaintiffs' favor two years ago does not serve the ends of justice.

Frontier avoids any response to Plaintiffs' arguments concerning the language of Part 243 and its limited scope because it knows that Plaintiffs are correct. The Part as a whole applies only to international flights (defined as "covered flight segments"), and all of the Frontier discrimination complaints at issue concerned *domestic* flights because that is what the Court ordered to be produced in its May 8, 2020 Order. Section 243.9(c)'s confidentiality requirement applies solely to emergency contact names that may have been provided voluntarily to the airlines concerning international flights, not to the names or other information about the actual passengers on such flights. That confidentiality requirement therefore has no application at all to the names, telephone numbers, addresses and email addresses of passengers that Frontier has improperly redacted from the discrimination complaints. The Court should order Frontier to remove those redactions.

### V. *Barlow v. Herman* is clearly distinguishable.

Frontier cites *Barlow v. Herman,* Case No. 2:13-cv-00033-JAD-CWH, 2014 U.S. Dist. LEXIS 1548 (D. Nev. Jan. 6, 2014) as its sole authority for an argument that it has not waived objections that it did not assert in its November 18, 2019 response to Plaintiffs' Request for Production Number 47. The January 6, 2014 Order in *Barlow* is distinguishable, however, and inapt authority for such an argument. *Barlow* involved a plaintiff's attorney who stubbornly refused to grant defense counsel an extension to respond to numerous discovery requests even though defense counsel said he was preparing for a bench trial in another case. The plaintiff's attorney apparently wanted to capitalize on a "gotcha" argument that the defendant would waive all objections by serving responses late, no matter what extenuating circumstances existed. The 6-factor balancing test applied by this Court and cited by Frontier applied to allowing the defendant's late responses to be served without penalties, and to whether his objections that he *actually asserted* would be considered waived, not to the consideration of any omitted objections. That is not the situation in the instant case. The cases cited by Plaintiffs stand for the proposition that objections *not asserted* are waived, and Frontier presents no argument to the contrary. Moreover, Plaintiffs' counsel in the instant case quickly and amicably granted Frontier's two requests for extensions concerning the discovery requests that included RFP 47, after which Frontier served timely objections to nearly all the requests. *See* ECF No. 77, at 3. The objections to RFP 47, however, did not include the §243.9(c) and passenger privacy arguments that Frontier now attempts to raise belatedly. Those objections are waived, as supported by the *Richmark* and *Haddad* cases cited by Plaintiffs in the Motion.

### VI. The Court already held that the discrimination complaints are relevant and proportional, and its holding was correct.

In its May 8, 2020 Order, the Court stated, in pertinent part: "the Court finds that prior complaints of race discrimination are relevant to Plaintiffs' Section 1981 claim." ECF No. 83, at 4. In

his Order ruling on the Rule 72(a) objections, Judge Dawson also noted, "[t]he magistrate judge granted Plaintiff [*sic*] broad avenues of relevant discovery on all the topics at issue in this case." ECF No. 120, at 3. Yet, Frontier attempts to curtail Plaintiffs' access to any details concerning the discrimination complaints on a relevance argument that it should have made in its opposition to the motion to compel on which both of those Orders are based, and which lacks legal substance.

Frontier crafts a fanciful argument, based on terms such as "collaterally relevant" and "specific and substantial evidence," to attempt to dilute this Court's prior ruling that the discrimination complaints are relevant, and to attempt to support—based on a new definition of "relevance"—continuing to keep the names and contact information of hundreds of passengers who have complained of discriminatory treatment by Frontier employees under wraps. Its argument fails to find any support in the case law of the Ninth Circuit, or this Court, however. First and foremost, the Court's May 8, 2020 relevance holding was made, appropriately, in the context of Fed.R.Civ.P. 26(b)(1). "Relevancy under Fed.R.Civ.P. 26 is liberally construed. To that end, discovery is ordinarily allowed under the concept of relevancy unless the information sought has no bearing on the claims and defenses of the parties." *Guerra v. Dematic Corp.*, Case No. 3:18-cv-00376-LRH-CLB (D. Nev. April 15, 2022), slip op. at 5; *see also, Republic of Ecuador v. Mackay,* 742 F.3d 860, 866 (9th Cir. 2014)("the scope of permissible discovery under Rule 26 is broad"). The Court's ruling that the discrimination complaints are relevant is correct because Plaintiffs have alleged a Section 1981 discrimination claim and have further alleged that the discrimination they suffered because of their racial disparity was likely to happen because Frontier "fostered and condoned an atmosphere aboard Flight 2067 and all of its other flights" in which it ignored its federal law obligations to prevent racial discrimination against its passengers, chose not to implement anti-bias training for its employees despite a DOT recommendation to do so, routinely discounts passenger complaints of

racial discrimination, and fails to discipline employees who discriminate. *See* ECF No. 153, ¶¶ 24-28, 63. Plaintiffs have also sought punitive damages based on Frontier's "reckless and/or callous indifference to Plaintiffs' federally protected rights." *Id.* at ¶ 65. Several decisions of the Ninth and other Circuits have held that while "pattern and practice" evidence based on past complaints may not be sufficient on its own to prove an individual case of discrimination, it is still relevant to proving the totality of the circumstances, including a corporate state of mind that is hostile to people like the plaintiffs, and recklessness toward civil rights that would support an award of punitive damages. *See, e.g., Heyne v. Caruso,* 69 F.3d 1475, 1479-81 (9th Cir. 1995)("It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group"); *Fuller v. Idaho Dep't of Corr.,* 865 F.3d 1154, 1162 & n.8 (9th Cir. 2017)("relevant and probative of [the IDOC's] general attitude of disrespect of [its] female employees"); *Gaines v. AT&T Mobility Svcs., LLC,* 424 F.Supp.3d 1004, 1015-16 (S.D. Cal. 2019)(including punitive damages liability); *Bell v. EPA,* 232 F.3d 546, 552-554 (7th Cir. 2000)(discussing relevance of statistical evidence). Frontier seeks to confine Plaintiffs' understanding of the produced discrimination complaints to only the bare text of the complaints (which are, in most cases, summaries written by *Frontier's employees themselves* of what the complaints consisted of) and, as to every complaint, the determination by Frontier's "Denver Group" utilizing "the process," *see* Motion at 14-15 & Exh. A, that no discrimination occurred. "The process" is itself indicative of hostility toward persons of color, in that it prevents the "Denver Group" from seeking information from the complainant or other passengers who may have witnessed the event, but the full picture of such hostility and disregard for civil rights cannot be revealed without determining exactly what protected group was at issue in each complaint, what the facts were, whether the complainant

followed up by filing a lawsuit, and if so, what the lawsuit determined. That is not conducting "minitrials" as Frontier claims; it is conducting proper discovery (without the Court's involvement) about issues raised by the discrimination complaints, which is likely to expose corporate hostility toward persons of color and wholesale whitewashing of legitimate complaints of discrimination by Frontier employees. That is highly relevant to Frontier's condonation of the discriminatory actions of its employees on Plaintiffs' flight, those employees' understanding of the leeway that they had to discriminate, and Frontier's liability for punitive damages. It is fully supported by the decisions cited above, and therefore the Court was correct to hold that the discrimination complaints *in their entirety,* are relevant within the meaning of Rule 26(b)(1).

> A. ***Karrani v. JetBlue* is distinguishable**.

Frontier seeks to have *Karrani v. JetBlue* serve as a model for the instant case. *Karrani* is a summary judgment decision in a §1981 case involving a passenger's ill-advised decision to insist on using a forward aircraft lavatory that was only a few feet away from an ongoing medical emergency involving a passenger in the first row that was so serious the Captain was making an emergency landing at an unscheduled airport midflight. The plaintiff claimed that the flight attendant was rude to him and shoved him while instructing him to use the rear lavatory instead. Contrary to Frontier's assertion, *see* Opp. at 8, the plaintiff did not establish a *prima facie* case of ethnic discrimination; the district court was unable to determine whether he had or not. Slip op. at 8. It therefore moved on to examine whether he could raise a genuine issue of material fact on the third *McDonnell Douglas* factor sufficient to avoid summary judgment. *Id.* at 9. The court held that he could not, because his scant evidence of racial animus was far too weak to merit presentation to a jury. *Id.* at 9-10. The facts of the *Karrani* case bear no similarity to those of the instant case.

**B.     "Specific and substantial" and "collaterally relevant" are not useful terms.**

Frontier cites *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018 (9th Cir. 2006), for the proposition that "to survive summary judgment [which is not at issue here], the circumstantial evidence of intentional discrimination must be 'specific and substantial.'" Opp. at 10 (bracketed material added). That is not at all what *Cornwell* held. In fact, the Court in that opinion raised substantial questions whether that terminology, which came from *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir. 1998), retained any purpose following the Supreme Court's decision in *Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003), which affirmed a Ninth Circuit *en banc* decision. 439 F.3d, 1029-31. *Costa* held that direct and circumstantial evidence are to be given equal weight, so courts cannot impose a heightened standard on the latter. The *Cornwell* panel noted that only an *en banc* panel can overrule an earlier holding, *see id.* at 1030-31, but it strongly suggested that "specific and substantial" has no meaning following *Costa*. *Id.* The same should apply to "collaterally relevant," especially in light of the Ninth Circuit's holding in *Heyne.* Regardless, "collaterally relevant" evidence is relevant discovery for purposes of Rule 26(b)(1).

## CONCLUSION

For all the reasons set forth above and in the original Motion, Plaintiffs respectfully move this Honorable Court for an Order pursuant to Rule 37(a)(1) requiring Frontier to remove its unauthorized redactions from the discrimination complaints, for an award of their expenses including attorneys' fees pursuant to Rule 37(a)(5)(A), and for such other and further relief as the Court deems just.

DATED this 21st day of April, 2022.

                      /s/ John D. McKay
                John D. McKay (admitted *pro hac vice*)
                PARK AVENUE LAW LLC
                127 W. Fairbanks Ave., No. 519
                Winter Park, FL 32789
                johndmckayatty@gmail.com

(434) 531-9569

Timothy R. Titolo (Nev. Bar. No. 3617)
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

***Attorneys for Plaintiffs Peter DelVecchia and A.D., a Minor***