CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
       bmaye@amm-law.com
       mmartin@amm-law.com

***Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren, and Rex Shupe***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| *Plaintiffs*, | **FRONTIER'S MOTION TO SEAL EXHIBIT A AND A-1 TO ITS RESPONSE TO PLAINTIFFS' FIFTH MOTION TO COMPEL** |
| v. | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, | **LR 1A 10-5** |
| *Defendants*. | |

**DEFENDANT FRONTIER AIRLINES, INC.'s**
**MOTION TO SEAL EXHIBIT A AND A-1 TO ITS**
<u>**RESPONSE TO PLAINTIFFS' FIFTH MOTION TO COMPEL**</u>

Defendant Frontier Airlines, Inc., ("Frontier"), by its undersigned counsel, hereby files this Motion pursuant to Local Rule IA 10-5(a) for an Order sealing the documents contained in Exhibit A and A-1 to its Response to Plaintiffs' Fifth Motion to Compel.

- 1 -

# **DECLARATION OF PRE-FILING CONFERENCE**

I, Matthew D. Martin, Esq., hereby declare the following:

1. I am an attorney admitted *pro hac vice* in this matter representing Frontier. I have personal knowledge of the facts stated herein, and I am competent to testify as to the same.

2. On May 19, 2022, I exchanged emails with counsel for Plaintiffs, John D. McKay, to inform him that Frontier's Response to Plaintiffs' Fifth Motion to Compel would include an exhibit to be filed under seal. I explained to Mr. McKay that the exhibit contains passenger complaints against Frontier which the Court previously ruled were appropriately marked as confidential. I also explained that the exhibit includes a portion of a deposition transcript that incorporates statements from the confidential records.

3. Mr. McKay responded that he would not agree to hold a meet-and-confer teleconference unless I furnished arguments in support of the instant motion.

4. I responded to Mr. McKay that I was filing the entire exhibit under seal because several portions of confidential records are read into the corresponding deposition transcript. I also noted that the Court previously ruled and affirmed our designation of those records as confidential. See ECF #150 pp. 7-9.

5. Mr. McKay responded that my citation to ECF #150, pp. 7-9 was insufficient and reiterated that he would not agree to hold a meet-and-confer teleconference unless I provided him additional support for the instant motion.

6. Upon receiving Mr. McKay's response noted above, it was apparent to me that the parties would not reach an agreement to holding a meet and confer teleconference, and Mr. McKay would not consent to me filing the instant motion unopposed.

7. Despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference required by Local Rule LR IA 1-3(f), the parties were unable to resolve or narrow the dispute without court intervention.

8. I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 19, 2022.

*/s/ Matthew D. Martin*
Matthew D. Martin (admitted *pro hac vice*).

## Introduction

Plaintiffs' Fifth Motion to Compel (ECF 170) challenges Frontier's objections to 51 recent discovery requests aimed at discovering the identities of flight attendants involved with unrelated discrimination complaints and laying the foundation for Plaintiffs' forthcoming motion for spoliation. See ECF 170, p. 4, n. 2. In responding to Plaintiffs' Fifth Motion to Compel, Frontier believes that attaching a portion of Elizabeth Zimmerman's deposition transcript will help clarify its arguments as to why the Fifth Motion to Compel should be denied. See **Exhibit A and A-1**. Because Ms. Zimmerman's deposition transcript contains numerous references to the confidential materials, and in several cases portions of confidential materials are read directly into the transcript, Frontier submits that Exhibit A and A-1 must be kept under seal.

## Argument

Fed. R. Civ. P. 26(c) states that a court may, for "good cause," issue orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The Rule gives district courts flexibility in balancing and protecting the interests of the parties. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006).

Pursuant to *Kamakana*, there is a presumption of public access to judicial records attached to *dispositive* motions. However, there is a lesser need for public access to records attached to *non-dispositive* motions that are only *tangentially* related to the underlying cause of action. In accordance with these tenets, sealing records attached to non-dispositive motions requires meeting a lower threshold showing of "good cause," while sealing records attached to dispositive motions requires an elevated showing that "compelling reasons" support maintaining privacy. "Compelling reasons" are generally shown if the disputed records might become a vehicle for improper purposes, such as gratifying private spite, promoting public scandal, circulating libelous statements, or releasing trade secrets. *Id*. at 1179-80.

Within Exhibit A, the first 25 pages consist of Ms. Zimmerman's deposition transcript. Thereafter, Exhibit A-1 provides the actual passenger complaints discussed within Ms. Zimmerman's corresponding deposition testimony. In an earlier ruling, the Court held that Frontier had showed good cause for designating the passenger complaints as confidential. See ECF #150 pp. 7-9.

As the Court can see, the confidential passenger complaints were discussed at length during Ms. Zimmerman's transcript. In several instances the language from a confidential document is read into the record, after which Ms. Zimmerman is questioned extensively about Frontier's policies and procedures for responding to passenger complaints.

The purpose of providing Exhibit A and A-1 is to support Frontier's arguments that Plaintiffs' recent attempts to expand the scope of discovery in this case should be denied, because Plaintiffs' seek the discovery of irrelevant information, and their requests are overbroad, overburdensome, and not proportional to the needs of this case. The Court may disagree and order Frontier to produce additional documents (in which case Frontier would faithfully comply), but that would not detract from the need to maintain the confidentiality of the passenger complaints contained in Exhibit A-1, or of Ms. Zimmerman's corresponding deposition testimony.

Frontier hereby incorporates and adopts, as if fully stated herein, its prior arguments regarding the confidentiality of the passenger complaints. See ECF 137, 140. Pursuant to Fed. R. Civ. P. 26(c) and the standards established in *Kamakana*, and finding support from the Court's ruling at ECF 150, pp. 7-9, Frontier respectfully submits that for the same reasons asserted previously with regard to the passenger complaints, there is also good cause shown for maintaining the confidentiality of Ms. Zimmerman's deposition transcript. For all of these reasons, Frontier requests that the Court grant the instant motion to seal Exhibit A and A-1 in its entirety.

| | |
|---|---|
| DATED this 19th day of May, 2022 | Respectfully submitted, |

                                                                            */s/ Matthew D. Martin*
Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
        bmaye@amm-law.com
        mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

### CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system. The sealed document will be served on the opposing attorneys in accordance with LR IC 4-1(c)(4) at the addresses listed below and will be served upon the District of Nevada Clerk of Court at lv_sealed_docketing@nvd.uscourts.gov

John D. McKay
PARK AVENUE LAW LLC
127 West Fairbanks Avenue, Suite 519
Winter Park, Florida 32789
Phone: (800) 391-3654
Email: johndmckayatty@gmail.com

Timothy R. Titolo
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com

*Attorneys for Plaintiffs*

By: /s/ *Matthew D. Martin*