Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(434) 531-9569
johndmckayatty@gmail.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **DECLARATION OF JOHN D. MCKAY IN SUPPORT OF PLAINTIFFS' REPLY ON FIFTH MOTION TO COMPEL** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

I, John McKay, make the following Declaration pursuant to 28 U.S.C. §1746:

1. I am lead counsel for Plaintiffs in the above-captioned action.

2. On February 18, 2022, I conducted a meet-and-confer telephone call with Attorneys Brian Maye and Lawrence Gosewisch as a preliminary to filing a discovery motion in this case.

3. During that call, Mr. Maye, who is lead counsel for Frontier in this case, told me that Frontier had made a software upgrade fifteen months earlier, which would have been in November of

2020, that resulted in disposal or other inaccessibility of database information that could have identified flight attendant and pilot assignments for any flights that took place prior to the software upgrade. This was the first time that information had been conveyed to me.

4. Mr. Maye said during that same call that the disposal of the database meant that there was no longer any way to obtain the duty roster for any flight that occurred prior to the software upgrade.

5. All of the complaints of discrimination that Frontier has produced in discovery that involved allegations of discrimination by flight attendants or pilots are related to flights that occurred prior to Plaintiffs' flight on March 28, 2019. Only a small number of those complaints identify who the crewmembers of the flights were, or the names of the flight attendants or pilots who were the subjects of the complaints.

6. Upon information and belief, Frontier knew or should have known prior to the software upgrade in November of 2020 that most of the complaints it had been ordered to produce, but had not yet produced, did not identify by name the flight attendants or pilots involved, but did identify the flights on which the alleged acts of discrimination occurred.

7. I told Mr. Maye and Mr. Gosewisch during the call that the disposal of the database raised significant concerns.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 26, 2022.

                                                _____
                                                      John D. McKay