Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(434) 531-9569
johndmckayatty@gmail.com
**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, ) | **Case No: 2:19-CV-01322-KJD-DJA** |
| ) | |
| Plaintiffs, ) | **PLAINTIFFS' RESPONSE TO** |
| ) | **DEFENDANT FRONTIER AIRLINES, INC.'S** |
| vs. ) | **MOTION TO SEAL EXHIBIT A AND A-1** |
| ) | **TO ITS RESPONSE TO PLAINTIFFS'** |
| ) | **FIFTH MOTION TO COMPEL** |
| FRONTIER AIRLINES, INC., *et al.*, ) | **(ECF No. 175)** |
| Defendants. ) | |

Plaintiffs, Peter DelVecchia and his minor son, A.D., by counsel, respectfully file this Response to Defendant Frontier Airlines, Inc.'s ("Frontier's") Motion to Seal Exhibit A and A-1 to Its Response to Plaintiffs' Fifth Motion to Compel (ECF No. 175). Given the difficulties that Plaintiffs' counsel encountered with learning exactly what Frontier intended to file under seal, and the reasons why, as documented in the Declaration of John D. McKay dated May 27, 2022 and filed herewith in support of this Response (hereinafter the "Declaration"), Plaintiffs are in the bizarre position of not knowing exactly what documents Frontier's Motion applies to. As indicated in the Declaration and its Exhibits, Plaintiffs have never had any disagreement with Frontier filing its prior discrimination complaints under

seal (in fact, Plaintiffs have already filed them under seal with the Court as Exhibit A to ECF No. 128 and Exhibit A to ECF No. 141, so an additional filing of them under seal should not be necessary). Nor did Plaintiffs ever disagree with filing under seal portions of Elizabeth Zimmerman's deposition testimony that specifically discussed the contents of those sealed documents, *see* Declaration at ¶¶ 5 and 13, and Exh. B. Plaintiffs do, however, object to filing under seal portions of the Zimmerman deposition that do not discuss the contents of sealed documents, because "good cause" does not exist to seal transcripts of normal deposition testimony. Moreover, Frontier has not made any "particularized showing" of good cause concerning any such portions as required by Ninth Circuit standards. *See, Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006). As the Declaration submitted herewith demonstrates, Frontier was certainly invited to make such a showing, but it declined to do so. Plaintiffs do not want Frontier's filing under seal of normal deposition testimony from its employees to set a precedent for all such testimony to be filed under seal, a result that would create an unworkable standard and would likely violate *Kamakana*.

Having read Frontier's Opposition to Plaintiffs' Fifth Motion to Compel (ECF No. 174) and the instant motion, Plaintiffs are at a loss to know exactly what Frontier has filed under seal. The parties have previously maintained an agreed system of identifying to each other the Bates numbers of documents filed under seal, and waiving paper service of them under LR IC 4-1(c) if both sides already had copies of them to which they could refer. Frontier's counsel promised to follow that system, *see* Declaration at ¶4 and Exh. A. However, that has not been done, and significant confusion now exists as to what documents comprise Frontier's Exhibits A and A-1 that are the subject of the instant motion. As described in the Declaration, Mr. Martin initially identified one of the exhibits as containing all of the pages of the transcript of the second day of the Zimmerman deposition up to, but not including, the five pages that Plaintiffs previously filed as Exhibit A to their Fourth Motion to Compel (ECF No. 164-1), a

portion that consists of the first 87 pages of that deposition transcript, *see* Declaration at ¶¶ 6-7. Frontier's Opposition describes its Exhibit A in a similar fashion, and describes its Exhibit A-1 as containing all the discrimination complaints that Ms. Zimmerman testified about in those pages of her transcript, *see* ECF No. 174 at 5-6. However, the instant motion contains the following statements concerning those exhibits: "Within Exhibit A, the first 25 pages consist of Ms. Zimmerman's deposition transcript. Thereafter, Exhibit A-1 provides the actual passenger complaints discussed within Ms. Zimmerman's corresponding deposition testimony." Those statements create considerable confusion, which is compounded by Frontier's counsel failing to identify the Bates numbers of the complaints. If "the first 25 pages" of Exhibit A consist of Ms. Zimmerman's deposition testimony, then they are not the same 87 pages identified in Mr. Martin's email and in the text of the Opposition, or else they are some unidentified selection from those pages. And, given that they are described as "*the first* 25 pages," Plaintiffs are left to wonder whether Exhibit A contains more pages, and if so, what they contain. Without knowing the specific pages of the Zimmerman testimony that are included in Exhibit A, Plaintiffs have no way of knowing which complaints are included in Exhibit A-1.

This places Plaintiffs in an untenable position, especially since, depending on what the Exhibits actually contain, Plaintiffs might not have an objection to filing them under seal. Plaintiffs have no wish to waste the Court's valuable time if this is a matter that can be worked out by counsel in an agreed fashion. As described in the Declaration, Plaintiffs' counsel tried to have that discussion, but Frontier's counsel was unwilling to participate. Plaintiffs respectfully submit that this situation should be handled in the same manner as in *Walden v. Nevada ex rel. Nev. Dep't of Corr.,* Case No. 3:14-cv-00320-MMD-WGC (D. Nev., July 18, 2018), where the Court denied the motion to seal without prejudice to refile. It would be helpful if the Court would also instruct Frontier's counsel to participate in a meet-and-confer session in a candid and open manner so that both counsel could know what documents are being

discussed, and what "good cause" exists for filing any deposition testimony under seal if it does not discuss the contents of documents that are already sealed.


DATED this 27th day of May, 2022.

_____/s/ John D. McKay_____
***Attorney for Plaintiffs Peter DelVecchia***
***And A.D., a Minor***