Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. No. 519
Winter Park, Florida 32789
(434) 531-9569
johndmckayatty@gmail.com

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **DECLARATION OF JOHN D. MCKAY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT FRONTIER'S MOTION TO SEAL (ECF No. 175)** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

I, John McKay, make the following Declaration pursuant to 28 U.S.C. §1746:

1. I am lead counsel for Plaintiffs in the above-captioned action.

2. Attorney Matthew D. Martin, representing Defendants in this case, filed a Declaration with the Court on May 19, 2022 that was incorporated into "Defendant Frontier Airlines, Inc.'s Motion to Seal Exhibit A and A-1 to Its Response to Plaintiffs' Fifth Motion to Compel," which was entered on the Court's docket as ECF No. 175.

3. Several of Mr. Martin's statements in that Declaration concerning our discussions on May 19 are untrue. Since the discussions occurred entirely through email, I am attaching the emails as exhibits to this Declaration to demonstrate the untrue nature of Mr. Martin's statements.

4. The email exchange began with Mr. Martin's email to me at 9:27 a.m. on May 19.[1] That email, a copy of which is attached hereto as **Exhibit A**, informed me that Frontier planned to file under seal as exhibits to its Opposition to Plaintiffs' Fifth Motion to Compel "portions of the transcript from the second day of the [Elizabeth] Zimmerman deposition along with some of the discrimination complaints that were produced in discovery." It then asked for my agreement that a motion to seal could be filed as "unopposed" and that I would waive paper service of the filed documents since copies of them were already in my possession. He promised in the email to specifically identify the filed documents, which has been our custom with documents previously filed under seal in this case.

5. I responded at 10:00 a.m. with an email stating that I agreed to both of his requests, although I needed clarification concerning the specific deposition "portions" that he intended to file under seal. A copy of that email is attached hereto as **Exhibit B**. As I stated in the email, my concern was based on the fact that the deposition transcript itself has not been designated as "Confidential" under the parties' agreed Protective Order (ECF No. 37), so I could only agree to the filing under seal of portions of the transcript that discussed the contents of discrimination complaints that had been so designated.

6. Mr. Martin responded with an email to me that I received at 10:31 a.m., a copy of which is attached hereto as **Exhibit C**. He stated in that email that the exhibit Frontier planned to file under seal consisted of a "section" of the deposition transcript that, by my count, included 87

---

[1] I assume, but do not know with certainty, that the times shown on all of the emails are stated in Mountain Daylight Savings Time, since I was at my residence in Utah when I received them.

pages of the transcript. While counting those pages, I noticed that they include a large amount of content that did not discuss the specific contents of documents that Frontier had designated as "Confidential" under the Protective Order. For example, they encompass the videographer's opening statement, counsel introductions, the witness's office procedures and training, the names of her co-workers, and other information that was never designated as "Confidential." In fact, the "section" includes 19 full pages of testimony prior to any content of a "Confidential" document being read into the record.

7. I sent an email back to Mr. Martin at 10:40 a.m. asking why 87 pages of the deposition transcript needed to be filed under seal. A copy of that email is attached hereto as **Exhibit D**.

8. Mr. Martin responded with an email that I received at 11:54 a.m., a copy of which is attached as **Exhibit E**. He stated in that email that, "We feel the transcript is necessary to an understanding of our arguments." Since the discussion was about exhibits to Frontier's Opposition to Plaintiffs' Fifth Motion to Compel that was due to be filed that day, I assumed that his reference to "our arguments" meant the arguments contained in that Opposition.

9. I responded with an email sent to Mr. Martin 7 minutes later, at 12:01 p.m., a copy of which is attached hereto as **Exhibit F**. In that email, I said that I felt his explanation was "opaque" and suggested that he send me the Opposition so that I could read the relevant arguments and "see whether I agree with you."

10. Mr. Martin responded with an email that I received at 1:33 p.m., a copy of which is attached hereto as **Exhibit G**. His email simply said, "It seems we will need a quick meet & confer telephone call. Please let me know when you are available."

11. Several meet-and-confer telephone calls have previously occurred in this case. Prior to many of them, I reminded defense counsel of the Court's specific requirements for such calls, as

outlined in *Nevada Power Co. v. Monsanto Co.,* 151 F.R.D. 118 (D. Nev. 1993), including the requirement to approach the discussion as a party would approach writing a brief for the Court, with case citations and in-depth arguments. My reminders have largely gone unheeded. In fact, I can only recall one meet-and-confer telephone call in which defense counsel was willing to engage in an in-depth discussion of relevant case law, and that was early in the case with Associate Attorney Tara Shelke of Mr. Martin's firm, who is no longer working on this case.

12. I sent an email back to Mr. Martin at 1:48 p.m., a copy of which is attached hereto as **Exhibit H**. In that email, I again reminded Mr. Martin of the Court's requirements and reminded him that I had asked to see the Opposition an hour earlier. I indicated that I could only determine the accuracy of his earlier statement that "the [entire] transcript is necessary to an understanding of [Frontier's] arguments" if I could see those arguments in the Opposition and how they related to the transcript. I requested that he send the arguments to me, give me an hour to read them, and said, "then I will of course be available for a meet-and-confer call."

13. Mr. Martin responded at 2:03 p.m. with what I considered to be a brusque response to my request, stating that he is "not aware that having you preview our response is a condition to a meet and confer." A copy of that email is attached hereto as **Exhibit I**. He again asked if I was available for a call (I had already told him that I was), and repeated his argument that he felt that the entire deposition transcript needed to be filed under seal because portions of "Confidential" documents were read into the record in it. I felt that argument was rather vague, since there were numerous pages of the transcript where no portions of "Confidential" documents were read into the record. He then claimed in the email that "[t]he court has already ruled affirming our designation of those records as confidential. See ECF #150 pp. 7-

9." That reference is to the portion of the Court's November 30, 2021 Order (ECF No. 150) that grants a motion to seal the documents that Frontier has produced relating to complaints of discrimination and allegations of human trafficking. But I had never raised any issue with Mr. Martin concerning sealing the discrimination complaints or even those portions of Ms. Zimmerman's deposition in which the contents of those documents were read into the record. I had told him I agreed with sealing those items. The specific point I had raised with Mr. Martin was the necessity of filing nearly the entire deposition transcript under seal when only portions of it discussed the "Confidential" documents.

14. By that point, it was getting late in the afternoon in Mr. Martin's time zone, and I assumed that he had Frontier's Opposition ready to file with the Court, which would result in it being automatically served on me, so I could not understand his reticence to let me see it, especially when he was claiming that the arguments in it necessitated filing nearly all of the Zimmerman deposition under seal. I felt that if the meet-and-confer process was to have any meaning, it was supposed to be an effort to convince me that he was right and that the arguments in the Opposition did, in fact, necessitate filing all 87 pages of the transcript under seal. I stood ready to be so convinced. I had no problem with agreeing to the filing of the motion to seal as "unopposed" if there was something in the arguments that justified filing all 87 pages under seal, which would have avoided the necessity of briefing a motion to seal. I felt that his refusal to show me the Opposition was so odd under the circumstances that it must contain something that he did not want me to see before it was filed on the record. Unfortunately, Mr. Martin had previously made some unjustified *ad hominem* attacks on the record that were directed at me and were unprovoked (I had made some frustrated remarks about his client's approach to discovery and its hyperbolic comments in briefs, but none were about him). I

began to suspect that he had once again engaged in such behavior in the Opposition, as I could not fathom any other reason why he would not want me to see it before it was filed (a filing that was imminent at that point).

15. I sent him an email at 2:08 p.m. suggesting that must be the reason why he would not show me the arguments that supposedly justified filing all 87 pages of transcript under seal. A copy of that email is attached hereto as **Exhibit J**. In that email, I again stated that I was available to participate in a meet-and-confer telephone call one hour after reading the arguments in Frontier's Opposition that supposedly justified the filing of all 87 pages of transcript under seal. I stated in that email that I felt he was mischaracterizing the cited portion of the Court's previous Order (ECF No. 150), since it had not pertained to any deposition testimony, let alone Ms. Zimmerman's. Contrary to Mr. Martin's Declaration, I never said that the citation to that Order was "insufficient."

16. Mr. Martin never responded to that email, nor did he call me. Two hours later, at 4:15 p.m., I received two emails from the Court's ECF system notifying me that he had filed Frontier's Opposition as well as a Motion to Seal. I do not know whether any text of the Opposition was modified in that two-hour interim.

17. I had told Mr. Martin twice that I was available for a meet-and-confer telephone call, but that I could not assess Frontier's position before seeing the arguments in the Opposition that he claimed made filing all 87 pages necessary. I specifically told him that I was available for such a call one hour after receiving the arguments, to give me sufficient time to read them. In fact, I would have been available for a meet-and-confer telephone call an hour after receiving the Opposition through ECF, but by that point, he had already filed the Motion to Seal that falsely accuses me of refusing to agree to participate in a meet-and-confer telephone call.

18. Mr. Martin's statement in Paragraph 3 of his Declaration, which reads, "Mr. McKay responded that he would not agree to hold a meet-and-confer teleconference unless I furnished arguments in support of the instant motion," is untrue.

19. Mr. Martin's statement in Paragraph 5 of his Declaration, which reads, "Mr. McKay responded that my citation to ECF #150, pp. 7-9 was insufficient and reiterated that he would not agree to hold a meet-and-confer teleconference unless I provided him additional support for the instant motion," is also untrue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2022.

_____
John D. McKay

**Exhibit A**



**John McKay <johndmckayatty@gmail.com>**

## RE: Fifth Motion to Compel
1 message

**Matthew D. Martin** <mmartin@amm-law.com>             Thu, May 19, 2022 at 9:27 AM
To: "Brian T. Maye" <bmaye@amm-law.com>, John McKay
<johndmckayatty@gmail.com>, "Lawrence S. Gosewisch" <lgosewisch@amm-law.com>,
"Richard C. Harris" <rharris@amm-law.com>

Hi John,

We will be filing our response to your Fifth Motion to Compel today and also
have exhibits to file under seal, which will be portions of the transcript from
the second day of the Zimmerman deposition along with some of the
discrimination complaints that were produced in discovery. Would you agree
that we can file the Motion to Seal as "Unopposed" so we can continue to
avoid additional motions?

Would you also agree to continue our procedure of waiving the service of the
documents, which we will specifically identify and you have in your
possession?

Please let us know ASAP if you would agree to the above. Hope all is well.

Thanks,

Matt

**Exhibit B**



**John McKay <johndmckayatty@gmail.com>**

---

# Re: Fifth Motion to Compel
1 message

---

**John McKay** <johndmckayatty@gmail.com>                    Thu, May 19, 2022 at 10:00 AM
To: "Matthew D. Martin" <mmartin@amm-law.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>

    Hi Matt,

    Agreed to both, albeit with one point of clarification: you mention filing portions of the
    Zimmerman deposition under seal, but that deposition was not designated
    "Confidential" under the original protective order. Do the portions you intend to file as
    exhibits discuss the specific contents of documents that were so designated? To the
    extent they do not, I oppose filing them under seal.

    Thanks,
    John

    On Thu, May 19, 2022 at 9:27 AM Matthew D. Martin <mmartin@amm-law.com>
    wrote:

> Hi John,
>
>
> We will be filing our response to your Fifth Motion to Compel today and
> also have exhibits to file under seal, which will be portions of the transcript
> from the second day of the Zimmerman deposition along with some of the
> discrimination complaints that were produced in discovery. Would you
> agree that we can file the Motion to Seal as "Unopposed" so we can
> continue to avoid additional motions?
>
>
> Would you also agree to continue our procedure of waiving the service of
> the documents, which we will specifically identify and you have in your
> possession?

**Exhibit C**

 **John McKay <johndmckayatty@gmail.com>**

---

## RE: Fifth Motion to Compel
1 message

---

**Matthew D. Martin** <mmartin@amm-law.com>      Thu, May 19, 2022 at 10:31 AM
To: John McKay <johndmckayatty@gmail.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>


John:


Our exhibit includes the Zimmerman transcript starting on day two and
running up to the five-page portion you attached to your Fourth Motion to
Compel. Within Zimmerman's deposition testimony, several portions of the
corresponding complaints are read into the record. Thus, our position is that
the entire section of Zimmerman's deposition transcript must be filed under
seal. We understand if you do not agree and want to oppose our motion. Just
let us know. Thanks.


Matt


Matthew D. Martin

ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5798

**Exhibit D**



**John McKay <johndmckayatty@gmail.com>**

---

# Re: Fifth Motion to Compel
1 message

---

**John McKay** <johndmckayatty@gmail.com>                    Thu, May 19, 2022 at 10:40 AM
To: "Matthew D. Martin" <mmartin@amm-law.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>

   Okay, you are going to have to explain this more fully. You are planning to file 87
   pages of her deposition transcript? For what purpose?



   **John D. McKay**
   Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
   Barrister and Solicitor (Ontario)
   Solicitor (England and Wales)
   **Park Avenue Law LLC and Aerolex Park Avenue**
   San Francisco, CA/Winter Park, FL/Toronto, ONT
   Tel. (434) 531-9569

   Delivery Address:
   201 Spear Street, Suite 1100
   San Francisco, CA 94105





**Exhibit E**

 **John McKay <johndmckayatty@gmail.com>**

## RE: Fifth Motion to Compel
1 message

---

**Matthew D. Martin** <mmartin@amm-law.com>          Thu, May 19, 2022 at 11:54 AM
To: John McKay <johndmckayatty@gmail.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>

John:


We feel the transcript is necessary to an understanding of our arguments. We
did not oppose your routine motion to file under seal, but if you feel the need
to oppose ours, just let us know so we may file the appropriate motion.


Matt


Matthew D. Martin

ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5798

Facsimile: (312) 345-9860

**Exhibit F**

 **Gmail**                                    **John McKay <johndmckayatty@gmail.com>**

---

## Re: Fifth Motion to Compel
1 message

---

**John McKay** <johndmckayatty@gmail.com>                    Thu, May 19, 2022 at 12:01 PM
To: "Matthew D. Martin" <mmartin@amm-law.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>

That's kind of an opaque response to my email. If you have your opposition ready to
file, why don't you share it with me and then I can see whether I agree with you. You
are, after all, seeking my agreement.

Kind regards,
John


**John D. McKay**
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT
Tel. (434) 531-9569

Delivery Address:
201 Spear Street, Suite 1100
San Francisco, CA 94105

**Exhibit G**

 Gmail

**John McKay <johndmckayatty@gmail.com>**

---

# RE: Fifth Motion to Compel
1 message

---

**Matthew D. Martin** <mmartin@amm-law.com>          Thu, May 19, 2022 at 1:33 PM
To: John McKay <johndmckayatty@gmail.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>


John:


It seems we will need a quick meet & confer telephone call. Please let me
know when you are available.


Matthew D. Martin

ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5798

Facsimile: (312) 345-9860

_____
_____

The information contained in this electronic mail message is confidential
information intended only for the use of the individual or entity named
above, and may be protected by the attorney client and/or attorney work
product privileges. If the reader of this message is not the intended recipient

**Exhibit H**

 **John McKay <johndmckayatty@gmail.com>**

## Re: Fifth Motion to Compel
1 message

**John McKay** <johndmckayatty@gmail.com>                Thu, May 19, 2022 at 1:48 PM
To: "Matthew D. Martin" <mmartin@amm-law.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>

Matt,

You're no stranger to the requirements for a meet-and-confer session in the District of
Nevada. If you are going to make a good faith effort at trying to convince me that a
filing of a large portion of the Zimmerman transcript under seal is necessitated by the
arguments contained in your opposition, then you will need to furnish those arguments
to me as I requested an hour ago, so that I can be familiar with the basis for your
position. Send me the relevant arguments, give me an hour to read them, and then I
will of course be available for a meet-and-confer call.

Kind regards,
John



**John D. McKay**
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT
Tel. (434) 531-9569

Delivery Address:
201 Spear Street, Suite 1100
San Francisco, CA 94105

**Exhibit I**

 **Gmail**

**John McKay <johndmckayatty@gmail.com>**

# RE: Fifth Motion to Compel

1 message

**Matthew D. Martin** <mmartin@amm-law.com>      Thu, May 19, 2022 at 2:03 PM
To: John McKay <johndmckayatty@gmail.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>


I am not aware that having you preview our response is a condition to a meet
and confer. Please let me know if you are available today to have a
discussion. We are filing the deposition transcript under seal because several
portions of confidential records are read into the transcript. The court has
already ruled affirming our designation of those records as confidential. See
ECF #150 pp. 7-9.


Matthew D. Martin

ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5798

Facsimile: (312) 345-9860

_____
_____

The information contained in this electronic mail message is confidential
information intended only for the use of the individual or entity named
above, and may be protected by the attorney client and/or attorney work

**Exhibit J**

 John McKay <johndmckayatty@gmail.com>

---

# Re: Fifth Motion to Compel
1 message

---

**John McKay** <johndmckayatty@gmail.com>        Thu, May 19, 2022 at 2:08 PM
To: "Matthew D. Martin" <mmartin@amm-law.com>
Cc: "Brian T. Maye" <bmaye@amm-law.com>, "Lawrence S. Gosewisch"
<lgosewisch@amm-law.com>, "Richard C. Harris" <rharris@amm-law.com>

Aha, I see. Your dilemma is that you would be reluctant to ask for my agreement after revealing that you've taken yet another unfair swipe at my character and professionalism in Frontier's Opposition. The answer to that is a simple one: you should not have taken another unfair swipe at my character and professionalism. My position on availability is unchanged: I will be available for a call one hour after receiving the arguments on which you have based your position that the filing needs to be under seal. (You are going to be serving that document on me today anyway, so your objection is a particularly weak one).

I do not need citations to the record, thank you. I am well aware of all of the Court's rulings. You are (once again) mischaracterizing this one, as it had nothing to do with deposition testimony.

Kind regards,
John


Kind regards,
John



**John D. McKay**
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT
Tel. (434) 531-9569

Delivery Address:
201 Spear Street, Suite 1100
San Francisco, CA 94105