CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
         bmaye@amm-law.com
         mmartin@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren, and Rex Shupe*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>        *Plaintiffs*,<br><br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br>SCOTT WARREN, and REX SHUPE,<br><br>        *Defendants*. | Case No.: 2:19-cv-01322-KJD-DJA<br><br>**FRONTIER'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SEAL EXHIBITS A AND A-1 TO ITS RESPONSE TO PLAINTIFFS' FIFTH MOTION TO COMPEL** |

### DEFENDANT FRONTIER AIRLINES, INC's
### REPLY IN SUPPORT OF ITS MOTION TO SEAL EXHIBITS A AND A-1
### TO ITS RESPONSE TO PLAINTIFFS' FIFTH MOTION TO COMPEL

Defendant Frontier Airlines, Inc., ("Frontier"), by its undersigned counsel, hereby files this Reply in Support of its Motion to Seal, requesting an Order sealing the documents contained in Exhibits A and A-1 to its Response to Plaintiffs' Fifth Motion to Compel.

## Introduction

This case is about Plaintiffs' claim that an "entire team of flight attendants" and two pilots conspired to falsely accuse Peter DelVecchia of inappropriately touching A.D. "based solely on their appearance as a White father with a Black son." ECF 177, p. 11. Acknowledging that Frontier's "entire team of flight attendants" was itself comprised of Black and White crewmembers, Plaintiffs note they will be "presenting testimony from an eminent sociologist in their case in chief that Caucasians do not hold a monopoly in the field of race discrimination, especially where transracial adoption is concerned." *Id*. at note 6.

Plaintiffs will have their day to present their theories and expert witnesses, but, in the meantime, their pursuit of irrelevant and overly burdensome discovery has mired Frontier in a rut of endless discovery disputes that have no connection whatsoever to transracial adoptions or any of the issues in the case. Rather than attempting to prove that Frontier's Black and White crewmembers acted purely out of racial animus toward a White man travelling with his Black son, Plaintiffs are attempting to turn this case into a referendum on how Frontier responded to hundreds of unrelated passenger complaints.

In their Fourth and Fifth Motions to Compel, Plaintiffs argue they are entitled to contact other Frontier passengers who complained of racial discrimination to show "a pattern by Frontier of sweeping legitimate discrimination complaints under the rug." ECF 164, p. 15. Plaintiffs also seek additional discovery regarding Frontier's investigations into the unrelated complaints to show Frontier's alleged policy of "restrict[ing] investigations of race discrimination complaints" and "dissuading complainants

from taking further action by offering them low value coupons for future travel." ECF 166, p. 2; ECF 170, p. 38.

Frontier filed Exhibit A and A-1 under seal to help demonstrate the lack of any relevant connections between the claims at bar and Plaintiffs' relentless investigation into the unrelated passenger complaints. For the following reasons, Frontier asks the Court to grant its Motion to Seal Exhibits A and A-1 to its Response to Plaintiffs' Fifth Motion to Compel.

<strong>Argument</strong>

The party seeking to seal a judicial record bears the burden of overcoming the presumption that the records are made available to the public. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit applies different standards for records attached to dispositive and non-dispositive motions. To seal records attached to a dispositive motion, the party must generally show that "compelling reasons" outweigh the public's interest in disclosure, because the records might become a vehicle for improper purposes such as promoting public scandal, circulating libelous statements, or releasing trade secrets. *Id*. at 1179.

A lower standard applies if a party seeks to seal records attached to a non-dispositive motion when the records are merely tangentially related to the underlying cause of action. In that case, the party must show only that "good cause" exists under Federal Rule of Civil Procedure 26(c). Under Rule 26(c), a court may enter a protective order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." The standard for granting a protective order under Rule 26(c) is whether "good cause exists" to protect the information from public disclosure after balancing the needs for discovery against the need for confidentiality. *Id*. at 1180.

The Court previously ordered Frontier to produce "any race discrimination complaints filed by passengers, not employees, over the past 5 years only, and limited geographically to the continental United

States." ECF 84, p. 4. Contrary to Plaintiffs' arguments, Frontier complied with the Court's Order by producing copies of the actual discrimination complaints with redactions for sensitive and personal contact information. See ECF 150, p. 6 (this Court held, "Plaintiffs point to no language of the Court's order that Frontier has violated, and the Court's order did not entitle Plaintiffs to this information").

In granting Frontier's motions for protective orders to seal the redacted copies of prior passenger complaints, the Court ruled that the documents related to discovery motions (Plaintiffs' motions for sanctions) that were "neither dispositive nor tangentially related to the underlying cause of action." ECF 150, p. 8. The Court applied the "good cause" standard and held, "[w]hether complaints and reports of discrimination and trafficking are confidential has little to do with Plaintiffs' claims." *Id*. The Court also ruled there were "compelling reasons" to keep the records sealed because the passengers and employees quoted in the records believed they were communicating in a private forum and did consent to releasing the information. *Id*. at 9.

The Court's reasoning in its prior ruling applies equally here. The deposition transcript contained in Exhibit A includes questions by Plaintiffs' counsel focused exclusively on the confidential customer complaints contained in Exhibit A-1. As reflected in the email exchange attached to Plaintiffs' Response to Frontier's Motion to Seal, Frontier explained as much to Plaintiffs' counsel in hopes that counsel would agree to what Frontier perceived to be a routine request. See ECF 178-1, pp. 13, 17, 25. Regrettably, the email exchange deteriorated to the point that Plaintiffs' counsel claimed Frontier failed to adequately support its position vis-à-vis sealing the deposition transcript, requested that Frontier share its Response brief in an unfinished and unfiled form, and vaguely and baselessly accused Frontier of making an "unfair swipe at his character and professionalism." *Id*. at 27. Unable to agree on holding even a simple meet-and-confer, Frontier determined any further discussions with Plaintiffs' counsel would not be fruitful and filed the instant Motion to Seal with the understanding that it would be contested.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**1. Good Cause**

The deposition transcript and customer complaints contained in Exhibits A and A-1 are, at most, only tangentially related to Plaintiffs' underlying claim under 42 U.S.C. § 1981. A successful § 1981 claim requires proof of intentional and purposeful discrimination, and a showing that the plaintiff would not have been deprived of a legally protected right but for the plaintiff's race. *Comcast Corp. v. National Ass'n of African American-Owned Media*, __ U.S. __, __, 140 S. Ct. 1009, 1019 (2020); *General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 389 (1982).

In this case, Plaintiffs claim Frontier's crewmembers would not have reported any concerns about inappropriate touching but for the fact that Peter DelVecchia is White, and A.D. is Black. However, the questions asked during Ms. Zimmerman's deposition (as well as those asked during the depositions of other Frontier customer service employees) have no relevant connections to Plaintiffs' claim that the crewmembers aboard the subject flight discriminated against them based solely on their racial animus toward "transracial adoptions." It is a stretch to say that Exhibits A and A-1 are even tangentially related to the underlying claims, and the "good cause" standard undoubtedly applies.

Plaintiffs state they do not object to sealing the portions of Ms. Zimmerman's testimony that "specifically discussed the contents" of the already sealed customer complaints, but they do object to sealing everything else, arguing that good cause "does not exist to seal transcripts of normal deposition testimony." ECF 178, p. 2. Frontier submits that Ms. Zimmerman's deposition testimony is anything but "normal." The transcript reflects sensitive personal and commercial information that should not be made publicly available after Frontier cooperated with Plaintiffs and presented five employees who testified at length regarding controversial topics that are wholly unrelated to the issues in this case.

Frontier is limited in what it can say about Ms. Zimmerman's deposition transcript but submits that nothing in this litigation warrants making Exhibits A and A-1 available to the public. As the Court

can see, the first 25 pages are taken from a condensed version of the deposition transcript. The first several pages include questions by Plaintiffs' counsel about certain systems and procedures used by Frontier's customer service department to track and respond to customer complainants. Counsel's insinuation is that Frontier uses certain stock phrases in responding to different types of passenger complaints without first meeting Plaintiffs' standards for conducting adequate investigations. See Ex. A, pp. 83-87. Counsel later questions Ms. Zimmerman about the specific allegations in the customer complaints included as Exhibit A-1. See, e.g., Ex. A, pp. 103-116; 118-119; 122-123; 127-129; 134-139; 142-150; 154-156; 166. The transcript also includes some lines of questioning wherein Plaintiffs' counsel makes incendiary allegations about Frontier's responses to the complaints. See, e.g., Ex. A, pp. 120:19-22; 138.

Because Plaintiffs' Fourth and Fifth Motions to Compel are not dispositive, and because Ms. Zimmerman's deposition transcript is (at best) only tangentially related to the merits of Plaintiffs' underlying claim, the Court should rule that good cause exists to seal Exhibits A and A-1. As demonstrated by the inflammatory nature of Ms. Zimmerman's deposition testimony, good cause exists to seal the records under FRCP 26(c), due to the need to protect Frontier and its employee from further annoyance, embarrassment, oppression, or undue burden or expense.

## 2. Compelling Reasons

Even if the Court were to apply the heightened standard for sealing records attached to dispositive motions, the Court should still rule that compelling reasons exist to seal the disputed records. As the Court ruled previously, Exhibit A-1 contains comments made by passengers and Frontier employees who believed they were communicating in a private forum, and they have not consented to releasing the information. See ECF 150, p. 9. Frontier also has legitimate and significant concerns that the disputed deposition transcript (Ex. A) could become a vehicle for improper purposes such as promoting public scandal, circulating libelous statements, or releasing trade secrets. See *Kamakana*, 447 F.3d at 1179.

"Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, at \*18 (D. Nev. Apr. 29, 2011). Here, the disputed portion of Ms. Zimmerman's deposition transcript and the corresponding customer complaints contain sensitive information regarding Frontier's proprietary business operations and internal policies for working with customers to resolve their complaints. See *Snap Lock Industries v. Swisstrax Corp.*, No. 2:17-cv-02742-RFB-BNW, at \*3-4 (D. Nev. July 21, 2021) (holding the pages from a deposition transcript contained "commercially sensitive information that could hurt [the defendant's] competitive standing unless they are sealed"). Given that none of this has anything to do with an alleged racial animus for a child's "transracial adoption," ordering Frontier to publicly file the materials would only subject Frontier to unjust exposure and risk.

**3. The Parties' Protective Order**

Plaintiffs' counsel avers that Ms. Zimmerman's deposition transcript was not designated as "Confidential" under the parties' Agreed Protective Order (ECF 178-1, p. 2). However, the first paragraph of the Agreed Protective Order states:

> All written materials produced or disclosed by the parties in this litigation (including but not limited to documents, answers to interrogatories, responses to requests for admission, and deposition testimony) which a party believes, in good faith, contain sensitive security information, personal health information, trade secrets, proprietary information, research, technical, commercial, or financial information, or other confidential material (including without limitation, the identity of Plaintiff A.D., a Minor), shall be designated as confidential by affixing a label to all pages of the document with the legend CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." ECF 37, ¶1.

Frontier submits that the portion of Ms. Zimmerman's transcript seen in Exhibit A is deposition testimony which Frontier believes, in good faith, contains "sensitive security information, personal health

information, trade secrets, proprietary information, research, technical, commercial, or financial information, or **other confidential material**." (Emphasis added). Frontier was therefore justified in marking the transcript with the legend CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**4. Alternative Relief**

Plaintiffs have suggested that Frontier's motion be denied without prejudice and with leave to refile, indicating a willingness to participate in a meet-and-confer conference to discuss whether good cause exists for filing any deposition testimony under seal if it does not discuss the contents of documents that are already sealed. Frontier is of course open to continuing its efforts to resolve the issue with Plaintiffs' counsel, though reaching an agreement as to what needs to be redacted from Ms. Zimmerman's deposition transcript seems unlikely based on Plaintiffs' counsel's seven-page declaration and the attached emails. Frontier will not speak to Plaintiffs' counsel's commentary in his declaration other than to say that the emails speak for themselves. Finally, Plaintiffs are correct that in the past, the parties have agreed to waive the service requirements of LR IC 4-1(c). However, in this instance, given the parties' unproductive correspondence, Frontier chose to follow the procedure set for in LR IC 4-1(c) and mail paper copies to the addresses of Plaintiffs' counsel listed on the certificate of service. See ECF 175, p. 5-6.

**Conclusion**

The public benefit to accessing Exhibits A and A-1 is outweighed by Frontier's legitimate business reasons for wanting to keep the records under seal. Frontier respectfully submits that good cause and compelling reasons exist that support maintaining Exhibits A and A-1 under seal.

DATED this 3rd day of June, 2022                Respectfully submitted,


                                                */s/ Matthew D. Martin*
                                                Lawrence S. Gosewisch (admitted *pro hac vice*)
                                                Brian T. Maye (admitted *pro hac vice*)
                                                Matthew D. Martin (admitted *pro hac vice*)

ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
          bmaye@amm-law.com
          mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO &
MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren & Rex Shupe***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, I caused the foregoing to be electronically filed with the

United States District Court for the District of Nevada using the CM/ECF system.

John D. McKay
PARK AVENUE LAW LLC
127 West Fairbanks Avenue, Suite 519
Winter Park, Florida 32789
Phone: (800) 391-3654
Email: johndmckayatty@gmail.com

Timothy R. Titolo
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com

*Attorneys for Plaintiffs*

By: */s/ Matthew D. Martin*