CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch *(admitted pro hac vice)*
Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
bmaye@amm-law.com
mmartin@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>      *Plaintiffs*,<br><br>v.<br><br>FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE,<br><br>      *Defendants*. | Case No.: 2:19-cv-01322-KJD-DJA<br><br>**DEFENDANTS' MOTION FOR AN ORDER FOR RULE 35 MENTAL EXAMINATION** |

**DEFENDANTS FRONTIER AIRLINES, INC., SCOTT WARREN, AND REX SHUPE'S MOTION SEEKING AN ORDER FOR MENTAL EXAMINATION OF PLAINTIFF A. D. PURSUANT TO FED. R. CIV. P. 35**

Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe (collectively "Defendants"), by their undersigned counsel, submit this Motion Seeking an Order for a Mental Examination of Plaintiff A.D., a minor, pursuant to Fed. R. Civ. P. 35 and LR II 26-6. Defendants' Motion is premised on the below

Memorandum of Points and Authorities, the pleadings and papers on file, and any oral argument this Court may permit.

June 3, 2022

Respectfully submitted,

**FRONTIER AIRLINES, INC.,**
**SCOTT WARREN, and REX SHUPE**

By: /s/ Brian T. Maye

Lawrence S. Gosewisch *(*admitted *pro hac vice*)
Brian T. Maye *(*admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
  bmaye@amm-law.com
  mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil action arises from Plaintiffs Peter DelVecchia ("Peter") and his 12-year-old son A.D.'s travel on Frontier Flight 2067 from Raleigh-Durham, North Carolina to Las Vegas, Nevada on March 28, 2019. Prior to takeoff, a Frontier flight attendant responsible for the emergency exit rows inquired as to whether A.D. was old enough to sit in an exit row seat. Due to A.D.'s young age, the flight attendant arranged for Plaintiffs to switch seats with passengers not assigned to exit row seats. During the flight attendant's exchanges with Plaintiffs, the flight attendant observed A.D. hesitate and look to Peter before answering the flight attendant's questions. Thereafter, during the flight, a different flight attendant observed what she perceived to be inappropriate touching, including Peter stroking and caressing A.D.'s face in a non-parental manner. Later, a different flight attendant observed Peter's hand on or near A.D.'s crotch while the two appeared to be sleeping. When the flight attendants reported their concerns to the Captain of the flight, the Captain directed the flight attendants to re-seat A.D. out of concern for his safety and wellbeing. Pursuant to procedure, the Captain also requested that law enforcement meet the flight on arrival in Las Vegas.

On August 1, 2019, Plaintiffs filed this lawsuit. (ECF No. 1.) On January 5, 2022, Plaintiffs filed a Third Amended Complaint ("Complaint") seeking compensatory and punitive damages for an alleged violation of 42 U.S.C. §1981 (Count I), intentional infliction of emotional distress (Count II), false imprisonment / unlawful detention (Count III), battery and assault (Count IV) and defamation (Count V). (See ECF No. 153) As to A.D., Plaintiffs allege that he has suffered from post-traumatic stress disorder (PTSD), sleeplessness, nightmares, nausea and difficulties at school since the flight, and has "experienced heightened sensitivity and nervousness when … together in public [with Peter], as a result of what occurred … on Flight 2067." *Id.* at ¶¶ 54, 55, 64, 68, 72, 78. Plaintiffs seek damages from Defendants based in large

part on A.D.'s alleged emotional distress. As such, an examination pursuant to Fed. R. Civ. P. 35 is appropriate to assess A.D.'s alleged mental and emotional distress.

## II.     LEGAL STANDARD

Rule 35 states that it is within the Court's discretion to order a party whose mental condition is in controversy to submit to a mental examination by a suitably licensed or certified examiner. *Doe v. Equipo Acad.*, No. 2:20-cv-01490-KJD-DJA, 2021 U.S. Dist. LEXIS 79370, at *4-5 (D. Nev. Apr. 26, 2021). Rule 35 requires the party requesting an examination to demonstrate the mental condition is "in controversy" and to show "good cause" warranting the examination. *Pham v. Wal-Mart Stores, Inc.*, No. 2:11-cv-01148-KJD-GWF, 2012 U.S. Dist. LEXIS 73636, at *6 (D. Nev. May 29, 2012), citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). "The 'in controversy' and 'good cause' requirements are 'necessarily related.'" *Staats v. Washington*, No. 2:15-cv-0208-TOR, 2016 U.S. Dist. LEXIS 201892, at *3 (E.D. Wash. Dec. 5, 2016). The movant need not "prove his case on the merits in order to meet the requirements for a mental or physical examination." *Schlagenhauf*, 379 U.S. at 119.

Expanding upon *Schlagenhauf*'s analysis, the *Turner* court set forth the following factors for courts to utilize to determine if an examination is appropriate: in addition to a claim of emotional distress, one or more of the following — (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his/her mental condition is in controversy within the meaning of Rule 35(a). *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995).

This District Court has found it appropriate to permit a defense examination where a plaintiff has had ample opportunity for examination by her own expert. *See Painter v. Atwood*, 2013 U.S. Dist. LEXIS 139403, 2013 WL 548059 (D. Nev. Sept. 26, 2013). Furthermore, courts have denied the request for the

presence of a third party when the examination involves a minor in light of concerns that an observer may invalidate the testing results, fail to provide a level playing field, and create an adversarial environment rather than a neutral examination. *Equipo Acad.*, 2021 U.S. Dist. LEXIS 79370, at *5.

### III.   ARGUMENT

#### A.   Plaintiffs have placed A.D.'s mental condition in controversy.

In *Schlagenhauf*, the Supreme Court recognized that "there are situations where the pleadings alone are sufficient to meet" the in controversy and good cause requirements. 379 U.S. at 119. The Court noted, "A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* This Court has held that "[s]atisfaction of *one* of the *Turner* factors is sufficient to place a party's mental condition 'in controversy.'" *Gurshin v. Bank of Am.*, No. 2:15-cv-323-GMN-VCF, 2016 U.S. Dist. LEXIS 10163, at *3 (D. Nev. Jan. 27, 2016) (emphasis added); s*ee also Nguyen v. Qualcomm Inc.*, No. 09-1925-MMA (WVG), 2013 U.S. Dist. LEXIS 93826, at *17 (S.D. Cal. July 3, 2013) ("*Turner* prescribes that courts should order plaintiffs to undergo an IME 'where the cases involve *one or more*' of the five scenarios listed.") (emphasis added).

Here, based on the current procedural posture of this case (expert discovery has not yet commenced), at least three *Turner* factors have been met. First, Plaintiffs have pleaded a cause of action for intentional infliction of emotional distress. (See Complaint at ¶¶ 54, 55, 64, 68, 72, 78) Second, Plaintiffs have asserted that A.D. suffered post-traumatic stress disorder (PTSD), sleeplessness, nightmares, nausea, difficulties at school, and heightened sensitivity and nervousness when together in public with Peter as a result of Defendants' alleged actions. *Id.* Third, Plaintiffs have alleged A.D. has "sustain[ed] and endure[d] severe emotional distress." *Id.* As for the remaining two *Turner* factors,

Plaintiffs are expected to offer expert testimony to support their claim of emotional distress, and there is no question that A.D.'s mental condition is in controversy under Rule 35.

### B.  This Court should find that good cause exists to order an examination.

As discussed above, the Supreme Court has decreed that when a plaintiff asserts a claim which places his or her mental injury in controversy, the defendant is provided "with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf*, 379 U.S. at 119. "'Good cause' for a mental examination requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case." *Gurshin*, No. 2:15-cv-323-GMN-VCF, 2016 U.S. Dist. LEXIS 10163, at *3. Factors considered in assessing whether 'good cause' exists include, but are not limited to: (1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove [their] claim through testimony of expert witnesses; (3) whether the desired materials are relevant; and (4) whether plaintiff is claiming ongoing emotional distress. *Id.*, citing *Nguyen*, No. 09-1925-MMA (WVG), 2013 U.S. Dist. LEXIS 93826, at *11). Each of these factors weighs in favor of good cause in this case.

Here, Defendants have retained Dr. Stephanie Holland to examine A.D. pursuant to a testing protocol previously provided to Plaintiffs. Dr. Holland's examination would assist Defendants to determine the existence and extent of A.D.'s alleged injuries. This information cannot be obtained through other means. See *Equipo Acad.*, 2021 U.S. Dist. LEXIS 79370, at *6 ("There is no other means to obtain the desired information, as a review of the medical records or a therapist's report alone will not suffice."). Defendants understand that since the subject incident, A.D. has received treatment with a social worker, a therapist, and a psychiatrist, and Plaintiffs have disclosed these individuals as potential witnesses in support of their claims. Dr. Holland's examination is directly relevant to Plaintiffs' claim that A.D. has sustained and endured severe emotional distress. Defendants should be permitted to have their own expert evaluate

the merits of A.D.'s alleged injuries. Therefore, good cause exists, and this Court should order a Rule 35 mental examination of A.D.

### C. This Court should order a mental examination consistent with the protocol provided by Defendants.

"The order [for Rule 35 examination] must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). As indicated above, Defendants have retained Dr. Holland, a licensed psychologist and therapeutic service provider. (Exhibit A) Since 1999, Dr. Holland's professional experience has included comprehensive forensic evaluations involving sexual abuse and post-traumatic stress issues and assessment and treatment of children and adolescents and their families. *Id.* Dr. Holland is licensed in the State of Nevada and would conduct her examination in Las Vegas, Nevada. *Id.* Dr. Holland is thus a suitably licensed examiner as required by Fed. R. Civ. P. 35(a)(1). Dr. Holland's *curriculum vitae* has been provided to Plaintiffs.

Defendants previously provided Plaintiffs with a Request for and Notice of a Rule 35 examination of A.D. by Dr. Holland. (Exhibit B[1]) Plaintiffs have represented that they object to an examination of A.D. by Dr. Holland. *See* discussion *infra* Part IV. Plaintiffs have stated that they "absolutely cannot, under any circumstances, agree to an [examination] by [Dr. Holland]" because "[t]here are numerous complaints about her demeanor, biases, lack of objectivity, etc." *Id.* However, "the moving party is permitted to select the physician who will conduct the Rule 35 examination." *Pham,* 2012 U.S. Dist. LEXIS 73636, at *11. More importantly, "courts have rejected efforts by plaintiffs to disqualify a physician based upon allegations of bias." *Id.* "[A]ny concerns about the opinions expressed following a Rule 35 examination can be addressed in a pretrial motion in limine." *Hernandez v. Vanveen*, No. 2:14-cv-01493-JCM-CWH,

---

[1] Upon entry of an Order permitting Defendants to have A.D. examined by Dr. Holland, Defendants would confer with Plaintiffs and Dr. Holland to schedule the examination for an agreed-upon date and then re-issue the Notice.

- 7 -

2015 U.S. Dist. LEXIS 60683, at *9 (D. Nev. May 8, 2015). Thus, Plaintiffs' objection to Dr. Holland must fail and this Court should order a mental examination of A.D. as detailed herein.

Dr. Holland has proposed examining A.D. over two days. (Exhibit C) Before examining A.D., Dr. Holland would conduct a clinical interview with Peter using a HIPAA-compliant video platform, such as Telehealth, at a mutually agreeable time. *Id.* Thereafter, over the course of two days, her examination would consist of an in-person interview with both Peter and A.D., followed by further interviews and testing (including, but not limited to, WISC, BASC, BDI II, CAPS-5, LEC-5, and PAI-A) of A.D. alone. *Id.* The raw data generated from these tests would be produced to Plaintiffs. *Id.* Following the examination, Dr. Holland may conduct telephone interviews with A.D.'s siblings, teachers, social workers, therapists, and psychiatrist. *Id.*

### IV.  STATEMENT OF COMPLIANCE WITH LR II 26-6

The Parties have discussed the prospect of an examination pursuant to Fed. R. Civ. P. 35 on numerous occasions throughout this litigation. Indeed, the Parties identified such examination as one of the discovery avenues awaiting completion in their first Stipulated Motion to Extend Deadlines filed on Nov. 27, 2019. (ECF No. 40.) On June 4, 2021, Defendants issued to Plaintiffs their formal request for Rule 35 examination of A.D. (Exhibit B) On June 18, 2021, Plaintiffs informed Defendants they would not agree to such examination "for a number of reasons," including their belief that a mental examination would be traumatic for A.D., they questioned whether such examination was the appropriate discovery vehicle, and they objected to Dr. Holland's involvement. (Exhibit D)

On July 27, 2021, Defendants sent Plaintiffs a letter responding point-by-point to each of Plaintiffs' objections. (Exhibit E) The same day, Plaintiffs responded with arguments regarding the mechanics of Fed. R. Civ. P. 35. (Exhibit F) On July 29, 2021, the Parties (via counsel) engaged in a lengthy teleconference to discuss several discovery matters, including Defendants' request for a Rule 35 examination of A.D.  On

June 3, 2022, counsel for the Parties again conferred about Defendants' request for a Rule 35 examination. Plaintiffs' counsel again represented that Plaintiffs object to a Rule 35 examination with Dr. Holland. Despite their best efforts, the Parties have been unable to reach an agreement regarding a Rule 35 examination of A.D.

## V.  CONCLUSION

Based on the foregoing, Defendants FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE respectfully request that this Honorable Court find that Plaintiffs have placed A.D.'s mental health in controversy, that good cause exists for A.D. to be examined by Defendants' retained psychologist, and that an examination of A.D. by Dr. Stephanie Holland will be conducted pursuant to the protocol proposed by Dr. Holland.

June 3, 2022

Respectfully submitted,

/s/ Brian T. Maye
Lawrence S. Gosewisch *(admitted pro hac vice)*
Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
       bmaye@amm-law.com
       mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　*/s/* Brian T. Maye