# Adler Murphy
# & McQuillen LLP

20 South Clark Street, Suite 2500, Chicago, Illinois 60603
Telephone: 312.345.0700  Facsimile: 312.345.9860
www.amm-law.com

Matthew D. Martin
312-422-5798
mmartin@amm-law.com

July 27, 2021

**VIA EMAIL PDF FORMAT**

John D. McKay
PARK AVENUE LAW LLC
johndmckayatty@gmail.com

Timothy R. Titolo
TITOLO LAW OFFICE
tim@titololaw.com

Re:     ***Peter DelVecchia v. Frontier Airlines, Inc., et al.***
         Case No.:     2:19-cv-01322-KJD-NJK (U.S. District Court, District of Nevada)
         Date of Loss:  March 28, 2019
         Our File No.:  19AZF0229

Dear John and Tim,

We write in response to Mr. McKay's email of June 18, 2021, outlining Plaintiffs' objections to Defendant Frontier Airlines, Inc.'s Rule 35 Request for Examination and accompanying notice. This letter is sent pursuant to the District of Nevada Local Rules, including LR IA 1-3(f). We have provided our response to each of the objections Mr. McKay raised in his email so that the parties can meet and confer on these issues in the hopes of avoiding court intervention, or at the least narrowing the issues ultimately presented to the court.

1. First, as I mentioned, we believe that an IME would be traumatic for this child, who is in treatment for his PTSD with a provider in North Carolina.

**RESPONSE: In *Doe v. Equipo Acad.*, Case No. 2:20-cv-01490-KJD-DJA, 2021 U.S. Dist. LEXIS 79370, \*1-2 (D. Nev. Apr. 26, 2021), the defendant moved to compel an independent medical examination pursuant to Rule 35 for the examination of a minor child involved in an alleged sexual interaction. Judge Daniel Albregts granted the defendant's motion. Judge Albregts noted that there are certain factors a court will utilize if an examination is appropriate. In addition to a claim for emotional distress, a court may utilize one or more of the following factors in evaluating a motion for a mental examination: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or plaintiff's concession that his/her mental condition is in controversy within the meaning of Rule 35(a).**

EXHIBIT E


Adler Murphy
& McQuillen LLP

July 27, 2021
Page 2

**Here, we believe that many of the factors are satisfied that that a court would find A.D.'s mental health condition in controversy in this action. In Plaintiffs' 8th Supplemental Initial Disclosures, they disclosed Ms. Leah Sampson, MSW, LCSW as a individual with discoverable information and the subject of her testimony as the "[o]ngoing treatment and prognosis of A.D. for PTSD…" On this basis, if you do not agree to produce A.D. for a Rule 35 examination, we will be forced to move to compel the Court for such an order.**

2. Second, we question whether an IME is the appropriate discovery vehicle under these circumstances, as opposed to depositions of his treating provider and/or expert witness (once disclosed).

**RESPONSE: We intend to depose A.D.'s treating providers, Dr. Wall, Ms. Snider and Ms. Sampson, along with any expert witness Plaintiffs disclose. We note, though, Judge Albregts' holding in *Doe* that a district court in Nevada has "found it appropriate to permit a defense examination where a plaintiff has had ample opportunity for examination by her own expert." *Id.* at \* 5 (citing *Painter v. Atwood*, 2013 U.S. Dist. LEXIS 139403 (D. Nev. Sept. 26, 2013).**

3. Third, if the Court does have a hearing on whether an IME is appropriate, we would be submitting declarations supporting the above concerns and, at the very least, requesting that measures be implemented to protect the child to the furthest extent possible.

**RESPONSE: We are willing to discuss the measures you would like to see implemented to see if we can reach an agreement. As Judge Albregts noted in *Doe*, "appropriate parameters can be placed on the IME … to ensure that the minor child (who is now 14 years old) is protected as much as possible." We included such parameters in our notice and protocol, which we believe are similar to the ones discussed in *Doe.***

4. Fourth, we absolutely cannot, under any circumstances, agree to an IME by the psychologist you have proposed. You or Matt previously proposed this particular psychologist, and we informed your office at that time that we would never agree to her after conducting research on her. There are numerous complaints about her demeanor, biases, lack of objectivity, *etc.* that make her a particularly unsuitable choice, in my opinion, for an IME with any child.

**RESPONSE: Rule 35 authorizes a court to "order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). In *Hernandez v. Vanveen*, Case No. 2:14-cv-01493-JCM-CWH, 2015 U.S. Dist. LEXIS 60683, \*2 (D. Nev. 2015), the plaintiff sought an order striking the defendant's Rule 35 examiner on the basis that he "conducted himself in a manner during the Rule 35 examination demonstrating that he is unfairly biased and prejudiced against Plaintiff." The court noted the "general rule" that "a party moving for a Rule 35 examination may select the physician who conducts the exam." *Id.* at \*7-8.**



July 27, 2021
Page 3

**Dr. Stephanie Holland fits this description as she has been a Licensed Psychologist in the State of Nevada for over 20 years. She is also a Board Member of the State of Nevada Board of Psychological Examiners and a ten-year member of the Child Welfare Network.**

In sum, we believe your objections lack merit based on recent District of Nevada case law. Therefore, we would like to discuss each of these issues in an attempt to avoid motion practice. Please let us know a time that will work for a teleconference for us to discuss these issues.

Very truly yours,

ADLER MURPHY & MCQUILLEN LLP

Matthew D. Martin

MDM

cc:  Brian T. Maye
     Charles A. Michalek