# Tara Shelke

| | |
|---|---|
| **From:** | John McKay <johndmckayatty@gmail.com> |
| **Sent:** | Tuesday, July 27, 2021 6:08 PM |
| **To:** | Matthew D. Martin |
| **Cc:** | Brian T. Maye; Timothy Titolo |
| **Subject:** | Re: DelVecchia v. Frontier--Recent Document Production |

Matt,

I take exception to the language and tone of your letter. You seem to be operating from a belief that Rule 35 works similarly to Rules 30, 33 and 34--*i.e.,* that you serve a "Notice" indicating what you want, the receiving party objects, you conduct a meet-and-confer on the objections, and you file a Motion to Compel, hoping that the Court will force the other party to adhere to your terms. That is not at all how Rule 35 works, and I suggest that you do some reading up on it in Wright & Miller and/or Moore's Federal Practice before we move to the next step. Rule 35 has been mostly unchanged during my 35 years of practice, and it has always operated primarily on the basis of consent. The attorneys meet and agree on a doctor (in much the same way as they would agree on a mediator), they discuss the parameters of the IME to be conducted and any special considerations, and they draft a stipulation and order and file it with the Court.

You just keep sending me your demand that Dr. Holland conduct the exam on whatever terms she sees fit. We haven't even had a conversation on this. The Rules do not give you the right to demand an IME; they give you the right to *ask* for one in an appropriate case. When you start asking, we'll have a proper conversation on the subject.

And finally, a 14-year-old is a minor. As are 15-year-olds, 16-year-olds, and 17-year-olds.

John

John D. McKay
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT

**Mail and Delivery Address (EAST COAST):**
127 West Fairbanks Ave. #519
Winter Park, FL 32789
Tel. (434) 531-9569

**Mail and Delivery Address (WEST COAST):**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Tel. (434) 531-9569

EXHIBIT F



On Tue, Jul 27, 2021 at 4:00 PM Matthew D. Martin <mmartin@amm-law.com> wrote:

John and Tim,

Please see the attached. We can discuss during our upcoming meet-and-confer teleconference after we discuss your concerns or we can find another time to discuss. If the latter, please advise available dates and times. Thanks.

Matt

Matthew D. Martin

ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5798

Facsimile: (312) 345-9860

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message.

**From:** Matthew D. Martin
**Sent:** Tuesday, July 27, 2021 3:53 PM
**To:** 'John McKay' <johndmckayatty@gmail.com>; Brian T. Maye <bmaye@AMM-LAW.com>
**Cc:** Timothy Titolo <tim@titololaw.com>
**Subject:** RE: DelVecchia v. Frontier--Recent Document Production


Hi John,


We are available this Thursday at 3:30 p.m. (CT) with the rest of that afternoon being fairly free. If Thursday afternoon does not work for you we could try Monday or Tuesday next week. Let us know. Regarding your most recent email, do you have a list of those referenced prior discovery responses? We've looked into it on our end but want to make sure that we haven't missed anything so that we can have a productive call. Thanks.


Matt


Matthew D. Martin

ADLER MURPHY & McQUILLEN LLP

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5798

Facsimile: (312) 345-9860

---

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message.

**From:** John McKay <johndmckayatty@gmail.com>
**Sent:** Tuesday, July 27, 2021 3:15 PM

**To:** Matthew D. Martin <mmartin@AMM-LAW.com>; Brian T. Maye <bmaye@AMM-LAW.com>
**Cc:** Timothy Titolo <tim@titololaw.com>
**Subject:** Re: DelVecchia v. Frontier--Recent Document Production

The following should be added to the list of missing items in my last email:

- Supplementation of all prior discovery responses in which Frontier stated that it was researching whether information exists, looking for information, continuing a search for information, or otherwise indicated that it was in the process of seeking information responsive to the requests.

If it turns out that there never was any search conducted, I will be bringing these evasive answers to the Court's attention as examples of bad faith in Frontier's approach to discovery.

John

John D. McKay

Attorney at Law (CA, CO, FL, ME, NY, VT, WV)

Barrister and Solicitor (Ontario)

Solicitor (England and Wales)

**Park Avenue Law LLC and Aerolex Park Avenue**

San Francisco, CA/Winter Park, FL/Toronto, ONT

**Mail and Delivery Address (EAST COAST):**

127 West Fairbanks Ave. #519

Winter Park, FL 32789

Tel. (434) 531-9569

**Mail and Delivery Address (WEST COAST):**

201 Spear Street, Suite 1100

San Francisco, CA 94105

Tel. (434) 531-9569



On Tue, Jul 27, 2021 at 2:08 PM John McKay <johndmckayatty@gmail.com> wrote:

Matt and Brian,

It has been a full week now since I noted numerous deficiencies in Frontier's document production, and you have done absolutely nothing to remedy those deficiencies.

In particular, I noted that Plaintiffs have not received the following items that were requested:

- Unredacted passenger names on incident reports produced
- Discrimination complaints by passengers, which Judges Albregts and Dawson ordered you to produce months ago
- Unredacted last three reports on document FRONTIER 719
- Training documents predating March 28, 2019 (the ones produced with the SSI documents are dated after the flight at issue)
- Full copy of the FAM in use as of March 28, 2019

Frontier's failures to provide necessary information in this case have been outrageous, especially in light of the additional time that was provided by the pandemic. It appears to make no difference to Frontier and its counsel whether the information is requested in a valid discovery request or ordered to be produced by a federal Judge. The next logical step in such unusual circumstances is a Rule 37 motion for sanctions. As you know, the Court can award any of the following sanctions in granting such a motion:

    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

    (iv) staying further proceedings until the order is obeyed;

    (v) dismissing the action or proceeding in whole or in part;

    (vi) rendering a default judgment against the disobedient party; or

    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Please provide three alternative dates and times for a meet-and-confer telephone conference to be held this week. Please provide the three alternative dates and times no later than 10:00 a.m. CDT tomorrow.

Regards,

John

John D. McKay

Attorney at Law (CA, CO, FL, ME, NY, VT, WV)

Barrister and Solicitor (Ontario)

Solicitor (England and Wales)

**Park Avenue Law LLC and Aerolex Park Avenue**

San Francisco, CA/Winter Park, FL/Toronto, ONT

**Mail and Delivery Address (EAST COAST):**

127 West Fairbanks Ave. #519

Winter Park, FL 32789

Tel. (434) 531-9569

**Mail and Delivery Address (WEST COAST):**

201 Spear Street, Suite 1100

San Francisco, CA 94105

Tel. (434) 531-9569



On Tue, Jul 20, 2021 at 12:17 PM John McKay <johndmckayatty@gmail.com> wrote:

Matt and Brian,

On May 8 of last year, Magistrate Judge Albregts ordered Frontier to produce passenger complaints of race discrimination for a period of 5 years predating his Order. On March 29 of this year, Judge Dawson shortened the response period to 5 years predating the subject flight, which occurred on March 28, 2019. To date, Frontier has not provided any of the documents that Judges Albregts and Dawson ordered it to produce. The documents that you produced on July 16 contain only written summaries of matters described by Frontier employees, not complaints received from passengers. Please explain Frontier's position on this refusal to comply with the Judges' Orders. When you initially objected to First RFP No. 47, it was not on the basis that such documents do not exist. Clearly, Frontier has received complaints of race discrimination from its passengers during the defined period.

Also, it appears that you are trying to apply Judge Dawson's restriction of the time period applicable to First RFP No. 47 to your responses to other discovery requests. There is no basis in his Order for doing so. Judge Albregts' 5/8/2020 Order regarding Second RFP Nos. 2-7 required Frontier to produce its "Passenger Incidents [*sic*] Reports only that are related to human or sex trafficking or racial profiling, that involved a

parent-child relationship for the past 5 years in the continental United States." Judge Dawson's 3/29/2021 Order amended Judge Albregts' Order only to remove the limitation based on a parent-child relationship. The time limitation imposed by Judge Albregts, *i.e.,* "the past 5 years," remained unchanged. "[T]he past 5 years" would include the period up to and including May 8, 2020. The redaction of the last 3 items on FRONTIER 719 is therefore improper, and if there are similar incident reports between the dates of 2/28/2020 and 5/9/2020, they should be produced as well.

Plaintiffs renew their requests for a full copy of the FAM as it existed on the date of the subject flight, especially in light of the comments made by Frontier FAs in the materials produced on July 16.

Finally, Frontier answered numerous discovery requests with a statement that its search for responsive documents was "continuing." Nearly 2 years have passed since Frontier served those statements, yet no supplementation has occurred. Please provide a specific update regarding each and every one of those statements.

Thank you. Please also give me a time when one of you will be available later today or tomorrow for a meet-and-confer on the above subjects.

Regards,

John

John D. McKay

Attorney at Law (CA, CO, FL, ME, NY, VT, WV)

Barrister and Solicitor (Ontario)

Solicitor (England and Wales)

**Park Avenue Law LLC and Aerolex Park Avenue**

San Francisco, CA/Winter Park, FL/Toronto, ONT

**Mail and Delivery Address (EAST COAST):**

127 West Fairbanks Ave. #519

Winter Park, FL 32789

Tel. (434) 531-9569

**Mail and Delivery Address (WEST COAST):**

201 Spear Street, Suite 1100

San Francisco, CA 94105

Tel. (434) 531-9569



The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message.