Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
(434) 531-9569
johndmckayatty@gmail.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RULE 35 MENTAL EXAMINATION (ECF No. 180)** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor ("A.D."), by counsel, respectfully file this Opposition to Defendants' "Motion for an Order for Rule 35 Mental Examination" (ECF No. 180).

As a preliminary matter, Plaintiffs do not accept Defendants' narrative of events contained in the Introduction section of their Motion. Defendants have deliberately omitted relevant facts that are well known to both sides (many of which come from their own employees' sworn testimony and

PLAINTIFFS' OPPOSITION TO MOTION FOR MENTAL EXAMINATION
Page 1 of 7

documents they have produced to Plaintiffs), that materially alter the narrative they have presented, and they have added some utterly false statements of "fact." Setting the record straight is not necessary to a determination of this Motion, however, and will be reserved for the summary judgment and jury trial phases of the case. For purposes of deciding this Motion, it is sufficient to note that there are two Plaintiffs in this action: Peter DelVecchia and his son, A.D., both of whom claim damages, and that they have alleged in the Third Amended Complaint that A.D. (not Peter) has been diagnosed with Post Traumatic Stress Disorder (PTSD) as a result of the March 28, 2019 incidents that occurred when he was 12 years old, and that he continues to be treated for that condition. ECF No. 153 at ¶ 54.

## ARGUMENT

**I.  The Court should exercise its discretion to deny the Motion for the protection of the well-being of the minor Plaintiff.**

Although A.D. is now 15 years old, he is still a minor. Moreover, he is a minor who has survived a traumatic set of incidents, requiring continued treatment by a mental health professional. Plaintiffs do not contest that the condition-in-controversy and good cause elements are met in this case with respect to A.D.'s PTSD diagnosis, but the law states that fulfillment of those elements does not require the Court to order the requested examination. As Judge Navarro of this Court has noted:

> Rule 35 of the Federal Rules of Civil Procedure permits a court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination. Fed. R. Civ. P. 35(a). As Magistrate Judge Leen correctly noted, this rule is permissive, not mandatory. See Fed. R. Civ. P. 35(a)(1) (providing "[t]he court where the action is pending *may* order a party whose mental or physical condition... is in controversy to submit to a physical or mental examination...." (emphasis added)). A court need not order an independent medical examination upon a showing that the person's medical condition is in controversy and that there is good cause; it merely *may* make such an order. *Hardy v. Riser*, 309 F. Supp. 1234, 1241 (N.D. Miss. 1970) (explaining that "[e]ven when the 'good cause' and 'in controversy' requirements are met, it is still in the sound discretion of the trial court whether to order the examination"); *Shirsat v. Mutual Pharm. Co.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996) (noting "even when

good cause is shown, whether to order a proposed examination is committed to the discretion of the court").

*Storlie v. State Farm Mut. Auto. Ins. Co.,* Case No. 2:09-cv-02205-GMN-PAL (D. Nev. Jan. 4, 2011), slip op. at 3-4. While A.D. has made strides over the past three years of treatment to attempt to resolve the effects of the traumatic experiences he suffered aboard Frontier's flight, asking him to relive those experiences, especially in the context of an examination by Frontier's hired expert, will undoubtedly cause many of those effects to resurface. Plaintiffs respectfully submit that this is a case where the well-being of the child, and the likely risk of harm to him, outweigh any benefits that might be derived from having another psychologist submit the child to testing that is likely to be identical to the standardized testing that Plaintiffs' expert psychologist has already conducted. Those standardized test results will be made available to Defendants after Plaintiffs disclose their experts in just over three months, and if Defendants' expert believes that they do not support the diagnosis of PTSD, then she can present her opinions based on the same data.

**II.     The Court should deny the Motion because Defendants have not properly stated the conditions and scope of the examination as required by Rule 35.**

Defendants devote only a single paragraph of their Motion to the conditions and scope of the examination they are asking the Court to order, *see* ECF No. 180, at 8, after making an irrelevant argument about their prior attempts to force an agreement to the examination in their customary "my-way-or-the-highway" style, and then asking the Court to rule that Plaintiffs' position in those discussions about a voluntary agreement "must fail," *see id.* Their description, which refers to a "protocol" attached to the Motion as its Exhibit C, is highly improper. It suggests that an examination requested of *A.D.* should include two interviews of *Peter* by the examining psychologist, *see id.* Peter is not claiming to have suffered PTSD, and nothing in the language of Rule 35 or of the decisions interpreting it authorizes an examination of multiple plaintiffs where only one of them is alleging a condition that meets the condition-

in-controversy element. The proposition that the examining psychologist should examine Peter at all is overreaching, and to suggest examining him twice is doubly so. The description then goes on to say that the examiner would conduct with A.D. alone "further interviews and testing (including, *but not limited to*, WISC, BASC, BDI II, CAPS-5, LEC-5, and PAI-A)." *Id.* (emphasis added). Defendants have provided absolutely no description of what those tests are designed to evaluate, or why they are needed in this case.[1] Plaintiffs' research into the meaning of those acronyms has revealed that "WISC" is the Wechsler Intelligence Scale for Children, an IQ test. However, Plaintiffs have not placed A.D.'s IQ in controversy. "BASC" is apparently the Behavior Assessment System for Children. Plaintiffs have not placed A.D.'s behavior in controversy, either. "BDI II" apparently refers to the Beck Depression Inventory II. Plaintiffs have not placed depression in controversy in this case. "PAI-A" apparently refers to the Personality Assessment Inventory. Plaintiffs have not placed A.D.'s personality in controversy in this case. All that Plaintiffs have placed in controversy in this case is whether A.D. suffered PTSD from the events on Frontier's flight on March 28, 2019. The description of the examination includes tests for far more conditions than that, yet the authority for ordering any type of examination depends, as Defendants themselves point out, on the examined condition having been placed in controversy. Rule 35 is not an invitation to conduct a fishing expedition, nor should the Court allow it to be used as such. Equally troubling is the "including, but not limited to" language, which strongly suggests that Defendants intend to have their examiner conduct whatever testing she deems appropriate. In that regard, their Motion is no different than the one (now retired) Magistrate Judge Leen denied in *Adele v. Dunn,* Case No. 2:12-cv-00597-LDG-PAL (D. Nev. Nov. 26, 2012), slip. op. at 5:

> The court finds that neither the notice nor the motion to compel an emergency evaluation complies with the requirement of Rule 35 to specify the conditions and scope of the examination. Indeed, the emergency motion states only that the "conditions and scope are fully covered in the notice and October 25, 2012, correspondence." The court disagrees. The reply states that scope of the examination will depend on how Plaintiff presents on the date of the examination. In essence, Defendants are asking the court for

---

[1] Defendants should not be permitted to argue their claimed necessity in their Reply, where Plaintiffs would have no ability to submit counter arguments, *see Storlie,* slip at 8 (quoting *Zamani v. Carnes*, 491 F.3d 990, 991 (9th Cir. 2007)).

an order requiring Plaintiff to submit to whatever examination Dr. Olson deems appropriate when he sees and hears from the Plaintiff. This the court will not do.

This Court should not order such an examination either, especially of a vulnerable minor.[2]

Moreover, Defendants stray far afield from the permissive authority of Rule 35 when they state that "Dr. Holland may conduct telephone interviews with A.D.'s siblings, teachers, social workers, therapists and psychiatrist." ECF No. 180, at 8. That statement suggests significant breaches of confidentiality and ethics would be included in the scope of the examination, and further implies that Dr. Holland is joining Frontier's defense team, not conducting "what should be a wholly objective inquiry." *See Barrett v. Great Hawaiian Cruises, Inc.,* 1997 WL 862762, at *2 (D. Haw. Sept. 17, 1997); *see also, Copenhaver v. Cavagna Grp. S.p.A. Omeca Div.,* Case No. CV 19-71-BLG-SPW-TJC (D. Mont. July 27, 2021), slip op. at 17.

Defendants' suggestion that the Court order an open-ended examination involving whatever tests the examiner deems appropriate, involving an additional party to the one alleging PTSD and interviews of several other people who know A.D., both lay witnesses and professionals, is as improper here as it was in *Adele.* As Judge Leen did in *Adele*, this Court should deny the Motion because its vagueness and overreaching does not permit the Court to enter an Order that would be compliant with Rule 35.

### III.   In the alternative, the Court should protect the well-being of the minor Plaintiff by ordering certain specific protections in the examination.

In the event the Court does order the examination, Plaintiffs respectfully request that it exercise its considerable discretion in these matters to impose safeguards on the process to protect the well-being of the minor Plaintiff. The Court has broad discretion not only in deciding whether to order an examination at all, but also in setting the terms and conditions of an examination it orders.

---

[2] This Court has previously noted the importance of protecting minors, *see* ECF No. 150 at 5 & n.2.

*See, Mansel v. Celebrity Coaches of America, Inc.*, Case No. 2:13-cv-01497-JAD-NJK (D. Nev. Dec. 20, 2013) slip op. at 2 (citing *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 107 (E.D.N.C. 1993)); *see also Nicholas v. Wyndham Intern.*, 218 F.R.D. 122 (D.V.I. 2003).

In particular, Plaintiffs request the following reasonable conditions and limitations be included in any order concerning an examination of A.D.:

- That Defendants must extend Plaintiffs reasonable accommodations as to date and time of the examination based on Plaintiffs' availability for travel from North Carolina to Las Vegas. *See, Hill v. JetBlue Airways Corp.,* Case Nos. 2:17-cv-1604 WBS DB and 2:18-cv-0081 WBS DB (E.D. Cal., July 27, 2021).

- That neither side will have an observer or recording device present in the examination room, but Peter DelVecchia may be present at the examination site to provide support to A.D. during breaks from the examination. *See, Doe v. Equipo Academy,* Case No. 2:20-cv-01490-KJD-DJA (D. Nev. April 26, 2021) slip op. at 4. The examiner may not question or interview Peter DelVecchia.

- That if the examiner requires A.D. to complete any forms prior to the examination, Defendants' counsel will deliver all such forms to A.D.'s counsel at least 7 days prior to the examination. Nobody shall require A.D. to complete any forms or other documents (other than standardized test papers) at the examination. *See, Wilson v. WalMart Stores, Inc.,* Case No. 2:15-cv-1791-RCJ-VCF (D. Nev. Mar. 15, 2016), slip op. at 2.

- That the examiner will not inquire into privileged attorney-client communications, and any inadvertent disclosure of such communications will not be admissible and will not constitute waiver of the attorney-client privilege. *See Hill, supra.*

- That the examination and tests shall encompass only those aspects necessary for evaluating whether A.D. suffered PTSD because of the events on March 28, 2019. *See, Haddock v. Westrock CP, LLC,* Case No. 1:19-cv-01390-SKO (E.D. Cal. Aug. 17, 2021).

- The examiner shall conduct the examination in a non-adversarial manner. The utmost professionalism and care shall be extended to the minor child by the examiner and the highest level of civility shall be utilized amongst counsel for both sides regarding the IME process. *Hernandez v. Vanveen,* Case No. 2:14-cv-01493-JCM-CWH (D. Nev. May 8, 2015), slip op. at 4 (citing *Ocean Carriers Corp. v. Nacirema Operating Co., Inc.,* 26 F.R.D. 595 (D. Md. 1960)); *see also, Doe v. Equipo Acad., supra.*

- That the examination shall be limited to a total of four hours, inclusive of clinical interviews and psychological testing. *Garcia v. City of San Diego,* Case No. 15cv189-JLS (NLS) (S.D. Cal. Nov. 14, 2017), slip op. at 7.

**CONCLUSION**

For all the reasons set forth above, Plaintiffs respectfully submit that Defendants' Motion should be denied, or, in the alternative, that the above conditions and limitations, as well as any others that the Court deems just and necessary for the well-being of the minor Plaintiff, should be included in any Order granting the examination.

DATED this 15th day of June, 2022.

          /s/ John D. McKay
*Attorney for Plaintiffs Peter DelVecchia
And A.D., a Minor*