CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
       bmaye@amm-law.com
       mmartin@amm-law.com

***Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren, and Rex Shupe***

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>*Plaintiffs*,<br><br>v.<br><br>FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE,<br><br>*Defendants*. | Case No.: 2:19-cv-01322-KJD-DJA<br><br>**FRONTIER'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR FOR AN ORDER FOR RULE 35 MENTAL EXAMINATION** |

**DEFENDANT FRONTIER AIRLINES, INC's
REPLY IN SUPPORT OF ITS MOTION
FOR AN ORDER FOR RULE 35 MENTAL EXAMINATION**

Defendant Frontier Airlines, Inc., ("Frontier"), by its undersigned counsel, hereby files this Reply Brief in Support of its Motion for an Order for Rule 35 Mental Examination.

- 1 -

**I.      Plaintiffs State No Valid Basis to Deny Frontier's Motion**

Dr. Stephanie Holland's impeccable credentials are not in dispute. See Dr. Holland's resume at ECF 180-1. Plaintiffs do not argue that Dr. Holland is unqualified, and they offer nothing to establish that she is unfairly biased. See ECF 182, pp. 2-3. Further, Plaintiffs concede that the "condition-in-controversy and good cause elements are met in this case with respect to A.D.'s PTSD diagnosis." *Id*. at 2. Respectfully, Plaintiffs have shown nothing that would justify preventing Frontier's chosen expert from conducting a Rule 35 mental health examination of A.D.

Instead of challenging Dr. Holland's credentials, Plaintiffs baselessly assert that A.D. should not be subjected to examination by "another psychiatrist." Plaintiffs argue that because their *own* expert psychologist has already examined and tested A.D., the risk of further harming A.D. (now 15 years old) by asking him to relive his experiences forecloses any further psychological evaluation. *Id*. at 3. Thus, according to Plaintiffs, Frontier should be made to wait until Plaintiffs release the test results prepared by Plaintiffs' own expert, at which point Frontier's expert can "present her opinions based on the same data." *Id*. This argument goes beyond simply being meritless. The assertion that A.D. has been so traumatized he should only be examined by his own expert is an express contradiction of the fundamental principles underlying a Rule 35 examination.

The basic purpose of a Rule 35 exam is to "level the playing field" in cases where physical or mental condition is at issue. *Painter v. Aaron Atwood, D.D.S.*, No. 2:12-cv-01215-JCM-RJJ, 2013 U.S. Dist. LEXIS 139403, at *7 (D. Nev. Sep. 26, 2013). The need to "level the playing field" arises when a plaintiff alone has ample opportunity for psychiatric or mental examination by his or her own practitioner. *Id*. The playing field in this case is tilted unfairly and unjustifiably in Plaintiffs' favor.

In support of their misguided argument, Plaintiffs rely on *Storlie v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:09-cv-02205-GMN-PAL (D. Nev. Jan. 4, 2011), wherein Judge Navarro restated standard

boilerplate Rule 35 language about a district court's discretion in granting a Rule 35 motion. ECF 184, pp. 2-3. Of course, Frontier does not dispute that the Court has discretion in ruling on the instant Motion, but *Storlie* has no application in this case.

In *Storlie*, Judge Navarro was concerned only with the *timing* of the Defendant's Rule 35 motion. The defendant in *Storlie* moved for a Rule 35 exam nearly a month after the deadline for disclosing expert witnesses. Thus, granting the defendant's motion would have required amending the scheduling order to allow the plaintiff to present expert testimony in rebuttal. *Storlie,* Case No. 2:09-cv-02205, at 8. There are no such concerns here, as Plaintiffs note they are still three months away from making expert disclosures. ECF. 182, p. 3. More to the point, there was no argument in *Storlie* that a plaintiff suing for emotional distress should only be examined by his own experts. That Plaintiffs would resort to citing *Storlie* highlights the inherent weakness of their objections to Dr. Holland's examination of A.D.

In sum, Plaintiffs allege A.D.'s "daily life has been affected by his symptoms, as well as by a constant apprehension that he will encounter similar abusive contact from others and that they will separate him from his father." See Plaintiffs' Third Amended Complaint, ECF 153, p. 27-28. To support A.D.'s claim for damages, during the roughly three-year period since the incident in question, Plaintiffs have arranged for private psychological treatment allegedly connected to a host of traumatic emotional injuries, including post-traumatic stress disorder. Hence, in addition to Plaintiffs' concession that there is good cause to conduct a Rule 35 exam regarding a condition in controversy, the need to "level the playing field" further justifies granting Frontier's instant Motion. Moreover, because Plaintiffs have offered no valid objections to Dr. Holland's participation, Frontier should be permitted to have A.D. examined by its chosen expert, who is unquestionably qualified.

**II.     Frontier Properly Stated the Conditions and Scope of Dr. Holland's Rule 35 Examination**

Plaintiffs object to certain psychological tests proposed by Dr. Holland on grounds that Plaintiffs have not put A.D.'s Intelligence (WISC), behavior (BASC), depression (BD-II), or personality (PAI-A) in controversy. These are all standard tests routinely utilized during Rule 35 exams in cases involving claims of Post-Traumatic Stress Disorder ("PTSD").

Nonetheless, after consulting with Dr. Holland, and in an effort to find common ground, Frontier is willing to withdraw the BD-II (depression) test from Dr. Holland's proposed protocol, and to use an abbreviated version of the WISC test – WASI (intelligence). Frontier would also agree to conduct the Rule 35 examination during a single day at a location agreeable to the parties near A.D.'s home in North Carolina, and to refrain from interviewing Peter or conducting other collateral interviews.

Dr. Holland's revised protocol is stated below.

**REVISED PROPOSED PROTOCOL FOR RULE 35 I.M.E. OF PLAINTIFF A.D.**

Location
A location agreeable to the parties near A.D.'s home in North Carolina.

Duration
Two sessions, once in the morning for up to three (3) hours and once again in the afternoon for up to three (3) hours. Both meetings may include a clinical interview and testing to include that listed below.

Morning Session
In the morning session, Dr. Holland will meet with A.D. for up to three (3) hours, which will include the following psychological testing: WASI, BASC-3, CAPS-CA-5, LEC-5, and PAI-A. Time permitting, additional tests may be necessary based on results of tests listed.

Afternoon Session
In the afternoon session, Dr. Holland will interview A.D. for up to 3 hours on topics including, but not limited to A.D.'s test results from the morning session.

**III.    The Tests Disputed by Plaintiffs are Necessary for Dr. Holland's Complete Examination**

- 4 -

As noted, Plaintiffs claim Dr. Holland should not be allowed to administer tests relating to A.D.'s intelligence, behavior, or personality, arguing that none of these characteristics have been placed in controversy. Frontier disagrees and believes that because of Plaintiffs' unique allegations of wrongdoing and A.D.'s resulting emotional injuries, Dr. Holland should be permitted to conduct a psychological assessment that includes examining A.D. for his cognitive abilities, personality traits, and learning abilities, among other characteristics. Frontier notes the following with regard to the disputed tests:

- **WASI**: Wechsler Abbreviated Scale of Intelligence:

  The WASI test is required to provide a brief, reliable measure of A.D.'s cognitive ability and baseline level of functioning.

- **BASC-3**: Behavior Assessment System for Children (Third Edition):

  The BASC-3 is required to help in understanding the behaviors and emotions of adolescents. The test involves self-reporting on rating scales and will help to understand A.D.'s own perspectives. The test also helps to monitor changes in behaviors and emotions that are critical when assessing an individual for PTSD.

- **PAI-A**: Personality Assessment Inventory – Adolescent:

  The PAI-A is required because it provides an objective personality assessment for use with adolescents. The PAI-A is established as a widely used instrument for the broad assessment of personality, and can be helpful in providing diagnostic clarity, such as deciphering between PTSD and depression.

### IV. Frontier Agrees to Most of the Safeguards Requested by Plaintiffs

Plaintiffs request that Frontier "extend Plaintiffs reasonable accommodations as to date and time of the examination based on Plaintiffs' availability for travel from North Carolina to Las Vegas." ECF 182, p. 6. This request is a moot point, as Frontier has agreed to having Dr. Holland conduct the examination in North Carolina.

Plaintiffs request that "neither side will have an observer or recording device present in the examination room, but Peter DelVecchia may be present at the examination site to provide support to A.D.

during breaks from the examination." *Id*. Frontier agrees that neither side shall have a recording device, and Frontier agrees that Peter may be present at the examination site to provide support to A.D. during breaks from the examination. However, **Frontier does not agree that Peter can support A.D. during breaks outside the presence of Dr. Holland** due to the risk of Peter influencing A.D. and undermining Dr. Holland's examination.

Plaintiffs request that "if the examiner requires A.D. to complete any forms prior to the examination, Defendants' counsel will deliver all such forms to A.D.'s counsel at least 7 days prior to the examination. Nobody shall require A.D. to complete any forms or other documents (other than standardized test papers) at the examination." *Id*. Frontier agrees to this request.

Plaintiffs request that "the examiner will not inquire into privileged attorney-client communications, and any inadvertent disclosure of such communications will not be admissible and will not constitute waiver of the attorney-client privilege." *Id*. Frontier agrees to this request.

Plaintiffs request that "the examination and tests shall encompass only those aspects necessary for evaluating whether A.D. suffered PTSD because of the events on March 28, 2019." *Id*. at 7. **Frontier does not agree to this request.** Plaintiffs have disclosed through their deposition testimony and answers to written interrogatories that there have been other occasions when they were questioned under similar circumstances by authorities based on concerns of inappropriate physical contact. One instance involved a movie theatre, and another involved a different airline. Dr. Holland should be permitted to question A.D. about his prior experiences, including but not limited to those referenced above, to complete her examination and assess the PTSD that he allegedly suffered because of the events on March 28, 2019.

Plaintiffs request that "the examiner shall conduct the examination in a non-adversarial manner. The utmost professionalism and care shall be extended to the minor child by the examiner and the highest

level of civility shall be utilized amongst counsel for both sides regarding the IME process. *Id*. Frontier agrees to this request.

Finally, Plaintiffs request that "the examination shall be limited to a total of four hours, inclusive of clinical interviews and psychological testing." *Id*. **Frontier does not agree to this request.** As explained above, Dr. Holland should be permitted up to six hours to complete her examination of A.D., non-inclusive of any breaks. Six hours is well within the parameters of a Rule 35 examination. See *Brutscher v. Geico General Insurance Co.*, No. C14-1094RSL, 2015 U.S. Dist. LEXIS 180702, at *4 (W.D. Wash. Mar. 3, 2015) (noting that "a number of courts have permitted Rule 35 examinations that last approximately ten or more hours").

### Conclusion

For the reasons stated, Frontier respectfully submits that the Court should grant the instant Motion for Rule 35 examination in accordance with Dr. Holland's revised proposed protocol set forth above, and for any other relief this Court deems just and proper.

DATED this 22nd day of June, 2022             Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Matthew D. Martin*
　　　　　　　　　　　　　　　　　　　　　　　Lawrence S. Gosewisch (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Brian T. Maye (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Matthew D. Martin (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　ADLER MURPHY & McQUILLEN LLP
　　　　　　　　　　　　　　　　　　　　　　　20 South Clark Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　　　　Phone: (312) 345-0700
　　　　　　　　　　　　　　　　　　　　　　　Email: lgosewisch@amm-law.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　bmaye@amm-law.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　mmartin@amm-law.com

　　　　　　　　　　　　　　　　　　　　　　　Charles A. Michalek (Nevada Bar No. 5721)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

### CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

John D. McKay
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: (800) 391-3654
Email: johndmckayatty@gmail.com

Timothy R. Titolo
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com

***Attorneys for Plaintiffs***

By: */s/ Matthew D. Martin*