CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch *(admitted pro hac vice)*
Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted pro hac vice)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
bmaye@amm-law.com
mmartin@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| Plaintiffs, | **FRONTIER AIRLINES, INC.'S MOTION TO COMPEL** |
| v. | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, | |
| Defendants. | |

**DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO COMPEL**
**PURSUANT TO FED. R. CIV. P. 37 AND LOCAL RULE 26-6**

Defendant Frontier Airlines, Inc. ("Frontier"), by its undersigned counsel, submits this Motion to Compel pursuant to Fed. R. Civ. P. 26 and 37 and LR 26-6. Frontier's Motion is premised on the below

- 1 -

Memorandum of Points and Authorities, the pleadings and papers on file, and any oral argument this Court may permit.

July 25, 2022                                                                 Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: /s/ Brian T. Maye

Lawrence S. Gosewisch *(*admitted *pro hac vice*)
Brian T. Maye *(*admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
          bmaye@amm-law.com
          mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Frontier served its initial written discovery on Plaintiffs on October 4, 2019. Frontier requested, among other things, that Plaintiffs identify fact witnesses, produce medical records and bills, and produce information to support any economic damages. Frontier also requested that Plaintiffs provide a computation of damages as required under Rule 26(a)(1). To date, Plaintiff Peter Delvecchia ("Plaintiff Delvecchia") has not (1) identified medical expenses incurred, (2) produced medical bills or (3) provided a computation of damages that itemizes claimed economic losses.

Therefore, on June 8, 2022, Frontier issued supplemental written discovery to seek clarification on various factual issues. Frontier's First Set of Requests for Admission to Plaintiff Delvecchia ("Requests for Admission"), Second Set of Interrogatories to Plaintiff Delvecchia ("Second Interrogatories"), and Second Set of Requests for Production of Documents to Plaintiffs ("Second Document Requests") are attached hereto as **Exhibits A-C**, respectively. The Requests for Admission asked for admissions with respect to injuries, damages and percipient witnesses. See Ex. A. The Second Interrogatories asked for the identities of percipient witnesses and passengers who provided Plaintiffs with written statements. See Ex. B. The Second Document Requests (Nos. 2-9) requested the production of certain documents relating to any denials of the referenced Requests for Admission. See Ex. C.

On June 30, 2022, Plaintiff Delvecchia responded to Frontier's Requests for Admission. Plaintiff Delvecchia's Responses to Requests for Admission are attached hereto as **Ex. D**. On July 6, 2022, Plaintiffs responded to Frontier's Second Interrogatories and Document Requests. Plaintiffs' Responses to Frontier's Second Interrogatories and Document Requests are attached hereto as **Ex. E and F**, respectively. With respect to Frontier's Requests for Admission, Plaintiff Delvecchia denied six of the

eight requests. See Ex. D. As to Frontier's Second Interrogatories, Plaintiff Delvecchia improperly objected by quoting (and citing to) objections Frontier previously asserted in response to Plaintiffs' First Set of Interrogatories. See Ex. E. Regarding Frontier's Second Document Requests, Plaintiffs objected to Request No. 1 by quoting (and citing to) Frontier's objection to Request No. 1 of Plaintiffs' First Set of Requests for Production of Documents. See Ex. F.  As to Document Requests Nos. 2, 3, 5, 6, 8 and 9[1], Plaintiffs responded that the requests were not applicable because Plaintiff A.D. did not deny the referenced Requests for Admission. *Id.* We note, however, that Frontier's Requests for Admission were *not* directed to Plaintiff A.D. Rather, they were directed to Plaintiff Delvecchia, who denied Requests for Admission Nos. 1, 2, 4, 5, 7, and 8, making the Document Requests at issue obviously "applicable."

Frontier's Requests for Admission, Second Interrogatories and Second Document Requests seek the production of information that is undeniably relevant and discoverable. Instead of responding to such requests in good faith, however, Plaintiffs inappropriately quoted objections previously asserted by Frontier (without answering), or wrongly claimed that the requests were "Not applicable." Because the relevancy is plain from the face of each request at issue, Plaintiff Delvecchia has the burden to show that discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Because Plaintiff Delvecchia cannot make such a showing, Frontier respectfully asks the Court to order him to fully respond to the written discovery at issue.

II.     **LEGAL STANDARD**

Parties may obtain discovery if the information is (1) relevant, (2) proportional, and (3) not privileged. *Tsatas v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2022 U.S. Dist.

---

[1] Document Requests Nos. 2, 3, 5, 6, 8 and 9 correspond with Requests for Admission Nos. 1, 2, 4, 5, 7 and 8.

- 4 -

LEXIS 3396, at *4-6 (D. Nev. Jan. 7, 2022). The party seeking to compel discovery responses must make a threshold showing that the discovery sought is relevant. *See, e.g., Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992). This is a "relatively low threshold[.]" *Nat'l Rifle Ass'n of Am. v. Cuomo*, 332 F.R.D. 420, 428 (N.D.N.Y. 2019). Once relevancy is shown, or if relevancy is plain from the face of the request, the party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by articulated reasoning. *U.S. E.E.O.C.*, 237 F.R.D. at 432. *Guerra v. Dematic Corp.,* No. 3:18-CV-00376-LRH-CLB, 2022 U.S. Dist. LEXIS 69770, at *6 (D. Nev. Apr. 15, 2022).

## III.   DISCOVERY REQUESTS, OBJECTIONS AND RESPONSES

**Frontier's Second Set of Interrogatories to Plaintiff Peter Delvecchia (1-4)**

1.   State the full name, address, and telephone number of any person(s) who witnessed or observed Defendant Warren commit a battery upon Plaintiff Peter DelVecchia during the Subject Flight.

**OBJECTION:** "*[Plaintiff] objects to Interrogatory No. 1 because it is overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. [Plaintiff] also objects to Interrogatory No. 1 because producing such information may violate privacy rights held by [such witnesses].*" Defendant Frontier Airlines, Inc.'s Answers to Plaintiffs' Interrogatories dated November 21, 2019 (modified).

2.   State the full name, address, and telephone number of any person(s) who witnessed Defendant Warren re-seat, move, direct and/or escort A.D. from Row 17 to Row 30 during the Subject Flight.

**OBJECTION:** "*[Plaintiff] objects to Interrogatory No. 2 because it is overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. [Plaintiff] also objects to Interrogatory No. 2 because producing such information may violate privacy rights held by [such witnesses].*" Defendant Frontier Airlines, Inc.'s Answers to Plaintiffs' Interrogatories dated November 21, 2019 (modified).

3.   State the full name, address, and telephone number of any person(s) who heard the allegedly defamatory statements made by Defendant Warren during the Subject Flight and/or on the Subject Aircraft.

**OBJECTION:** "*[Plaintiff] objects to Interrogatory No. 3 because it is overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. [Plaintiff] also objects to Interrogatory No. 3 because producing such information may violate privacy rights held by [such witnesses].*" Defendant Frontier Airlines, Inc.'s Answers to Plaintiffs' Interrogatories dated November 21, 2019 (modified).

4.     Identify all passengers who have provided you with written statements regarding the Subject Flight, or their observations of the flight attendants during the Subject Flight.

**OBJECTION:** "*[Plaintiff] objects to Interrogatory No. 4 because it is overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. [Plaintiff] also objects to Interrogatory No. 4 because producing such information may violate privacy Rights of such passengers].*" Defendant Frontier Airlines, Inc.'s Answers to Plaintiffs' Interrogatories dated November 21, 2019 (modified).

**Frontier's Second Set of Requests for Documents to Plaintiffs (1-3, 5, 6, 8 and 9)[2]**

1.     All documents, including, but not limited to, correspondence, emails with all attachments, letters, and facsimile transmissions received by you pursuant to a subpoena or FOIA issued by you to third-parties. This Request includes all "no record statements" and Declarations and Certifications of Authenticity of Records received in response to any request for records.

**OBJECTION:** "*[Plaintiffs] object[ ] to Request for Production No. 1 on the grounds that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. [Plaintiffs] further object on the grounds that producing such information may violate privacy rights held by [certain] individual[s].*" Defendant Frontier Airlines, Inc.'s Responses to Requests for Production dated November 18, 2019 (modified).

2.     If you denied Frontier's Request to Admit No. 1 to Plaintiff Peter DelVecchia, produce all invoices and other documents that show that you incurred medical expenses related to your claims set forth in the Third Amended Complaint.

**RESPONSE:** Not applicable. Plaintiff A.D. did not deny the referenced Request to Admit.

3.     If you denied Frontier's Request to Admit No. 2 to Plaintiff Peter DelVecchia, produce all documents that show that you sustained economic damages related to your claims set forth in the Third Amended Complaint.

**RESPONSE:** Not applicable. Plaintiff A.D. did not deny the referenced Request to Admit.

---

[2] Plaintiff Peter Delvecchia denied Frontier's Requests for Admission Nos. 1, 2, 4, 5, 7 and 8, which correspond with Document Requests Nos. 2, 3, 5, 6, 8 and 9.

5.    If you denied Frontier's Request to Admit No. 4 to Plaintiff Peter DelVecchia, produce all documents that show that you were diagnosed as having suffered a concussion as a result of the Incident.

**RESPONSE:** Not applicable. Plaintiff A.D. did not deny the referenced Request to Admit (nor has he claimed that he suffered a concussion).

6.    If you denied Frontier's Request to Admit No. 5 to Plaintiff Peter DelVecchia, produce all documents that show that you received treatment from a medical or mental health professional related to the Incident.

**RESPONSE:** Not applicable. Plaintiff A.D. did not deny the referenced Request to Admit.

8.    If you denied Frontier's Request to Admit No. 7 to Plaintiff Peter DelVecchia, produce all documents that demonstrate, show, establish, relate to or address passengers having heard the allegedly defamatory statements made by Defendant Warren during the Subject Flight or on the Subject Aircraft.

**RESPONSE:** Not applicable. Plaintiff A.D. did not deny the referenced Request to Admit.

9.    If you denied Frontier's Request to Admit No. 8 to Plaintiff Peter DelVecchia, produce all documents that demonstrate, show, establish, relate to or address passengers having witnessed or observed Defendant Warren commit a battery upon Plaintiff Peter DelVecchia during the Subject Flight.

**RESPONSE:** Not applicable. Plaintiff A.D. did not deny the referenced Request to Admit.

## IV.    ARGUMENTS

The written discovery at issue seeks information that is clearly relevant, proportional to the needs of the case, and not privileged. As such, Plaintiffs have a duty to exercise due diligence in determining whether responsive information exists. *Takiguchi v. MRI Int'l, Inc*., No. 2:13cv-1183-HDM-VCF, 2016 U.S. Dist. LEXIS 18340, at *5 (D. Nev. Feb. 12, 2016). If responsive information does exist, Plaintiffs must produce such information to Frontier. *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.,* Nos. 2:05-cv-01532-RLH-GWF, 2:06-cv-00101-RLH-GWF, 2007 U.S. Dist. LEXIS 13956, at *14 (D. Nev. Feb. 21, 2007)("Each party is required to comply with the Federal Rules of Civil Procedure in responding to discovery.").

Here, instead of evaluating Frontier's Second Interrogatories and Second Document Request No. 1 on the merits, Plaintiffs flippantly inserted objections previously asserted by Frontier in 2019. With respect to Frontier's Second Document Requests No. 1-3, 5, 6, 8 and 9, Plaintiffs refused to furnish the requested information despite having a clear duty to do so. Through their improper objections and responses, Plaintiffs have pursued a course that runs counter to the spirit of cooperation, all but guaranteeing that Frontier would be required to seek judicial intervention. See *Playup, Inc. v. Mintas,* No. 2:21-cv-02129-GMN-NJK, 2022 U.S. Dist. LEXIS 81586, at *1 (D. Nev. May 5, 2022) (Counsel should strive to be cooperative, practical, and sensible with respect to completing discovery in order to avoid judicial intervention). Frontier has made efforts in this case to avoid seeking the Court's involvement in the discovery process, recognizing judicial economy concerns. However, in this instance, Frontier had no choice considering that the discovery sought is so elemental to its defense and the response so brazen and provocative.

The federal rules of civil procedure should be employed by the parties to secure the just, speedy, and inexpensive determination of the facts at issue. *Martin v. Nevada*, No. 2:18-cv-02426-RFB-VCF, 2021 U.S. Dist. LEXIS 209226, at *2-3 (D. Nev. Oct. 28, 2021). The approach taken by Plaintiffs with respect to responding to the discovery at issue does anything but promote efficiency and swift resolution. Rather, their decision to quote Frontier's previous objections to unrelated discovery and to refuse to respond to proper discovery requests hinder the process for no legitimate purpose.

## V.     STATEMENT OF COMPLIANCE WITH LR II 26-6

Frontier's counsel, Brian Maye and Richard Harris, held a meet and confer session by telephone with counsel for Plaintiffs, John McKay, on July 19, 2022. Counsel addressed all requests that are the subject of this Motion. Counsel were unable to reach agreement on any of the requests at issue. The

parties were therefore unable to resolve any of the objections or Plaintiffs' failure to properly respond to the written discovery requests.

## VI. CONCLUSION

For all of the reasons set forth above, Frontier respectfully moves this Court for an Order pursuant to Rule 37(a)(1) requiring Plaintiff Delvecchia to fully respond to its Second Interrogatories and Documents Requests 1-3, 5, 6, 8 and 9, and for such other and further relief as the Court deems appropriate.

July 25, 2022                                                                   Respectfully submitted,

/s/ Brian T. Maye
Lawrence S. Gosewisch *(admitted pro hac vice)*
Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
            bmaye@amm-law.com
            mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

                                             /s/ Brian T. Maye