# EXHIBIT A

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
       bmaye@amm-law.com
       mmartin@amm-law.com

***Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren, and Rex Shupe***

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br>SCOTT WARREN, and REX SHUPE,<br><br>    *Defendants*. | Case No.: 2:19-cv-01322-KJD-DJA<br><br>**FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF PETER DELVECCHIA** |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF PETER DELVECCHIA**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), pursuant to Fed. R. Civ. P. 36, hereby serves the following Requests for Admission on Plaintiff PETER DELVECCHIA to be answered within 30 days of service hereof.

- 1 -

# INSTRUCTIONS

1. Unless otherwise indicated, these Requests to Admit refer to the time, place, and circumstances of the occurrences and events mentioned, referred to, or complained of in Plaintiffs' Third Amended Complaint and any amendments thereto (the "Third Amended Complaint").

2. Where the identity of a person is requested, state each person's full name, home address, home telephone number, employer, profession or trade, business address, business telephone number, last four numbers of his/her social security number, place of birth, and date of birth.

3. Where the identity of a corporation, business, partnership, hospital, medical center, clinic, institution, or other entity is requested, for each such entity state its full legal name, its popular or "d/b/a" name(s) (if different), its address, and its telephone number.

4. Where you are asked to identify documents, for each document state its type (e.g., letter, video tape, memorandum, etc.), its location, and the custodian or bearer of each such document.

5. In answering these Interrogatories, you are required to furnish all information available to you, including but not limited to information in the possession of your attorneys, agents, associates, relatives, and friends. If you are unable to answer any Interrogatory fully or completely, so state in your answer to that Interrogatory that you purport to be unable to answer fully or completely, state the facts on which you rely in contending that you are unable to answer the Interrogatory fully or completely and, state the knowledge that you have concerning the unanswered portion of the Interrogatory.

6. If you maintain that any information or documentation responsive to these Interrogatories is privileged, or if you have withheld any such responsive information or documentation on any ground of confidentiality, with regard to all such information or documentation, set forth:

    a. The legal nature of the privilege or claim of confidentiality asserted;

    b. The factual basis for asserting the privilege or claim of confidentiality;

    c. The subject matter to which the privilege or claim of confidentiality relates;

    d. With respect to a document, identify the document by subject matter, date of creation, date of distribution, and type (e.g., letter, memorandum, tape, computer diskette, etc.), state the number of pages and attachments of the document, identify each person to whom the document (or copy thereof) was sent or shown, and state the reason each such person was sent or shown the document (or copy thereof); and

    e. With respect to information other than a document, identify the person or persons from whom such information was obtained and identify each person or persons to whom such information was communicated in any way.

7. An objection that an Interrogatory is overbroad or exceeds the scope of permissible discovery does not relieve you of the duty to respond to that portion which is not subject to the objection. If you make any such objection, you are requested to specifically state what limitations you claim should be made on the Interrogatory, and to respond to that portion of the discovery request which is not subject to such limitations.

8. Each Interrogatory should be deemed continuing so as to require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure. As such, you are required to supplement your answers to include information acquired after providing your answers to these Interrogatories if you obtain information upon the basis of which you know that an answer was incorrect or incomplete when made, or you know that an answer, though correct and complete when made, is no longer true and complete and the circumstances are such that a failure to amend the answer is in substance misleading or a knowing concealment.

## **DEFINITIONS**

As used herein, the term(s):

1. "Documents" means and includes, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRI's, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

2. "Person" or "persons" mean any natural person or any entity including, but not limited to: any corporation; partnership; association; company; estate; business; governmental entity; or agency (public or private), having a separate identification, which is recognized either in law or in fact.

3. "You," "your," or "Plaintiff" means Peter Delvecchia or any and all other persons acting on his behalf.

4. "Incident" means the events and circumstances which occurred on or about March 28, 2019, giving rise to the present cause of action, as further set forth in Plaintiffs' Third Amended Complaint.

5. "Subject flight" means Frontier's Flight 2067 from RDU to LAS on March 28, 2019, which is the subject of Plaintiffs' Third Amended Complaint.

6. "Subject Aircraft" means the aircraft on which Plaintiffs were passengers for the Subject Flight.

7. "Mental Disorder" means the mental disorders listed in, and defined by, the Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5).

8. "Economic Damages" means monetary losses such as past and future medical expenses, loss of past and future earnings, loss of use of property, costs of repair or replacement of property, the economic value of domestic services, and loss of employment or business opportunities.

## REQUESTS

1. Admit that you have not incurred any medical expenses related to your claims set forth in the Third Amended Complaint.

**ANSWER:**

2. Admit that you have not sustained any economic damages related to your claims set forth in the Third Amended Complaint.

**ANSWER:**

3. Admit that you have not been treated by a medical or mental health professional for severe or extreme emotional distress caused by the Incident.

**ANSWER:**

4. Admit that you have never been diagnosed as having suffered a concussion as a result of the Incident.

**ANSWER:**

5. Admit that you have never received treatment from a medical or mental health professional related to the Incident.

**ANSWER:**

6. Admit that you have never been diagnosed with a Mental Disorder related to the Incident.

**ANSWER:**

7. Admit that you are not aware of any passenger who heard the allegedly defamatory statements made by Defendant Warren during the Subject Flight or on the Subject Aircraft.

**ANSWER:**

- 4 -

8. Admit that you are not aware of any person who witnessed or observed Defendant Warren commit a battery upon Plaintiff Peter Delvecchia during the Subject Flight.

**ANSWER:**

DATED this 8th day of June, 2022

Respectfully submitted,

/s/ Brian T. Maye
Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
         bmaye@amm-law.com
         mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

## CERTIFICATE OF SERVICE

Pursuant to LR IC 4-1, I hereby certify that on the 8th day of June, 2022, the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF PETER DELVECCHIA** was served upon the following counsel of record *by email only*:

John D. McKay
PARK AVENUE LAW LLC
127 West Fairbanks Avenue, Suite 519
Winter Park, Florida 32789
Phone: (800) 391-3654
Email: johndmckayatty@gmail.com

Timothy R. Titolo
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com

*Attorneys for Plaintiffs*

/s/ Brian T. Maye

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye *(*admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
bmaye@amm-law.com
mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com