# EXHIBIT C

CHARLES A. MICHALEK
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

LAWRENCE S. GOSEWISCH (admitted *pro hac vice*)
BRIAN T. MAYE (admitted *pro hac vice*)
MATTHEW D. MARTIN (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
       bmaye@amm-law.com
       mmartin@amm-law.com

*Attorneys for Defendant FRONTIER AIRLINES, INC.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, <br><br> Defendants. | Case No.: 2:19-cv-01322-KJD-DJA <br><br> **FRONTIER AIRLINES, INC.'S SECOND SET OF REQUESTS TO PRODUCE TO PLAINTIFFS** |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**SECOND SET OF REQUESTS TO PRODUCE TO PLAINTIFFS**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), pursuant to Fed. R. Civ. P. 34, hereby serves the following Second Set of Requests to Produce on Plaintiffs to be responded to within 30 days of service hereof.

- 1 -

# INSTRUCTIONS

1. In responding to these Requests, you are required to furnish all information available to you, including but not limited to information in the possession of your attorneys, agents, associates, and any other person or entity acting on your behalf, and not merely such information and documents as are within your personal possession.

2. If you maintain that any information or documentation responsive to these Requests is privileged, or if you have withheld any such responsive information or documentation on any ground of confidentiality, with regard to all such information or documentation, set forth:

   a. The legal nature of the privilege or claim of confidentiality asserted;

   b. The factual basis for asserting the privilege or claim of confidentiality;

   c. The subject matter to which the privilege or claim of confidentiality relates;

   d. With respect to a document, identify the document by subject matter, date of creation, date of distribution, and type (e.g., email, letter, memorandum, tape, computer diskette, etc.), state the number of pages and attachments of the document, identify each person to whom the document (or copy thereof) was sent or shown, and state the reason each such person was sent or shown the document (or copy thereof); and

   e. With respect to information other than a document, identify the person or persons from whom such information was obtained and identify each person or persons to whom such information was communicated in any way.

3. An objection that a Request is overbroad or exceeds the scope of permissible discovery does not relieve you of the duty to respond to that portion which is not subject to the objection. If you make any such objection, you are requested to specifically state what limitations you claim should be made on the Request, and to respond to that portion of the Request which is not subject to such limitations.

4. If, after exercising due diligence to secure the documents necessary to provide a complete response to any of these Requests, you are unable to provide a response, please provide a statement to that effect followed by an explanation of your inability to provide a complete response to each Request, a detailed account of the efforts you have made to secure any documents which you have been unable to obtain, and the most complete response to each Request that you can provide.

5. If you maintain that any document to be produced pursuant to any of these Requests has been lost, misplaced, or destroyed, please set forth:

    a.    The last known custodian of the document;

    b.    Whether the document has been lost, misplaced, or destroyed;

    c.    The date on which the document was lost, misplaced, or destroyed;

    d.    The manner in which the document was lost, misplaced, or destroyed;

    e.    The reason(s) (if known) that the document was lost, misplaced, or destroyed;

    f.    The name(s) of the person(s) (if known) who lost, misplaced, or destroyed the document;

    g.    The name(s) of the person(s) (if known) who authorized the destruction of the document (if applicable);

    h.    Any efforts made to locate, recover, and/or salvage the document; and

    i.    A statement describing the document, including: a summary of its contents, the identity of its author, the identity of each person to whom it was addressed, and the identity of each person to whom the original or a copy was sent or shown.

6.    If any document requested is no longer in existence, please:

    a.    Identify all information contained in the document;

    b.    Classify the document by type (e.g., email, letter, memorandum, tape, computer diskette, etc.);

    c.    State the time period during which the document was maintained;

    d.    State the circumstances under which the document ceased to exist;

    e.    Identify all persons having knowledge of the circumstances under which the document ceased to exist, and

    f.    Identify all persons who have knowledge or who had knowledge of the document and its contents.

7.    Each Request should be deemed continuing so as to require prompt supplemental responses in accordance with the Federal Rules of Civil Procedure.

## DEFINITIONS

As used herein, the term(s):

1.      "Documents" means and includes, without limitation, all items which embody any handwritten, typed, printed, taped, recorded, filmed, oral, visual, or electronic communications or representations, agreements, contracts, letters, carbon copies of letters, telegrams, telexes, bulletins, receipts, financial statements, facsimile transmissions, circulars, notices, specification sheets, instructions, literature, books, magazines, newspapers, booklets, work assignments, reports, motion picture films, video tapes, audio tapes, photographs, kinescopes, x-rays, MRI's, other graphic test results, transcripts, sound recordings, photographs, studies, analyses, surveys, drawings (including architectural drawings), sketches, paintings, memoranda, memoranda of conversations, notes, notebooks, diaries, calendars, data sheets, work sheets, calculations, drafts of aforesaid, computer-readable material, and all copies of the aforesaid upon which have been placed any additional marks or notations.

2.      "Regarding" or "relating to" shall mean constituting, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter identified, in whole or in part.

3.      "You," "your," or "Plaintiffs" means Peter DelVecchia, A.D., and any other persons acting on their behalf.

4.      "Incident" means the events and circumstances which occurred on or about March 28, 2019, giving rise to the present cause of action, as further set forth in Plaintiffs' Third Amended Complaint.

5.      "Subject flight" means Frontier's Flight 2067 from RDU to LAS on March 28, 2019, which is the subject of Plaintiffs' Third Amended Complaint.

6.      "Subject Aircraft" means the aircraft on which Plaintiffs were passengers for the Subject Flight.

7.      "Mental Disorder" means the mental disorders listed in, and defined by, the Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5).

**DOCUMENT REQUESTS**

1.      All documents, including, but not limited to, correspondence, emails with all attachments, letters, and facsimile transmissions, received by you pursuant to a subpoena or FOIA issued by you to third-parties. This Request includes all "no record statements" and Declarations and Certifications of Authenticity of Records received in response to any request for records.

2.      If you denied Frontier's Request to Admit No. 1 to Plaintiff Peter Delvecchia, produce all invoices and other documents that show that you incurred medical expenses related to your claims set forth in the Third Amended Complaint.

3. If you denied Frontier's Request to Admit No. 2 to Plaintiff Peter Delvecchia, produce all documents that show that you sustained economic damages related to your claims set forth in the Third Amended Complaint.

4. If you denied Frontier's Request to Admit No. 3 to Plaintiff Peter Delvecchia, produce all documents that show that you have been treated by a medical or mental health professional for severe or extreme emotional distress caused by the Incident.

5. If you denied Frontier's Request to Admit No. 4 to Plaintiff Peter Delvecchia, produce all documents that show that you were diagnosed as having suffered a concussion as a result of the Incident.

6. If you denied Frontier's Request to Admit No. 5 to Plaintiff Peter Delvecchia, produce all documents that show that you received treatment from a medical or mental health professional related to the Incident.

7. If you denied Frontier's Request to Admit No. 6 to Plaintiff Peter Delvecchia, produce all documents that show that you were diagnosed with a Mental Disorder related to the Incident.

8. If you denied Frontier's Request to Admit No. 7 to Plaintiff Peter Delvecchia, produce all documents that demonstrate, show, establish, relate to or address passengers having heard the allegedly defamatory statements made by Defendant Warren during the Subject Flight or on the Subject Aircraft.

9. If you denied Frontier's Request to Admit No. 8 to Plaintiff Peter Delvecchia, produce all documents that demonstrate, show, establish, relate to or address passengers having witnessed or observed Defendant Warren commit a battery upon Plaintiff Peter Delvecchia during the Subject Flight.

DATED this 8th day of June, 2022

Respectfully submitted,

/s/ Brian T. Maye
Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
        bmaye@amm-law.com
        mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101

Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

*Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe*

**CERTIFICATE OF SERVICE**

Pursuant to LR IC 4-1, I hereby certify that on the 8th day of June, 2022, the foregoing **DEFENDANT FRONTIER AIRLINES, INC.'S SECOND SET OF REQUESTS TO PRODUCE** was served upon the following counsel of record *by email only*:

John D. McKay
PARK AVENUE LAW LLC
127 West Fairbanks Avenue, Suite 519
Winter Park, Florida 32789
Phone: (800) 391-3654
Email: johndmckayatty@gmail.com

Timothy R. Titolo
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com

*Attorneys for Plaintiffs*

/s/ Brian T. Maye

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
       bmaye@amm-law.com
       mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com