# EXHIBIT D

Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
(434) 531-9569
johndmckayatty@gmail.com
***Attorneys for Plaintiffs***

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | **PLAINTIFF PETER DELVECCHIA'S RESPONSES AND OBJECTIONS TO DEFENDANT FRONTIER'S FIRST SET OF REQUESTS FOR ADMISSIONS** |
| vs. | |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

Plaintiff Peter DelVecchia, by counsel, hereby responds to the First Set of Requests for Admissions propounded by Defendant Frontier Airlines, Inc. ("Frontier") pursuant to Fed.R.Civ.P. 36 as follows:

OBJECTION TO THE INSTRUCTIONS

Plaintiff objects to the instructions preceding the Requests. They are boilerplate instructions that pertain to interrogatories, not requests for admissions, and they are nonsensical as applied to the latter.

RESPONSES AND OBJECTIONS TO THE REQUESTS

1. Admit that you have not incurred any medical expenses related to your claims set forth in the Third Amended Complaint.

**ANSWER:** Denied.

2. Admit that you have not sustained any economic damages related to your claims set forth in the Third Amended Complaint.

**ANSWER:** Denied.

3. Admit that you have not been treated by a medical or mental health professional for severe or extreme emotional distress caused by the Incident.

**ANSWER:** Admitted.

4. Admit that you have never been diagnosed as having suffered a concussion as a result of the Incident.

**ANSWER:** Denied.

5. Admit that you have never received treatment from a medical or mental health professional related to the Incident.

**ANSWER:** Denied.

6. Admit that you have never been diagnosed with a Mental Disorder related to the Incident.

**OBJECTION:** Plaintiff is not a health care professional, nor has he received any education or training that would enable him to interpret the full contents of the "Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5)," which interpretation is a prerequisite to responding to this Request. Moreover, he does not have access to that publication, nor does Rule 36 require him to read it.

7. Admit that you are not aware of any passenger who heard the allegedly defamatory statements made by Defendant Warren during the Subject Flight or on the Subject Aircraft.

**ANSWER:** Denied.

8. Admit that you are not aware of any person who witnessed or observed Defendant Warren commit a battery upon Plaintiff Peter Delvecchia [*sic*] during the Subject Flight.

**ANSWER:** Denied.

DATED this 30th day of June, 2022.

*Attorney for Plaintiffs Peter DelVecchia
And A.D., a Minor*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2022, pursuant to prior agreement of counsel permitting electronic service by email, I served the foregoing responses and objections on counsel for Defendants by email addressed to the following persons:

>Brian T. Maye, Esq.
>Lawrence S. Gosewisch, Esq.
>Matthew D. Martin, Esq.
>ADLER MURPHY & McQUILLEN LLP
>20 South Clark Street, Suite 2500
>Chicago, Illinois 60603
>Email: bmaye@amm-law.com
>      lgosewisch@amm-law.com
>      mmartin@amm-law.com
>
>Charles A. Michalek, Esq.
>ROGERS, MASTRANGELO, CARVALHO & MITCHELL
>700 South Third Street
>Las Vegas, Nevada 89101
>Email: cmichalek@rmcmlaw.com

