# EXHIBIT E

Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
(434) 531-9569
johndmckayatty@gmail.com
***Attorneys for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, *et al.*,    ) | **Case No: 2:19-CV-01322-KJD-DJA** |
| ) | |
| Plaintiffs,    ) | **PLAINTIFF PETER DELVECCHIA'S** |
| ) | **OBJECTIONS TO DEFENDANT** |
| vs.    ) | **FRONTIER'S SECOND SET** |
| ) | **OF INTERROGATORIES** |
| ) | |
| FRONTIER AIRLINES, INC., *et al.*,    ) | |
| Defendants.    ) | |
| ) | |

Plaintiff Peter DelVecchia ("Plaintiff"), by counsel, hereby responds to the Second Set of Interrogatories propounded by Defendant Frontier Airlines, Inc. ("Frontier") pursuant to Fed.R.Civ.P. 33 as follows:

OBJECTION TO THE INSTRUCTIONS

Plaintiff objects to the instructions preceding the Interrogatories. They are boilerplate instructions that attempt to alter Plaintiff's responsibilities under the Federal Rules of Civil Procedure and/or state rules that Frontier itself has repeatedly refused to follow in this litigation. Plaintiff will

PETER DELVECCHIA'S OBJECTIONS TO 2d SET OF INTERROGATORIES
Page 1 of 3

respond in accordance with the Federal Rules of Civil Procedure, and does not agree to comply with any additional terms.

OBJECTION TO THE DEFINITIONS

Plaintiff objects to Definitions 1-3 and 7, as they attempt to ascribe meanings to ordinary words that differ from common usage. Plaintiff will assume any word used in the Interrogatories carries only its ordinary dictionary meaning for the specific context in which it is used. Plaintiff does not agree to be bound by any artificially ascribed different or expanded meanings contained in the Definitions.

OBJECTIONS TO THE INTERROGATORIES

1. State the full name, address, and telephone number of any person(s) who witnessed or observed [*sic*] Defendant Warren commit a battery upon Plaintiff Peter DelVecchia during the Subject Flight.

**OBJECTION:** "*[Plaintiff] objects to Interrogatory No. 1 because it is overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. [Plaintiff] also objects to Interrogatory No. 1 because producing such information may violate privacy rights held by [such witnesses].*" Defendant Frontier Airlines, Inc.'s Answers to Plaintiffs' Interrogatories dated November 21, 2019 (modified).

2. State the full name, address, and telephone number of any person(s) who witnessed Defendant Warren re-seat, move, direct and/or escort A.D. from Row 17 to Row 30 during the Subject Flight.

**OBJECTION:** "*[Plaintiff] objects to Interrogatory No. 2 because it is overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. [Plaintiff] also objects to Interrogatory No. 2 because producing such information may violate privacy rights held by [such witnesses].*" Defendant Frontier Airlines, Inc.'s Answers to Plaintiffs' Interrogatories dated November 21, 2019 (modified).

3. State the full name, address, and telephone number of any person(s) who heard the allegedly defamatory statements made by Defendant Warren during the Subject Flight and/or on the Subject Aircraft [*sic*].

**OBJECTION:** "*[Plaintiff] objects to Interrogatory No. 3 because it is overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. [Plaintiff] also objects to Interrogatory No. 3 because producing such information may violate privacy rights held by [such witnesses].*" Defendant Frontier Airlines, Inc.'s Answers to Plaintiffs' Interrogatories dated November 21, 2019 (modified).

4. Identify all passengers who have provided you with written statements regarding the Subject Flight, or their observations of the flight attendants during the Subject Flight.

**OBJECTION:** "*[Plaintiff] objects to Interrogatory No. 4 because it is overly broad, seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. [Plaintiff] also objects to Interrogatory No. 4 because producing such information may violate privacy rights held by [such passengers]."* Defendant Frontier Airlines, Inc.'s Answers to Plaintiffs' Interrogatories dated November 21, 2019 (modified).

DATED this 6th day of July, 2022.

_____
*Attorney for Plaintiff Peter DelVecchia*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2022, pursuant to prior agreement of counsel permitting electronic service by email, I served the foregoing responses and objections on counsel for Defendants by email addressed to the following persons:

> Brian T. Maye, Esq.
> Lawrence S. Gosewisch, Esq.
> Matthew D. Martin, Esq.
> ADLER MURPHY & McQUILLEN LLP
> 20 South Clark Street, Suite 2500
> Chicago, Illinois 60603
> Email: bmaye@amm-law.com
>    lgosewisch@amm-law.com
>    mmartin@amm-law.com
>
> Charles A. Michalek, Esq.
> ROGERS, MASTRANGELO, CARVALHO & MITCHELL
> 700 South Third Street
> Las Vegas, Nevada 89101
> Email: cmichalek@rmcmlaw.com

_____