# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Peter DelVecchia, individually and as next friend of A.D., a minor, | Case No. 2:19-cv-01322-KJD-DJA |
| Plaintiff, | **Order** |
| v. | |
| Frontier Airlines, Inc., et al., | |
| Defendants. | |

This is a discrimination action arising out of Frontier's separation of Peter DelVecchia and his adopted son, A.D., during a flight for suspected human trafficking. Plaintiffs sue Defendant Frontier Airlines, Inc. for damages, claiming that the airline racially profiled them. Plaintiffs move to compel Frontier to remove its redactions of passenger name and contact information along with employee emails and employee numbers from hundreds of discrimination complaints and passenger incident reports that Frontier produced. (ECF No. 164). Plaintiffs assert that they wish to contact the passengers who made these complaints. Plaintiffs also move to compel Frontier to respond to certain of their discovery requests, many of which are related to these prior discrimination complaints. (ECF No. 170).

Because the Court finds that Plaintiffs have not made a threshold showing that the information they seek is relevant or proportional, it denies Plaintiffs' fourth motion to compel (ECF No 164) in its entirety and denies Plaintiffs' fifth motion to compel (ECF No. 170) in part. The Court grants Plaintiffs' fifth motion to compel (ECF No. 170) in part to the extent Frontier has additional responsive information. The Court finds these matters properly resolved without a hearing. LR 78-1.

## I. Background.

### A. *Plaintiffs' fourth motion to compel (ECF No. 164).*

At issue are Plaintiffs' Request for Production (RFP) Number 47:

> **RFP No. 47:**
> All Documents/ESI containing and/or describing any complaint(s) received by Frontier since January 1, 2009 that allege any act of discrimination on the basis of race conducted or condoned by a Frontier employee, including, without limitation, a copy of each complaint and any Documents/ESI containing, or describing actions taken by Frontier's management in response to each complaint.
> **Frontier's response:**
> Frontier objects to Request for Production No. 47 on the ground that it is overly broad and seeks information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

(ECF No. 164 at 3-4).

After Plaintiffs moved to compel a response to this request, the Court found that

> prior complaints of race discrimination are relevant to Plaintiff's Section 1981 claim and [the Court] will narrow the request to be proportional to the needs of the case as follows: Defendant shall provide a supplemental response of any race discrimination complaints filed by passengers, not employees, over the past 5 years only, and limited geographically to the continental United States.

(ECF No. 83 at 4).

When Frontier produced the responsive records, it redacted the name and contact information of passengers, employee email addresses, and employee numbers (but not employee names). (ECF No. 134 at 4-5); (ECF No. 164 at 3 n.1). Plaintiffs' counsel emailed counsel for Frontier, arguing that the redactions were improper. (ECF No. 134 at 4-5). Frontier responded that 14 C.F.R. § 243.9(c)—governing procedures for airlines to collect and maintain information—and case law interpreting that provision prohibited Frontier from releasing this information. (*Id.*).

Plaintiffs then moved for sanctions, arguing in part that Frontier's redactions were unauthorized by the Court's order and that Frontier—and cases interpreting 14 C.F.R. § 243.9(c)—wrongfully concluded that the provision mandates airlines to protect passenger

information. (ECF No. 128 at 9-20). The Court denied the motion for sanctions, finding that a motion to compel—which asks the Court to consider whether discovery is relevant and proportional—was the proper motion. (ECF No. 150 at 5). It explained:

> Plaintiffs should have employed a motion to compel to request the redacted information. However, given their current approach, even that would likely have been unsuccessful. Even if Plaintiffs were correct that 14 C.F.R. § 243.9(c) did not protect the information Frontier redacted, Plaintiffs have not adequately explained why this information is relevant to their case. While they argue that they intend to contact these individuals to learn more about the alleged discrimination and trafficking, their intent to learn more does not make the information relevant or proportional. This is particularly concerning considering the sensitive information Plaintiffs seek. Even if 14 C.F.R. § 243.9(c) did not operate to protect this information, Frontier has represented that many of these passengers do not even know that these complaints exist. Many of these passengers are also minors. And each of these instances involve sensitive topics of discrimination and trafficking.

(*Id.*).

The Court added that, the sanctions Plaintiffs sought were not appropriate because Frontier had not violated a Court order or refused to respond to Plaintiffs request for production.

> What Plaintiffs repeatedly characterize as "heavy" redactions are only redactions of the names and contact information of passengers. Again, Plaintiffs point to no language of the Court's order that Frontier has violated, and the Court's order did not entitle Plaintiffs to this information. (ECF No. 83 at 3-4). Frontier also did not need to be 'authorized' to redact information it believes is protected by federal law or confidential by virtue of implicating a third party's privacy. The Court does not need to reach 14 C.F.R. § 243.9(c) to decide the motion for sanctions because Frontier has not violated a Court order or refused to respond to requests for production by redacting this information.

(ECF No. 150 at 5).

Plaintiffs now move to compel, asserting that they only seek the names and contact information of the passengers who complained about discrimination—not trafficking—to avoid the Court's concern of revealing minors' contact information. (ECF No. 164 at 2-3). Plaintiffs re-raise their arguments that Frontier's redactions were unauthorized and that 14 C.F.R.

§ 243.9(c) does not protect passenger contact information.[1] (*See id.* at 5-23). They conclude that they have a legitimate need for the information because

> Plaintiffs need to obtain more information from passengers who have complained of racial and ethnic discrimination by Frontier's employees in the past because their historical complaints, and the manner in which they were routinely avoided and denied by Frontier's management, are evidence of Frontier's systematic denial of its legal responsibilities to its passengers to ensure a travel environment that is free from racial and ethnic discrimination. That denial has fostered an environment in which its employees, especially flight attendants, feel empowered to consciously disregard passengers' protected civil rights as members of a protected classes [sic] (mixed race family, African American, and Ethiopian ethnicity).

(ECF No. 164 at 22-23).

Frontier responds that Plaintiffs have still failed to show that the passenger names and contact information and employee emails and numbers they seek are relevant or proportional to their case. (ECF No. 166). Frontier adds that, even if 14 C.F.R. 243.9(c) did not protect the passenger information, to the extent the complaints are relevant, the complaints are only

---

[1] Plaintiffs also accuse Frontier of misleading the Court by arguing that 14 C.F.R. § 243.9(c) creates a rule of law requiring airlines to protect the names of passengers absent an order expressly prohibiting redactions. (ECF No. 164 at 7-2); (ECF No. 169 at 4). However, as discussed more fully below, the Court need not reach 14 C.F.R. § 243.9(c) to determine whether the information Plaintiffs seek is relevant and proportional to the case. The Court thus declines to address this line of arguments.

Plaintiffs also argue that Frontier waived its objections based on 14 C.F.R. § 243.9(c) by not raising them in its initial objections to RFP 47. The Court disagrees because Frontier did not withhold documents based on its 14 C.F.R. § 243(c) objection in its initial response to RFP 47. *See* Fed. R. Civ. P. 34(b)(C) ("[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."). It was not until after the Court ordered a response to RFP 47 that Frontier withheld documents on that basis. It is unclear whether Frontier supplemented its response to RFP 47 with reference to the documents it produced and a renewed objection because the text of the RFP and Frontier's response are not included in the motion to compel. *See* Local Rule 26-6(b) (requiring motions to compel discovery to set forth the text of the discovery originally sought and any response to it). Nonetheless, Frontier raised this objection in an email with Plaintiffs. (ECF No. 134 at 4-5). Without more, the Court declines to decide this issue on waiver alone, particularly because doing so would prevent the Court from reaching the merits of the motion to compel.

collaterally relevant and too tenuous to establish pattern-and-practice evidence. (*Id.* at 8-11). Frontier relies on *Karrani v. JetBlue Airways Corp.* and *Acton v. Target Corp.*— out-of-district cases—for their arguments. (*Id.*).

Plaintiffs reply that the Court already overruled Frontier's relevance and proportionality objections in ordering Frontier to respond to RFP 47. (ECF No. 169 at 6). Plaintiffs argue that Frontier is making a new definition of "relevance" by relying on *Karrani* for the proposition that evidence of other complaints is only "collaterally relevant." (*Id.* at 9). Instead, Plaintiffs rely on *Heyne v. Caruso* and *Fuller v. Idaho Dep't of Corrections*—two Ninth Circuit cases—for the proposition that "pattern and practice evidence," while it may not be sufficient to prove an individual case of discrimination, is relevant to proving the totality of the circumstances surrounding the case. (*Id.* at 10).

### B.   Plaintiffs' fifth motion to compel.

In a discovery meet-and-confer on February 18, 2022, Plaintiffs' counsel asserts that Frontier's counsel "revealed that Frontier had intentionally disposed of a database fifteen months earlier…that was the only means of determining which of its flight attendants and pilots had been assigned to specific flights prior to November, 2020." (ECF No. 170 at 3). Because this hindered Plaintiffs' ability to learn the identity of Frontier employees accused of discrimination in the documents Frontier produced, Plaintiffs followed up with discovery requests aimed at learning more about these complaints and bolstering an eventual spoliation motion. (*Id.* at 3-5). Frontier objected to each request as overbroad and unduly burdensome, citing to *Karrani* and *Acton*, amongst other cases, for their argument that any discovery related to the prior complaints is only collaterally relevant to the case. (*Id.* at 5-49).

Plaintiffs' requests fall into nine categories: (1) requests asking Frontier to admit that the over-2000 pages of documents it produced are authentic, business records, made in the course of business, or made by someone with knowledge of the matters[2]; (2) requests asking Frontier to

---

[2] Requests for admission (RFA) 1-4.

admit it did not know whether the employees in the documents were disciplined[3]; (3) requests asking Frontier to admit that it could not identify the employees on the flights in the documents without its database but that it had other ways to identify them[4]; (4) requests asking Frontier to admit to spoliation[5]; (5) a request asking Frontier to produce documents regarding the spoliation[6]; (6) requests for Frontier to produce communications between its corporate departments regarding discrimination complaints, publications about discrimination, and training[7]; (7) requests that Frontier produce communications between the NAACP and the Department of Transportation and its corporate departments regarding discrimination[8]; (8) requests that Frontier produce templates that its employees use when responding to complaints[9]; and (9) an interrogatory asking Frontier to identify all employees disciplined for complaints of discrimination.[10]

Frontier responds that, Plaintiffs already asked for "any Documents/ESI containing or describing actions taken by Frontier's management in response to each [discrimination] complaint" it had received. (ECF No. 174 at 3). After moving to compel that information, the Court found that Plaintiffs were not entitled to it in the form they proposed. (*Id.*). Instead, the Court found,

> Again, Plaintiffs appear to seek some more statements on how Defendant responds to complaints of race discrimination, beyond the policy documentation provided. However, that is more appropriately required via an interrogatory request or deposition testimony.

(*Id.* citing (ECF No. 83 at 4)).

---

[3] RFAs 5-6.
[4] RFAs 7-9.
[5] RFAs 10-16.
[6] RFP 34.
[7] RFPs 2-26
[8] RFPs 27-30.
[9] RFPs 31-32.
[10] Interrogatory (ROG) 1.

Frontier explains that it already produced five employees to provide deposition testimony on this topic. (*Id.* at 5).[11] Frontier argues that the cases it cited in its objections are on point and properly stand for their argument that the discovery Plaintiffs seek is overbroad and only collaterally relevant. (*Id.* at 7). Regarding Plaintiffs' spoliation allegations, Frontier responds that it believes the information about employees involved in unrelated passenger complaints is overbroad and irrelevant and thus, losing access to that information is not spoliation. (*Id.* at 9). It also clarified that, during the meet-and-confer, its attorney,

> stated his understanding that Frontier's operating software would only support going back 14 months…to retrieve information regarding flight crew assignments. Mr. Maye has since followed up with Frontier's management and confirmed that if Frontier is ordered to identify the crewmembers associated with any specific flights, Frontier could (and certainly would) pursue other avenues, however burdensome, and make all possible attempts to obtain the information.

(*Id.* at 10).

Plaintiffs reply that Frontier failed to rebut many of its arguments directly and thus waived its objections. (ECF No. 177 at 2-6). Plaintiffs assert that *Heyne* and *Fuller* found evidence like that which they seek through these requests to be "fully relevant to the defendant's intent, motivation and hostility toward a member of a protected class." (*Id.* at 10).

**II.    Standard.**

If a party resists discovery, Rule 37 authorizes the requesting party to file a motion to compel. Fed. R. Civ. P. 37(a)(1). The motion must include a threshold showing of relevancy. *See, e.g.*, *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (9th Cir. 1992); *Guzman v. Lincoln Tech. Inst., Inc.*, No. 2:13-cv-2251-RFB-VCF, 2015 WL 1729711, at *1 (D. Nev. Apr. 15, 2015).[12]

---

[11] Frontier attaches portions of this deposition transcript to rebut Plaintiffs' assertion that they do not intend to conduct "mini-trials" by contacting individuals who previously complained that Frontier employees discriminated against them. (ECF No. 176). Plaintiffs argue that the transcript is irrelevant to the motion to compel. (ECF No. 177 at 8-10). Because the Court decides the motions on other grounds, it does not address these arguments further.

[12] "Many courts simply rely on the non-moving party demonstrating that the discovery sought is not relevant and do not address this threshold showing by the moving party. The requirement of a

1  This is a relatively low threshold. *Tsatas v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2022 WL 74003, at *2 (D. Nev. Jan. 7, 2022) (internal citations and quotations omitted). However, although relevance is defined very broadly, it is not without boundaries; discovery must also be proportional. *See Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998) (citation omitted); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2014) ("[d]istrict courts need not condone the use of discovery to engage in 'fishing expeditions'") (citation omitted); Fed. R. Civ. P. 26(b)(1) (providing that, to be discoverable, information must be proportional to the needs of the case). District courts have broad discretion when determining relevance for discovery purposes. *Tsatas*, 2022 WL 74003, at *2.

**III.   Discussion.**

   **A.   *The Court denies Plaintiffs' fourth motion to compel (ECF No. 164).***

Plaintiffs have not made a threshold showing that the evidence they seek—names ad contact information of passengers and employees involved in hundreds of unrelated discrimination complaints—is relevant and proportional. Plaintiffs rely on the Ninth Circuit cases, *Heyne v. Caruso* and *Fuller v. Idaho Department of Corrections*, to argue that the information they seek is relevant as evidence of Frontier's "pattern and practice" of discrimination. But these cases are distinguishable. On the other hand, the cases cited by Frontier—*Karrani v. JetBlue Airways Corp.* and *Acton v. Target Corp.*—are more analogous to this case, both factually and procedurally. While these cases are not binding on this Court, they are persuasive. The Court thus denies Plaintiffs' motion to compel because they have not made a threshold showing that the information they seek is relevant and proportional. Because Plaintiffs have not made this threshold showing, the Court need not reach the propriety of Frontier's objections based on 14 C.F.R. § 243.9(c).

*Heyne* and *Fuller* are distinguishable from the case at hand. *See Heyne v. Caruso*, 69 F.3d 1475 (9th Cir. 1995); *see Fuller v. Idaho Dep't of Corrections*, 865 F.3d 1154 (9th Cir. 2007).

---

threshold showing makes sense given the language of Rule 26 (allowing parties to obtain information regarding matters relevant to a claim or defense)." *Tsatas*, 2022 WL 74003, at *2 n.2.

Both cases involved female employees who had been sexually harassed by colleagues. *See Heyne*, 69 F.3d at 1477-78; *see Fuller*, 865 F.3d at 1157-58. In *Heyne*, the Ninth Circuit found that the district court erred in not allowing testimony at trial that a restaurant owner had sexually harassed others, not just the plaintiff. *Heyne*, 69 F.3d at 1477-78. It noted that the evidence was admissible to prove that the owner's general hostility towards women was the real reason the owner ultimately fired the plaintiff (rather than his proffered reason of her tardiness). *See id.* at 1479-80. In *Fuller*, the Ninth Circuit reversed the district court's finding of summary judgment in favor of the defendant employer on the plaintiff's hostile work environment claim. *Fuller*, 865 F.3d at 1161. It explained that the employer's knowledge of previous sexual harassment complaints against the male employee who had assaulted the plaintiff, "while alone insufficient to create a hostile work environment, is relevant and probative of [the employer's] general attitude of disrespect toward its female employees." *See id.* at 1162, n. 8 (internal citations and quotations omitted).

*Heyne* and *Fuller* do not stand for the proposition that Plaintiff is entitled to the names and contact information of every passenger who has complained that they were discriminated against while on a domestic Frontier flight in the past five years. Far broader than the evidence in *Heyne* and *Fuller*—complaints about individuals who had *personally* harassed and assaulted the plaintiffs—Plaintiffs already have complaints about Frontier employees who had no contact whatsoever with Plaintiffs. The information Plaintiffs seek to compel lack the substantive connection to their individual case that was present in *Heyne* and *Fuller*. Instead, Plaintiffs' asserted connection—that the evidence will show a "pattern and practice" of discrimination—is speculative. Moreover, while Plaintiffs seek to prove Frontier's "general hostility" towards minorities and interracial families, Plaintiffs have provided no reason why the extensive records they already have are insufficient. Plaintiffs argue that the records are one-sided because Frontier employees—rather than the passengers—sometimes wrote summaries of the complaints. But that is not reason enough for Plaintiffs to drastically expand discovery by contacting these passengers, who number in the hundreds. *Heyne* and *Fuller* do not support Plaintiffs' position.

1  On the other hand, the cases Frontier cites are persuasive. Frontier relies on *Karrani v. JetBlue Airways Corp.* for its argument that past complaints by other passengers is typically only "collaterally relevant" to individual discrimination claims unless the plaintiff can connect the other complaints to their claims. (ECF No. 166 at 8). In *Karrani*, a passenger sued an airline for racial discrimination after being removed from a flight following an altercation with a flight attendant. *See Karrani v. JetBlue Airways Corp.*, No. C18-1510-RSM, 2019 U.S. Dist. LEXIS 127944 (W.D. Wash. July 31, 2019). While determining the airline's motion for summary judgment, the court explained that it had previously granted the plaintiffs' motion to compel production of unrelated passenger complaints—including passenger names—filed against the flight attendant for ten years preceding the litigation. *See id.* at 21. The court noted that the prior complaints were relevant to showing whether the flight attendant's actions fit a larger pattern of mistreating racial minorities (rather than in response to the plaintiff's behavior during the flight, as the flight attendant asserted). *See id.* The court explained:

> While courts typically view past complaints by others within a protected class as only "collaterally relevant" to private non-class action discrimination lawsuits, such evidence may be relevant "in *limited circumstances* where a plaintiff can make some showing to connect it to his or her claims."

*Id.* at 20 (emphasis added by *Karrani* court) (citing *Walech v. Target Corp.*, No. C11-254 RAJ, 2012 WL 1068068, at *7 (W.D. Wash. Mar. 28, 2012)).

Frontier also relies on *Acton v. Target Corp.*, for the proposition that pattern and practice evidence is discoverable only if the plaintiff can connect it to his claims. (ECF No. 169 at 10); *see Acton v. Target Corp.*, No. C08-1149RAJ, 2009 U.S. Dist. LEXIS 104436 (W.D. Wash. Oct. 16, 2009). There, a former employee sued Target for disability discrimination and then moved to compel further responses to his discovery requests. *See id.* In declining to allow the plaintiff to take discovery about Target employees throughout Washington state, the court noted that the plaintiff had not

> alleged that any of the decisionmakers responsible for his termination had similar authority over employees in *any* other store,

> even those that are close in proximity to the Burlington store. He does not allege that Target has a statewide policy, much less that this statewide policy bears on his claims. In short, he gives the court no basis to conclude that forcing Target to provide information on employees in stores across Washington would lead to the discovery of admissible evidence.

*Id.* at *4-5 (emphasis in original).

Instead, the plaintiff asserted that he was seeking "pattern and practice" evidence. *Id.* But the court noted that the plaintiff was not "attempting to prove a pattern-or-practice *claim*, nor is it likely that he could do so, as every court to address the issue has held that individuals may not pursue such claims on their own behalf." *Id.* (emphasis in original). "Pattern-or-practice evidence, moreover, is discoverable only where a plaintiff can make some showing to connect it to his claims." *Id.* at *5-6.

Here, *Karrani* and *Acton* persuasively support the conclusion that the names and contact information of passengers and employees unrelated to Plaintiffs' flight or the flight attendants on his flight are neither relevant nor proportional. Unlike the plaintiff in *Karrani*, Plaintiffs have not connected the other passengers and employees whose information they seek to their claims. And unlike the discovery in *Karrani*—the names of passengers who had complained against the flight attendant who allegedly discriminated against the plaintiff—Plaintiffs seek the identity of *any* passenger who complained against *any* Frontier employee who allegedly discriminated against *anyone* on a domestic flight in the past five years. Again, Plaintiffs already have the substance of these complaints and the names of the employees involved. While the Court has already found the substance of these past complaints to be relevant, Plaintiffs have not demonstrated that interviews, surveys, or depositions of the passengers and employees involved would reveal anything more than speculatively relevant to their claims. The *Karrani* court's analysis is persuasive here, that evidence of past complaints by others is only relevant in limited circumstances where a plaintiff can make some showing to connect them to his claims. This is not one of those limited circumstances.

Instead, this case is more like *Acton* because, like the plaintiff there, Plaintiffs assert that they are entitled to "pattern and practice" evidence but have not made any "pattern and practice"

claims. Their amended complaint does not assert that Frontier decisionmakers responsible for overseeing other complaints were the same as the ones overseeing theirs. They do not allege—other than in their briefs—that Frontier had a country-wide policy of discrimination. Nor do they allege that even more information about other passengers' complaints than they already have would demonstrate a nationwide practice. Notably, like the plaintiff in *Acton*, Plaintiffs are pursuing their claims on their own behalf, not for a class of people. And they have made no showing that "pattern or practice" evidence is connected to their claims outside of their conclusory assertion that Frontier promotes "corporate hostility toward persons of color and wholesale whitewashing of legitimate complaints of discrimination by Frontier employees." (ECF No. 169 at 11).

Plaintiffs already have a broad scope of discovery in the form of "more than 300 unrelated passenger complaints" for which Frontier has redacted only passenger names and contact information and employee emails and employee numbers. (ECF No. 166 at 9). Plaintiffs have not made a threshold showing that the redacted information is relevant or proportional to their claims. This is particularly true because Plaintiffs have indicated their intent to contact these hundreds of individuals to get their side of the story. But these instances are unrelated to Plaintiffs' distinct allegation of discrimination. The sheer scope of discovery Plaintiffs are proposing is far out of proportion with the chance that interviews with other passengers might prove relevant. Because Plaintiffs have not made a threshold showing that the information they seek to compel is relevant or proportional, the Court denies Plaintiffs' fourth motion to compel.

### B. The Court grants in part and denies in part Plaintiffs' fifth motion to compel (ECF No. 170).

The Court denies Plaintiffs' fifth motion to compel in part and grants it in part. As in their previous motion to compel, Plaintiffs have not made a threshold showing that the nine categories of documents they seek in this motion are relevant or proportional to this case. As discussed more fully above, *Karrani* and *Acton* are persuasive, and based on those cases, the Court does not find more evidence regarding unrelated complaints and Frontier's handling of complaints in general to be relevant to Plaintiffs' case. On the other hand, *Heyne* and *Fuller* do not stand for

the proposition that this information is relevant or proportional.  These cases are factually and procedurally distinguishable, and Plaintiffs do not explain why the Court should overlook these distinguishing factors in applying them.

The Court notes that Plaintiffs argue certain of their requests are relevant to support their spoliation motion, rather than learning more about other passenger complaints and how Frontier handles complaints more broadly.  However, the only reason this allegedly spoliated evidence is relevant is because it could help Plaintiffs identify whether the employees aboard their flight were involved in any past discrimination complaints.  But Plaintiffs concede that they already have each employees' file, which files are devoid of any discipline for discrimination.  (ECF No. 170 at 4).  To the extent that Plaintiffs believe these specific employees discriminated in the past, but that Frontier never disciplined them, Plaintiffs can serve a specific interrogatory to discover that information.  That interrogatory—should Plaintiffs choose to serve it—must be limited to asking whether any of the Frontier employees on Plaintiffs' flight were identified in any of the complaints Frontier previously produced.

Two requests are specific to the incident about which Plaintiffs sue.  However, Frontier has provided responses to these.  First, RFP 1 asks Frontier to identify the training that Captain Rex Shupe received on discrimination.  (ECF No. 170 at 24-25).  Frontier responded and referred to documents it previously produced but objected to the extent the request "seeks information from another party in this litigation." (*Id.*).  Plaintiffs argues that there is a discrepancy between Captain Shupe's statement that he received training on discrimination and the records to which Frontier cites, which do not contain discrimination training.  (*Id.*).  The Court will thus compel a further response from Frontier to the extent it has additional responsive documents.  To the extent it does not, Plaintiffs will have to explore this discrepancy through other means.

Second, RFP 33 asks Frontier to produce evidence relating to Plaintiffs' allegation that flight attendant Scott Warren hit him.  (*Id.* at 47).  Frontier responded and referred to the depositions of Christopher Campbell, Scott Warren, Chelsie Sakurada, and Christopher Higgins.  (*Id.*).  Plaintiffs argue that "with the exception of Warren and Campbell, none of the others was in a position to have seen the attack." (*Id.* at 47).  Plaintiffs assert "Frontier's objection based on

privilege and work product suggests that it possesses more evidence tha[n] the referenced testimony." (*Id.* at 48). The Court will thus compel a further response from Frontier to the extent it has additional responsive documents.

The Court grants Plaintiffs' motion to compel in part only to the extent Frontier has additional responsive information to RFPs 1 and 33. The Court denies Plaintiffs' motion to compel related to its other requests. The Court also declines to grant Plaintiffs' request for attorneys' fees. It is unclear whether there is anything further to compel from Frontier responsive to RFPs 1 and 33. Because the Court has denied Plaintiffs' motion to compel in every other respect, the imposition of sanctions here would be unjust. *See Kiessling v. Det. Rader P#6099*, No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *4 (D. Nev. Mar. 20, 2018) (citing Fed. R. Civ. P. 37(a)(5)(A)).

**IT IS THEREFORE ORDERED** that Plaintiffs' fourth motion to compel (ECF No. 164) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' fifth motion to compel (ECF No. 170) is **denied in part and granted in part** as stated in this order.

DATED: August 5, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE