UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Peter DelVecchia, individually and as next friend of A.D., a minor,<br><br>Plaintiffs<br><br>v.<br><br>Frontier Airlines, Inc. et al.,<br><br>Defendant. | Case No. 2:19-cv-01322-KJD-DJA<br><br>**Order** |

Before the Court is Plaintiffs' motion to seal an exhibit to their fifth motion to compel (ECF No. 171) and Frontier's motion to seal an exhibit to its response to that motion to compel (ECF No. 175). Plaintiffs' motion is unopposed. Plaintiffs opposed Frontier's motion. (ECF No. 178). Frontier filed a reply. (ECF No. 179). Because the Court finds that sealing the documents is appropriate in both instances, it grants both motions.

**I.      Legal Standard.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at 1183. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179).

Despite this strong preference for public access, the Ninth Circuit has carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of the case. *Center for Auto Safety*, 809 F.3d at 1097. Under that exception, a party need only satisfy the less

exacting "good cause" standard. *Id.* The "good cause" standard applies when motions and their attachments are not "more than tangentially related to the merits of the case." *See id.* at 1101. This exception applies to "private materials unearthed during discovery" as such documents are not part of the judicial record. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). And, under Local Rule 7-2(d), if an opposing party does not respond to a motion, it constitutes a consent to the granting of the motion.

**II.     Discussion.**

   ***A.     The Court grants Plaintiffs' motion to seal (ECF No. 171).***

Plaintiffs assert that their Exhibit C(2) to their fifth motion to compel contains many of the same documents the Court previously sealed including complaints by passengers on other Frontier flights. (ECF No. 171 at 1). They assert that Frontier did not oppose the motion. (*Id.* at 2). While Plaintiffs did not address the *Kamakana* or *Center for Auto Safety* standards, the Court nonetheless finds that the documents should remain sealed. The documents contain the complaints and reports of discrimination and trafficking which Frontier produced in discovery along with Frontier's training materials. The Court previously considered the complaints and found that they should remain sealed because they were not more than tangentially related to the merits of the case. (ECF No. 150 at 8). The same reasoning applies here and extends to the training documents, which reveal Frontier's manuals and presentations. These documents are not critical to the Court's determination of the merits of the motion to compel, which itself is not dispositive.

Moreover, the documents in the attachment are closer to "private materials unearthed during discovery" rather than key materials that support a merits-based finding. Plaintiffs have attached over 2,000 pages of documents that Frontier produced, and about which Plaintiffs questioned Frontier in their discovery requests. But Plaintiffs' motion refers to these documents generally, rather than using specific portions to support their arguments. And Frontier did not respond to the motion, constituting their consent to granting it. The Court thus grants Plaintiffs' motion to seal. (ECF No. 171).

### B. The Court grants Defendants' motion to seal (ECF No. 175).

Frontier moves to seal two exhibits to its response to Plaintiffs' motion to compel. (ECF No. 175). The exhibits include a portion of Plaintiffs' counsel's deposition of Elizabeth Zimmerman and the documents on which she relied in that deposition. (ECF No. 175). Frontier explains that Plaintiffs' counsel questioned Zimmerman—a Frontier employee—about the details of the customer complaints that the Court already found appropriate to be sealed. (*Id.* at 4). Plaintiffs respond that they object to sealing portions of the Zimmerman deposition that do not directly address the contents of the sealed documents.[1] (ECF No. 178). Frontier replies that the portions of the deposition that do not directly address the contents of the sealed documents include proprietary information and incendiary lines of questioning about the complaints. (ECF No. 179).

The Court grants Frontier's motion to compel. The documents are not attached to a dispositive motion—but rather to a response to a motion to compel—and do not bear on the underlying merits of the case. The good cause standard is thus applicable, which good cause Frontier has demonstrated. Even the portions of the deposition that do not directly reveal the contents of the complaints still generally refer to them. And the deposition contains accusatory lines of questioning about complaints that the Court has already determined have only some relevance to the case at hand. Moreover, Frontier's purpose in attaching the documents was not to prove the merits of its defense, but to illustrate a theme of its opposition: that the documents showing passenger complaints lack enough relevance to the underlying action to expand discovery into them. The Court thus grants Frontier's motion to seal.

---

[1] The parties' arguments also address their meet and confer attempts. However, the Court need not address these to decide the motion. While the Court is not convinced that an agreement was impossible without intervention, the parties are already here, and it would be more expeditious to decide the motion now rather than send the parties back to meet and confer. After considering Plaintiffs' arguments and emails on the matter, the Court sees no reason why Plaintiffs could not stipulate to Frontier's motion to seal, like Frontier did to Plaintiffs'.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to seal (ECF No. 171) is **granted**.

**IT IS FURTHER ORDERED** that Frontier's motion to seal (ECF No. 175) is **granted.**

DATED: August 5, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE