**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Peter DelVecchia, individually and as next friend of A.D., a minor, | Case No. 2:19-cv-01322-KJD-DJA |
| Plaintiff, | **Order** |
| v. | |
| Frontier Airlines, Inc., et al., | |
| Defendants. | |

This is a discrimination action arising out of Frontier's separation of Peter DelVecchia and his adopted son, A.D., during a flight for suspected human trafficking.  Plaintiffs sue Defendant Frontier Airlines, Inc. for damages, claiming that the airline racially profiled them.  Plaintiffs move for an order to show cause why Francois Obasi—a former Sergeant in the Las Vegas Metropolitan Police Department (LVMPD) who interviewed passengers and flight crew members about the incident—should not be held in contempt for failing to respond to deposition subpoenas.  (ECF No. 165).  No party responded to the motion.  Because the Court finds that Plaintiffs have demonstrated that an order to show cause is warranted here, it grants the motion and orders Sgt. Obasi to show cause why he should not be held in contempt for failing to respond to Plaintiffs' and Frontier's deposition subpoenas.  The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.      Background.**

Plaintiffs assert that, on information and belief, Sgt. Obasi was either the sole LVMPD investigating officer or the leader of the investigation into the incident in which Plaintiffs were separated on a Frontier flight.  (ECF No. 165 at 3).  When Plaintiffs attempted to subpoena the investigative file from LVMPD, LVMPD claimed it could not locate the file.  (*Id.*).  Thus, Sgt. Obasi's testimony is necessary to the action.  (*Id.*).

1   However, while both Plaintiffs and Frontier have noticed Sgt. Obasi's deposition, Sgt.

2   Obasi has failed to appear on two occasions for his depositions.  (*Id.*).  The first deposition was

3   initially set by Plaintiffs, who served Sgt. Obasi on December 4, 2019 with a Rule 45 subpoena

4   ordering his appearance on December 12, 2019 at the Titolo Law Office.  (*Id.*).  Frontier served

5   its own subpoena, cross noticing the deposition to be held at the same time and place.  (*Id.*).

6   Plaintiffs subpoena was served on Sgt. Obasi at LVMPD's offices.  (ECF No. 165-1).  Counsel

7   for all parties, a court reporter, a videographer, and Peter DelVecchia showed up, but Sgt. Obasi

8   did not.  (ECF No. 165 at 3).  Sgt. Obasi called Plaintiffs' counsel later that day and apologized

9   for not appearing.  (*Id.*).

10   Plaintiffs' counsel then set a second deposition by Zoom to take place on March 16, 2022.

11   (*Id.*).  Plaintiff's process server learned that Sgt. Obasi was no longer employed by the LVMPD.

12   (*Id.*).  Sgt. Obasi was served at his residence on March 4, 2022.  (ECF No. 165-5).  Sgt. Obasi

13   called the Titolo Law Office and left a voicemail providing his phone number and email

14   address—for the Zoom link—and confirmed he was no longer employed by the LVMPD.  (ECF

15   No. 165 at 4).  Counsel for all parties, a court reporter, a videographer, and Peter DelVecchia

16   again showed up, but Sgt. Obasi did not.  (*Id.*).  Plaintiffs' counsel then made multiple attempts to

17   contact Sgt. Obasi by telephone and email, to which calls and emails Sgt. Obasi did not respond.

18   (*Id.*).  Plaintiffs' counsel's calls to the number Sgt. Obasi provided failed to connect, but emails to

19   Sgt. Obasi have not bounced back, indicating that Sgt. Obasi received them.  (ECF No. 165-4 at

20   4-5).

21   Plaintiffs thus move the Court to issue an order to show cause why Sgt. Obasi should not

22   be held in contempt.  (ECF No. 165).  In the event Sgt. Obasi does not demonstrate an adequate

23   excuse for his failures to appear at his depositions, Plaintiffs ask the Court to award Plaintiffs

24   their attorneys' fees and costs incurred in preparing for and attending Sgt. Obasi's depositions.

25   (*Id.* at 6-7).   Plaintiffs served their motion via US Mail on Sgt. Obasi at his last known residence.

26   (*Id.* at 13).  No party has responded to Plaintiffs' motion.

27

28

**II.   Discussion.**

Under Federal Rule of Civil Procedure 45(g), "[t]he court for the district where compliance is required…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Platt River Insurance Company v. Liu* stands for the proposition that a person's failure to appear for a subpoenaed deposition and failure to respond to subsequent attempts to reach that person is sufficient reason to issue an order to show cause. *See Platt River Insurance Company v. Liu*, No. 2:20-cv-00723-GMN-EJY, 2021 WL 8650492, at *1 (D. Nev. Jan. 28, 2021).  And under Local Rule 7-2, the failure of an opposing party to respond to a motion constitutes a consent to the granting of the motion.

Sgt. Obasi has failed to comply with three separate subpoenas.  The record is clear that he received and acknowledged the subpoenas.  But he has not provided an explanation for why he failed to appear at the depositions nor has he responded to Plaintiffs' motion.  He also has not responded to Plaintiffs' counsel's attempts to reach him after missing those depositions.  An order to show cause why Sgt. Obasi should not be held in contempt is proper here.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for an order to show cause why Sgt. Obasi should not be held in contempt (ECF No. 165) is **granted.**

**IT IS FURTHER ORDERED** that Sgt. Francois Obasi shall show cause why he should not be held in contempt of Court no later than **September 2, 2022**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall ensure service of this order on Sgt. Obasi by immediately placing a copy of this order in the U.S. Mail and, within three court days of the date of this order, causing a copy to be hand-delivered to the address at which Sgt. Obasi was served with the most recent subpoena, obtaining a Receipt of Copy upon delivery.

DATED: August 5, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE