Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
(434) 531-9569
johndmckayatty@gmail.com
***Attorneys for Plaintiffs***

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' OPPOSITION TO FRONTIER'S MOTION TO COMPEL** |
| FRONTIER AIRLINES, INC., *et al.*, | **(ECF No. 190)** |
| Defendants. | |

Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor ("A.D."), by counsel, respectfully file this Opposition to Defendant Frontier Airlines, Inc.'s Motion to Compel (ECF No. 190).

# ARGUMENT

## I. The Court should treat Plaintiffs and Frontier equally on discovery matters.

From the equal protection clauses of the Fifth and Fourteenth Amendments, to Fed.R.Civ.P. 1's exhortation to "secure the *just*, speedy and inexpensive determination of every action and proceeding" (italics added), to the ubiquitous statues of a blindfolded Justice, it is indubitably the business of the Courts to treat opposing parties in litigation equitably. *See, Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253 (9th Cir. 2010). The docket history of this case reveals that Plaintiffs have had an extraordinarily difficult time obtaining discovery, both because of Frontier's numerous objections and the requirements imposed by the Court. In fact, the situation in this case is unique in Plaintiffs' counsel's experience from 37 years of federal practice. Nevertheless, if that is the way it is to be, it should an onus that both sides bear equally.

Frontier has been considerably reluctant to provide Plaintiffs' with the discovery they have requested, objecting to 75 percent of the requests Plaintiffs have served on it, asserting boilerplate objections and informing Plaintiffs that they simply will not produce Rule 30(b)(6) witnesses on certain subjects, without moving for a protective order. When Plaintiffs first filed a Motion to Compel in this case (ECF No. 45) after receiving the first set of blanket objections from Frontier, the Magistrate Judge previously assigned to this case denied the motion *sua sponte* but without prejudice, a day after it was filed. She gave as her reasoning the fact that the Motion cited only four cases. *See,* ECF No. 47. Two days later, Plaintiffs filed an Amended Motion to Compel that was 22 pages long and cited to 28 cases, including several discovery cases that had been decided by the same Magistrate Judge, as well as three federal statutes, several Code of Federal Regulations sections, four Federal Rules of Civil Procedure, two Local Rules, and a highly respected treatise on federal procedure, ECF No. 50. The Magistrate Judge's Order denying the Amended Motion (again without prejudice) mentioned none of those authorities, but cited instead a violation of Local Rule IC 2-2(b) that had

also been evident in the first Motion to Compel but had not been mentioned in her previous Order.[1] She also held that the Amended Motion was insufficient even despite that Local Rule violation because Plaintiffs did not "cite to *appropriate* authority for the vast majority of their requests that would suffice to meet their initial burden as movants." ECF No. 57, at 2 (italics added). She also ruled that "Plaintiffs rely on unsupported statements, such as the request is not 'overly broad,' and the request does not seek information that is out of proportion to the needs of the case." *Id.* (citations omitted). Plaintiffs subsequently filed a Second Amended Motion to Compel (ECF No. 77) that included a portion of the requests that had been the subject of the original and Amended Motions to Compel, and added 19 more recent requests. The Court, under the current Magistrate Judge, entered an Order (ECF No. 83) that began by noting that "Plaintiffs' reply *concedes* that 10 of the discovery requests were included in the prior motions to compel, while 19 new ones have been added to the instant motion." *Id.,* at 2 (italics added). That was an interesting choice of terminology, given that Plaintiffs had simply mentioned the 19 new unanswered requests to defend themselves against Frontier's argument that they were "improperly seek[ing] a third bite at the apple," *see* ECF No. 79, at 2 (which Plaintiffs would have had every right to do regardless, since both of the prior motions had been denied without prejudice to refile). The Order then proceeded to partially grant Plaintiffs' Second Amended Motion to Compel without ever mentioning Frontier's reliance on boilerplate "overly broad" objections that are improper, *see Caballero v. Bodega Latina Corp.,* Case No. 2:17-cv-00236-JAD-VCF, 2017 US Dist. LEXIS 116869, at *13 (D. Nev. July 25, 2017); *Gurshin v. Bank of America, N.A.,* Case No. 2:15-cv-00323-GMN-VCF (D. Nev., Sept. 25, 2017); *Sallah v. Worldwide Clearing LLC,* 855 F.Supp.2d 1364, 1376 (S.D. Fla. 2012)(objections such as "overly broad" and "unduly burdensome" are "meaningless" absent a factual explanation accompanying the

---

[1] On a related note, Frontier's Motion to Compel appears to be typed in 11.5 size font, which violates Local Rule IA 10-1(3)'s requirement of size 12 font.

objection that explains why the request is too broad or too burdensome to respond to), despite the fact that boilerplate objections waive any legitimate objections the party might have had to the discovery, *see Gurshin,* slip at 4 (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 364 (D. Md. 2008)). In its Order docketed this past Friday, August 5, 2022 (ECF No. 192), the Court mostly denied Plaintiffs' Fifth Motion to Compel and totally denied their Fourth Motion to Compel, once again saying nothing about Frontier's near-total use of boilerplate objections, and declining to rule for a sixth time on the validity of its assertion that the names of airline passengers are entitled to special confidentiality not afforded to any other witnesses in civil actions by virtue of 14 C.F.R. Part 243.

Plaintiffs simply ask, out of considerations of fairness, that they be given equal treatment now that Frontier has come before the Court on a Motion to Compel.

## II.     Frontier's Motion lacks citations to appropriate authority.

Frontier's Motion cites 11 cases, several of which are precisely the same cases that this Court held with respect to Plaintiffs' Amended Motion to Compel were not "appropriate authority for the vast majority of their requests that would suffice to meet their initial burden as movants." ECF No. 57, at 2. Those include *Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975), *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544 (D. Nev. 2013), and *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428 (D. Nev. 2006). None of the cases cited by Frontier are connected to any specific discovery requests at issue; their arguments simply restate general rules that apply to the discovery process, *see* ECF No. 190 at 4-5 and 7-8. They fail to show why any specific request seeks relevant information, or why any specific objection is invalid. Plaintiffs' arguments in their Motions to Compel went far beyond Frontier's lackluster effort, and Plaintiffs' Motions were denied for presenting insufficient arguments to meet their burden on a motion to compel. The Court cannot equitably apply a different standard for Frontier.

### III. Frontier's Motion relies entirely on conclusory arguments.

As noted above, the Court denied Plaintiffs' Amended Motion to Compel in part because of a finding that the motion relied on "unsupported statements" and conclusory arguments. ECF No. 57, at 2 . Yet, the bulk of Frontier's argument in its Motion is a single sentence that states, without a shred of support: "The written discovery at issue seeks information that is clearly relevant, proportional to the needs of the case, and not privileged." Had Plaintiffs made the same conclusory and unsupported argument, their motion would not have survived a day on the docket. *See,* ECF No. 47.

Frontier's blanket assertion that all of its requests are "clearly relevant" does not, for example, explain why a request to Plaintiffs for "all documents that show you sustained economic damages related to your claims set forth in the Third Amended Complaint" is "undeniably relevant" when the Third Amended Complaint does not contain the word "economic" and does not seek any economic damages. It seeks compensatory damages for denying Plaintiffs their civil rights, compensatory damages for personal injuries, presumed damages for defamation *per se*, punitive damages on all counts, and eventual attorneys' fees on the §1981 count.[2] Nor does Frontier establish why a request for documents Plaintiffs received through subpoenas or FOIA requests, including "no record statements" seeks relevant information, especially since a "no record statement" presumably states that there are no records at all. If Plaintiffs had to show the relevance of every request that they included in their Motions to Compel, then the same rule should apply to Frontier. Frontier has failed to meet that standard (and may not introduce new matter and arguments in its reply).

---

[2] Although the defamation count does allege injury to reputation, Plaintiffs do not intend to present evidence on any specific reputational losses. They will only be seeking presumed damages and punitive damages on that count.

**IV.     Plaintiffs' objections are identical to Frontier's.**

Although Frontier calls Plaintiffs' objections "inappropriate[ ]" and "flippant[ ]", they are precisely the same objections that Frontier asserted to the vast majority of Plaintiffs' discovery requests, and which the Court has not found improper in the rulings on any of Plaintiffs' Motions to Compel. If they were proper as used by Frontier, they cannot be improper (or inappropriate or flippant) as used by Plaintiffs.

**V.     If federal law does require special protection for the names of airline passengers, then Plaintiffs should not violate such protections in discovery responses.**

Frontier has asserted throughout this litigation (at least up until its response to Plaintiffs' Fourth Motion to Compel) that Part 243 of the Federal Aviation Regulations creates a special set of protections for the identities of persons who travel by air, cloaking them in confidentiality that cannot be breached "absent an order expressly prohibiting redactions," *see* ECF No. 145, at 2. Although Frontier has never cited any authority for that alleged rule of law, and the redacted passenger complaints that it has produced in this case demonstrate its profound lack of interest in its passengers' rights, the Court has declined on six occasions to rule that Frontier is incorrect. If Frontier's statement of the law is correct, then the identities of other airline passengers presumably must be protected from disclosure at all costs, and Frontier was presumably wrong to have divulged the identities of the other passengers on Plaintiffs' flight, even under the protections of the protective order entered in this case. So long as the issue is unresolved, Plaintiffs are not comfortable with disclosing the names of any passengers other than themselves, even if such passengers might be witnesses, without a specific Court Order requiring them to do so. They therefore have appropriately objected to the interrogatories propounded by Frontier that seek the names of other passengers.

### VI. Plaintiffs have fully answered document requests 2, 3, 5, 6, 8 and 9.

As written by Frontier, the document requests at issue were conditional. They only required a response if "you" (a term carefully defined by Frontier in the Definitions preceding the requests) denied certain requests for admission. Definition No. 3 states, "You," "your" or "Plaintiffs" means Peter DelVecchia, A.D., and any other persons acting on their behalf." "You" is therefore specially and specifically defined for purposes of the requests as meaning at least two persons: both Plaintiffs, as well as any other persons acting on their behalf. To all requests premised by the condition that they needed to be responded to if "you denied" a certain request for admission, Plaintiffs appropriately responded that the request was not denied by the collective "you" defined by the Definitions, and therefore the condition was not satisfied. There cannot be anything impermissible in applying a propounding party's definition precisely as it is written. In fact, it is far better than claiming a federal regulation says something that it clearly does not say.

### VII. Frontier's Motion contains ironic arguments.

Finally, Frontier apparently does not see the irony in the arguments it presents. Citing *Takiguchi v. MRI Int'l, Inc.,* No. 2:13cv-1183-HDM-VCF, 2016 U.S. Dist. LEXIS 18340, at *5 (D. Nev. Feb. 12, 2016) and *Koninklijke Philips Elecs. N.V. v. KXD Tech, Inc.,* Nos. 2:05-cv-01532-RLH-GWF, 2:06-cv-00101-RLH-GWF, 2007 U.S. Dist. LEXIS 13956, at *14 (D. Nev. Feb. 21, 2007), it argues that "Plaintiffs have a duty to exercise due diligence in determining whether responsive information exists . . ., [and] [i]f responsive information does exist, Plaintiffs must produce such information to Frontier," because everyone needs to follow the Federal Rules of Civil Procedure. ECF No. 190 at 7. This argument is from a party that answered numerous document requests propounded by Plaintiffs with the meaningless phrase, "Frontier continues its investigation for responsive materials," and produced nothing, despite a clear obligation to produce what it has and to explain its efforts to find any documents not produced:

"[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted). When a party asserts that he does not have responsive documents, **he must come forward with an explanation of the search conducted "with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence**." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012).

*On Demand Direct Response, LLC v. McCart-Pollak,* 2018 WL 2014067 (D. Nev. Apr. 30, 2018)(emphasis by the Court). Further, it has the unbridled audacity to assert: "Frontier has made efforts in this case to avoid seeking the Court's involvement in the discovery process, recognizing judicial economy concerns." ECF No. 190 at 8. On the contrary, Frontier has objected (usually in boilerplate form) to no less than 75 percent of Plaintiffs' discovery requests, and has then come to meet and confer calls stating simply, "we stand on our objections," providing no citations of authority in support of them, and stating that they want to hear what the Judge says about them. Far from making efforts to avoid involving the Court in the discovery process, it has taken steps to ensure that a motion to compel needed to be filed on three-fourths of Plaintiffs' requests.

## CONCLUSION

For all the reasons set forth above, and which will be set forth in oral argument if the Court grants Plaintiffs' request for a hearing, Plaintiffs respectfully submit that Frontier's Motion should be denied.

DATED this 8th day of August, 2022.

       /s/ John D. McKay
      *Attorney for Plaintiffs Peter DelVecchia*
      *And A.D., a Minor*