CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch *(admitted pro hac vice)*
Brian T. Maye *(admitted pro hac vice)*
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
bmaye@amm-law.com
mmartin@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc.,
Scott Warren, and Rex Shupe*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, | Case No.: 2:19-cv-01322-KJD-DJA |
| Plaintiffs, | **FRONTIER AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL** |
| v. | |
| FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, | |
| Defendants. | |

**DEFENDANT FRONTIER AIRLINES, INC.'S REPLY IN**
<u>**SUPPORT OF ITS MOTION TO COMPEL**</u>

Defendant Frontier Airlines, Inc., ("Frontier"), by its undersigned counsel, hereby files this Reply Brief in Support of its Motion to Compel pursuant to Fed. R. Civ. P. 26 and 37 and LR 26-6.

**I.   There is no basis for Plaintiff Peter Delvecchia's objections to Frontier's Second Set of Interrogatories.**

Plaintiff Peter Delvecchia objected to Frontier's Second Set of Interrogatories by quoting objections previously brought by Frontier. Plaintiff now defends those objections by arguing that "[i]f they were proper as used by Frontier, they cannot be improper (or inappropriate or flippant) as used by Plaintiff." ECF 197, p. 6. Plaintiff is quite wrong on that point. Whether an objection is appropriate depends on the nature of the individual request, not on whether the other party may have asserted the same objection to unrelated discovery. *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.,* Nos. 2:05-cv-01532-RLH-GWF, 2:06-cv-00101-RLH-GWF, 2007 U.S. Dist. LEXIS 13956, at *14 (D. Nev. Feb. 21, 2007) ("Each party is required to comply with the Federal Rules of Civil Procedure in responding to discovery."). If Plaintiff believes that Frontier failed to provide proper discovery responses, then his remedy is to file a motion to compel, which he has already done – 5 times.  Plaintiff is not, however, justified in asserting improper objections and in refusing to provide proper discovery responses because he claims that Frontier has allegedly been guilty of the same type of discovery misconduct. *Id*. at *14.

Beyond the impropriety of quoting Frontier's previous objections, Plaintiff makes the untenable argument that 14 C.F.R. § 243.9 prevents him from identifying percipient witnesses without a court order. Such position is not only inconsistent with his previous position, but it plainly contradicts case law, with which both parties are thoroughly familiar, that addresses the application of 14 C.F.R. § 243.9. See *Anders v. United Airlines Inc*., No. CV 19-5809-GW (KS), 2020 U.S. Dist. LEXIS 250250, at *14 (C.D. Cal. Dec. 18, 2020); *Xuan Thi Phan v. Jetblue Airways Corp*., No. 2:16-cv-2328 WBS DB, 2017 U.S. Dist. LEXIS 212832, at *4 (E.D. Cal. Dec. 27, 2017) (Defendant was ordered to provide plaintiff with the contact information for all passengers seated in plaintiff's row and continuing through the back of the plane).  Most

significant, though, is the fact that 14 C.F.R. § 243.9 only applies to "covered airlines," not to private citizens who do not maintain passenger information.

We also note that in deference to Plaintiff's previous argument that anyone aboard the subject flight could have witnessed the conduct Plaintiff alleges, Frontier cooperated with Plaintiff and produced information identifying every passenger aboard the subject flight. It is absurd for Plaintiff to now suggest that he is unable to identify any supporting witnesses because he must withhold the identifying information that Frontier already disclosed. Simply put, Frontier should not have needed to spend its own time and resources on the instant Motion to Compel, and the Court should not have been burdened with having to resolve the same.

With respect to the objections that Frontier's interrogatories are "*overly broad, seek[] information that is not relevant to any party's claim or defense, and [are] not proportional to the needs of the case,*" Plaintiff fails to provide a substantive explanation for asserting that seeking the names of percipient witnesses is improper under discovery rules. As Plaintiff notes in his Response, the Court previously rejected his efforts in moving to compel documents for failing to provide cogent arguments supported by adequate authorities. ECF 197, p. 2. That Plaintiff would make the same mistake again highlights the lack of merit to his complaints about the Court's prior rulings.

## II.   There is no basis for Plaintiffs' objections to Document Request No. 1[1].

Plaintiffs objected to Frontier's request for documents received by Plaintiffs pursuant to FOIA requests or through subpoenas. Plaintiffs argue that Frontier has made no showing as to the relevance of such information. Such argument inherently lacks merit, however, given that if Plaintiffs deemed the

---

[1] For clarification purposes, Frontier's First Set of Requests to Admit and Second Set of Interrogatories were directed to Plaintiff Peter Delvecchia, exclusively. Frontier's Second Set of Requests for Production of Documents were directed to both Plaintiffs.

information relevant enough to seek it through a FOIA request or subpoena, then the response by the third-party is relevant enough to be subject to production under the discovery rules. Additionally, Plaintiffs were required to provide copies to Frontier of all subpoenas issued to third-parties pursuant to Federal Rule 45. If any such subpoenas were issued, Plaintiffs must produce those subpoenas and the documents obtained pursuant to such subpoenas. Finally, Frontier notes that it has, as a matter of course, produced to Plaintiffs all records received from FOIA requests and subpoenas in this matter.

### III. Plaintiffs' Responses to Document Request Nos. 2, 3, 5, 6, 8 and 9.

Plaintiffs justify their responses to Document Request Nos. 2, 3, 5, 6, 8 and 9 by claiming that they "appropriately responded that the request was not denied by the collective "you"…and therefore the condition was not satisfied."  Any confusion Plaintiffs may have had, however, with respect to the meaning of "you" as to Request Nos. 2, 3, 5, 6, 8 and 9 was remedied during the meet and confer teleconference between counsel on July 19, 2022. Counsel for Frontier made it clear that "you" meant Plaintiff Peter Delvecchia, not Peter Delvecchia and A.D. collectively. Therefore, amended responses should have been provided supporting Plaintiff Peter Delvecchia's denials to Requests to Admit pertaining to medical treatment, diagnoses, medical expenses, economic damages, and percipient witnesses. The argument that the responses are "not impermissible" and are "far better than claiming a federal regulation says something that it clearly does not say" does nothing to explain or justify the refusal to provide the properly requested information. See ECF 197, p. 7. Respectfully, Plaintiffs have engaged in the type of gamesmanship that has no place under the federal discovery rules. *See Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1250 (D. Nev. 2020); *Silvagni v. Wal-Mart Stores, Inc.,* 320 F.R.D. 237, 243 n.6 (D. Nev. 2017).

### IV.   CONCLUSION

For all of the reasons set forth above and in its Motion to Compel, Frontier respectfully moves this Court for an Order pursuant to Rule 37(a)(1) requiring Plaintiff Delvecchia to fully respond to its Second Interrogatories and Plaintiffs to fully respond to Document Requests 1-3, 5, 6, 8 and 9, and for such other and further relief as the Court deems appropriate.

August 15, 2022                                                    Respectfully submitted,

/s/ Brian T. Maye
Lawrence S. Gosewisch *(*admitted *pro hac vice*)
Brian T. Maye *(*admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
         bmaye@amm-law.com
         mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

             _/s/_ Brian T. Maye