Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
(434) 531-9569
johndmckayatty@gmail.com
***Attorneys for Plaintiffs***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' RULE 72(a) OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 5, 2022 ORDER ON MOTION FOR INDEPENDENT MEDICAL EXAMINATION (ECF NO. 195)** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor ("A.D."), by counsel, respectfully file these objections pursuant to Fed.R.Civ.P. 72(a) seeking review by the District Judge of the Magistrate Judge's Order entered August 5, 2022 (ECF No. 195) on Defendants' Motion for an independent medical examination (IME) under Rule 35, and partial modification of that Order on the grounds that some of the factual findings are clearly erroneous and some of its legal conclusions are contrary to law.

# ARGUMENT

## I. Legal Standards

Rule 72(a) states, in relevant part: "[a] party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Local Rule IB 3-1 states, in relevant part:

> A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. . . . The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order. The district judge may also remand the matter to the magistrate judge with instructions.

LR IB 3-1(a) and (b). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Sedgwick Ins. v. F.A.B.E. Downstream Custom Systems, Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014)(quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the "contrary to law" standard requires the exercise of "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)).

## II. The Magistrate Judge's Order Mischaracterizes Plaintiffs' Case, Leading to Faulty Assumptions Concerning What Testing Should Be Conducted.

Following Defendants' lead, the Magistrate's Order unfairly characterizes Plaintiffs' case as one in which the active Complaint alleges only that Defendants discriminated against A.D. and his father by racially profiling them, *see* ECF No. 195 at 1, and that A.D. suffered PTSD solely as a result of that discrimination, *see id.* ("Plaintiffs allege that A.D. was traumatized by the event"). That oversimplification feeds into Defendants' argument, which the Magistrate endorsed, that A.D. should be questioned about other events in his life where he and his father have suffered racial discrimination, because those events, and not Defendants' actions, might be "contributing" sources of his PTSD. *See id.,* at 5, 7.

The Magistrate Judge had to ignore a substantial portion of Plaintiffs' Third Amended Complaint, as well as uncontroverted facts, to reach that conclusion and endorse Defendants' argument. For one thing, the Magistrate Judge's ruling ignores the *uncontroverted* fact that there is no evidence that A.D. had PTSD prior to stepping aboard Frontier's flight on March 28, 2019. Plaintiffs have produced all of his counseling records from prior to the flight, from both a psychiatrist and a therapist, and none of those records contain any diagnosis of PTSD from those earlier events in his life. *See,* ECF No. 186, at 4. Permitting Dr. Holland to question A.D. about his life experiences prior to the subject flight endorses Defendants' rank speculation that other events of discrimination in A.D.'s life or a prior occasion where his father was questioned about their familial relationship outside of a flight might have been contributing factors in his current PTSD diagnosis. Such a theory, even if it were true, would not constitute a valid defense even to a charge of murder. *See People v. Jennings,* 50 Cal.4th 616, 643 (Cal. App. 2010)("[A]s long as the jury finds that without the criminal act the death would not have occurred when it did, it need not determine which of the concurrent causes was the principal or primary cause of death")(quoting *People v. Catlin,* 26 Cal.4th 81, 155

(Cal. App. 2001). "This is true even if the victim's preexisting physical condition also was a substantial factor in causing death." *Catlin, supra.* If a victim's preexisting condition does not support a defense in a criminal prosecution where the burden of proof is substantially higher, it certainly cannot support a valid defense to §1981 and tort claims, where the burden is lower. And, in order to be within the scope of discovery, an inquiry must be relevant to a party's defense. Fed.R.Civ.P. 26(b)(1). In fact, it is clear from established precedent that a concurrent cause does not provide a defense to liability in a tort action. *See, Banks ex rel. Banks v. Sunrise Hosp.,* 102 P.3d 52, 65-66 (Nev. 2004); *see also Chicarelli v. Ocampo,* 482 P.3d 728 (Nev. App. 2021). Therefore, the Magistrate Judge's ruling that Dr. Holland may inquire into A.D.'s other life events is both outside the scope of permissible discovery and contrary to established precedent.

      Moreover, the mischaracterization that Plaintiffs have claimed that the PTSD came solely as a result of the discrimination and/or the questioning of A.D. and his father in the airport after the flight landed, *see* ECF No. 195, at 4, unfairly gives no weight to the allegations of the Third Amended Complaint that A.D. suffered PTSD as a result of a combination of factors, all of which were caused by Frontier and its employees: being violently awakened from sleep and taken away from his father, being falsely imprisoned in the rear of the plane by a flight attendant and an off-duty police officer for several hours, shoeless and crying and requesting in vain to be reseated with his father, hearing the flight attendant falsely accuse his father of sexual molestation, and being assaulted in a sexual manner by the same flight attendant who placed his hand over top of, and almost onto, the 12-year-old's genitalia. *See,* ECF No. 153, at ¶¶ 36-44, 51-52, 54-55. The Magistrate Judge gave false equivalence to the prior events of racial discrimination and police questioning by ignoring Plaintiffs' allegations that A.D.'s PTSD resulted from a combination of factors that all occurred aboard the Frontier flight and were not at all comparable to the earlier events. His findings that were based on

giving no weight to those allegations were clearly erroneous. The District Judge should therefore order Condition No. 5 removed from the Magistrate Judge's Order and order that the IME be limited to the PTSD suffered on Defendants' flight.

### III. The Magistrate Judge Improperly Expanded the Scope of the Condition in Issue

Plaintiffs have never denied that A.D.'s PTSD diagnosis meets the condition-in-controversy and good cause elements of Rule 35, *see* ECF No. 182, at 2. Yet, the Magistrate Judge expanded the scope of the IME by finding that the entirety of A.D.'s "mental wellbeing" is in controversy, based on Plaintiffs' allegations in the Third Amended Complaint of "fear, anxiety, apprehension, nightmares, nausea and vomiting." ECF No. 195, at 6 n.5 (quoting ECF No. 153, at 27). Those are the *symptoms* of A.D.'s PTSD, and they are pleaded as such. The portion of the Third Amended Complaint that the Magistrate Judge referred to, Paragraph 54, reads as follows:

> A.D. was also traumatized by the events on Flight 2067 described above, and he has suffered for months and years following the flight. He has suffered from fear, anxiety and apprehension, concern that his only surviving parent will be taken away from him again, terrifying nightmares, nausea and vomiting. He has been diagnosed with Post-Traumatic Stress Disorder, and he continues to be treated for that condition. Like Peter, his daily life has been affected by his symptoms, as well as by a constant apprehension that he will encounter similar abusive conduct from others and that they will separate him from his father. Like Peter, he also suffered anxiety, embarrassment, humiliation and other emotional distress as a result of Defendants' deliberate actions.

Clearly, in the pleading, the sentence "He has been diagnosed with Post-Traumatic Stress Disorder, and he continues to be treated for that condition" was placed at the end of the list of symptoms to summarize them and explain what a doctor has diagnosed from them. The Magistrate Judge's Order reverses that placement, improperly suggesting that the symptoms are things *additional to* the PTSD diagnosis that warrant testing in addition to the PTSD. There is one diagnosis for A.D. at issue in this case, and that is for PTSD. Listing its symptoms separately does not create additional diagnoses in controversy. As the Supreme Court has held, there is no basis for an IME to be conducted where the "in controversy" requirement has not been met. *Schlagenhauf v. Holder,* 379 U.S. 104, 118-20

(1964). And even assuming, *arguendo,* that "fear, anxiety, apprehension, nightmares, nausea and vomiting" were separate maladies, A.D. has not sought treatment for them independent of his PTSD diagnosis, and therefore they would fall into the same category of "garden variety" emotional distress as the "anxiety, embarrassment, humiliation and other emotional distress" alleged in the last sentence of Paragraph 54 of the Third Amended Complaint. This Court and many others have held that allegations of "garden variety" emotional distress do not warrant psychological examination in an IME, because they do not meet the "in controversy" requirement. *Vasquez-Brenes v. Las Vegas Metro. Police Dep't,* Case No. 2:12-cv-001635-JCM-VCF (D. Nev. Oct. 17, 2013), slip op. at 9-12; *see also Everett Pringle v. Andrew Wheeler, et al.*, No. 19-cv-07432-WHO, 2021 WL 1907824, at *1 (N.D. Cal. Apr. 16, 2021) ("[The plaintiff's] claims for 'mental and emotional distress,' 'pain and suffering,' and 'stress, internal turmoil, trauma, and anxiety' are 'garden variety' emotion[al] distresses that do not put his mental condition in controversy."); *Tan v. City & Cnty. of San Francisco,* No. C 08-01564 MEJ, 2009 WL 594238, at *1 (N.D. Cal. Mar. 4, 2009) (garden variety emotional distress alone is not sufficient to place a party's mental state in controversy); *Williams v. Redwood Toxicology Lab.*, No. 4:21-cv-04501-HSG (LB) (N.D. Cal., Aug. 11, 2022)(same).

Since the Magistrate Judge improperly expanded the scope of the IME beyond the only diagnosed condition in controversy, the District Judge should limit the scope of the IME to the PTSD.

### IV. The Allowance of Unspecific "Additional Tests" Was an Abuse of Discretion and Violates Court Precedent on IMEs

The Magistrate Judge's Order lists five specific tests that Dr. Holland may administer to A.D. during the IME, *see* ECF No. 195, at 8 ¶ 4, but then states: "Time permitting, additional tests may be administered depending on the results of the listed tests." *Id.* Allowing "additional tests" without specifying what they will be violates the requirement of Rule 35 that the Order permitting an IME "must specify the . . . scope of the examination." Fed. R. Civ. P. 35(a)(2)(B). That lack of specificity

of scope was precisely what the Court refused to allow in *Adele v. Dunn,* No. 2:12-cv-00597-LDG-PAL, 2012 U.S. Dist. LEXIS 167876, 2012 WL 5944705 (D. Nev. Nov. 26, 2012), where Magistrate Judge Leen said: "In essence, Defendants are asking the court for an order requiring Plaintiff to submit to whatever examination Dr. Olson deems appropriate when he sees and hears from the Plaintiff. This the court will not do." Slip op. at 5. The plaintiff that Judge Leen protected in *Adele* was an adult; A.D. is a 15-year-old boy. The Court should not subject him to whatever testing Dr. Holland deems appropriate, in a closed-door session, without any opportunity for his legal counsel to object to the test's propriety under the circumstances or its intrusiveness. Giving the doctor such unlimited authority is clearly an abuse of discretion and something "the court will not do." *Id.*

The Magistrate Judge distinguished *Adele* by stating, first, "Here, Dr. Holland has indicated which specific tests she will administer." ECF No. 195, at 7. That statement applies only to the five listed tests, not to the "additional tests" that the Magistrate Judge has authorized without identification. That attempt to distinguish *Adele* is inapt, as the situation is identical to what Judge Leen described in *Adele*. The Magistrate Judge then states: "Additionally, while Dr. Holland asserts that additional tests might be necessary, any additional exam will be inherently limited in time and by the tests she will already be administering." *Id.* That statement incorrectly presupposes that the "additional tests" selected by Dr. Holland will be written exams, and that somehow limitations on time will ensure that A.D. is protected from any improper testing. The Magistrate Judge has allowed *six hours* for the total IME. A great deal can go wrong in six hours, especially when the examiner has an entire world of tests to choose from. There is no indication on the record that any of the parties know Dr. Holland, so cloaking her in absolute discretion because that is what Frontier requests does nothing to uphold the Court's inherent duty to protect the rights and safety of a minor who stands before it. Finally, the Magistrate Judge sums up his reasoning by stating: "The absolute discretion

that the examiner proposed in *Adele* is not present here and the discretion Dr. Holland proposes is tempered by the tests she is required to administer and the time frames by which she must abide." *Id.* The Court's reasoning is faulty. As noted above, "the time frames by which she must abide" consist of two three-hour sessions totaling six hours. That is not a limitation that would ensure only appropriate testing under Rule 35. To say that Dr. Holland's discretion is not as "absolute" as Dr. Olson's proposal ignores the fact that the Magistrate Judge has imposed absolutely no limitations on what tests she can administer. If that is not "absolute discretion," then nothing is. To say that her time will be limited by "the tests that she is required to administer" ignores the language of the Court's own Order, which states, in relevant part: "Dr. Holland's exam *may include* the following psychological testing: WASI, BASC-3, CAPS-CA-5, LEC-5 and PAI-A." (Emphasis added). That is no requirement at all. Under the language of the Order, Dr. Holland could abandon any of the listed tests and spend the remainder of the six hours administering any tests she pleases. Consistent with the holding of *Adele*, the District Judge should limit Dr. Holland to the five listed tests to comply with the language and spirit of Rule 35(a) and to protect the rights and safety of the minor Plaintiff.

## **CONCLUSION**

For all the reasons set forth above, Plaintiffs respectfully request that this Honorable Court modify the Magistrate Judge's Order as indicated above.

DATED this 19th day of August, 2022.

                                                /s/ John D. McKay
                                        ***Attorney for Plaintiffs Peter DelVecchia***
                                        ***And A.D., a Minor***