Timothy R. Titolo, Esq.
Nevada Bar No. 003617
TITOLO LAW OFFICE
9812 Guiding Light Ave.
Las Vegas, Nevada 89149
(702) 869-5100
tim@titololaw.com

John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
(434) 531-9569
johndmckayatty@gmail.com
**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES, INC., *et al.*,<br>Defendants. | **Case No: 2:19-CV-01322-KJD-DJA**<br><br><br><br>**PLAINTIFFS' RULE 72(a) OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 5, 2022 ORDER ON PLAINTIFFS' FOURTH AND FIFTH MOTIONS TO COMPEL DISCOVERY (ECF NO. 192)** |

Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor ("A.D."), by counsel, respectfully file these objections pursuant to Fed.R.Civ.P. 72(a) seeking *de novo* review and reversal by the District Judge of the Magistrate Judge's Order entered August 5, 2022 (ECF No. 192) denying Plaintiffs' Fourth Motion to Compel (ECF No. 164) and partially denying Plaintiffs' Fifth Motion to Compel (ECF No. 170).

PLAINTIFFS' RULE 72(a) OBJECTIONS TO ORDER ON MOTIONS TO COMPEL
Page 1 of 11

# ARGUMENT

## I. Legal Standards

Rule 72(a) states, in relevant part: "[a] party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Local Rule IB 3-1 states, in relevant part:

> A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. . . . The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order. The district judge may also remand the matter to the magistrate judge with instructions.

LR IB 3-1(a) and (b). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Sedgwick Ins. v. F.A.B.E. Downstream Custom Systems, Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014)(quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the "contrary to law" standard requires the exercise of "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)).

## II. The Magistrate Judge's Order Significantly and Unfairly Thwarts Plaintiffs' Ability to Prosecute Their Section 1981 Claims.

Had the 39th Congress not wanted the courts of the United States to enforce the Civil Rights Act of 1866 (the first section of which is now codified at 42 U.S.C. §1981), it would not have passed the Act in both of its Houses, nor would it have taken the extraordinary step of ensuring its passage into law by overriding President Andrew Johnson's veto on April 5, 1866, marking the first time in its then-77 years of existence that Congress had overridden a presidential veto on significant legislation. Had the 78 successive Congresses not wanted the law enforced in the courts, one of them would have voted to repeal it. Nothing of the sort happened. In fact, §1981 has been routinely enforced by the federal courts, especially during the past 50 years, and when the Supreme Court attempted to limit its application in *Patterson v. McLean Credit Union,* 491 U.S. 164 (1989), the 102nd Congress responded by amending the statute to override that holding, adding subsection (b), which clarifies the definition of the phrase "make and enforce contracts." The language of that amendment forms the basis of Plaintiffs' claims in Count I of their Third Amended Complaint (ECF No. 153) because they allege that Frontier and its employees and agents denied them the full enjoyment of "all benefits, privileges, terms and conditions of the contractual relationship" that they established with Frontier by purchasing tickets to travel on its Flight 2067 from Raleigh, North Carolina to Las Vegas on March 28, 2019. 42 U.S.C. §1981(b). The Ninth Circuit has held that §1981 protects all citizens from discrimination based on the color of their skin or their ethnicity, regardless of whether they are White or nonwhite. *Evans v. McKay,* 869 F.2d 1341, 1344 (9th Cir. 1989). It has also noted that "Of all the vile types of discrimination, courts and Congress have treated race discrimination as the most vile of all." *Lansdale v. Hi-Health Supermart Corp.,* 314 F.3d 355, 359 (9th Cir. 2002). The Supreme Court has held that punitive damages are available to Plaintiffs where there is proof of malice, an evil motive, recklessness or callous indifference to a federally protected

right. *Smith v. Wade*, 461 U.S. 30, 56 (1983). In addition to their claims for compensatory damages arising out of their treatment by Frontier and its employees and agents, Plaintiffs have alleged that "Defendants are also liable to Plaintiffs, jointly and severally, for punitive damages under [§1981] because their discriminatory conduct was based on malice toward Plaintiffs, evil motives, recklessness and/or callous indifference to Plaintiffs' federally-protected legal rights." ECF No. 153, at ¶ 65. Moreover, they have specifically alleged that their treatment followed, and was consistent with, a long history of Frontier ignoring claims of racial and ethnic discrimination by its employees and agents, ignoring recommendations from the U.S. Department of Transportation to implement training aimed at ensuring that employees do not violate federal laws prohibiting discrimination when they conduct their duties, failing to implement effective discrimination training or policies, and failing to reprimand or otherwise discipline employees accused of discriminating against passengers (and even implementing procedures that ensure that such complaints will not be properly investigated). They have alleged that their treatment aboard Flight 2067 was the result of a toxic environment fostered and encouraged by Frontier for several years. *See id.,* at ¶¶ 24-28, 51-52, 56-59.

Despite those allegations putting Frontier's historical treatment of persons of color and mixed-race families in issue, the Court's rulings on Motions to Compel filed by Plaintiffs, including the August 5, 2022 Order at issue, have significantly and unfairly hindered Plaintiffs' ability to obtain relevant and necessary evidence from Frontier. Understandably, Frontier has been reluctant to divulge documents and other evidence that would demonstrate its callous disregard for passengers' civil rights. It has asserted objections to no less than 75 percent of the requests Plaintiffs have served on it, *see* ECF No. 170-2, asserting boilerplate objections and informing Plaintiffs that they simply will not produce Rule 30(b)(6) witnesses on certain subjects, without moving for a protective order.

What is not at all understandable is the Court's response to Frontier's recalcitrance, which has been generally to condone its behavior, with the result that the Court's rulings have assisted Frontier in keeping a tight lid on a situation of conscious disregard of passengers' rights that Plaintiffs have a right, under the precedent cited above, to present to a jury. The Order at issue is no exception.

When Plaintiffs first filed a Motion to Compel in this case (ECF No. 45) after receiving the first set of blanket objections from Frontier, the Magistrate Judge previously assigned to this case denied the motion *sua sponte* but without prejudice, the day after it was filed. She gave as her reasoning the fact that the Motion cited only four cases. *See,* ECF No. 47. Two days later, Plaintiffs filed an Amended Motion to Compel that was 22 pages long and cited to 28 cases, including several discovery cases that had been decided by the same Magistrate Judge, as well as three federal statutes, several Code of Federal Regulations sections, four Federal Rules of Civil Procedure, two Local Rules, and a highly respected treatise on federal procedure, ECF No. 50. The Magistrate Judge's Order denying that Amended Motion (again without prejudice) mentioned none of those authorities, but cited instead a violation of Local Rule IC 2-2(b) that had also been evident in the first Motion to Compel but had not been mentioned in her previous Order. She also held that the Amended Motion was insufficient even despite that Local Rule violation because Plaintiffs did not "cite to *appropriate* authority for the vast majority of their requests that would suffice to meet their initial burden as movants." ECF No. 57, at 2 (italics added). She also ruled that "Plaintiffs rely on unsupported statements, such as the request is not 'overly broad,' and the request does not seek information that is out of proportion to the needs of the case." *Id.* (citations omitted).[1] Plaintiffs subsequently filed a Second Amended Motion to Compel (ECF No. 77) that included a portion of the requests that had

---

[1] Remarkably, when Frontier recently filed a motion to compel that cited fewer cases (ECF No. 90), the Court scheduled the motion for a hearing before Plaintiffs had even responded to it. *See* ECF No. 196. The Court has never granted Plaintiffs a hearing on a contested motion.

been the subject of the original and Amended Motions to Compel, plus 19 more recent requests that Frontier had asserted boilerplate objections to. The Court, under the current Magistrate Judge, entered an Order (ECF No. 83) that began by noting that "Plaintiffs' reply *concedes* that 10 of the discovery requests were included in the prior motions to compel, while 19 new ones have been added to the instant motion." *Id.,* at 2 (italics added). That was an interesting choice of wording, given that there was no impropriety in the content of the motion. Plaintiffs had simply mentioned the inclusion of the 19 newly unanswered requests to defend themselves against Frontier's baseless argument that Plaintiffs were "improperly seek[ing] a third bite at the apple," *see* ECF No. 79, at 2 (which Plaintiffs would have had every right to do in any event, since the Court had denied both of the prior motions without prejudice to refile).[2] The Order then proceeded to only partially grant Plaintiffs' Second Amended Motion to Compel without ever mentioning Frontier's reliance on boilerplate "overly broad" objections that are improper under the holdings of several decisions of this Court and others, *see Caballero v. Bodega Latina Corp.,* Case No. 2:17-cv-00236-JAD-VCF, 2017 US Dist. LEXIS 116869, at *13 (D. Nev. July 25, 2017); *Gurshin v. Bank of America, N.A.,* Case No. 2:15-cv-00323-GMN-VCF (D. Nev., Sept. 25, 2017); *Sallah v. Worldwide Clearing LLC,* 855 F.Supp.2d 1364, 1376 (S.D. Fla. 2012)(objections such as "overly broad" and "unduly burdensome" are "meaningless" absent a factual explanation accompanying the objection that explains why the request is too broad or too burdensome to respond to), and despite the fact that boilerplate objections waive any legitimate objections the party might have had to the discovery, *see Gurshin,* slip at 4 (citing *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 364 (D. Md. 2008)). In its Order docketed on August

---

[2] Equally inexplicably, the Magistrate Judge used the same "concedes" terminology twice in his Order on Defendants' Motion for an IME (ECF No. 195, at 2 and 6), to describe Plaintiffs' position on a point that had never been in contention. *See* ECF No. 182, at 2 ("Plaintiffs do not contest . . ."). The repeated use of such adversarial terminology in Orders, particularly where the contexts do not warrant it, leads Plaintiffs to wonder whether they have chosen a safe forum in which to seek enforcement of their federally-protected rights.

5, 2022 (ECF No. 192), to which the current Objections are directed, the Court totally denied Plaintiffs' Fourth Motion to Compel and mostly denied their Fifth Motion to Compel, once again saying nothing about Frontier's near-total use of boilerplate objections, and declining to rule for a sixth time on the validity of Frontier's repeated assertion that the names of airline passengers are entitled to special confidentiality by virtue of 14 C.F.R. Part 243 that is not afforded to any other witnesses in civil actions.

The Fourth Motion to Compel was Plaintiffs' sixth request for the Court to rule on the propriety of Frontier's argument under Part 243. The issue is not even a close one, as the plain language of Part 243 contradicts Frontier's argument. *See, Salisbury v. City of Santa Monica,* 994 F.3d 1056, 1063 (9th Cir. 2021). The Magistrate Judge once again avoided any ruling on the issue, at Frontier's invitation, by concluding that the Court did not need to reach the issue because "Plaintiffs have not made a threshold showing that the information they seek is relevant or proportional." ECF No. 192, at 1. That finding is clearly erroneous because the names of the complaining passengers were obvious components of the prior complaints of discrimination received by Frontier, and both Judges assigned to this case had *already held* that the complaints must be produced because they were both relevant and proportional to Plaintiffs' Section 1981 claims. ECF No. 83, at 4; ECF No. 120, at 2-3. Neither of the Orders requiring production of the prior complaints contained any carve-out concerning passenger identities, passenger contact information, or the identities and contact information for employees and agents, notably because Frontier never asserted any objection to providing that information. Under "well-established" Ninth Circuit precedent, its failure to assert any such objection waived all objections to producing that information. *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992). Nevertheless, Frontier unilaterally and without Court authorization redacted all of that information from the documents that it produced

pursuant to the Court's two Orders, falsely claiming that Part 243 required it to do so (to date, it has not asserted a shred of authority to support its redaction of employee and agent information). Over the past two years of this litigation, Plaintiffs have been unable to get the Court to rule on the propriety of the redactions, even though: (a) the Court has already held twice that the complaints are relevant and proportional to Plaintiffs' Section 1981 claims; (b) Ninth Circuit "well-established" precedent holds that Frontier has waived any objection to producing the information; (c) nothing in the language of Part 243 even remotely supports Frontier's belatedly asserted argument; and (d) Plaintiffs have repeatedly explained both the relevance and proportionality to their §1981 claims. Again, Plaintiffs are left to wonder why the Magistrate Judge has repeatedly adopted a position that limits their ability to obtain evidence in support of their §1981 claims, when the scope of discovery is supposed to be broadly construed. By allowing Frontier's improper and unauthorized redactions to stand, the Court renders Plaintiffs unable to determine whether any of the complaining passengers followed up their complaints with lawsuits, and what the results of any such suits were, whether the bases for all of the complaints fit within the scope of §1981, who the offending employees were (if the passengers had their names or other identifying information such as employee numbers), or even what the passengers' versions of the facts were, since nearly all of the complaints produced are merely summaries that were written by Frontier employees, not the complaining passengers themselves.

     The Magistrate Judge's ruling on the Fourth Motion to Compel is contrary to law because it ignores the fact that this Court already held the complaints in their entirety to be relevant and proportional to Plaintiffs' §1981 claims, and it fails to give any weight to Ninth Circuit "well-established" precedent holding that the failure to assert an objection results in waiver, or to numerous

discovery decisions of this Court holding that boilerplate objections are improper. The District Judge should therefore reverse it.

In their Fifth Motion to Compel, Plaintiffs painstakingly laid out over 49 pages each of the discovery requests that Frontier had asserted boilerplate objections to, explaining the relevance and proportionality of each of the requests and citing case law establishing that Frontier's objections were improper. The Magistrate Judge rejected nearly all of Plaintiffs' arguments with a broad brush, basing his ruling on Frontier's "collateral relevance" argument that is supported only by two district court cases from other districts, and distinguishing relevant Ninth Circuit decisions, as will be discussed more fully in the following section. He ignored the fact that "collateral relevance" is not a concept recognized by Rule 26(b)'s definition of the scope of discovery, and Plaintiffs' argument that even if "collateral relevance" is, *arguendo*, a meaningful concept, relevance that is collateral is still relevance for purposes of Rule 26(b). *See Guerra v. Dematic Corp.,* Case No. 3:18-cv-00376-LRH-CLB (D. Nev. April 15, 2022), slip op. at 5. He also erroneously concluded that "the only reason this allegedly spoliated evidence is relevant is because it could help Plaintiffs identify whether the employees aboard their flight were involved in any past discrimination complaints." ECF No. 192, at 13. That conclusion utterly ignores the fact that the spoliated evidence is necessary to determine whether *any* of the employees named in the prior discrimination complaints were disciplined, because Frontier employees have testified that they need names to pull and examine employee records, and most of the complaints do not contain names, only flight numbers and dates. The spoliated evidence was necessary to link flight numbers and dates to names of employees assigned to the flights, and only through that process could files revealing whether the employees were disciplined be pulled for examination. The Magistrate Judge's ruling is therefore clearly erroneous and contrary to law and should be reversed.

### III. The Magistrate Judge's Order Ignores Ninth Circuit Precedent and Avoids the Court's Responsibilities under Rule 37.

The Magistrate Judge's Order improperly elevated *Karrani v. JetBlue Airways Corp.,* No. C18-1510-RSM, 2019 U.S. Dist. LEXIS 127944 (W.D. Wash. July 31, 2019*) and Acton v. Target Corp.,* No. C08-1149RAJ, 2009 U.S. Dist. LEXIS 104436 (W.D. Wash. Oct.16, 2009*),* two decisions of the Western District of Washington that have no precedential value, over *Heyne v. Caruso,* 69 F.3d 1475 (9th Cir. 1995) and *Fuller v. Idaho Dep't of Corrections,* 865 F.3d 1154 (9th Cir. 2007), two Ninth Circuit decisions that are controlling precedent in this Court. As noted above, the Court's review under the "contrary to law" standard requires the exercise of "independent judgment" in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee, supra.*

*Karrani* is distinguishable in addition to being non-binding, as pointed out in ECF No. 177, at 10-11. The Plaintiff's §1981 claim was particularly weak, and the district court's analysis of the treatment of circumstantial evidence is misplaced in light of the Ninth Circuit's holding in *Costa v. Desert Palace, Inc.,* 299 F.3d 838, 865 (9th Cir. 2002), aff'd, 539 U.S. 90 (2003), that direct and circumstantial evidence are to be given equal weight*.* There was no legitimate basis for the Court to elevate *Karrani* or *Acton*, another trial court ruling, over *Heyne* and *Fuller,* two Ninth Circuit holdings that stand for the proposition that "pattern and practice" evidence is relevant to the totality of the circumstances and a §1981 defendant's general hostility toward certain groups. The Magistrate Judge's wholesale refusal to follow those decisions because of irrelevant distinguishing factors was contrary to law and should be reversed.

The Magistrate Judge's refusal to compel Frontier to respond to routine requests seeking admissions that records it produced are business records, or the facts behind its spoliation of

evidence, utterly avoids the Court's responsibilities under Rule 37, as does its refusal to award attorneys' fees to Plaintiffs (for the fifth time).

Finally, it is incomprehensible why the Court would not set a specific date for Frontier's production of the two items the Magistrate Judge did order produced, despite Plaintiffs' specific request and knowledge that Frontier took over a year to respond to the Court's last orders to compel. The failure to set a date certain invites a repeat of that unreasonable delay.

## **CONCLUSION**

For all the reasons set forth above, Plaintiffs respectfully request that this Honorable Court reverse the Magistrate Judge's Order and grant the two Motions to Compel as originally requested.

DATED this 19th day of August, 2022.

                                                  /s/ John D. McKay
                                           ***Attorney for Plaintiffs Peter DelVecchia***
                                           ***And A.D., a Minor***