CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
       bmaye@amm-law.com

*Attorneys for Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, <br><br> *Plaintiffs*, <br><br> v. <br><br> FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, <br><br> *Defendants*. | Case No.: 2:19-cv-01322-KJD-DJA <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 72(a) OBJECTION TO THE MAGISTRATE JUDGE'S AUGUST 5, 2022, ORDER ON MOTION FOR INDEPENDENT MEDICAL EXAMINATION (ECF NO. 195)** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 72 OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 5, 2022, ORDER ON DEFENDANTS' MOTION FOR INDEPENDENT MEDICAL EXAMINATION**

Defendant FRONTIER AIRLINES, INC., SCOTT WARREN, AND REX SHUPE (collectively "Frontier"), by their undersigned counsel, submit this Response to Plaintiffs' Rule 72 Objections to the Magistrate Judge's August 5, 2022, Order on Frontier's Motion for Rule 35 Independent Medical Examination. (ECF No. 195). Frontier's Response is based on the attached Memorandum of Points and Authorities, the pleadings on file, and any oral argument the Court may permit.

Date: September 2, 2022

Respectfully submitted,

/s/ Brian Maye

Lawrence S. Gosewisch (*admitted pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
bmaye@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

# FRONTIER'S MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiffs distort the facts surrounding A.D.'s purported diagnosis of Post-Traumatic Stress Disorder (PTSD) and fail to squarely address the controlling legal standards for a Rule 35 independent medical exam. They complaint that the Magistrate Judge's ruling on Frontier's Rule 35 Motion "ignores the uncontroverted fact that there is no evidence that A.D. had PTSD prior to stepping aboard Frontier's flight on March 28, 2019." ECF 202, p. 3. This statement incorrectly implies it is undisputed that A.D. was properly diagnosed with PTSD and that the cause was exclusively the incident aboard the subject flight.

In fact, A.D.'s purported PTSD diagnosis is very much in dispute, and, to the extent A.D. has a valid PTSD diagnosis, several questions remain as to which events caused his actual trauma and when he experienced the resulting symptoms. Plaintiffs provided deposition testimony describing one prior incident when they were questioned by law enforcement following a flight with a different airline, and another prior incident when police interrupted them during a movie and questioned them outside the theatre. Plaintiffs also answered written interrogatories stating that during their daily lives they have been subjected to people shouting racist comments and throwing garbage at them. Nonetheless, Plaintiffs maintain the untenable position that the Rule 35 independent medical examiner should be limited to questioning A.D. only about "the PTSD suffered on Defendants' flight." ECF 202, p. 5.

Though Frontier disagrees with certain portions of the Magistrate Judge's ruling on its Rule 35 Motion, the ruling was fair and well within the Magistrate Judge's broad discretion in determining the scope of an independent medical examination. *Claridge v. I-Flow Corp.*, No. 2:18-cv-01654, at *8 (D. Nev. Mar. 26, 2021). Frontier respectfully submits that Plaintiffs arguments to the contrary have no merit, and the Court should affirm the Magistrate Judge's ruling in full.

## II. Correct Rule 35 Legal Standards

Pursuant to Fed. R. Civ. P. 35, upon a showing of good cause, a district court can order a party whose mental or physical condition is "in controversy" to submit to an examination by a suitably licensed or certified examiner. Here, Plaintiffs correctly note that a claim for "garden variety" emotional distress, standing on its own, is not typically sufficient to put the plaintiffs' mental condition "in controversy" under Rule 35. ECF 202, p. 6; *see also, e.g., Pham v. Wal-Mart Stores, Inc.,* No. 2:11-cv-01148, at *8 (D. Nev. May 29, 2012); *Gurshin v. Bank of America*, No. 2:15-cv-323, at *2-3 (D. Nev. Jan. 26, 2016).

However, Plaintiffs fail to note that courts typically order the plaintiff to undergo a Rule 35 medical examination if the claim asserts "garden variety" emotional distress combined with one or more of the following: (1) a cause of action for intentional or negligent infliction of emotion distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a). *Id*

## III. The Magistrate Judge did not Improperly Expand the Scope of the Condition at Issue

Plaintiffs baselessly object to the Magistrate Judge's ruling that A.D.'s "mental wellbeing" is in controversy based on Plaintiffs' allegations in the Third Amended Complaint that A.D. suffers from fear, anxiety, apprehension, nightmares, nausea, and vomiting. ECF 202, p. 5-6. Plaintiffs maintain that A.D. cannot be questioned about these symptoms because they are not the basis for a separate diagnosis. According to Plaintiffs, in alleging the presence of A.D.'s symptoms, they were only alleging "garden variety" emotional distress claims that cannot be explored during A.D.'s Rule 35 exam. *Id*.

However, the factors noted above in the *Gurshin* case clearly support the Magistrate Judge's ruling that A.D.'s allegations of fear, anxiety, apprehension, nightmares, nausea, and vomiting are appropriate topics for discussion during his Rule 35 exam. To wit, Plaintiffs alleged a **cause of action for intentional**

**infliction of emotional distress**. ECF 153, p. 31. Plaintiffs claim A.D. was "jailed" near the back of the aircraft "with a hand placed in the area of his genitalia" before Frontier "arranged for police and FBI to take Peter and A.D. into custody when the plane landed, in full view of the other passengers and persons in the airline terminal." *Id*. at 32. Further, despite Plaintiffs' claims that they only alleged A.D.'s "garden variety" emotional distress (in addition to his disputed PTSD diagnosis), the Third Amended Complaint reflects that Plaintiffs are clearly claiming **unusually severe emotional distress**. For instance, Plaintiffs claim that in the aftermath of the incident, A.D. suffers from "concern that his only surviving parent will be taken away from him again," and "his daily life has been affected by his symptoms, as well as by a constant apprehension that he will encounter similar abusive conduct from others and that they will separate him from his father." *Id*. at 27-28.

In sum, Plaintiffs provide no support for their position that a plaintiff can limit the scope of an independent medical examination by pleading only a single diagnosis caused by a single traumatic event. For the reasons stated above, the Court should deny Plaintiffs' request that A.D.'s Rule 35 examination be limited in scope to questions only about A.D.'s purported PTSD.

**IV.    The Magistrate Judge Correctly Ruled that A.D. can be Questioned about Past Experiences**

Plaintiffs mistakenly conflate the parameters of a Rule 35 medical exam with the standards for proving causation during a trial on criminal charges. Citing criminal cases from the California Courts of Appeal, Plaintiffs argue: "If a victim's preexisting condition does not support a defense in a criminal prosecution where the burden of proof is substantially higher, it certainly cannot support a valid defense to §1981 and tort claims, where the burden is lower. And, in order to be within the scope of discovery, an inquiry must be relevant to a party's defense." ECF 202, p. 4 (citing Fed. R. Civ. P. 26(b)(1)).

Plaintiffs' argument misses the mark entirely. As noted, A.D.'s PTSD diagnosis is very much in controversy, and whether the purported disorder was caused – if at all – by the events aboard the subject

- 5 -

aircraft is most relevant to Frontier's defenses. This is true not only with respect to the element of causation, but also to damages. Moreover, Plaintiffs discuss A.D.'s alleged PTSD in simplistic terms and assume they cannot be challenged on their allegations that "A.D.'s PTSD resulted from a combination of factors that all occurred aboard the Frontier flight and were not at all comparable to the earlier events." ECF 202. P. 4.

In fact, PTSD diagnoses are the subject of much debate in the scientific community. Just because a distressing event injures one's psyche, it does not automatically meet the diagnostic threshold for "trauma" in the context of PTSD. For example, as per the 2013 revision of the *Diagnostic and Statistical Manual of Mental Disorders (DSM-5)*, the trauma required for a valid PTSD diagnosis must involve an event that exposed the victim to "actual or threatened death, serious injury, or sexual violence." American Psychiatric Association (2013), *Diagnostic and statistical manual of mental disorders* (5th ed.) at p. 271. Some scholars disagree with these standards on grounds that they preclude a PTSD diagnosis based on discrimination, while others maintain discrimination raises different issues that may nonetheless qualify as traumatic outside the context of PTSD. Seamone, Evan R., *Article: Beyond "Restoration of Honor": Compensating Veterans for the Psychological Injuries of the Gay and Transgender Bans*, 28 Wm. & Mary J. Race, Gender & Soc. Just. 687, 713-714. Further complicating the PTSD landscape, other experts maintain that when dealing with children, PTSD could result from a single traumatic event, or from an accumulation of traumatic events, and a "full picture is necessary before diagnosing a child with PTSD and recommending treatment." See *Liggins v. McDonald*, No. 2:11-cv-2336-JKS, 2013 U.S. Dist. LEXIS 146990, at *7-8 (E.D. Cal. Oct. 10, 2013).

Frontier takes no position at this stage in the litigation as to whether A.D.'s alleged PTSD could have resulted from the subject incident, an accumulation of incidents, or whether it was even possible for A.D. to have suffered PTSD based on the allegations in the Third Amended Complaint. Of the positions outlined above, the only one endorsed by Frontier (for present purposes) is that a "full picture" is necessary

before diagnosing a child with PTSD. Learning the full picture of A.D.'s alleged PTSD necessarily requires asking him about past episodes in his life when he was questioned by law enforcement after deboarding a Delta Airlines airplane and outside a movie theater, and when he was allegedly victimized by racial slurs and other horrendous racist acts in public. Indeed, *the DSM-5* establishes that pre-traumatic environmental factors, including, but not limited to, childhood adversity, parental separation or death, cultural characteristics, and exposure to prior trauma, should be considered when assessing whether a PTSD diagnosis is warranted. American Psychiatric Association (2013), Diagnostic and statistical manual of mental disorders (5th ed.) at p. 277.

For these reasons and those previously argued, the Court should deny Plaintiffs' requested restrictions on A.D.'s Rule 35 medical exam.

### V.  The Magistrate Judge was Correct to Allow Additional Testing if Time Permits

Plaintiffs' final argument is that the Court "should not subject [A.D.] to whatever testing Dr. Holland deems appropriate, in a closed-door session, without any opportunity for his legal counsel to object to the test's propriety under the circumstances or its intrusiveness." ECF 202. P. 7. This argument is again meritless and relies on a flawed application of *Adele v. Dunn*, No. 2:12-cv-00597 (D. Nev. Nov. 26, 2012). As the Magistrate Judge correctly observed, *Adele* is clearly distinguishable from this case because "the examiner [in *Adele*] provided that the scope of the exam would depend on how the plaintiff presented on the date of the exam and did not identify any specific tests that he would administer." ECF 195, p. 6. Such is not the case here, as "Dr. Holland has indicated which specific tests she will administer." *Id*. at 7. "Moreover, courts in this Circuit have concluded that Rule 35 does not require the party requesting an examination to fully describe the manner and conditions of the examination." *Buononato v. Sam's West*, No. 2:19-cv-01221, at *6-7 (D. Nev. Nov. 18, 2020). For these reasons, the Magistrate Judge was correct in ruling that "[t]he absolute discretion that the examiner proposed in *Adele* is not present here and the

discretion Dr. Holland proposes is tempered by the tests she is required to administer and the time frames by which she must abide." ECF 195, p. 7.

**VI.     Conclusion**

For all of the reasons argued above and in recent briefing, Frontier respectfully submits that the Court should deny Plaintiffs' Objections in full, allow A.D.'s Rule 35 examination to proceed in accordance with the Magistrate Judge's rulings, and for any other relief this Court deems just and proper.

DATED September 2, 2022                        Respectfully submitted,

/s/ Brian Maye

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
         bmaye@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

John D. McKay
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: (800) 391-3654
Email: johndmckayatty@gmail.com

Timothy R. Titolo
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com

*Attorneys for Plaintiffs*

By: /s/ Brian Maye