John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
(434) 531-9569
johndmckayatty@gmail.com
**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, ) | Case No: 2:19-CV-01322-KJD-DJA |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **PLAINTIFFS' MOTION FOR LEAVE** |
| ) | **TO FILE REPLY IN SUPPORT OF** |
| ) | **RULE 72(a) OBJECTIONS TO** |
| FRONTIER AIRLINES, INC., *et al.*, ) | **ORDER BY MAGISTRATE JUDGE** |
| Defendants. ) | **(ECF NO. 203)** |
| ) | |

Plaintiffs, Peter DelVecchia ("Peter") individually and as next friend of A. D., a minor ("A.D."), by counsel, respectfully move this Honorable Court for leave to file a Reply to Defendant Frontier Airlines, Inc.'s Response (ECF No. 203) and in further support of their Objections to the Magistrate Judge's Order (ECF No. 192) on important discovery issues. For the reasons discussed below, the Court should grant leave pursuant to LR IB 3-1 to file a Reply because the Reply would be helpful to the Court in understanding how Frontier's arguments rely on incorrect statements of the record and distinguishable and non-precedential case law. The Court should also grant leave because fairness dictates that Plaintiffs should have the final word in arguing motions that they filed. In the interest of expediency, and to comply with the normal 7-day filing requirement for replies in case this motion is granted, Plaintiffs have attached their proposed Reply hereto as **Exhibit A**.

# ARGUMENT

**I.    Plaintiffs should be given an opportunity to show the Court how Frontier has mischaracterized the record and relied on distinguishable and non-precedential case law.**

Local Rule IB 3-1 permits replies only by leave of Court, and a review of past decisions made under that Local Rule shows that leave to file a reply is infrequently granted. Plaintiffs respectfully request that the Court grant leave in this case, however, because critically important issues concerning access to discovery are at stake, and Frontier's response mischaracterizes the record to such an extent that to adopt any of its assertions as accurate would cause serious injustice to occur. Frontier has mischaracterized the content of Plaintiffs' allegations to support its argument that the information Plaintiffs are seeking is not relevant or proportional to their case, omitting from its "summary" of the Third Amended Complaint all of the claims Plaintiffs have made against several of Frontier's employees and Frontier's management, including the claim that Frontier's management has fostered and maintained for years a corporate culture of conscious indifference to its passengers' federally-protected civil rights, that ultimately resulted in discrimination to both Plaintiffs. The fact that Frontier would present such arguments to this Honorable Court is unsurprising, given that its entire justification for redacting critical information from the documents the Court ordered it to produce in 2020 and 2021 (*i.e.,* the subject matter of Plaintiffs' Fourth Motion to Compel, ECF No. 164) rests upon a "federal rule of law" Frontier cited to the Court (*sans* supporting case law) that literally does not exist. If the Court were to adopt Frontier's inaccurate "summary" of Plaintiffs' case, it might make the same errors that the Magistrate Judge did in the Order objected to. The scope of discovery needs to be determined based on the entirety of Plaintiffs' case, not the truncated version presented in Frontier's Response. Moreover, the Court should not lose sight of the fact that it already ordered Frontier to produce the documents that are the subject of the Fourth Motion to Compel,

without any exception for passenger details, but Frontier redacted that information from those documents without seeking leave to do so. If the Court does not order Frontier to provide the redacted information, Plaintiffs could be severely and unfairly hindered in their ability to defend a motion for summary judgment and prove their claims at trial.

With respect to Plaintiffs' Fifth Motion to Compel, Frontier urges (as it did before the Magistrate Judge) the Court to follow non-precedential district court summary judgment rulings to restrict Plaintiffs' access to discoverable information instead of precedential decisions of the Ninth Circuit that illustrate why such information is both relevant and proportional to the needs of the case. Moreover, it inaccurately twists the holdings of those cases to claim limitations on the use of past complaint evidence (such as that it must directly relate to the plaintiff and/or involve the same Frontier employees who discriminated against Plaintiffs) that contradict the Ninth Circuit's holdings on the use of such evidence. It claims that Plaintiffs have already obtained all the discovery they need from the "complaints" it belatedly produced, without acknowledging the fact that the "complaints" are not the actual complaints but instead merely printouts of a database in which its own employees have written summaries of passenger complaints that frequently omit necessary details such as the protected groups to which the complaining passengers belong, and the passengers' names. Frontier also makes vague and unenforceable assurances that it would "make every effort possible" to find evidence, without acknowledging that it has already admitted to spoliating the sole database from which it could be found. It argues falsely that Plaintiffs do not need and are not entitled to the evidence, and that Plaintiffs have not requested it, omitting reference to the numerous instances in which Plaintiffs' counsel has asked about it in depositions, only to be told repeatedly that it can only be obtained if one has the names of the flight attendants or pilots, and those names can only be learned by matching the flight numbers and flight dates from the complaints with duty assignments,

that could only be learned from accessing the database that Frontier spoliated well after this case was commenced. Frontier's claim that Plaintiffs have never asked for the information is spurious in light of the fact that the admission of spoliation was made in response to a request that the information be produced.

### II.     Fairness dictates that Plaintiffs should be given the last word in argument on their own motions.

The Rule 72(a) objections at issue pertain to the Magistrate Judge's ruling on motions that Plaintiffs filed, the Fourth and Fifth Motions to Compel. Plaintiffs have also filed objections to the Magistrate Judge's ruling on Defendants' Motion for a Rule 35 examination of Plaintiff A.D., but they are not seeking leave to file a reply as to that ruling, because it was Defendants' motion and fairness dictates that Defendants should be permitted the last word on it. In fact, after Frontier improperly introduced new material in its reply on that motion and the Court granted Plaintiffs a surreply to respond to it, Plaintiffs did not object when Frontier made the extraordinary request for leave to file a response to the surreply. In the same spirit of fairness that Plaintiffs have extended to Frontier, and recognizing that the Local Rule does not provide for it as a matter of course, Plaintiffs request that they be given the opportunity to have the last word of argument on their own motions.

### CONCLUSION

For all the reasons set forth above, Plaintiffs respectfully request that this Honorable Court grant them leave to file a Reply in support of their Objections.

DATED this 8th day of September, 2022.

          /s/ John D. McKay
*Attorney for Plaintiffs Peter DelVecchia*
*And A.D., a Minor*