CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
          bmaye@amm-law.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren, and Rex Shupe***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>*Plaintiffs,*<br><br>v.<br><br>FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE<br><br>*Defendants.* | Case No.: 2:19-cv-01322-KJD-DJA<br><br>**Frontier's Response to Plaintiffs' Motion for Leave to File a Reply in Support of their Rule 72 Objections to Order by Magistrate Judge** |

**DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE**
**TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT**
**OF THEIR RULE 72 OBJECTIONS TO ORDER BY MAGISTRATE JUDGE**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, submits this Response to Plaintiffs' Motion for Leave to File a Reply in Support of their Rule 72 Objections to Order by Magistrate Judge. Frontier's Response is based on the attached Memorandum of Points and Authorities, the pleadings on file, and any oral argument the Court may permit.

1 | Date: September 22, 2022

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

/s/  Brian T. Maye
Lawrence S. Gosewisch (*admitted pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
        bmaye@amm-law.com


Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
& MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

## FRONTIER'S MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction

In ruling on Plaintiffs' prior Objections, this Court denied Plaintiffs' Motion for Leave to Reply to Frontier's Response, construing Plaintiffs' Motion as an attempt to file a sur-reply and determining it added nothing to this Court's analysis of Plaintiffs' Objections. ECF 120, p. 1. For those same reasons, this Court should deny the instant Motion.

#### A.     Plaintiffs' Reply would only rehash prior arguments already on the record

Plaintiffs argue that their Reply brief would be "helpful to the Court in understanding how Frontier's arguments rely on incorrect statements of the record and distinguishable and non-precedential case law." ECF 206, p. 1. However, the record is already replete with examples of Plaintiffs claiming Frontier has advanced incorrect and "misleading" arguments,[1] and Plaintiffs had ample opportunity in their Objections to argue that Frontier relied on distinguishable and non-precedential case law.[2] As Frontier will show in further detail below, Plaintiffs have spent the past year filing countless motions based on the same assortment of erroneous arguments. Respectfully, the Court is perfectly capable of "understanding" Frontier's arguments. Allowing Plaintiffs to file yet another brief arguing the same issues would add nothing of substance for the Court's analysis.

---

[1] *See, e.g.,* ECF 141, p. 7 (accusing Frontier of relying on a judicial opinion that, in Plaintiffs' words, "anyone capable of reading a regulation in the English language could see was bad law"); ECF 141, p. 15 ("To conclude from these facts that Frontier lacks all semblance of shame would be an understatement. Its conduct is reprehensible and should be sanctioned appropriately."); ECF 148, p. 8 (accusing Frontier of "purposefully misleading the Court, which is an additional ground for the imposition of sanctions"); ECF 169, p. 4 (observing that "Plaintiffs brought the fabricated nature of Frontier's assertion to the Court's attention on pages 7 and 8 of its Motion, and Frontier makes no argument to the contrary in its Opposition."); ECF 184, p. 2 ("This is the latest offense in a long series of deliberate mischaracterizations of facts that Frontier has made on the record in this case in efforts to influence the Court improperly (several of which have been successful in misleading the Court, to Plaintiffs' detriment.)" (Parenthesis in original).

[2] *See* ECF 203, p. 10 (arguing against the reasoning in *Karrani v. JetBlue Airways Corp.,* No. C18-1510-RSM, 2019 U.S. Dist. LEXIS 127944 (W.D. Wash. July 31, 2019*)* and *Acton v. Target Corp.,* No. C08-1149RAJ, 2009 U.S. Dist. LEXIS 104436 (W.D. Wash. Oct. 16, 2009), and arguing that the *Karrani* case is distinguishable because the plaintiff's discrimination claim in *Karrani* was "particularly weak").

**B.    Fairness Does not dictate that Plaintiffs "have the final word"**

Plaintiffs argue that "fairness dictates that [they] should have the final word in arguing motions that they filed." ECF 206, p. 1. Fairness dictates nothing of the sort.[3] Plaintiffs have already "had the final word" on their two prior motions for sanctions (ECF 135, 148), and on their fourth and fifth motions to compel (ECF 169, 177), wherein Plaintiffs advanced the very same arguments they describe in the instant Motion.

Plaintiffs' argument about getting the "final word" has also been squarely rejected by another District Court within the Ninth Circuit sitting in the same procedural posture. In *Joseph v. Abrams*, No. 14-00005, 2015 U.S. Dist. LEXIS 140587, at *2 (D. Guam Oct. 13, 2015), the defendant argued that **"justice requires a reply because of plaintiff's mischaracterization of the arguments presented in the objection and where the response is itself an invitation to the Court to commit error."** (Emphasis added). The Guam Court rejected this argument and held:

> It is unremarkable that the parties may feel that each is mischaracterizing the other's arguments and trying to pull the wool over the Court's eyes. Responses and replies have to end somewhere, and under Rule 72(b) they end with each party's response to the other's objections. Between the parties' briefings on Defendant Abrams's motion to dismiss, the magistrate judge's report and recommendation, and the parties' objections and responses, the Court has an ample and sufficient record on which to decide the motion while resisting invitations to commit error. *Id*. at *4.

The above language from *Joseph v. Abrams* is tailor-made for this Court's ruling. Plaintiffs argue that "Frontier's response mischaracterizes the record to such an extent that to adopt any of its

---

[3] Plaintiffs attempt to downplay Frontier's discovery efforts and falsely assert that Frontier produced "merely printouts of a database in which its own employees have written summaries of passenger complaints." Frontier produced substantially more than that. In fact, Frontier painstakingly collected and produced every written complaint against Frontier and its various independent contractors. For passenger complaints submitted via a telephone call only, Frontier produced the record created by the customer service agent who handled the call. Further, for all complaints, whether written or oral, Frontier produced all internal emails, passenger records, internal reports and various other related document. In all, Frontier produced over 2,400 pages of documents related to 338 prior complaints (160 against Frontier and 178 against gate agents not employed by Frontier). For context, during the relevant time period covering the 160 complaints, Frontier accommodated over six (6) million passengers. Further, as Frontier observed in responding to Plaintiffs' Fifth Motion to Compel, recent reports from the Department of Transportation and US Government Accountability Office reflect that Frontier compares favorably with other major US air carriers in terms of total race discrimination complaints received. See ECF 174, p. 11.

assertions as accurate would cause serious injustice to occur," and that this Court "might make the same errors that the Magistrate Judge did" by adopting Frontier's "inaccurate 'summary' of Plaintiffs' case. ECF 206, p. 2. The Court does not need Plaintiffs' assistance in vetting Frontier's summary of Plaintiffs' case or in contemplating the parties' respective arguments as to what this lawsuit is about, as the parties' respective arguments have been clarified multiple times on the record. As was aptly stated in *Joseph v. Abrams*, responses and replies must end somewhere, and under Rule 72(b) they end with Frontier's Response to Plaintiffs' Objections. *See* ECF 204.

### C.    Plaintiffs improperly rely on allegations about Frontier's "corporate culture"

Within the amalgam of accusations[4] crammed into the second page of the instant Motion, Plaintiffs assert that the disputed evidence is relevant and proportional to the needs of their case due to their "claims" that Frontier's management has "fostered and maintained for years a corporate culture of conscious indifference to its passengers' federally-protected civil rights, that ultimately resulted in discrimination to both Plaintiffs." ECF 206, p. 2.  Such baseless allegation, however, does not magically convert Plaintiffs' discrete discrimination claim into a "pattern or practice" theory justifying expansive discovery into unrelated, and wholly irrelevant, prior complaints.

Indeed, this Court has already observed that **"a cause of action for negligent racial discrimination does not exist."** ECF 121, p. 6 (emphasis added). Even by Plaintiffs' own characterization, their purported "claim" sounds in negligence rather than intentional discrimination. *See General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 389 (1982) (holding 42 U.S.C. § 1981 reaches only intentional and purposeful discrimination). Plaintiffs

---

[4] Plaintiffs' accusation that Frontier spoliated evidence is a red herring that is undeserving of this Court's attention.

1  cannot satisfy the exacting standard of pleading intentional and purposeful discrimination by

2  simply advancing baseless allegations of corporate negligence.

3      Specifically, in the Third Amended Complaint, Plaintiffs allege that "by failing to provide

4  [anti-discrimination] training, [Frontier] fostered and condoned an atmosphere aboard Flight 2067

5  and all of its other flights in which the types of unlawful discriminatory acts and decisions the

6  Guidance Document seeks to prevent were, and are to this day, highly likely to occur." ECF 153, p.

7  15. Plaintiffs now draw from those allegations of negligence at the corporate level and also rely on

8  hostile work environment case law to argue that "pattern or practice" evidence is relevant to their §

9

10 1981 claim. ECF 203, p. 10.

11     If this type of generic allegation – "fostering and condoning an atmosphere" which makes

12 discrimination "highly likely to occur" – was enough to state a valid "pattern-or-practice"

13 discrimination claim, then every plaintiff suing a corporate employee for discrimination would

14 simply tack on similar allegations to expand the scope of discovery absent even a shred of evidence

15 linking the alleged "corporate culture" to the discrete discriminatory acts allegedly committed by

16 one individual against another. That is precisely the ploy that Plaintiffs are attempting here.[5]

17

18     Notably, in their motion for leave to file their Third Amended Complaint, Plaintiffs asserted

19 that "[n]othing in the proposed Third Amended Complaint raises any new theory of liability (and

20 even if it did, there are almost nine months left in which to conduct discovery)[6]. Therefore, the

21

22 _____

23 [5] Frontier notes that many of the prior passenger complaints have been filed under seal. See ECF 130. In addition, deposition testimony concerning specific allegations within certain prior passenger complaints has also been filed under seal. See ECF 175. Frontier respectfully submits that a perusal of the sealed materials

24 supports Frontier's repeated position that Plaintiffs have the information they need to identify any specific passenger complaints which they feel have relevant connections with this case and would thus warrant

25 additional discovery.

26 [6] Plaintiffs first introduced the "fostered and condoned" allegation in their Second Amended Complaint, which they improperly filed without leave of Court. After the Court dismissed their negligence count for

27 failure to state a claim, Plaintiffs retained (and repurposed) the generic "fostered and condoned" language in their Third-Amended Complaint.

28

1  proposed amendments do not prejudice Defendants." ECF 132, p. 5 (parenthesis in original).

2  Plaintiffs' assurances proved false, however, as they soon argued they needed to contact

3  unsuspecting Frontier passengers from unrelated flights to "determine whether or not the

4  passenger[s] [were] complaining about actual legally protected discrimination or something else."

5  ECF 164, pg. 15. As the record reflects, Plaintiffs' preoccupation with so-called "pattern-or-

6  practice" discovery has dominated the proceedings ever since Frontier produced its prior passenger

7  complaints with redactions for personal identifying information, despite the fact that this is plainly

8  not a "pattern-or-practice" case.

9

10          **D.          Ninth Circuit case law is clear that this is not a pattern-or-practice case**

11          In responding to Plaintiffs' Fourth Motion to Compel (ECF 164, p. 11), Frontier observed

12  that in the discrimination context, "pattern-or-practice" claims are those based on allegations of

13  widespread and routine discriminatory conduct, whereas discrete claims (such as in this case) are

14  based on "sporadic discriminatory acts." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324,

15  336 (1977); *Cherosky v. Henderson*, 330 F.3d 1243, 1247 (9th Cir. 2003).

16

17          In *Cherosky*, four postal workers brought an employment discrimination action based on

18  their inability to wear full face respirators at work. *See id*. at 1244. The Ninth Circuit Court of

19  Appeals indicated the plaintiffs had <u>not</u> brought a proper "pattern-or-practice" claim and held:

20
21          "As the district court aptly noted, the 'heart of plaintiffs' complaint does not stem
            from the policy regarding the use of respirators, but rather from the individualized
22          decisions that resulted from implementation of a policy originating from OSHA.'
            These individualized decisions are best characterized as discrete acts, rather than as
23          a pattern or practice of discrimination." *Id*. at 1247.

24          The heart of Plaintiffs' Third Amended Complaint in this case is clearly about the

25  individualized decisions by the subject flight crew which Plaintiffs allege resulted from their

26  implementation of certain policies, such as those for reporting suspicions of human trafficking,

27

28

sexual misconduct, and security threat levels. *See, e.g.,* ECF 153, p. 33, ¶ 70.[7] The heart of Plaintiffs' Third Amended Complaint does not stem from any company-wide policies pertaining to biracial travelling companions, but from Defendant Warren's alleged belief that it was "wrong and immoral" for a White person (like Plaintiff Peter DelVecchia) to have adopted an African child, and Warren further "resented A.D.'s being adopted into a White family." *Id*. at p. 23, ¶ 41.

**E.    Plaintiffs are wrong about the controlling Ninth Circuit case law**

Plaintiffs make no effort to justify additional argument based on controlling Ninth Circuit case law. Plaintiffs instead argue as follows:

> "Frontier urges (as it did before the Magistrate Judge) the Court to follow non-precedential district court summary judgment rulings to restrict Plaintiffs' access to discoverable information instead of precedential decisions of the Ninth Circuit that illustrate why such information is both relevant and proportional to the needs of the case. Moreover, it inaccurately twists the holdings of those cases to claim limitations on the use of past complaint evidence (such as that it must directly relate to the plaintiff and/or involve the same Frontier employees who discriminated against Plaintiffs) that contradict the Ninth Circuit's holdings on the use of such evidence." ECF 206, p. 3 (parenthesis in original).

Out of necessity, in responding to Plaintiffs' onslaught of motions, Frontier has argued *ad nauseum* regarding the controlling Ninth Circuit case law and persuasive value of certain non-precedential district court rulings. See, e.g., ECF 166, pp. 7-13; ECF 174, pp. 3-14. There is no need for more. Frontier respectfully submits that the Magistrate Judge's rulings were correct.

**II.    Conclusion**

For the foregoing reasons, FRONTIER AIRLINES, INC. respectfully requests that the Court DENY Plaintiffs' Motion for Leave to File a Reply in Support of Their Rule 72 Objections to Order by Magistrate Judge, and for such further relief as this Court deems just and reasonable.

---

[7] In fact, Frontier notes that the individualized decisions at issue were made under the auspices of the immunity afforded by the Aviation and Transportation Security Act. *See* 49 U. S. C. § 44941; *Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237, 249 (2014) (observing Congress's clear and unequivocal intent to encourage airline employees to report suspicious activities). Additionally, by Congressional mandate, flight attendants are required to receive initial and annual training regarding recognizing and responding to potential human trafficking victims. 49 U.S.C. § 44734(a)(4).

1 | Date: September 22, 2022

Respectfully submitted,

2 | **FRONTIER AIRLINES, INC.**

3 | */s/ Brian T. Maye*

4 | Lawrence S. Gosewisch *(admitted pro hac vice)*
5 | Brian T. Maye *(*admitted *pro hac vice*)
6 | ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
7 | Phone: (312) 345-0700
8 | Email: lgosewisch@amm-law.com
Email: bmaye@amm-law.com

9 | Charles A. Michalek (Nevada Bar No. 5721)
10 | ROGERS, MASTRANGELO, CARVALHO & MITCHEL
11 | 700 South Third Street
Las Vegas, Nevada 89101
12 | Phone: (702) 383-3400
13 | Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Brian T. Maye*