John D. McKay, Esq.
*Admitted pro hac vice*
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
(434) 531-9569
johndmckayatty@gmail.com
***Attorneys for Plaintiffs***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, ) | Case No: 2:19-CV-01322-KJD-DJA |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **PLAINTIFFS' REPLY IN SUPPORT** |
| ) | **OF LOCAL RULE IB 3-1(a) MOTION** |
| ) | **FOR LEAVE TO FILE A REPLY** |
| FRONTIER AIRLINES, INC., *et al.*, ) | **IN SUPPORT OF THEIR RULE 72(b)** |
| Defendants. ) | **OBJECTIONS** |
| ) | |

Plaintiffs have respectfully moved for leave to file a reply to Frontier's opposition to their Rule 72(b) objections, a motion that Local Rule IB 3-1(b) expressly permits them to make. Plaintiffs believe that the proposed reply will assist the Court in seeing the specific ways that Frontier has mischaracterized important Ninth Circuit precedent in its opposition, and mischaracterized Plaintiffs' allegations. Frontier responds to Plaintiffs' authorized motion with another of its signature pugnacious briefs, in which it accuses Plaintiffs, *inter alia,* of filing "countless" motions during the past year. ECF No. 207 at 3. Between September 1, 2021 and September 28, 2022, Plaintiffs filed precisely 11 motions inclusive of the instant motion, four of which were filed as unopposed, two of which were motions to seal mandated by the Local Rules because Frontier had designated the contents of exhibits as "confidential" under the Protective Order,[1] and one of which was filed against

---
[1] One of the two is included in the four unopposed motions.

a non-party witness who failed to respond to deposition subpoenas and was ultimately unopposed. *See* ECF Nos. 141, 142 (motion to seal), 151 (unopposed); 164, 165 (non-party witness), 167 (unopposed), 170, 171 (motion to seal/unopposed), 184, 199 (unopposed), 206 (the instant motion). Frontier filed seven motions during the same period. *See* ECF Nos. 137, 147, 154, 175, 180, 187, 190. Frontier's hyperbole does nothing to advance a decision on the sole issue presented in the instant motion, and appears to have been made only to smear Plaintiffs as reckless litigators in the Court's eyes. This Court has frequently noted that it "is not impressed by overheated rhetoric or personal attacks." *V5 Technologies v. Switch, Ltd.,* 2:17-cv-02349-KJD-NJK (D. Nev. July 19, 2018).[2]

Frontier's far-reaching opposition to Plaintiffs' Local Rule IB 3-1(b) motion, in which it attempts to insert improper arguments on the merits of the underlying motions to compel, contains only a single citation on point. The fact that Frontier had to reach out more than 6,200 miles to a district court in Guam is certainly telling, because the majority of the closer district courts within the Ninth Circuit would permit a reply under these circumstances. The Local Rules of this Court specifically permit a reply with leave of Court.

Frontier cites the non-precedential District of Guam opinion for the phrase, "responses and replies must end somewhere." ECF No. 207 at 5. What needs to end in this case is Frontier's unbridled misrepresentation of the facts and law, and Plaintiffs' proposed Reply is one step toward doing so.

---

[2] The same holds true for Frontier's unfounded claim that Plaintiffs have "falsely" characterized the absence of the original passenger complaints in what it eventually produced, *see* ECF No. 207 at 4 n.3. That argument, like many others in Frontier's Opposition, has no bearing on whether Plaintiffs should be granted leave to file a reply. Moreover, the "complaints" have been filed with the Court, so the Court can see for itself that very few original complaints were produced in the numerous pages cited by Frontier.

## CONCLUSION

For all the reasons set forth above, Plaintiffs respectfully request that this Honorable Court grant them leave to file their proposed Reply.

DATED this 29th day of September, 2022.

                                              /s/ John D. McKay
                                              ***Attorney for Plaintiffs Peter DelVecchia***
                                              ***And A.D., a Minor***