TIMOTHY R. TITOLO, ESQ.
Nevada Bar No. 3617
TITOLO LAW OFFICE
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Phone: (702) 869-5100
Email: tim@titololaw.com

*Attorney for Plaintiffs*

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor, <br><br> *Plaintiffs*, <br><br> v. <br><br> FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE, <br><br> *Defendants*. | Case No.: 2:19-cv-01322-KJD-DJA <br><br> **NINTH STIPULATED MOTION TO EXTEND DEADLINES** |

Plaintiffs Peter DelVecchia, individually and as next friend of A.D., a minor (collectively "Plaintiffs"), and Defendants Frontier Airlines, Inc. ("Frontier"), Scott Warren, and Rex Shupe (collectively "Defendants"), each by their undersigned counsel, hereby submit their **NINTH STIPULATED MOTION TO EXTEND DEADLINES**, seeking to extend the deadlines related to the close of discovery, filing of dispositive motions, and filing of the joint proposed pretrial order as set forth in this Court's March 4, 2022 Order (ECF No. 163) as noted below. This Motion is not intended to affect

the specific deadlines referenced in the Court's September 30, 2022, Order (ECF No. 210) on the Parties' Stipulated Motion concerning expert witnesses Drs. Ohler and Holland.

1. The parties have completed extensive written discovery, including Plaintiffs issuing to Frontier eight sets of interrogatories (Totaling 16 from both Plaintiffs jointly, and an additional 8 from each Plaintiff individually), seven sets of requests to produce (118 requests) and four sets of requests for admission (53 requests). Plaintiff Peter DelVecchia acting in his individual capacity also issued separate interrogatories and requests to produce to Defendants Scott Warren (6 interrogatories and 1 request to produce) and Rex Shupe (8 interrogatories and 1 request to produce). Frontier issued to Plaintiffs three sets of interrogatories (34), three sets of requests to produce (59) and two sets of requests for admission (18). In total, the parties have produced thousands of pages of documents, including numerous documents obtained from third parties. Limited written discovery remains to completed, including supplements to responses previously served.

2. The Parties have also completed approximately thirty (30) depositions. The remaining depositions are limited to Susan Snider (treater), Dr. Kenneth Carnes (treater), Frontier's Rule 30(b)(6) witnesses, seven (7) experts disclosed by Plaintiffs and five (5) experts disclosed by Defendants. Frontier's Rule 35 examination of A.D. also needs to be completed. Such examination will be completed following the resolution of Plaintiffs' Rule 72 objections to Magistrate Judge Albregts' Order regarding Frontier's Motion to Compel a Rule 35 Examination. (See ECF Nos. 195 and 202)

3. The parties were unable to complete the remaining discovery within the Court ordered deadline of November 18, 2022, due to the Covid pandemic, delays in obtaining records from third parties, the difficulty in completing the numerous depositions of third-party witnesses, the delay in obtaining the Transportation Security Administration's (TSA) approval to release documents determined to contain Sensitive Security Information (SSI) and delays related to motion practice. Most recently, Plaintiffs filed

Rule 72(a) objections to Magistrate Judge Albregts' Orders regarding a Rule 35 examination of A.D. and Plaintiffs' Fourth and Fifth Motions to Compel. Frontier also recently filed a Motion for Protective Order concerning the topics identified in Plaintiffs' Fifth Amended Rule 30(b)(6) Notice of Deposition. The Rule 30(b)(6) deposition of Frontier cannot proceed until the Motion for Protective Order has been resolved. The parties had hoped to complete all depositions prior to November 18, 2022, but there were several that were noticed and had to be rescheduled for a number of reasons emanating from the witnesses themselves. Despite the Parties' best efforts, additional time is needed to complete fact and expert discovery.

4. The Parties seek to extend the aforementioned deadlines as follows:

**(a)** Extend the discovery cutoff date from November 18, 2022 to **February 28, 2023** (with the exception that if Frontier's pending Motion for Protective Order [ECF No. 215] has not been finally decided, including a decision on any Rule 72(a) appeal from the Magistrate Judge's ruling, by January 31, 2023, and/or if Plaintiffs' Rule 72(a) appeal from the Magistrate Judge's rulings on their Fourth and Fifth Motions to Compel (ECF No. 203) has not been finally decided, then the Rule 30(b)(6) deposition of Frontier may be taken by Plaintiffs on a set of mutually acceptable dates within 30 days after the later of such final decisions, and Frontier shall make its designated witnesses available to testify during such extended period);

**(b)** Extend the deadline to file dispositive motions from December 30, 2022, to ***March 31, 2023, or 30 days after the completion of the Rule 30(b)(6) deposition of Frontier, whichever is the later***; and

**(c)** Extend the deadline to file the joint proposed pretrial order from January 27, 2023, to ***30 days after the deadline to file dispositive motions***.

5. A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id*. The good cause standard primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire

period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). If the request is being made after the expiration of a subject deadline, a showing of excusable neglect is also required. *Id.* The excusable neglect analysis addresses a variety of equitable considerations, including (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

6.  Good cause to extend the foregoing deadlines exists here in that the remaining discovery could not be completed by the Court's deadline of November 18, 2022, despite the diligent efforts of the Parties. The Parties have worked conscientiously to complete discovery by the deadline, including completing ten (10) depositions between August 24, 2022, and November 18, 2022, several of which required cross-country flights. The Parties attempted to complete discovery in a reasonable time, despite a number of unprecedented and unforeseen obstacles, including Covid, the extended process of obtaining approval from the Transportation Security Administration (TSA) to produce certain documents that were designated Sensitive Security Information (SSI), the number of documents produced, and issues with medical providers failing to produce complete treatment records in a timely manner. The timing of discovery has also been affected by motion practice related to discovery issues, including Plaintiffs' motions to compel and motions for sanctions, and Frontier's recent motion to compel, motion for Rule 35 examination and motion for protective order. There have also been issues with third-party witnesses failing to comply with deposition subpoenas, requiring a motion to show cause and the rescheduling of numerous depositions.

7.  With respect to the Parties' failure to file the stipulated motion prior to the expiration of the discovery deadline, the Parties acted in good faith but with excusable neglect. Specifically, the Parties

- 4 -

intended to file the stipulated motion prior to the deadline, but scheduling conflicts affected the ability of counsel for the Parties to timely file the stipulated motion. Counsel for Plaintiffs provided a draft of the stipulated motion to counsel for Frontier on November 17, 2022. Counsel for Frontier, however, were not in the office on November 17th or November 18th, because of a mediation in Providence, Rhode Island, and were not able to review the proposed stipulated motion until after the expiration of the discovery deadline. Once counsel for Frontier were able to review the proposed stipulated motion, the proposed stipulated motion was promptly filed.

8. The Parties have been working as expeditiously and as cooperatively as possible to complete discovery, but the various obstacles discussed above have made it necessary for an extension of deadlines. The Parties agree that there is no danger of prejudice to any of the Parties, and the modest extension requested would not have a negative impact on the proceedings. Indeed, the Parties agree that an extension of deadlines is in the best interest of the Parties and the proceedings as a whole. Accordingly, the Parties respectfully request an extension of deadlines as explained herein.

DATED this 7th Day of December, 2022

Respectfully submitted,

/s/ Brian T. Maye
Lawrence S. Gosewisch (admitted *pro hac vice*)
Brian T. Maye (admitted *pro hac vice*)
Matthew D. Martin (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: lgosewisch@amm-law.com
       bmaye@amm-law.com
       mmartin@amm-law.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101

Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

***Attorneys for Defendants Frontier Airlines, Inc., Scott Warren & Rex Shupe***

*/s/*     John D. McKay
John D. McKay (admitted *pro hac vice*)
PARK AVENUE LAW LLC
201 Spear Street, Suite 1100
San Francisco, CA 94105
Phone: (434) 531-9569
Email: johndmckayatty@gmail.com

Timothy R. Titolo (Nevada Bar. No. 3617)
TITOLO LAW OFFICE
9812 Guiding Light Avenue
Las Vegas, Nevada 89149
Phone: (702) 869-5100
Email: tim@titololaw.com

***Attorneys for Plaintiffs Peter DelVecchia & A.D., a Minor***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

<u>/s/Brian T. Maye</u>