UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No. 2:19-cv-01322-KJD-DJA |
| Plaintiffs, | ORDER |
| v. | |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

Presently before the Court is Plaintiffs' Rule 72(a) Objection to the Magistrate Judge's August 5, 2022 Order on Motion for Independent Medical Examination (#202). The Defendants responded in opposition (#205).

I.   Factual and Procedural Background

This case arises from a discrimination claim based on the separation of Plaintiff Peter DelVecchia ("DelVecchia") and his son, Plaintiff A.D. ("A.D.") on a Frontier flight. Plaintiffs are suing Defendant, Frontier Airlines ("Frontier"), claiming the airline racially profiled DelVecchia and A.D. when they forcefully separated the pair on the flight for suspected human trafficking. DelVecchia is white, and is the adoptive father of A.D., who is black. Plaintiffs claim A.D. was traumatized by the event, has been diagnosed with Post Traumatic Stress Disorder ("PTSD") and he suffers symptoms of fear, anxiety, apprehension, nightmares, nausea, and vomiting as a result. (#157).

On June 3, 2022, Defendants moved the Court to order A.D. to undergo a mental exam pursuant to Fed. R. Civ. P. 35 ("Rule"). (#180). Plaintiffs opposed that motion (#182), to which Defendants replied. (#183). Plaintiffs then filed a surreply in opposition. (#186) and Defendants responded to the surreply (#189). The magistrate judge issued an order on August 5, 2022, granting Defendants' motion in part and denying in part. (#195). Plaintiffs now bring this motion

objecting to the order and asking the Court to reconsider. (#202).

II.     Legal Standard

Rule 72(a), in relevant part, states that "[a] party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy…. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

"The clearly erroneous standard applies only to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). "A magistrate judge's order is 'clearly erroneous' if the court has a 'definite and firm conviction that a mistake has been committed." United States v. Desage, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id.

III.    Discussion

The Court is tasked with determining whether the magistrate judge's order ruling on the examination for A.D. contained anything that was clearly erroneous or contrary to law. Rule 35 states that the Court has discretion to order a party whose mental or physical condition is in controversy to submit to a mental or physical examination. Fed. R. Civ. P. 35(a). Rule 35 requires the party requesting an examination to demonstrate the condition is "in controversy" and to show "good cause" warranting the examination. Pham v. Wal-Mart Stores, Inc., No. 2:11-cv-01148-KJD-GWF, 2012 WL 1957987, at *6 (D. Nev. May 29, 2012), citing Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). The movant need not "prove his case on the merits in order to meet the requirements for a mental or physical examination." Schlagenhauf, 379 U.S. at 119.

If the Court chooses to grant a motion for an examination, the order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Defendants moved the Court for an examination of A.D.'s mental condition because the

1   Plaintiffs put A.D.'s mental condition in controversy by claiming intentional infliction of
2   emotional distress, PTSD and other symptoms, and severe emotional distress. (#157, #180, at 5).
3   Defendants also claimed there was good cause to order an examination because they had retained
4   a reputable doctor (Dr. Stephanie Holland) and the information cannot be obtained through other
5   means. (#180, at 6). Defendants also requested that the examination last two days, be in-person,
6   and consist of testing including, but not limited to, WISC, BASC, BDI II, CAPS-5, LEC-5, and
7   PAI-A of A.D. Id. at 8. Plaintiffs would have access to the raw data generated from these tests.
8   Id.
9       Plaintiffs opposed the motion and argued A.D.'s well-being is at risk and his health
10  outweighs any possible benefits that could come from additional testing by Defendants' doctor.
11  (#182, at 3). Plaintiffs also argued that Defendants improperly stated the conditions and scope of
12  the exam under Rule 35 because the tests listed by the Defendants included no descriptions and
13  were testing aspects of A.D.'s mental condition that were irrelevant to the PTSD diagnosis. Id. at
14  4-5. Finally, Plaintiffs requested that if the Court did grant the motion, certain conditions should
15  be in place to protect A.D. Id. at 6-7.
16      Defendants' reply argued that one of the purposes of Rule 35 is to "level the playing field in
17  cases where physical or mental condition is at issue[.]" Painter v. Atwood, No. 2:12-cv-01215-
18  JCM-RJJ, 2013 WL 5428059, at *2 (D. Nev. Sept. 26, 2013); (#183, at 2)). Defendants also
19  argued it did properly state the conditions and scope of the examination, and proposed changes to
20  the original motion. (#183, at 4). Defendants argued that the tests proposed were relevant and
21  necessary to assess A.D.'s cognitive abilities, personality traits, learning abilities, and other
22  characteristics to make up a full picture of A.D. Id. at 5. Defendants also disagreed with
23  Plaintiffs' request that the examination be limited to the events that occurred on the Frontier
24  flight because there was evidence of other, similar instances that could have affected A.D.'s
25  mental condition. Id. at 6.
26      Plaintiffs filed an impassioned surreply and argued that the tests should be limited to PTSD
27  exams because it is the only condition that meets the "in controversy" requirement of Rule 35
28  and the other tests would only function as a "fishing expedition[.]" (#186, at 3-4). Plaintiffs

argued that the amount of time available for testing should be limited and that DelVecchia should be allowed to support A.D. during breaks without Dr. Holland present. Id. at 7-8. Plaintiffs also accused Defendants of repeatedly making misleading and false representations to both Plaintiffs and the Court. Id. at 2-3.

Defendants were granted leave to file a response to the surreply and argued again that the proposed tests are appropriate and that no misrepresentations or mischaracterizations were made. (#189).

The magistrate judge filed the order on August 5, 2022, granting in part and denying in part. (#195). The order considers both the Plaintiffs' and Defendants' briefing, and ultimately orders Dr. Holland perform an examination. Id. The order declared that all the tests proposed by Defendant be administered, as they were not overbroad, as well any "additional testing, if necessary, based on the results of the tests and if time permits." Id. at 6. The Court also allowed the exam to consist of questions about events prior to the Frontier flight at issue because "Frontier is entitled to learn whether A.D.'s emotional distress and PTSD are attributable only to the event taking place on its flight, or whether other instances–like being shouted at or having garbage thrown at them and his father–have contributed." Id. at 7.

The order also placed some limitations on the exam, including allowing A.D. to take a break during the exam outside the presence of Dr. Holland with DelVecchia, and not allowing Dr. Holland to question DelVecchia, A.D.'s siblings, teachers, social workers, therapists, or psychiatrist. Id. at 8.

Plaintiffs objected to the order, arguing the conclusions were clearly erroneous and contrary to law. (#202). Plaintiffs specifically objected to the examination as it relates to "the entirety of A.D.'s 'mental wellbeing[.]'" Id. at 5. This is because, as Plaintiffs state, the symptoms listed in the Third Amended Complaint (fear, anxiety, apprehension, nightmares, nausea and vomiting) are not separate from the PTSD diagnosis. Id. Plaintiffs also take issue with the scope of testing because it would allow Dr. Holland to question A.D. about experiences prior to the Frontier flight because "there is no evidence that A.D. had PTSD prior to stepping aboard Frontier's flight on March 28, 2019." Id. at 3. Plaintiffs also object to the order allowing any additional

tests not listed in the order which are up to the discretion of Dr. Holland and the time restraints. Id. at 6-7.

Defendants responded to the objection and argued that the order should stand as it did not contain anything clearly erroneous or contrary to law. (#205). The main thrust of the Defendants argument is that A.D.'s PTSD diagnosis is in dispute and Defendants should have the opportunity to discover more information regarding that purported diagnosis. Id. at 3. Defendants also argue the magistrate judge was correct in ordering additional testing not listed in the order if time permits because "Rule 35 does not require the party requesting an examination to fully describe the manner and conditions of the examination." Id. at 7.

The Court now finds that A.D.'s mental condition is surely in controversy, but the extent and cause of that condition is disputed. Defendants are therefore entitled to examine A.D. to both "even the playing field" and support Defendants' defense that any possible diagnosis of PTSD or other conditions are not entirely Defendants' fault, if at all. See Painter, 2013 WL 5428059, at *2. Defendants have stated that "Frontier takes no position at this stage in the litigation as to whether A.D.'s alleged PTSD could have resulted from the subject incident, an accumulation of incidents, or whether it was even possible for A.D. to have suffered PTSD based on the allegations[.]" (#205, at 6). Prohibiting Defendants from performing their own examination to determine the existence or extent of PTSD would conflict with their chief defense. The Court understands the Plaintiffs' argument about the previous instances of discrimination being speculative but finds that the Defendants are entitled to question the causation and dispute the PTSD diagnosis.

Further, Plaintiffs allege there is no evidence that A.D. experienced symptoms of PTSD prior to the Frontier flight, and Plaintiffs will have every opportunity to explain that to a jury. Plaintiffs may also utilize vigorous cross-examinations, presentation of contrary evidence, and careful jury instructions. While the Court is also sympathetic to A.D. having to be reexamined and face more questions about the incident, the Court finds the Defendants are still entitled to their own examination as it pertains to their defense.

However, the Court also finds that, pursuant to the language of Rule 35(a), a court's order

- 5 -

"must *specify* the… scope of the examination[.]" Fed. R. Civ. P. 35(a)(2)(B) (emphasis added). Therefore, the Court holds that additional tests beyond what are listed in the magistrate judge's order (WASI, BASC-3, CAPS-CA-5, LEC-5, and PAI-A) may be permitted only upon further motions establishing that specific additional testing will be essential to the presentation of Frontier's defense.

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Rule 72(a) Objection to the Magistrate Judge's August 5, 2022 Order on Motion for Independent Medical Examination (#202) is **DENIED**;

**IT IS FURTHER ORDERED** that the Order (#195) entered on August 5, 2022 is **AFFIRMED** and modified as specified in this order**.**

Dated this this 13th day of February, 2023.

Kent J. Dawson
United States District Judge