# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Peter DelVecchia, et al., | Case No. 2:19-cv-01322-KJD-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Frontier Airlines, et al., | |
| Defendants. | |

Before the Court is the parties' stipulation to extend the deposition deadline for Dr. Stephanie Holland beyond the discovery cutoff. (ECF No. 234). The parties explain that they were waiting to schedule Dr. Holland's deposition until after: (1) the Honorable District Judge Kent J. Dawson decided Plaintiffs' objections to the undersigned's order regarding Dr. Holland's examination of Plaintiff A.D.; (2) Dr. Holland conducted her examination; (3) Dr. Holland disclosed her expert report; and (4) Plaintiffs disclosed a rebuttal expert report. In their initial stipulation regarding this deposition, the parties agreed that Frontier could disclose Dr. Holland's report thirty days after her examination, that Plaintiffs' rebuttal report would be due thirty days after that, and that Plaintiffs could take Dr. Holland's deposition on a mutually agreeable date in January or February of 2023. (ECF No. 210).

Judge Dawson entered his order on February 13, 2023, making it impossible for the parties to complete Dr. Holland's deposition before the close of discovery on February 28, 2023. (ECF No. 231). As a result, the parties ask that Plaintiffs be able to take Dr. Holland's deposition beyond the close of discovery. They request: (1) that Frontier disclose Dr. Holland's report thirty days after the examination; (2) that Plaintiffs disclose their rebuttal report thirty days after Frontier discloses Dr. Holland's report; and (3) that Plaintiffs take Dr. Holland's deposition on a mutually agreeable date following the disclosure of Dr. Holland's report.

The Court grants the parties' stipulation in part and denies it in part. The Court grants the parties' request that Plaintiffs be able to take Dr. Holland's deposition after the discovery cutoff. The Court will also allow Dr. Holland to conduct her examination, Frontier to disclose Dr. Holland's report, and Plaintiffs to disclose their rebuttal expert report after the close of discovery.

The Court denies the parties' request to amend its previous order regarding these deadlines. Doing so may create confusion. This order will stand on its own.

The Court also denies the parties' request to set a schedule without calendar dates. Given that discovery has closed and the deadline to file dispositive motions is rapidly approaching, concrete deadlines are preferable here. *See* (ECF No. 224). The Court recognizes that the parties' proposed schedule depends on the date that Dr. Holland conducts her examination. And the parties represent that the examination is not yet scheduled. Thus, once the parties have found an agreeable date for that examination, they shall file a stipulation (or motion) to set the calendar dates on which: (1) Frontier will disclose Dr. Holland's report; (2) Plaintiffs will disclose a rebuttal expert report; and (3) Plaintiffs will take Dr. Holland's deposition. In that motion or stipulation, the parties shall also address whether they seek an extension of the dispositive motion and joint pretrial order deadlines.

**IT IS THEREFORE ORDERED** that the parties' stipulation to extend the deposition deadline for Dr. Holland (ECF No. 234) is **granted in part and denied in part** as outlined here.

**IT IS FURTHER ORDERED** that, once the parties have established a date for Dr. Holland to conduct her examination of A.D., the parties shall file a stipulation or motion to set calendar dates on which: (1) Frontier will disclose Dr. Holland's report; (2) Plaintiffs will disclose a rebuttal expert report; and (3) Plaintiffs will take Dr. Holland's deposition. The parties shall address whether they will seek an extension of the remaining dispositive motion and joint pretrial order deadlines in their stipulation or motion.

DATED: March 6, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE