**EXHIBIT A**

**Declaration of John D. McKay**

MARGARET A. MCLETCHIE, Nevada Bar No. 10931
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com

*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **DECLARATION OF JOHN D. McKAY** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

I, John D. McKay, hereby make this Declaration pursuant to 28 U.S.C. §1746:

1. I am counsel for Plaintiffs in this action, along with Margaret McLetchie.

2. Counsel for Defendants, Brian Maye, informed me by email on March 27, 2023 that Dr. Holland had filed her application earlier that same month for approval from the North Carolina regulators to conduct the Rule 35 examination in North Carolina. He did not

DECLARATION OF JOHN D. McKAY
Page 1 of 4

explain why she had not already filed the application during the prior seven months following entry of Magistrate Judge Albregts' Order of August 5, 2023 approving the examination and ordering it to occur in North Carolina. Nothing in Plaintiffs' Rule 72(a) objections, which were decided by Order on February 13, 2023, would have changed the place of the examination or stopped the examination from going forward if granted. He told me in his email me that the application would take about a month to get approved. We had not yet agreed on a date for the examination at that point, so I assumed the application's approval was not dependent on having a specific date set for the examination.

3. On May 16, 2023, Mr. Maye and I agreed on June 29, 2023 as the examination date.

4. On June 28, 2023, the eve of the examination, Mr. Maye telephoned me and told me that Dr. Holland was at the airport but her flight to Raleigh-Durham International Airport had been canceled by the airline. Mr. Maye told me that Dr. Holland was trying to get a seat on a different flight to Raleigh at the time of his call, and he would let me know if she was successful.

5. Mr. Maye sent me an email a few hours later stating, "Dr. Holland was unable to book another flight, so we'll have to reschedule the IME. We'll get some proposed dates and pass them along shortly." A copy of the email is attached hereto as Exhibit 1.

6. We subsequently agreed to reschedule the examination to July 25, 2023. Mr. Maye never raised the fact that the rescheduled date was 6 days prior to the deadline for disclosing Dr. Holland's report, nor did he suggest that the deadline would have to be extended for Dr. Holland to produce a report in time to meet the deadline.

7. On July 25, 2023, I was informed by my clients that Dr. Holland had recorded the examination of A.D. on her smartphone. I immediately notified Mr. Maye that the recording was made in violation of the Court's Order prohibiting recording devices.

8. Mr. Maye sent me an email on July 28, 2023 in response. In the email, he said that he had been in touch with Dr. Holland and she told him that she had recorded the examination because "she was having a difficult time hearing" A.D., "so [she] recorded a part of the interview in the event she needed to rely on it." A copy of the July 28, 2023 email from Mr. Maye is attached hereto as Exhibit 2.

9. By the Court's Order of June 7, 2023, Defendants were to produce Dr. Holland's expert report by July 31, 2023.

10. Defendants did not send Dr. Holland's report to me until August 24, 2023.

11. The expert report that was produced to me on August 24, 2023 does not include any of Dr. Holland's raw testing data, nor has such data been produced to me in any other form to this date.

12. In a Declaration filed as an exhibit to Defendants' "Notice Regarding Rule 35 Examination" (ECF No. 251), Dr. Holland has testified that she recorded the examination because she reviewed A.D.'s deposition and noted that *"he was asked several times to speak up due to the low volume of his speech."* I defended A.D.'s deposition taken in Las Vegas on January 28, 2020. No such thing occurred at the deposition to my recollection. I recall A.D. speaking in a normal volume throughout his deposition. At one point early in the deposition, I reminded A.D. to keep his voice up after he had answered a question with "Yeah," possibly because he had mumbled the response. I wanted to make sure that his testimony was accurately transcribed by the court reporter. I have made a similar reminder

in just about every deposition I have ever defended in 38 years of litigation practice. There was nothing unusual about the volume of A.D.'s deposition. I recently reviewed the transcript of his deposition, and it reflects that my reminder early in the deposition was the only time he was asked to speak up during the entire deposition, after Mr. Maye's questioning had begun. Mr. Maye had made a standard introductory admonition to speak loudly, along with other standard instructions, and he made reference to a similar comment I had apparently said off the record before the deposition started. But both of those statements had been before A.D. had ever responded to questioning, and both had been *pro forma* instructions, not any specific reference to A.D.'s volume, to the best of my recollection. The transcript does not contain any reference to "low volume" pertaining to A.D.'s speech.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2023.

_____
John D. McKay

# **EXHIBIT 1**

**Email from Brian Maye, Esq. to John McKay, Esq.
June 28, 2023**



John McKay &lt;johndmckayatty@gmail.com&gt;

## Delvecchia v. Frontier Airlines, Inc.
1 message

**Maye, Brian T.** &lt;bmaye@hinshawlaw.com&gt;   Wed, Jun 28, 2023 at 1:00 PM
To: John McKay &lt;johndmckayatty@gmail.com&gt;
Cc: "Harris, Richard C." &lt;rharris@hinshawlaw.com&gt;

John,

Dr. Holland was unable to book another flight, so we'll have to reschedule the IME. We'll get some proposed dates and pass them along shortly.

Brian

**Brian T. Maye**
Partner
**Hinshaw & Culbertson LLP**

*Carrying on the Adler Murphy & McQuillen tradition at Hinshaw!*
*Note my new address and email:*

151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-422-5713 **Cell**: 312-286-5117 | **F:** 312-704-3001
bmaye@hinshawlaw.com
My Bio | hinshawlaw.com

Follow us on   





**From:** Maye, Brian T.
**Sent:** Monday, June 26, 2023 9:04 AM

## EXHIBIT 2

**Email from Brian Maye, Esq. to John McKay, Esq.**
**July 28, 2023**

 John McKay <johndmckayatty@gmail.com>

## Delvecchia
1 message

---

**Maye, Brian T.** <bmaye@hinshawlaw.com>  Fri, Jul 28, 2023 at 8:00 AM
To: John McKay <johndmckayatty@gmail.com>
Cc: Charles Michalek <cmichalek@rmcmlaw.com>, "Harris, Richard C." <rharris@hinshawlaw.com>, Maggie <maggie@nvlitigation.com>

John,

The email issue should be resolved. Let me know if it's not. Regarding the IME, I inquired with Dr. Holland. She said she was having a difficult time hearing Abezu, so recorded a part of the interview in the event she needed to rely on it. She said that she doesn't need it, has not listened to it, and won't, and she has not provided us with the recording. Also, I told her not to destroy it.

Brian

**Brian T. Maye**
Partner
**Hinshaw & Culbertson LLP**

*Carrying on the Adler Murphy & McQuillen tradition at Hinshaw!*
*Note my new address and email:*

151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-422-5713 **Cell**: 312-286-5117 | **F:** 312-704-3001
bmaye@hinshawlaw.com
My Bio | hinshawlaw.com

Follow us on   



