MARGARET A. MCLETCHIE, Nevada Bar No. 10931
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com

*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PETER DELVECCHIA, *et al.,* | ) | **Case No: 2:19-CV-01322-KJD-DJA** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **SECOND DECLARATION OF** |
| | ) | **JOHN D. McKAY IN SUPPORT** |
| | ) | **OF PLAINTIFFS' MOTION TO** |
| | ) | **EXCLUDE DR. HOLLAND** |
| | ) | |
| FRONTIER AIRLINES, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I, John D. McKay, hereby make this Declaration pursuant to 28 U.S.C. §1746:

1. I am counsel for Plaintiffs in this action, along with Margaret McLetchie.

2. I began asking defense counsel for deposition dates for Defendants' non-retained experts, whom they refer to as their rebuttal experts, at least as early as January 30, 2023. A copy of my email to Brian Maye, Esquire on that date is attached hereto as **Exhibit 1**. As

memorialized in my email to Mr. Maye dated February 7, 2023 and attached hereto as **Exhibit 2**, he and I had a telephone conversation on that day about several deposition dates, including those for the non-retained experts. I recall that he proposed taking their depositions in March because they were unavailable in February due to some sort of training they had to take in February. At that time, we had already agreed on Defendants taking one of Plaintiffs' experts' depositions the day after the discovery deadline, March 1, because that was when the doctor could sit for his deposition. This was well before the Court's March 6, 2023 Order requiring the parties to submit "concrete deadlines" for remaining discovery. On February 13, 2023, I sent Mr. Maye a follow-up email reminding him that he still needed to provide March dates for the depositions of the non-retained experts. A copy of my email of that date is attached hereto as **Exhibit 3**. Mr. Maye never provided any dates for their depositions, nor did any of his co-counsel. In an email that I sent to Mr. Maye on March 9, a copy of which is attached hereto as **Exhibit 4**, I informed Mr. Maye that I had reached the limits of my patience waiting for the dates and had no choice but to move for the exclusion of those experts. I still intend to file that motion.

3.  Following the Court's June 7, 2023 hearing on Defendants' Motion for Protective Order concerning the Frontier Rule 30(b)(6) deposition, I asked Mr. Maye for agreed dates on which to conduct that deposition. I made my request shortly after the hearing had concluded, on June 7. The only dates he ultimately offered were September 25 and 26, 2023. His offer of those dates arrived by email on July 10, 2023, which was more than 30 days after the June 7 hearing and Order. I agreed to take the deposition on those dates.

4.  On September 13, 2023, Mr. Maye's partner, Eric Cunningham, wrote to me and stated that Mr. Maye would be unable to present Frontier's Rule 30(b)(6) witness on the agreed

dates because he "is preparing for a trial that begins on September 25 in the federal district for Rhode Island." A copy of Mr. Cunningham's email is attached hereto as **Exhibit 5**. Mr. Cunningham stated that no one was unavailable to cover the deposition on the agreed dates, so it would need to be moved to October 11, 12, or 13. After reading Mr. Cunningham's email, I did a search for Mr. Maye's name on the District of Rhode Island's PACER site, and found the case in question, *Nelson v. American Airlines, Inc., et al.,* Case No. 1:20-cv-00061 (D.R.I.). The Court's Order on the motion for continuance of trial that Mr. Maye had filed in that case was entered on March 6, 2023, firmly setting the case for jury trial starting on Monday, September 25, 2023. The Order concluded with the statement, "The Court will not grant any further continuances." I responded to Mr. Cunningham that Mr. Maye had to have known as of March 6 that September 25 and 26 were unmovable jury trial dates for the Nelson case, so he must have known that when he proposed those exact dates for the deposition in his July 10 email, as well. After that, defense counsel did not pursue its effort to move the deposition into October.

5. Although it is true that I have argued at times in this case that A.D. should not have to undergo a Rule 35 examination, which arguments have been based on statements from his treating providers that recounting the details of the Frontier flight could potentially result in restarting some of his psychological symptoms, my earlier responses to defense counsel's communications about a proposed Rule 35 examination were that I would likely agree to an examination if Defendants would simply propose any psychologist other than Dr. Holland. As I informed Mr. Maye and his colleagues, it is my customary practice to work with defense counsel and agree to Rule 35 examinations where the proposed doctor is appropriately qualified and the doctor's area of specialty is germane to the issues in the

case. However, when they initially proposed Dr. Holland, my client researched her online and brought to my attention a large number of highly negative online reviews concerning her practices, especially in court-ordered situations. I am typically skeptical of online reviews, especially negative ones, but I was alarmed by the sheer number of such reviews attached to her. I tested my theory that their number was unusually large by looking at the reviews for dozens more psychologists in Nevada, and I did not find any who had anywhere near the number of negative reviews that she did. While that could be attributable to the volume of highly contentious child custody cases she handles, my initial reaction was that Defendants should be able to find and propose a doctor who did not have similar negative reviews. I told defense counsel that I would "likely agree" to just about any other psychologist if they would propose an alternative to Dr. Holland. A copy of my email to that effect is attached hereto as **Exhibit 6**. Defense counsel's response was that they were adamant that the Rule 35 examination had to be conducted by Dr. Holland. We revisited the issue several times over many months, and their position was always the same. I began to wonder why they were so determined to have Dr. Holland conduct the examination, and whether she had promised them a particular result. I had never seen anything like it.

6.  The only Request for Production that Defendants ever served on Plaintiffs in this case requesting experts' files was the one they served in the early days of the case, on October 4, 2019. At that point in time, Plaintiffs had not yet retained any medical experts. Plaintiffs served a timely objection to the request stating that it was premature, not in conformity with the Court's pretrial procedure for expert disclosures, and also violated several subparts of Rule 26 due to the breadth of its wording. Defendants never filed a

SECOND DECLARATION OF JOHN D. McKAY ISO MOTION TO EXCLUDE DR. HOLLAND
Page 4 of 7

motion to compel regarding the request. Three years later, when the depositions of Plaintiffs' experts Dr. Ohler and Dr. Halley had been scheduled for late February, 2023, defense counsel emailed deposition subpoenas that contained language stating that production of each doctor's "expert file" "is expected" at the deposition, but the language did not specify anything about raw test data. To my knowledge, the subpoena was never served by a proper method. Nevertheless, I believe that both doctors had their files with them at the time their depositions were taken by Mr. Maye on February 23 and 24. The depositions were taken by Zoom. The deposition of Dr. Ohler lasted approximately four hours and the deposition of Dr. Halley lasted approximately three hours. I attended both depositions by Zoom, and I have recently reviewed their transcripts. Mr. Maye questioned both experts about what their files contained, but he did not ask them to produce or show the contents of their files during their depositions, nor did he ask any specific questions about the contents of their raw test data. On July 5, 2023, which was more than four months after the close of discovery, Mr. Maye sent me an email asking, "Can you provide us with the raw data from Dr. Ohler's evaluation and Dr. Halley's evaluations?" That was the first time he had ever specifically requested the raw test data. I was not in possession of it, and Defendants had not made a valid request for it during the discovery period. I responded that I was not in a position to provide that data.

7. As I discussed in my previous Declaration filed in support of this Motion, Mr. Maye called me on June 28, 2023 to inform me that Dr. Holland's flight had been canceled so she could not conduct the Rule 35 examination of A.D. in North Carolina on June 29th as we had previously agreed. After that call, the sole agreement he and I reached concerning Dr. Holland was that both Plaintiffs would be available on July 25, 2023 so that Dr.

Holland could conduct the Rule 35 examination of A.D. in North Carolina on that date. He had selected the July 25 date from a group of dates that Peter DelVecchia had provided to me that would not conflict with his son's hockey and school schedules. I had passed the dates on to him exactly as I had received them, and I did not give any thought to the fact that some of the dates that Mr. DelVecchia had given me were later than Defendants' deadline to produce Dr. Holland's report. That became a non-issue when Mr. Maye selected July 25, as that date was prior to the deadline. We never agreed that Dr. Holland's report would be due thirty days after that rescheduled date, nor did we discuss such a concept. I assumed that if Dr. Holland could not produce her report by the July 31 date the Court had ordered, that Defendants would move for enlargement of that deadline, but they never did. Mr. Maye and I never discussed (and never agreed on) reviving the "30-day-thereafter" framework of the prior stipulation that Magistrate Judge Albregts' March 6, 2023 Order had specifically overridden in favor of "concrete deadlines." In fact, after Mr. Maye and I submitted an agreed set of three "concrete deadlines" to the Court in a stipulation that we filed just prior to the Court's June 7 hearing on Defendants' Motion for Protective Order, we never discussed them again. Had he proposed such an agreement (which he did not), I would have considered it a blatant attempt to violate the Court's instructions to provide "concrete deadlines" for the disclosure of Dr. Holland's report, the disclosure of a rebuttal report, and the deposition of Dr. Holland. I would have told him that Defendants needed to move for enlargement of the disclosure deadline.

8. Defendants are incorrect in stating, at pages 6 and 7 of their Response, the following:

> Dr. Holland's application for a temporary license never played a role whatsoever in the timing of the scheduling of the Rule 35 examination. Indeed, neither party ever raised Dr. Holland's application as affecting the scheduling of the Rule 35 examination. The only representation made about

the license process was that the application had to be submitted near in time to the date of the examination.

Nine days after Judge Dawson's ruling on the objections concerning the Rule 35 examination, on February 22, 2023, I sent an email to Mr. Maye asking, "When are you planning to schedule the IME?" A copy of that email is attached hereto as **Exhibit 7**. I raised the issue a second time two weeks later in my March 9 email (**Exhibit 4** hereto), noting that I had still not received any proposed dates for the IME. More than two weeks later, on March 27, he informed me that Dr. Holland had just filed her application for approval to conduct an examination in North Carolina and that we could not schedule the examination until after the application was granted, which would take approximately 30 days. He did not make any other representations about the "license process" in North Carolina. He did not state that the "application had to be submitted near in time to the date of the examination." In fact, that would have been an odd thing to say since we had not yet agreed on an examination date. We did not reach agreement on the examination date until seven weeks later, on May 16, 2023. On that date, we agreed that it would take place on June 29th.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2023.

_____
John D. McKay

## EXHIBIT 1

**Email from John McKay, Esq. to Brian Maye, Esq.**
**January 30, 2023**

 **Gmail**

John McKay <johndmckayatty@gmail.com>

---

## DelVecchia v. Frontier Airlines, Inc.
1 message

---

**John McKay** <johndmckayatty@gmail.com>                                    Mon, Jan 30, 2023 at 5:52 AM
To: "Brian T. Maye" <bmaye@amm-law.com>

Hi Brian,

As February is rapidly approaching, let's schedule a call to get all of the expert depositions on the calendar. Do you have time today or tomorrow?

Thanks,
John


**John D. McKay**
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT
Tel. (434) 531-9569

Delivery Address:
201 Spear Street, Suite 1100
San Francisco, CA 94105

    

**<u>EXHIBIT 2</u>**

**Email from John McKay, Esq. to Brian Maye, Esq.**
**February 7, 2023**

 **Gmail**

John McKay <johndmckayatty@gmail.com>

---

## DelVecchia v. Frontier Airlines, Inc.
1 message

---

**John McKay** <johndmckayatty@gmail.com>                               Tue, Feb 7, 2023 at 7:40 AM
To: "Brian T. Maye" <bmaye-law.com>
Bcc: <span style="color:red">REDACTED</span>

Hi Brian,

I am following up on our recent telephone discussion setting expert deposition dates. At this point, I have not heard back from you regarding available dates for Frontier's Chief Pilot, Mr. Christensen. We had originally discussed including him in one of the other Denver dates being used for the other experts, but I will not be able to include him on February 13 because that is less than a week away. February 17 remains a possibility if you can report on his availability soon.

However, there appear to be some other issues relative to Frontier's three "non-retained" experts:

1. Based on the text of Frontier's Supplemental Expert Disclosure, it appears that all three of the experts disclosed as "non-retained" (*i.e.*, Stefanie Coppedge, Jennifer Johnson, and Shawn Christensen) have based their anticipated expert testimony not on their involvement with the subject flight, but instead wholly upon case documents provided to them by counsel. As such, they do not meet the Ninth Circuit's standards for non-retained witnesses who are exempt from providing full reports. Under the applicable case law, the fact that they will not be separately compensated for their testimony is irrelevant. It is the nature of the testimony that counts. This is especially true for Ms. Coppedge, who no longer works at Frontier but will be taking time away from her duties for the federal government to testify. If an expert is required by Rule 26(a)(2)(B), he or she cannot be deposed absent the timely disclosure of an expert report. Fed.R.Civ.P. 26(b)(4)(A). That Rule presents an issue for all three of the depositions.
2. Even if, *arguendo*, they are appropriately designated as non-retained experts, the disclosures that Frontier has provided fail to meet the requirements of Rule 26(a)(2)(C). Frontier has complied with 26(a)(2)(C)(i) by providing the subject areas of their expected testimony, but it has not provided the summary of facts and opinions required by 26(a)(2)(C)(ii).

I would like to discuss these matters with you at your earliest convenience.

Thanks,
John


**John D. McKay**
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT
Tel. (434) 531-9569

Delivery Address:
201 Spear Street, Suite 1100
San Francisco, CA 94105

 

**<u>EXHIBIT 3</u>**

**Email from John McKay, Esq. to Brian Maye, Esq.**
**February 13, 2023**

 Gmail

John McKay <johndmckayatty@gmail.com>

## DelVecchia v. Frontier Airlines
1 message

**John McKay** <johndmckayatty@gmail.com>                    Mon, Feb 13, 2023 at 10:17 AM
To: "Brian T. Maye" <bmaye@amm-law.com>

Hi Brian,

I hope you had a good weekend. Would you have any interest in taking Capt. Norton's deposition on the same day as either Dr. Ohler or Dr. Halley? She called me and said there has been a minor change in her flight schedule and she would like to see if a deposition on Thursday or Friday would now be possible.

Also, a reminder that I still need dates for your three non-retained experts to be deposed.

Thanks,
John


**John D. McKay**
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT
Tel. (434) 531-9569

Delivery Address:
201 Spear Street, Suite 1100
San Francisco, CA 94105





**<u>EXHIBIT 4</u>**

**Email from John McKay, Esq. to Brian Maye, Esq.**
**March 9, 2023**

 Gmail

John McKay <johndmckayatty@gmail.com>

---

## DelVecchia v. Frontier Airlines, Inc.
1 message

**John McKay** <johndmckayatty@gmail.com>                                    Thu, Mar 9, 2023 at 10:30 AM
To: "Brian T. Maye" <bmaye@amm-law.com>
Bcc: REDACTED

Brian,

First of all, I have to comment on the manner in which you conducted the deposition of Plaintiffs' expert Capt. Vickie Norton yesterday. You really should not be permitted to conduct depositions the way that you do, as it is directly contrary to the goal of discerning the truth, abusive to the witness and opposing counsel, and REDACTED You pick sentences out of context and adamantly refuse to permit the witness to supply the necessary context, you posit impossible hypotheticals and adamantly refuse to acknowledge that they lack the aspects that would ground them in any sort of reality, you badger and harass the witness using phrases like "Ma'am, you aren't answering my question," you repeat the same questions endlessly, and you purposely talk over opposing counsel's objections in order to ensure that they are broken up or even not included in the written record. I have asked you repeatedly to refrain from such REDACT conduct, yet you persist in doing it. Your claim that you can conduct a deposition in any manner that suits you is baseless--there are rules REDACTED that apply and you have intentionally disregarded many of them. I have reached the outside limits of my tolerance for your REDAC behavior.

Moving on to Judge Albregts' March 6 Order, you have not proposed a single date for Dr. Holland to perform her IME on A.D. as of this writing. Obviously, multiple proposed dates are necessary so that we can coordinate with A.D.'s school and hockey schedules. If you have not proposed a set of dates by the time of the hearing next week, I will bring the matter up with Judge Albregts and ask him to rescind his Order permitting the IME because it appears Defendants are no longer interested in pursuing it.

Regarding Defendants' other "experts," I have also reached the limits of my patience in waiting for you to propose deposition dates, which you and I had agreed would be in March. At this point, I have no choice but to move for their exclusion, particularly in light of the insufficient disclosures.

Finally, I note with considerable concern that you have taken no steps to comply with your RE duty to correct the record on the false argument that you repeatedly advanced in the briefings on the motions for sanctions and motions to compel, which asserted to the Court that a federal rule of law required you to redact passenger names absent an order preventing redactions. You knew that argument was false when you advanced it, and Judge Dawson's February 13, 2023 Order confirms that it was false. You have an affirmative duty to correct the record.

Sincerely,
John


**John D. McKay**
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT
Tel. (434) 531-9569

Delivery Address:
201 Spear Street, Suite 1100
San Francisco, CA 94105

**<u>EXHIBIT 5</u>**

**Email from Eric Cunningham, Esq. to John McKay, Esq.**
**September 13, 2023**

 Gmail

John McKay <johndmckayatty@gmail.com>

## Delvecchia v. Frontier
1 message

**Cunningham III, Eric A.** <ecunningham@hinshawlaw.com>                    Wed, Sep 13, 2023 at 5:45 AM
To: John McKay <johndmckayatty@gmail.com>
Cc: "Maye, Brian T." <bmaye@hinshawlaw.com>, "Harris, Richard C." <rharris@hinshawlaw.com>

Good morning, John—

Brian is preparing for a trial that begins on September 25 in the federal district for Rhode Island.  As such, he won't be available to present the Frontier Rule 30(b)(6) witness on the dates currently reserved.  We are working to get my own PHV motion on file so that I can step in to cover as needed, but we need to select a new date because September 25/26 won't work with my schedule.

We can offer October 11, 12 and 13 as options to proceed with the deposition at the chosen location.  Please note that we anticipate producing a single 30(b)(6) witness, so we should only need one day for the deposition.  Let us know which of these dates works best on your end.

Thanks and regards,

Eric

**Eric A. Cunningham III**
Partner
**Hinshaw & Culbertson LLP**

*Carrying on the Adler Murphy & McQuillen tradition at Hinshaw!*
*Note my new address and email:*

151 North Franklin Street, Suite 2500, Chicago, IL 60606

**O:** 312-422-5717 | **F:** 312-704-3001
ecunningham@hinshawlaw.com
My Bio | hinshawlaw.com

**Follow us on**    



**<u>EXHIBIT 6</u>**

**Email from John McKay, Esq. to Brian Maye, Esq.**
**February 27, 2022**



John McKay <johndmckayatty@gmail.com>

## Re: DelVecchia v. Frontier--Meet and Confer Follow Up
1 message

**John McKay** <johndmckayatty@gmail.com>                                    Sun, Feb 27, 2022 at 2:20 PM
To: "Brian T. Maye" <bmaye@amm-law.com>
Cc: Timothy Titolo <tim@titololaw.com>, "Lawrence S. Gosewisch" <lgosewisch@amm-law.com>, "Matthew D. Martin"
<mmartin@amm-law.com>
Bcc:        <span style="color:red">redacted</span>

Brian:

I am available between 10 and noon tomorrow (MST), but based on your need to present case law to support your
positions <mark>(see below in red),</mark> you may need more time than that. I have some time on Tuesday, as well.

John





John D. McKay
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT

**Mail and Delivery Address (EAST COAST):**
127 West Fairbanks Ave. #519
Winter Park, FL 32789
Tel. (434) 531-9569

**Mail and Delivery Address (WEST COAST):**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Tel. (434) 531-9569


On Sun, Feb 27, 2022 at 11:38 AM Brian T. Maye <bmaye@amm-law.com> wrote:

> John:
>
>
> We agree that we have more to discuss. Are you available on Monday for a call with me? In the meantime, please
> see our responses to the issues you raised in your last email.

**1. Your motion to compel removal of redactions from discrimination complaints and RNT notes**

- You make the point that there are no issues with the discrimination complainants having knowledge of the circumstances and claim none of them were minors. You claim you need to contact persons named in the discrimination complaints to obtain additional relevant facts – namely, to determine what protected groups are involved. This is correct--every person who filed one of the 325 discrimination complaints that Frontier has produced knows that his or her complaint was filed, because each such person intentionally filed the complaint. I have read all 325, and none of them was filed by a minor, based on the unredacted context. Judges Albregts and Dawson both held that the complaints were relevant and proportional--that's why they ordered them to be produced over Frontier's objections. What they could not have known at that time, however, is that the text of the complaints as reproduced in your client's database (Frontier did not produce the exact complaints in most instances, just its employees' summaries of them, despite the clear mandate of both Judges' Orders) does not always identify the protected group to which the complainant belongs. That makes further inquiry necessary, to assess the exact type of discrimination that was involved in each complaint. You and your colleagues seem to be intent on arguing that while we can have the documents you produced, we cannot learn anything more about them. That turns the whole concept of discovery on its head.

- We continue to stand on our objections under 14 C.F.R. § 243.9(c) and for the reasons stated in *Anders v. United Airlines, Inc.*, No. CV 19-5809-GW (KS), 2020 U.S. Dist. LEXIS 250250 (C.D. Cal. 2020). Moreover, as the Court stated in its prior ruling, "[e]ven if Plaintiffs were correct that 14 C.F.R. § 243.9(c) did not protect the information Frontier redacted, Plaintiffs have not adequately explained why this information is relevant to their case. While they argue that they intend to contact these individuals to learn more about the alleged discrimination and trafficking, their intent to learn more does not make the information relevant or proportional." ECF 150, p. 5, note 2. Nonetheless, we intend to conduct a good faith effort to address this during our next discussion.

  If you stand on your objections that 243.9(c) makes confidential the names, addresses and telephone numbers and/or email addresses of passengers who actually occupied seats on Frontier's flights in the past, then you are literally stating that you are unable to read and understand a federal regulation. I know that you can read and understand the language of a regulation, which means something even more troubling is behind your stance: that you are willing to claim that a federal regulation does not say what it does say. That demonstrates a willingness to turn a blind eye to the language of the regulation itself, and also to the oceans of case holdings declaring that the first step in statutory interpretation is the language of the statute, and that there are no further steps permitted if the language is clear. They include a number of holdings by the Ninth Circuit. "If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there." *Salisbury v. City of Santa Monica*, 994 F.3d 1056. 1063 (9th Cir. 2021). In fact, you and your colleagues have steadfastly avoided any argument that is based on the language of Part 243, because you have to know exactly where that would lead. How that is not misleading the Court escapes me, but I would be happy to hear any explanation from you that does not simply point to the handful of lower court discovery rulings that have obviously been based on a failure to read the language of the regulation. We are both aware that other airline defense attorneys have managed to obtain favorable rulings from other courts by making similar unsound arguments (although they are all District Court rulings and I am not aware of any such attorneys being bold enough to present this sham argument to a federal Court of Appeals). Like you, those judges did not even attempt to apply sound principles of statutory construction to the actual language of Part 243, they simply declared that it says what it does not say. You state above that you rely on "the reasons stated in *Anders v. United Airlines, Inc.*" Here are those "reasons" excerpted directly from the *Anders* opinion: "Under *14 C.F.R. §243.9*, airline carriers are prohibited from releasing passenger contact information except to governmental entities with an 'independent, legal right to obtain this information.'" *14 C.F.R. §243.9.* Kudos are due Judge Stevenson's law clerk for correctly quoting a portion of the actual language of §243.9(c), but he or she should have read the preceding sentence of that same subparagraph, which states that the only subject of that subparagraph is "the contact information collected pursuant to section 243.7(a)(2) of this part." Subparagraph (a)(2) of §243.7 pertains to the collection of voluntary emergency contact information--a means to contact someone who is not on the flight, in the event of a crash. There is a record of rulemaking history that explains that, as I cited in my replies in this case. The phrase "passenger contact information" does not even exist in Part 243. Your argument--and that of the other airline defense attorneys who misled District Court Judges into thinking that §243.9(c) renders passenger's names and phone numbers confidential--literally means that the Department of Transportation wanted to ensure that, after an airline disaster like TWA Flight 800, the airline's employees would ring the cell phones of all of the deceased passengers of that flight in an attempt to notify them that they have been in a crash and died.

  Finally as to this point, the language that you have quoted from Judge Albregts' November 30 decision is a perfect example of what we all learned in law school is *dicta*. He was not ruling on a motion to compel (as he pointed out), nor was he making a ruling on your bogus §243.9(c) argument (as he also pointed out).

His statements are neither the law of the case nor precedent, because they are *dicta*. *See, United States v. Johnson,* 256 F.3d 896, 916 (9th Cir. 2001)(recognizing Judge Posner's "pragmatic definition of dictum based upon whether the [Judge] fully considered the issue and intended for future interpreters to rely on it.") I am happy to discuss this with you, but I consider a "good faith effort" to include an honest reading of the actual language of Part 243.

- We understand the Court also mentioned the possibility of passengers being minors or being unaware that complaints were made. However, we do not view these comments as an invitation to relitigate the issue. We continue to maintain that you have not adequately explained why the redacted information is relevant to your case. Nonetheless, in the spirit of the rules, we are happy to address the issue again. The Court mentioned that "possibility" precisely because you filed a brief arguing, "It should, therefore, come as no surprise to Plaintiffs that Frontier would comply with federal law and protect the identities of these passengers [aside: there is no federal law that requires protection of passenger identities, see above] absent an order expressly prohibiting redactions [aside: !]. The records at issue specifically deal with passengers who were potential victims of trafficking, including minors, as well as the perpetrators of the actions which led to the involvement of law enforcement. These potential victims and perpetrators likely do not even know about the existence of these documents that detail their experience and conduct." ECF No. 134, at 2. That argument was misleading beyond simply the mention of nonexistent "federal law," as it refrained from pointing out that it applied to less than one percent of "the records at issue." Although the next sentence discussed an aspect of the race discrimination complaints separately, you made no effort to identify that the subjects of the preceding argument were only the human trafficking summaries, which were merely a few pages out of the thousands produced. The issue wasn't "litigated," as noted above, and we have no interest in pursuing the identities of the passengers who were falsely accused of being "victims" or "perpetrators" of human trafficking (false accusations that you repeated in your brief). We only intend to file our motion as to the passenger identities in the race discrimination complaints. Your argument about minors and lack of knowledge of the existence of the complaints has no application to them.

- Regarding the redacted RNT notes that we identified as protected under attorney-client privilege and work-product doctrine, we're happy to discuss during our next call.  Good

## 2. Our motion for protective order for the DOT complaints

- On February 15, you notified us of your challenge to the confidentiality of the DOT complaints on grounds that they are public records. However, the DOJ complaints were not the sole bases for the confidential designations. Rather, the complaints are embedded within other confidential information. If the complaints are indeed public, as you claim, then we would like to avoid filing a motion for protective order. We are happy to discuss this issue further. You can designate some portions of a document and not others.

## 3. Your Recent Written Discovery Requests

- We are in receipt of your fourth requests for admissions, seventh request for production of documents and fourth set of interrogatories. We are reviewing these requests and can discuss them during a call, although we will need some more time to analyze them before we can take firm positions on specific requests and agree to take this up in court. We will strive to get back to you by the end of the week.

## 4. Our motion to compel a Rule 35 exam.

- We understand your position that we should identify a different physician based on your belief that Dr. Holland is biased. However, we believe the law entitles us to choose our own physician under Rule 35.  We can discuss further during our next call. Once again, you seem to be missing the point (I think intentionally). Yes, you can file a motion under Rule 35 (it isn't a motion "to compel," however; it is a motion for an order requiring a medical examination because a plaintiff has absolutely no obligation to submit to one absent such an order). It will be contested and we will ask the Court to do a deep dive into Dr. Holland's history of bias concerning past IMEs and even to allow preliminary discovery on that issue. What we are saying is that we would likely agree to any other doctor of "your own" choice without requiring such a motion--in a Court

that clearly does not want to hear motions that do not need to be filed. There have got to be dozens of psychologists in Nevada, and even more in North Carolina, who possess credentials equal to or better than Dr. Holland's. Your insistence that only she can provide Defendants with what they need strongly suggests that what Defendants believe they need is a doctor who has, for one reason or another, made them some sort of guarantee that she will say something favorable to their case. As I said on the telephone recently, I have been involved in personal injury litigation for over three decades, and I cannot recall ever running into a situation like this one, that screams "Just propose a different doctor!"

### 5. Additional depositions of fact witnesses

- We will look for available March dates so you can depose Ms. Paulo and Mr. Caravalho, and we understand you wish to re-notice the deposition of Sgt. Obasi. We understand you also wish to continue with your deposition of Beth Zimmerman. While we cannot accommodate a continuation of the Zimmerman deposition next week, we will work with you to see if all of these depositions can take place during the times you offered your availability – March 15-16, 17-18, and/or 23-24. Thank you.

- We object to the deposition of Frontier's Director of Customer Relations.  Additional depositions regarding prior complaints are unduly burdensome and not likely to elicit testimony that is relevant or proportionate to the needs of this case. You'll need to be prepared with some case law supporting your "unduly burdensome" and relevance/proportionality arguments. The Court has already ruled that the complaints themselves are relevant and proportional to Plaintiffs' §1981 claims, so how is taking the deposition of the head of the department that does virtually nothing in response to the receipts of hundreds or thousands of such complaints "information [that] can have no possible bearing upon the subject matter of this action"? (*Anders*)

- We do not agree to produce Defendant Shupe for a second deposition based on the reasons you recently provided. We're happy to discuss this issue with you. As the party opposing discovery, you have the obligation to present case law in support of your position.

- We intend to depose Brianna Hayes and Rashaad Wormack, which obviates your need to make a Hickman challenge to our work-product assertion. See *Odyssey Wireless, Inc. v. Samsung Electronics Co.*, No. 3:15-cv-01738-H (RBB), 2016 U.S. Dist. LEXIS 188611, at *26-27 (S.D. Cal. Sep. 19, 2016) (noting "courts have permitted deposition questions regarding the underlying facts contained in documents protected by the work-product document"). I will read that case before our call, but please bear in mind that Plaintiffs have no interest in relying on your "intent" to do something in the future. I remind you that you have been "intending" to stipulate to net worth evidence for over two years now.

### 6. Rule 30(b)(6) Deposition

- We have prepared a net worth stipulation that we will provide prior to our next call. You are asking for "our next call" to be tomorrow. Where is the stipulation?
- It seems we are still at an impasse on certain topics, including 3,5,7, 20, and 25-28. In addition, please note that it presently appears we will be providing two corporate representatives to cover the topics. As the party opposing discovery, you have the obligation to present case law in support of your position.

### 7. Stipulation to a further extension of pretrial deadlines

- We are in agreement on the need for such extensions. Let us know if you would like to prepare an agreed motion relating to this issue.  I shall prepare an agreed motion.

Thanks.

Brian


Brian T. Maye

**ADLER MURPHY & McQUILLEN LLP**

20 S. Clark Street, Suite 2500

Chicago, Illinois 60603

Main: (312) 345-0700

Direct: (312) 422-5713

Mobile: (312) 286-5117

Facsimile: (312) 345-9860

www.amm-law.com

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us and delete the original message.

**From:** John McKay <johndmckayatty@gmail.com>
**Sent:** Tuesday, February 22, 2022 2:33 PM
**To:** Brian T. Maye <bmaye@AMM-LAW.com>; Matthew D. Martin <mmartin@AMM-LAW.com>; Lawrence S. Gosewisch <lgosewisch@AMM-LAW.com>
**Cc:** Timothy Titolo <tim@titololaw.com>
**Subject:** DelVecchia v. Frontier--Meet and Confer Follow Up


Gentlemen,


As a follow-up to our meet and confer telephone conference that we began last Friday but did not even come close to finishing after 1.3 hours of discussion:


First, if you are serious about your suggestion that we stipulate to a further extension of the pretrial deadlines, we should get something drafted and filed soon, especially so the experts will know what deadlines they need to be aware of. I now have authorization to agree to another general extension of all remaining pretrial deadlines.


Second, assuming we are going forward with such a stipulation, I propose that we plan on rescheduling the Rule 30(b)(6) deposition for some early-to-mid-April dates, so that Plaintiffs can get the responses to the discovery requests that I served today prior to proceeding with the deposition, and that also will allow time to put together the net worth evidence stipulation that Larry offered and work out any remaining issues concerning testimony about discipline resulting from past race discrimination complaints. I am currently free the weeks of April 11-15 and 18-22, so please let me know which week works for you. If you intend to serve objections to the discovery I served today, I request that we agree to expedite the objection/meet and

confer process as to any such objections so that they can be included in the Motion to Compel and we do not burden the Court with multiple motions. That would also, I hope, prevent further delay of the Rule 30(b)(6) deposition.

Third, in addition to the Rule 30(b)(6) deposition, I also want to take the deposition of the Director of Customer Relations the same week, and an additional deposition of Defendant Shupe. Please let me know if you will agree to a second deposition of Defendant Shupe. The reason it is needed is that Frontier did not produce the details of the protocols he claimed were the basis for his decisions, and other relevant security protocols, until 1.5 years after his deposition, and he also recently claimed in an interrogatory answer to have been given training that he never mentioned in his deposition. If we are unable to reach agreement on this, I will add it to Plaintiffs' Motion to Compel.

Fourth, I am going to be noticing the depositions of Ms. Paulo and Mr. Caravalho as we discussed previously, so I will need some available March dates from you. I believe both of those agents are in the Las Vegas area. Also, I want to re-notice the deposition of Sgt. Obasi, who did not appear for his previously noticed deposition in Las Vegas. I suggest that we find two consecutive days in March to complete those. I am available March 15-16, 17-18, and 23-24. Please let me know as soon as possible which of those dates work for you. I am leaning toward live depositions, but could be convinced to do them remotely if you would prefer that.

Fourth, we still need a date to finish Beth Zimmerman's remote deposition. Can we find a half day next week for that?

Fifth, I remind you that we still need to complete the meet and confer for Plaintiffs' Motion to Compel. The issues are:

A. Plaintiffs intend to move for the removal of all redactions from the discrimination complaints produced by Frontier. This was extensively briefed in the two sanctions motions, so we are well aware of each others' legal positions. The motion will be limited to the discrimination complaints and will exclude the reports of human trafficking. Contrary to what you represented to the Court in previous briefings, all of the discrimination complainants know that their complaints exist (they were the ones that filed them) and none of the complainants are minors.

B. Plaintiffs intend to move for an order allowing Plaintiffs' counsel to contact persons named in the discrimination complaints to obtain additional relevant facts. Many of the complaints do not identify what protected group the complainants belong to, for example. This motion would be made in an abundance of caution, since Defendants have designated the contents of the complaints as "Confidential" under the protective order.

C. Plaintiffs also intend to move for removal of the redactions applied to the RNT notes that have been produced with Bates numbers FRONTIER 2091-2109, including notes that were dated prior to the commencement of this action on August 1, 2019 and prior to the service of Plaintiffs' first written discovery requests on October 7, 2019. Also including the names of the attachments on page 2108, since file names are neither work product nor attorney-client privileged material.

D. Plaintiffs have been unable to reach witnesses Brianna Hayes and Rashaad Wormack who were interviewed by defense counsel on August 8, 2019. Therefore, Plaintiffs intend to make a *Hickman* challenge to the assertion of work-product immunity covering the memo describing what they witnessed. We will ask for submission of the memo for *in camera* review so that the Court can protect the mental impressions of counsel.

E.  If not agreed, Plaintiffs intend to ask the Court for permission to re-take the deposition of Defendant Shupe for the reasons outlined above.

F.  Any objections to the February 22, 2022 discovery requests.

Finally, just a reminder that Plaintiffs have served notice pursuant to the Protective Order that Plaintiffs believe that the contents of complaints made to the Department of Transportation and the contents of communications by the DOT to Frontier have been improperly designated "Confidential" under the protective order, since they are public records. Under the terms of the protective order, the burden now shifts to Frontier to move for a protective order covering those items with an argument that meets the standards of District of Nevada and Ninth Circuit precedent. In the absence of Defendants obtaining such an order, the existing Protective Order permits Plaintiffs to disregard the original "Confidential" designation.

Thank you for your attention to these matters.

Kind regards,

John





John D. McKay

Attorney at Law (CA, CO, FL, ME, NY, VT, WV)

Barrister and Solicitor (Ontario)

Solicitor (England and Wales)

**Park Avenue Law LLC and Aerolex Park Avenue**

San Francisco, CA/Winter Park, FL/Toronto, ONT

**Mail and Delivery Address (EAST COAST):**

127 West Fairbanks Ave. #519

Winter Park, FL 32789

Tel. (434) 531-9569

**Mail and Delivery Address (WEST COAST):**

201 Spear Street, Suite 1100

San Francisco, CA 94105

Tel. (434) 531-9569

---

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above, and may be protected by the attorney client and/or attorney work product privileges. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us and delete the original message.

**<u>EXHIBIT 7</u>**

**Email from John McKay, Esq. to Brian Maye, Esq.
February 22, 2023**

 Gmail

John McKay <johndmckayatty@gmail.com>

## DelVecchia v. Frontier Airlines, Inc.
1 message

**John McKay** <johndmckayatty@gmail.com>                              Wed, Feb 22, 2023 at 12:45 PM
To: "Brian T. Maye" <bmaye@amm-law.com>

Hi Brian,

I am attaching a draft stipulated motion and order concerning the timing of Dr. Holland's deposition, as we discussed. Please review it and let me know if it is okay to file with your electronic signature. Remember we need to file ASAP to avoid the whole excusable neglect thing.

When are you planning to schedule the IME?

Also, when will you provide available March dates for Coppedge, Johnson and Christensen? (It's nearly March).

Thanks,
John


**John D. McKay**
Attorney at Law (CA, CO, FL, ME, NY, VT, WV)
Barrister and Solicitor (Ontario)
Solicitor (England and Wales)
**Park Avenue Law LLC and Aerolex Park Avenue**
San Francisco, CA/Winter Park, FL/Toronto, ONT
Tel. (434) 531-9569

Delivery Address:
201 Spear Street, Suite 1100
San Francisco, CA 94105

 

📄 **STIPULATED MOT RE HOLLAND DEPO 02222023.docx**
36K