**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

PETER DELVECCHIA, individually
and as next friend of A.D., a Minor,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC., et al.,

    Defendants.

Case No.: 2:19-cv-01322-KJD-DJA

**Defendants' Response to Plaintiffs' Motion to Exclude Defense Expert Dr. Stephanie Holland**

# DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE DEFENSE EXPERT DR. STEPHANIE HOLLAND

Defendants FRONTIER AIRLINES, INC. ("Frontier"), REX SHUPE AND SCOTT WARREN (collectively "Defendants"), by their undersigned counsel, submit this Response to Plaintiffs' Motion to Exclude Defense Expert Dr. Stephanie Holland (ECF No. 254). Defendants' Response is based upon the attached Memorandum of Points and Authorities, the pleadings on file, and any oral argument the Court may permit.

Date: September 29, 2023

Respectfully submitted,

**FRONTIER AIRLINES, INC.,**
**REX SHUPE AND SCOTT WARREN**

/s/ Brian T. Maye
Brian T. Maye (admitted *pro hac vice*)
Richard C. Harris (admitted pro hac vice)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 422-5713
Email: bmaye@hinshawlaw.com
         rharris@hinshawlaw.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
700 South Third Street
Las Vegas, Nevada 89101
Email: cmichalek@rmcmlaw.com

83545\314876263.v1

# DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs can show no prejudice resulting from A.D.'s Rule 35 examination and allege nothing to warrant the imposition of sanctions against Defendants. The issues raised by Plaintiffs could have (and should have) been resolved through ordinary meet-and-confer efforts. Unfortunately, Plaintiffs' counsel did not attempt to meet-and-confer with Defendants' counsel, instead opting to wait silently and surprise Defendants with a motion baselessly accusing Defendants and Dr. Holland of intentional wrongdoing. It is unfortunate that Defendants must keep responding to these types of motions, which serve only to delay the litigation and distract from the unavoidable conclusion that Plaintiffs cannot show any intentional discrimination by Frontier, Captain Shupe, or Flight Attendant Warren. For the reasons argued below, this Court should DENY Plaintiffs' motion for sanctions and award Defendants any relief deemed just and necessary under the circumstances.

## II. BACKGROUND

A. On June 4, 2021, Defendants requested a Rule 35 examination of A.D. by Dr. Stephanie Holland to take place at Dr. Holland's office in Las Vegas, Nevada on July 7 and 8, 2021. A proposed exam protocol was attached to the request for the Rule 35 exam. (See Rule 35 Exam Request, attached as **Ex. A**)

B. On June 3, 2022, Defendants were forced to file a motion to compel after Plaintiffs objected to Defendants completing a Rule 35 examination of A.D. (ECF No. 180)

C. On June 22, 2022, in its reply brief, Defendants presented a revised proposed protocol for a Rule 35 examination, offering to hold the exam in North Carolina near A.D.'s home, which required Dr. Holland to obtain a temporary license to practice in North Carolina and ultimately to travel to North Carolina to complete the exam. (ECF No. 183)

2

D. On August 5, 2022, Judge Albregts granted in part and denied in part Defendants' Motion to Compel a Rule 35 examination. (ECF No. 195) On August 19, 2022, Plaintiffs filed objections to Judge Albregts' Order regarding a Rule 35 examination pursuant to Rule 72. (ECF No. 202)

E. On September 29, 2022, while the Rule 72 objections were pending before Judge Dawson regarding the requested Rule 35 examination, the parties filed a stipulated motion to extend certain deadlines, including the disclosure of Dr. Holland's report. The parties agreed that Dr. Holland's report would be disclosed 30 days after the completion of the Rule 35 examination, and a rebuttal report by Plaintiffs' psychology expert would be disclosed 30 days after Dr. Holland's disclosure. The parties also agreed that Plaintiffs may take Dr. Holland's deposition on "a mutually agreeable date in January or February of 2023." The Court granted that motion on September 30, 2022. (ECF No. 210)

F. On December 8, 2022, the Court granted a stipulated motion, extending the discovery cut-off date from November 18, 2022, to February 28, 2023. (ECF No. 224) The Court also set the deadline for Plaintiffs to depose Frontier's Rule 30(b)(6) corporate representative as <u>30 days after the ruling on Frontier's Motion for Protective Order</u> (related to Rule 30(b)(6) topics). Judge Albregts ultimately ruled on Defendants' Motion for Protective Order on June 7, 2023. (ECF No. 224; ECF No. 249)

G. On February 13, 2023, Judge Dawson affirmed Judge Albregts' Order that Frontier could complete a Rule 35 examination. Judge Dawson did <u>not</u> order the production of test data, contrary to Plaintiffs' contention. (ECF No. 231)

H. Given the timing of the issuance of Judge Dawson's Order regarding the Rule 35 exam, it was not feasible for Plaintiffs to complete Dr. Holland's deposition by "a mutually agreeable date in January or February of 2023," which was the language in the Court's September 30, 2022, Order. (ECF No. 210) Therefore, on February 28, 2023, the parties

3

sought to amend that Order to change the timing of Dr. Holland's deposition from "a mutually agreeable date in January or February of 2023" to "a mutually agreeable date within 30 days following the date of disclosure of Dr. Holland's report." (ECF No. 234) The primary purpose of the stipulated motion was to permit Plaintiffs to depose Dr. Holland after the close of discovery, but within 30 days after the disclosure of Dr. Holland's report, which was due within 30 days after the completion of the Rule 35 examination.

I. On March 6, 2023, Judge Albregts entered an Order that rejected the parties' request to amend his September 30, 2022, Order, stating that "to amend its previous order regarding these deadlines… may create confusion." (ECF No. 235) The September 30, 2022, Order, which established that Dr. Holland's disclosure would be due 30 days after the completion of the Rule 35 examination, stayed in place. (ECF No. 235) At the same time, Judge Albregts stated that "the Court recognizes that the parties' proposed schedule depends on the date that Dr. Holland conducts her examination…Thus, once the parties have found an agreeable date for that examination, they shall file a stipulation (or motion) to set the calendar dates on which (1) Frontier will disclose Dr. Holland's report; (2) Plaintiffs will disclose a rebuttal report, and (3) Plaintiffs will take Dr. Holland's deposition." The Court went on to direct that in the stipulation, "the parties shall also address whether they seek an extension of the dispositive motion and joint pretrial order deadlines."  (ECF No. 235)

J. The parties then decided on a mutual agreeable date for the Rule 35 examination, scheduling it for June 29, 2023, in Raleigh, North Carolina. (See Emails, attached as **Ex. B**) Based on the agreement to schedule the Rule 35 examination on June 29, 2023, the parties agreed to specific dates for Dr. Holland's disclosure, Plaintiffs' expert's rebuttal report, and Dr. Holland's deposition that complied with the "30-day thereafter" framework. The parties then filed a stipulated motion based on their agreement. (ECF No. 248)

4

K. On June 7, 2023, during a hearing on Frontier's Motion for Protective Order regarding Rule 30(b)(6) topics, the Court granted the parties' stipulated motion related to the scheduling of the Rule 35 exam and the subsequent discovery tied to the completion of the Rule 35 exam. The Court did so without comment. (ECF No. 249 and ECF No. 250)

L. On June 28, 2023, while Dr. Holland was at the Denver International Airport, her flight to Raleigh, North Carolina was cancelled due to weather. Dr. Holland was unable to book a flight to transport her to Raleigh, North Carolina in time for the Rule 35 examination scheduled for June 29, 2023. (See Dr. Holland Affidavit ("Holland Aff."), attached as **Ex. C**; see Emails attached as **Ex. D**)

M. Brian Maye, counsel for Defendants, and John McKay, counsel for Plaintiffs, thereafter discussed, via the telephone and email exchanges, the need to reschedule the Rule 35 examination due to Dr. Holland's flight having been cancelled. Counsel for Plaintiffs proposed to hold the examination on July 25, 26 or 27, or on August 16, 17 or 23. (See Emails attached as **Ex. E**) Plaintiffs' counsel never indicated or represented that he was opposed to rescheduling the Rule 35 examination from June 29, 2023, to July 25, 2023; that he believed that the parties' rescheduling of the Rule 35 examination from June 29, 2023, to July 25, 2023, was inconsistent with their previous stipulations; that rescheduling the exam for July 25, 2023, was a violation of the Court's Order entered on June 7, 2023; or that he believed it was necessary to file a stipulated motion to move the date of the examination. He also never indicated or represented that he expected that Dr. Holland's report would be due on July 31, 2023. Indeed, Plaintiffs' counsel proposed three dates for the rescheduled Rule 35 examination that were after July 31, 2023 (the date Dr. Holland's report was due based on the exam taking place on June 29, 2023). (See Emails attached as **Ex. E**) It would certainly be non-sensical to agree to an exam date after July 31, 2023, but expect that Dr. Holland's report would still be due by July 31, 2023.

5

N. The parties ultimately agreed to reschedule the examination for July 25, 2023. (See Emails attached as **Ex. E**) Based on the parties' counsel reaching an "agreeable date for the examination," the previous stipulations that Dr. Holland's report would be due 30 days after the completion of the Rule 35 examination, and the recognition by the Court that "the parties' proposed schedule depends on the date that Dr. Holland conducts her examination," (ECF No. 235) it was <u>not</u> contemplated that Plaintiffs' counsel had a perspective that diverged from what seemed to be an agreement that the "30-day" framework applied with respect to the July 25, 2023, date for the rescheduled Rule 35 examination. If counsel for Plaintiffs did have a different perspective, it would have been at odds with his proposal to hold the Rule 35 examination later than July 31, 2023 (the date Dr. Holland's report was due based on the exam taking place on June 29, 2023).

O. On September 25 and 26, 2023, Plaintiffs deposed Frontier's Rule 30(b)(6) corporate representative. The scheduling of the Rule 30(b)(6) deposition was by agreement, and it was well after the deadline of "30-days after the ruling of Frontier's Motion for Protective Order." Frontier never contemplated filing a motion to exclude the use of the Rule 30(b)(6) testimony based on the potential argument that it took place outside the "30-day thereafter" deadline set forth in the Court's Order entered on December 8, 2022. (ECF No. 224)

P. With respect to Plaintiffs' assertion that the Rule 35 "examination was delayed until June because, at the time Judge Dawson entered his February 13, 2023, ruling on the objections, Dr. Holland still had not submitted a necessary request to the regulatory body for psychologists in the State of North Carolina for authorization to examine A.D. in that state," it is bewildering that Plaintiffs would make such a representation. (ECF No. 248 at pp. 5-6) Dr. Holland's application for a temporary license never played a role whatsoever in the timing of the scheduling of the Rule 35 examination. Indeed, neither party ever raised Dr. Holland's license application as affecting the scheduling of the Rule 35 examination. The

only representation made about the license process was that the application had to be submitted near in time to the date of the examination. It is also noted that Dr. Holland submitted the application for a temporary license in March 2023, and it was granted in April 2023. It was simply not an issue with respect to scheduling the Rule 35 examination. (See Emails attached as **Exs. F & G**; see Holland Aff. at ¶ 11 (sic))

Q. Plaintiffs have not deposed Defendants' disclosed rebuttal experts. To the extent they intend to do so, it would be a technical violation of the Court's December 8, 2022, Order, which set the discovery cut-off date as February 28, 2023. (ECF No. 224) Plaintiffs never sought from the Court an extension of the discovery deadline as to such depositions. Defendants have never objected to these depositions proceeding despite discovery having been closed.

### III.   ARGUMENT

Rule 16(f) of the Federal Rules of Civil Procedure authorizes the Court to sanction a party for its failure to obey a scheduling or other pretrial order. The Court's authorization under Rule 16 includes ordering the violating party to pay the reasonable expenses incurred, including attorney fees, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

Under Rule 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use the information or witness unless the failure was substantially justified or is harmless. The factors that guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Amos v. Makita U.S.A., Inc.*, No. 2:09-cv-01304-GMN-RJJ, 2011 U.S. Dist. LEXIS 158103, at *7 (D. Nev. Jan. 6, 2011).

In this case, during a hearing on November 4, 2022, this Court commented that Plaintiffs had filed responses to interrogatories that were unlike anything this Court had ever seen. This Court added that it was "so taken aback" by the "unprofessional nature" of the responses that it considered *sua sponte* imposing sanctions. ECF No. 225, pp. 5-6. However, this Court exercised its discretion and declined to impose sanctions out of a concern that such an award would be "perceived as unjust in this case." *Id*. at p. 23. It is also noted that Defendants did not seek sanctions for Plaintiffs' conduct. Regarding the Motion at bar, to the extent that Defendants or Dr. Holland may have violated any court orders, Defendants respectfully submit that this Court should again exercise its discretion and decline to impose sanctions.

    **A.**    **Sanctions are not warranted for Defendants' alleged untimely disclosure of Dr. Holland's report**

Defendants were substantially justified in disclosing Dr. Holland's report on August 24, 2023, and the timing of such disclosure was otherwise harmless. At great expense, Defendants had offered to conduct the Rule 35 exam near A.D.'s home in North Carolina to minimize any inconvenience to Plaintiffs. ECF No. 183, p. 5. As noted in the Declaration filed by Plaintiffs' counsel, the parties agreed that the Rule 35 exam would take place on June 29, 2023. However, Dr. Holland's flight to North Carolina was cancelled on June 28, 2023, and she was unable to book another flight. (ECF No. 254-2, p. 3; see Holland Aff.) Shortly thereafter, Plaintiffs' counsel offered a series of possible dates for the rescheduled Rule 35 exam, and the parties agreed on July 25, 2023.

Plaintiffs' counsel never contacted Defendants' counsel to discuss the implications of the delay vis-à-vis the parties' stipulated schedule for Dr. Holland's report, Plaintiffs' expert rebuttal report, or Dr. Holland's deposition. (*See* ECF No. 248) Defendants proceeded to disclose Dr. Holland's report to Plaintiffs' counsel 30 days after the Rule 35 exam, consistent with the timeline set forth in the stipulation. *Id*. Given the silent acquiescence by Plaintiffs' counsel to the timing of

8

the disclosure, Defendants' counsel assumed the parties would proceed to follow the stipulated 30-day timelines for Plaintiffs' expert rebuttal report and Dr. Holland's deposition. After all, Dr. Holland's Rule 35 report is relevant only to damages and has no impact on the deadline for dispositive motions. However, rather than communicating with Defendants, Plaintiffs opted to remain silent and seek sanctions.

Regarding the Rule 37(c)(1) factors, (1) Plaintiffs can show no prejudice or surprise by the timeliness of Defendants' disclosure; (2) even if such prejudice exists, Plaintiffs had ample time to cure by raising the issue with Defendants and/or the Court; (3) there is no likelihood of disruption of a trial (as no trial dates have been set); and (4) there was no bad faith or willfulness involved with the timing of Defendants' disclosure. *Amos*, No. 2:09-cv-01304-GMN-RJJ, 2011 U.S. Dist. LEXIS 158103, at *7. The Ninth Circuit has found that a party suffers prejudice when the opposing party impairs its ability to go to trial or threatens to interfere with the rightful decision of the case. *Fitzgerald v. St. Paul Fire & Marine Insurance Co.*, No. 2:05-cv-00838-KJD-RJJ, 2007 U.S. Dist. LEXIS 99596, at *7 (D. Nev. Dec. 21, 2007). It cannot be said that Plaintiffs have suffered any prejudice in this case.

Under these circumstances, Defendants respectfully submit that they were substantially justified in disclosing Dr. Holland's report on August 24, 2023, and any resulting violation of the parties' stipulated deadlines was harmless. *See Allstate Insurance Co. v. Balle*, No. 2:10-cv-02205-APG-NJK, 2013 U.S. Dist. LEXIS 92765, at *7 (D. Nev. July 2, 2013) (declining to impose sanctions when the case was already delayed and the defendants' 19-day delay in producing an expert report had minimal effect, if any, on the expeditious resolution of the case); *see also United States v. 400 Acres of Land*, No. 2:15-cv-01743-MMD-NJK, 2018 U.S. Dist. LEXIS 145236, at *10-11 (D. Nev. Aug. 27, 2018) (finding that "the parties' resources and time would have been more appropriately spent cooperating to address the instant issue, as opposed to involving the

Court," and that the plaintiff had sufficient time to depose the defendant's expert or otherwise disclose a rebuttal expert report, so any untimeliness by the defendant was harmless).

Defendants further note that excluding a Rule 35 expert would be an unduly harsh sanction to impose under Rule 16(f), as modest monetary sanctions are typically imposed as a means of deterring a party's neglect of Rule 16 obligations. *See, e.g., Fadem v. American States Preferred Insurance Co.*, No. 2:13-cv-01213-RCJ-NJK, 2013 U.S. Dist. LEXIS 142536, at *9 (D. Nev. Oct. 2, 2013) (sanctioning each party's counsel $75 for failing to hold a timely Rule 26(f) conference). However, as other courts have observed, Rule 16 is not intended to function as an "inflexible straitjacket on the conduct of litigation.") *Bylin v. Billings*, 568 F.3d 1224, 1232 (10th Cir. 2009). Rather, Rule 16 was "intended to ensure the efficient resolution of cases and, most importantly, minimize prejudicial surprise." *Kendrick v. County of San Diego*, No. 15CV2615-GPC(RBB), 2017 U.S. Dist. LEXIS 96863, at *6 (S.D. Cal. June 22, 2017). Here, because Defendants were substantially justified in disclosing Dr. Holland's report on August 24, 2023, which was exactly 30 days after the agreed upon date for the rescheduled exam, Defendants respectfully submit that Rule 16 monetary sanctions are not warranted. There was no neglect with respect to the circumstances at issue here.

**B.    Defendants did not violate any court order with respect to test data.**

Judge Dawson never ordered the production of test data, and, therefore, Defendants could not have committed a violation of any court order. Further, Plaintiffs never requested the production of test data. If they had, the test data would have been produced by Dr. Holland to Plaintiffs' experts. *See Dicillo v. GGP Meadows Mall, LLC*, No. 2:18-cv-00729-JCM-EJY, 2021 U.S. Dist. LEXIS 174249, at *5-6 (D. Nev. Sep. 14, 2021) (observing that a doctor may release test data to qualified professionals). Unfortunately, Plaintiffs failed to request the data, and failed to engage in a Rule 37 conference, causing this unnecessary issue to be litigated.

Plaintiffs' baseless assertion that Defendants violated a court order by failing to produce test data is also ironic. It was Defendants who requested the production of Plaintiffs' experts' files in written discovery, subpoenaed Plaintiffs' experts' files, and then recently requested the disclosure of Plaintiffs' psychology experts' test data prior to Dr. Holland having to produce her report. (See Email, attached as **Ex. H**) Plaintiffs' counsel simply responded, without explanation, that he was not in a position to produce the test data. *Id.* Defendants asked for an explanation as to the reason Plaintiffs were not in a position to produce the test data. No explanation has ever been provided. Dr. Holland proceeded to prepare and produce her report without the test data from Plaintiffs' psychology experts. Moreover, Defendants proceeded with the depositions of Plaintiffs' expert psychologists, without the test data, instead of further delaying this litigation with motions to compel. Plaintiffs now, inexplicably, complain that briefing their own [unwarranted] motion for sanctions is going to cause delay in this case, and Defendants are to blame.

**C.      Sanctions are not warranted based on Plaintiffs' allegations that Dr. Holland violated conditions of the Rule 35 examination.**

      1.      <u>Dr. Holland did not conduct her examination in an adversarial manner</u>.

The gravamen of Plaintiffs' motion is that Dr. Holland conducted the Rule 35 exam in an improperly adversarial manner. A similar argument was rejected in *Hernandez v. Vanveen*, No. 2:14-cv-01493-JCM-CWH, 2015 U.S. Dist. LEXIS 60683, *2 (D. Nev. May 8, 2015). The *Hernandez* court recognized that, "though commonly referred to as an 'independent medical examination' (IME), there is nothing in the rule requiring the examiner to be 'independent' or unconnected to an adverse party." *Id*. at *5-6. Although the Court agreed with the general proposition that a Rule 35 exam should be conducted "in as non-adversarial a manner as possible," there was no support for imposing the drastic remedy of excluding the Rule 35 examiner. *Id*. at *6. In so ruling, the *Hernandez* court noted that the opposing party would have a chance to depose the Rule 35 examiner and test the examiner's credibility. *Id*. at *6, 11.

Following *Hernandez*, excluding Dr. Holland as a witness in this case would not be appropriate. This Court should reject Plaintiffs' allegations that Dr. Holland conducted her exam in an adversarial manner and rule that Dr. Holland's credibility and methods can be tested by Plaintiffs if and when they should choose to depose her. *Accord Smolko v. Unimark Lowboy Trans., LLC*, 327 F.R.D. 59, 63 (M.D. Pa. 2018) (observing that "courts have noted that Rule 35 and the adversary process provide other safeguards for plaintiffs who submit to Rule 35 examinations").

Additionally, Defendants invite the Court to listen to the recording in camera to make its own judgment on Dr. Holland's comportment. At the same time, Defendants emphasize that Dr. Holland is an extraordinarily well qualified and respected mental health professional, who is a devoted child advocate. She has co-founded two 5013c non-profit organizations over the span of her professional career: Child Focus, now a part of St. Jude's Ranch for Children, which advocates for siblings to remain together in care, and most recently, Wake Up, a re-entry program to improve the lives of disconnected youth.  She has also held the position of Exam Commissioner for the State Board of Psychological Examiners for 5 years, overseeing the preparation and development of the psychological state examination for new licensees. In 2018, she was appointed by Nevada Governor Brian Sandoval as a Board Member for the State of Nevada Board of Psychological Examiners, which is responsible for the regulation and professional conduct of individuals in the psychological field.  Her appointment was reconfirmed approximately one year ago. Prior to her initial appointment and reappointment, her personal and professional backgrounds were closely vetted by the Governor's Office. Dr. Holland's professionalism and integrity is beyond reproach. (See Holland Aff.)

    2. <u>Dr. Holland did not intentionally violate the Court's prohibition on recording devices, and there is no prejudice to Plaintiffs.</u>

The unsupported and inflammatory attacks on Dr. Holland for the purpose of attempting to gain an advantage is this litigation is quite eye raising. Dr. Holland routinely uses recording devices in her practice to be able to accurately capture the responses of her clients. (See Holland Aff) In the same vein, the use of a recording device during interviews helps practitioners focus on establishing rapport with her clients by relieving them of having to fastidiously take notes, which can impede natural conversation. The bottom line is that the use of a recording device is ultimately for the benefit of the client or the subject being interviewed. In short, Dr. Holland's use of a recording device during the subject Rule 35 exam was the product of habit, routine and custom. Dr. Holland did not intend to violate this Court's Order, and she was not attempting to achieve some nefarious goal, as Plaintiffs suggest. Also, the fact that Plaintiffs rely on *Abid v. Abid,* 406 P.3d 476 (Nev. 2017); *c.f., Pyankovska v. Abid,* No. 20-16294 (9th Cir., April 18, 2023) to support their position only goes to show how dubious and suspect their argument is.

  Plaintiffs' reckless assertion that Dr. Holland intentionally violated the Court's Order is not based on fact or reason. Dr. Holland openly recorded the session, not attempting to conceal it from A.D. Indeed, Dr. Holland openly announced to A.D. that she was going to record the interview. Furthermore, there is no prejudice to Plaintiffs because of Dr. Holland's use of a recording device. Therefore, Defendants oppose not only the request for the exclusion of Dr. Holland's testimony, but Defendants also oppose the alternative request for relief of Plaintiffs' counsel being able to listen to the recording. The alternative relief would certainly prejudice Defendants in that neither Dr. Holland nor Defendants' counsel has listened to the recording. Granting Plaintiffs' counsel, the opportunity to listen to the recording would be incompatible and incongruent with the innocuous and inconsequential use of the recording device.

## IV. CONCLUSION

For the foregoing reasons, DEFENDANTS AIRLINES, INC. respectfully requests that the Court deny Plaintiffs' Motion for Sanctions and for such further relief as this Court deems just and reasonable.

Date: September 29, 2023

Respectfully submitted,

**FRONTIER AIRLINES, INC.,
REX SHUPE AND SCOTT WARREN**

*/s/  Brian T. Maye*
Brian T. Maye *(admitted pro hac vice)*
Richard C. Harris (admitted *pro hac vice*)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 422-5713
Email: bmaye@hinshawlaw.com
         rharris@hinshawlaw.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO & MITCHEL
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Brian T. Maye*