MARGARET A. MCLETCHIE, Nevada Bar No. 10931
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com

*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **DECLARATION OF JOHN D. McKAY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCEED PAGE LIMITS** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

I, John D. McKay, hereby make this Declaration pursuant to 28 U.S.C. §1746:

1. I am counsel for Plaintiffs in this action, along with Margaret McLetchie and Leo Wolpert.

2. This case involves events that occurred on March 28, 2019 on board a Frontier Airlines flight conducted from Raleigh-Durham International Airport to Las Vegas International Airport ("LAS").

DECLARATION OF JOHN D. McKAY ISO MOTION TO EXCEED PAGE LIMITS
Page 1 of 3

3. The operative Complaint contains five Counts (Violations of 42 U.S.C. § 1981, Intentional Infliction of Emotional Distress, False Imprisonment, Battery and Assault, and Defamation *Per Se*).

4. The aircraft used for the subject flight, an Airbus A320, was configured for 180 passenger seats, and it was nearly full with only a few empty seats. Thus, there were numerous passenger witnesses who needed to be found, interviewed and deposed.

5. There were six crew members involved: four flight attendants and two pilots. None of the crew members' versions of the facts aligned, so there were six different versions of facts during the flight in addition to the Plaintiffs' version.

6. Several Frontier agents also worked at LAS and were involved in the facts of the case.

7. A LVMPD officer, Sgt. Francois Obasi, met the flight at the gate and was deposed.

8. In addition, the § 1981 claims involved an examination of previous discrimination complaints and their handling by Frontier for use as evidence of pretext, *see Lyons v. England,* 307 F.3d 1092, 1110 (9th Cir. 2002); *United Airlines, Inc. v. Evans,* 431 U.S. 553, 558 (1977)); *Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 553 (9th Cir. 1982). There were multiple documents pertaining to 325 such complaints produced, and several depositions were taken of the Frontier employees who handled the complaints for Frontier's "Denver Team."

9. Discovery occurred over four years. A total of 42 depositions were taken, some with multiple sessions. They included ten passengers, six crew members, two ground agents, Sgt. Obasi, five Frontier Customer Relations employees, a teacher and principal at A.D.'s school, two of Peter's doctors, five of A.D.'s doctors, both Plaintiffs, two of Plaintiffs' family members, one friend of Peter's, three retained experts, and the Rule 30(b)(6) deposition of Frontier. In addition, Frontier produced thousands of pages of documents, many of which are relevant to Plaintiffs' claims.

10. Frontier's Motion for Summary Judgment, ECF No. 266, asks the Court to dismiss Plaintiffs' entire case. Therefore, under Rule 56, Plaintiffs are required to show that there are genuine issues of material fact on which a jury could find in their favor on all the

    elements of six different causes of action, as well as addressing Defendants' arguments about claims of immunity.

11. There are 98 separately numbered facts, taken from the deposition testimony and the relevant documents[1] that describe Frontier's procedures for all of its different types of employees, that are necessary to discuss in order to meet the Rule 56 standard in this complex, multi-party litigation. Plaintiffs also need to explain disputes regarding facts that Frontier has claimed to be undisputed. Setting out all of those facts plus explanations in double-spaced format in the Statement of Facts mandated by Local Rule 56-1 has consumed slightly over 25 pages (counsel worked diligently over the entire weekend to condense the Statement of Facts, and succeeded in eliminating 10 pages from the original 35). Although LR 56-1 states that the Statement of Facts counts against the 30-page limit, it has already consumed 84% of the page limit. Counsel would be doing their clients a disservice to omit any of the facts or necessary arguments for reasons of space limitations.

12. The legal issues in this case are complex, especially concerning § 1981, defamation, and the various defense theories raised by Defendants in their motion. Plaintiffs have been able to limit the necessary response arguments to 25 pages, which would be a normal amount of argument in a case where the Statement of Facts takes only 4 or 5 pages to present.

13. I am respectfully requesting the Court's leave to file the 51-page Response in Opposition in this complex and important case of civil rights violations and intentional torts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2023.

                                                                                            _/s/ John D. McKay_
                                                                                           John D. McKay

---

[1] More than 5,000 documents have been produced in discovery in this case.