**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, individually and as next friend of A.D., a Minor,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC., et al.,<br><br>Defendants. | Case No.: 2:19-cv-01322-KJD-DJA<br><br>**Defendants' Response to Plaintiffs' Motion to Exceed Page Limit in their Response to Defendants' Motion for Summary Judgment (ECF No. 273)** |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCEED THE PAGE LIMIT IN THEIR RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE (collectively "Defendants"), by their undersigned counsel, submit this Response to Plaintiffs' Motion to Exceed the Page Limit in their Response to Defendants' Motion for Summary Judgment. ECF No. 273.

Date: November 28, 2023

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/ Richard C. Harris*
Brian T. Maye *(admitted pro hac vice)*
Richard C. Harris (admitted pro hac vice)
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 422-5713
Email: bmaye@hinshawlaw.com
           rharris@hinshawlaw.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

83545\315415665.v1

**BACKGROUND**

On the day their Response to Defendants' Motion for Summary Judgment was due, Plaintiffs moved for a two-week extension, and then followed up several days later with a motion seeking leave to file a 51-page brief.[1] In response to the motion for a two-week extension, Defendants stated they had no objections so long as they are afforded the same extension of time to file their Reply in Support of their Motion for Summary Judgment. ECF No. 274. However, Defendants are compelled to voice their objections to Plaintiffs' request for an additional 21 pages.

Contrary to Plaintiffs' assertions, the issues in this case are straightforward. As established in Defendants' Motion for Summary Judgment, the decision to separate Plaintiffs for the remainder of their flight was justified for two main reasons. **First,** Flight Attendant Bright-Sakurada reported observing Peter "stroking" A.D.'s face in a manner she found concerning, and A.D. gave deposition testimony confirming that Peter was indeed rubbing A.D.'s face prior to the separation. **Second,** Flight Attendant Warren reported observing Peter's hand on A.D.'s crotch; and, because it is undisputed that Plaintiffs were both sleeping at the time, neither of them can dispute that Peter's hand was indeed on A.D.'s crotch. ECF No. 266, p. 15. These two key points justified Defendants' actions and warrant summary judgment in their favor.

Plaintiffs' motion to exceed the 30-page limit for their Response brief forecasts their intent to go far beyond the relevant issues and muddy the waters with the same irrelevant arguments they have mistakenly asserted throughout the history of this litigation. Plaintiffs' request should be denied for being untimely and failing to show good cause. However, if the Court is nonetheless inclined to allow Plaintiffs to exceed the page limit, then Defendants respectfully request that Plaintiffs be limited to five (5) additional pages, and maintain that Defendants should be afforded

---

[1] In seeking an extension of time to file their response to Defendants' Motion for Summary Judgment, Plaintiffs never notified Defendants that they intended to seek an expansion of the page limit.

the same opportunity in their forthcoming Reply in Support of their Motion for Summary Judgment.

## ARGUMENT

Under Local Rule 7-3, responses to motions for summary judgment are limited to 30 pages, excluding exhibits. D. Nev. Local R. 7-3(a). The Local Rules state that permission to exceed the page limit requires a showing of good cause and "will not be routinely granted." D. Nev. Local R. 7-3(c). A motion to exceed the applicable page limit "must be filed before the motion or brief is due" and "does not alter the briefing schedule for the underlying motion or brief." *Id.*

Here, Plaintiffs' Response to Defendants' Motion for Summary Judgment was due on November 16, 2023. However, Plaintiffs did not file their Motion for Leave to Exceed Page Limit until November 21, 2023. Hence, Plaintiffs' Motion for Leave to Exceed Page Limit should be denied for the simple reason that it was not filed before the due date for the underlying brief, and, thus, violates this Court's own Local Rules. *See Gurshin v. Bank of America, N.A.*, No. 2:15-cv-00323-GMN-VCF, 2019 U.S. Dist. LEXIS 247813, at *4 (D. Nev. Mar. 22, 2019) ("Here, Plaintiff effectively filed her request for extension contemporaneously with her response brief. Pursuant to the Local Rules, Plaintiff's request for extension was therefore denied as a matter of course."). Moreover, as referenced above, Plaintiffs have failed to show good cause for an additional 21 pages. Indeed, they intend to use the extra space to argue issues that are irrelevant and immaterial. For these reasons, Plaintiffs' Motion for Leave to Exceed Page Limit should be denied.

If the Court, nonetheless, allows Plaintiffs to exceed the 30-page limit, Defendants respectfully assert that 51 pages is far too many, and the Court should allow only a five-page extension. In any case, to the extent the Court grants Plaintiffs additional pages, then Defendants respectfully submit that they should be allowed the same number of additional pages for their Reply in Support of their Motion for Summary Judgment – to rebut any argument that may be included in the extra pages afforded to Plaintiffs.

# **CONCLUSION**

For the foregoing reasons, Defendants respectfully maintain that Plaintiffs' motion is untimely and fails to show good cause. Therefore, it should be denied. However, if the Court is willing to allow Plaintiffs to exceed the page limit in their Response, Defendants respectfully request that Plaintiffs' extension be limited to five (5) pages, and that Defendants be granted the same page extension with respect to their Reply in Support of their Motion for Summary Judgment.

Date: November 28, 2023                                       Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/ Richard C. Harris*
Brian T. Maye *(admitted pro hac vice)*
Richard C. Harris (admitted pro hac vice)
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 422-5713
Email: bmaye@hinshawlaw.com
           rharris@hinshawlaw.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2023, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Richard C. Harris*

5

83545\315415665.v1