MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com

*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCEED PAGE LIMITS (ECF NO. 273)** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

    Plaintiffs, Peter DelVecchia individually and as next friend of A.D., a Minor, by counsel, respectfully submit this Reply in support of their Motion for Leave to Exceed Page Limit for Response to Defendants' Motion for Summary Judgment (ECF No. 273).

    Defendants' Response essentially asks the Court to accept that they are entitled to summary judgment and to deny Plaintiff's reasonable request on those grounds, and improperly repeats their summary judgment arguments. Notably in doing so, their 4-page Response exceeds the 3-page limit applicable to motions to exceed page limits. (LR 7-3). In any case, Plaintiffs object to Defendants'

characterizations and will respond to their unsupported factual arguments in the proper forum: the summary judgment briefing. The response to the motion for summary judgment (and the legal precedent cited in it) will permit the Court to determine relevance and whether anything is "mistakenly asserted" as Defendants erroneously predict. Suffice it to say § 1981 cases involve important matters of public policy—racial and ethnic equality—and the facts are disputed as to whether Frontier and its employees illegally discriminated against Plaintiffs. Defendants' desire to casually erase from that discussion over an hour's worth of relevant facts concerning their conduct toward Plaintiffs is telling.

Defendants merely need to point to what they contend is an absence of evidence where Plaintiffs bear the burden, but Plaintiffs must respond by showing there are triable issues of fact based on admissible evidence cited in their Response. There are thus numerous factual and legal issues that merit the excess pages Plaintiffs request. On this central issue, Defendants do not and cannot distinguish the several cases Plaintiffs cited where similar motions for a reasonable increase in page limits were granted. *Rice v. City of N. Las Vegas,* Case No. 2:20-cv-1542-JCM-DJA, 2023 U.S. Dist. LEXIS 167074, *10 (D. Nev. Sept. 20, 2023), cited in Plaintiffs' Motion, granted a similar motion because the incident occurred over 4 hours. The multiple incidents in the instant case occurred over a greater length of time. Defendants are seeking complete dismissal. To demonstrate that there are genuine issues of material fact as to each of their claims, Plaintiffs must discuss numerous legal issues and address factual issues in this case involving 42 depositions of parties and witnesses and over 5,000 pages of produced documents. *See* ECF No. 273-1 at ¶ 9 and n.1. The Court should not, at this stage, decide whether Defendants are entitled to summary judgment, but instead whether the issues merit an increase in the page limits. *Cf. Rice*, at *17. In short, this matter should be decided on its merits, not on the puffery in Defendants' Response. *Cf. Rosebud Sioux Tribe v. A & P Steel, Inc*., 733 F.2d 509, 515 (8th Cir. 1987) (the "incessant command of a court's conscience that justice be done in light of all of the facts" is a guiding principle in the disposition of claims). Indeed, it may be considered error to refuse to consider a matter on technical grounds. *See Henry v. Gill Industries, Inc.,* 983 F.2d 943, 950 (9th Cir. 1993) (district court erred in entering partial summary judgment solely for a party's violation of a local rule which required the party to file and serve an opposition*); see also Elwood v. Morin*, 195 Fed. Appx. 586, 588 (9th Cir. 2006) (district court did not err by allowing a party to re-file a motion after its initial

motion was struck for failure to comply with Rule 7-3).

Besides endeavoring, in circular fashion, to have the Court deny the motion on the grounds they are entitled to summary judgment, Defendants only object to the Motion on timing grounds. While counsel apologizes for the delay, the circumstances are sufficiently explained by the Declarations of John D. McKay submitted in support of the Motion and this Reply. The one case Defendants rely on for the idea that the motion should be deemed denied is distinguishable. In that case, the plaintiff did not timely file a motion to extend and instead filed a late motion for summary judgment and a contemporaneous motion to exceed page limits. Here, while the motion to extend has not been granted, Defendants do not oppose it (only condition it on also receiving an extension), and Plaintiffs filed their motion for excess pages before the requested extended deadline of November 30, 2023. Notably, as the *Rice* decision addressed both the several motions for excess pages and the motion for summary judgment on which they were based, the motions for excess pages were not granted before the motion for summary judgment was filed. *Rice,* at *6-*9.

Again, like the *Rice* case and the many cases where motions for excess pages have been granted, this matter should be resolved on the merits; Plaintiffs should be permitted the opportunity to demonstrate that their claims have sufficient evidence to proceed. As noted in the Motion, there will be only approximately 25 pages of argument in the Response and approximately 26 pages of argument (ECF No. 273, p. 4). Plaintiffs are working hard to present this matter as concisely as possible so the Court can consider the legal issues and evidence. A 51-page summary judgment response in a "a fact-intensive matter involving sophisticated issues" is reasonable because "every single fact needs to be scrutinized." *Rice,* at *6-*7. For the reasons set forth above and in the original Motion, Plaintiffs respectfully request that they be granted leave to file a Response to Defendants' Motion for Summary Judgment of up to 51 pages, exclusive of exhibits and the table of contents and table of authorities.

Dated this 28th day of November, 2023.

    /s/ *John D. McKay*
John D. McKay

**Attorney for Plaintiffs Peter DelVecchia and A.D., a Minor**