MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com

*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> FRONTIER AIRLINES, INC., *et al.*, <br><br> Defendants. | Case No: 2:19-CV-01322-KJD-DJA <br><br> **SECOND DECLARATION OF JOHN D. McKAY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCEED PAGE LIMITS** |

I, John D. McKay, hereby make this Declaration pursuant to 28 U.S.C. §1746:

1. I am counsel for Plaintiffs in this action, along with Margaret McLetchie and Leo Wolpert.

2. Since the date of my first Declaration in support of Plaintiffs' Motion, the full team of Plaintiffs' counsel (including Mr. Wolpert, who entered his appearance on November 20)

has been working diligently to edit Plaintiffs' Response from an original 67 pages down to approximately 51.

3. The full team of counsel was not available until November 16 due to unforeseen circumstances including two illnesses and a parent who required emergency surgery out of town.

4. Defendants make a point of noting in their Response that Plaintiffs' request for an extension of time, to which Defendants have now conditionally agreed, was not made until November 16. That was unavoidable due to the above-noted emergent circumstances.

5. At 10:27 a.m. on November 16, Ms. McLatchie sent an email to defense counsel Brian Maye (a partner in his firm), Eric Cunningham (also a partner), and Richard Harris (an associate), that read: "Good morning. I have been in and out of the office with unexpected illnesses and my husband / colleague is in Tucson helping his father recover from surgery. Would you be willing to stipulate to a two-week extension of today's deadline?"

6. After no response was received nearly 90 minutes later, I sent a text message to Mr. Maye's cell phone stating: "Hi Brian, Maggie emailed you about extending today's deadline by 2 weeks but hasn't heard back. Will you agree to that so we can get a stip filed?" Although Mr. Maye has represented that he was on vacation in the Bahamas that day, a "Delivered" receipt was attached to that text. Mr. Maye did not respond.

7. I live part time overseas and always receive text messages on my iPhone in a timely manner when I am there.

8. At approximately the same time, I placed calls to Messrs. Cunningham and Harris but the calls were not answered.

9. An hour later, at 1:06 p.m., I sent a follow-up text to Mr. Maye that said simply, "Brian?" Again, iMessage indicated that the text was "Delivered." Again, Mr. Maye did not respond.

10. At 1:38 p.m. I sent an email to Messrs. Maye, Cunningham and Harris, and Mr. Michalek, Defendants' local counsel, stating, in part: "I sincerely hope that at least one of you will

have the professional courtesy to respond to us before the end of business today, so that we can file a stipulation or unopposed motion rather than wasting the Court's time with something as unnecessary as a contested motion for extension (the week before Thanksgiving, no less)."[1]

11. I included in the same email: "As background, I have been unable to reach Maggie for assistance with the response for the past three weeks. She contacted me today and explained that she has been out of her office with an illness and her husband and colleague has been out of town during the same period assisting his father with a serious illness that required surgery, essentially leaving their office unstaffed. I have spent the past 3 weeks doing little else than poring through the transcripts of the 42 depositions and thousands of documents in this case and writing the response brief. Although I was prepared to file it sometime prior to midnight tonight, Maggie is now back at her desk and has requested the additional time to read my draft and edit it as she feels necessary, which is certainly an appropriate request since it will be filed with her name on it as well as mine. Also, she has raised an excellent point that our two offices will need to coordinate on the filing of several exhibits under seal, since their markings--made principally by your office--identify them as being covered by two different Protective Orders entered in this case. Quite frankly, I have not had a chance to give that issue a great deal of thought given my work load these past several weeks. She is correct. We need to ensure that all of the Court's requirements under the two Protective Orders and its Local Rules are followed. This is not a logistically simple case by any stretch of the imagination."

12. I received no response from Mr. Maye, Mr. Cunningham, Mr. Harris or Mr. Michalek.

13. At 1:58 p.m., I called Mr. Gosewisch, a partner in Mr. Maye's firm, who is one of the six attorneys listed as counsel of record for all Defendants (that list includes Ms. Shelke, who I understand no longer works at the firm), and I was able to reach him. I explained the circumstances and made the same request that Ms. McLetchie had. Mr. Gosewisch said

---

[1] In my haste, I inadvertently sent the email to Ms. McLetchie with ccs to defense counsel, but the text of the email opened, "Dear Brian, Eric and Richard."

only that he did not want to be involved in the case anymore and wished that someone would take him off it. He refused to comment on the request but said that he would ask one of his colleagues to respond.

14. Four minutes after that 1-minute call ended, Mr. Harris sent an email response that stated: "Sorry—Just seeing this. Brian is away on vacation this week. We do not stipulate to an extension and lack authority to agree to this last-minute request, as the dispositive motion deadlines have been in place for several months and were known to both [*sic*] parties."

15. Footnote 1 to Defendants' Response states: "In seeking an extension of time to file their response to Defendants' Motion for Summary Judgment, Plaintiffs never notified Defendants that they intended to seek an expansion of the page limit." ECF No. 276 at 2 & n.1. As noted in the previous paragraphs, defense counsel never granted Plaintiffs' counsel an opportunity to discuss the matter. Had they been willing to talk, I would certainly have mentioned that one of the reasons we needed the extension was to file a motion for leave to exceed the page limit, since on that date the mere statement of relevant facts consumed 35 pages of the 30-page brief limit (we have since edited it down to 25 pages).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 28, 2023.

_____
John D. McKay