MARGARET A. MCLETCHIE, Nevada Bar No. 10931
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com
*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, *et al.,* | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| Vs. | **PLAINTIFF'S MOTION TO FILE EXHIBITS TO RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER SEAL** |
| FRONTIER AIRLINES, INC., *et al.,* | |
| Defendants. | |

Plaintiffs, Peter DelVecchia individually and Peter DelVecchia as next friend of A. D., a minor ("A.D."), by counsel, respectfully moves this Honorable Court, for an order allowing Plaintiff to file Exhibits **1-2, 10, 15-16, and 22-29** to Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment (ECF No. 266) under seal. As detailed below, Defendants have the burden of addressing Exhibit 6, also addressed herein. This Motion is made pursuant to Local Rule IA 10-5, the stipulated Protective Order entered October 10, 2019 (ECF No. 37), this Court's October 10, 2019 Order (ECF No. 38), and the special stipulated Protective Order for Sensitive Security Information ("SSI") entered July 16, 2023 (ECF No. 126), and is supported by the attached memorandum of points and authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     APPLICABLE LEGAL STANDARD

As a general rule, there is a strong presumption that the public should have "access to litigation documents produced during discovery." *Phillips ex rel. Estates of Byrd v. General Motor Corps.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (noting that "there is a strong presumption in favor of access" to publicly filed court documents). There are, however, narrow exceptions to the presumption in favor of access for documents under certain circumstances, such as documents that have "'traditionally been kept secret for important policy reasons.'"  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (quoting *Times Mirror Co. v. United States,* 873 F.2d 1210, 1219 (9th Cir. 1989)).

## II.    SSI MERITS SEALING.

In its special protective order governing SSI pursuant to Section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Public Law No. 109-295, § 525(d), 120 Stat. 1382, 1355 (October 4, 2006) (ECF No. 126) the Court already determined that SSI should be protected from disclosure. The covered information pertains to the specifics of the "Threat Levels" created as part of the "Common Strategy" to combat acts of terrorism aboard or using airliners in the wake of the September 11, 2001 attacks. Sensitive Security Information by definition implicates important matters of national security, the disclosure of which would be detrimental to aviation security. There should be no question that such information falls within the definition of information that has "traditionally been kept secret for important policy reasons." *See Busic v. Transp. Security Admin.,* 62 F.4th 547, 550-51 (D.C. Cir. 2023) ("protecting national security is a government interest of the highest order"); *see also Corbett v. Transp. Security Admin.,* 767 F.3d 1171, 1183 (11th Cir. 2014) (denying access to SSI because the TSA determined disclosure would be detrimental to the security of transportation).

## III.   PSYCHOLOGICAL AND MEDICAL INFORMATION MERITS SEALING.

There are testimony, records and expert reports pertaining to A.D.'s psychological treatment, testing and diagnoses. Such sensitive and confidential information is typically kept out of the public domain under both state and federal law, *see Ansara v. Maldonado,* 2:19-cv-01394-GMN-VCF (D. Nev. Nov. 26, 2022). While the state statutes the Court found indicative of a strong public interest in

protecting child privacy in that case are not directly applicable to the facts of the instant case, private child psychology records should fall within the same public policy for the same reasons. Moreover, as the Court recognized in *Ansara,* "many courts in the Ninth Circuit have recognized that the need to protect medical privacy qualifies as a compelling reason for sealing records. This includes sensitive and private medical information protected by [the Health Insurance Portability and Accountability Act]." *Id.,* slip. at 5 (internal quotation marks and citations omitted, bracketed text added) (citing *Steven City Broomfield v. Aranas,* No. 3:17-cv-00683, 2020 WL 2549945*,* at *2 (D. Nev. May 19, 2020) (collecting cases), *Hendon v. Baroya,* No.1:05-cv-01247, 2012 WL 6087535, at *2 (E.D. Cal. Dec. 6, 2012), and *K.K. v. Premera Blue Cross,* No. 21-cv-1611, 2022 WL 1719134, at *4 (W.D. Wash. May 27, 2022)).

For the same reasons, testimony, records and expert reports pertaining to Peter DelVecchia's diagnoses and treatment of his head injuries should be considered information that has "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).

IV.     **SCHOOL RECORDS AND RELATED INFORMATION MERITS SEALING.**

Moreover, testimony and records pertaining to A.D.'s performance at school also falls within the classification of information that has "traditionally been kept secret for important policy reasons." For example, the federal Family Education Rights and Privacy Act ("FERPA") prohibits schools from disclosing personally identifying information about students, *see Cherry v. Clark Cnty. School Dist.,* Case No. 2:11-cv-1783-JCM-GWF, slip at 18 (D. Nev. July 22, 2013); *see also Barnett v. Clark Cnty. School Dist.,* Case No. 2:21-cv-00218-APG-VCF (D. Nev. Feb. 10, 2023) (holding that "reports, statements and school records about the minor plaintiffs . . . shall remain under seal"). This Court has also ordered such information sealed for more general reasons,*; Oksana B. v. Premera Blue Cross*, No. C22-1517 MJP, 2023 U.S. Dist. LEXIS 203055, at *3 (W.D. Wash. Nov. 13, 2023) ("The Court finds that compelling interests outweigh the public's access to the administrative record. The record contains substantial information about a minor's school and medical records, which are sensitive in nature, protected in part from disclosure by the Health Insurance Portability and Accountability Act of 1996, and whose revelation would cause significant harm to the minor.")

## V. FRONTIER BEARS THE OBLIGATION TO ESTABLISH COMPELLING REASONS TO SEAL ITS DESIGNATED MATERIAL.

As this Court made clear, designation pursuant to the non-SSI Protective Order alone does not merit sealing. (ECF No. 38, p.1:25-27 ("… there has been no showing, and the Court has not found, that any specific documents are secret or confidential.") (emphasis added)). Further, this Court directed:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

(ECF No. 38, p. 2:13-17.) Here, as noted below, Plaintiffs seek to seal some exhibits (or portions thereof) on the sole basis that Frontier designated the materials discussed in it as "Confidential" under the non-SSI Protective Order; thus, it is Frontier's obligation to address why those contents should be sealed, but Plaintiffs are upholding their obligation under that Protective Order to file such material initially under seal.

## VI. APPLICATION TO EXHIBITS

**Exhibit 1: ………………DelVecchia Navitaire Passenger Name Record (PNR)**

Exhibit 1 is filed under seal for two reasons: (1) because it has been designated "Confidential" by Frontier under the non-SSI Protective Order (ECF No. 38), which it has the obligation to support; and (2) the minor Plaintiff's name has been left unredacted because the full context, including his full name, is relevant to Plaintiffs' claim for defamation *per se.* The names of minors are information that has "traditionally been kept secret for important policy reasons." *See* Fed.R.Civ.P. 5.2(a).

**Exhibit 2: ………………Expert Report of Captain Vickie R. Norton, BSME, MSc, ATP**

Captain Norton's expert report extensively discusses subject matter that the Department of Homeland Security has deemed SSI pursuant to Section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Public Law No. 109-295, § 525(d), 120 Stat. 1382, 1355 (October 4, 2006), and that the Court's special protective order on SSI (ECF No. 126) requires to be filed under seal, *see id.* at 9-10, ¶ 8.1, including the specific details of the Common Strategy

Threat Level system for preventing terrorist acts aboard or using airliners. In addition, she discusses in her report several documents that Frontier has produced and designated "Confidential" under the non-SSI Protective Order (ECF No. 38), which it bears the burden of supporting.

**Exhibit 6: ……………… Deposition of, C.V. and Expert Report of Matthew W. Hughey, M.Ed., Ph.D.**

Dr. Hughey's expert report extensively discusses the contents of numerous documents that Frontier has designated "Confidential" under the Protective Order (ECF No. 38). As noted above, Frontier has the obligation to support sealing them.

**Exhibit 10: ……………..Transcript of Frontier Airlines, Inc. Rule 30(b)(6) Deposition with Exhibits**

The bulk of Frontier's deposition testimony discusses the specifics of the Common Strategy Threat Levels, which the DHS has designated as SSI and which the Court's special protective order on SSI (ECF No. 126) requires to be filed under seal. The deposition also has several exhibits that have been designated as SSI. The deposition also has testimony and exhibits that Frontier has designated "Confidential" under the non-SSI Protective Order (ECF No. 38).

**Exhibit 15: ……………..Transcript of Deposition of Captain Vickie R. Norton, BSME, MSc, ATP**

Similar to her report, Captain Norton's deposition testimony contains extensive references to SSI, specifically the details of the Threat Levels.

**Exhibit 16: ……………..Excerpts from Transcript of Deposition of Leah Sampson, MSW, LCSW**

Ms. Sampson is A.D.'s therapist. Her deposition testimony describes the details of her diagnosis and treatment of A.D., which is traditionally confidential medical information that Plaintiffs have designated under the non-SSI Protective Order (ECF No. 38). As discussed above, federal and state laws and policies require keeping such information out of the public domain.

/ / /

**Exhibit 22: …………….Transcript of Deposition of Kenneth Carnes, M.D.**

Dr. Carnes is Peter's treating neurologist. His deposition testimony describes the details of his diagnosis and treatment of Peter's head injuries, which is traditionally confidential medical information that Plaintiffs have designated under the non-SSI Protective Order (ECF No. 38). As discussed above, federal and state laws and policies require keeping such information out of the public domain.

**Exhibit 23: …………….Transcript of Deposition of Bruce Lasker, M.D.**

Dr. Lasker is Plaintiffs' expert neurologist. His deposition testimony describes the details of his diagnosis of Peter's head injuries, which is traditionally confidential medical information that Plaintiffs have designated under the non-SSI Protective Order (ECF No. 38). As discussed above, federal and state laws and policies require keeping such information out of the public domain.

**Exhibit 24: ……………..Deposition of, C.V. and Expert Report of Lindsey Ohler, PsyD.**

Dr. Ohler is one of Plaintiffs' expert psychologists. Her report describes the details of her testing and diagnosis of A.D.'s emotional injuries, which is traditionally confidential medical information that Plaintiffs have designated under the non-SSI Protective Order (ECF No. 38). As discussed above, federal and state laws and policies require keeping such information out of the public domain.

**Exhibit 25: …………….. Deposition of, C.V. and Expert Report of Gustavo Halley, Psy.D.**

Dr. Halley is also one of Plaintiffs' expert psychologists. His report describes the details of his testing and diagnosis of A.D.'s emotional injuries, which is traditionally confidential medical information that Plaintiffs have designated under the non-SSI Protective Order (ECF No. 38). As discussed above, federal and state laws and policies require keeping such information out of the public domain.

/ / /

/ / /

**Exhibit 26: ……………..Transcript of Deposition of Lori Merritt (A.D.'s teacher)**

Ms. Merritt's deposition testimony describes A.D.'s confidential school record, testing data, and his medical information known to his school, all of which is traditionally confidential information that Plaintiffs have designated under the non-SSI Protective Order (ECF No. 38). As discussed above, federal and state laws and policies require keeping such information out of the public domain.

**Exhibit 27: ……………..Transcript of Deposition of Leslie Bryant (A.D.'s principal)**

Ms. Bryant's deposition testimony also describes A.D.'s confidential school record, testing data, and his medical information known to his school, all of which is traditionally confidential information that Plaintiffs have designated under the non-SSI Protective Order (ECF No. 38). As discussed above, federal and state laws and policies require keeping such information out of the public domain.

**Exhibit 28: ……………..Transcript of Deposition of Lawrence Caravalho**

Mr. Caravalho was one of the "ground handling" agents working on Frontier's behalf who worked at LAS and whose employee identification number is connected to one of the alleged defamatory statements that were entered into Plaintiffs' Passenger Name Record (PNR). His deposition testimony names A.D. and has been left unredacted because the full context, including A.D.'s name, is relevant to Plaintiffs' claim for defamation *per se*. The names of minors are information that has "traditionally been kept secret for important policy reasons." *See* Fed.R.Civ.P. 5.2(a).

**Exhibit 29: ……………..Transcript of Deposition of Angelica Paulo**

Ms. Paulo was also one of the "ground handling" agents working on Frontier's behalf at LAS. She has admitted that she entered into Plaintiffs' PNR the second alleged defamatory statement that names both Peter and A.D. by their given names. Her testimony about the PNR has been left unredacted because the full context, including A.D.'s name, is relevant to Plaintiffs' claim for defamation *per se*. The names of minors are information that has "traditionally been kept secret for important policy reasons." *See* Fed.R.Civ.P. 5.2(a).

**VII.     CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that this Court enter an order sealing Exhibits **1-2, 10, 15-16, and 22-29**.

DATED this 30th day of November, 2023.

/s/ Margaret A. McLetchie
MARGARET A. MCLETCHIE
Nevada Bar No. 10931
LEO S. WOLPERT,
Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth Street
Las Vegas, Nevada 89101
Telephone: (702) 728-5300
Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY,
California Bar No. 220202 (admitted pro hac vice)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569
Fax: (407) 264-6551
Email: johndmckayatty@gmail.com
*Attorneys for Plaintiffs*