MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com
*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, *et al.*,  <br><br>                 Plaintiffs,<br><br>Vs.<br><br><br>FRONTIER AIRLINES, INC., *et al.*,<br><br>                 Defendants. | **Case No: 2:19-CV-01322-KJD-DJA**<br><br>**PLAINTIFFS' MOTION FOR RELIEF PURSUANT TO LR IC 3-1(c) FOR TECHNICAL FAILURE PREVENTING TIMELY FILING** |

Plaintiffs, Peter DelVecchia individually and as next friend of A. D., a minor ("A.D."), by counsel, respectfully move this Honorable Court, pursuant to Local Rule IC 3-1(c), for an order *nunc pro tunc* permitting their filing of their Response (ECF No. 281) to Defendants' Motion for Summary Judgment (ECF No. 266) on December 1, 2023 or, in the alternative, deeming their pending Corrected Motion to Extend Time (ECF No. 270) amended to request extension to file to and including December 1, 2023. This Motion is made and based upon the following memorandum of points and authorities, and all other pleadings and papers filed herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs filed a Corrected Motion to Extend Time to File Response to Defendants' Motion for Summary Judgment on November 16, 2023, (ECF No. 270), requesting a two-week extension until November 30, 2023. That Motion was pending on the evening of November 30, and remains pending as of this writing. Defendants do not oppose that extension (ECF No. 276).

Plaintiffs' three attorneys worked diligently through the requested two-week period editing the Response down to a total of 51 pages,[1] checking and researching numerous pin cites to pages in the record for the Statement of Facts to make the relevant portions of the record easier for the Court to find, drafting a Motion for Leave to File several of the exhibits under seal (ECF No. 280), and creating Tables of Contents and Authorities as required for an oversize brief under LR 7-3(c).

Plaintiffs' counsel decided among themselves that Las Vegas-based counsel Leo S. Wolpert would file the main Response and its exhibits that were not to be filed under seal, and that filing would then be followed by counsel John D. McKay filing the several exhibits that were to be filed under seal, since Mr. McKay was the only one of them authorized by the Court and the TSA to handle the Sensitive Security Information (SSI) contained in some of those exhibits.

As noted in Mr. Wolpert's Declaration filed herewith, he created the final PDF of the Response for filing at approximately 9:15 p.m. PST and attempted to log on to the Court's ECF system at that time. His efforts were unsuccessful on two different computers connected to his firm's network, which was otherwise working correctly, and he also was unable to connect using his smartphone that was connected to AT&T's 5G network, which was also otherwise working correctly. As noted in his Declaration, he was not even able to send a message to the Court through the Court's website. He went home and attempted to log on to ECF using his home WIFI network and was similarly unsuccessful despite the fact that the home WIFI network was otherwise working correctly.

As noted in Mr. McKay's Declaration also filed herewith, Ms. McLetchie called him at 9:54 p.m. PST and asked him to try to connect to the Court's ECF system from there. While she was still on the phone, Mr. McKay attempted to log on and got only a blank white screen. Similar to Mr.

---

[1] Plaintiffs have also filed a motion for leave to file an oversized response of 51 pages, ECF No. 273, which is also pending.

Wolpert's experience, he was not even able to get to the page for entering his PACER logon credentials. Ms. McLetchie informed him that she was getting the same result on her computer.

Mr. McKay continued trying to access the ECF system, using both Chrome and Safari browsers and his smartphone, through 12:10 a.m. PST on December 1, to no avail. As indicated in his Declaration, the Court's seal appeared at the top of the white screen at 11:57 p.m. PST on November 30, but clicking the link beneath it yielded no result over the following three minutes. Mr. McKay filmed the lack of results from clicking the link on his smartphone and can provide that video to the Court if the Court would like to see it. In fact, similar attempts yielded no results through 12:10 a.m. PST.

Before business hours, Mr. McKay tried to file again at approximately 7:40 a.m. PST on December 1, and found that the ECF system was then working normally. He succeeded in getting the Response and unsealed exhibits all filed by 7:49 a.m. PST, and all the sealed exhibits filed by 8:23 a.m. PST.

Local Rule IC 3-1(c) states, "A filer whose filing is made untimely because of a technical failure may seek appropriate relief from the court."[2]  This Rule should be interpreted consistently with Fed. Rev. Civ. P 1, which provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See also See Eitel v. McCool*, 782 F.2d. 1470, 1472 (9th Cir. 1986) (noting the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits"); *Foman v. Davis*, 371 U.S. 178, 181 (1962) (it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure" for a court to avoid making a decision on the merits because of "mere technicalities.")

Here, Plaintiffs were prepared to file timely and were only unable to do so due to technical issues with the Court's website. There is no prejudice to Defendants as the documents were all filed before business hours on December 1, 2023.

Plaintiffs respectfully ask the Court to find that "appropriate relief" as mentioned in LR IC 3-1(c) includes an Order *nunc pro tunc* deeming the filing on the morning of December 1, 2023 timely,

---

[2] Counsel have been unable to find any cases interpreting that Local Rule, and cases from other Districts in the Ninth Circuit are not helpful because they concern local rules that have more specific provisions than LR IC 3-1(c) does.

and/or an Order granting their Corrected Motion to Extend Time (ECF No. 270) but granting the extension to include December 1, 2023, in light of the unforeseen technical failure of the Court's ECF system during the evening of November 30, 2023.

DATED this 1st day of December, 2023.

                                              /s/ *John D. McKay*
                                              John D. McKay

                                              ***Attorney for Plaintiffs Peter DelVecchia and A.D., a Minor***