UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

PETER DELVECCHIA, individually and as next friend of A.D., a Minor,

Plaintiffs,

v.

FRONTIER AIRLINES, INC., et al.,

Defendants.

Case No.: 2:19-cv-01322-KJD-DJA

**Defendants' Response to Plaintiffs' Motion to File Exhibits to Response to Defendants' Motion for Summary Judgment Under Seal (ECF No. 280)**

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO FILE EXHIBITS TO RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER SEAL

Defendants FRONTIER AIRLINES, INC., SCOTT WARREN, and REX SHUPE (collectively "Defendants"), by their undersigned counsel, submit this Response to Plaintiffs' Motion to File Exhibits to Response to Defendants' Motion for Summary Judgment Under Seal (ECF No. 280).

Date: December 15, 2023

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

*/s/ Richard C. Harris*
Brian T. Maye *(admitted pro hac vice)*
Richard C. Harris (admitted pro hac vice)
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Phone: (312) 422-5713
Email: bmaye@hinshawlaw.com
         rharris@hinshawlaw.com

Charles A. Michalek (Nevada Bar No. 5721)
ROGERS, MASTRANGELO, CARVALHO
700 South Third Street
Las Vegas, Nevada 89101
Phone: (702) 383-3400
Email: cmichalek@rmcmlaw.com

## INTRODUCTION

On November 30, 2023, Plaintiffs filed a Motion to File Exhibits to Response to Defendants' Motion for Summary Judgment Under Seal. ECF No. 280. Plaintiffs seek to seal 13 Exhibits (#1-2, #10, #15-16, and #22-29). Two of these Exhibits include Frontier's confidential and proprietary information: Exhibit No. 1 (Defendants' Passenger Name Records); and Exhibit No. 6 (Deposition transcript and Expert Report of Dr. Matthew Hughey).

## ARGUMENT

Fed. R. Civ. P. 26(c) states that a court may, for "good cause," issue orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The Rule gives district courts flexibility in balancing and protecting the interests of the parties. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006).

Pursuant to *Kamakana*, there is a presumption of public access to judicial records attached to *dispositive* motions. There is a lesser need for public access to records attached to non-dispositive motions that are only tangentially related to the underlying cause of action. In accordance with these tenets, sealing records attached to non-dispositive motions requires meeting a lower threshold showing of "good cause," while sealing records attached to dispositive motions requires an elevated showing that "compelling reasons" support maintaining privacy. "Compelling reasons" are generally shown if the disputed records might become a vehicle for improper purposes, such as gratifying private spite, promoting public scandal, circulating libelous statements, or releasing trade secrets. *Id.* at 1179-80. Given the history of this litigation, in which Plaintiffs have accused Frontier and its crewmembers of condoning widespread and rampant acts of racial discrimination against its own passengers, including A.D., a minor, "compelling reasons" exist to maintain the privacy of Frontier's records due to the risk that they might become a vehicle for improper purposes, such as gratifying private spite, promoting public scandal, circulating libelous statements, or releasing trade secrets.

2

## I. EXHIBIT NO. 1 – PASSENGER NAME RECORDS

Exhibit 1 consists of Frontier's Passenger Name Records (PNR) for Plaintiffs. Frontier has designated these documents as "Confidential" under the terms of the Court's Protective Order. Plaintiffs note that Frontier "has the obligation to support" this designation. ECF No. 280, p. 4. However, Plaintiffs further state that "the minor Plaintiff's name has been left unredacted because the full context, including his full name, is relevant to Plaintiffs' claim for defamation *per* se," and the names of minors are information that has "traditionally been kept secret for important policy reasons." *See* Fed.R.Civ.P. 5.2(a); ECF No. 280, p. 4. In addition to disclosing the identity of the minor Plaintiff, the PNR documents contain sensitive proprietary information, including commercial and financial information. This includes certain details of Frontier's internal investigation into of the incident and summaries of exchanges between Frontier personnel and Plaintiff Peter DelVecchia, as well as certain financial information relating to Plaintiffs' airfare. For these reasons, Frontier respectfully requests that Exhibit 1 remains filed under seal.

## II. EXHIBIT NO. 6 – REPORT AND TESTIMONY OF DR. HUGHEY

Exhibit 6 consists of Dr. Hughey's expert report, deposition transcript, and related exhibits. These materials are high sensitive. Much of Dr. Hughey's report (*see* pages 10-25) is dedicated to discussing the specific details of the passenger discrimination complaints and human trafficking incident reports that Frontier was ordered to produce. The Court has already concluded that "compelling reasons" exist to maintain these records under seal. ECF No. 150, pp. 8-9. Dr. Hughey's report also attaches certain training records (*see* pages 51-53) maintained as confidential by Frontier due to the proprietary information reflected therein. Because much of Dr. Hughey's deposition involved questions and answers pertaining to the passenger discrimination complaints and human trafficking incident reports that Frontier was ordered to produce, as well as Frontier's proprietary information reflected in its training materials and records, compelling reasons exist to maintain Plaintiffs' Exhibit No. 6 under seal.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully assert that compelling reasons exist to seal Exhibit Nos. 1 and 6 to Defendants' Response to Plaintiffs' Motion to File Exhibits to Response to Defendants' Motion for Summary Judgment Under Seal (ECF No. 280).

Date: December 15, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**FRONTIER AIRLINES, INC.**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Richard C. Harris*
　　　　　　　　　　　　　　　　　　　　　　Brian T. Maye *(*admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Matthew D. Martin (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　ADLER MURPHY & McQUILLEN LLP
　　　　　　　　　　　　　　　　　　　　　　20 South Clark Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　　　Phone: (312) 345-0700
　　　　　　　　　　　　　　　　　　　　　　Email: bmaye@amm-law.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　mmartin@amm-law.com

　　　　　　　　　　　　　　　　　　　　　　Charles A. Michalek (Nevada Bar No. 5721)
　　　　　　　　　　　　　　　　　　　　　　ROGERS, MASTRANGELO, CARVALHO & MITCHEL
　　　　　　　　　　　　　　　　　　　　　　700 South Third Street
　　　　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89101
　　　　　　　　　　　　　　　　　　　　　　Phone: (702) 383-3400
　　　　　　　　　　　　　　　　　　　　　　Email: cmichalek@rmcmlaw.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, I caused the foregoing to be electronically filed with the United States District Court for the District of Nevada using the CM/ECF system.

By: */s/ Richard C. Harris*