MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com
*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PETER DELVECCHIA, *et al.*,<br><br>    Plaintiffs,<br><br>Vs.<br><br>FRONTIER AIRLINES, INC., *et al.*,<br><br>    Defendants. | **Case No: 2:19-CV-01322-KJD-DJA**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSE (ECF No. 305)** |

Plaintiffs, Peter DelVecchia individually and as next friend of A. D., a minor ("A.D."), by counsel, respectfully file this Response in Opposition to Defendants' Motion for Leave to File Response to Plaintiffs' Motion to File Exhibits to Response to Defendants' Motion for Summary Judgment Under Seal (ECF No. 305). Because Defendants have failed to meet the standard of excusable neglect required by Fed. R. Civ. P. 6(b)(1)(B) and Local Rule 26-3, and have not complied with this Court's instructions in its Order entered in this case on October 10, 2019 (ECF No. 38), as discussed below, their Motion should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

Notwithstanding Defendants' styling, their Motion is clearly a motion under Rule 6(b)(1)(B) for an extension of their time to act after that time has already expired, which requires not only a showing of good cause for granting the motion, but also an additional showing that they "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also* LR 26-3. Defendants have made no showing to satisfy the latter requirement, and therefore their Motion should be denied. *See e.g., Bonnie & Claus Inc. v. Rahman,* Case No. 2:21-cv-01837-RFB-NJK, slip op. at 2 (D. Nev. June 27, 2022) (failure to address excusable neglect in motion to reopen an expired deadline "dooms the request"); *Greene v. Walker,* 954 F.2d 727 (9th Cir. 1992) (same).

Defendants correctly note that this Court's Order dated October 10, 2019 (ECF No. 38), that was entered in relation to the Stipulated Protective Order that had been approved by the Court (ECF No. 37), contained a specific provision directed to situations such as this where one of the parties files a motion to seal solely on the ground that another party has designated the contents of a document confidential under the Protective Order. That provision requires the designator to file "either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing." ECF No. 38 at 2. The designator must make such filing "within seven days of the filing of the motion to seal." *Id.* "If neither filing is made, the Court may order the document(s) unsealed without further notice." *Id.*

Plaintiffs' Motion for Leave to File Exhibits to Response to Defendants' Motion for Summary Judgment Under Seal (ECF No. 280) ("Motion to Seal") covers multiple documents for which there are different reasons for filing under seal. With respect to the transcript of the deposition of Dr. Matthew Hughey and his expert report, which comprise Exhibit 6 to Plaintiffs' Response to Defendants' Motion for Summary Judgment, the Motion to Seal states that the sole reason the exhibit is being filed under seal is because it discusses documents that Defendant Frontier has designated confidential under the Protective Order. *See* ECF No. 280 at 5. The exhibit therefore fits squarely within the provision of the Court's Order quoted above, which required a filing by Defendants no later than December 7, 2023, the seventh day following the date of filing the Motion to Seal. That

deadline expired without Defendants making any filing, which invokes the Court's language, "If neither filing is made, the Court may order the document(s) unsealed without further notice." Defendants now seek leave to file a late response to the Motion to Seal, without including any showing of excusable neglect whatsoever. Moreover, the response they seek leave to file (Exhibit 1 to their Motion) does not meet the filing standard required by ECF No. 38, because it is not a declaration.

The Court should order Exhibit 6 unsealed, not only because of Defendants' failure to abide by the Court's clear instructions, but also because Defendants have already redacted all personally identifiable information from the discrimination complaints that Dr. Hughey discussed in his expert report and deposition testimony. There is no reason why those complaints, which were initially made by members of the public, should be kept from the public's view. They do not expose Frontier's trade secrets or other proprietary information, nor do they subject it to any gratification of private spite or circulate libelous statements, *see Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). Instead, they have been designated confidential by Frontier (even though it has redacted them to remove personal details) simply under a stipulated blanket protective order of the type that "contain[s] provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Id.* at 1183.

The other document mentioned in the proposed response, Exhibit 1 to Plaintiffs' Response to Defendants' Motion for Summary Judgment, is Plaintiffs' Passenger Name Record ("PNR"). Plaintiffs' motion to seal explicitly states two reasons for filing that exhibit under seal, one of which is that its contents were designated confidential by Frontier under the Protective Order. Even if, *arguendo,* the specific provision of ECF No. 38 does not apply to Exhibit 1, Defendants' response to the motion was due on December 14, 2023 under the ordinary provisions of LR 7-2(b). That deadline had expired when Defendants filed the instant Motion for Leave on December 15, so they were required to make the additional showing of excusable neglect under Rule 6(b)(1)(B) and LR 26-3. *See Bonnie & Claus Inc.* and *Greene.*

The first reason for filing Exhibit 1 under seal is merely that it contains information that Frontier has designated confidential under the Protective Order. Defendants bore the burden of

establishing the *bona fides* of that designation to the Court's satisfaction and failed to do so. The second reason is that the document names the minor Plaintiff, which could be addressed simply with a redaction.

    Defendants' sole argument in support of their Motion is that the Court permitted them to make a late filing once, *see* ECF No. 150, so they should be entitled to do the same again. *See* ECF No. 305 at 2. That does not meet the standards for excusable neglect, which Rule 6(b)(1)(B) and LR 26-3 specifically require when a deadline has passed. Those Rules do not make an exception for a party having been let off the hook previously (especially on what the Court previously recognized was a "procedural misstep," *see* ECF No. 150 at 8).[1] As the Supreme Court of Nevada and this Court have recognized, excusable neglect consists of a failure "to take some proper step at the proper time, not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." *Konrad v. Longs Drug Stores California, L.L.C.,* Case No. 2:21-cv-354-JAD-NJK (D. Nev. Sept. 22, 2021) (quoting *Clark v. Coast Hotels & Casinos, Inc.,* 130 Nev. 1164 (2014) and Black's Law Dictionary 1133 (9th ed. 2009)). Defendants cite to no such unexpected or unavoidable hindrance or accident or reliance on advice of counsel or promise made by Plaintiffs. As this Court has noted, that failure "dooms [their] request." *Bonnie & Claus,* at 2.

    Defendants' Motion should therefore be denied. In the event it is granted, Plaintiffs reserve the right to file a Reply to Defendants' Response to the Motion to Seal.

    DATED this 26th day of December, 2023.

        /s/ *John D. McKay*
    John D. McKay

**Attorney for Plaintiffs Peter DelVecchia and A.D., a Minor**

---

[1] Moreover, the reasons the Court gave for overlooking the "procedural misstep" and sealing the complaints previously relied on Frontier's assertions that the complaints involved minors and other persons who did not know that the complaints had been filed, arguments that applied only to a very small percentage of the total complaints. The vast majority of the complaints discussed in Exhibit 6 were self-filed, meaning that the filers, who were adults, were well aware that they had been filed.