**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Peter DelVecchia, individually and as next friend of A.D., a minor, | Case No. 2:19-cv-01322-KJD-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Frontier Airlines, Inc., et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to seal exhibits to their response to Defendant's motion for summary judgment (ECF No. 280) and Defendant's motion for leave to file a response to that motion to seal after the deadline (ECF No. 305). Plaintiffs oppose Defendant's motion for leave to file a response. (ECF No. 306). Defendant did not file a reply. Because the Court finds that Plaintiffs seek to seal entire documents without explaining whether they could reasonably redact the information, the Court denies Plaintiffs' motion without prejudice. Because the Court finds that Defendant did not demonstrate excusable neglect, it denies Defendant's motion for leave to file a response to Plaintiffs' motion to seal.

I. <u>Discussion.</u>

A. *Plaintiffs' motion to seal.*

There is a strong presumption in favor of access to court records which is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation and citation omitted). A party seeking to seal a judicial record more than tangentially related to the merits of the case then bears the burden of "overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and*

*County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr for Auto Safety*, 809 F.3d at 1099. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr for Auto Safety*, 809 F.3d at 1096-97 (internal citations and quotations omitted).

A party seeking to seal documents under this standard must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public's interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted). That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) If any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

Here, the compelling reasons standard applies to the exhibits that Plaintiffs seek to seal because they are attached to Plaintiffs' response to Defendant's motion for summary judgment. However, neither Plaintiffs nor Defendant have met this standard because the motion seeks to seal large amounts of information—including entire depositions and expert reports—while providing only general reasons about why the documents should be sealed and without explaining whether the documents could reasonably be redacted. Without more, the Court cannot grant Plaintiffs' motion to seal without relying on hypothesis and conjecture.

The Court will thus deny Plaintiffs' motion to seal. It does so without prejudice because the documents contain particularly sensitive information like medical data, the names of minor children, Sensitive Security Information as protected by the Department of Homeland Security Appropriations Act, and educational record data. The Court will keep the documents under seal and provide the parties twenty-one days to file either a stipulation or separate motions providing

1   additional justifications for sealing the documents and discussion regarding whether the

2   documents could reasonably be redacted.

3             1.    Exhibit 1.

4         Exhibit 1 is Defendant's passenger detail for Plaintiffs.  (ECF No. 282).  It includes

5   information like their flight number, departure date, and comments by Defendant's employees'

6   regarding the incident giving rise to this lawsuit.  (*Id.*).  Plaintiffs assert that this exhibit has been

7   marked confidential by Defendant and that it contains Sensitive Security Information ("SSI"), as

8   identified by Section 525(d) of the Department of Homeland Security Appropriations Act, 2007

9   Public Law No. 109-295, § 525(d), 120 Stat. 1355, 1382 (October 4, 2006).  (ECF No. 280 at 4).

10  Plaintiffs add that A.D.'s name has been left unredacted "because the full context, including his

11  full name, is relevant to Plaintiffs' claim for defamation *per se.*"[1]  (*Id.*).

12        As discussed more fully below, although Defendant moved to respond to support sealing

13  this exhibit, Defendant did not address excusable neglect to file that response.  The Court thus

14  does not consider Defendant's arguments in its proposed response.  However, even if it did,

15  Defendant's arguments are not sufficient to support sealing this document in its entirety.

16  Defendant asserts that this document contains "sensitive proprietary information, including

17  commercial and financial information…certain details of Frontier's internal investigation…[and]

18  financial information relating to Plaintiffs' airfare."  (ECF No. 305-1).  But these explanations are

19  too general to constitute compelling reasons to seal Exhibit 1.  And they do not address how and

20  why the information contained in Exhibit 1 constitutes SSI such that the entire document should

21  remain sealed.[2]  Additionally, no party has explained why A.D.'s name could not simply be

22  redacted from the document or why his full name is vital to understanding the defamation claim.

23        The Court denies Plaintiffs' motion to seal Exhibit 1 without prejudice.  The Court will

24  keep Exhibit 1 under seal and will require Defendant to file a motion or stipulation to support

25

26  [1] A.D.'s name is redacted in certain portions of this document, but not redacted in others.

27  [2] The parties' stipulated order regarding SSI provides that "[w]here possible, only the portions of
    the filings that contain Sensitive Security Information shall be filed under seal."  (ECF No. 126 at
28  10).

1   maintaining the document under seal to the extent Defendant asserts that it contains SSI.  That

2   motion or stipulation must explain why the document qualifies as SSI and why that information

3   must remain under seal.  That motion or stipulation must also explain why the document cannot

4   simply be redacted to remove SSI and references to A.D.'s full name.

5              2.    Exhibit 2.

6        Exhibit 2 is the expert report of Captain Vickie R. Norton, BSME, MSc, ATP.  (ECF No.

7   283).  Plaintiffs assert that this report extensively discusses subject matter that the Department of

8   Homeland Security has deemed SSI.  (ECF No. 280 at 4-5).  Plaintiffs add that Captain Norton

9   discusses "several documents that Frontier has produced and designated 'Confidential' under the

10  non-SSI Protective Order (ECF No. 38), which it bears the burden of supporting."  (*Id.*).

11       Defendant did not file a declaration or response supporting sealing this document and does

12  not address it in the motion to file a response to Plaintiffs' motion to seal.  And while Plaintiffs

13  explain that the report addresses "specific details of the Common Strategy Threat Level system

14  for preventing terrorist acts aboard or using airliners," Plaintiffs do not explain why this SSI

15  could not reasonably be redacted from the document.

16       The Court denies Plaintiffs' motion to seal Exhibit 2 without prejudice.  Exhibit 2 shall

17  remain under seal.  Defendant must file a motion or stipulation to support keeping this document

18  under seal.  That motion or stipulation must explain why the document qualifies as SSI and why

19  that information must remain under seal.  That motion or stipulation must also explain why the

20  document cannot simply be redacted to remove SSI.

21             3.    Exhibit 6.

22       Exhibit 6 is the deposition and expert report of Matthew W. Hughey, M.Ed., Ph.D.,

23  Plaintiffs' expert witness.  (ECF No. 284).  Plaintiffs assert that his expert report "extensively

24  discusses the contents of numerous documents that Frontier has designated 'Confidential'…"

25  (ECF No. 280 at 5).  As discussed more fully below, although Defendant moved to respond to

26  support sealing this exhibit, Defendant did not address excusable neglect to file that response.

27  The Court thus does not consider Defendant's arguments in its proposed response.  However,

28  even if it did, Defendant's arguments are not sufficient to support sealing this document in its

entirety.  Defendant asserts that the report discusses the specific details of passenger discrimination complaints and human trafficking incident reports that Defendant was ordered to produce and for which the Court already found compelling reasons to seal.  (ECF No. 305-1 at 3).  Defendant adds that many of the deposition questions involve Defendant's "proprietary information reflected in its training materials and records."  (*Id.*).

Defendant is correct that the Court already found compelling reasons to seal the complaints and incident reports themselves because they involved third parties and minors who may not realize the documents even exist.  (ECF No. 150 at 8-9).  But Defendant does not assert that Dr. Hughey discusses these complaints in sufficient enough detail to raise those same concerns.  And even if Dr. Hughey did discuss them in that level of detail, Defendant does not explain why it could not redact those portions and leave the rest of the deposition and expert report available to the public.

The Court denies Plaintiffs' motion to seal Exhibit 6 without prejudice.  Exhibit 6 shall remain under seal.  Defendant must file a motion or stipulation supporting sealing Exhibit 6.  That motion or stipulation must explain exactly how certain training information is "proprietary" and whether Dr. Hughey discusses passenger complaints and human trafficking incident reports in sufficient detail to warrant the same concerns as publishing the complaints and reports themselves.  Defendant must also explain whether the deposition and expert report can be redacted to remove confidential information and, if not, why not.

4.   Exhibit 10.

Exhibit 10 is the deposition transcript of Shawn Christensen, Defendant's 30(b)(6) witness.  (ECF No. 285).  Plaintiff asserts that the bulk of this testimony "discusses the specifics of the Common Strategy Threat Levels, which the DHS has designated as SSI and which the Court's special protective order on SSI (ECF No. 126) requires to be filed under seal."  (ECF No. 280 at 5).  Plaintiff adds that the deposition includes testimony and exhibits that Defendant has designated confidential.  (*Id.*).  Defendant did not file a declaration or response supporting sealing this document and does not address it in the motion to file a response to Plaintiff's motion to seal.

And while Plaintiffs explain that the testimony includes SSI, they do not explain why this SSI could not reasonably be redacted from the document.

The Court denies Plaintiffs' motion to seal Exhibit 10 without prejudice. Exhibit 10 shall remain under seal. Defendant shall file a motion or stipulation to support keeping this document under seal. That motion or stipulation must identify the portions of the document that qualify as SSI, explain why the document qualifies as SSI and why, specifically, that information must remain under seal. That motion or stipulation must also explain whether the document can be redacted to remove SSI.

### 5.   Exhibit 15.

Exhibit 15 is the deposition of Captain Norton. (ECF No. 286). Plaintiffs assert that this deposition "contains extensive references to SSI, specifically the details of the Threat Levels." (ECF No. 280 at 5). But Plaintiffs do not explain which portions of the 356-page document contain these references and why they cannot be redacted. The Court will thus deny Plaintiffs' motion to seal Exhibit 15 without prejudice. Exhibit 15 shall remain under seal. Plaintiffs must file a motion or stipulation to support keeping Exhibit 15 under seal. That motion or stipulation must identify the portions of the document that qualify as SSI, explain why that information qualifies as SSI, and why, specifically, that information must remain under seal. That motion or stipulation must also explain why the document cannot simply be redacted to remove SSI.

### 6.   Exhibit 16.

Exhibit 16 is the deposition of Leah Sampson, MSW, LCSW. (ECF No. 287). Sampson is A.D.'s therapist. (ECF No. 280 at 5). Plaintiffs point out that Ms. Sampson's deposition "describes the diagnosis and treatment of A.D." (*Id.*). However, Plaintiffs do not explain whether the sensitive medical information contained within that deposition could be redacted. The transcript, which is only two pages, includes information other than medical information, like Ms. Sampson's qualifications and current position. The Court will thus deny Plaintiffs' motion to seal Exhibit 16 without prejudice. Plaintiffs must file a motion or stipulation in support of sealing this exhibit. That motion or stipulation must explain whether the deposition transcript can reasonably be redacted and if not, why not.

1          7.      Exhibits 22 and 23.

2          Exhibit 22 is the deposition transcript of Kenneth Carnes, M.D., Peter DelVecchia's

3   treating neurologist.  (ECF No. 288).  Exhibit 23 is the deposition of Bruce Lasker, M.D.,

4   Plaintiffs' expert neurologist.  (ECF No. 289).  Plaintiffs assert that these depositions describe the

5   details of Dr. Carnes' diagnosis and treatment of Peter's head injuries and Dr. Lasker's diagnosis

6   of these injuries, which is medical information traditionally kept confidential.  (ECF No. 280 at

7   6).  But Plaintiffs do not explain why all 110 pages of Exhibit 22 and all 83 pages of Exhibit 23

8   must remain under seal or if they could reasonably redact the medical information from the

9   transcripts.  The Court will thus deny Plaintiffs' motion to seal Exhibits 22 and 23 without

10  prejudice.  Plaintiffs must file a motion or stipulation in support of sealing these exhibits.  That

11  motion or stipulation must explain whether the deposition transcripts can reasonably be redacted

12  and if not, why not.

13          8.      Exhibits 24 and 25.

14          Exhibit 24 is the deposition and expert report of Lindsey Ohler, Psy.D., one of Plaintiffs'

15  expert psychologists.  (ECF No. 290).  Exhibit 25 is the deposition and expert report of Gustavo

16  Halley, Psy.D., another of Plaintiffs' expert psychologists.  (ECF No. 291).  Plaintiffs assert that

17  Dr. Ohler and Dr. Halley's reports describe the details of their testing and diagnosis of A.D.'s

18  emotional injuries, which is confidential medical information.  (ECF No. 280 at 6).  Plaintiffs do

19  not address either doctor's deposition.  Plaintiffs also do not explain why all 171 pages of Exhibit

20  24 and all 192 pages of Exhibit 25 must remain under seal and why they could not reasonably

21  redact the medical information therein.  The Court will thus deny Plaintiffs' motion to seal

22  Exhibits 24 and 25 without prejudice.  Plaintiffs must file a motion or stipulation in support of

23  sealing these exhibits.  That motion or stipulation must explain whether the deposition transcript

24  can reasonably be redacted and, if not, why not.

25          9.      Exhibits 26 and 27.

26          Exhibit 26 is the deposition transcript of Lori Merritt, A.D.'s teacher.  (ECF No 292).

27  Exhibit 27 is the deposition of Leslie Bryant, A.D.'s school principal.  (ECF No. 293).  Plaintiffs

28  assert that both depositions describe A.D.'s confidential school record, testing data, and his

1    medical information, "all of which is traditionally confidential information…" (ECF No. 280 at

2    7).  However, Plaintiffs do not explain why all 91 pages of Exhibit 26 and all 68 pages of Exhibit

3    27 must remain under seal and why they could not reasonably redact the medical and school

4    record information therein.  Plaintiffs also do not differentiate which portions of those depositions

5    contain school record information and which contain medical information.  The Court will thus

6    deny Plaintiffs' motion to seal Exhibits 26 and 27 without prejudice.  Plaintiffs must file a motion

7    or stipulation in support of sealing these exhibits.  That motion or stipulation must explain

8    whether the deposition transcript can reasonably be redacted and, if not, why not.

9                                    10.    Exhibits 28 and 29.

10           Exhibit 28 is the deposition transcript of Lawrence Caravalho, one of the ground handling

11   agents working on Defendant's behalf.  (ECF No. 294).  Exhibit 29 is the deposition of Angelica

12   Paulo, also a ground handling agent working on Defendant's behalf.  (ECF No. 295).  Plaintiffs

13   assert that Mr. Caravalho and Ms. Paulo's depositions name A.D. and have been left unredacted

14   "because the full context, including A.D.'s name, is relevant to Plaintiffs' claim for defamation

15   *per se*." (ECF No. 280 at 7).  However, Plaintiffs do not explain why all 97 pages of Exhibit 28

16   and all 132 pages of Exhibit 29 must remain under seal and why A.D.'s full name being

17   unredacted is vital to their defamation claim.  The Court will thus deny Plaintiffs'  motion to seal

18   Exhibits 28 and 29 without prejudice.  Plaintiffs must file a motion or stipulation in support of

19   sealing these exhibits.  That motion or stipulation must explain whether the deposition transcript

20   can reasonably be redacted and, if not, why not.

21           **B.     *Defendant's motion to file a response.***

22           Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done

23   within a specified time, the court may, for good cause, extend the time…on motion made after the

24   time has expired if the party failed to act because of excusable neglect."  Under Local Rule IA 6-

25   1(a), a request to extend time "made after the expiration of the specified period will not be

26   granted unless the movant or attorney demonstrates that the failure to file the motion before the

27   deadline expired was the result of excusable neglect."  Defendant's motion acknowledges that the

28   deadline to respond to Plaintiff's motion to seal passed and that the deadline to file a declaration

1    in support of sealing the documents under the Court's protective order also passed.  (ECF No. 305

2    at 2).  However, Defendant does not address excusable neglect.  Plaintiffs point this out in

3    response.  (ECF No. 306).  Defendant did not file a reply.  Because Defendant did not address the

4    excusable neglect standard, the Court denies Defendant's motion to file its response after the

5    deadline.

6

7         **IT IS THEREFORE ORDERED** that Plaintiffs' motion to seal (ECF No. 280) is **denied**

8    **without prejudice**.  Plaintiffs and Defendant must file a stipulation or separate motions to seal

9    the exhibits at issue addressing the items the Court has outlined above on or before **January 30,**

10   **2024.**

11        **IT IS FURTHER ORDERED** that Defendant's motion for leave to file its response

12   (ECF No. 305) is **denied.**

13

14        DATED: January 9, 2024

15   _____

16   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28