**EXHIBIT 16**

**Excerpts from Deposition of Leah Sampson, MSW, LCSW**

**(Redacted)**

Page 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Civil Action: 9:19-cv-01322-KJD-NJK

```
PETER DELVECCHIA,              )
et. al.                        )
                 Plaintiffs,)      DEPOSITION OF:
                               )
v.                             )   LEAH E. SAMPSON
                               )
FRONTIER AIRLINES, INC.,       )
et. al.                        )
                               )
                 Defendants,)
```

          Given before John P. Crawford, Jr., Court
Reporter and Notary Public for South Carolina, via
videoconference, on Thursday, November 10th, 2022,
commencing at 10:37 o'clock a.m.

CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER

_____

RAY SWARTZ & ASSOCIATES OF SOUTH CAROLINA
-Professional Court Reporters-

Serving the Legal Community Since 1957

(843) 593-4662



Page 2

1                A P P E A R A N C E S
2
3
4
5    For the Plaintiffs:   Park Avenue Law LLC
6                          By: John D. McKay, Esquire
7                          201 Spear Street, Suite 1100
8                          San Francisco, CA 94105
9                          434-531-9569
10                         JohnDMcKayAtty@gmail.com
11
12
13
14
15
16   For the Defendants:   Adler Murphy & McQuillen LLP
17                         By: Brian T. Maye, Esquire
18                         20 South Clark Street, Suite 2500
19                         Chicago, IL 60603
20                         312-345-0700
21                         BMaye@AMM-Law.com
22
23
24       CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER
25



Page 3

1              INDEX TO EXAMINATIONS

2

3  DIRECT EXAMINATION BY MR. MAYE ....................    4

4  CROSS EXAMINATION BY MR. MCKAY .....................   97

5  RE-DIRECT EXAMINATION BY MR. MAYE ................  107

6  RE-CROSS EXAMINATION BY MR. MCKAY ................  110

7

8

9

10

11

12               INDEX TO EXHIBITS

13

14  Defendant's Exhibits Pre-Marked for Identification:

15   1. Chart Notes ..................................    4

16   2. Progress Notes ...............................    4

17

18

19

20

21

22

23

24
             CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER
25



```
                                                              Page 4
 1              (DOCUMENTS PRE-MARKED AS DEFENDANT'S
 2         EXHIBIT NOS. 1 AND FOR IDENTIFICATION.)
 3              (Leah E. Sampson, being duly sworn,
 4         testified as follows:)
 5   DIRECT EXAMINATION BY MR. MAYE:
 6       Q.   Ms. Sampson, can you please state your full name?
 7       A.   Sure. It's Leah Elaine Sampson.
 8       Q.   What is your professional?
 9       A.   I am, I'm newly the chief executive officer at
10            Three Oaks Behavioral Health & Wellness, and I am
11            outpatient psychotherapist.
12       Q.   Congratulations on that new position.
13       A.   Thanks.
14       Q.   Sure. And can you give us a brief thumbnail
15            sketch of your education?
16       A.   I did my undergrad and I got, my undergrad is in
17            public relations, mass communications. I then
18            went on to Savannah State and got a master's of
19            social work, and that was in 2009. And then,
20            subsequently was license as a licensed clinical
21            social worker after, like, three years of
22            supervision and all of that.
23       Q.   You're licensed by the state of North Carolina?
24       A.   Yes, sir.
25       Q.   And you provide a treatment to A____ D_____,
```

CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER



```
                                                             Page 107
 1      A.    Yes.
 2      Q.    Was there ever any indication that he got these
 3            stereotypes at home, from his family?
 4      A.    No, his dad was actually the one who brought up
 5            to me that he was concerned that he didn't have
 6            good relationships with black people.
 7      Q.    Okay. And since you met with both AD and his
 8            father, did you ever, ever get any indication
 9            whatsoever that Peter DelVecchia had abused the
10            A▇▇▇ in any way, shape, or form?
11      A.    No, I did not.
12      Q.    Okay. Thank you. That's all I have.
13   RE-DIRECT EXAMINATION BY MR. MAYE:
14      Q.    I just have a few follow-up questions. With
15            respect to the PTSD diagnosis, if you removed all
16            of the other traumas, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇,
17            ▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇▇▇▇▇▇, ▇
18            ▇▇▇▇▇, could you diagnose AD with PTSD purely
19            based on the aircraft incident?
20      A.    Yes.
21      Q.    And why do you say that?
22      A.    Because it's traumatic to be removed in that way
23            from the way that was described to me from your
24            caregiver, on a flight with people, like, you
25            don't have any other support. And him alone being
```

CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER

