MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW GROUP, PLLC**
602 South 10th Street
Las Vegas, NV 89101
Telephone: (702) 728-5300 / Fax: (702) 425-8220
Email: efile@nvlitigation.com

JOHN D. MCKAY, California Bar No. 220202 (*admitted pro hac vice*)
**PARK AVENUE LAW LLC**
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (434) 531-9569 / Fax: (407) 264-6551
Email: johndmckayatty@gmail.com
*Counsel for Plaintiffs Peter DelVecchia and A.D., a Minor*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PETER DELVECCHIA, *et al.*, | Case No: 2:19-CV-01322-KJD-DJA |
| Plaintiffs, | |
| Vs. | **PLAINTIFFS' MOTION TO REDACT EXHIBITS 15-16, 22-29 TO TO PLAINTIFFS' RESPONSE TO DEFENDANTS'MOTION FOR SUMMARY JUDGMENT ECF NOS. 286-295** |
| FRONTIER AIRLINES, INC., *et al.*, | |
| Defendants. | |

    Pursuant to the Court's instructions in its Order dated January 9, 2024 (ECF No. 308) Plaintiffs, Peter DelVecchia individually and as next friend of A. D., a minor ("A.D."), by counsel, respectfully file this Motion seeking to file Exhibits 15, 16, 22, 23, 24, 25, 26, 27, 28 and 29 to Plaintiffs' Response to Defendants' Motion for Summary Judgment (ECF Nos. 286-295) in redacted form. Those Exhibits were previously filed under seal with an accompanying Motion to Seal them in their entirety (ECF No. 280). This Motion is made and based upon the following memorandum of points and authorities, and all other pleadings and papers filed herein.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs requested leave to file the aforementioned ten Exhibits to their Response to Defendants' Motion for Summary Judgment under seal in their entirety out of an abundance of caution, because they include references to: (1) material from documents that Defendant Frontier Airlines, Inc. had identified as "Sensitive Security Information" ("SSI"), a category of information that is typically "kept secret for important policy reasons," *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (quoting *Times Mirror Co. v. United States,* 873 F.2d 1210, 1219 (9th Cir. 1989)); *Busic v. Transp. Security Admin.,* 62 F.4th 547, 550-51 (D.C. Cir. 2023) (Exhibit 15); (2) sensitive and private medical information protected by HIPAA, *see Ansara v. Maldonado,* 2:19-cv-01394-GMN-VCF (D. Nev. Nov. 26, 2022); *see also Times Mirror Co.,* 873 F.2d at 1219 (Exhibits 16, 22-25); (3) school record information of the minor Plaintiff, *see Barnett v. Clark Cnty. School Dist.,* Case No. 2:21-cv-00218-APG-VCF (D. Nev. Feb. 10, 2023) (Exhibits 26-27); and (4) the full name of the minor Plaintiff, *see* Fed. R. Civ. P. 5.2(a) (Exhibits 28-29). Moreover, with respect to the SSI references, the Court's prior special protective order on SSI (ECF No. 126) requires that documents containing SSI must be filed under seal, *see id.* at 9-10. The Court's January 9, 2024, Order (ECF No. 308) denied Plaintiffs' Motion to Seal and provided the parties twenty-one days "to file either a stipulation or separate motions providing additional justifications for sealing the documents and discussion regarding whether the documents could reasonably be redacted." *See* ECF No. 308 at 2-3. As discussed below, Plaintiffs have reviewed the Exhibits that are the subject of this Motion and have determined that the sensitive material contained in them can be reasonably redacted. Proposed redacted versions are submitted under seal, to comply with existing court orders.

As a general rule, "there is a strong presumption in favor of access" to publicly filed court documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (noting that "there is a strong presumption in favor of access" to publicly filed court documents). However, there is an exception applicable to documents that have "'traditionally been kept secret for important policy reasons.'" *Kamakana*, 447 F.3d at 1178. But even where certain contents of documents meet the appropriate standards for filing the documents under seal, "a court must still consider whether redacting portions of the [documents] will nevertheless allow disclosure" of the remaining portions.

*Roman Catholic Archbishop of Portland in Oregon v. Various Tort Claimants,* 661 F.3d 417, 425 (9th Cir. 2011); *see also Foltz*, 331 F.3d at 1136-37. In its January 9, 2024 Order, the Court found that Plaintiffs had not sufficiently considered redacting the SSI and other sensitive material from Exhibits 15-16 and 22-29. *See* ECF No. 308 at 6-8.

Following further review of the contents of the subject Exhibits, the Court's January 9, 2024, Order and the case law cited above, Plaintiffs conclude that the sensitive material can be redacted and the remainder can be filed in the public docket, so long as the Court will retain the unredacted versions for reference to Plaintiffs' Response to the Motion for Summary Judgment. Plaintiffs have submitted proposed redacted versions of the Exhibits with this Motion for filing in the public docket should the Court concur. To the extent the redacted versions leave unredacted some medical information for both Plaintiffs, the unredacted medical information pertains to the concussion and Post-Traumatic Stress Disorder diagnoses that are already in the public record.

DATED this 30th day of January, 2024.

   /s/ *John D. McKay*
John D. McKay

**Attorney for Plaintiffs Peter DelVecchia and A.D., a Minor**