# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Peter DelVecchia, individually and as next friend of A.D., a minor, | Case No. 2:19-cv-01322-KJD-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Frontier Airlines, Inc., et al., | |
| Defendants. | |

Before the Court are the parties' renewed motions to seal Plaintiffs' exhibits to their response to Defendant's motion for summary judgment. (ECF Nos. 309, 311, 312). The Court previously denied Plaintiffs' motion to seal these documents because Plaintiffs sought to seal entire documents without explaining whether they could reasonably redact the information. (ECF No. 308). In doing so, the Court explained that it would keep the documents under seal and ordered the parties to file a stipulation or separate motions providing additional justifications for sealing the documents and discussion regarding whether the documents could reasonably be redacted. (*Id.*). The parties then filed the instant separate motions to seal, including Plaintiffs' motions to seal (ECF No. 309) (sealed version attaching redacted exhibits) and (ECF No. 312) (unsealed version with no exhibits) and Defendant's motion to seal (ECF No. 311). Defendant submitted its redacted exhibits in camera. (ECF No. 310) (notice of in camera submission).

Because the Court finds that the parties have demonstrated compelling reasons to either keep the exhibits under seal or to make certain redactions to those exhibits, the Court grants the parties' motions. Because Plaintiffs have already filed the redacted versions of certain exhibits under seal on the docket, the Court will order those exhibits unsealed. Because Defendant has submitted redacted versions of certain exhibits in camera, the Court will require Defendant to file those exhibits on the public docket.

## I. Legal standards.

There is a strong presumption in favor of access to court records which is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation and citation omitted). A party seeking to seal a judicial record more than tangentially related to the merits of the case then bears the burden of "overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr for Auto Safety*, 809 F.3d at 1099. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr for Auto Safety*, 809 F.3d at 1096-97 (internal citations and quotations omitted).

A party seeking to seal documents under this standard must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public's interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted). That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

## II. Discussion.

The Court has already found that the compelling reasons standard applies to the documents at issue. The Court addresses each exhibit separately. The Court grants Plaintiffs' motions to seal and grants Defendant's motion to seal.

### A. Exhibit 1.

Exhibit 1 is Defendant's passenger detail for Plaintiffs. (ECF No. 282). It includes information like their flight number, departure date, and comments by Defendant's employees' regarding the incident giving rise to this lawsuit. (*Id.*). Defendant asserts that Exhibit 1 not only discloses Plaintiffs' dates of birth, the identity of minor Plaintiff A.D., and Plaintiff Peter DelVecchia's email addresses, phone numbers, and credit card information, but also contains the names of Frontier employees, their Agent Codes and their Agent IDs. (ECF No. 311 at 4-5). Defendant adds that the exhibit is replete with business and proprietary information because it discloses sensitive pricing information regarding the cost of airfare, Frontier's associated travel fees, refund and voucher information, and other information showing how Frontier tracks check-in times and departure and arrival times. (*Id.*). Additionally, because the document contains information about the manner and outcome of Frontier's internal investigation, including summaries of exchanges between Frontier personnel and Plaintiff Peter DelVecchia, the document could be used for circulating libelous statements. (*Id.*). The Court finds that Defendant has provided sufficient compelling reasons to keep Exhibit 1 under seal.

### B. Exhibit 2.

Exhibit 2 is the expert report of Captain Vickie R. Norton, BSME, MSc, ATP. (ECF No. 283).[1] Defendant explains that it was able to redact information regarding Frontier's policies and procedures that it considers Sensitive Security Information ("SSI").[2] (ECF No. 311 at 4). It

---

[1] Defendant also argues that Captain Norton's report is inadmissible because it is unsworn. (ECF No. 311 at 4). Defendant thus asserts that the "risk of the report becoming a vehicle for improper purposes outweighs the public's need for access to it." (*Id.*). However, Defendant cites no authority that a document's admissibility at trial has any bearing on whether that document should be sealed when filed on the docket for other reasons. The Court thus does not find that the document's purported inadmissibility is a compelling reason to maintain it under seal.

[2] The Court separately entered a protective order governing SSI under Section 525(d) of the Department of Homeland Security Appropriations Act, 2007 Public Law No. 109-295, § 525(d), 120 Stat. 1382, 1355 (October 4, 2006). (ECF No. 126). In the documents at issue, the SSI includes information relating to the "Threat Levels" created as part of the "Common Strategy" to combat acts of terrorism aboard or using airlines in the wake of the September 11, 2001 attacks. (ECF No. 280 at 2).

submitted that exhibit in camera with those redactions. (ECF No. 310). The Court finds that Defendant has provided compelling reasons to make the redactions it did to the report. It will require Defendant to file the redacted version on the docket. However, the Court notes that Defendant failed to redact A.D.'s name from Appendix C to that report. These references to A.D.'s name must be redacted in the filed version.

### C. Exhibit 6.

Exhibit 6 is the deposition and expert report of Matthew W. Hughey, M.Ed., Ph.D., Plaintiffs' expert witness. (ECF No. 284). The Court already determined that compelling reasons exist to seal the contents of passenger discrimination complaints and human trafficking incident reports that Defendant produced in discovery because they involved third parties and minors who may not realize that the documents even exist. (ECF Nos. 150, 308). Defendant asserts that Dr. Hughey makes specific references to these complaints and reports and, in many cases, includes information copied from the complaints into the report verbatim.[3] (ECF No. 311 at 7). Thus, Defendants have redacted these portions of Dr. Hughey's report and submitted those redactions in camera. The Court finds that Defendant has established compelling reasons to redact these portions of the report and will require Defendant to file the redacted version of this report on the docket.

### D. Exhibit 10.

Exhibit 10 is the deposition transcript of Shawn Christensen, Defendant's 30(b)(6) witness. (ECF No. 285). Defendant asserts that Exhibit 10 would require significant redactions to remove the SSI contained therein. (ECF No. 311 at 7). Defendant adds that many exhibits to the deposition also require extensive redactions for SSI and proprietary information regarding how Defendant trains its employees. (*Id.* at 7-8). Defendant submitted a redacted version of Exhibit 10 in camera.[4] The Court finds that Defendant has provided compelling reasons to redact

---

[3] Defendant also argues that Dr. Hughey's report is inadmissible. (ECF No. 311 at 6). However, as discussed above, the Court does not find the document's purported inadmissibility to be a compelling reason to keep it under seal.

[4] In their motion, Defendant explains that it inadvertently proposed redacting exhibit 3 to Exhibit 10, a document titled "In-Flight Flyer" in their in camera documents. (ECF No. 311 at 7). The

the portions of the exhibit that it seeks to through its motion and thus grants it.  The Court will require Defendant to file the redacted version of this exhibit on the docket.

### E.  Exhibit 15.

Exhibit 15 is the deposition of Captain Norton.  (ECF No. 286).  Plaintiff submitted a proposed redacted version of this exhibit.  (ECF No. 309-1).  Defendant submitted a proposed redacted version of this exhibit as well.  (ECF No. 310).  In Plaintiffs' original motion to seal, Plaintiffs asserted that the deposition "contains extensive references to SSI, specifically the details of the Threat Levels." (ECF No. 280 at 5).  Defendant asserts that its proposed redactions remove specific references to Threat Level situations.  (ECF No. 311 at 9).  Comparing the two proposed redactions, the Court finds Defendant's proposed redactions to be appropriate here.  It will thus require Defendant to file the redacted version of this exhibit on the docket.

### F.  Exhibit 16.

Exhibit 16 is the deposition of Leah Sampson, MSW, LCSW.  (ECF No. 287).  Sampson is A.D.'s therapist.  (ECF No. 280 at 5).  Plaintiffs have submitted a redacted version of this document to remove A.D.'s full name and specific references to his medical history.  (ECF No. 309-2).  Plaintiffs add that they have left unredacted information related to A.D.'s Post Traumatic Stress Disorder diagnoses that are already in the public record.  (ECF No. 312 at 3).  The Court finds that these redactions are appropriate under the compelling reasons standard and will thus order this redacted exhibit unsealed.  (ECF No. 309-2).

### G.  Exhibits 22 and 23.

Exhibit 22 is the deposition transcript of Kenneth Carnes, M.D., Peter DelVecchia's treating neurologist.  (ECF No. 288).  Exhibit 23 is the deposition of Bruce Lasker, M.D., Plaintiffs' expert neurologist.  (ECF No. 289).  In their original motion to seal, Plaintiffs asserted that the depositions described the details of Dr. Carnes' diagnosis and treatment of Peter DelVecchia's head injuries and Dr. Lasker's diagnosis of these injuries, which is medical

---

Court will thus require that Defendant remove the inadvertent redaction from the Exhibit 10 that Defendant files on the public docket.

information traditionally kept confidential. (ECF No. 280 at 6). In their renewed motions to seal, Plaintiffs explain that the newly redacted versions leave medical information pertaining to Peter DelVecchia's concussion that is already part of the public record unredacted. (ECF No. 312 at 3). Plaintiffs have thus submitted redacted versions of these exhibits. (ECF Nos. 309-3 and 309-4). The Court finds these redactions appropriate under the compelling reasons standard and will thus order these redacted exhibits unsealed. (ECF Nos. 309-3 and 309-4).

### H. Exhibits 24 and 25.

Exhibit 24 is the deposition and expert report of Lindsey Ohler, Psy.D., one of Plaintiffs' expert psychologists. (ECF No. 290). Exhibit 25 is the deposition and expert report of Gustavo Halley, Psy.D., another of Plaintiffs' expert psychologists. (ECF No. 291). In Plaintiffs' original motion to seal, they asserted that Dr. Ohler and Dr. Halley's reports describe the details of their testing and diagnosis of A.D.'s emotional injuries, which is confidential medical information. (ECF No. 280 at 6). Plaintiffs have now submitted versions of these depositions redacted to remove that testing and diagnostic information. (ECF Nos. 309-5 and 309-6). Plaintiffs further explain that they have left information regarding A.D.'s Post Traumatic Stress Disorder diagnosis unredacted. (ECF No. 312 at 2). The Court finds these redactions appropriate under the compelling reasons standard and will thus order these redacted exhibits unsealed. (ECF Nos. 309-5 and 309-6).

### I. Exhibits 26 and 27.

Exhibit 26 is the deposition transcript of Lori Merritt, A.D.'s teacher. (ECF No 292). Exhibit 27 is the deposition of Leslie Bryant, A.D.'s school principal. (ECF No. 293). In their original motion, Plaintiffs explained that both depositions described A.D.'s confidential school record, testing data, and his medical information, "all of which is traditionally confidential information…" (ECF No. 280 at 7). Plaintiffs have now submitted versions of these depositions redacted to remove that school record, testing data, and medical information. (ECF Nos. 309-7 and 309-8). The Court finds these redactions appropriate under the compelling reasons standard and will thus order these exhibits unsealed. (ECF Nos. 309-7 and 309-8).

### J. Exhibits 28 and 29.

Exhibit 28 is the deposition transcript of Lawrence Caravalho, one of the ground handling agents working on Defendant's behalf. (ECF No. 294). Exhibit 29 is the deposition of Angelica Paulo, also a ground handling agent working on Defendant's behalf. (ECF No. 295). In their original motion, Plaintiffs explained that Mr. Caravalho and Ms. Paulo's depositions named A.D. (ECF No. 280 at 7). However, Plaintiffs have now submitted versions of these depositions redacted to remove references to A.D.'s full name. (ECF Nos. 309-9 and 309-10). The Court finds these redactions appropriate under the compelling reasons standard and will thus order these redacted exhibits unsealed. (ECF Nos. 309-9 and 309-10).

**IT IS THEREFORE ORDERED** that Plaintiffs motions' to seal (ECF Nos. 309 and 312) and Defendant's motion to seal (ECF No. 311) are **granted.** The documents filed under seal at ECF No. 282 through ECF No. 295 shall remain under seal.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **unseal** Plaintiffs' motion to seal (ECF No. 309) and its exhibits (ECF No. 309-2 through ECF No. 309-10) but shall retain Exhibit 15 (ECF No. 309-1) under seal.

**IT IS FURTHER ORDERED** that Defendant shall file the redacted versions of Exhibits 2, 6, 10, and 15 on the public docket on or before **March 6, 2024.** Defendant must further ensure that the filed version of Exhibit 2—in particular, Appendix C to that exhibit—includes redactions of A.D.'s full name and that Exhibit 10 removes the inadvertent redaction of the "In-Flight Flyer."

DATED: February 5, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE